# EXHIBIT

# A

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

    Plaintiff,

V                                                                   Case No.

STEVEN WOODWARD,

    Defendant.

---

ERIC A. BUIKEMA (P58379)
Cardelli, Lanfear, & Buikema, PC
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100

---

**PLAINTIFF'S VERIFIED COMPLAINT AND EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER**

NOW COMES Plaintiff, American University of Antigua, College of Medicine, by and through its attorneys, CARDELLI, LANFEAR & BUIKEMA, P.C., and for its Verified Complaint and Ex Parte Request for Temporary Restraining Order, states as follows:

1.    Plaintiff American University of Antigua, College of Medicine ("AUA") is an Antiguan corporation located at University Place, Antigua, West Indies.

2.    Plaintiff places students in certain Michigan hospitals for clinical education and training.

3. Defendant Steven Woodward is a resident of Flint, Michigan who, upon last information and belief, makes his home on a sailboat in the vicinity of Flint, Michigan.

4. This action arises, in most basic summary, out of Defendant's ownership and publication of a website, and derivative publications, containing false and defamatory information about AUA, as well as private information about AUA students protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), and by his use of a confusingly similar domain name ("www.aua-med.com") that infringes upon and/or dilutes AUA's protected trade name under Federal Statutory and common law including, but not limited to, the United States Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(c), and the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

5. The amount in controversy exceeds $75,000 exclusive of fees, costs or interest.

6. This court has jurisdiction over Plaintiff's Federal Statutory claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367. As there exists complete diversity of citizenship amongst the parties, this court further has jurisdiction pursuant to 28 U.S.C. § 1332.

7. As the sole Defendant is a resident of this judicial district, venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. AUA is a foreign medical school catering, in part, to students from the United States including Michigan.

9. AUA regularly places and directs students in clinical education in association with Michigan hospitals.

10. Defendant Steven Woodward is a former student of AUA.

11. As a result of misconduct, Defendant was discharged from AUA without completion of his degree.

12. That is, Defendant is a disgruntled former student of AUA.

13. As a result of his dismissal from the University, Defendant initiated a lawsuit against AUA and its educational partner hospital Trinity-Health Michigan's St. Joseph Mercy Hospital in Pontiac, Michigan.

14. The lawsuit was filed in the Oakland County Circuit Court on or about December 20, 2007, where it was known as Case No. 07-088103-CZ and assigned to the Honorable Shalina Kumar.

15. In the suit, Mr. Woodward alleged that AUA and/or Trinity slandered him, intentionally inflicted emotional distress, tortiously interfered with a contractual relationship, invaded a right to privacy and breached a contract.

16. The court concluded that Mr. Woodward's allegations were baseless and granted AUA summary disposition of the same on June 30, 2008. The court similarly granted summary disposition to Trinity on April 29, 2009 finding, on the merits, that the claimed defamatory remarks as to Woodward's misconduct were actually, in fact, true.

3

17. As a result of Mr. Woodward's apparent dissatisfaction with this result and with everyone and everything other than the party truly responsible for his circumstance (himself), he has now registered an internet domain name of www.aua-med.com at which he publishes reckless, false, and malicious purported "facts" about AUA in addition to other objectionable content.

18. A specific date when Mr. Woodward commenced his endeavor is not known but it is well after AUA's first usage in trade of its own similar name and website www.auamed.org.

19. A copy of the legitimate www.auamed.org website homepage is attached as Exhibit 1.

20. A copy of Defendant's www.aua-med.com website homepage is attached as Exhibit 2.

21. Defendant's website represents, alleges and publishes, as if true, false and defamatory information about AUA including, by way of example and not limitation, that:

    a. AUA routinely commits fraud upon its students;

    b. AUA falsifies its students grades;

    c. AUA breaches contracts;

    d. AUA disregards student civil rights;

    e. AUA conspires against its students;

    f. AUA pursues unspecified and other unethical practices;

    g. AUA has "malicious intensions" and administration and academic advisors of a "heinous nature";

4

h. AUA students are sexually assaulted;

i. AUA professors teach students wrong information;

j. AUA conspires to commit fraud and violations of civil rights;

k. AUA commits criminal activities reportable to the FBI;

l. AUA student pass rate for USMLE medical board exams is only 22.9%;

m. AUA contrives false evidence in student disciplinary proceedings (i.e, the hearing Mr. Woodward was provided prior to dismissal and refused to even attend);

n. AUA colluded with St. Joseph Hospital to maliciously end Mr. Woodward's career, conspired, abused its power, committed perjury and is otherwise immoral and unethical;

o. AUA agents are liars;

p. The locality of AUA is full of "rape, murder, fraud, and government corruption."

