UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral

v                              Case No.: 2:10-cv-10978

STEVEN WOODWARD,

      Defendant.

---

Eric A. Buikema (P58379)
CARDELLI, LANFEAR & BUIKEMA, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com

Steven Woodward
Pro Per
7211 Brittwood Ln.
Flint, MI 48507
Steve_l_woodward@yahoo.com

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUBPOENAS

Plaintiff, through Counsel, states its response in opposition to Defendant's Motions for Subpoenas (Docket Nos. 18 and 21) as follows:

1.    On July 27, 2010, Defendant filed his "Motion for Subpoenas for GoDaddy.com, Inc for a Discovery and Disclosure of www.antiguasunonline.com" (sic) (Docket No. 18).

2.    On August 4, 2010, Defendant filed his "Motion for Subpoenas to for disclosure and discovery email accounts from: aol.com, bellsouth.net, gmail.com, Comcast.net, trinity-health,org, auamed.org, and auamed.net." (sic) (Docket No. 21).

1

3. Neither of these motions is proper as a default was entered by the Clerk of the Court on July 16, 2010 for Defendant's failure to answer. (Docket No. 14).

4. A defaulted party may not take action in a case other than contesting damages or seeking to set aside the default.

5. Similarly, Defendant's request does not comport with the requirements for the Court or its clerk to issue a subpoena. Fed R. Civ. P. 45(a)(3).

6. Finally even if the Court did grant Defendant's defective request, Plaintiff will file a Motion to Quash. As articulated in Plaintiff's brief, the information sought is not relevant to Plaintiff's claims or Defendant's defenses.

Wherefore, Plaintiff respectfully requests that the Court deny Defendant's motions for subpoenas (Docket Nos. 18 and 21). Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike these pleadings from the record.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                              United States District Court Judge
                              Patrick J. Duggan, presiding
                              Michael Hluchaniuk, referral
V                              Case No.: 2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

---

Eric A. Buikema (P58379)                    Steven Woodward
CARDELLI, LANFEAR & BUIKEMA, P.C.    Pro Per
Attorneys for Plaintiff                         7211 Brittwood Ln.
322 W. Lincoln                                   Flint, MI 48507
Royal Oak, MI 48067                       Steve_l_woodward@yahoo.com
(248) 544-1100
ebuikema@cardellilaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUBPOENAS**

3

## *TABLE OF CONTENTS*

TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED

BRIEF LIST OF CONTROLLING AUTHORITY

OVERVIEW

STATEMENT OF FACTS

DISCUSSION

    I. A Defaulted Party May Not Contest Liability

    II. Defendant's Motions Do Not Meet the Requirements of Fed. R. Civ. P. 45

    III. Defendant's Requested Information is Irrelevant

    IV. The Court Should Strike these Motions from the Record

CONCLUSION

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.  Whether Defendant's Motions for Subpoenas (Docket Nos. 18 and 21) should be denied where he is in default, does not present subpoenas in the form required by Fed. R. Civ. P 45, seeks information not relevant to the claims and defenses in this matter, and imposes an undue burden on the deponents?

        Plaintiff says:    Yes.

II. Whether the Court should strike Defendant's Motions for Subpoenas (Docket Nos. 18 and 21) from the record where he made them after entry of a default and seeks information not relevant to the claims or defenses in this matter?

        Plaintiff says:    Yes.

## *BRIEF LIST OF CONTROLLING AUTHORITY*

Fed. R. Civ. P. 12(f)(1) P. 10, 11

Fed. R. Civ. P. 26. P. 8

Fed R. Civ. P. 45. P. 8, 9, 10

Fed. R. Civ. P. 55. P. 8

## *OVERVIEW*

Defendant is in default. (Docket No. 14). The instant motions for subpoenas (Docket Nos. 18 and 21) are ostensibly to contest liability but as a default was entered, liability has been established. Further, they do not comport with the Court Rules for issuance of subpoenas and bear no relevance to the claims or defenses in this matter. As such, the instant motion should be denied.

## *STATEMENT OF FACTS*

Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 31, 2010. A default was entered by the Clerk of the Court on July 16, 2010, for Defendant's failure to answer. (Docket No. 14).

On July 27, 2010, Defendant filed his "Motion for Subpoenas for GoDaddy.com, Inc for a Discovery and Disclosure of www.antiguasunonline.com" (sic) (Docket No. 18). On August 4, 2010, Defendant filed his "Motion for Subpoenas to for disclosure and discovery email accounts from: aol.com, bellsouth.net, gmail.com, Comcast.net, trinity-health,org, auamed.org, and auamed.net." (sic) (Docket No. 21).

Plaintiff opposes these motions for the reasons outlined below.

## *DISCUSSION*

### I. *A Defaulted Party May Not Contest Liability*

Defendant's motions for subpoenas are improper, as he is in default. A defaulted party may not take action in a case other than contesting damages or seeking to set aside the default.

The effect of the clerk's entry of default is that "the plaintiff's factual allegations are accepted as true for all purposes, excluding the determination of damages." *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009), quoting *Ryan v. Homecomings*


*Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001). A defendant has limited options when confronted with a default. He may seek to set aside the default, but must do so upon good cause.[1] Fed. R. Civ. P. 55(c). Additionally he may contest damages.

Here Defendant ostensibly seeks to contest liability with the issuance of a number of subpoenas seeking a large amount of irrelevant information. As this has nothing to do with providing good cause for setting aside the default or contesting damages, the instant motions (Docket Nos. 18 and 21) should be denied.

