UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

v

STEVEN WOODWARD,

        Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

---

Eric A. Buikema (P58379)
CARDELLI, LANFEAR & BUIKEMA, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com

Steven Woodward
Pro Per
7211 Brittwood Ln.
Flint, MI 48507
Steve_l_woodward@yahoo.com

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTS TO MOTION TO SET ASIDE DEFAULT AND MOTION FOR PRELIMINARY INJUNCTION (Docket Nos. 27 and 28)

Plaintiff, through Counsel, states its response in opposition to Defendant's Amendment to his Motion to Set Aside the Default (and other relief) (Docket No. 27) and Defendant's Motion to Set Aside and Strike the Default (Docket No. 28) as follows:

1.    The Clerk of the Court entered a default on Defendant on July 16, 2010 for his failure to answer. (Docket No. 14).

1

2. On July 19, 2010, Defendant filed his "Request for Setting Asside Motion for Default; Request for Dismissal for on Grounds of Perjury, Obstruction and Contempt" (sic) (Docket No. 16).

3. Plaintiff responded to this Motion on August 6, 2010. (Docket No. 23).

4. In this response, Plaintiff detailed the various grounds the Court had for denying Defendant's motion, including that he failed to assert good cause required by the Court rules and failed to state adequate grounds for a motion for summary judgment.

5. Contemporaneous to the filing of this response, Plaintiff moved for entry of default judgment and a permanent injunction[1]. (Docket No. 22).

6. Rather than file a reply brief in support of his motion to set aside the default, or a response to Plaintiff's Motion to Enter the Default, Defendant filed two more motions.

7. On August 6, 2010, Defendant filed his "Amendment to Request for Setting Asside (sic) demotion for Default Request for Dismissal for on (sic) grounds of Perjury, Obstruction and Contempt; Motion for Dismissal on Grounds of Perjury, Obstruction and Contempt; and Motion for Preliminary Injunction for www.auamed.org." (Docket No. 27).

8. On August 10, 2010, Defendant filed "Defendants (sic) Request for Setting Aside Default and Motion to Strike Default" (Docket No. 28).

9. As these motions (save the request for a Preliminary Injunction for Plaintiff's website) are completely duplicative of the issues previously raised and briefed, Plaintiff adopts and incorporates its prior Motion to Enter Default Judgment (Docket No. 22) and Response to Defendant's Motion to Set Aside the Default (Docket No. 23).

---

[1] Additionally Plaintiff moved to strike Defendant's dilatory "Answer."

2

10.    Plaintiff notes that Defendant's instant motion (Docket No. 27) seeks summary judgment, and that his prior motion (Docket No. 16) similarly sought summary judgment. As the Court never granted leave to file multiple dispositive motions, Defendant's instant filing is in violation of LR 7.1(b)(2), which prohibits more than one motion for summary judgment.

Wherefore, Plaintiff respectfully requests that the Court deny Defendant's Motions (Docket Nos. 27 and 28). Plaintiff similarly requests that the Court enter an award of sanctions and costs for Defendant's blatant disregard for the Court rules and filing multiple post-default motions which are neither based in law or fact.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: August 19, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                            United States District Court Judge
                            Patrick J. Duggan, presiding
                            Michael Hluchaniuk, referral
V                            Case No.: 2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

___

Eric A. Buikema (P58379)         Steven Woodward
CARDELLI, LANFEAR & BUIKEMA, P.C.   Pro Per
Attorneys for Plaintiff             7211 Brittwood Ln.
322 W. Lincoln                    Flint, MI 48507
Royal Oak, MI 48067             Steve_l_woodward@yahoo.com
(248) 544-1100
ebuikema@cardellilaw.com

___

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTS TO MOTION TO SET ASIDE DEFAULT AND MOTION FOR PRELIMINARY INJUNCTION (Docket Nos. 27 and 28)**

i

# *TABLE OF CONTENTS*

TABLE OF CONTENTS ................................................................................................ ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ....................................... iii

INDEX OF CONTROLLING AUTHORITY ............................................................. iv

OVERVIEW ..................................................................................................................1

STATEMENT OF FACTS ............................................................................................1

DISCUSSION ................................................................................................................3

    I. Defendant Does Not Demonstrate "Good Cause" Sufficient
To Set Aside the Default.............................................................................................3
    II. Defendant's Motion to Strike Should be Denied .................................................6
    III. Defendant Fails to Present Adequate Grounds to Summary Judgment..............7
    IV. Defendant's Request for a Preliminary Injunction Should be Denied ...............8
    V. The Court Should Impose Sanctions for Defendant's Conduct..........................10

CONCLUSION.............................................................................................................12

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I. Whether Defendant's Motions to Set Aside the Default should be denied where he fails to demonstrate good cause for the same?

