UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

                            United States District Court Judge
                            Patrick J. Duggan, presiding
                            Michael Hluchaniuk, referral
v                            Case No.: 2:10-cv-10978

STEVEN WOODWARD,

       Defendant.

---

Eric A. Buikema (P58379)
CARDELLI, LANFEAR & BUIKEMA, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com

Steven Woodward
Pro Per
7211 Brittwood Ln.
Flint, MI 48507
Steve_l_woodward@yahoo.com

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUBPOENAS TO NBME (DKT. NO. 26) AND FOR LICENSING INFORMATION (DKT. NO. 17)

Plaintiff, through Counsel, states its response in opposition to Defendant's Motion for Subpoenas to the National Board of Medical Examiners (Docket No. 26) and Motion for Subpoenas for Licensing Information (Docket No. 17) as follows:

1

1. On July 26, 2010, Defendant filed his "Motion for Subpoenas to both the Educational Commission for Foreign Medical Graduates, ECFMG and to the United States Medical Licensing Examination, USMLE for the disclosure and discovery of evidence." (Docket No. 17).

2. On August 9, 2010, Defendant filed his "Motion for Subpoenas for the disclosure and discovery of evidence, (sic) to the National Board of Medical Examiners, NBME" (Docket No. 26).

3. These motions are improper as a default was entered by the Clerk of the Court on July 16, 2010, for Defendant's failure to answer. (Docket No. 14).

4. A defaulted party may not take action in a case other than contesting damages or seeking to set aside the default.

5. Similarly, Defendant's requests do not comport with the requirements for the Court or its clerk to issue a subpoena. Fed R. Civ. P. 45(a)(3).

6. Finally, even if the Court did grant Defendant's defective request, the sought entities will undoubtedly file Motions to Quash. Defendant seeks work product and other confidential information about students and their scores that will not be produced absent protective orders.

7. Plaintiff adopts and incorporates its Response and supporting brief (Docket No. 24) to Defendant's other Motions for Subpoenas (Docket Nos. 18 and 21) in response to the instant motion.

Wherefore, Plaintiff respectfully requests that the Court deny Defendant's Motions for Subpoenas (Docket Nos. 17 and 26). Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike these pleadings from the record.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: August 19, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

                          United States District Court Judge
                          Patrick J. Duggan, presiding
                          Michael Hluchaniuk, referral

V                                Case No.: 2:10-cv-10978

STEVEN WOODWARD,

       Defendant.

---

Eric A. Buikema (P58379)               Steven Woodward
CARDELLI, LANFEAR & BUIKEMA, P.C.  Pro Per
Attorneys for Plaintiff                     7211 Brittwood Ln.
322 W. Lincoln                             Flint, MI 48507
Royal Oak, MI 48067                    Steve_l_woodward@yahoo.com
(248) 544-1100
ebuikema@cardellilaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUBPOENAS TO NBME (DKT. NO. 26) AND FOR LICENSING INFORMATION (DKT. NO. 17)**

i

## *TABLE OF CONTENTS*

TABLE OF CONTENTS ..................................................................................................... ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................................... iii

INDEX OF CONTROLLING AUTHORITY ................................................................. iv

OVERVIEW ........................................................................................................................1

STATEMENT OF FACTS ..................................................................................................1

DISCUSSION .....................................................................................................................2

    I.  A Defaulted Party May Not Contest Liability. ........................................................2
    II.  Defendant's Motions Do Not Meet the Requirements of Fed. R. Civ. P. 45 ......................2
    III.  Defendant's Requested Information is Irrelevant ...................................................3
    IV.  The Court Should Strike these Motions from the Record ......................................5

CONCLUSION ....................................................................................................................6

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I. Whether Defendant's Motions for Subpoenas (Docket Nos. 17 and 26) should be denied where he is in default, does not present subpoenas in the form required by Fed. R. Civ. P. 45, seeks information not relevant to the claims and defenses in this matter, and imposes an undue burden on the deponents?

      Plaintiff says:    Yes.

II. Whether the Court should strike Defendant's Motions for Subpoenas (Docket Nos. 17 and 26) from the record where he made them after entry of a default and seeks information not relevant to the claims or defenses in this matter?

      Plaintiff says:    Yes.

