UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral

v                                    Case No.:  2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

---

Eric A. Buikema (P58379)
CARDELLI, LANFEAR & BUIKEMA, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com

Steven Woodward
Pro Per
7211 Brittwood Ln.
Flint, MI 48507
Steve_l_woodward@yahoo.com

---

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

Plaintiff, through Counsel, states its Motion for Sanctions pursuant to Fed. R. Civ. P. 11 as follows:

1.      Defendant is in Default (Docket No. 14).

2.      As the Court knows, a defaulted party may only take limited actions, such as seeking to set aside the default or contest damages. Fed. R. Civ. P. 55.

3.      Defendant filed not one but three motions to set aside the default. (Docket Nos. 16, 27 and 28). However, none of these motions stated "good cause" sufficient to satisfy Fed. R. Civ. P. 55(c).

1

4. None of these duplicative motions had any legal or factual merit as required by Fed. R. Civ. P. 11(b). (See Plaintiff's responses at Docket Nos. 23 & 30).

5. In fact, one of these motions went so far as to seek an injunction against Plaintiff's website. No grounds or authority was asserted for the same (See Plaintiff's response at Docket No. 30)[1].

6. Two of these motions sought summary judgment, in violation of the Local Rule's prohibition of multiple summary judgment motions. LR 7.1(b)(2).

7. Similarly, despite the default, Defendant attempts to contest liability.

8. He filed a dilatory "Answer" on July 19, 2010 (Docket No. 15)[2].

9. Similarly he filed four separate motions for subpoenas seeking a variety of privileged, confidential information (Docket Nos. 17, 18, 21 & 26)[3].

10. He filed a witness list on August 13, 2010. (Docket No. 29).

11. Accordingly, Defendant's "Answer", four motions for subpoenas, two of his three motions to set aside the default and his witness list were interposed for improper purposes, in violation of Fed. R. Civ. P. 11(b)(1).

12. Finally, none of Defendant's motions procedurally comports with the Court Rules—none included a brief[4], citation to any authority[5], or certificate of service[6]. Similarly Defendant never sought concurrence in any of his motions[7].

---

[1] This request is completely improper as Defendant asserts no claims against Plaintiff and cannot therefore establish a likelihood of success on the merits or any other elements of an injunction. See e.g. Fed. R. Civ. P. 65.
[2] For reasons outlined below and in Plaintiff's Motion to Strike this "Answer" (Docket No. 22), this "answer" is improper and does not meet the requirements of the Court Rules.
[3] These motions are improper and do not meet the substance of Fed. R. Civ. P. 45. Plaintiff relies on its responses to those motions (Docket Nos. 24 & 31).
[4] As required by LR 7.1(d)(1)(a). Moreover the format of the motion portion did not comport with LR 5.1(a)(2).
[5] As required by Fed. R. Civ. P. 11(b).
[6] As required by Fed. R. Civ. P. 5(d).
[7] As required by LR 7.1(a).

13. As no brief or citation to authority was included in any of Plaintiff's motions or filings, they were filed in violation of Fed. R. Civ. P. 11(b)(2) which requires that the arguments a party make be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law."

14. Pursuant to Fed. R. Civ. P. 11(c)(4), the Court has authority to impose sanctions on a party who violates Fed. R. Civ. P. 11(b). Such sanctions may include an award of attorney's fees and reasonable expenses and award of nonmonetary directives.

15. Here sanctions are appropriate as Defendant's flagrant violations or ignorance of the Court's orders and the court rules should not be tolerated.

Wherefore, Plaintiff respectfully requests that the Court grant its Motion for Sanctions, enter an award of attorney fees and costs for Defendant's needless increase in the cost of litigation. Plaintiff further requests that the Court order Defendant to cease filing any papers until the issue of finality of the Default is resolved. Similarly Plaintiff requests that the Court order that any future papers filed by the Defendant be ordered to contain a brief which meets the requirements of LR 5.1 and LR 7.1 and contains citation to precedential legal authority.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                          United States District Court Judge
                          Patrick J. Duggan, presiding
                          Michael Hluchaniuk, referral
V                          Case No.: 2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

---

Eric A. Buikema (P58379)              Steven Woodward
CARDELLI, LANFEAR & BUIKEMA, P.C.   Pro Per
Attorneys for Plaintiff                 7211 Brittwood Ln.
322 W. Lincoln                        Flint, MI 48507
Royal Oak, MI 48067                Steve_l_woodward@yahoo.com
(248) 544-1100
ebuikema@cardellilaw.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

