UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

    Plaintiff,

                                United States District Court Judge
                                Patrick J. Duggan, presiding
V                                Michael Hluchaniuk, referral
                                Case No.: 2:10-cv-10978

STEVEN WOODWARD,

    Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

    Plaintiff American University of Antigua College of Medicine ("Plaintiff"), by and through its attorneys Cardelli, Lanfear & Buikema, P.C., and for its Brief in support of its Motion for a Preliminary Injunction, states as follows:

i

Exhibit 3

### I. Introduction

This action arises, in most basic summary, out of Defendant's ownership and publication of a website, and derivative publications, containing false and defamatory information about American University of Antigua College of Medicine ("AUA"), as well as private information about AUA students protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), and by his use of a confusingly similar domain name ("www.aua-med.com") that infringes upon and/or dilutes AUA's protected trade name under Federal Statutory and common law including, but not limited to, the United States Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(c), and the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

### II. Factual Summary

AUA is a foreign medical school catering, in part, to students from the United States including Michigan. (Exhibit A, Plaintiff's Verified Complaint). AUA regularly places and directs students in clinical education in association with Michigan hospitals (Exhibit A). Defendant Steven Woodward is a former student of AUA (Exhibit A). As a result of misconduct, Defendant was discharged from AUA without completion of his degree (Exhibit A). Because of his dismissal from the University, Defendant initiated a lawsuit against AUA and its educational partner hospital Trinity-Health Michigan's St. Joseph Mercy Hospital in Pontiac, Michigan.[1] Mr. Woodward alleged that AUA and/or Trinity slandered him, intentionally inflicted emotional distress, tortiously interfered with a contractual relationship, invaded a right to privacy and breached a contract. The court concluded that Mr. Woodward's allegations were baseless and granted AUA summary disposition of the same on June 30, 2008. The court

---

[1] The lawsuit was filed in the Oakland County Circuit Court on or about December 20, 2007, where it was known as Case No. 07-088103-CZ and assigned to the Honorable Shalina Kumar.

1


Exhibit 3
Pg 2

From: Paul J. Nicoletti (paul@nicoletti-associates.com)
To: billcain@comcast.net; steve_l_woodward@yahoo.com; yanezj@trinity-health.org; nssimon@auamed.org; vhrehorovich@auamed.org; zonias@trinity-health.org;
Date: Thu, December 20, 2007 6:22:22 PM
Cc:
Subject: Steven Woodward v. Trinity Health-Michigan

Enclosed please find a copy of the civil action that was filed this afternoon. I would hope that this matter could be resolved without the need for costly and protracted litigation.

NICOLETTI & ASSOCIATES, P.C.
Paul J. Nicoletti
39520 Woodward Avenue, Suite 200
Bloomfield Hills, Michigan 48304
(248) 203-7800
Fax (248) 203-7801

\* \* \* \* \* \* \* \* \* \*

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.

\* \* \* \* \* \* \* \* \* \*

The information contained in this message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and as such would be privileged and confidential. If the reader of this message is not the intended recipient or any agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and destroy the original message. Thank you.

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.503 / Virus Database: 269.17.4/1189 - Release Date: 12/18/2007 9:40 PM

Exhibit 4
PA

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | |

Approved, SCAO

| **STATE OF MICHIGAN** 6th **JUDICIAL JUDICIAL CIRCUIT COUNTY PROBATE** | **SUMMONS AND COMPLAINT** | OAKLAND COUNTY 07-088103-CZ JUDGE SHALINA KUMAR WOODWARD,STEV v TRINITY HEALT no. 1000 |

