UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

      Plaintiff,

v.                                                       Case No. 10-10978
                                                       Honorable Patrick J. Duggan

STEVEN L. WOODWARD,

      Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On March 11, 2010, Plaintiff American University of Antigua College of Medicine ("AUA") filed this lawsuit against Defendant Steven L. Woodward ("Woodward"), seeking to shut down Woodward's internet website with the domain name www.aua-med.com. Presently before the Court are the following motions: (1) Woodward's motions for subpoenas (Docs. 17, 18, 21, and 26); (2) Woodward's motion to set aside the Clerk's Entry of Default entered on July 16, 2010 at AUA's request and for dismissal (Doc. 16) and his amendments to that motion (Docs. 27 and 28); (3) AUA's motion to strike Woodward's Answer, to enter default judgment, and for a permanent injunction (Doc.

1

22); and (4) AUA's motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Doc. 32).

## Factual and Procedural Background

AUA is a medical school located in Antigua which caters, in part, to students from the United States. AUA maintains a website with the domain name: www.auamed.org. Woodward is a former student of the medical school who was discharged without completion of his degree. Woodward filed a lawsuit against AUA and others regarding his discharge, but was unsuccessful. He started the aua-med.com website apparently to express his dissatisfaction with AUA and his belief that AUA engages in various forms of wrongful conduct and misrepresents the safety of the island on which it is located and its students' passage rates on the United States Medical Licensing Examination.

Contending that Woodward's website threatens injury to its reputation, AUA filed the instant lawsuit on March 11, 2010, alleging that Woodward's maintenance of the website and statements contained on the website violate federal and state law. Specifically, AUA alleges: (I) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1); (II) infringement under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"),15 U.S.C. § 1125(d); (III) a violation of the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; and (IV) defamation in violation of Michigan law.

On March 30, 2010, less than two weeks after AUA filed its complaint, Woodward submitted a document to the Court containing the case caption and titled "Request [for]

Leave to File Nontraditional Documentation." (Doc. 3.) In this document, Woodward asked the Court for permission to file "digital evidence in this case." (*Id*.) On the same date, Woodward filed a "Request for Leave of Absents [sic] and Notification." (Doc. 4.) In this document, Woodward indicated that he had returned to Michigan for his defense but that he was planning to be outside the country after April 19, 2010 until at least June 30, 2010, due to an opportunity to gain experience as a ship engineer (a career he now is pursuing).[1]

In light of Woodward's impending departure and activity in the case, the Court scheduled the matter for a scheduling conference on April 14, 2010. Prior to the scheduling conference, Woodward filed a "Request for Extension of my Last Request for Leave of Absents [sic]" in which he indicated that he would need until at least July 31, 2010 to adequately prepare a response to AUA's allegations in this case. (Doc. 4.) AUA's counsel and Mr. Woodward appeared at the scheduling conference on April 14, at which time the Court entered a scheduling order setting forth the following deadlines: discovery due by September 15, 2010; dispositive motion cut-off set for October 1, 2010; final pretrial conference set for November 16, 2010; and trial set for the Court's November/December 2010 trial docket. (Doc. 7.)

The following day, April 15, 2010, AUA filed a motion for preliminary injunction.

---

[1] According to a letter from Colin Richardson, Captain of the Motor Yacht PASSION, Woodward was hired to serve as 3rd engineer for the yacht's transatlantic trip from St. Thomas, United States Virgin Islands to Spain. (Doc. 4.)

3

The Court issued a notice scheduling the motion for a hearing on April 19, 2010, the last day before Woodward departed the country. On April 16, 2010, Woodward sent two e-mails to the Court, to each of which he attached a document. (Docs. 10, 11.) In the body of his e-mails, Woodward described the first document as "rebuttals to the plaintiff's claims" and the second as a "[r]eply to plaintiffs [sic] motion for preliminary injunction." (*Id.*) Woodward and counsel for AUA appeared at the preliminary injunction motion hearing on April 19, 2010.

At the motion hearing, the Court began by discussing with AUA's counsel the merits of AUA's claims against Woodward, expressing some doubt as to the likelihood of AUA's success at least with respect to its claims under the Lanham Act, ACPA, and Family Educations Rights and Privacy Act of 1974. (Doc. 19 at 1-22.) The Court then engaged in a discussion with AUA's counsel and Woodward concerning the alleged defamatory statements on Woodward's website. Discerning that it would be impossible in the time allowed to analyze the truth or falsehood of the various statements on Woodward's website, the Court suggested to Woodward the possibility of taking down his website until he returned to the country and could litigate this case. Eventually, an agreement on the record was reached where Woodward agreed to modify his website to reflect on the main page that it is "under maintenance" or "under construction" and to rename the index file to prevent anyone from automatically going into the directory and bringing up its contents. (*Id.* at 51-56, 59.) Woodward also agreed to mark videos he posted on YouTube as "private" so they would not be accessible to anyone but himself.

