UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                                  United States District Court Judge
                                                  Patrick J. Duggan, presiding
                                                  Michael Hluchaniuk, referral

V                                                            Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

---

## PLAINTIFF'S DEMAND FOR AN AMENDED ANSWER AND MOTION TO ADJOURN SCHEDULING ORDER DATES

Plaintiff American University of Antigua College of Medicine ("AUA"), pursuant to this Court's Order of October 6, 2010 (Docket No. 37, page 6) hereby demands that Defendant file an amended answer.

Plaintiff further moves for an extension of the scheduling order dates pursuant to Fed. R. Civ. P. 16 and LR 40.2 as follows:

    1.    Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 31, 2010.

1

2. The Court entered a scheduling order on April 14, 2010 requiring that discovery be cut off on September 15, 2010; dispositive motions be filed by October 1, 2010; a final pretrial conference be set for November 16, 2010 and trial set on the Court's November/December 2010 trial docket. (Docket 7).

3. On April 15, 2010, AUA filed its motion for preliminary injunction and hearing on this motion was set for April 19, 2010, before Defendant left the country.

4. The Court determined that in light of Defendant's agreement on the record to withdraw his webpage and replace it with "under maintenance" or "under construction" language and his agreement to mark his YouTube videos as private, that it was unnecessary to consider Plaintiff's motion for preliminary injunction. (Docket No. 19, transcript at 60).

5. Defendant has since republished his website without leave of the Court[1]. Exhibit A.

6. At the close of the April 19, 2010 hearing the Court entered a stay of proceedings until the end of June, 2010 when Defendant was expected to return from abroad. (Docket No. 19 at 62).

7. A default was entered by the Clerk of the Court on July 16, 2010 (Docket No. 14).

8. This default was not resolved until the Court's October 6, 2010 Opinion and Order (Docket No. 37).

9. Fed. R. Civ. P. 16(b)(4) allows the Court to modify a scheduling order with the Judge's consent for good cause.

10. Local Rule 40.2 provides that upon timely application and good cause shown, a Continuance may be granted.

---

[1] The republication of this webpage occurred as early as July 23, 2010.

11. Fed. R. Civ. P. 29(b) states that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial."

12. This case was stayed from April 19, 2010 to June 30, 2010 per the Court's order.

13. Similarly, Defendant was in default and no actions other than resolving the default or a trial on damages could be taken from July 14, 2010 until October 6, 2010. See e.g. Fed. R. Civ. P. 55.

14. Similarly, Defendant has not yet made any Fed. R. Civ. P. 26 disclosures or made himself available for deposition.

15. Given that no substantial discovery has occurred and that the case was stayed or in default for all but a few days of the pendency of this action, good cause is merited for adjourning the scheduling order dates in this matter.

Accordingly Plaintiff respectfully requests that the Court enter an order requiring Defendant to provide an amended answer to Plaintiff's Complaint (Docket No. 1) within 7 days and requests an adjournment of 60 days such that discovery may be conducted.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                                        United States District Court Judge
                                                              Patrick J. Duggan, presiding
                                                              Michael Hluchaniuk, referral
V                                                                   Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

---

## BRIEF IN SUPPORT OF PLAINTIFF'S DEMAND FOR AN AMENDED ANSWER AND MOTION TO ADJOURN SCHEDULING ORDER DATES

i

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.      Pursuant to the Court's order of October 6, 2010 (Docket No. 37), should the Court order that Defendant file an amended answer upon receipt of this motion and demand for the same?

      Plaintiff says:      Yes.

II.      Does good cause exist to merit adjourning scheduling order dates in this matter where nearly all of the discovery period was governed by a stay or a default

      Plaintiff says:      Yes.

## *CONTROLLING AUTHORITIES*

<u>Cases:</u>

*Campbell v. Griffin*, 265 Fed. Appx. 269, 271 (5th Cir., 2008)

<u>Federal Rules:</u>

Fed. R. Civ. P. 16(b)

Fed. R. Civ. P. 29

Local Rule 40.2

## *OVERVIEW*

Despite this case's March 2010 filing date for all but a handful of days the case was either stayed or a default was pending against the Defendant. As such, good cause exists for adjourning the scheduling order dates. Further, pursuant to the Court's opinion and order dated October 6, 2010 (Docket No. 37), Plaintiff hereby makes demand for an amended answer to its complaint.

## *STANDARD OF REVIEW*

**Fed. R. Civ. P. 16(b)** governs scheduling orders. Fed. R. Civ. P. 16(b)(3) allows the Court to modify a scheduling order with the judge's consent for good cause. It provides that "[a] schedule may be modified only for good cause and with the judge's consent." A motion to amend the scheduling order is reviewed for an abuse of discretion. *Campbell v. Griffin*, 265 Fed. Appx. 269, 271 (5th Cir., 2008), citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir., 1979).

