Case 2:10-cv-10978-PJD-MJH

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                             CASE No.: 2:10-cv-10978-PJD-MJH
                              Judge Patrick J. Duggan
                              Magistrate Judge

STEVEN WOODWARD,

Defendant,

**Defendants Response to Plaintifff's Motion to Adjourn Scheduling Order Dates**

## Defendants Response to Plaintifff's Motion to Adjourn Scheduling Order Dates

The Defendant Steven Woodward requests that the Court denies the request for Adjournment.

The Defendant is being financially harmed every day that this case continues.

The Defendant has been away from their home for prolonged periods of time causing damage and more financial loss daily to his meager assets and suffers due solely by this frivolous case. I firmly believe the Plaintiff can not support their claims.

During the time that the Defendant was overseas working, the Plaintiff had plenty of time to prepare their case.

The Defendant on the other-hand has had to try and learn both legal rules and procedure as well as prepare for the case.

All the other time was equally spent between the Plaintiff and Defendant while the decision on the improper Request for Default was being settled.

1. The Plaintiff did not perform a diligent search to contact the Defendant. The Plaintiff knew of multiple means of contacting the Defendant but did not do so.

2. Dates for the scheduling order was suggested by the Plaintiff in the presence of the Honorable Judge Patrick Duggan. The Defendant agreed with the scheduled dates suggested by the Plaintiff.

3. On April 19, 2010 the preliminary injunction was not granted.

4. This statement is untrue, the hearing was for the time the web site was to be down while the Defendant was out of the country. From docket 37, page 4, 2nd paragraph "Discerning that it would be impossible in the time allowed to analyze the truth or falsehood of the various statements on Woodward's website, the Court suggested to Woodward the possibility of taking down his website until he returned to the country and could litigate this case."

5. Per Docket 37, page 4, 2nd paragraph "Discerning that it would be impossible in the time allowed to analyze the truth or falsehood of the various statements on Woodward's website, the Court suggested to Woodward the possibility of taking down his website until he returned to the country and could litigate this case." The website cold be resumed on the Defendant's return.

6. Per Docket 37, page 3, he needed until at least July 31st 2010 to adequately prepare a response to AUA's allegations in this case.

7. Docket 37, page 6, paragraph 1. Thus a Clerk's Entry of Default was improperly entered in this case. The Plaintiff wrongfully filed the Request for Clerk's Entry of Default.

8. This issue could not be resolved until the Court's issuing of Docket 37.

9. The Plaintiff has had as much opportunity for depositions as the Defendant.

10. The Plaintiff should not need more discovery if they have the facts to support their frivolous claims.