UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                              United States District Court Judge
                              Patrick J. Duggan, presiding
                              Michael Hluchaniuk, referral

V                                  Case No.:  2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
|---|---|
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI  48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## <u>PLAINTIFF'S RENEWED MOTION FOR A PRELIMINARY INJUNCTION</u>

Plaintiff, American University of Antigua College of Medicine "AUA", and pursuant to Fed. R. Civ. P. 65 moves this Court for entry of a preliminary injunction, for the following reasons:

1. This action arises, in most basic summary, out of Defendant's ownership and publication of a website, and derivative publications including a YouTube.com video channel, containing false and defamatory information about American University of Antigua College of Medicine ("AUA").

2. Plaintiff brought a motion for preliminary injunction once before.  (Docket No. 8).

1

3. However, the Court determined that it was unnecessary to decide Plaintiff's motion in light of Defendant agreeing to replace his website with an "under construction" or "under review" banner. (Docket No. 19).

4. The Defendant recognized that he needed the Court's permission to republish his website, as evidenced by his letter to the Court requesting permission to reverse the internet changes.  (Docket No. 12[1]).

5. However, Defendant simply republished his website without leave of the Court[2].

6. Similarly he established a second website devoted to defaming Plaintiff, www.aua-vet.com[3]

7. Defendant's webpage and associated videos on YouTube contain false and defamatory statements.

8. These sites are presently published on the internet and are open for the public to view.

9. Plaintiff has a strong likelihood of success on the merits on each of its claims.

10. Plaintiff would suffer irreparable injury without and injunction.

11. The issuance of an injunction would not cause substantial harm to Defendant.

12. Additionally the public interest would be served by issuance of injunction.

13. The factors weighing in favor of an injunction weigh heavily and compellingly in Plaintiff's favor.

WHEREFORE, AUA respectfully requests that this Court enter an Order:

A. Granting AUA's Motion in its entirety;

B.  Enjoining Defendant Steven Woodward, as well as any agent, internet service provider, domain registry and/or website host acting at his direction or request:

---

[1] This request was not designated as a motion.
[2] This republication occurred as early as July 23, 2010.
[3] This website presently redirects to www.aua-med.com.

1. From all further publication under the internet domain name "www.aua-med.com"

2. From the unlicensed publication, in any manner, of AUA student academic records (other than his own); and

3. From publication of all other contents presently disseminated through his websites www.aua-med.com and www.aua-vet.com including associated YouTube videos by any other means or medium; and

C. Granting AUA any other relief that this Honorable Court deems appropriate.

and requests an adjournment of 60 days such that discovery may be conducted.

Respectfully Submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The underigned certifies that the foregoing Plaintiff's Renewed Motion for a Preliminary Injunction, Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI  48507 on November 1, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI  48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                              United States District Court Judge
                              Patrick J. Duggan, presiding
                              Michael Hluchaniuk, referral
V                                  Case No.:  2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
|---|---|
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI  48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR A PRELIMINARY INJUNCTION

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................... ii

INDEX OF AUTHORITIES ............................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED .............................. iv

OVERVIEW ........................................................................................................1

STATEMENT OF FACTS ...................................................................................1

STANDARD OF REVIEW ..................................................................................5

DISCUSSION ......................................................................................................6

     I. Plaintiff's Request for a Preliminary Injunction Should be Granted.............6

     II.  Plaintiff can Demonstrate a Strong Likelihood of Success on the
     Merits on its Defamation Claim......................................................................6

     III. Plaintiff Suffering and Will Continue to Suffer Irreparable Harm if a
     Preliminary Injunction is not Issued Against Defendant ..................................8

     IV.  An Issuance of Injunction Against Defendant Would Not Cause
     Substantial Harm to Others.............................................................................9

     V. Public Interest Would be Served by the Issuance of Injunction ................10

CONCLUSION AND RELIEF REQUESTED .........................................................11

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Campbell v. Bank One*, 79 Fed. App. 760, 762 (6th Cir. Mich. 2003) ............................................7

*Community for Creative Non-Violence v. Pierce*, 814 F.2d 663, 671 (D.C. Cir., 1987) ....................................................................................................................7

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir., 2001) ..............................................................................................5

*Dupuis v Kemp*, unpublished opinion per curiam of the Michigan Court of Appeals (decided February 21, 2006) (Docket no. 263880) ..................................9

*E.E.O.C. v Severn Trent Services, Inc.*, 358 F.3d 438, 442 (7th Cir., 2004). ...................5

*Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 798; 359 N.W.2d 210 (1984) ......................................................................................................7

