Case 2:10-cv-10978-PJD-MJH

FILED

2010 NOV 19  A 11: 48

U.S. DISTRICT COURT CLERK
EAST DIST. MICH
FLINT

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                    CASE No.: 2:10-cv-10978-PJD-MJH
                                     Judge Patrick J. Duggan


STEVEN WOODWARD,

Defendant,


**Defendants Response to Plaintiff's Motion to Compel**

**Defendants Response to Plaintiff's Motion to Compel**

**List of Exhibits:**
Exhibit 1: Email Exchange with Eric A. Buikema, Nov 2
Exhibit 2: Staples Receipts
Exhibit 3: Notarized Copy, Susan Zonia, MD
Exhibit 4: Interrogatories Case No. 07-088103-CZ
Exhibit 5: Economictimes.indiatimes.com
Exhibit 6: Manta.com
Exhibit 7: USMLE Step 1 Scores and Grade Point Averages
Exhibit 8: 5th Semester Final Grades
Exhibit 9: Oakland County Circuit Court Docket January 19, 2009
Exhibit 10: Oakland County Circuit Court Docket November 4, 2008
Exhibit 11: Email Exchange with Eric A. Buikema, Nov 3

The Defendant was more than willing to comply with all requests made by the Plaintiff concerning Discovery until the Defendant found out that the Plaintiff was altering and/or deleting evidence for the upcoming trial.

The Plaintiff is forcibly seeking discovery for unethical purposes.

The Plaintiff is attempting to discover evidence with the intent to alter and/or delete the evidence.

The Plaintiff's character of deleting and/or altering evidence, as well as falsifying documentation is demonstrated in Docket 51 "Defendants Motion for Sanctions and Motion for Dismissal".

The Plaintiff does **NOT** provide Discovery Materials in good faith.

The Plaintiff has failed to provide the most basic Discovery material to the Defendant violating Rule 7.1 Disclosure Statement.

The Plaintiff seeks to cover-up the disclosure of private student information for unethical purposes..

The Plaintiff has no evidence to support their Docket 1 claims and is seeking anything and everything to smear the Defendant before the Court.

The Plaintiff has tried to obtain a Preliminary Injunction, without success, because they lack the evidence to support their frivolous claims.

**(1)** The Defendant was more than willing to copy and exchange exhibits as seen in the email transactions between the Defendant and Plaintiff (Exhibit 1).

The Defendant spent considerable time and money preparing copies of exhibits for the exchange as seen in the receipts on the Staples copy receipts (Exhibit 2)

The Defendant asked the Plaintiff to suggest a date and location for the exchange and/or view exhibits on or about October 27, 2010 (Exhibit 1, page 2 bottom).

**"I will mail you the Exhibits, files and documentation you requested.**

**If you still require to see the fiber optic training device and the books I plan on bringing to the court please let me know and I will meet you half way between Flint and your office."**

The Defendant had to **remind** the Plaintiff of this exhibit exchange, as demonstrated in the email( Exhibit 1, page 2, top), on or about, 11/2/2010 1:15 PM.

This email supports the fact that the Defendant was willing to supply exhibits.

In the same email the Defendant requested that the Plaintiff bring all their exhibits to the meeting place.

**"I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.**

**Please let me know when you would like to meet so you can view the exhibits.**
**I would prefer a public place halfway between Flint and your office.**

**Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibits.**

**Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.**

**At the same meeting please bring copies of all your exhibits so I can sign that I have received them."**

The Plaintiff replied that the exchange of exhibits was not required at this time as seen in the email (Exhibit 1, page 1, bottom, 2nd paragraph) dated, on or about, 11/2/2010 1:39:20 PM.

This email reply (Defense Exhibit 1) was from the Plaintiff (Plaintiff Exhibit 3 of their Docket 47).

"The court has issued a new scheduling order and denied your motion for protective order as moot.

3

This means that the obligations of the parties for preparation of the final pretrial order, **including an exchange of exhibits, has been put off to a future date. We are under no obligation to do that exchange now.**"

**(2)** The Defendant could not meet the Plaintiff on November 4, 2010 as stated in the email reply to the Plaintiff, on or about, November 2, 2010 4:23:25.

The Defendant caught the Plaintiff deleting and/or altering evidence for the case, as exposed in Docket 51"Defendants Motion for Sanctions and Motion for Dismissal".

The Defendant could not meet the Plaintiff for the depositions since they had a previous appointment with a Notary Public on November 4, 2010 (Exhibit 3).

The Defendant had to hire the Notary Public, to witness evidence, because the Plaintiff is untrustworthy and was deleting and/or altering evidence.

The Defendant could not meet the Plaintiff on November 8, since the Defendant had to prepare their motion concerning the Plaintiff's violations and unethical activities as referenced in Docket 51.

This undue burden includes this document as well as reviewing and verification of exhibits for other alterations or deletions made by the Plaintiff.

The Defendant has suffered undue burden and cost because of the Plaintiff.

The Defendant has to review all exhibits comparing them to the Notarized copies to determine if there are other violations the Plaintiff has made.

The Defendant and the Court now endure undue burden and expense because the Plaintiff has violated 18 U.S.C 1506 by altering or deleting evidence.

**(3)** The Plaintiff did not have a set or confirmed date for any deposition for the Defendant.

The Defendant filed a Motion for Protective Order on or about October 27th.

The Defendant did not learn that this order was moot until on or about November 2.

As soon as the Plaintiff learned of the moot they demanded that the Defendant be deposed at their convenience not any agreed upon time or date(Exhibit 1, page 1 Bottom)

**"Requires you to produce the documents listed in the notice at the time of your deposition on November 4[th]"**.

They not only demanded a deposition at their convenience, but also demanded Exhibits from the Defendant, but refused to exchange any documentation with the Defendant (Exhibit 1, page 1 Bottom)

**"We are under no obligation to do that exchange now"**

As previously stated the Defendant had already scheduled an appointment with a Notary Public on November 4th, because the Plaintiff had deleted and/or altered evidence for the upcoming trial, Docket 51.

The Plaintiff contacted the Defendant on November 3rd rescheduling the deposition for November 8th (Exhibit 11, page 2 Top)
**"Mr. Buikema is available on Monday, November 8 at 10:00 a.m. for your deposition"**

The Defendant could not make these dates since they required time to prepare the Docket 51 concerning the Plaintiff's violations of deleting and/or altering evidence for the up-coming trial.

On November 3rd, the Plaintiff demanded that the Defendant be deposed the following day, November 4th, which the Defendant could not do. (Exhibit 11, page 1, middle)

**"We will expect to see you tomorrow then**."

The Defendant replied that they could not meet the next day, (Exhibit 11, page 1)
**"I will not be available tomorrow as previously stated"**

The Plaintiff then threatens the Defendant with a motion to seek costs for a deposition that was never confirmed, adequately communicated, or scheduled.(Exhibit 11, page 1, top)

**"We will file a motion and seek costs of same in that event"**


**(4)** The Plaintiff has a history of not performing their duty concerning Discovery in good faith.

The Defendant asks the Court to read a copy of Interrogatories filled out by the Plaintiff (Exhibit 4).   At this time this Plaintiff was a Defendant in Case No. 07-088103-CZ.

Of the 53 Interrogatories they objected to 36, did not bother to answer 15, and only answered two.

Answering Interrogatory 10 "Unknown at this time" and 51 "No".

They objected to **All** document requests.

This demonstrates the unethical character of this Plaintiff concerning Discovery.


**(5)** The Plaintiff has violated Federal Rule 7.1 Disclosure Statement
The Plaintiff has failed to release parent company information.

The Defendant has evidence that American University of Antigua College of Medicine is associated with Manipal Education(Exhibit 5) and Greater Caribbean Learning Resources, GCLR incorporated in New York, NY(Exhibit 6).


**(6)** The Plaintiff is using this Court to cover-up evidence of their disclosure of student grades, violating the Plaintiff's own policies, contracts, and laws concerning student privacy.

The Plaintiff's Docket 1 claims and the multiple requests for Preliminary Injunctions against the Defendant is evidence of this fact.

During the 5th Semester Clinical Orientation the Plaintiff distributed a PowerPoint presentation containing USMLE Step 1 grades as well as Student Grade Point Averages of approximately 150 students (Exhibit 7).

The Defendant learned of this disclosure and notified the Department of Education and as many students as they could. The Plaintiff is using these proceedings to cover-up the fact that they disclosed these student grades.

**(7)** The Plaintiff disclosed the Final Grades (Exhibit 8) for a 5th Semester Clinical program, taught at St Joseph Mercy Oakland Hospital in Pontiac, Michigan.

This disclosure uncovered evidence that the Plaintiff commits fraud and perjury.

