UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

   Plaintiff,

                United States District Court Judge
                Patrick J. Duggan, presiding
                Michael Hluchaniuk, referral
V                 Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

   Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## **PLAINTIFF'S SECOND MOTION TO ADJOURN SCHEDULING ORDER DATES**

   Plaintiff further moves for a second extension of the scheduling order dates pursuant to Fed. R. Civ. P. 16 and LR 40.2 as follows:

   1.  On November 1, 2010, the Court entered a new scheduling order allowing for discovery since during the prior discovery period the case was either stayed or Defendant was in default. (Docket No. 44).

   2.  Following the Court's order, Plaintiff attempted in good faith to conduct discovery, including a deposition of Defendant.

1

3. Defendant refused to appear for his duly noted deposition despite Plaintiff's attempts to accommodate him and the Court's denial of his motion for protective order.

4. As a result of Defendant's conduct, Plaintiff was forced to file a Motion to Compel. (Docket No. 47).

5. This motion was referred to Magistrate Judge Michael Hluchniuk. (Docket No. 47).

6. Magistrate Judge Hluchniuk entered a scheduling order relative to Plaintiff's motion. (Docket No. 55).

7. As part of this order, the Court will not hear argument on this motion until December 22, 2010 at 11:00am[1]. (Docket No. 55).

8. However, under the Court's present scheduling order, discovery will again cut off on December 31, 2010. (Docket No. 44).

9. Should the Court grant Plaintiff's motion, there will only be nine remaining days of discovery (including the Christmas holiday) in which to conduct this deposition.

10. Similarly, should follow up or further discovery be necessary as a result of Defendant's deposition, there will not be ample time to do so under the current discovery window[2].

11. While other discovery sent to Defendant is not yet due, Plaintiff anticipates the necessity of additional motions to compel given Defendant's recalcitrance to submit to a routine deposition.

12. Fed. R. Civ. P. 16(b)(4) allows the Court to modify a scheduling order with the Judge's consent for good cause.

---

[1] Plaintiff notes that the date of this motion's hearing was delayed partly because the Court's struck Defendant's response as defective and is affording him an opportunity to correct the errors. (Docket No. 54).
[2] Plaintiff further notes that it would not have the benefit of receiving an reviewing this deposition transcript in order to issue follow up discovery.

13. Local Rule 40.2 provides that upon timely application and good cause shown, a Continuance may be granted.

14. Fed. R. Civ. P. 29(b) states that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial."

15. Given that no substantial discovery has occurred and that the Court will not hear Plaintiff's Motion to Compel Defendant's Deposition (Docket No. 47) until a mere nine days before the discovery cutoff date, good cause is merited for adjourning the scheduling order dates in this matter.

Accordingly Plaintiff respectfully requests that the Court enter an order adjourning the scheduling order dates 90 days such that discovery may be conducted.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                              United States District Court Judge
                              Patrick J. Duggan, presiding
                              Michael Hluchaniuk, referral
V                                 Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

---

## BRIEF IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO ADJOURN SCHEDULING ORDER DATES

i

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES .................................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................... iv

STATEMENT FACTS ............................................................................................... v

DISCUSSION ............................................................................................................ 1

    I.    GOOD CAUSE EXISTS FOR ADJOURNING SCHEDULING ORDER DATES IN THIS MATTER ................................................. 1

CONCLUSION .......................................................................................................... 2

## CONTROLLING AUTHORITIES

**Page(s)**

**Cases:**

*Campbell v. Griffin*, 265 Fed. Appx. 269, 271 (5th Cir., 2008) ................................................. v

**Federal Rules**

Fed R. Civ. P. 16(b) ............................................................................................................... v

Fed R. Civ. P. 29.................................................................................................................. vi

Local Rule 40.2 ................................................................................................................... vi

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.    Does good cause exist to merit adjourning scheduling order dates in this matter 90 days where Defendant refuses to submit to a deposition and Plaintiff will not know until nine days prior to the discovery cutoff whether or not it will be entitled to Defendant's deposition?

Plaintiff says:    Yes.

## STATEMENT OF FACTS

The Court granted an order reopening discovery for good cause. (Docket No. 44). Plaintiff sent Defendant discovery requests[3]. Plaintiff noticed Defendant's deposition and took reasonable steps to accommodate his legitimate scheduling concerns. Defendant refused to appear for his duly noted deposition despite the Court's denial of his motion for protective order. As a result of Defendant's conduct, Plaintiff was forced to file a Motion to Compel. (Docket No. 47).

The Court referred the matter to Magistrate Judge Michael Hluchniuk. (Docket No. 48). Magistrate Judge Hluchniuk entered a scheduling order on November 17, 2010 which delays hearing on the motion until December 22, 2010 at 11am[4]. (Docket No. 55).

As the Court knows, the present scheduling order (Docket No. 44) cuts discovery off on December 31, 2010. In light of the proximity between the hearing on Plaintiff's Motion to Compel and the cutoff date, Plaintiff makes the instant motion for a 90 day adjournment.

## STANDARD OF REVIEW

**Fed. R. Civ. P. 16(b)** governs scheduling orders. Fed. R. Civ. P. 16(b)(3) allows the Court to modify a scheduling order with the judge's consent for good cause. It provides that "[a] schedule may be modified only for good cause and with the judge's consent." A motion to amend the scheduling order is reviewed for an abuse of discretion. *Campbell v. Griffin*, 265 Fed. Appx. 269, 271 (5th Cir., 2008), citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir., 1979).

---

[3] These requests remain outstanding. Plaintiff anticipates that the Court's intervention will be necessary once these responses become due.
[4] Plaintiff notes that this date is so far in the future partly because the Court struck Defendant's response as defective. (Docket No. 54).

**Fed. R. Civ. P. 29** allows for the parties to stipulate to certain elements regarding discovery procedure. However "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." *Id.* Accordingly this motion is necessarily brought in order to obtain the Court's approval in adjourning the scheduling order dates.

Further, Plaintiff relies on **Local Rule 40.2** which provides that upon timely application and good cause shown, a Continuance may be granted. LR 40.2 provides that the dates for trial and pretrial shall go on the dates set "unless, on timely application and good cause shown, the cases are continued."

## DISCUSSION

### I. *Good Cause Exists for Adjourning Scheduling Order Dates in this Matter*

Plaintiff anticipates that the Court will ultimately end up granting its Motion to Compel Defendant's deposition. However, Plaintiff will not know this until December 22, 2010. Assuming that Plaintiff is able to schedule and take Defendant's deposition prior to the end of the year, no transcript will be available and Defendant will not be able to conduct any follow up discovery within the Court's discovery window.

Similarly, while not technically due yet, discovery to Defendant is outstanding. Given Defendant's recalcitrance to presenting for a routine deposition, Plaintiff anticipates the necessity of further motions to compel discovery responses or motions to determine the sufficiency of the same.

Given that no substantial discovery has occurred and that the Court will not hear Plaintiff's Motion to Compel Defendant's Deposition (Docket No. 47) until a mere nine days before the discovery cutoff date (which would in turn not allow for any discovery following Defendant's deposition), good cause is merited for adjourning the scheduling order dates in this matter.

1

## *CONCLUSION*

Accordingly Plaintiff respectfully requests that the Court enter an order adjourning the scheduling order dates 90 days such that discovery may be conducted.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067/(248) 544-1100
ebuikema@cardellilaw.com

Dated: November 22, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Second Motion to Adjourn Scheduling Order Dates, Brief in Support and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on November 22, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

2