UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

   Plaintiff,

                   United States District Court Judge
                   Patrick J. Duggan, presiding
                   Michael Hluchaniuk, referral
V                   Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

   Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS AND MOTION FOR DISMISSAL

  Plaintiff American University of Antigua College of Medicine ("AUA"), through Counsel, states its response to Defendant's Motion for Sanctions and Motion for Dismissal (Docket No. 51) as follows:

  1.  Defendant in his instant motion somehow contends that Plaintiff's act of updating information on its medical school website somehow demonstrates that the prior information was false and that he is accordingly entitled to summary judgment and an order of sanctions. This defies logic and the instant motion must be denied with prejudice.

1

2. Defendant has not established that any of his allegedly defamatory statements are, in fact, true.

3. Similarly, Defendant's claim that Plaintiff publishes false information on its website it completely irrelevant and tangential to the issues in this case—namely whether Defendant defamed Plaintiff or violated Plaintiff's marks. As such, the vast majority of his motion must be disregarded as irrelevant.

4. Defendant seeks summary judgment, yet fails to allege a prima facie case for summary judgment and fails to assert any grounds entitling him to summary judgment.

5. Further, Defendant failed to comport with the rules regarding motion practice and did not (a) include a brief supporting his motion[1]; (b) cite to any to authority in support of his motion[2]; (c) seek concurrence[3]; or (d) otherwise conform his motion to LR 5.1.

6. Similarly, Defendant has already brought not one, but two prior dispositive motions on the same grounds, in violation of LR 7.1(b)(2)'s prohibition on multiple dispositive motions[4]. (See Docket No. 16 and 27). Defendant did not seek or obtain leave of the Court to file this motion.

7. The Court denied Defendant's prior motions as he failed to demonstrate that he was entitled to judgment. (Docket No. 37).

8. Defendant's instant Motion (Docket No. 51) merely presents the same irrelevant and tangential issues and does not establish that he is entitled to judgment as a matter of law. As such, the instant motion should be denied.

---

[1] Required by LR 7.1(d)(1), and requiring a concise statement of the issues presented and the controlling or most appropriate authority. LR 7.1(d)(2).
[2] Required by Fed. R. Civ. P. 11(b)'s requirement that claims be supported by existing law or a nonfrivolous argument for extending, modifying or reversing existing law or establishing new law.
[3] Required by LR 7.1(a).
[4] Plaintiff notes that defendant was well aware of this fact as this issue was briefed in Plaintiff's Motion for Rule 11 Sanctions (Docket No. 32).

9. Finally, to the extent that Defendant seeks sanctions (presumably under Fed. R. Civ. P. 11), he failed to specifically identify any sanctionable content, failed to do so via a separate motion and failed to utilize the safe harbor provision of Fed. R. Civ. P. 11(c)(2) of serving the motion and allowing correction of the allegedly sanctionable content.

Wherefore, Plaintiff respectfully requests that Defendant's Instant Motion (Docket No. 51) be denied and that the Court exercise its inherent authority and sanction Defendant for wasting all parties' time with this frivolous filing.

                          Respectfully submitted,

                          /s/ Eric A. Buikema (P58379)
                          Eric A. Buikema (P58379)
                          Cardelli, Lanfear & Buikema, P.C.
                          322 West Lincoln Avenue
                          Royal Oak, Michigan 48067
                          (248) 544-1100
                          ebuikema@cardellilaw.com

Dated: November 29, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                              United States District Court Judge
                                  Patrick J. Duggan, presiding
                                  Michael Hluchaniuk, referral
V                                       Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS AND MOTION FOR DISMISSAL**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................... iv

OVERVIEW ............................................................................................................. 1

STATEMENT FACTS .............................................................................................. 1

STANDARD OF REVIEW ....................................................................................... 2

DISCUSSION ........................................................................................................... 4

      I.     SANCTIONS ARE IMPROPER ......................................................... 4

      II.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
           MUST BE DENIED ........................................................................... 6

CONCLUSION ........................................................................................................ 8

# CONTROLLING AUTHORITIES

|  | Page(s) |
|---|---|

**Cases:**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d (1986) ................................................................................................................ 4

*Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) ................................................................................................................. 4

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405; 110 S. Ct. 2447; 110 L. Ed. 2d 359 (1990) ................................................................................................... 3

*ICU Med., Inc. v. Alaris Med. Sys.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009) ................... 2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct 1348, 89 L.Ed. 2d 538 (1986) ............................................................................ 3, 6

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) ................... 2

**Federal Rules**

Fed R. Civ. P. 7 ............................................................................................................ 6

Fed R. Civ. P. 11 ................................................................................................. passim

Fed. R. Civ. P. 56 ............................................................................................ 1, 3, 4, 6

Local Rule 5.1 ............................................................................................................. 7

Local Rule 7.1 ..................................................................................................... 1, 6, 7

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I. Should the Court deny Defendant's request for sanctions where the allegedly sanctionable conduct consists only of a medical school routinely updating and maintaining its website?