22. Defendant's website further publishes, in a manner not repeated here, and without consent of the university or its affected students, other students' identities and personal information including grades and academic information.

22. In that Plaintiff utilizes its own website to market and provide useful information to prospective students, AUA suffers irreparable injury and harm to its reputation each day that Mr. Woodward's appalling site is permitted to remain available.

23. Moreover, irreparable injury to AUA and its affected students occurs, for which there is not an adequate remedy at law, by virtue of Mr. Woodward's unsanctioned and unauthorized publication of federally protected private academic information.

5

24. Consequently, AUA respectfully requests an immediate, but temporary (until such time as opportunity for hearing can be afforded) restraining order prohibiting further publication of this offending information by any means and further prohibiting use, of any kind, of the confusingly similar domain name.

25. Pursuant to FRCP 65(b)(1), AUA seeks temporary restraining order relief on an immediate and ex parte basis because, as demonstrated by this verified complaint, irreparable injury is occurring and will continue to occur and because Mr. Woodward cannot be located for purpose of immediate service. Undersigned counsel has made reasonable and diligent search of the prior lawsuit file and record, including the deposition of Mr. Woodward, which reveals, solely, that he resides on a movable sailboat and utilizes his sister's Flint address as a mailing address.

26. A proposed temporary restraining order is appended as Exhibit 3.

## COUNT I- FEDERAL TRADEMARK/TRADENAME INFRINGEMENT

27. Plaintiff incorporates and restates its answers to paragraphs 1 through 26 above.

28. Defendant publishes information under a domain name of www.aua-med.com.

29. Plaintiff has published legitimate information about its educational institution under the domain name www.auamed.org and has otherwise utilized the root term "auamed" in trade since long before Defendant first utilized the above referenced domain name.

30. Defendant's use of the confusingly similar name, and resultant accessibility by any consumer utilizing common search terms employed to glean

legitimate information about the University is likely to cause confusion as to whether the Defendant's website is somehow endorsed, sponsored, licensed or affiliated with the AUA.

31. Defendant's actions, along with the use on the offending website of information purportedly from, sponsored or published by AUA (including items bearing the AUA logo) constitute willful infringement upon AUA's exclusive rights in its tradename and trademarks under 15 U.S.C. § 1114.

32. Defendant's use of the similar domain name, including copies, reproductions and/or counterfeits of the AUA logo on the site itself has been, and continues to be done with the intent to cause confusion, mistake and harm as to the source or sponsorship of the information disseminated.

33. As a direct and proximate result, AUA has suffered irreparable harm to its protected tradename and trademarks.

34. AUA has no adequate remedy at law that will compensate it for the continued harm it will suffer if Defendant's acts are allowed to continue.

35. AUA has gained a reputation as a well respected educational institution and there is an association of its tradename and marks with this reputation.

36. Defendant has utilized that name and the marks with the intention of maliciously attacking that reputation and goodwill to satisfy some misguided personal vendetta against the University.

37. Defendant publishes false information in conjunction with the tradename and marks that dilutes, blurs and tarnishes the distinctiveness and positive association of the same.

38. Accordingly, this is an exceptional case within the meaning of the Lanham Act.

39. In addition to the temporary relief prayed for elsewhere in this verified complaint AUA respectfully requests permanent injunction as well as all rights, remedies and damages available at law including but not limited to treble damages and attorney fees.

WHEREFORE, Plaintiff American University of Antigua, respectfully requests a judgment against Defendant, together with costs, interest, and attorney fees.