## *II.   Defendant's Motions Do Not Meet the Requirements of Fed. R. Civ. P. 45*

As the Court is aware, for the Court or the Court's Clerk to issue a subpoena, certain basic requirements must be met. Fed R. Civ. P. 45(a)(3).

Initially the requested subpoena must meet the form required by the Court. Fed. R. Civ. P. 45(a)(1)(A). This includes a caption, and a directive to do certain enumerated actions, such as attend a deposition, produce documents for inspection, permit an inspection, etc. *Id.* The subpoena must provide a reasonable time to comply.

Here Defendant did not present the Court with any subpoenas to issue and as such the instant requests must be denied as outside the scope of Fed. R. Civ. P. 45.

## *III.   Defendant's Requested Information is Irrelevant*

The information sought by Defendant's subpoenas is outside the scope of discovery and is otherwise irrelevant. The claims in this matter involve whether Defendant defamed Plaintiff or violated Plaintiff's marks. The requested subpoenas have no bearing on any of Plaintiff's claims or Defendant's defenses. As such the instant motion should be denied in its entirety.

As the Court is aware, discovery has a broad scope. Fed. R. Civ. P. 26(b)(1). This includes any non-privileged matter that's relevant to any claim or defense. Relevant evidence is

---

[1] Defendant filed a motion seeking to set aside the default which remains pending before the Court.

evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. Here the claims in this matter involve defamation and trademark infringement. Defendant's requested subpoenas have no bearing on either claim or any of Defendant's defenses.

Defendant's requested subpoena to GoDaddy.com (Docket No. 18) seeks voluminous computerized data relating to data from Antigua newspaper websites.[2] From the tenor of the requested information, it appears that Defendant seeks data that will provide him access to news articles that at one point were available on these newspapers' websites.[3] Defendant provides no reason why he requests global unfettered access to this deponent's servers rather than simply requesting the news articles he seeks.[4] These requested news articles have no bearing on any issues in this case. While Defendant will assert that they will establish Antigua's "ties" to organized crime, this has no bearing on whether Defendant defamed AUA or infringed on any of AUA's marks. The requested subpoena, in addition to being overly broad and perhaps requesting data that simply no longer exists, poses an undue burden on the deponent. Fed. R. Civ. P. 45(c)(1). Defendant's request should be denied. However, should the Court issue Defendant's requested subpoenas, Plaintiff should be ordered to pay all of GoDaddy.com's costs incurred associated with the production of this voluminous data including reasonable computer technician and attorney fees.

Similarly, Defendant's requested subpoena to various web providers (Docket No. 21) is overly broad. Plaintiff seeks the *personal emails* of numerous individuals who are not party to

---

[2] Upon information and belief GoDaddy.com is a company that hosts other websites. This would be akin to an apartment building owner. Individual websites would be apartments in the building renting space from the owner.
[3] It is uncertain why he seeks global access to these newspapers' servers rather than simply requesting the articles sought from the newspapers themselves.
[4] Similarly, Defendant provides no reason why he cannot simply find these news articles online or at a library.

9

this action. As asserted above, the issue in this matter is whether Defendant defamed Plaintiff or violated any of Plaintiff's marks. Information contained in personal emails of non-party individuals is completely irrelevant to the instant action. As defendant provided no temporal scope, and seeks "full access to all the account files, attachments, directories, sub-directories and applications required to view all content," it obviously subjects the deponents to undue burdens. Further, Defendant's request for full access to emails maintained by physicians and other care providers may implicate privileged information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")(P.L.104-191).

Finally, to the extent that Defendant's subpoena seeks production of documents from AUA and its agents and employees, a subpoena under Fed. R. Civ. P. 45 is improper. The Court rules provide ample authority for seeking discovery from parties.[5] See generally Fed. R. Civ. P. 26-37. Similarly Defendant's request to Plaintiff's servers is an improper request for information from a party. As Defendant's request for global access to Plaintiff's servers and the personal emails of non-parties is overly broad and unduly burdensome, not to mention completely irrelevant to the issue of whether Defendant defamed Plaintiff or violated Plaintiff's marks, the instant motion (Docket No. 21) should be denied in its entirety.

Plaintiff respectfully requests that the Court deny Defendant's motions for subpoenas (Docket Nos. 18 and 21).

## IV.    *The Court Should Strike these Motions from the Record*

This Court has ample authority under Fed. R. Civ. P. 12(f)(1) to strike from pleadings and other documents any "insufficient defense or any redundant, immaterial, impertinent, or

---

[5] Any such request involving AUA's staff or administration must be narrowly tailored and be subject to a protective order as it may implicate confidential student information.

10

scandalous matter." Here Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike the instant motions (Docket Nos. 18 and 21).

Ample grounds for striking these motions are present. Defendant is in default and the instant motions do not seek to do the one thing a defaulted party is allowed to do—seek to set aside the default or contest damages. Instead Defendant's requested subpoenas seek information enabling him to contest liability. A defaulted party may not contest liability as all allegations (save those regarding damages amounts) are deemed admitted. Finally, Defendant's request does not present adequate subpoenas to the Court for signature and seek a host of irrelevant and potentially privileged data, the production of which would create an undue burden on the deponents.

## *CONCLUSION*

Plaintiff respectfully requests that the Court deny Defendant's motions for subpoenas (Docket Nos. 18 and 21). Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike these pleadings from the record.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Resonse to Defendant's Motions for Subpoenas, Brief in Support, and this Certificate of Service were served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 6, 2010.

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com