      Plaintiff says:    Yes.

II. Whether the Court should Deny Defendant's motion to strike the Default where he asserts no ground on which it is "redundant, immaterial, impertinent or scandalous"?

      Plaintiff says:    Yes.

III. Whether Defendant's Motion for Summary Judgment should be denied where he fails to assert the lack of genuine issues of material fact and otherwise assert grounds upon which summary judgment would be appropriate under Fed. R. Civ. P. 56?

      Plaintiff says:    Yes.

IV. Whether the Court should deny Defendant's Motion for a Preliminary Injunction as to Plaintiff's website where the content of Plaintiff's website is not relevant to any claims or defenses in this matter and where Defendant's request does not comport with Fed. R. Civ. P. 65 or otherwise state any grounds on which an injunction would be proper?

      Plaintiff says:    Yes.

V. Whether the Court should exercise its authority to impose sanctions and costs on Defendant for his blatant disregard for the Court Rules and his multiple post-default filings?

      Plaintiff says:    Yes.

# *INDEX OF CONTROLLING AUTHORITY*

**Statutes**          Page(s)

Fed. R. Civ. P. 5 ...................................................................................................... 3

Fed. R. Civ. P. 7(a) .................................................................................................. 7

Fed. R. Civ. P. 8 ...................................................................................................... 9

Fed. R. Civ. P. 11(b) ........................................................................................ 10, 11

Fed. R. Civ. P. 11(c)(2) .......................................................................................... 11

Fed. R. Civ. P. 11(c)(4) .......................................................................................... 11

Fed. R. Civ. P. 12 .................................................................................................... 8

Fed. R. Civ. P. 12(a)(1)(A)(i) .................................................................................. 4

Fed. R. Civ. P. 12(b) ............................................................................................... 4

Fed. R. Civ. P. 45 .................................................................................................. 10

Fed. R. Civ. P. 55(c) ........................................................................................ 3, 4, 7

Fed. R. Civ. P. 56 ........................................................................................... iii, 7, 8

Fed. R. Civ. P. 56(c) ................................................................................................ 7

Fed. R. Civ. P. 65 .................................................................................................. iii

FRE 404 ................................................................................................................... 2

FRE 410 ................................................................................................................... 2

FRE 802 ............................................................................................................... 3, 6

FRE 805 ................................................................................................................... 3

LR 5.1 .............................................................................................................. 10, 11

LR 7.1(b)(2) ..................................................................................................... 11, 13

LR 7.1(a) ............................................................................................................... 10

## Cases

*African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202-1203
    (11th Cir. 1999) ................................................................................................. 4

*Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) .................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct.
    1348, 89 L.Ed. 2d 538 (1986) ............................................................................................7

*Mich. Rehab. Clinic Inc., P.C. v City of Detroit*, 310 F. Supp. 2d 867 (2004, ED
    Mich)...................................................................................................................9

## *OVERVIEW*

Defendant is in default. (Docket No. 14). He filed a motion to set aside the default on July 19, 2010 which is pending before this Court (Docket No. 16). Plaintiff responded to this motion, but rather than file a reply brief, Defendant opted to file two more Motions to Set Aside and Strike the Default (Docket Nos. 27 & 28), neither of which provide any merit for his claims or state grounds different from the initial motion. As such, the instant motions (Docket Nos. 27 & 28) should be denied.

## *STATEMENT OF FACTS*

Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 30, 2010. A default was entered by the Clerk of the Court on July 16, 2010, for Defendant's failure to answer. (Docket No. 14).

On July 19, 2010, Defendant filed his "Request for Setting Asside Motion for Default; Request for Dismissal for on Grounds of Perjury, Obstruction and Contempt" (sic) (Docket No. 16). Plaintiff responded to this Motion on August 6, 2010. (Docket No. 23). In this response, Plaintiff detailed the various grounds the Court had for denying Defendant's motion, including that he failed to assert good cause required by the Court rules and failed to state adequate grounds for a motion for summary judgment. To the extent that the instant motions (Docket Nos. 27 and 28) merely rehash the issues previously briefed, Plaintiff adopts and incorporates this prior response.