## *INDEX OF CONTROLLING AUTHORITY*

**Page(s)**

**Statutes**

Fed. R. Civ. P. 12(f)(1) .................................................................................................5, 6

Fed. R. Civ. P. 26(b)(1) ......................................................................................................3

Fed R. Civ. P. 45................................................................................................... iii, 2, 3

Fed R. Civ. P. 45(a)(1)(A) ..................................................................................................2

Fed. R. Civ. P. 45(a)(3)........................................................................................................2

Fed R. Civ. P. 45(c)(3)........................................................................................................4

Fed R. Civ. P. 55(c) ............................................................................................................2

**Cases**

*Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009) ...........................2

## *OVERVIEW*

Defendant is in default. (Docket No. 14). The instant motions for subpoenas (Docket Nos. 17 and 26) are ostensibly for the purpose of contesting liability but as a default was entered, liability has already been established. Further, the instant motion does not comport with the Court Rules for issuance of subpoenas and bears no relevance to the claims or defenses in this matter. As such, the instant motion should be denied.

## *STATEMENT OF FACTS*

Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 31, 2010. A default was entered by the Clerk of the Court on July 16, 2010, for Defendant's failure to answer. (Docket No. 14).

On July 26, 2010, Defendant filed his "Motion for Subpoenas to both the Educational Commission for Foreign Medical Graduates, ECFMG and to the United States Medicale Licensing Examination, USMLE for the disclosure and discovery of evidence." (Docket No. 17). On July 27, 2010, Defendant filed his "Motion for Subpoenas for GoDaddy.com, Inc for a Discovery and Disclosure of www.antiguasunonline.com" (sic) (Docket No. 18). On August 4, 2010, Defendant filed his "Motion for Subpoenas to for disclosure and discovery email accounts from: aol.com, bellsouth.net, gmail.com, Comcast.net, trinity-health,org, auamed.org, and auamed.net." (sic) (Docket No. 21). Plaintiff responded to the latter two motions (Docket Nos. 18 and 21) on August 6, 2010. (Docket No. 24).

Despite Defendant obviously being aware that his subpoena motions were objectionable and instead of submitting a reply in support of his motions outlining factual or legal authority for the issuance of the requested subpoenas, Defendant instead made yet another motion for subpoenas (Docket No. 26).

1

Plaintiff submits its response in opposition to Defendant's Motions (Docket Nos. 17 and 26) for the reasons outlined below.

## *DISCUSSION*

### I.  *A Defaulted Party May Not Contest Liability*

Defendant's motions for subpoenas are improper, as he is in default. A defaulted party may not take action in a case other than contesting damages or seeking to set aside the default.

The effect of the clerk's entry of default is that "the plaintiff's factual allegations are accepted as true for all purposes, excluding the determination of damages." *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009), quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001). A defendant has limited options when confronted with a default. He may seek to set aside the default, but must do so upon good cause.[1] Fed. R. Civ. P. 55(c). Additionally he may contest the amount of damages.

Here Defendant ostensibly seeks to contest liability with the requested issuance of a number of subpoenas seeking a large amount of irrelevant information. As this has nothing to do with providing good cause for setting aside the default or contesting damages, the instant motions (Docket Nos. 17 and 26) should be denied.

### II.  *Defendant's Motions Do Not Meet the Requirements of Fed. R. Civ. P. 45*

As the Court is aware, for the Court or the Court's Clerk to issue a subpoena, certain basic requirements must be met. Fed R. Civ. P. 45.

Initially the requested subpoena must meet the form required by the Court. Fed. R. Civ. P. 45(a)(1)(A). This includes a caption and a directive to do certain enumerated actions, such as

---

[1] Defendant filed a motion seeking to set aside the default which remains pending before the Court.

2

attend a deposition, produce documents for inspection, permit an inspection, etc. *Id.* The subpoena must provide a reasonable time to comply.

Here Defendant did not present the Court with any subpoenas to issue and as such the instant requests must be denied as outside the scope of Fed. R. Civ. P. 45.

### III. *Defendant's Requested Information is Irrelevant*

The information sought by Defendant's requested subpoenas is outside the scope of discovery and is otherwise irrelevant[2]. The claims in this matter involve whether Defendant defamed Plaintiff or violated Plaintiff's marks. The requested subpoenas have no bearing on any of Plaintiff's claims or Defendant's defenses. As such the instant motion should be denied in its entirety.