## *TABLE OF CONTENTS*

TABLE OF CONTENTS..................................................................................................ii

CONCISE STATEMENT OF THE ISSUES PRESENTED.........................................iii

INDEX OF CONTROLLING AUTHORITY ..............................................................iv

OVERVIEW ...................................................................................................................1

STANDARD OF REVIEW ............................................................................................1

STATEMENT OF FACTS .............................................................................................3

    Defendant's "Answer"..............................................................................................3
    Defendant's Motions to Set Aside Default .............................................................4
    Defendant's Motions for Subpoenas........................................................................5

DISCUSSION.................................................................................................................6

    I. Defendant's Signed and Oral Representations to the Court Violate Fed.
    R. Civ. P. 11(b). ........................................................................................................6
    II. The Court Should Award Sanctions ..................................................................10

CONCLUSION.............................................................................................................11

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I. Whether the Court should impose sanctions upon Defendant for his numerous filings which were signed and filed for improper purposes and not warranted by existing law?

    Plaintiff says:    Yes.

## *INDEX OF CONTROLLING AUTHORITY*

**Statutes**

Fed R. Civ. P. 5 ............................................................................................................4

Fed R. Civ. P. 7 ..........................................................................................................5, 8

Fed R. Civ. P. 8 ..........................................................................................................3, 6

Fed R. Civ. P. 11 ..............................................................................................1, 2, 4, 6, 9, 10

Fed R. Civ. P. 12 ........................................................................................................5, 8

Fed R. Civ. P. 45 ...........................................................................................................7

Fed R. Civ. P. 55 ........................................................................................................5, 9

Fed R. Civ. P. 56 ...........................................................................................................8

Fed R. Civ. P. 84 ...........................................................................................................8

LR 5.1 ....................................................................................................................10, 11

LR 7.1 ........................................................................................................4, 6, 8, 9, 10, 11

**Cases**

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405; 110 S. Ct. 2447; 110 L. Ed. 2d 359 (1990) ...................................................................................................... 2

*Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir., 1992) ............................................................................................................................3

*ICU Med., Inc. v. Alaris Med. Sys.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009) ......................1

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) ...................2, 7

## *OVERVIEW*

Defendant is in default. (Docket No. 14). Despite being in default, he has attempted through numerous filings to contest liability (filing eight papers with the Court, including three separate motions to set aside the default), going far beyond what the court rules allow a defaulted party to do. Further, none of his filings comports with the Court Rules. Plaintiff seeks sanctions in an amount and form sufficient to deter Defendant's conduct.

## *STANDARD OF REVIEW*

**Fed. R. Civ. P. 11** provides that every representation made to the court carries with it certain representations. These representations include:

> **(b) Representations to the Court.**
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Cases interpreting the rule have developed a two step analysis for assessing whether a violation occurred: "(1) whether the ... [relevant document] is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *ICU Med., Inc. v. Alaris Med. Sys.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009) citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Similarly, cases

interpreting the subsection regarding bad faith and harassment have held that a party's filing excessive motions (even meritorious ones) could constitute harassment under Fed. R. Civ. P. 11. See e.g. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) citing *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537-38 (5th Cir. 1990).

Where a paper or pleading is signed and filed with the Court in violation of Fed. R. Civ. P. 11(b), the Court may impose sanctions upon the violating party either on motion of a party or of the court's own accord. Fed. R. Civ. P. 11(c)(2)-(3). The sanction must be "appropriate." Fed. R. Civ. P. 11(c)(1). The nature of the sanction is outlined in the court rules and can contain nonmonetary directives:

> (4) Nature of a Sanction.
> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

A Court's decision whether to award Rule 11 sanctions is reviewed for an abuse of discretion. See e.g. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405; 110 S. Ct. 2447; 110 L. Ed. 2d 359 (1990).

## *STATEMENT OF FACTS*

This motion takes issue with a number of Defendant's post-default filings. As the Court knows, Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 31, 2010. A default was entered by the Clerk of the Court on July 16, 2010, for Defendant's failure to file an answer. (Docket No. 14). As the Court knows, a defaulted party has limited options—he may seek to set aside the default or may contest damages. See e.g. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir., 1992) citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir., 1974).

Despite Defendant's promise to the Court on the record that he'd remove his defamatory website, he's since republished it. (See Docket No. 19 at p.60, transcript where Defendant promised to remove his website, and attached Exhibit 1, evidence of Defendant republishing his site). Similarly, despite a default establishing Defendant's liability, he's filed many papers with the Court attempting to contest liability.