**Court address**
1200 N. Telegraph Rd., Pontiac, MI 48341

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| STEVEN WOODWARD | v | TRINITY HEALTH-MICHIGAN<br>Resident Agent, Daniel Hale<br>27870 Cabot Drive, Novi, MI 48377<br><br>SUSAN CATHERINE ZONIA<br>25845 Lochmoor Lane<br>Novi, MI 48374<br><br>AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE<br>2 Wall Street, 10th Floor<br>New York, NY 10005 |
| Plaintiff attorney, bar no., address, and telephone no.<br>NICOLETTI & ASSOCIATES, P.C.<br>Paul J. Nicoletti P44419<br>39520 Woodward Ave., Ste 200<br>Bloomfield Hills, MI 48304<br>(248) 203-7800<br>(248) 203-2968 Fax | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| DEC 20 2007 | MAR 2 0 2008 | RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Flint, Michigan | Pontiac, Michigan |

Place where action arose or business conducted
Pontiac, Michigan

12/20/07
Date

Signature of attorney/plaintiff Paul J. Nicoletti P44419

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)


Exhibit 4

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

STEVEN WOODWARD,

    Plaintiff,

v

                                  Case No. 07-      -CZ
                                  Hon.

TRINITY HEALTH-MICHIGAN,
A Michigan Domestic Nonprofit Corporation,
SUSAN CATHERINE ZONIA,
An Individual,
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,
A Foreign Corporation,

    Defendants.
_____/
NICOLETTI & ASSOCIATES, P.C.
Paul J. Nicoletti P44419
Attorney for Plaintiff
39520 Woodward Ave., Ste 200
Bloomfield Hills, MI 48304
(248) 203-7800 / Fax: (248) 203-7801
_____/

**There is no other pending civil action arising**
**out of the transaction or occurrence alleged in this Complaint**

### VERIFIED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his counsel, Nicoletti & Associates, P.C. and for his Complaint against the above named Defendants, states as follows:

### JURISDICTION

1. Plaintiff, Steven Woodward, is an individual residing in Flint, Michigan and in the process of being educated at Defendant, Trinity Health-Michigan's St. Joseph Mercy Oakland, located in Pontiac, Michigan.

2. Defendant, Trinity Health-Michigan, is a Michigan Domestic Nonprofit corporation conducting business through St. Joseph Mercy Oakland, in Pontiac, Michigan.

1

Exhibit 4

3. Defendant, Susan Catherine Zonia, is an individual and an employee of St. Joseph Mercy Oakland, residing at 25845 Lochmoor Lane, Novi, MI 48374.

4. Defendant, American University of Antigua College Of Medicine, is a foreign corporation maintaining business offices at 2 Wall Street, 10th Floor, New York, New York, 10005.

5. The amount in controversy exceeds Twenty-Five Thousand dollars ($25,000.00), not including costs, interest or attorney fees, and is otherwise within the jurisdiction and venue of this Court.

### COUNT I – LIBEL/SLANDER (TRINITY HEALTH-MICHIGAN)

6. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

7. Plaintiff, Steven Woodward is a student in his last semester and currently enrolled at Defendant, American University of Antigua College of Medicine.

8. As part of his educational requirement, he was assigned to Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, in Pontiac, Michigan.

9. On December 17, 2007, Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, published a derogatory, slanderous, libelous, and defamatory letter/memorandum directed to Ernesto Calderon, M.D., that stated:

**[SEE INSERT BELOW]**

*Exhibit 4*

TO: Ernesto Calderon, M.D.
FROM: Susan Zonia, Ph.D.
RE: V Semester
DATE: December 17, 2007

We have been reviewing our experiences with offering the V Semester for the first time. As with any new program, it was not without its hitches and student adjustment issues. However, we found the attitude and demeanor of Steven Woodward to be completely inappropriate and detrimental to the program. Mr. Woodward appeared to have resented every assignment we gave him. But, instead of constructive criticism, he vented his anger in a professional unacceptable manner. For example: he completed his 100 patient log in two weeks and wanted to stop attending the program; he requested a transfer to the Miami program saying that the V Semester was a waste of time and his time would be better spent in a Kaplan course; sabotaging exams by giving the same response to all questions to simply get it over with; requesting early release on virtually a daily basis from his clinical rotation so that he could study for boards, etc. We believe that if he perceived the AUA V Semester curriculum as inappropriate, the professional response would have been to engage in a reasoned dialogue with representatives of the school, not argue with faculty at St. Joseph Mercy Oakland, or openly demonstrate his contempt for the curriculum, and those charged with delivering it.