(*Id.* at 59.)

Based on Woodward's representations of what he would do, the Court found it unnecessary to enter a preliminary injunction. (*Id*. at 60.) At the close of the hearing, the Court indicated that it would enter a stay of the proceedings during Woodward's absence from the country and for additional time so he could find a lawyer. (*Id*. at 61-62.) The Court directed Woodward to send an e-mail to the Court and AUA's counsel by July 15, 2010, regarding the status of his search for representation. (*Id*. at 62.)

On July 15, 2010, AUA filed a request for clerk's entry of default. (Doc. 14.) In its request, AUA's counsel represented that Woodward had been served, that he is not an infant, incompetent, or member of the military, and that he had "failed to plead or otherwise defend in accordance with [Federal Rule of Civil Procedure] 12." (*Id*.) The Clerk of the Court entered a default as to Woodward on July 16, 2010. (Doc. 14.) The pending motions followed.

**Discussion**

Federal Rule of Civil Procedure 55 provides that default may be entered against a party who "has failed to plea or otherwise defend, . . ." Fed. R. Civ. P. 55(a). In this Court's view, based on the pleadings Woodward filed before the preliminary injunction hearing (*see, e.g.*, Docs. 10 and 11) and his presence at the hearing and the earlier scheduling conference, Woodward did not fail to plead or defend against AUA's allegations. Notably in Document 10, although not plainly labeled as an "answer" to the complaint, Woodward attempted to address each numbered paragraph of AUA's

5

complaint. (*See* Doc. 10 at 5-34.) Thus a Clerk's Entry of Default was improperly entered in this case. This constitutes good cause for setting the default aside. It also constitutes a basis for denying AUA's motion for a default judgment.

This Court agrees with AUA that the formally titled "answer" that Woodward filed in this case (Doc. 15) fails to satisfy Federal Rule of Civil Procedure 8(b). As indicated above, however, Woodward has filed pleadings setting forth his defenses to AUA's claims and responding to the individually numbered paragraphs of the complaint. Given the amount of paper already filed in this case, the Court sees little purpose in requiring Woodward to file an "amended answer" incorporating these statements. However, if AUA informs the Court within seven (7) days of this opinion and order that it is insisting on an amended answer, the Court will direct Woodward to file one.[2]

This leaves Woodward's motions for subpoenas (Docs. 17, 18, 21, and 26), AUA's requests for a permanent injunction (Doc. 22) and Rule 11 sanctions (Doc. 32), and Woodward's requests for dismissal and preliminary injunction "on grounds of perjury, obstruction, and contempt." (Docs. 16, 27, and 28.) First, a party does not need to file a motion to issue a subpoena.[3] *See* Fed. R. Civ. P. 45. Next, AUA has not established that

---

[2]In light of Federal Rule of Civil Procedure 15's direction that leave to amend should be given when justice so requires, the Court certainly would grant Woodward permission to amend his answer before entering a default judgment against him.

[3]This does not mean that Woodward may seek the discovery sought in these subpoenas, that the information sought is relevant, or that a motion to quash the subpoenas by the parties to whom they are directed will not be granted. The Court advises Woodward to consider, before pursuing the subpoenas, whether the information

it is entitled to a permanent injunction and it failed to comply with the "safe harbor" provisions required prior to seeking Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2). Woodward similarly has not established that he is entitled to dismissal of AUA's claims or a preliminary injunction.

**Summary**

For the reasons set forth above, the Court is setting aside the Clerk's Entry of Default. The Court therefore denies AUA's motion for a default judgment. The Court further denies AUA's motion to strike Woodward's answer, for a permanent injunction, and for Rule 11 sanctions, concluding that such relief is not warranted. The Court also denies Woodward's motions for subpoenas and requests for dismissal and a preliminary injunction.

Accordingly,

**IT IS ORDERED**, that Defendant Steven Woodward's motions for subpoenas (Docs. 17, 18, 21, and 26) are **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant Steven Woodward's requests to set aside the motion for default and for dismissal and preliminary injunction (Docs. 16, 27, and 28) are **GRANTED IN PART AND DENIED IN PART** in that the Clerk's Entry of Default is **SET ASIDE** but his requests for dismissal and a preliminary injunction are **DENIED**;

---

sought is relevant to defend against AUA's claims *in this case* and to carefully review Federal Rule of Civil Procedure 45.

**IT IS FURTHER ORDERED**, that Plaintiff American University of Antigua College of Medicine's motion to strike Defendant's answer, to enter a default judgment, and for permanent injunction (Doc. 22) is **DENIED**; and

**IT IS FURTHER ORDERED**, that Plaintiff American University of Antigua College of Medicine's motion for Rule 11 sanctions (Doc. 32) is **DENIED**.

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Eric A. Buikema, Esq.

Steven Woodward
7211 Brittwood Lane
Flint, MI   48507