**Fed. R. Civ. P. 29** allows for the parties to stipulate to certain elements regarding discovery procedure. However "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." *Id*. Accordingly this motion is necessarily brought in order to obtain the Court's approval in adjourning the scheduling order dates.

Further, Plaintiff relies on **Local Rule 40.2** which provides that upon timely application and good cause shown, a Continuance may be granted. LR 40.2 provides that the dates for trial and pretrial shall go on the dates set "unless, on timely application and good cause shown, the cases are continued."

## *STATEMENT OF FACTS*

Plaintiff's Verified Complaint (Docket No. 1) was filed on March 11, 2010, and served on March 31, 2010. The Court entered a scheduling order on April 14, 2010 requiring that discovery be cut off on September 15, 2010; dispositive motions be filed by October 1, 2010; a final pretrial conference be set for November 16, 2010 and trial set on the Court's November/December 2010 trial docket. (Docket 7). On April 15, 2010, AUA filed its motion for preliminary injunction and hearing on this motion was set for April 19, 2010, before Defendant left the country.

The Court determined that in light of Defendant's agreement on the record to withdraw his webpage and replace it with "under maintenance" or "under construction" language and his agreement to mark his YouTube videos as private, that it was unnecessary to consider Plaintiff's motion for preliminary injunction. (Docket No. 19, transcript at 60). Defendant has since republished his website without leave of the Court[2]. Exhibit A.

At the close of the April 19, 2010 hearing the Court entered a stay of proceedings until the end of June, 2010 when Defendant was expected to return from abroad. (Docket No. 19 at 62). Despite retuning to the country in July 2010, Defendant never filed an answer and a default was entered by the Clerk of the Court on July 16, 2010 (Docket No. 14).

This default was not resolved until the Court's October 6, 2010 Opinion and Order (Docket No. 37) which set aside the default.

---

[2] The republication of this webpage occurred as early as July 23, 2010.

1

## *DISCUSSION*

### *I.    Plaintiff Should be Required to File an Amended Answer*

Pursuant to the Court's October 6, 2010 Opinion and Order (Docket No. 37), Plaintiff hereby demands that Defendant file an amended answer and respectfully requests that the Court enter an order requiring him to do so within 7 days.

### *II.    Good Cause Exists for Adjourning Scheduling Order Dates in this Matter*

As the Court knows, the vast majority of this action was either stayed by the Court (April 19, 2010 to June 30, 2010) or Defendant was in default (July 14, 2010 to October 6, 2010).

A timeline of the events relevant to this motion is as follows:

- March 11, 2010—Complaint Filed
- March 30, 2010—Defendant Served
- April 14, 2010—Motion for Preliminary Injunction Filed
- April 19, 2010—Hearing on Plaintiff's Motion for Preliminary Injunction (Docket No. 19). Order of stay entered until June 30, 2010.
- July 14, 2010—Default Entered by Clerk (Docket No. 14).
- October 6, 2010—Default Set Aside by Court's Opinion and Order (Docket No. 37).

No discovery has occurred in this matter. Defendant has not served any Fed. R. Civ. P. 26 disclosures and a motion to compel is inevitable[3]. Plaintiff was constrained from conducting discovery pursuant to the Court's order of stay from April 19, 2010 to June 30, 2010. Similarly, Defendant was apparently away from the country during this period. During the pendency of Defendant's default, July 14, 2010 to October 6, 2010, Plaintiff similarly refrained from discovery as Fed. R. Civ. P. 55 limits actions that may be taken to (a) seeking default judgment;

---

[3] Plaintiff served its disclosures on October 11, 2010.

2

(b) seeking to set aside the default; or (c) seeking to contest the damages. While Defendant sought to set aside the default, Plaintiff sought to have the Court enter a default judgment.

Good cause exists to merit the Court adjourning the dates in this matter 60 days to allow for discovery in light of the complex procedural history of this case and the stay and default which consumed six months of the discovery period.

## CONCLUSION

Accordingly Plaintiff respectfully requests that the Court enter an order requiring Defendant to provide an amended answer to Plaintiff's Complaint (Docket No. 1) within 7 days and requests an adjournment of 60 days such that discovery may be conducted.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: October 11, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Demand for an Amended Answer and Motion to Adjourn Scheduling Order Dates, Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com, via the court's ECF filing system and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on October 11, 2010.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

3

## INDEX OF EXHIBITS

A       Web site