*Kelly Servs. v. Eidnes,* 530 F. Supp. 2d 940, 951 (E.D. Mich. 2008) ............................8

*Lothschuetz v Carpenter*, 898 F.2d 1200, 1208 (6th Cir., 1990) .....................................9

*Merrill Lynch v. Grall*, 836 F. Supp. 428, 432 (WD Mich. 1993) ...................................6

*Mich. Rehab. Clinic Inc., P.C. v. City of Detroit*, 310 F. Supp. 2d 867 (U.S.D.C. ED Mich., 2004) .......................................................................................6

*Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002)..................................................................................................8

*Performance Unlimited v. Questar Publishers, Inc.* 52 F.3d 1373, 1381 (6th Cir. 1982) ......................................................................................................6

*Swenson-Davis v. Martel*, 135 Mich. App. 632, 635 (1984) ...................................7

**Statutes**

Fed. R. Civ. P. 65 ...........................................................................................1, 5

MCL 600.2911 ..............................................................................................7, 10

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.   Whether the Court should grant Plaintiff's Motion for a Preliminary Injunction in light of the fact that Defendant has republished his defamatory website and associated video content without leave of the Court and that the continued publication of this content irreparably defames Plaintiff.

   Plaintiff says:        Yes.

## OVERVIEW

This action arises out of Defendant's ownership and publication of a website, and derivative publications, containing false and defamatory information about American University of Antigua College of Medicine ("AUA"), on a confusingly similar domain name ("www.aua-med.com"). While Defendant promised the Court on April 19, 2010 that he would remove his website and replace it with an "under construction" or "under review" he's since reneged on his word and the instant motion becomes necessary. As the Court will see, some of Defendant's statements on his website are *per se* defamatory and these continue to irreparably defame Plaintiff. A preliminary injunction pending the outcome of this action is necessary as Defendant's word to remove his content during the pendency of this action was not honored.

## STATEMENT OF FACTS

This case arises out of Defendant's website www.aua-med.com[4]. This website serves as host and portal to a series of videos published by Defendant and about Plaintiff. This video series is entitled "A Synopsis on Unethical Practices" and contains, as of the date of this motion, thirty three (33) separate video diatribes about Plaintiff. Plaintiff filed a prior motion for preliminary injunction on similar grounds and the Court heard oral argument on April 19, 2010. (Motion at Docket No. 8; Transcript available at Docket No. 19). At this hearing, Defendant voluntarily agreed to replace his website with an "under construction" or "under review" banner and make his associated YouTube videos private. (Docket No. 19 at 51-59.) In light of Defendant's voluntary agreement to remove his website, the Court found it unnecessary to enter an injunction. (Docket 19 at 60). Defendant went back on his word. On or before July 23,

---

[4] It has come to Plaintiff's attention that Defendant has since registered a new site dedicated to defaming Plaintiff—www.aua-vet.com, which links to the same slanderous content located at www.aua-med.com. To the extent that Plaintiff refers to www.aua-med.com, it incorporates www.aua-vet.com by reference.

2010, Defendant republished all of his defamatory content without leave of the Court.  Similarly he published another website www.aua-vet.com which redirects to the original website. Defendant acknowledged that he needed the Court's permission before republishing as he wrote a letter to the Court requesting permission to republish.  (Docket No. 12).  Instead of filing a motion for the same or waiting until permission could be secured, he republished all of his content without any permission whatsoever.

The main page of Defendant's website contains the following "caution" about AUA:

> This site contains evidence about AUA:
> -Fraud
> -Falsifying Student Grades
> -Breach of Contract
> -Disregard for Student Civil Rights
> -Conspires Against Students
> and other unethical practices by AUA and the hospitals they do business with.

Exhibit A.

Defendant's website represents, alleges and publishes, as if true, false and defamatory information about AUA including, by way of example and not limitation, that:

a.      AUA routinely commits fraud upon its students;

b.      AUA falsifies its students grades;

c.      AUA breaches contracts;

d.      AUA disregards student civil rights;

e.      AUA conspires against its students;

f.      AUA pursues unspecified and other unethical practices;

g.      AUA has "malicious intensions" and administration and academic advisors of a "heinous nature";

h.      AUA students are sexually assaulted;

2

i.  AUA professors teach students wrong information;

j.  AUA conspires to commit fraud and violations of civil rights;

k.  AUA commits criminal activities reportable to the FBI;

l.  AUA student pass rate for USMLE medical board exams is only 22.9%;

m.  AUA contrives false evidence in student disciplinary proceedings (i.e., the hearing Mr. Woodward was provided prior to dismissal and refused to even attend);

n.  AUA colluded with St. Joseph Hospital to maliciously end Mr. Woodward's career, conspired, abused its power, committed perjury and is otherwise immoral and unethical;

o.  AUA agents are liars;

p.  The locality of AUA is full of "rape, murder, fraud, and government corruption."