The Plaintiff falsified(fixed) the Final Grades(Exhibit 8) for students enrolled in a Clinical course at St Joseph Mercy Oakland Hospital in Pontiac, Michigan.

The Defendant's Final Grades were falsified from an **80%** to an "**F**" for the purposes of committing perjury as presented before Judge Shalina Kumar of Oakland County Circuit Court(Exhibit 9) "**Woodward took and failed the fifth semester Final Exam.**" and " **Woodward received an "F" for the fifth semester**"

In the "Brief in Support of Answer to Plaintiff's Motion for Entry of Default and Judgment" (Exhibit 10) to Judge Shalina Kumar, the Plaintiff wrote "**washed out**" concerning Steven Woodward, which is a total absolute lie before the Court and fraud against Steven Woodward.

The following are more examples of fraud committed against other students during the same course at St Joseph Mercy Oakland Hospital(Exhibit 8).

The Plaintiff assigned the grade of "**C**" to the person that had the **lowest grades** (76%) in the course, **Vishal Chheda**, while giving a lower grade, (**C-**), to **Lekedra Evans** who earned an **83%** in the course.

**Michael Ozuomba** also outperformed Vishal Chheda, earning a **77%** in the course, but was given an "**F**" for the course.

This one course cost each student approximately $12,000 for just school fees.

**(8)**The Plaintiff does not have the evidence to support Docket 1 claims.

The Plaintiff wrongfully filed a request for Default against the Defendant.

The Plaintiff is attempting to use the Court to cover-up evidence concerning their disclosure of private student information.

Docket 51 demonstrates that the Plaintiff has destroyed or altered evidence that was verbally disclosed by the Defendant during the Hearing on or about 4/19/2010.

The Plaintiff filed the "Motion to Compel" without just cause for a deposition that was never adequately scheduled.

The Defendant requests the Court DENY the Plaintiff's "Motion to Compel".

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com;
**Date:** Tue, November 2, 2010 4:23:25 PM
**Cc:**
**Subject:** Re: AUA v Woodward - Exhibits

I will not be able to attend the November 4th deposition.
The following week is better for me.

Steven Woodward.

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Eric A Buikema <ebuikema@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>; Kathryn Zalewski <kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Cc:** Paul M. Kittinger <pkittinger@cardellilaw.com>
**Sent:** Tue, November 2, 2010 1:39:20 PM
**Subject:** Re: AUA v Woodward - Exhibits

Mr. Woodward,

Please do not include the court on routine correspondence between the parties, it is busy enough. I cannot tell you or advise you what to do, but if you wish to address the court, or invoke its assistance, it is my suggestion that you do so by proper motion.

The court has issued a new scheduling order and denied your motion for protective order as moot. This means that the obligations of the parties for preparation of the final pretrial order, including an exchange of exhibits, has been put off to a future date. We are under no obligation to do that exchange now.

Having said that, your deposition notice is "decus tecum" and requires you to produce the documents listed in the notice at the time of your deposition on November 4th. Please review that carefully and comply by your personal attendance and by production of those materials.

Regards,

Eric A. Buikema, Attorney at Law
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
(248) 544-1191 fax
ebuikema@cardellilaw.com


**EXHIBIT**

On 11/2/10 1:15 PM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:

I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.

Please let me know when you would like to meet so you can view the exhibits.
I would prefer a public place halfway between Flint and your office.

Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibit.

Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.

At the same meeting please bring copies of all your exhibits so I can sign that I have received them.

Sincerely,

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.


**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Kathryn Zalewski <kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Wed, October 27, 2010 9:52:41 AM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

I will not attend the deposition.  I am filling a "Motion for Protective Order".
I will mail you a copy to your office, later today, after I have it stamped at the Court.

I will mail you the Exhibits, files and documentation you requested.

If you still require to see the fiber optic training device and the books I plan on bringing to court please let me know and I will meet you half way between Flint and your office.

http://us.mg1.mail.yahoo.com/ds/launch?.gx=1&.rand=dsbu6imo4hagt

Thank you for your time,

Steven Woodward.


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.


**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Thu, October 21, 2010 3:54:56 PM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

  AUA v Woodward - 10-20-10 from Eric Buikema

<<10-20-10 ltr to woodward - rule 26 disclosure.pdf>>

Sincerely.

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited.** If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.  Thank you.



that was easy.

Low prices. Every item. Every day
Store No.1699
6272 Saginaw Road
GRAND BLANC, MI 48439
(810) 953-0966

252525 XX 025 44859

Receipt # 44859
VISA #: XXXXXXXXXXXX3976
10/25/10 11:43

| Qty | Description | Amount |
|-----|-------------|--------|
| 244 | BW SS P@SS Ltr/Lgl-632551 | 21.96 |
| 79 | BW SS P@SS Ltr/Lgl-632551 | 7.11 |
| 49 | BW SS P@SS Ltr/Lgl-632551 | 4.41 |
| | SubTotal | 33.48 |
| | Standard Tax 6.00% | 2.01 |
| | Total | 35.49 |

The Cardholder agrees to pay the Issuer of the charge
card in accordance with the agreement between the
Issuer and the Cardholder.

Compare and Save
with Staples-brand products.
THANK YOU FOR SHOPPING AT STAPLES!



1699102510448 5925

The total charge on your card will
include multiple transactions
reflected on this receipt.

---



that was easy.

Low prices. Every item. Every day
Store No.1699
6272 Saginaw Road
GRAND BLANC, MI 48439
(810) 953-0966

252525 XX 025 44853

Receipt #: 44853
VISA #: XXXXXXXXXXXX3976
10/24/10 18:00

| Qty | Description | Amount |
|-----|-------------|--------|
| 203 | BW SS P@SS Ltr/Lgl-632551 | 18.27 |
| | SubTotal | 18.27 |
| | Standard Tax 6.00% | 1.10 |
| | Total | 19.37 |

The Cardholder agrees to pay the Issuer of the charge
card in accordance with the agreement between the
Issuer and the Cardholder.

Compare and Save
with Staples-brand products.
THANK YOU FOR SHOPPING AT STAPLES!



1699102410448 5325

1699102410448 5325

The total charge on your card will
include multiple transactions
reflected on this receipt.

**EXHIBIT 2**

1



that was easy.

Low prices. Every item. Every day.
Store No:1699
6272 Saginaw Road
GRAND BLANC, MI 48439
(810) 953-0966

252526 XX 025 44772

Receipt # 44772
VISA #: XXXXXXXXXXXX3678
10/22/10 14:43

| Qty | Description | Amount |
|-----|-------------|--------|
| 479 | BW SS P@SS Ltr/Lgl-632551 | 43.11 |
| | SubTotal | 43.11 |
| | Standard Tax 6.00% | 2.59 |
| | Total | 45.70 |

The Cardholder agrees to pay the issuer of the charge
card in accordance with the agreement between the
issuer and the Cardholder.

Compare and Save
with Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!



1699102210447725

The total charge on your card will
include multiple transactions
reflected on this receipt



that was easy.

Low prices. Every item. Every day.
Store No:1699
6272 Saginaw Road
GRAND BLANC, MI 48439
(810) 953-0966

252526 XX 025 44845

Receipt # 44845
VISA # XXXXXXXXXXXX3976
10/24/10 17:13

| Qty | Description | Amount |
|-----|-------------|--------|
| 480 | BW SS P@SS Ltr/Lgl-632551 | 43.20 |
| 5 | BW SS P@SS Ledger-632552 | 0.85 |
| 5 | BW SS P@SS Ltr/Lgl-632551 | 0.45 |
| | SubTotal | 44.50 |
| | Standard Tax 6.00% | 2.67 |
| | Total | 47.17 |

The Cardholder agrees to pay the issuer of the charge
card in accordance with the agreement between the
issuer and the Cardholder.

Compare and Save
with Staples-brand products.
THANK YOU FOR SHOPPING AT STAPLES!



1699102410448452

The total charge on your card will
include multiple transactions
reflected on this receipt.

**2**

HOME   ABOUT AUA   ACADEMICS   IMAGES   ADMISSIONS   CONTACT

AUA NEWSLETTER    REQUEST VIEWBOOK »

ABOUT AUA
AUA HISTORY
ACADEMIC STANDARDS
FACULTY & STAFF
CAMPUS FACILITIES
CLINICAL CAMPUS IN ICAGO
ACCREDITATION & APPROVAL
CLINICAL ROTATION SITES & HOSPITAL AFFILIATIONS
GOVERNMENTAL RECOGNITION
CAREERS AT AUA
DEPARTMENT OF DISTANCE EDUCATION
FINANCIAL AID

## Susan Zonia, MD

Dr. Zonia received her Ph.D. in Sociology, with an emphasis on complex organizations and research methods, from Michigan State University in 1984. She served on the faculty of Wayne State University, in Detroit Michigan, and Michigan State University for a number of years. Dr. Zonia became involved in graduate medical education in 1992. Since then, she has played a central role in developing new internships, residency and fellowship programs. In 1999, Dr. Zonia completed a Fellowship in Health Policy. Currently, she serves as the Director of Medical Education for St. Joseph Mercy-Oakland Hospital in Pontiac, Michigan. She is also the Chair of the hospital's Institutional Research Board, overseeing all human subject research. She is a Board Member of AHME (Association of Hospital and Medical Educators) and is a Fellow, and the President-Elect of AODME (Association of Osteopathic Directors and Medical Educators).