      Plaintiff says:    Yes.

      Defendant says:    No.

II. Should the Court deny Defendant's request for sanctions where he failed to utilize the "safe harbor" provision of Fed. R. Civ. P. 11(c)(2)?

      Plaintiff says:    Yes.

      Defendant says:    No.

III. Should the Court deny Defendant's Third Motion for Summary Judgment where he fails to allege a prima facie case for summary judgment, does not assert any grounds entitling him to summary judgment and fails to comply with any of the rules governing dispositive motion practice?

      Plaintiff says:    Yes.

      Defendant says:    No.

## OVERVIEW

This is Defendant's third Motion for Summary Judgment, filed without leave of the court and in violation of LR 7.1(b)(2). He fails to assert a claim under Fed. R. Civ. P. 56 entitling him to summary judgment and the instant motion should be denied. Similarly, Defendant seeks sanctions for Plaintiff updating its website. These are frivolous claims and should properly be denied.

## STATEMENT OF FACTS

If the instant motion sounds familiar to the Court, it is because Defendant filed substantially the same "motion for dismissal" not once, but twice before. (See Docket Nos. 16 and 27[5]). Defendant's instant motion is based on the ground that Plaintiff updated its website and somehow spoliated evidence to his detriment. Similarly, Defendant contends that because Plaintiff updated its website that this somehow reflects on the veracity of the prior content versus the thousands of other reasons why Plaintiff might update its medical school website.

Defendant's motion makes a number of defamatory accusations accusing Plaintiff of criminal activities. These are unsupported and are irrelevant to the claims and defenses in this matter[6]. These statements are illustrative of the ill-informed and poorly reasoned website that continues to defame Plaintiff's reputation.

For the reasons described below, Defendant's instant motion (Docket No. 51) must be denied.

---

[5] Plaintiff notes that Defendant did not obtain leave of the Court before filing this third dispositive motion. See LR 7.1(b)(2).
[6] While Plaintiff's allegations of defamation are outlined in its verified complaint (Docket No. 1), it reserves the right to seek redress for the publication of these statements.

1

## *STANDARD OF REVIEW*

**Sanctions.** A motion for sanctions under Fed. R. Civ. P. 11 provides that every representation made to the court carries with it certain representations. These representations include:

> **(b) Representations to the Court.**
> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Cases interpreting the rule have developed a two step analysis for assessing whether a violation occurred: "(1) whether the ... [relevant document] is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *ICU Med., Inc. v. Alaris Med. Sys.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009) citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Similarly, cases interpreting the subsection regarding bad faith and harassment have held that a party's filing excessive motions (even meritorious ones) could constitute harassment under Fed. R. Civ. P. 11. See e.g. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) citing *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537-38 (5th Cir. 1990).

Where a paper or pleading is signed and filed with the Court in violation of Fed. R. Civ. P. 11(b), the Court may impose sanctions upon the violating party either on motion of a party or of the court's own accord. Fed. R. Civ. P. 11(c)(2)-(3). **If a party does make a motion for sanctions, it must do so via a separate motion and utilize the "safe harbor" provision of Fed. R. Civ. P. 11(c)(2) and serve the motion without filing it and allow for the opposing party to withdraw the challenged "paper, claim, defense, contention , or denial" within 21 days after service. Similarly, a moving party must "describe the specific content that allegedly violates Rule 11(b)."**

The sanction must be "appropriate." Fed. R. Civ. P. 11(c)(1). The nature of the sanction is outlined in the court rules and can contain nonmonetary directives:

> (4) Nature of a Sanction.
> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

A Court's decision whether to award Rule 11 sanctions is reviewed for an abuse of discretion. See e.g. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405; 110 S. Ct. 2447; 110 L. Ed. 2d 359 (1990).

**Summary Judgment.** Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must construe the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct 1348, 89 L.Ed. 2d 538 (1986). In reviewing a motion for summary judgment, the Court determines

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d (1986). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson, supra* at 247-48. Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, . . . upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp., v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

## DISCUSSION

### I. Sanctions are Improper

Here Defendant fails to assert any specific sanctionable conduct. Similarly, he fails to utilize the "safe harbor" provision of Fed. R. Civ. P. 11(c)(2) or make this motion separately from other motions[7]. As such, Defendant's Request for sanctions should properly be denied.

Defendant asserts that Plaintiff, a medical school, by updating its website is somehow spoliating evidence to Defendant's detriment and that this conduct is sanctionable. However, Plaintiff's medical school website is not at issue in this case. The issue is whether Defendant's website defames Plaintiff or infringes on its marks. Similarly, logic and common sense dictate that a medical school be allowed to update and maintain its website in such a way it deems fit.

---

[7] See Fed. R. Civ. P. 11(c)(2).