## COUNT II- INFRINGEMENT UNDER THE ACPA

40. Plaintiff incorporates and restates its answers to paragraphs 1 through 39 above.

41. Defendant has registered, in bad faith and with intent to profit, a domain name confusingly similar to that utilized by AUA in the course of its business.

42. The AUA domain is distinctive and has been utilized in trade (as has its root tradename ("AUAMED") since long before Defendant's offending registration and use of www.aua-med.com.

43. The AUA tradename and domain name are widely recognized by the general consuming public as a designation of services and source of same from AUA.

44. Defendant's conduct is not a fair usage.

45. Defendant has attempted to profit from the use of this site directly and by leveraging the same in the prior litigation in which he was a plaintiff.

WHEREFORE, Plaintiff American University of Antigua, respectfully requests a judgment against Defendant, together with costs, interest, and attorney fees.

8

## COUNT III- WILLFUL VIOLATION OF FERPA

46. Plaintiff incorporates and restates its answers to paragraphs 1 through 45 above.

47. Defendant has published private educational information about other students including names and grades on his website.

48. This publication is without the consent of the University or its affected students and is otherwise unauthorized.

49. The academic records are otherwise private and are protected from public disclosure under federal law.

50. The consequence of disclosure has an immediate and obvious impact on the affected students' privacy rights for which there is no adequate remedy at law.

51. Further, as a direct and proximate result of Defendant's actions, AUA could lose significant access to federal educational funding and student aid.

WHEREFORE, Plaintiff American University of Antigua, respectfully requests a judgment against Defendant, together with costs, interest, and attorney fees.

## COUNT IV- DEFAMATION

52. Plaintiff incorporates and restates its answers to paragraphs 1 through 51 above.

53. Defendant publishes a website in which he intentionally, maliciously and/or recklessly or negligently publishes falsehoods about AUA.

54. By use of direct words, narrated video clips, weblinks and "YOUTUBE" videos of his making, Defendant promulgates as if true the following "facts" about AUA:

    a. AUA routinely commits fraud upon its students;

9

b. AUA falsifies its students grades;

c. AUA breaches contracts;

d. AUA disregards student civil rights;

e. AUA conspires against its students;

f. AUA pursues unspecified and other unethical practices;

g. AUA has "malicious intensions" and administration and academic advisors of a "heinous nature";

h. AUA students are sexually assaulted;

i. AUA professors teach students wrong information;

j. AUA conspires to commit fraud and violations of civil rights;

k. AUA commits criminal activities reportable to the FBI;

l. AUA student pass rate for USMLE medical board exams is only 22.9%;

m. AUA contrives false evidence in student disciplinary proceedings (i.e, the hearing Mr. Woodward was provided prior to dismissal and refused to even attend);

n. AUA colluded with St. Joseph Hospital to maliciously end Mr. Woodward's career, conspired, abused its power, committed perjury and is otherwise immoral and unethical;

o. AUA agents are liars;

p. The locality of AUA is full of "rape, murder, fraud, and government corruption."

55. Each and every one of these "facts" is false.

56. Defendant knew at the time of publication, or reasonably should have known, that each of his representations was false.

57. The publication of these purported "facts" about AUA is misleading, damaging and in certain circumstances per se actionable inasmuch as they allege criminal activity or the like.

58. AUA has suffered damages to its reputation as a direct and proximate result of Defendant's actions.

WHEREFORE, Plaintiff American University of Antigua, respectfully requests a judgment against Defendant, together with costs, interest, and attorney fees.

Respectfully submitted,

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, MI 48067-2505
(248) 544-1100/(248) 544-1191(fax)
ebuikema@cardellilaw.com
(P58379)

DATED: March 9, 2010

11

Being First duly sworn:

I, Neal Simon, am an officer of the American University of Antigua and its general counsel. I have personal knowledge of the facts set forth in this complaint and, having read the same, I hereby attest that each and every allegation contained herein is true to the best of my knowledge, information and belief.

Neal Simon
Its: President

Subscribed and sworn to before me this
____ day of March _____, 2010

_____
Notary Public
My commission expires: ____

LEONARD A. SCLAFANI
Notary Public, State of New York
No. 02SC6120579
Qualified in Westchester County
Commission Expires December 29, 20__

12