Additionally on August 6, 2010, Plaintiff moved for entry of default judgment and a permanent injunction[2]. (Docket No. 22). Rather than file a reply brief in support of his motion to set aside the default, or a response to Plaintiff's Motion to Enter the Default, Defendant filed two motions:

---

[2] Additionally Plaintiff moved to strike Defendant's dilatory "Answer."

1

- "Amendment to Request for Setting Asside (sic) motion for Default Request for Dismissal for on (sic) grounds of Perjury, Obstruction and Contempt; Motion for Dismissal on Grounds of Perjury, Obstruction and Contempt; and Motion for Preliminary Injunction for www.auamed.org." (Filed August 6, 2010) (Docket No. 27).

- "Defendants (sic) Request for Setting Aside Default and Motion to Strike Default" (Filed August 10, 2010) (Docket No. 28).

As the Court can tell, the instant motions are entirely duplicative of the Defendant's Motion to Set Aside the Default (Docket No. 16). Similarly as Defendant sought Summary Judgment in his Motion to Set Aside the Default (Docket No. 16) and seeks the same relief in the instant motion to set aside the default (Docket No. 27), he violates LR 7.1(b)(2)[3].

Plaintiff further notes that Defendant's motions are procedurally deficient[4], that no concurrence was sought[5] and are riddled with circular logic[6]. Similarly Defendant attached inadmissible documents from his prior action against AUA and others in State Court (the state court granted all defendants' motions for summary disposition, Woodward is appealing these orders)[7]. Defendant also puts forth inadmissible character evidence as to AUA[8]. Finally as the

---

[3] Similarly Defendant never sought Plaintiff's concurrence in either of these motions or in any motions he's filed, in violation of LR 7.1(a).
[4] Failing to contain a brief as required by LR 7.1(d) and failing to be warranted by existing law or fact as required by Fed. R. Civ. P. 11(b).
[5] Violating LR 7.1(a).
[6] As an example, Defendant cites to Plaintiff's motion exhibits attaching copies of Defendant's defamatory website for the proposition that the defamatory statements included on the website are true.
[7] Defendant's Exhibit 7 is AUA's co-defendants' case evaluation summary in the state case. While this document is legally and factually accurate, it is inadmissible pursuant to MCR 2.403(J)(4) and FRE 410. Similarly Trinity Health and Susan Zonia are not parties to the instant action and their attorney's statements in case evaluation summaries are not directly relevant to the instant claims and defenses.
[8] As the Court knows, character evidence is rarely admissible. FRE 404. Similarly, only character evidence regarding a "person" is admissible. Id. Here Defendant proposes character evidence as to AUA, a foreign corporation.

2

Court can see, Defendant's exhibits are riddled with layers upon layers of inadmissible hearsay. FRE 802; FRE 805.

## DISCUSSION

### I. *Defendant Does Not Demonstrate "Good Cause" Sufficient to Set Aside the Default*

The Court rules require "good cause" in order to set aside a default. Fed. R. Civ. P. 55(c). Here Defendant does not allege that "good cause" exists or circumstances constituting good cause exist such that the instant motions should be denied.

Defendant's Motion to Set Aside and Strike the Default (Docket No. 28) was obviously written after reviewing the transcript attached to Plaintiff's motions and responses. However, nothing in this motion asserts grounds constituting "good cause" for setting aside a default. Similarly, Defendant's Amended Motion to Set Aside the Default (Docket No. 27) adds additional documentation to his Docket 16 Motion, but still fails to assert "good cause" sufficient for the Court to set aside the default.

Defendant argues that he submitted a "Rebuttal" to the Court on April 15, 2010 and that this qualifies as an "Answer." However, this "Rebuttal" was never filed with the Court Clerk as required by Fed. R. Civ. P. 5. Exhibit 1, Docket Sheet. In fact Defendant didn't "Answer" until July 19, 2010 (Docket No. 15), three days after entry of the default (Docket No. 14). A motion to strike this late answer on the grounds that the single sentence denying Plaintiff's claims does not comport with the court rules and that a defaulted party may not contest liability is pending (Docket No. 22). A brief timeline of events is as follows:

| | | |
|---|---|---|
| Complaint filed: | March 11, 2010 | Docket No. 1 |
| Defendant Served: | March 30, 2010 | (Email/Certified mail) |