As the Court is aware, discovery has a broad scope. Fed. R. Civ. P. 26(b)(1). This includes any non-privileged matter that's relevant to any claim or defense. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. Here the claims in this matter involve defamation and trademark infringement. Defendant's requested subpoenas have no bearing on either claim or any of Defendant's defenses.

Defendant's requested subpoena to the Educational Commission for Foreign Medical Graduates (ECFMG) and the U.S. Medical Licensing Examination (USMLE) (Docket No. 17) seeks voluminous raw test data that implicates private student information. Both the ECFMG and USMLE are organizations that provide certifications and licensures relevant to the medical profession. These certifications/licenses are based on tests administered to medical students.

---

[2] The irrelevance of the requested information is completely independent of the fact that a defaulted party may not contest liability.

3

Defendant ostensibly wishes to establish that AUA's pass rates are lower than published and that this operates as a defense to Plaintiff's claims of defamation and trademark infringement[3]. Here Plaintiff requests "all student and school data: (but not limited to) student names, contact information, exam dates, school and exam scores and student passed or failed data" (sic)[4]. As the Court can see, there is nothing reasonably tailored about this request, no temporal limitation is imposed and the deponents would certainly be subject to an undue burden. Both the USMLE and the ECFMG will file motions to quash these subpoenas and based on Fed. R. Civ. P. 45(c)(3) the Court will have ample authority to grant the same. However, should the Court issue Defendant's requested subpoenas, a protective order should first be in place requiring releases from all students whose data is to be released (or redactions of personally identifying information) and Defendant should be ordered to pay all of the deponent's costs incurred associated with the production of this voluminous data including reasonable attorney fees.

Similarly, Defendant's requested subpoena to the National Board of Medical Examiners (NBME) (Docket No. 26) is overly broad and seeks irrelevant information. In that subpoena Defendant requests, inter alia, "all student grades (data) for each specific exam that correlates with every exam that was given to Steven Woodward." Defendant obviously wishes to rehash the factual scenario that led to his dismissal from AUA. However the requested data is wholly irrelevant to the instant claims that Defendant infringed on Plaintiff's marks or defamed Plaintiff. Similarly, the information sought is overly broad, not reasonably limited in scope and seeks production of confidential student information. As such the instant request should be denied. However, should the Court decide to allow the requested subpoenas, a reasonable protective

---

[3] Since AUA's inception, USMLE Step 1 first-time pass rates for all students is 80.6%. Similarly, among those with a cumulative GPA of 3.5 or higher; 100% passed on the first attempt.

[4] Defendant provides no reason or rationale for requesting raw, confidential data rather than requesting the subject organizations to provide AUA's aggregate pass rates.

order is requested which would redact personally identifying student information from the documents produced. Similarly, Defendant should be ordered to pay all of the deponent's costs incurred associated with the production of this voluminous data including reasonable attorney fees.

Plaintiff respectfully requests that the Court deny Defendant's motions for subpoenas (Docket Nos. 17 and 26).

## *IV. The Court Should Strike these Motions from the Record*

This Court has ample authority under Fed. R. Civ. P. 12(f)(1) to strike from pleadings and other documents any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike the instant motions (Docket Nos. 18 and 21).

Ample grounds for striking these motions are present. Defendant is in default and the instant motions do not seek to do the one thing a defaulted party is allowed to do—seek to set aside the default or contest damages. Instead Defendant's requested subpoenas seek information enabling him to contest liability. A defaulted party may not contest liability as all allegations (save those regarding damages amounts) are deemed admitted.

Finally, Defendant's requests do not present adequate subpoenas to the Court for signature and seek irrelevant and potentially privileged data, the production of which would create an undue burden on the deponents.

## *CONCLUSION*

Plaintiff respectfully requests that the Court deny Defendant's motions for subpoenas (Docket Nos. 17 and 26). Plaintiff requests that the Court exercise its authority under Fed. R. Civ. P. 12(f)(1) and strike these pleadings from the record.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: August 19, 2010

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's motion for Subpoenas to NBME (Dkt. No. 26) and for Licensing Information (Dkt. No. 17), Brief in Support with Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on August 19, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

6