### *Defendant's "Answer"*

Despite being in default, Defendant filed an "Answer" which consisted of a single sentence: "I am not guilty of any claims made by the plaintiff." (Docket No. 15). This was filed only for the purpose of contesting liability. Plaintiff moved to strike this pleading and enter a default judgment on August 6, 2010. (Docket No. 22). Plaintiff incorporates its Motion to Strike (Docket No. 22) by reference. This motion is based on the grounds that a defaulted party may not contest liability and that it does not meet the requirements of pleading. See e.g. Fed. R. Civ. P. 8. This motion remains pending before the Court.

### *Defendant's Motions to Set Aside the Default*

Defendant filed three separate motions to set aside the default, none of which included sufficient "good cause" to merit the Court setting aside the default. These motions were filed as follows:

- "Request for Setting Asside Motion for Default; Request for Dismissal for on Grounds of Perjury, Obstruction and Contempt" (sic) (Docket No. 16, filed July 19, 2010).

- "Amendment to Request for Setting Asside (sic) demotion for Default Request for Dismissal for on (sic) grounds of Perjury, Obstruction and Contempt; Motion for Dismissal on Grounds of Perjury, Obstruction and Contempt; and Motion for Preliminary Injunction for www.auamed.org." (Docket No. 27, filed August 6, 2010).

- "Defendants (sic) Request for Setting Aside Default and Motion to Strike Default" (Docket No. 28, filed August 10, 2010).

Plaintiff notes that none of these motions contained a brief[8] or citation to any legal authority[9]. Defendant never sought concurrence in any of these motions[10]. No certificate of service was included[11]. Plaintiff notes that all three of these motions seek summary judgment on substantially the same grounds, but never asserted sufficient facts to make out a prima facie case for summary judgment[12]. Plaintiff also notes that in Motion 27, Defendant requests a preliminary injunction against Plaintiff's website. However, as no counter claims were ever asserted against Defendant there are no grounds on which Plaintiff could establish a "likelihood of success on the merits" such that an injunction would be proper. Similarly Defendant's motion

---

[8] As required by LR 7.1(d).
[9] As required by Fed. R. Civ. P. 11(b).
[10] As required by LR 7.1(a).
[11] As required by Fed. R. Civ. P. 5(d).
[12] In violation of the prohibition of multiple dispositive motions in LR 7.1(b)(2).

to strike the default (included in Motion 28) is wholly improper as Fed. R. Civ. P. 12(f) only applies to pleadings and a default is not a "pleading" as defined by Fed. R. Civ. P. 7(a)[13].

Plaintiff responded to the initial motion (Docket No. 16) on August 6, 2010. (Docket No. 23). Plaintiff responded to the latter two motions (Docket Nos. 27 & 28) in a consolidated response on August 19, 2010 (Docket No. 30). Plaintiff adopts and incorporates its responses to these motions in the instant motion. All of Defendant's motions remain pending with the Court.

### *Defendant's Motions for Subpoenas*

Despite the Clerk's entry of the default and liability being established, Defendant filed four motions for subpoenas as follows:

- "Motion for Subpoenas to both the Educational Commission for Foreign Medical Graduates, ECFMG and to the United States Medical Licensing Examination, USMLE for the disclosure and discovery of evidence." (Docket No. 17, filed July 26, 2010);

- "Motion for Subpoenas for GoDaddy.com, Inc for a Discovery and Disclosure of www.antiguasunonline.com" (sic) (Docket No. 18, filed July 27, 2010);

- "Motion for Subpoenas to for disclosure and discovery email accounts from: aol.com, bellsouth.net, gmail.com, Comcast.net, trinity-health,org (sic), auamed.org, and auamed.net." (sic) (Docket No. 21, filed August 4, 2010); and

- "Motion for Subpoenas for the disclosure and discovery of evidence, (sic) to the National Board of Medical Examiners, NBME" (Docket No. 26[14], filed August 9, 2010).

---

[13] Similarly the Court rules provide alternate grounds for setting aside defaults and default judgments. See e.g. Fed. R. Civ. P. 55(c).
[14] Plaintiff notes that this motion was filed after Defendant filed responses objecting to Defendant's other motions for subpoenas. The deficiencies pointed out in Defendant's response were not corrected in this filing.

5

Each of these four motions for subpoenas is aimed solely at contesting liability, something a defaulted party may not do. Similarly, none of these motions contained a brief[15] or citation to any legal authority[16]. Defendant never sought concurrence in any of these motions[17].