Mr. Woodward's lack of professionalism and poor communication skills are a source of great concern. We do not feel that he will be a good ambassador for AUA, our hospital, or the profession he is about to enter. We encourage the faculty at AUA to review his entire record, to determine if he does meet the qualifications to sit for the boards, and begin clinical rotations.

10. The foregoing publication was and is false and misleading in material respects.

11. The libelous and slanderous publication to Ernesto Calderon, M.D., caused Plaintiff great embarrassment and humiliation due to the untrue nature of the statements and harmed Plaintiff's reputation.

12. Despite repeated demands, Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, have maliciously failed and/or neglected to revoke the statements that are of and concerning the Plaintiff, thereby causing great damage to Plaintiff.

13. Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia possessed the knowledge that the statements were false or the Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee,

Exhibit 4

Defendant, Susan Catherine Zonia, acted with reckless disregard as to whether the statements were false.

14. Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, published the statements to third parties with bad faith or ill will, intending the third parties to rely upon the statements.

15. Plaintiff has openly demanded retraction of the false and misleading statements but the Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, have failed and/or neglected to publish any such retraction.

16. The libel per se statements created the false impression that Plaintiff was incapable of becoming a physician, when in reality; the referenced statements are utterly false.

17. Plaintiff has suffered emotional damages and economic damages since Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia's conduct was the proximate cause of his damages, including but not limited to:

    a. The inability to complete his educational requirement;
    b. The humiliation and embarrassment in front of fellow students and faculty as well as friend, family members, and neighbors.
    c. Other damages yet to be determined with certainty.

WHEREFORE, Plaintiff, demands judgment against Defendant, Trinity Health-Michigan, and St. Joseph Mercy Oakland, together with punitive and exemplary damages for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.

4


Exhibit 4

Law Offices of Nicoletti & Associates, P.C., 39520 Woodward Avenue, Suite 200, Bloomfield Hills, MI 48304 (248) 203-7800

## COUNT II – LIBEL/SLANDER (SUSAN CATHERINE ZONIA)

18. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

19. Plaintiff, Steven Woodward is a student in his last semester and currently enrolled at Defendant, American University of Antigua College of Medicine.

20. As part of his educational requirement, he was assigned to Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, in Pontiac, Michigan.

21. On December 17, 2007, Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, published a derogatory, slanderous, libelous, and defamatory letter/memorandum directed to Ernesto Calderon, M.D., that stated:

**[SEE INSERT BELOW]**

5



Exhibit 4

TO: Ernesto Calderon, M.D.
FROM: Susan Zonia, Ph.D.
RE: V Semester
DATE: December 17, 2007

We have been reviewing our experiences with offering the V Semester for the first time. As with any new program, it was not without its hitches and student adjustment issues. However, we found the attitude and demeanor of Steven Woodward to be completely inappropriate and detrimental to the program. Mr. Woodward appeared to have resented every assignment we gave him. But, instead of constructive criticism, he vented his anger in a professional unacceptable manner. For example: he completed his 100 patient log in two weeks and wanted to stop attending the program; he requested a transfer to the Miami program saying that the V Semester was a waste of time and his time would be better spent in a Kaplan course; sabotaging exams by giving the same response to all questions to simply get it over with; requesting early release on virtually a daily basis from his clinical rotation so that he could study for boards, etc. We believe that if he perceived the AUA V Semester curriculum as inappropriate, the professional response would have been to engage in a reasoned dialogue with representatives of the school, not argue with faculty at St. Joseph Mercy Oakland, or openly demonstrate his contempt for the curriculum, and those charged with delivering it.

Mr. Woodward's lack of professionalism and poor communication skills are a source of great concern. We do not feel that he will be a good ambassador for AUA, our hospital, or the profession he is about to enter. We encourage the faculty at AUA to review his entire record, to determine if he does meet the qualifications to sit for the boards, and begin clinical rotations.