See Exhibits A and B.  Exhibit B is a list of Defendant's videos along with his synopsis of each. As the Court can see, video 12 purports to include "evidence of [AUA's] conspiracy to commit fraud, fraud, breach of contracts, and violations of Civil Rights."  Exhibit B at 2.  Similarly, video 13 (titled "FBI and AUA") purports to demonstrate methods of reporting AUA's "criminal activities to the FBI" Exhibit B at 3.  Video 20 purports to include "examples of [AUA's] conspiracy, negligence, abuse of power, perjury, fraud, and breach of contract."  Exhibit B at 3-4.  Video 20-9 alleges that AUA's agent Dr. Susan Zonia "contrived false evidence."  Exhibit B at 5-6.  A number of Defendant's videos purport to demonstrate that "the true intent of the AUA/St Joseph Mercy Oakland Administration was to defraud me."  Exhibit B at 4-6.  The synopsis for video 30 (titled "Antigua Crime and AUA") purports to demonstrate "the truth about AUA's lies and connections with criminal activities on Antigua."  Exhibit B at 7.  Video

3

31[5] of Defendant's "Synopsis on Unethical Practices" is captioned "Student Warning" and in this video Defendant alleges that Antigua is full of rape, murder, fraud, and government corruption. Defendant goes on to allege that Plaintiff violates the Lanham Act and is guilty of the crime of reckless endangerment.  See e.g. Exhibit B at 7.

It is undisputed that this information is published to the public and that these statements have been viewed.  For example, the following comments were located on Defendant's YouTube Channel[6]:

> **Sidlum** (1 year ago)
> AH!!! I'm AT AUA..doing clinical rotations..SCARED NOW! :(
>
> **DuckandDeerGrinder** (1 year ago)
> thank you for sharing this.....I was really considering AUA

One of Defendant's videos (captioned "Falsifying Student Grades – Red Flag"), according to YouTube's statistics has been viewed 2,387 times since its publication on March 29, 2009. Exhibit C[7].

Defendant's website further publishes, in a manner not repeated here, and without consent of the university or its affected students, other students' identities and personal information including grades and academic information[8].  AUA suffers irreparable injury and harm to its reputation each day that Mr. Woodward's appalling site is permitted to remain available. These videos have already been seen thousands of times.  Moreover, irreparable injury to AUA and its affected students occurs, for which there is not an adequate remedy at law, by virtue of Mr. Woodward's unsanctioned and unauthorized publication of federally protected

---

[5] Available at http://www.youtube.com/watch?v=NLLsBYir6Pc
[6] Available at http://www.youtube.com/user/auastudentrights#g/u
[7] Similar data is available for each of Defendant's videos and will be introduced at trial as evidence of publication.
[8] This information is imbedded in a document published at http://aua-med.com/downloads/usmle-pass-rate.ppt and includes students' names, GPAs and USMLE Step 1 test scores.  To protect the students' privacy and to comply with federal law, this documentation is not attached as an exhibit.

private academic information.   As such, Plaintiff was forced to file this lawsuit and now appropriately seeks injunctive relief from this Honorable Court.  The Court should not attempt to fashion a remedy like it did before as Defendant did not honor his word and cannot be trusted to do so in the future.

## STANDARD OF REVIEW

A motion for preliminary injunction is brought under Fed. R. Civ. P. 65.  Under this standard, the moving party must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir., 2001) citing *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001).  For motions that disturb the status quo, are mandatory rather than prohibitory, or provide the movant substantially all the relief it could feasibly attain after a full trial on the merits, a heightened standard that the traditional factors weigh heavily and compellingly in the moving party's favor.  *Dominion* at 1154-5. Should the Court enter an order of injunction, it must state the reasons why it issued, state its terms specifically and describe in reasonable detail the acts or acts restrained or required.  Fed. R. Civ. P. 65(d)(1).  This explanation can be oral rather than written.  *E.E.O.C. v Severn Trent Services, Inc.*, 358 F.3d 438, 442 (7th Cir., 2004).