**Susan Zonia**
MD

*Linda Ann Bennett*
*November 4, 2010*

**EXHIBIT 3**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND



STEVEN WOODWARD

Plaintiff,

BY:------------------

v.

Case No. 07-088103-CZ
Hon. Shalina Kumar

TRINITY HEALTH-MICHIGAN,
a Michigan Nonprofit corporation,
SUSAN CATHERINE ZONIA, an individual,
AMERICAN UNIVERSITY OF ANTIGUA
A Foreign corporation,

Defendants,

---

NICOLETTI & ASSOCIATES, P.C.
Paul J. Nicoletti (P44419)
Attorney for Plaintiff
39520 Woodward Ave., Ste 200
Bloomfield Hills, MI 48304
(248) 203-7800 / Fax: (248) 203-7801
paul@nicoletti-associates.com

LAW OFFICES OF BRYAN L. SCHEFMAN
Bryan L. Schefman (P35435)
Attorney for Defendant American
University of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 723-1650

LAW OFFICE OF DAVID B. GUNSBERG,
P.C.
David B. Gunsberg (P24235)
Attorney for Defendant Trinity Health-Michigan
and Susan Catherine Zonia;
Co-Counsel for Defendant American University
of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 646-9090

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS TO DEFENDANTS

NOW COMES Defendants by and through their attorney, Law Offices of David B. Gunsberg, P.C., and pursuant to rule 2.309 and 2.310 of the Michigan Rules of Court states the following as their objections to Plaintiff's First Set of Interrogatories and Request for Documents to Defendants.



**EXHIBIT 4**

## INTERROGATORIES

In accordance with the applicable rule, the Interrogatory answers should include information obtained by and available to Defendants and their agents, servants, private investigators, experts and attorneys and be returned within twenty-eight (28) days.

These Interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or any person on your behalf which will augment or otherwise modify any answers now given to the Interrogatories.

## DEFINITIONS OF TERMS AND INSTRUCTIONS

When identification of any person is requested herein, give their:

    A. Name;
    B. Current address; and
    C. Employer, if any

When identification of any document, correspondence, order, or any other writing is requested, give its:

    A. Date;
    B. Author or addressor;
    C. Address;
    D. Recipients of all copies;
    E. Present location thereof;
    F. Identity of all persons presently in custody, control, or possession thereof; and
    G. State whether you will produce it upon request without the necessary court order.

In lieu of such identification, you may furnish documents for inspection and copying at the time you file answers to these Interrogatories.  As used herein, person or party includes any individual, corporation, partnership, group, association, or any other organization.  As used herein, document includes the original and all copies of correspondence, records, schedules, tables, charts, reports, memoranda, notes, letters, telegrams, invoices, orders, order forms, messages (including reports of telephone conversations and conferences), minutes, and inter and intra office communication, and all other written or printed matter of any kind.  When requested to state the factual basis of any allegation in your answer to the Complaint or proceeding, answer to any Interrogatory, identify each occurrence, incident, and the fact upon which you rely to support such allegation or answer, including:

    A. The date thereof;
    B. The place thereof;
    C. The substance of each occurrence, incident and fact;
    D. Identification of each person who participated therein;

2

E.  Identification of each person present; and

F.  The source of your knowledge thereof.

INTERROGATORY NO. 1:

Identify the individual or individuals answering these Interrogatories providing their full name and all nicknames by which they have been known, address, phone number, and occupation/title.

ANSWER:

INTERROGATORY NO. 2:

State whether prior to answering these interrogatories, you have examined all information and documents available to you relating to the subjects of the interrogatories.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 3:

If your answer to Interrogatory No. 2 is negative, identify the information and documents that you did not examine and state the reason that you did not examine such information and documents.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 4:

If you consulted a person, technician(s) or other expert(s), for any purpose to be used in preparation of this matter for litigation, please provide person(s) name, profession or occupation, the field in which he/she allegedly is an expert, and whether you intend to call him/her as a witness during the trial of this case.

ANSWER: Objected to as calling for attorney work product.

INTERROGATORY NO. 5:

Identify each person who has knowledge of any of the facts and circumstances surrounding this lawsuit, including but not limited to the transaction between Plaintiff and Defendant, the allegations contained in Plaintiff's Complaint, and the responses contained within Defendant's Answer.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is referred to Defendant's Witness List.

INTERROGATORY NO. 6:

Provide a detailed description of the testimony you expect to elicit from the person(s) listed in No. 5 above.

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 7:

If you have ever spoken to the Plaintiff or a representative of same, please identify for each conversation, the dates, place at which the conversation took place, reason for the conversation, individuals present during, and what was said during the conversation by all parties.

ANSWER:    Objected to as vague, overly broad, and unable to be answered in the manner promulgated.

INTERROGATORY NO. 8:

Set forth the names, addresses, telephone numbers and identification of all other witnesses who you contemplate calling at the time of the trial of the above-captioned matter, indicating with respect to each witness, the nature of the allegations or facts that the witnesses will be called upon to support.

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 9:

Please list and describe all exhibits upon which you intend to rely on in this matter, and whether you will allow us to obtain copies of those exhibits without the necessity of a motion?
(Exhibits includes any exhibits that you intend to use from the inception of this lawsuit through its final adjudication)

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 10:

If you contend that any party, person or entity violated or failed to comply with any statute, ordinance, law, regulation or standard in connection with this case, cite, enumerate or otherwise fully describe each such statute, ordinance, law, regulation, or standard or attach copies, identify the person or entity who violated or failed to comply with each matter; and describe the manner of each violation or failure to comply.

ANSWER:    Unknown at this time.

INTERROGATORY NO. 11:

State the exact basis for each and every, if any, Affirmative Defense contained in Defendant's Answer, produce any and all documents to substantiate each and every, if any, Affirmative Defense.

ANSWER:    Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 12:

State the exact basis for each and every denial contained in Defendants' Answer, produce any and all documents to substantiate each and every, if any, such denials.

ANSWER:    Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 13:

State the employment description(s), and title(s) held by Susan Zonia at American University of Antigua and Trinity Health, during 2007.

ANSWER:

INTERROGATORY NO. 14:

State and all medical degree(s) earned by Susan Zonia.

ANSWER:

INTERROGATORY NO. 15:

When did Susan Zonia take the USMLE Step I exam?

ANSWER:

INTERROGATORY NO. 16:

Did Susan Zonia communicate with Plaintiff prior to December 17, 2007?

ANSWER:

INTERROGATORY NO. 17:

If Interrogatory No. 16 is answered in the affirmative, please state the following information with regarding to said communication(s):

A.   Date(s) of all communication between Plaintiff and Susan Zonia prior to December 17, 2007.
B.   The location(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
C.   The duration(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
D.   Any and all known witnesses to all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
E.   Any and all known individual(s) involved with all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
F.   The subject matter of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.

ANSWER:   Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 18:

State the names, and positions held by any and all individual(s) referred to as "we" in the correspondence attached as **Exhibit 1.**

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 19:

State the names, and positions held of any and all individual(s) who participated in the Grievance Committee hearing against Plaintiff on December 19th, 2007.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 20:

How many Grievance Committee hearings against AUA students took place between 2006, and

2008.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 21:

State the outcome and/or recommendation resulting from each of the Grievance Committee hearings against AUA students between 2006, and 2008.

ANSWER: Objected to  as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably  calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 22:

Identify what documents, and testimony you intend to set forth to substantiate the claims of Mr. Woodward's "attitude and demeanor" as stated in Exhibit 1.

ANSWER: Objected to as seeking attorney work product.

INTERROGATORY NO. 23:

Have Defendants addressed Mr. Woodward regarding attitude and demeanor at St Joseph, prior to December 17, 2007?

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably  calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 24:

If Interrogatory No. 23 is answered in the affirmative, please state the following information with regarding to said communication(s):

A. Date(s) of all communication between Plaintiff and Defendants prior to December 17, 2007.

B. The location(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

C. The duration(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

D. Any and all known witnesses to all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

E. Any and all known individual(s) involved with all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

F. The subject matter of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 25:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly "vented his anger toward the program" as stated in Exhibit 1.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 26:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly engaged in unreasonable dialogue with representative of the school as stated in Exhibit 1.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 27:

State the employment description(s), and title(s) held by Dr. John Hayden at American University of Antigua and Trinity Health, during 2007.