4

Nothing is sanctionable about this, particularly where Plaintiff's website is not in dispute. This is not Defendant's first frivolous assertion regarding Plaintiff's website. As the Court recalls, Defendant previously moved for a preliminary injunction against Plaintiff's website which was denied. (Docket Nos. 27 and 37).

Finally, even if Plaintiff had done anything sanctionable, Defendant's motion fails as a matter of procedure. Fed. R. Civ. P. 11(c)(2) puts forth specific requirements for a motion for sanctions: "[A] motion for sanctions **must be made separately** from any other motion and must **describe the specific content** that allegedly violates Rule 11(b)." (Emphasis supplied).

Here Defendant's motion was combined with his third motion for summary judgment and was not made separately from other motions. Similarly, as is evident from Defendant's Motion, no specific allegedly sanctionable content was described. In fact, Defendant asserts no representations to the court that were unsupported—instead he takes issue with Plaintiff's other alleged conduct. Even if his assertions were true, they are completely irrelevant as the issues in this case revolve around Defendant's conduct in defaming Plaintiff and infringing on Plaintiff's marks.

Further, if a party does make a motion for Fed. R. Civ. P. 11 sanctions, it must exercise the "safe harbor" provision of Fed. R. Civ. P. 11(c)(2). This requires that the moving party serve the motion without filing it and allow the opposing party to withdraw the challenged "paper, claim, defense, contention, or denial" within 21 days after service. Here Defendant has not done so. Similarly, Defendant was on notice that this was required by the rules given that the Court noted as much in opining on Plaintiff's Motion for Sanctions. (Docket No. 37).

Given Defendant's failure to assert any specific sanctionable conduct, failure to make this motion separately from other motions and failure to adhere to the "safe harbor" provision in the rules, the instant motion for sanctions should be denied.

### *II.    Defendant's Motion For Summary Judgment Must Be Denied*

As the Court is aware, summary judgment is only available in limited circumstances. Despite making three separate summary judgment motions, Defendant still fails to assert a prima facie case for summary judgment or assert any grounds or bases for summary judgment.[8]

While not readily apparent since no procedural or legal bases for this motion were asserted, as Defendant relies on documents other than the pleadings[9], his motion for summary judgment is to be treated as one under Fed. R. Civ. P. 56. Summary judgment is proper under Fed. R. Civ. P. 56 when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must construe the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct 1348, 89 L.Ed. 2d 538 (1986).

Defendant somehow contends that Plaintiff's act of changing and updating its web content is an admission as to the prior content's falsity. This is a ridiculous notion that defies fact and logic. A website owner could elect to change content for any number of reasons. Construing this fact in Plaintiff's favor, no grounds for summary judgment are present based on these purported "admissions."

---

[8] Similarly, Defendant's motion does not comply with the rules of pleading or the local rules governing motion practice. See e.g. Fed. R. Civ. P. 7 and ED Michigan LR 7.1.
[9] Plaintiff notes that the attachments to Defendant's motion are completely irrelevant to the claims and defenses in this matter.

6

More troubling is that Defendant's motion does not even allege the absence of genuine issues of material fact and, as such, does not meet the pleading requirements of Fed. R. Civ. P. 56[10]. Plaintiff further notes that Defendant moved for summary judgment twice before, in violation of LR 7.1(b)(2)'s requirement of leave of the court before multiple dispositive motions be filed. While Defendant may not have been aware of LR 7.1(b)(2) when he filed his first two dispositive motions, he was certainly aware after this issue was briefed in Plaintiff's Motion for Sanctions. (Docket No. 32). Similarly, in that Motion, Plaintiff set forth all of Defendant's procedural failings and rule violations. Defendant still makes no effort or attempt to comply with these rules, such as (a) including a brief supporting his motion[11]; (b) citation to authority[12]; (c) seeking concurrence[13]; or (d) otherwise conforming his motion to LR 5.1.

As the Court recalls, it denied Defendant's prior dispositive motions as he failed to demonstrate that he was entitled to judgment. (Docket No. 37). The same failings are present in the instant motion and it must be denied.

Defendant's motion should be denied, as it does not properly state a claim for summary judgment under Federal Rule of Civil Procedure 56.

---

[10] Plaintiff notes that Defendant was on notice as to the proper standard of review by Plaintiff's response to Defendant's two prior dispositive motions (Docket No. 30).
[11] Required by LR 7.1(d)(1), and requiring a concise statement of the issues presented and the controlling or most appropriate authority. LR 7.1(d)(2).
[12] Required by Fed. R. Civ. P. 11(b)'s requirement that claims be supported by existing law or a nonfrivolous argument for extending, modifying or reversing existing law or establishing new law.
[13] Required by LR 7.1(a).

7

## *CONCLUSION*

Wherefore, Plaintiff respectfully requests that Defendant's Instant Motion (Docket No. 51) be denied and that the Court exercise its inherent authority and sanction Defendant for wasting all parties' time with this frivolous filing.

Respectfully submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion for Sanctions and Motion for Dismissal, Brief in Support and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on November 29, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

8