3

| | | |
|---|---|---|
| Defendant's "Appearance": | March 30, 2010 | Docket No. 3, 4[9] |
| Motion for Preliminary Injunction Heard by Court: | April 19, 2010 | Docket No. 19 (transcript) |
| Proceedings Stayed[10]: | April 19, 2010—June 30, 2010 | |
| Default Entered: | July 16, 2010 | Docket No. 14 |
| "Answer" Filed: | July 19, 2010 | Docket No. 15 |

Here Defendant had well more than the 21 days allowed to answer provided by Fed. R. Civ. P. 12(a)(1)(A)(i). From being served on March 30, 2010 he had twenty days through the date of the Motion for Preliminary Injunction Hearing when the Court ordered the case stayed until Defendant's return from abroad on June 30, 2010 (Docket No. 19—transcript of hearing[11]). From July 1, 2010 to July 16, 2010 when the Default was entered Defendant had another sixteen days to answer. Despite having 36 days to answer, nearly double the time allowed under the court rules, Defendant failed to do so until he had already been defaulted.

Under Fed. R. Civ. P. 55(c), a "district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202-1203 (11th Cir. 1999), citing *Gower v. Knight (In re Knight)*, 833 F.2d 1515, 1516 (11th Cir.1987). The factors courts consider when deciding whether to set aside an entry of the default are: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009), citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).

---

[9] Defendant's Motion for Leave to file Nontraditional Documentation" and "Request for Leave of Absents" qualifies as his responsive pleadings, waiving all the defenses allowed under Fed. R. Civ. P. 12(b).
[10] Defendant never presented an order to the court regarding his motion to stay the case for his "leave of absents."
[11] As asserted above, no order staying the case was filed with the clerk or presented to the court for entry.

4

None of these factors favors Defendant. Plaintiff discussed these factors at length in its response (Docket No. 23) to Defendant's initial request to set aside the default (Docket No. 16) and incorporates that discussion and analysis here. Here no good cause is present. Defendant assured the Court on multiple occasions that he would obtain counsel and file an answer. See Docket 23, Exhibit 2 at 62. Defendant was participating in the action and opposed Plaintiff's motion for a preliminary injunction. He knew a suit was pending, yet neglected to file an answer. In fact, Defendant concedes that he "made every effort to defend [himself] and comply more than timely in these proceedings." This makes his assertion that he didn't know that a deadline was present ring hollow, and certainly does not arise to the level of excusable neglect. He chose not to read the summons. He chose not to read the court rules. He didn't ever file his "rebuttal[12]." He chose not to employ counsel to assist him in this matter. Similarly his improper "requests" to the Court for legal advice do not constitute good cause for failing to respond to the allegations in Plaintiff's complaint. These are perils of self-representation but do not constitute "good cause" sufficient to set aside the default.

The next element, quick action to correct the default also weighs heavily in Plaintiff's favor. Here Defendant did act quickly and file an "Answer" (Docket No. 15) which was a sentence long and didn't comport with the Court rules[13]. Similarly he filed three separate papers seeking to set aside or strike the default (Docket Nos. 16, 27 & 28). However none assert "good cause" sufficient for the Court to set aside the default[14]. These actions do nothing to correct the default.

---

[12] As Defendant never filed this "rebuttal" there is no need to discuss its contents. Plaintiff does state that this "Rebuttal" falls far short of the requirements of pleading and does not constitute an "answer" under the Court rules.
[13] More specific facts surrounding the procedural deficiencies of this putative "Answer" are detailed in Plaintiff's Motion to Strike (Docket No. 22).
[14] As asserted above, there are many, many procedural deficiencies with every paper that Defendant filed.

5

The third and final factor does not favor the defendant. Here he presents no evidence of a meritorious defense to the action. His Docket 28 motion focuses solely on procedural aspects of the default and his failure to answer. Nothing in that motion addresses Plaintiff's claims that it was defamed by Defendant or that Defendant infringed on its marks. His Docket 27 motion is largely identical to his Docket 16 motion. In it he essentially purports that AUA didn't give him a fair shake before dismissing him. This similarly does not address Plaintiff's claims of defamation of trademark infringement.

As the Court can see from the plain text of Defendant's website, www.aua-med.com, some of his statements are simply *per se* defamatory. For example, the main page of Defendant's site contains the following language:

> This site contains evidence about AUA:
> -Fraud
> -Falsifying Student Grades
> -Breach of Contract
> -Disregard for Student Civil Rights
> -Conspires Against Students
> and other unethical practices by AUA and the hospitals they do business with.