Plaintiff responded to Motion Nos. 18 and 21 on August 6, 2010. (Docket No. 24). Plaintiff responded to Motion Nos. 17 and 26 on August 19, 2010. (Docket No. 31). Defendant incorporates its prior responses to these motions in the instant motion. At no point did Defendant submit replies to these responses. Defendant's motions remain pending before the Court.

Finally on or about July 15, 2010, Defendant republished his defamatory website including all of its associated videos. Exhibit 1. This is directly contrary to his "word" on the record on April 19, 2010 (Docket No. 19 at pp. 59-60).

## DISCUSSION

### I. *Defendant's Signed and Oral Representations to the Court Violate Fed. R. Civ. P. 11(b)*

Defendant's signed representations and frivolous motions reveal a contempt or deliberate ignorance for both the Court and its rules. The Court should not tolerate this flagrant behavior and should enter an order of sanctions. The Court has ample grounds for awarding sanctions and should exercise its authority to do so.

**Defendant's "Answer" (Docket No. 15)** is interposed only for the improper purpose of contesting liability, something that a defaulted party simply may not do. As such, it violates Fed. R. Civ. P. 11(b)(1). Similarly, it does not meet the substance and requirements of pleading. See e.g. Fed. R. Civ. P. 8 and Plaintiff's Motion to Strike (Docket No. 22).

---

[15] As required by LR 7.1(d).
[16] As required by Fed. R. Civ. P. 11(b).
[17] As required by LR 7.1(a).

6

**Defendant's Motions for Subpoenas (Docket Nos. 17, 18, 21 & 26)** are similarly interposed only for the improper purpose of contesting liability as the information requested simply does not go to either setting aside the default or contesting damages. Plaintiff's Responses to these Motions (Docket Nos. 24 & 31) articulate the specific grounds why each requested subpoena is deficient, including that each requests overly broad information which is not reasonably limited in scope or to protect the deponent[18]. Similarly, Defendant's motions do not comport with the Fed. R. Civ. P. 45 which provides a procedure unrepresented parties to submit subpoenas for issuance. No brief was included in any of these motions and no citation to any legal authority was present, indicating that these motions are wholly without legal basis, particularly in light of the procedure allowed by Fed. R. Civ. P. 45(a)(3).

**Defendant's Witness List (Docket No. 25)** is objectionable. It is proposed solely for the purpose of contesting liability as the witnesses listed have nothing to do with contesting damages or setting aside the default. As such sanctions are appropriate.

**Defendant's Motions to Set Aside the Default (Docket Nos. 16, 27, 28)** lay within a gray area of the rules. While a party is permitted to seek the default be set aside, nothing in the rules affords a party <u>multiple</u> duplicative motions. As stated above, excessive motions can arise to the level of harassment, even when they're meritorious. See e.g. *Whitehead, supra*. As the Court can see from the content and tenor of Defendant's multiple motions, they are wholly devoid of merit[19].

Motions 16 and 27 sought dispositive relief on the grounds of "perjury, obstruction and contempt." Neither made out a prima facie case for summary judgment under Fed. R. Civ. P.

---

[18] Similarly often confidential information is requested, such as personal emails and confidential documentation regarding students.
[19] Plaintiff incorporates its responses to these motions by reference. (Docket Nos. 23 & 30).

7

56[20]. Defendant neglected to allege a lack of material facts in dispute. Plaintiff's claims necessarily entail certain outstanding issues of fact, such as (a) did Defendant defame Plaintiff; and (b) did Defendant infringe on any of Plaintiff's marks? This utter failure to adhere to the standard rules for pleading reflects that no reasonable inquiry was performed[21]. Similarly, neither of these motions contained a brief nor any citation to legal authority. This is all on top of Defendant's violation of LR 7.1(b)(2)'s prohibition of multiple dispositive motions.

Motion 27 seeks a preliminary injunction on *Plaintiff's* website—the official website for the American University of Antigua College of Medicine. As no claims are asserted against Plaintiff, there is absolutely zero likelihood of success on the merits. Similarly, he asserts no grounds whatsoever for imposing a preliminary injunction. Defendant surely had the opportunity to know what a motion for a preliminary injunction should look like and the types of facts it must allege as he was on the receiving end of one. (Docket No. 8). Plaintiff's brief accurately cited the law and procedure regarding how and when a preliminary injunction should be granted yet Defendant merely requested injunctive relief with no grounds. No reasonable inquiry was made before filing that frivolous motion and sanctions are appropriate.