22. The foregoing publication was and is false and misleading in material respects.

23. The libelous and slanderous publication to Ernesto Calderon, M.D., caused Plaintiff great embarrassment and humiliation due to the untrue nature of the statements and harmed Plaintiff's reputation.

24. Despite repeated demands, Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, have maliciously failed and/or neglected to revoke the statements that are of and concerning the Plaintiff, thereby causing great damage to Plaintiff.

25. Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia possessed the knowledge that the statements were false or the Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee,

6

Exhibit 4

Defendant, Susan Catherine Zonia, acted with reckless disregard as to whether the statements were false.

26. Defendant, Susan Catherine Zonia at the time of the statements was acting as an employee of Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, but she was acting outside the scope of her duties and beyond her authority in making the statements, rendering her personally liable for the acts engaged in.

27. Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, published the statements to third parties with bad faith or ill will, intending the third parties to rely upon the statements.

28. Plaintiff has openly demanded retraction of the false and misleading statements but the Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia, have failed and/or neglected to publish any such retraction.

29. The libel per se statements created the false impression that Plaintiff was incapable of becoming a physician, when in reality; the referenced statements are utterly false.

30. Plaintiff has suffered emotional damages and economic damages since Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia's conduct was the proximate cause of his damages, including but not limited to:

    a. The inability to complete his educational requirement;

    b. The humiliation and embarrassment in front of fellow students and faculty as well as friend, family members, and neighbors.

    c. Other damages yet to be determined with certainty.

7

EXHIBIT 4

WHEREFORE, Plaintiff, demands judgment against Defendant, Susan Catherine Zonia, together with punitive and exemplary damages for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.

## COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

32. Defendant, Trinity Health-Michigan, conducting business through St. Joseph Mercy Oakland, through and by its employee, Defendant, Susan Catherine Zonia's, publication of the libelous and slanderous statements was calculated to cause great embarrassment to Plaintiff when said Defendants knew or should have known that the statements were fabricated and false.

33. The statements caused Plaintiff severe and continuing emotional distress resulting in damages proximately caused by said Defendants.

WHEREFORE, Plaintiff, demands judgment against Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland, and Defendant, Susan Catherine Zonia, together with punitive and exemplary damages for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

34. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

35. Plaintiff, Steven Woodward had an ongoing contractual relationship with Defendant, American University of Antigua College of Medicine.

Exhibit 4

Case 2:10-cv-10978-PJD-MJH ECF No. 34-1, PageID.764 Filed 09/01/10 Page 13 of 19

36. Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland, and Defendant, Susan Catherine Zonia were aware of the ongoing contractual relationship or should have been aware of the relationship since Defendant, Susan Catherine Zonia was the liaison between Defendant, American University of Antigua College of Medicine and Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland.

37. Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland, and Defendant, Susan Catherine Zonia wrongfully interfered with the contractual relationship to the detriment of Plaintiff, knowingly and maliciously causing possible discipline and expulsion from the medical curriculum.

38. As a proximate result of Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland, and Defendant, Susan Catherine Zonia's intentional and/or negligent interference with the contractual relationship, Plaintiff suffered damages including but not limited to:

   a. The inability to complete his educational requirement;
   b. The humiliation and embarrassment in front of fellow students and faculty as well as friend, family members, and neighbors.
   c. Other damages yet to be determined with certainty.

WHEREFORE, Plaintiff, demands judgment against Defendants, Trinity Health-Michigan, St. Joseph Mercy Oakland, and Defendant, Susan Catherine Zonia, together with punitive and exemplary damages for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.



Exhibit 4

9

## COUNT V
## INVASION OF RIGHT OF PRIVACY

39. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

40. Plaintiff has a general right to freedom from having his private matters disclosed to the public without his consent.

41. Disclosure is defined as revealing private facts that are not matters of legitimate public concern.

42. Defendant, American University Of Antigua College Of Medicine has unreasonably, either intentionally or negligently, revealed private facts about Plaintiff that are not matters of legitimate public concern.