### *DISCUSSION*

**I.      Plaintiff's Request for a Preliminary Injunction Should be Granted.**

There are four factors to be balanced when considering a motion for preliminary injunction; (1) whether movant has a strong likelihood of success on the merits, (2) whether movant would suffer irreparable injury without injunction, (3) whether issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuance of injunction. *Mich. Rehab. Clinic Inc., P.C. v. City of Detroit*,.310 F. Supp. 2d 867 (U.S.D.C. ED Mich., 2004).   None of the four factors considered for injunctive relief is a prerequisite to the issuance of a preliminary injunction; rather, the Court must balance the factors in deciding the propriety of a preliminary injunction.   *Performance Unlimited v. Questar Publishers, Inc*. 52 F.3d 1373, 1381 (6th Cir. 1982). Further, "[t]he moving party need show less likelihood of success on the merits if the other factors indicate the Court should issue a preliminary injunction."   *Merrill Lynch v. Grall*, 836 F. Supp. 428, 432 (WD Mich. 1993).   As described in more detail below, each of these factors weighs heavily and compellingly in favor of Plaintiff's request that a Preliminary Injunction be issued.

**II.      Plaintiff can Demonstrate a Strong Likelihood of Success on the Merits on its Defamation Claim**

Plaintiff is able to demonstrate a strong likelihood of success on the merits as to its defamation claim as a number of Defendant's statements are defamatory *per se*.   This factor weighs heavily and compellingly in Plaintiff's favor.

To establish a claim for defamation[9], Plaintiff "must establish each of the following four elements: '(a) a false and defamatory statement concerning plaintiff; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm, (defamation per se) or the existence of special harm caused by the publication (defamation per quod).'" *Campbell v. Bank One*, 79 Fed. App. 760, 762 (6th Cir. Mich. 2003).

A communication is defamatory if it "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Swenson-Davis v. Martel*, 135 Mich. App. 632, 635 (1984) citing *Nuyen v. Slater*, 372 Mich. 654; 127 N.W.2d 369 (1964). Similarly, an imputation of dishonesty or fraud is defamatory. *Community for Creative Non-Violence v. Pierce*, 814 F.2d 663, 671 (D.C. Cir., 1987), citing *Hoffman v. Washington Post Co.*, 433 F. Supp. 600 (D.D.C. 1977).

Here there is no doubt that the Defendant's website includes defamatory communications. In fact, the allegations that Defendant makes which allege that AUA's actions are criminal are *per se* defamatory and are actionable without regard to fault. See e.g. *Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 798; 359 N.W.2d 210 (1984) citing *Diplomat Electric, Inc v Westinghouse Electric Supply Co*, 378 F2d 377, 383 (5th Cir., 1967) (holding that where "a libel contains an imputation upon a corporation in respect to its business, its ability to do business, and its methods of doing business, the same becomes libelous per se."). Similarly, the "uttering or publishing of words imputing the commission of a criminal offense" are *per se* defamatory under Michigan's statute governing libel and slander. MCL 600.2911(1). As noted above, a number of Defendant's videos make allegations that AUA is guilty of certain

---

[9] A corporation such as AUA may be defamed. See e.g. *Heritage Optical Center, Inc. v. Levine*, 137 Mich. App. 793, 797; 359 N.W.2d 210 (1984).

criminal activities, such as conspiracy, fraud, perjury and reckless endangerment.   See e.g. Exhibit B.  Defendant does not deny that he publishes the aua-med.com website and associated YouTube content and that this is published for all the web to see.

Even if the Court declines to recognize the libel *per se* doctrine, the necessary intent standards are met as Defendant's website intentionally, maliciously, recklessly or negligently publishes falsehoods about AUA.  By use of direct words, narrated video clips, weblinks and YouTube videos of his making, Defendant promulgates as if true the above-listed "facts" about AUA.  Each and every one of these "facts" is false.  Defendant will not be able to bear the burden of proving his "truth" defense as to these facts.  Defendant's statements are undisputedly unprivileged and are put forth as "facts" and "evidence" rather than matters of opinion. Defendant's falsehoods are published to millions of potential third party users of the various websites listed above and his videos have already been seen by thousands.  Exhibit C.

A preliminary injunction is proper in light of the Plaintiffs high likelihood of success on the merits.

### III.   Plaintiff is Suffering and will Continue to Suffer Irreparable Harm if a Preliminary Injunction is not Issued Against Defendant.

Plaintiff is suffering irreparable harm and will continue to suffer irreparable harm if the Court does not enter an order ceasing his activities.  This factor weighs heavily and compellingly in Plaintiff's favor.