ANSWER: Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 28:

Why did Dr. John Hayden state his appreciation for Plaintiff "feedback and the suggestions" as referenced in the correspondence attached as Exhibit 2.

ANSWER: Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 29:

Prior to December 17, 2007, did Susan Zonia have knowledge of the correspondence attached as Exhibit 2.

ANSWER:

INTERROGATORY NO. 30:

Prior to December 17, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 2.

ANSWER:

INTERROGATORY NO. 31:

Prior to December 17, 2007, did Susan Zonia have knowledge of the correspondence attached as Exhibit 3.

ANSWER:   Objected to as seeking irrelevant information and not reasonably
          calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 32:

Prior to December 17, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 3.

ANSWER:   Objected to as overly broad, vague and unable to be answered in the
          manner promulgated.

INTERROGATORY NO. 33:

On or before December 19, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 2.

ANSWER:   Objected to as overly broad, vague and unable to be answered in the
          manner promulgated.

INTERROGATORY NO. 34:

On or before December 19, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 3.

ANSWER:   Objected to as overly broad, vague and unable to be answered in the
          manner promulgated.

INTERROGATORY NO. 35:

When did Mr. Woodward state "waste of time" as reference in Exhibit 1.

ANSWER:

INTERROGATORY NO. 36:

State the date(s), time(s), and locations of any and all exams which Mr. Woodward allegedly sabotaged "by giving the same response to all questions to simply to get it over with." Exhibit 1.

ANSWER:

INTERROGATORY NO. 37:

State the basis for the statement that Mr. Woodward was "sabotaging" exams. Exhibit 1.

ANSWER:

INTERROGATORY NO. 38:

What were Mr. Woodward's evaluation scores for professionalism and communication skills between 2006 and 2007?

ANSWER:

INTERROGATORY NO. 39:

When and why was Mr. Woodward contacted via pager by Defendant?

ANSWER:

INTERROGATORY NO. 40:

Did Mr. Woodward ever fail to return Defendants' communication via pager.

ANSWER:

INTERROGATORY NO. 41:

If your answer in Interrogatory No. 40 is yes, state your basis for failing to contact, or Dr Brietenbach's office, or Plaintiff via telephone?

ANSWER:

INTERROGATORY NO. 42:

When did Mr. Woodward's pager number change?

ANSWER:

INTERROGATORY NO. 43:

State your basis for denying Mr. Woodward legal counsel or a recording device during his Grievance Committee hearing.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 44:

State the full and complete basis for the grievance procedures against Plaintiff on December 19, 2007.

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 45:

Did Defendant(s) inform Plaintiff of the full and complete basis for the grievance procedures
against Plaintiff held on December 19, 2007.

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 46:

When was Plaintiff first informed of the grievance procedures scheduled for December 19, 2007.

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 47:

Did Plaintiff submit written request for continuance of the Grievance Committee hearing
scheduled for December 19, 2007.

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 48:

Did Plaintiff submit written reason for the request for continuance of the Grievance Committee
hearing scheduled for December 19, 2007.

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 49:

State the basis for denying Plaintiff's request for a continuance of the Grienvance Committee
hearing on December 19, 2007.

ANSWER:  Objected to  as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 51:

Did Plaintiff provide written statement of appeal in accordance to the American University of
Antigua Handbook?

ANSWER:  No.

INTERROGATORY NO. 52:

On June 23, 2008, did Defendant(s) receive email containing Plaintiff's written notice of appeal
including attached exhibits?

ANSWER:  Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 53:

Did you Defendant(s) a hard copy of Plaintiff's written notice of appeal with attached exhibits on or before June 27, 2008?

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
        the discovery of admissible evidence.

INTERROGATORY NO. 54:

State the basis for denying Plaintiff's written appeal on or before June 27, 2008.

ANSWER: Objected to  as irrelevant and not reasonably calculated to lead to
        the discovery of admissible evidence.

## INSTRUCTIONS FOR REQUEST FOR DOCUMENTS

a.  You must serve a written response within 28 days after service of this request. Your response must state that production and related activities will be permitted as requested or that the requested production is objected to, in which event the reasons for your objection must be stated.

b.  Documents produced for inspection must be produced as they are kept in the usual course of business or be organized and labeled to correspond with the categories in this request.

c.  If you do not agree to allow the requested production at a reasonable time and on reasonable conditions, a motion may be filed seeking a court order requiring the requested production.

d.  The word "documents" means writings, drawings, graphs, charts, photographs, computer files, and other data compilations from which information can be obtained and translated into reasonably usable form.

e.  The words "you" and "your" mean you, your representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates, and all others over whom you have control.

f.    The words "possession, custody, or control" mean all documents and things belonging to

you that are in your possession, all documents and things belonging to others over which

you have custody, and all documents and things in the custody of others over which you

have the right to control.

## DOCUMENTS REQUESTED

REQUEST NO. 1

All documents and evidence related to the answers, explanations, and denials to the Plaintiff's Complaint set forth in the Defendant's Answer to Complaint as well as the allegations contained in Defendant's Motion for Summary Disposition.

RESPONSE:    Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 2

Provide all minutes, and records of evidence considered at the October, 2006 Grievance Committee hearing against Plaintiff.

RESPONSE:    Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 3

Provide copies of all reports, findings, and recommendations from the October, 2006 Grievance Committee hearing against Plaintiff.

RESPONSE:    Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 4

Provide copies of minutes, and records of evidence considered at the December, 19, 2007 Grievance Committee hearing against Plaintiff.

RESPONSE:    Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5

Provide copies of all reports, findings, and recommendations used to form the basis of Dr. Bell's recommendation to dismiss Plaintiff from American University of Antigua College of Medicine.

RESPONSE:    Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 6

Provide copies of minutes, and records of evidence considered at the July 10, 2008 hearing on Plaintiff's appeal.

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 7

Provide copies of all reports, findings, and recommendations used to form the basis of denying Plaintiff's appeal his dismissal from American University of Antigua College of Medicine.

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 8

Provide copies of all relevant provisions of the University's Student Handbook which allegedly require a "de novo review of the charges against you (Plaintiff) and of your defenses." (see attached correspondence).

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.  No Attached correspondence.

REQUEST NO. 9

Produce a copy of the petition that Elizabeth Bullot and Lakedra Evens wrote to Defendant(s) between 2006 and 2007.

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.  No Attached correspondence.

REQUEST NO.10

All documents and evidence related to any Affirmative Defenses.

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.  No Attached correspondence.

REQUEST NO. 11

Any and all documents to be relied upon at trial including.

RESPONSE:  Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.  No Attached correspondence.

Respectfully submitted,

LAW OFFICE OF DAVID B. GUNSBERG, P.C.

David B. Gunsberg (P24235)
Attorney for Defendants
322 North Old Woodward Ave.
Birmingham, MI  48009
248-646-9090

October 14, 2008

# THE ECONOMIC TIMES

Mon, Nov 08, 2010 | Updated 07.27AM IST

5 DEC, 2008, 12.57AM IST, SARAH JACOB AND BOBY KURIAN,ET BUREAU

## Manipal Education buys out Antigua University

**6.5 Hours of Calls For $1** | Pingo.com : Try Pingo
Today and Get 20% Off Cheap Calling Card Rates!

Ads by Google

BANGALORE: In one of the biggest cross-border deals in the education space, Manipal Education has acquired the entire shareholding of American University of Antigua (AUA) from New York-based Greater Caribbean Learning Resources.

Manipal Education confirmed the buyout, but did not disclose the transaction size. However, sources said the company has raised $115 million debt financing from ICICI Bank in recent weeks, which will be ploughed into the buyout as well as capex requirements for ramping up the campus.

ET first reported on the potential acquisition in its edition dated October 7. The Caribbean is a well-established market for medical students from the US mainland, where the availability of seats far outstrips demand. "We have completed the buyout, giving us control over AUA, which is among the top five medical education campuses in the Caribbean islands along with St George's University School of Medicine and Ross University," Anand Sudarshan, MD & CEO, Manipal Education, told ET.

"We saw a huge potential and strategic value in the acquisition as the Caribbean serves the unmet demand for medical seats in the US. The US is estimated to have 16,800 medical seats, while there are over 60,000 students who clear MCAT annually," Mr Sudarshan added.

AUA currently has over a 1,000 students on campus; the number will go up to 2,500 after Manipal builds a new campus in the near future. The US is currently short of over 75,000 doctors, and Manipal is keen on exploiting this opportunity by focussing on the Caribbean education industry.

Coupled with proximity to the US mainland and the secular nature of the US medical education system — which allows even AUA students to take the US Medical Licensing Examination — the Caribbean has become a cost-effective alternative for US students to secure a medical degree.