Nothing in any of Defendant's three papers attempting to set aside the default (Docket Nos. 16, 27 & 28) provides any meritorious defenses to the defamatory statements above[15].

As Defendant fails to assert "good cause" sufficient for the Court to set aside the default, Defendant's instant Motions should be denied.

## II.   *Defendant's Motion to Strike Should Be Denied*

Here Defendant presents no grounds upon which the Default (Docket No. 14) should be stricken (Defendant's Request is Contained in Docket No. 28 at page 6). As the Court knows, it has discretion to strike "from a pleading an insufficient defense or any redundant, immaterial,

---

[15] Similarly Defendant's exhibits are riddled with layers of inadmissible hearsay. FRE 802.

impertinent, or scandalous matter." No grounds for determining that the Default is redundant, immaterial, impertinent or scandalous have been alleged.

Further, the Clerk's entry of Default is not a "pleading" for purposes of Fed. R. Civ. P. 7(a). Accordingly the instant motion to strike is the improper procedure for resolving the issue of the default. Similarly, the Court Rules provide adequate relief for setting aside defaults and default judgments. See e.g. Fed. R. Civ. P. 55(c).

As Defendant's Motion to Strike the Default is not well pled, the Court should deny the instant motion.

### III. *Defendant Fails to Present Adequate Grounds for Summary Judgment*

As the Court is aware, summary judgment is only available in limited circumstances. Defendant does not assert that any such circumstances exist.[16]

Plaintiff will assess Defendant's motion under Fed. R. Civ. P. 56, as he relies on materials outside the pleadings. Summary judgment is proper under Fed. R. Civ. P. 56 when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must construe the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986).

Here Defendant does not allege that there are no outstanding issues of material fact. As such it does not meet the pleading requirements of Fed. R. Civ. P. 56. There are a number of outstanding material facts in this case, including whether Defendant defamed Plaintiff or infringed on any of its marks.

---

[16] Plaintiff notes that Defendant previously sought summary judgment in Docket No. 16. As such the instant request for summary judgment, on substantially the same "grounds" is a duplicative filing, made without leave of the Court, in violation of the Local Rule's prohibition of the same. LR 7.1(b)(2).

7

Defendant's "amended addition" to his request for summary judgment indicates that "perjury" was committed because it inaccurately stated the place of his residence in its Verified Complaint (Docket No. 1). As the Court is aware, Federal Courts operate under notice pleading rules. See e.g. Fed. R. Civ. P. 8. Here Plaintiff pled to the best of its information and belief jurisdictional facts regarding Defendant's residency. Nothing about paragraph 3 of Plaintiff's Verified Complaint violates Fed. R. Civ. P. 8. Similarly, Defendant does not raise improper venue or lack of personal or subject matter jurisdiction as a defense[17]. Instead he appeared and is contesting this case (despite failing to contest Plaintiff's allegations until after entry of the default).

Defendant's motion should be denied, as it does not properly state a claim for summary judgment under Fed. R. Civ. P. 56.

## IV. *Defendant's Request for a Preliminary Injunction should be Denied*

Defendant seeks a preliminary injunction as to Plaintiff's website. (Docket 27 at page 15). For reasons completely unknown to Plaintiff, Defendant seeks to have Plaintiff's website "either shut down or restored...[to] a point and time of when the plaintiff filed their claims" and similarly requests that Plaintiff be "prohibited from making any more modifications of any kind to this URL or any documents linked to this site for the duration of these court proceedings." *Id.*

As the Court knows, this action solely involves Plaintiff's claims that Defendant defamed Plaintiff and violated Plaintiff's marks. Defendant asserts no counter-claims. As such, the content of Plaintiff's website, the official website for the AUA College of Medicine, is not at issue to any claims or defenses in this matter. Defendant asserts no grounds for the Court to

---

[17] These defenses were waived upon the filings of Defendant's initial appearances. (Docket Nos. 3 & 4). Fed. R. Civ. P. 12.

exercise equitable relief on Plaintiff's website. Plaintiff also notes that as Defendant is in default, the instant motion for preliminary injunction is presented for improper purposes. As the Court knows, a defaulted party may seek to set aside the default (which defendant has attempted to do in no less than three filings) or to contest the amount of damages. Fed. R. Civ. P. 55. The instant motion for preliminary injunction is not aimed at either of those permissible purposes.