Similarly, Motion 28 includes a Motion to Strike the Default. As the Court is aware, motions to strike are only available in limited contexts. These are limited to "pleadings." Fed. R. Civ. P. 12(f). The clerk's entry of default is not a "pleading" as defined by Fed. R. Civ. P. 7(a). Similarly, motions to strike are limited to "immaterial, impertinent, or scandalous" matters. Defendant did not even allege that the default is in any way "immaterial, impertinent, or scandalous." Defendant should have known how to present a motion to strike as he was served with a copy of Plaintiff's Motion to Strike his "Answer". (Docket No. 15). His failure to conduct

---

[20] Defendant relied upon attachments and evidence extrinsic to the pleadings. Fed. R. Civ. P. 12(d).
[21] Indeed, had Defendant read Fed. R. Civ. P. 84 or reviewed for example Form 40 he could have known the appropriate form of a motion to dismiss.

8

a reasonable inquiry into the matter or do any legal research regarding these requirements is sanctionable.

**Defendant's Republication of his Defamatory Website.** Contrary to Defendant's representations to the Court on the record (Docket No. 19 at pp. 59-60), sometime in mid-July 2010 he republished his website without leave of the Court. Exhibit 1. As the Court can tell some of Defendant's statements are per se defamatory. For example, Defendant cannot take issue that the following statements are defamatory:

> This site contains evidence about AUA:
> -Fraud
> -Falsifying Student Grades
> -Breach of Contract
> -Disregard for Student Civil Rights
> -Conspires Against Students
> and other unethical practices by AUA and the hospitals they do business with.

Defendant's disregard for the Court and his lies on the record should not be tolerated.

By way of summary, the following chart may assist the Court in ascertaining whether to award sanctions:

| Docket No. | Description | Contests Liability[22] | Brief Included?[23] | Supported by Law?[24] | Concurrence Sought?[25] | Frivolous? |
|---|---|---|---|---|---|---|
| 15 | "Answer" | Yes. | n/a | n/a | n/a | n/a |
| 16 | Motions to Set Aside Default | Yes. | No. | No. (See Docket No. 23) | No. | Yes. Also makes multiple motions for summary judgment[26] and unsupported motions to strike and for |
| 27 | | | | No. (See Docket No. 30) | | |
| 28 | | | | | | |

---

[22] Contrary to what a defaulted party is allowed to do. See e.g. Fed. R. Civ. P. 55.
[23] As required by LR 7.1(d).
[24] As required by Fed. R. Civ. P. 11(b).
[25] As required by LR 7.1(a).
[26] Violating LR 7.1(b)(2).

9

|    |            |      |     |                |     | injunctions. |
|----|------------|------|-----|----------------|-----|--------------|
| 17 | Motions for | Yes. | No. | No. (See       | No. | Yes.         |
| 18 | Subpoenas  |      |     | Docket Nos.    |     |              |
| 21 |            |      |     | 24 & 31)       |     |              |
| 26 |            |      |     |                |     |              |
| 25 | Witness List | Yes. | n/a | n/a          | n/a | n/a          |

Similarly, Defendant acted with contempt for the Court by going back on his "word" by republishing his defamatory website without leave of the Court. This behavior should not be tolerated.

For all the reasons above, Plaintiff requests that sanctions be imposed on Defendant for his flagrant violations of the Court rules.

## II.  *The Court Should Award Sanctions*

The Court has full authority and discretion to award an "appropriate" sanction. See Fed. R. Civ. P. 11(c)(1). The sanction must be "limited to what suffices to deter repetition of the conduct" and may contain nonmonetary directives. Here as Defendant's actions are flagrant (such as deliberately lying to the Court about his intent to remove his website) and multiple (such as his filings of numerous completely frivolous motions). Unless the Court awards sanctions, Defendant's behavior will undoubtedly continue. Plaintiff should be awarded costs and reasonable attorney's fees for responding to Defendant's various motions.

Similarly, in terms of nonmonetary directives, Plaintiff requests that the Court order Defendant to cease filing documents until the issue of the default has been resolved. Similarly, Plaintiff requests that that the Court order that any future papers filed by the Defendant contain a brief which meets the requirements of LR 5.1 and LR 7.1 and contains citation to precedential legal authority.

## *CONCLUSION*

Wherefore, Plaintiff respectfully requests that the Court grant its Motion for Sanctions, enter an award of attorney fees and costs for Defendant's needless increase in the cost of litigation. Plaintiff further requests that the Court order Defendant to cease filing any papers until the issue of finality of the Default is resolved. Similarly Plaintiff requests that the Court order that any future papers filed by the Defendant be ordered to contain a brief which meets the requirements of LR 5.1 and LR 7.1 and contains citation to precedential legal authority.

Respectfully Submitted,

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion for Rule 11 Sanctions, Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on August 31, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)