43. As a proximate result of Defendant, American University Of Antigua College Of Medicine's disclosure, Plaintiff suffered damages including but not limited limited to:
    a. The inability to complete his educational requirement;
    b. The humiliation and embarrassment in front of fellow students and faculty as well as friend, family members, and neighbors.
    c. Other damages yet to be determined with certainty.

WHEREFORE, Plaintiff, demands judgment against Defendant, American University Of Antigua College Of Medicine, for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.

## COUNT VI
## BREACH OF CONTRACT

44. Plaintiff incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

Exhibit 4

10

45. Plaintiff, Steven Woodward and Defendant, American University of Antigua College of Medicine, entered into a contract whereby said Defendant was to provide a medical curriculum to Plaintiff in exchange for payment of tuition and fees by Plaintiff.

46. Plaintiff has fulfilled his part of the bargain and the American University Of Antigua College Of Medicine, has failed to fulfill its obligations to Plaintiff in all material aspects, yet at the same time, American University Of Antigua College Of Medicine has collected and retained any and all tuition payments that were made by or on behalf of Plaintiff.

47. As a result, Defendant, American University of Antigua College of Medicine has breached the contract and proximately caused damages flowing from the breach.

48. As a proximate result of Defendant, American University Of Antigua College Of Medicine's breach, Plaintiff suffered damages including but not limited limited to:

   a. The inability to complete his educational requirement;

   b. The humiliation and embarrassment in front of fellow students and faculty as well as friend, family members, and neighbors.

   c. Other damages yet to be determined with certainty.

WHEREFORE, Plaintiff, demands judgment against Defendant, American University Of Antigua College Of Medicine, for an amount in excess of $25,000.00, exclusive of costs and attorney fees, and any other relief this Court deems appropriate and equitable.

### VERIFICATION

After being duly sworn, the facts contained in this complaint are true to the best of my information, knowledge, and belief.

_____
Steven Woodward

Exhibit 4

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff by and through his counsel, Nicoletti & Associates, P.C., and hereby demand a trial by jury on all issues herein.

Respectfully submitted,

**NICOLETTI & ASSOCIATES, P.C.**

December 20, 2007

_____
Paul J. Nicoletti P44419
Attorney for Plaintiff
39520 Woodward Ave, Ste. 200
Bloomfield Hills, MI 48304
(248) 203-7800

Law Offices of Nicoletti & Associates, P.C., 39520 Woodward Avenue, Suite 200, Bloomfield Hills, MI 48304 (248) 203-7800



Exhibit 4

12

From: William Cain (billcain@comcast.net)
To: steve_l_woodward@yahoo.com;
Date: Wed, December 19, 2007 12:47:13 PM
Cc: sbarrie@auamed.org; jecmpark@aol.com; metellug@bellsouth.net; yanezj@trinity-health.org; nikhielrau@gmail.com; pbell@auamed.net; vhrehorovich@AUAMED.ORG;
Subject: Notice of Grievance Committe hearing

Steve Woodward, Med Student V:

An American University of Antigua Faculty Grievance and Disciplinary Committee has been examining the subject introduced to you by Dr. Zonia (memo from Dr. Zonia to Dr. Calderon, December 17, 2007, RE: V Semester).

According to Dr. Zonia's memo and evidence available to the Committee, you may again be in violation of articles contained in the American University of Antigua Student Handbook (AUA-KMC_2007 Student Handbook_v71807, pp. 12-14). More specifically, the committee has received evidence suggesting that your demeanor has continued to be inappropriate in that you have rudely and unprofessionally vented anger toward the AUA curriculum, failed to answer hospital pages, selected an unseemly username in ExamMaster and defended the epithet when challenged.