A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002).  *Kelly Servs. v. Eidnes,* 530 F. Supp. 2d 940, 951 (E.D. Mich. 2008).  Here Plaintiff's damages are reputational in nature and are not fully

compensable by monetary damages. As a Caribbean medical school, it relies upon its reputation to market and provide useful information to prospective students and faculty members. Similarly it uses its web portal as a method of communicating with students doing their rotations at teaching hospitals around the country. AUA suffers irreparable injury and harm to its reputation each day that Mr. Woodward's appalling site is permitted to remain available[10]. At least one YouTube user indicated that she will no longer be considering AUA for her medical education. This is evidence of an independent economic injury sufficient to make equitable relief proper[11]. Similarly, Defendant's use of a deceptively similar domain name (www.aua-med.com versus www.auamed.org) makes it extremely likely that an interested prospective student would stumble across Defendant's lies rather than Plaintiff's actual site[12].

Moreover, irreparable injury to AUA and its affected students occurs, for which there is not an adequate remedy at law, by virtue of Mr. Woodward's unsanctioned and unauthorized publication of federally protected private academic information. It is clear that AUA will suffer irreparable harm if injunctive relief is not granted.

## IV.   An Issuance of Injunction Against Defendant Would Not Cause Substantial Harm to Others

Here, Defendant cannot seriously argue that he would be harmed by the issuance of a Preliminary Injunction. Defendant simply uses this website as an avenue to disseminate false and disparaging "information" about AUA. Defendant is simply a disgruntled former student seeking

---

[10] Plaintiff is not in a position to rebut Defendant's claims on its own website without distracting from its prestige and giving credence to these frivolous allegations.

[11] While typically the First Amendment's prohibition on prior restraints makes injunctive relief on defamatory statements improper, this is not the case where there is an independent economic injury. See *Dupuis v Kemp*, unpublished opinion per curiam of the Michigan Court of Appeals (decided February 21, 2006) (docket no. 263880) citing *Near v Minnesota*, 283 US 697; 51 S. Ct. 625; 75 L. Ed. 1357 (1930). See also *Lothschuetz v Carpenter*, 898 F.2d 1200, 1208 (6th Cir., 1990) (Wellford, J., concurring) (noting that an injunction is proper when restraining the continuing reiteration of the same libelous and defamatory statements).

[12] Plaintiff also has a pending trademark infringement claim.

9

to exact revenge against AUA in any manner possible.  He brought suit against AUA in Oakland County Circuit Court and this was dismissed as frivolous.  An injunction preventing Defendant's illegal and improper actions will not serve to "harm" Defendant.  If anything, it will serve to help Defendant by ending his tortious and illegal conduct and mitigating his damages.  Should the Court ultimately determine that Defendant's statements are not defamatory or are in some way protected, he'd be free to resume the same.  <u>Plaintiff seeks the same remedy that Defendant voluntarily agreed to from April 19, 2010 to sometime in July 2010</u> when he republished his website without leave of the Court.  To assert that Defendant would somehow be damaged by the removal of his website is without merit.  This factor again weighs in heavily and compellingly in favor of granting the preliminary injunction because the harm to Plaintiff far outweighs any potential harm to Defendant.

### V.        Public Interest would be Served by the Issuance of Injunction

Plaintiff's defamatory website serves <u>no public interest</u> whatsoever.  Its sole purpose is to spread lies and slanderous remarks about AUA.  The allegations made on Defendant's website are without merit and without support.  There is nothing that Defendant's website adds to the "marketplace of ideas" and no public purpose is served by dragging AUA's good name through the mud.  Defendant has no support for its allegations of criminal conduct on AUA's part and these statements are *per se* defamatory.  MCL 600.2911(1).

This final factor clearly weighs heavily and compellingly in favor of AUA and Plaintiff's request for a preliminary injunction should be granted.

10

## *CONCLUSION AND RELIEF REQUESTED*

Defendant went back on his word to remove his website which defames Plaintiff with slanderous allegations of criminal conduct.  He did so without leave of the Court.  As such, he cannot be trusted to voluntarily remove his site and an order of the Court enjoining his website is necessary and appropriate.  AUA respectfully requests that this Court enter an Order:

A.  Granting AUA's Motion in its entirety;

B.  Enjoining Defendant Steven Woodward, as well as any agent, internet service provider, domain registry and/or website host acting at his direction or request:

1.  From all further publication under the internet domain name "www.aua-med.com"

2.  From the unlicensed publication, in any manner, of AUA student academic records (other than his own); and

3.  From publication of all other contents presently disseminated through his website www.aua-med.com or www.aua-vet.com by any other means or medium; and

C.  Granting AUA any other relief that this Honorable Court deems appropriate.

Respectfully Submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

11