The deal marks Manipal Education's third M&A in 18 months. It had earlier acquired U21 Global, an online varsity, and MeritTrac, a skills assessment and testing firm. Manipal Education, in which the promoters hold 82% stake, has attempted to raise between $100 and $150 million from private equity investors. Before the market meltdown, banking sources said, the company's valuation was placed at around $1.2 billion, making it probably the most valuable privately-owned education asset in the country.

Manipal Education, which is primarily into medical education with campuses in Malaysia, Nepal and Dubai, is estimated to end the current financial year with a topline of $200 million.

**Get a Quote**

Type Company Name

**Browse Companies**

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z | 1 2 3 4 5 6 7 8 9

---

Home | News | Markets | Personal Finance | Mutual Funds | Infotech | Jobs | Opinion | Features | Videos | My Portfolio

**Other Times Group news sites**
Times of India | इकनॉमिक टाइम्स
ઈકોનોમિક ટાઈમ્સ | Mumbai Mirror
Times Now | Indiatimes
नवभारत टाइम्स | महाराष्ट्र टाइम्स

**Living and entertainment**
Timescity | iDiva | Bollywood | Zoom

**Networking**
itimes | Dating & Chat | Email

**Hot on the Web**
Hot klix | Restaurants in Mumbai
Buy Mobiles | Katrina Kaif
Diwali Gifts
Kaun Banega Crorepati

**Services**
Book print ads | Online shopping | Business solutions | Book domains | Web hosting
Business email | Free SMS | Free email | Website design | CRM | Tenders | Remit
Cheap air tickets | Matrimonial | Ringtones | Astrology | Jobs | Property | Buy car
eGreetings

About us / Advertise with us / Careers @ TIL / Terms of use / Privacy Policy / Feedback / Sitemap / Code of Ethics

Copyright© 2010 Times Internet Limited. All rights reserved.



**EXHIBIT 5**

 **anta** and companies
connect with customers

Sign In | **New to Manta?** Join Free What's Manta?

Looking for New Businesses?
Check Out Manta New Business Select.

**Check out Manta's NEW shareable visualization tool, Chart It.** Visit the Manta blog for ideas on how to use Chart It. | **Close**

Search more than 60 million companies | Browse Companies | Find Resources
| **U.S. Worldwide** | **Business Topics U.S. Jobs Videos**

U.S. » New York (NY) » Healthcare » General Medical and Surgical Hospitals » Hospital, Medical School Affiliation » **Greater Caribbean Learning Resources, Inc**

**Company Profile** | **Reports** | **Map** | **Web Results**

## Greater Caribbean Learning Resources, Inc, American Univ Antigua College

501 5th Avenue
New York, NY 10017-6107 *map*
**Phone:** (212) 661-8899
**Website:** information not found

Is this your company?

**Company Profile Options**

Add this company to a list

Alert me if something changes

Print this page

Share this page

Ads by Google

Ads by Google

Medical Billing & Admin Learn skills in as few as 30 weeks! Start class now in Flint or Davison

The ads are not affiliated with Greater Caribbean Learning Resources, Inc

0 0
Like

**About Greater Caribbean Learning Resources, Inc**
Is this your company? Claim This Profile

Greater Caribbean Learning Resources, Inc is a private company categorized under Hospital, Medical School Affiliation and located in New York, NY. Our records show it was established in 2003 and incorporated in New York. Current estimates show this company has an annual revenue of 1,200,000 and employs a staff of approximately 14.

**Health Care Administrator**
Get the Medical Administration Certificate Training You Want Near You!
info.Everest.edu

**Healthcare Administration**
Find Healthcare Administration Jobs Information at Business.com
www.business.com

**Healthcare Admin Schools**
Find Healthcare Admin Schools Here. Request Free Info to Learn More.
Healthcare-Schools.info

Ads by Google

**Business Categories**

Hospital, medical school affiliation in New York, NY

General Hospital

General Medical and Surgical Hospitals

View newly formed U.S. businesses

**Company Contacts**
Is this your company? Claim This Profile

 Neal Simmon
President

Search for more contacts

**Greater Caribbean Learning Resources, Inc Business Information**
Greater Caribbean Learning Resources, Inc also does business as American Univ Antigua College .

**Manta Members Connected to this Company**

Do you work here?
Add this company to your member profile.

**Manta Members Who Viewed This Company Profile**

YOU
Sign In or Register to Join Manta

**Related Searches**

Other companies that match "greater caribbean learning resources"

Jobs in New York, NY

All U.S. Hospital, Medical School Affiliation

**EM Physician Openings**
The Right Place to Practice and The Right Place to Grow.
schumachergroup.com/

**Hospital Jobs**
Find local hospital jobs. Search your listings at Local.com.
HospitalJobs.Local.com

**TeamHealth**
Leader in emergency medicine and hospitalist staffing and management
www.teamhealth.com

**Psychiatric Hospital**
Treatment Center for Women's Psych. Issues. Medicare/Insurance/Self Pay
www.HollywoodPavilion.com

**Director of Nursing**
Great long term care opportunity Excellent pay and benefits
www.midmichigan.org/careers

| | |
|---|---|
| **Location Type** | Single Location |
| **Annual Sales (Estimated)** | 1,200,000 |
| **Employees (Estimated)** | 14 |
| **SIC Code** | 8062, General Medical and Surgical Hospitals |
| **NAICS Code** | 622110, General Medical and Surgical Hospitals |
| **Products, Services and Brands** | Information not found |
| **State of Incorporation** | New York |

**Related Companies**

State University Of New York Health Science Center At Syracuse
Hospital, Medical School Affiliation in Brooklyn, NY

Columbia Univ/Dystonia Med
Hospital, Medical School Affiliation in New York, NY

Yeshiva University
Hospital, Medical School Affiliation in Bronx, NY

North Shore - Long Island Jewish Health System, Inc.
Hospital, Medical School Affiliation in Great Neck, NY

North Shore - Long Island Jewish Health System, Inc.
Hospital, Medical School Affiliation in Manhasset, NY



**EXHIBIT** 6

Click on the reports tab at the top of the page to research company background, detailed company profile, credit and financial reports for Greater Caribbean Learning Resources, Inc. Reports often include a complete predictive and historical analysis with payment and financial information; information on the identity, operations, profitability and stability of Greater Caribbean Learning Resources, Inc; Details on the company's history, the business background of its management, special events and recent company news. Download Greater Caribbean Learning Resources, Inc. financial and company reports.

*Data above provided by D&B © Dun and Bradstreet, Inc. All rights Reserved.*

Companies by Location: New York, NY

| Business Topics | Browse Companies | Resources | Manta Links |
|---|---|---|---|
| Small Business | U.S. | Videos | About Manta |
| Sales Expertise | Australia | Jobs | Contact Manta |
| Human Resources | Canada | Reports | Media Resources |
| Travel | UK | White Papers | FAQ |
| Franchise | Worldwide | | Advertise With Us |
| Technology | Recently Updated | | Site Map |

Copyright © Manta Media Inc. All rights reserved    Privacy Policy    Note: Our Terms & Conditions have changed 6/15/10    Custom Access

Blog  Twitter  Facebook

11/7/2010 9:40 PM



**Step I v. GPA**

**EXHIBIT 7**

| From Beginning with AUA | Step 1 | GPA |
|---|---|---|
| **Abdullah, Sirhan** | **61** | **2.28** |
| **Adamu, Hephzibah** | **58** | **2.22** |
| **Ajala, Khaalisha** | **81** | **2.44** |
| Abdullah, Sirhan | 61 | 2.52 |
| Ahmadi, Yunus | 75 | 3.00 |
| Ajayi, Olumide | 80 | 2.71 |
| Akitan, Abosede | 82 | 3.35 |
| August, Mihenka | 65 | 2.44 |
| Bastien, Carl-Frederic | 78 | 2.20 |
| Beckwith, Micheal | 78 | 3.63 |
| Beranger, Alexandria | 72 | 2.93 |
| Boakye, Kwaku | 64 | 2.08 |
| Bohnert, Shannon | 54 | 2.62 |
| Cafiero, Ralph | 65 | 2.45 |
| Cheruku, Sreekanth | 95 | 2.88 |
| Crew Erica | 76 | 3.22 |
| Dabas Vivek | 75 | 2.00 |
| Devaney, Thomas | 59 | 1.60 |
| Dhillon, Rupeet | 49 | 1.89 |
| El-Sherif, Dana | 77 | 2.06 |
| Eni, Eni | 63 | 3.12 |
| Falter, Keith II | 87 | 3.57 |
| **Fasihy, Shahram** | **71** | **2.81** |
| Felix,Ashvin | 70 | 2.25 |
| France, Kenneth | 75 | 2.88 |
| Ghani, Helai | 81 | 2.40 |
| Gnanashekar, Ephraim | 69 | 2.27 |
| Gray, Sanjiv | 98 | 3.67 |
| Hadawy, Angel | 71 | 2.62 |
| Haddad, Mousa | 65 | 2.50 |
| Hang, Tammy | 67 | 1.93 |
| Harden, Kimberly | 77 | 2.33 |
| Hasselfeld, Randi | 87 | 2.94 |
| **Huda, Sophia** | **69** | **2.39** |
| Isacoff, Adam | 76 | 2.53 |
| Jackson, Larry | 73 | 2.58 |
| Johnsen, Jay | 84 | 3.57 |
| Jones, Takaya | 78 | 2.93 |
| Kalaria, Neha | 74 | 2.43 |
| Kannankeril, Joe | 56 | 2.43 |
| Kaur, Harjeet | 73 | 2.73 |
| Kohli, Navreet | 68 | 2.60 |
| Kurien, Alvin | 61 | 1.90 |
| Lapikov, Vitaliy | 78 | 2.50 |
| Lhungay, Cherie | 83 | 3.14 |
| **Lima. Ateaya** | **66** | **2.51** |
| Merkley, Kenneth | 66 | 2.71 |
| Miskin, Chandrabhaga | 76 | 3.13 |
| Monroe, Mariam | 55 | 2.31 |
| Muhammad, Aqeel | 70 | 2.20 |
| Nakhwal, Sukhminder | 61 | 2.75 |