As the Court knows, Fed. R. Civ. P. 65 imposes certain requirements for imposing preliminary injunctions. Defendant meets none of these requirements. The Court is to consider several factors in assessing a motion for a preliminary injunction: (1) whether movant has a strong likelihood of success on the merits, (2) whether movant would suffer irreparable injury without injunction, (3) whether issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuance of injunction. *Mich. Rehab. Clinic Inc., P.C. v City of Detroit*, 310 F. Supp. 2d 867 (2004, ED Mich).

Here Defendant has no claims of success on the merits as he makes <u>no claims</u> regarding Plaintiff's website. No counter-claims have been asserted. As to the second element, he asserts no claim of irreparable injury as there is no possibility that Defendant would suffer any injury from the continuing existence of Plaintiff's website. Plaintiff's website, the official site for the AUA College of Medicine, contains no references to the Defendant and does not defame Defendant or infringe upon any of his marks. The third element also weighs in favor of the Court denying an injunction, as AUA would suffer substantial damages from having its website frozen to the time at which it filed its complaint. AUA relies heavily upon its online presence to recruit potential students, to communicate with faculty, staff and students completing internships and clinical programs across a wide geographic area. The fourth and final element, advancement of a public interest, similarly weighs against issuing an injunction. As noted above, AUA, along

with all first class universities, relies upon its website to communicate with its students and the world. AUA students complete their clinical training at 20 teaching hospitals and rely upon the website for information regarding their programs, seminars in their geographical regions, etc.

As substantial harm would be suffered by Plaintiff if the instant injunction was issued, and no grounds for the injunction exist, Defendant requests that the Court deny Defendant's request for an injunction.

## V.   *The Court Should Impose Sanctions for Defendant's Conduct*

Defendant has no respect for the Court or the court rules. He's gone back on his promise to the Court that he'd remove his website while this action is pending. See Docket No. 19. Despite being in default, Defendant filed nine (9) documents with the Court. See Docket Nos. 15, 16, 17, 18, 21, 25, 26, 27 and 28. Only a single motion to set aside the default would have been permissible under the Court rules, yet Defendant filed three (Docket Nos. 16, 27 and 28). As such, eight of the nine papers filed by Defendant were filed for improper purposes in violation of Fed. R. Civ. P. 11(b)(1).

Despite being in default, Defendant filed four motions for subpoenas (Docket Nos. 17, 18, 21 and 26) for the purposes of contesting liability, yet none of these meets the requirements of Fed. R. Civ. P. 45. Defendant filed multiple motions for summary judgment,[18] but does not allege basic facts sufficient to make out a prima facie case. Finally, none of Defendant's filings complies with LR 5.1 or 7.1, which govern filings with the Court. Defendant never sought concurrence in a motion and never included a brief or <u>any</u> citation to legal authority in his motions.

---

[18] Contrary to the LR 7.1(b)(2) prohibition of the same.

As the Court can see, none of Defendant's motions or papers have any merit, and serve only to waste Plaintiff's counsel's time and the Court's time. Defendant's ignorance or blatant disregard for the Court rules should not be condoned.

The Court has inherent authority to impose sanctions where a party files documents for improper purposes or without adequate legal or factual support. See Fed. R. Civ. P. 11(b), (c)(3)[19]. The purpose of sanctions is to deter repetition of the conduct. Fed. R. Civ. P. 11(c)(4). The Court cannot condone Defendant's conduct and should impose sanctions and costs sufficient to deter Defendant from filing frivolous papers in the future. As the Court has authority to issue sanctions in the form of nonmonetary directives, Plaintiff requests that the Court order Defendant to refrain from filing any papers until the issue of finality of the Default is resolved. Similarly Plaintiff requests that the Court order that any future papers filed by the Defendant be ordered to contain a brief which meets the requirements of LR 5.1 and LR 7.1 and contains citation to precedential legal authority. Plaintiff requests reasonable attorney's fees for responding to Defendant's eight frivolous filings.

---

[19] Plaintiff will file a separate motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2) and detail Defendant's specific conduct that violated Fed. R. Civ. P. 11(b).

## *CONCLUSION*

Wherefore, Plaintiff respectfully requests that the Court deny Defendant's Motions (Docket Nos. 27 and 28). Plaintiff similarly requests that the Court enter an award of sanctions and costs for Defendant's blatant disregard for the Court rules and filing multiple post-default motions based in neither law nor fact.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: August 19, 2010

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Supplements to Motion to Set Aside Default and Motion for Preliminary Injunction with Support Brief and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on August 19, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

12