A hearing with regard to your conduct will be held by conference call at 10:00 AM, Friday 21Dec07. Please speak to Zonia for access to a private room and telephone connection. Rules of the hearing will be as you experienced in Antigua (i.e., no recording device, no legal council, written and/or verbal responses to committee questions, availability of evidence and witnesses, right to cross examine, etc.) During the hearing, you will be questioned by Committee members. Please respond directly to the questions asked, and please keep your responses brief and succinct. If you wish to make an opening statement, you will have five minutes for that purpose. If you have more to say than you can express within five minutes, please type it up and distribute it to the committee prior to the hearing.

After the meeting, the Committee will report to the appropriate dean(s). You will not receive a copy of the Committee's recommendation from the Committee. The dean(s) will further dispose of this matter. Under some conditions (stated in the Student Handbook, p13) you have the right to appeal the Deans' action to the President of the University in which case you may be represented by legal council.

If you have any questions, please address them directly to me. You may reach me by email reply or call me at (410) 299-5550.

Thank you.

William A. Cain, Ph.D.
AUA Faculty Grievance Committee Chair

Exhibit 5



**AMERICAN UNIVERSITY OF ANTIGUA**
**COLLEGE OF MEDICINE**

Friar's Hill Road
P.O. Box W - 1451
St. John's, Antigua, West Indies
Telephone: 268 - 481 - 8888
Fax: 268 - 481 - 8880
Website: www.auamed.org

May 21st, 2008

Mr. Steven Woodward
7211 Brittwood Lane
Flint, Michigan 48507

Dear Mr. Woodward:

On December 19, 2007, a grievance hearing was held based on allegations made against you by American University of Antigua, College of Medicine, Professor Susan Catherine Zone and Trinity Health-Michigan. You were provided with notice of the Grievance and Disciplinary Committee hearing and given the opportunity to testify at the hearing and to provide evidence on your behalf and in your defense which you declined to do.

The Grievance Committee investigated the allegations that you behaved inappropriately, unprofessionally and in a manner not befitting that of a physician during the course of your V Semester studies at Trinity Health-Michigan and, after considering all of the evidence presented, found that your behavior during your V Semester studies was disrespectful and unprofessional. As a result, the Committee recommended that you be dismissed from the University and that, should you apply for re-admission at some future date, the re-admission procedure should include a full review of the Committee's recommendation and the evidence considered at the hearing.

After reviewing the Committee's report, I do agree with its findings. I view your actions as highly unprofessional and improper. Your behavior showed clearly that you failed to live up to the high standards of professional conduct of our profession. I also considered that the finding of the Grievance Committee was not the first such finding rendered against you by a Grievance Committee of the University; a Grievance Committee empanelled in October, 2006 had previously found that you had acted rudely, unprofessionally in an improper manner to one of your professors, among other wrongful acts, as a result of which you were placed on non-academic probation for the Fall semester 2006 and Spring semester 2007 and were required to seek counseling (anger management).

Guided by the forgoing, I have decided to accept the recommendation of the Grievance Committee and hereby notify you that:

1. you are forthwith dismissed from American University of Antigua College of Medicine.

Head office:
#2 Wall Street, 10th Floor, New York, NY 10005
Telephone: 1-212-661-8899     Fax: 1-212-661-8864
http://www.auamed.org



Exhibit 6

2. Should you apply for re-admission to the University at some future date, the re-admission procedure should include a full review of the Committee's recommendation and the evidence considered by the Committee at its hearing.

You may appeal this decision in writing to the President of the University within 14 days of your receipt of this letter. Should you so appeal, you will have the right to counsel and to present witnesses and documentary evidence and your appeal will be heard by the President and at least one other non-involved member of the University's administration in accordance with the University's Rules and Regulations as set forth in its Student's Handbook, a copy of which you had acknowledged in writing that you received.

Very truly yours,

Dr. med. Peter Bell
Vice President Academic Affairs and Executive Dean

cc: Neal Simon, President
AUA, College of Medicine

William Cain, Ph.D.
Chair Grievance and Disciplinary Committee

Ernesto Calderon, MD

Exhibit 6
Pg 2