2

| | | |
|---|---|---|
| Nwagbo, Anthonia | 66 | 2.75 |
| Okoro, Philip | 67 | 2.80 |
| Okoronkwo, Earnest | 67 | 2.47 |
| Olorunnisola, Moses | 71 | 3.71 |
| Oyelowo, Doyin | 78 | 3.29 |
| Pate, Amy | 91 | 3.13 |
| Pate, Judy | 65 | 2.40 |
| Patel, Samir | 77 | 3.00 |
| Patel,Amit | 98 | 2.47 |
| **Patel, Bhavika** | **78** | **3.06** |
| **Pennisi, Dominic** | **68** | **2.14** |
| **Petrova, Veronika** | **55** | **2.64** |
| **Polynice, Judette** | **93** | **3.33** |
| **Rao, Panisri** | **76** | **2.60** |
| **Rao, Ryan** | **99** | **3.44** |
| **Ray, Asheesh** | **86** | **2.25** |
| **Romanik, Nikki** | **59** | **2.61** |
| **Saleh, Tarek** | **80** | **2.38** |
| **Sarathchandra, Janaka** | **59** | **1.82** |
| **Schroeder, Hilary** | **59** | **2.54** |
| **Selvarajah, Priya** | **69** | **1.76** |
| **Shodunke, Temitope** | **72** | **2.94** |
| **Shoja, Pantea** | **83** | **3.75** |
| **St.Denis, Anthony** | **78** | **2.82** |
| **Tadros, Adeeb** | **68** | **2.00** |
| **Tahir, Hina** | **76** | **2.35** |
| **Tammara, Anita** | **70** | **2.04** |
| **Thoman, Stacey** | **79** | **2.86** |
| **Thomas, Lisa** | **69** | **2.57** |
| **Tiwana, Raju** | **69** | **2.40** |
| **Torabi, Radmehr** | **99** | **2.67** |
| **Toussaint, Pierrette** | **67** | **2.33** |
| **Uppal, Amandeep** | **76** | **2.87** |
| **Vijayan, Pravin** | **69** | **2.72** |
| **Yun, Roderick** | **71** | **2.07** |
| **Zverinsky, Aleksandr** | **62** | **1.54** |

| Transfer Students | Step 1 | GPA | From Beginning with AUA | Step 1 | GPA |
|---|---|---|---|---|---|
| | | | Adu-Sarkodie, Nana | did not sit | |
| | | | Adu, Tameka | did not sit | |
| **Abdul-Hak, Hassane** | **did not sit** | | Adesope, Stella | did not sit | |
| | | | Adamu, Hephzibah | 58 | |
| Aguilera, Francia | 68 | 4.00 | Abdullah, Sirhan | 61 | 2.52 |
| | | | **Aguiar, Martine** | did not sit | |
| | | | **Ahmad, Ala** | did not sit | |
| | | | **Ahmed, Anjum** | did not sit | |
| Ali, Husam | 60 | 2.20 | Ahmadi, Yunus | 75 | 3.00 |
| | | | **Ajala, Khaalisha** | 81 | |
| Addhavarapu, Venkatesh | 67 | 2.25 | Ajayi, Olumide | 80 | 2.71 |
| | | | **Akpata, Emmanuel** | did not sit | |
| | | | **Akujobi, Chizoma** | did not sit | |
| Ali, Husam | 60 | | Alcalde, Tara | did not sit | |
| | | | **Ali, Waseem** | did not sit | |
| Andhavarapu, Venkatesh | 67 | | Ansari, Osama | 81 | 4.00 |
| | | | **Ansari, Rashid Moin** | did not sit | |
| | | | **Anthony, Sandra** | did not sit | |
| | | | **Atabbi, Ali** | did not sit | |
| | | | Akitan, Abosede | 82 | 3.35 |
| | | | | | |
| Ashley, Cherrise | 64 | 2.22 | August, Milhenka | 65 | 2.44 |
| August, Elizabeth | 80 | 3.00 | **Aziz, Ammarah** | did not sit | |
| | | | **Azizian, Neda** | did not sit | |
| **Bagenholm, Allyson** | **76** | **4.00** | **Brown-Joseph, Ann-Marie** | did not sit | |
| | | | **Bangthamai, Tara** | did not sit | |
| | | | Bastien, Carl-Frederic | 78 | 2.20 |
| Baghdasarian, Ara | **did not sit** | | Beckwith, Micheal | 78 | 3.63 |
| Baker, Iyad | 88 | 3.50 | Beranger, Alexandria | 72 | 2.93 |
| Barrett, Shean | 68 | 3.50 | Boakye, Kwaku | 64 | 2.08 |
| **Bangthamai, Tara** | **did not sit** | | **Bansgopaul, Dillon** | did not sit | |
| **Basque, Carl-Frederic** | **did not sit** | | Beranger, Alexandria | 72 | |
| **Batra, Amit Paul** | **did not sit** | | **Bastien, Carl-Frederic** | 78 | |
| **Belpulsi, Danamarie** | **65** | | **Bhati, Amar** | did not sit | |
| **Bhosle, Sangram** | **did not sit** | | **Beckwith, Micheal** | 78 | |
| | | | **Boakye, Kwaku** | 64 | |
| | | | **Bernot, Sindy** | did not sit | |
| | | | **Brar, Preetkanwal(Rimy)** | did not sit | |
| Budhraja, Vikram | 86 | | **Brumett, William** | did not sit | |
| | | | Bohnert, Shannon | 54 | 2.62 |
| Betz, Milica | 87 | 3.67 | Cafiero, Ralph | 65 | 2.45 |
| Bhaskarla, Niveditha | 76 | 3.50 | Cheruku, Sreekanth | 95 | 2.88 |
| Budhraja, Vikram | 86 | 3.42 | Crew Erica | 76 | 3.22 |
| Chineme, Jessica | 71 | 4.00 | Dabas Vivek | 75 | 2.00 |
| Chumak, Maxim | 77 | 3.67 | Devaney, Thomas | 59 | 1.60 |
| Corbin, Aaron | 68 | 2.60 | Dhillon, Rupeet | 49 | 1.89 |
| Crespo-Valez, Carmen | 62 | 4.00 | El-Sherif, Dana | 77 | 2.06 |
| Davis, Barbara | 73 | 3.25 | Eni, Eni | 63 | 4.00 |
| Decoteau, Carlond | 55 | 3.00 | Falter, Keith II | 87 | 3.57 |
| Esmaeili, Ehsan | 75 | 4.00 | Felix,Ashvin | 70 | 2.25 |
| Faustin, Guerry | 78 | 2.64 | France, Kenneth | 75 | 2.88 |

4

| | | | | | |
|---|---|---|---|---|---|
| Ferrol, Isaline | 75 | 2.63 | Ghani, Helai | 81 | 2.40 |
| Franklin, Bina | 75 | 4.00 | Gnanashekar, Ephraim | 69 | 2.27 |
| Freier, Richard | 79 | 4.00 | Gray, Sanjiv | 98 | 3.67 |
| Gonzalez, Claudia | 40 | 2.00 | Hadawy, Angel | 71 | 2.62 |
| Ioffe, Julia | 76 | 3.58 | Haddad, Mousa | 65 | 2.50 |
| Jain, Atul | 70 | 3.00 | Hang, Tammy | 67 | 1.93 |
| Jiansakul, Thanavut | 83 | 3.78 | Harden, Kimberly | 77 | 2.33 |
| Kamash, Tamer | 64 | 2.50 | Hasselfeld, Randi | 87 | 2.94 |
| Kidd, Vicki | 79 | 4.00 | Isacoff, Adam | 76 | 2.53 |
| Knowles-James,Cerise | 68 | 2.43 | Jackson, Larry | 73 | 2.58 |
| Kodali, Smila | 75 | 3.13 | Johnsen, Jay | 84 | 3.57 |
| Kumar, Seema | 80 | 2.71 | Jones, Takaya | 78 | 2.93 |
| Lafond, Fritzanella | 71 | 3.00 | Kalaria, Neha | 74 | 2.43 |
| Lanphear, Eric | 64 | 4.00 | Kannankeril, Joe | 56 | 2.43 |
| Linkowski, Micheal | 59 | 2.71 | Kaur, Harjeet | 73 | 2.73 |
| Loza, Alejandro | 75 | 4.00 | Kohli, Navreet | 68 | 2.60 |
| Marin, Louis | 77 | 3.00 | Kurien, Alvin | 61 | 1.90 |
| Martin, Ravonna | 72 | 4.00 | Lapikov, Vitaliy | 78 | 2.50 |
| Oprea, Micheal | 82 | 4.00 | Lhungay, Cherie | 83 | 3.14 |
| Oyedepo, Babadele | 79 | 3.82 | Merkley, Kenneth | 66 | 2.71 |
| Panchal, Roshni | 77 | 4.00 | Miskin, Chandrabhaga | 76 | 3.13 |
| Patel, Bhavika | 78 | 3.06 | Monroe, Mariam | 55 | 2.31 |
| Patel, Dipesh | 80 | 3.00 | Muhammad, Aqeel | 70 | 2.20 |
| Patel, Rupal | 77 | 3.70 | Nakhwal, Sukhminder | 61 | 2.75 |
| Preciado Jeffrey | 39 | 3.00 | Nwagbo, Anthonia | 66 | 2.75 |
| Rakalla, Gurvinder | 46 | 3.00 | Okoro, Philip | 67 | 2.80 |
| Reilly, Thomas | 95 | 3.88 | Okoronkwo, Earnest | 67 | 2.47 |
| Robinson, Gail | 59 | 3.50 | Olorunnisola, Moses | 71 | 3.71 |
| Roever, Christopher | 71 | 4.00 | Oyelowo, Doyin | 78 | 3.29 |
| Rojas, Luis | 78 | 3.67 | Pate, Amy | 91 | 3.13 |
| Shahani, Monica | 76 | 4.00 | Pate, Judy | 65 | 2.40 |
| Soresen, Hollie | 64 | 3.50 | Patel, Samir | 77 | 3.00 |
| Shahzad, Humara | 69 | 3.00 | Patel,Amit | 98 | 2.47 |
| Soyoye, Tajudeen | 78 | 4.00 | | | |
| Stair, Erin | 80 | | | | |
| Stevenson, Clinton | 57 | 3.50 | | | |
| Syed, Hassan | 68 | 3.00 | | | |
| Thomas, Debra | 58 | 3.00 | | | |
| Thomas, Lisa | 69 | 2.69 | | | |
| Woodard, Jameson | 89 | 3.89 | | | |
| Zimmerman, Sara | 72 | 4.00 | | | |
| Lambert, Nahesi | 76 | 3.11 | | | |
| Martin, Nathan | 64 | 2.25 | | | |

|  | Vth Semester May 07 |  |  |  |
|---|---|---|---|---|
|  | **Baltimore** | **E-mail** | **GPA** | **Proj. I** |
| 1 | Beheshtin, Darya | daryabeheshtin@yahoo.co | 2.27 | 61.21212 |
| 2 | Dube, Alok | alook@yahoo.com | 1.71 | 44.24242 |
| 3 | Fokkoun-Ngassa, Emm | tbajou@yahoo.com | 3.00 | 83.33333 |
| 4 | Gaymes, Bianca | bgaymes@yahoo.com | 1.92 | 50.60606 |
| 5 | Glasgow, Maurene | maureneglasgow@hotmail | 3.33 | 93.33333 |
| 6 | Grover, Neha | nehaliji@yahoo.com | 2.00 | 53.0303 |
| 7 | Kay, Aras | araskay@gmail.com | 2.08 | 55.45455 |
| 8 | Lecavalier, Annie | lecavaliera@hotmail.com | 3.55 | 100 |
| 9 | Leonard, Sara | sara6610@hotmail.com | 2.57 | 70.30303 |
|  |  |  |  |  |
| 10 | Lukanda, Clarisse | claracuty83@hotmail.com | 1.69 | 43.63636 |
| 11 | Mathai, James | jmathai@mac.com | 1.77 | 46.06061 |
| 12 | Meek, Steven | meek00211@yahoo.com | 2.07 | 55.15152 |
| 13 | Meredith, Mary Elisabe | marylew99@hotmail.com | 2.27 | 61.21212 |
| 14 | Nicholson, Thema | tnicholson@excite.com | 1.69 | 43.63636 |
| 15 | Ogunlade, Olubusola | sola247@yahoo.com | 2.91 | 80.60606 |
| 16 | Oolut, Jessica | j_oolut@hotmail.com | 2.23 | 60 |
| 17 | Sharif, Yasmin | ysharif8@yahoo.com | 2.50 | 68.18182 |
| 18 | Soltani, Sanaz | nickysoltani@gmail.com | 2.36 | 63.93939 |
| 19 | Sridhar, Abiram | mysriram@aol.com | 1.38 | 34.24242 |
|  |  |  |  |  |
| 20 | Wayal, Vinay | vwayalmd@gmail.com | 1.64 | 42.12121 |
| 21 | Jastrzembski, Kelly | kd-jazzerj@cox.net | 2.36 | 63.93939 |
| T 23 | Merrill, Veronika | vdenae@hotmail.com |  | -7.575758 |
| T 23 | Rayan, Adrian | adnanrayan@gmail.com |  | -7.575758 |
| 24 | Ahsan, Afzal |  |  | -7.575758 |

6

American University of ...ua College of Medicine
V Semester - Preliminary Clinical Training
Pontiac Michigan - St Joseph: Mercy Oakland

## Final Grades by Component - Fall, 2007

| | Code | Attendance 10% | | Prac Session 5% | | Outpatient Ex 5% | | Verbal Prest 5% | | Portfolio 10% | | Quizzes 35% | | Written Ex 20% | | | Practical Ex 10% | | Final | Final Grade Adjusted | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Score | PT | Score | PT | Score | PT | Score | PT | Score | PT | Scor | PT | Score | Curve | PT | Score | PT | | | |
| 1 | Hampel, Nicola | 92 | 9.2 | 92 | 4.6 | 100 | 5.0 | 100 | 5.0 | 100 | 10.0 | 54 | 18.9 | 77 | 81 | 16.2 | 95 | 9.5 | 78 | C | |
| 2 | Jayadeep, Simbia | 100 | 10.0 | 100 | 5.0 | 80 | 4.0 | 100 | 5.0 | 100 | 10.0 | 57 | 20.1 | 80 | 84 | 16.8 | 95 | 9.5 | 79 | C | |
| 3 | Ozuomba, Michael | 100 | 10.0 | 100 | 5.0 | 83 | 4.2 | 100 | 5.0 | 100 | 10.0 | 56 | 19.6 | 70 | 74 | 14.8 | 80 | 8.0 | 77 | F | (1) |
| 4 | Chheda, Vishal | 75 | 7.5 | 75 | 3.8 | 86 | 4.3 | 100 | 5.0 | 100 | 10.0 | 62 | 21.7 | 86 | 90 | 18.0 | 75 | 7.5 | 76 | C | |
| 5 | Bulat, Elizabeth | 100 | 10.0 | 100 | 5.0 | 96 | 4.8 | 100 | 5.0 | 100 | 10.0 | 70 | 24.4 | 84 | 88 | 17.6 | 85 | 8.5 | 83 | B | |
| 6 | Evans, Lekedra | 100 | 10.0 | 100 | 5.0 | 96 | 4.8 | 100 | 5.0 | 100 | 10.0 | 65 | 22.6 | 73 | 77 | 15.4 | 85 | 8.5 | 83 | C(-) | (1) |
| 7 | Woodward, Steve | 100 | 10.0 | 100 | 5.0 | 95 | 4.8 | 100 | 5.0 | 100 | 10.0 | 62 | 21.6 | 71 | 75 | 15.0 | 80 | 8.0 | 80 | F | (3) |
| 8 | Paras, Chahal | 100 | 10.0 | 100 | 5.0 | 92 | 4.6 | 100 | 5.0 | 100 | 10.0 | 58 | 20.4 | 79 | 83 | 16.6 | 80 | 8.0 | 81 | B | |
| 9 | Hamed, Mousa | 100 | 10.0 | 100 | 5.0 | | 0.0 | 100 | 5.0 | 100 | 10.0 | 70 | 24.4 | 87 | 92 | 18.4 | 93 | 9.3 | 82 | B | (3) |
| 10 | Kristen, Nico | 100 | 10.0 | 100 | 5.0 | | 0.0 | 100 | 5.0 | 100 | 10.0 | 68 | 23.9 | 78 | 82 | 16.4 | 80 | 8.0 | 83 | B | (4) |

(1)   Failed Final Exam. Remedial score 78. Final Grade: C(-)
      Failed Final Exam. Has not taken remedial
(3)   Failed Final Exam. Did take remedial and failed
      Did not have OP rotation. Toal score / 95
(4)   Did not take OP rotation. Total Score / 95

**EXHIBIT 8**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND



STEVEN WOODWARD,

    Plaintiff,

v.

TRINITY HEALTH-MICHIGAN,
a Michigan Nonprofit corporation,
SUSAN CATHERINE ZONIA, an Individual,
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,
a Foreign corporation,

    Defendants.

"OAKLAND"
"COUNTY" 07-088103-CZ

JUDGE SHALINA KUMAR
WOODWARD,STEV v TRINITY HEAL1

_____/

| NICOLETTI & ASSOCIATES, P.C. | LAW OFFICE OF DAVID B. GUNSBERG, P.C. |
|---|---|
| Paul J. Nicoletti (P44419) | David B. Gunsberg (P24235) |
| *Attorney for Plaintiff* | *Attorney for Defendants Trinity Health-* |
| 39520 Woodward Avenue, Suite 200 | *Michigan and Susan Catherine Zonia; Co-* |
| Bloomfield Hills, MI 48304 | *Counsel for Defendant American University of* |
| 248.203.7800 | *Antigua College of Medicine* |
| | 322 North Old Woodward Avenue |
| | Birmingham, MI 48009 |
| | 248.646.9090 |

LAW OFFICES OF BRYAN L. SCHEFMAN
Bryan L. Schefman (P35435)
*Attorney for Defendant American University*
    *of Antigua College of Medicine*
322 North Old Woodward Ave.
Birmingham, MI 48009
248-723-1650

_____/

# DEFENDANTS TRINITY HEALTH-MICHIGAN and SUSAN ZONIA'S CASE EVALUTION STATEMENT

## DATE & TIME:

8:40 a.m., January 22, 2009

## EVALUATORS:

Robert L. Stefani, Douglas C. Bernstein, Thomas J. Gagne 

**EXHIBIT**

In any event, in early December 2007, underline before Dr. Zonia's December 17 letter, Woodward took and underline failed the fifth semester Final Exam.  AUA required an 80% score to pass the final exam.  Based on AUA's curve for the exam, which was set by AUA in Antigua, Woodward scored a 75% on the final exam.  Woodward received an "F" for the fifth semester.[2]

Woodward appealed his dismissal (but not the "F" for fifth semester) to Neil Simon at AUA.  An appeal hearing was scheduled for July 10, 2008, but (again) Woodward refused to appear.  The appeal was (apparently) denied.  Zonia was not involved in the scheduling of the appeal procedures.

Woodward has not invoked in any appeals of his failing grade, requested to retake the fifth semester, sought readmission to AUA, or tried to enter any other medical school.  Since December 2007, Woodward has been living on a sailing yacht in St. Maarten, scuba diving.

AUA issues a Student Handbook (**Exhibit 9**) which has disciplinary procedures. Woodward claims the Student Handbook is a "contract" between Woodward and AUA which was "interfered with" by Dr. Zonia.  Woodward acknowledged that the AUA Disciplinary Committee could consider his unprofessional behavior and discipline him, underline including dismissal (Woodward Dep., pp. 149-150).  In his amended complaint, which was untimely filed and not served, Woodward claims that the "breach" by AUA was that he was not given a "timely" appeal hearing on July 10, 2008, i.e. within 14 days of filing his appeal.  Woodward, however, testified that he made a conscious decision not to

---

[2] Woodward claims he actually passed the final exam, but he never appealed his failing grade, although allowed to appeal under the Student Handbook.



L A W   O F F I C E
of
D A V I D   B .   G U N S B U U G

November 3, 2008

Paul J. Nicoletti, Esq.
39520 Woodward Ave, Suite 200
Bloomfield Hills, MI 48304

    Re:   Steven Woodward v Trinity Health-Michigan, et al
          Case No. 07-088103-CZ / Judge Shalina Kumar

Dear Mr. Nicoletti:

Enclosed please find Defendants Trinity Health-Michigan and Susan Catherin Zonia's Answer to Plaintiff's Motion for Entry of Default and Judgment, Brief in Support of Answer to Plaintiff's Motion for Entry of Default and Judgment, and Proof of Service.

Very truly yours,

David B. Gunsberg

DBG/lsm
Encl(s)

RECEIVED
NOV 0 4 2008
BY:- - - - - - - - - - - - - - - - - - -



3 2 2   N o r t h   O l d   W o o d w a r d   A v e n u e ,   B i r m i n g h a m ,   M i c h i g a n   4 8 0 0 9
2 4 8 . 6 4 6 . 9 0 9 0   T e l e p h o n e   /   2 4 8 . 9 0 1 . 0 3 7 7   F a c s i m

**EXHIBIT 10**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

STEVEN WOODWARD,

        Plaintiff,

v.

                                   "OAKLAND" "COUNTY"   07-088103-CZ

TRINITY HEALTH-MICHIGAN,
a Michigan Nonprofit corporation,
SUSAN CATHERINE ZONIA, an Individual,
AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,
a Foreign corporation,

                JUDGE SHALINA KUMAR
                WOODWARD,STEV  v  TRINITY HEALT

        Defendants.

| NICOLETTI & ASSOCIATES, P.C. | LAW OFFICE OF DAVID B. GUNSBERG, P.C. |
|---|---|
| Paul J. Nicoletti (P44419) | David B. Gunsberg (P24235) |
| *Attorney for Plaintiff* | *Attorney for Defendants Trinity Health-Michigan* |
| 39520 Woodward Avenue, Suite 200 | *and Susan Catherine Zonia* |
| Bloomfield Hills, MI 48304 | 322 North Old Woodward Avenue |
| 248.203.7800 | Birmingham, MI 48009 |
| | 248.646.9090 |

LAW OFFICES OF BRYAN L. SCHEFMAN
Bryan L. Schefman (P35435)
*Attorney for Defendant American University of Antigua*
      *College of Medicine*
322 North Old Woodward Ave.
Birmingham, MI 48009
248-723-1650

**Brief in Support of Answer to Plaintiff's Motion for Entry of Default and Judgment**

## STATEMENT OF FACTS

***The Case:***

      This is a Motion to Compel Discovery in a meritless case in which Plaintiff "washed out" of the fifth semester of his second year at the American University of Antigua Medical School (AUA). This case is not about

*2*

**From:** Eric A Buikema (ebuikema@cardellilaw.com)
**To:** steve_l_woodward@yahoo.com;
**Date:** Wed, November 3, 2010 5:58:29 PM
**Cc:**
**Subject:** Re: AUA v Woodward- deposition

We will file a motion and seek costs of same in that event

On Nov 3, 2010, at 4:11 PM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:

> I will not be available tomorrow as previously stated.
>
> This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.
>
> **From:** Eric A Buikema <ebuikema@cardellilaw.com>
> **To:** Steve Woodward <steve_l_woodward@yahoo.com>
> **Cc:** Kathryn Zalewski <kzalewski@cardellilaw.com>
> **Sent:** Wed, November 3, 2010 11:06:45 AM
> **Subject:** Re: AUA v Woodward- deposition
>
> We will expect to see you tomorrow then.
>
> Regards,
>
> Eric Buikema
>
> On Nov 3, 2010, at 10:55 AM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:
>
>> I will be unavailable all next week.
>>
>> I am will not disclose any exhibits at this time per FRC 26(d)(3).
>>
>> Steven Woodward
>>
>> This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under



applicable law. If you are not the intended recipient, do not read, copy, or forward this email
message or any attachments. Delete this email message and any attachments immediately.

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Tue, November 2, 2010 4:46:23 PM
**Subject:** AUA v Woodward- deposition

      Mr. Woodward,

      Mr. Buikema is available on Monday, November 8 at 10:00 a.m. for your deposition.  Please advise
of your availability as soon as possible.

Sincerely,

Kathy Zalewski
Legal Secretary
Cardelli, Lanfear & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under
applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or
use of the information contained herein (including any reliance thereon) is **strictly prohibited**.  If you received this
transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy
format.  Thank you.