UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

    Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

V

STEVEN L. WOODWARD,

    Defendant.

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel, states its Response to Defendant's Motion for Protective Order (Docket No. 56) as follows:

1. Defendant seeks a protective order exempting him from the discovery process because he fears that Plaintiff will somehow alter documents produced to it.

2. This request makes no sense since all evidence must be authenticated prior to admission. See e.g. Fed. R. Civ. P. 901 and 902. Similarly, Defendant would ostensibly be in possession of his original documents.

1

3. Plaintiff notes that the instant motion does not seek protection from a deposition as depositions are to be stenographically recorded by a court reporter. See Fed. R. Civ. P. 28 and Fed. R. Civ. P. 30(b)(3)[1].

4. Defendant's motion falls far short of the requirements for a protective order under Fed. R. Civ. P. 26(c).

5. As an initial note, Defendant never "in good faith conferred or attempted to confer …[with defendant] in an effort to resolve the dispute without court action" and did not certify as such as required by Fed. R. Civ. P. 26(c)(1). As such, he fails to make a prima facie case for a protective order and the instant motion must be denied.

6. Further, Defendant's motion does not "state the claim that information, otherwise discovery is either privileged or subject to protection" or disclose "the nature of the documents, communications, or things not produced or disclosed, to enable the court to assess application of the privilege or protection" as required by LR 26.4.

7. Without such disclosures, the Court cannot adequately consider whether adequate grounds for an order are present. As such, the instant motion must be denied.

8. Similarly, Defendant does not allege the "good cause" or potential for "annoyance, embarrassment, oppression, or undue burden or expense" necessary for the court to enter an order. Fed. R. Civ. P. 26(c)(1).

9. Instead, Defendant argues that he should be completely exempt from the discovery process. However, Plaintiff has a right to depose and seek discovery from a party defendant. See e.g. Fed. R. Civ. P. 30(a)(1) and Title V of the Federal Rules of Civil Procedure.

10. No good cause is present for entry of a protective order.

---

[1] While Defendant previously sought a protective order from deposition on the grounds that he has no attorney (Docket No. 43), this motion was denied. (Docket No. 44). Defendant has not reasserted and has thus abandoned this argument.

Wherefore Plaintiff requests that this Honorable Court Deny Defendant's instant Motion (Docket No. 56) and enter an order requiring him to participate in the discovery process. Plaintiff further requests an order of costs, including attorney fees for defending against this motion. Fed. R. Civ. P. 37(a)(5)(B).

/s/ Eric A. Buikema (P58379)  
Eric A. Buikema (P58379)  
Cardelli, Lanfear & Buikema, P.C.  
322 West Lincoln Avenue  
Royal Oak, Michigan 48067  
(248) 544-1100  
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                              United States District Court Judge
                                    Patrick J. Duggan, presiding
                                     Michael Hluchaniuk, referral

V                                              Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI  48507<br>Steve_L_woodward@yahoo.com |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

i

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................. iii

CONCISE STATEMENT OF THE ISSUES PRESENTED .......................................... iv

OVERVIEW ............................................................................................................................. 1

STATEMENT FACTS ............................................................................................................ 1

STANDARD OF REVIEW .................................................................................................... 2

DISCUSSION ........................................................................................................................... 3

    I.    DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SHOULD BE DENIED ............................................................................. 3

    II.    THE COURT SHOULD ORDER DEFENDANT TO PARTICIPATE IN DISCOVERY ........................................................... 6

    III.    AN AWARD OF COSTS IS APPROPRIATE ..................................... 6

CONCLUSION ........................................................................................................................ 7

# CONTROLLING AUTHORITIES

**Cases:**                                                  **Page(s)**

*Bogan v City of Boston*, 489 F.3d 414, 423 (1st Cir, 2007) .................................................. 2

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir., 2000) ................................................................................................................... 5

*Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 450 (E.D. PA, 2002) ............................ 3

*McNeil v. United States*, 508 U.S. 106, 113 (1993) ............................................................. 5

**Federal Rules**

Fed. R. Civ. P. 5 ................................................................................................................... 5

Fed R. Div. P. 11 ................................................................................................................. 5

Fed R. Civ. P. 26 ......................................................................................................... passim

Fed R. Civ. P. 37 ......................................................................................................... 3, 6, 7

Fed. R. Civ. P. 901 ............................................................................................................... 4

Fed R. Div. P. 902 ............................................................................................................... 4

Local Rule 5.1 ...................................................................................................................... 5

Local Rule 7.1 ................................................................................................................... 3, 5

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I.  Whether the Court should deny Defendant's Motion for Protective Order (Docket No. 56) as it is unsupported by good cause and otherwise fails to comport with the Court Rules?

        Plaintiff says:      Yes.

        Defendant will say:  No.

## OVERVIEW

Defendant filed the instant motion for protective order (Docket No. 56) to prevent Plaintiff from obtaining any evidence from him. However Defendant presents no authority or good cause for completely exempting himself from the discovery process and the instant motion should be denied as Defendant's motion does not even allege a prima facie case for a protective order. Further, pursuant to Fed. R. Civ. P. 26(c)(3), Plaintiff requests sanction Defendant for bringing this frivolous motion.

## STATEMENT OF FACTS

As the Court recalls, this is a rather simple case which is conflicted by its rather confusing procedural history. In brief summary, Plaintiff's Complaint in this matter was filed on March 11, 2010 alleging that Defendant's website, www.aua-med.com contains defamatory statements and trademark violations.

A default was entered on July 16, 2010 for Defendant's failure to answer. (Docket No. 14). A number of motions followed. The Court resolved the default and pending motions in an opinion and order dated October 6, 2010. (Docket No. 37). As a result of the Court setting aside the default, Plaintiff promptly sought a reopened discovery period via a motion filed on October 11, 2010. (Docket No. 38). The Court granted this motion and entered a new scheduling order. (Docket No. 44[2]).

In light of the Court's new scheduling order and reopened discovery period, on November 8, 2010, Plaintiff served on defendant Interrogatories, Requests for Admissions and

---

[2] Plaintiff notes that a second Motion to Adjourn is pending before the Court (Docket No. 59). The grounds for this second motion are that Plaintiff failed to appear for his deposition and hearing on the associated motion to compel is set only days before the discovery period is set to expire. This motion has similarly been referred to Magistrate Judge Hluchaniuk.

1

Requests for Production of Documents. (Docket No. 50, Proof of Service). Similarly, Plaintiff noticed a deposition of Defendant and worked with him to accommodate his legitimate scheduling concerns. However, Defendant failed to appear for this deposition and a motion to compel is pending. (Docket No. 47). Defendant responded to this motion with a motion for protective order and his response. (Docket No. 53). However, as the matter had been referred to Magistrate Judge Hluchaniuk, the Court struck Defendant's Motion for improperly combining a motion for protective order and a response to a motion to compel. (Docket No. 54). Plaintiff responded to the Motion to Compel without any reference to the instant Motion for Protective Order. (Docket No. 57). The Court then ordered that the instant motion (Docket No. 56) be decided by Magistrate Judge Hluchaniuk. (Docket No. 58).

The instant motion (Docket No. 56) asserts that Defendant ought be completely exempt from the discovery process. For the reasons discussed below, this contention is wholly without merit and sanctionable.

## *STANDARD OF REVIEW*

A Motion for Protective order is governed by Fed. R. Civ. P. 26(c). This rule requires that the motion be supported by good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Similarly, the rule requires that the motion include a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* The trial court has considerable discretion in deciding a motion for protective order and will only be reversed for an abuse of discretion. See e.g. *Bogan v City of Boston*, 489 F.3d 414, 423 (1st Cir, 2007).

2

Similarly, the local rules impose additional burdens on a party seeking a protective order. The moving party is required to "state the claim that information, otherwise discovery is either privileged or subject to protection" or disclose "the nature of the documents, communications, or things not produced or disclosed, to enable the court to assess application of the privilege or protection." See LR 26.4.

Where a Court denies a motion for protective order in whole or in part, the court "may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). Similarly, should the Court deny a motion for protective order, it may award costs. Fed. R. Civ. P. 26(c)(3). These costs are apportioned pursuant to Fed. R. Civ. P. 37(a)(5)(B) and include "reasonable expenses incurred in opposing the motion, including attorney's fees."

## DISCUSSION

### I.   *Defendant's Motion for a Protective Order Should be Denied*

Defendant does not meet a number of threshold matters in achieving a protective order and Defendant's motion is procedurally deficient and must be denied.

#### A.   <u>Defendant Fails to State a Prima Facie Case for his Motion</u>

In order to meet Fed. R. Civ. P. 26(c)'s test for issuance of a protective order, "[t]he motion must include a certification that the movant has in good faith conferred or attempted confer with the other affected parties in an effort to resolve the dispute without court action." Here Defendant failed both to include the certification in his motion and failed to seek resolution without court action[3]. Failing to provide the necessary certification is grounds for denying a motion for protective order. See *Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 450 (E.D. PA, 2002).

---

[3] Plaintiff notes that the Local Rules require a movant to seek concurrence in all motions. LR 7.1(a).

3

Similarly, a motion for protective order must meet additional criteria under the local rules. See LR 26.4. Here Defendant's motion does not "state the claim that information, otherwise discovery is either privileged or subject to protection" or disclose "the nature of the documents, communications, or things not produced or disclosed, to enable the court to assess application of the privilege or protection" as required. *Id.*

As Defendant fails to state a prima facie case for a protective order, his instant motion must be denied.

Similarly, a protective order may only be issued for limited circumstances and when the same arise to "good cause." These circumstances include "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Here Defendant fails to assert one of these conditions or state facts that arise to one of these conditions. As such, Defendant's Motion must be denied.

B.  *No Good Cause is Present to Protect Defendant from Discovery*

Should the Court be inclined to entertain the substance of Defendant's Motion, he still fails to present the requisite good cause necessary to issue a protective order. Here Defendant asserts that the Court should completely exempt him from the discovery process. As the Court knows, there are absolutely no grounds to wholly remove a party from discovery.

The assertion that Plaintiff might somehow alter documents is absurd. Plaintiff neglects the fact that all evidence must be authenticated prior to admission. See e.g. Fed. R. Civ. P. 901 and 902. Nothing that Defendant could produce to Plaintiff could possibly prevent Defendant from later challenging the authenticity or foundation for admission of the same. Similarly, Defendant would ostensibly be in possession of his original documents. He concedes having made copies of his proposed exhibits and would surely retain a copy of whatever he produced.

4

As Defendant fails to present good cause to merit issuing a protective order, the instant motion should be denied.

C. *Defendant's Motion is Procedurally Deficient*

Defendant's Motion is sorely lacking in compliance with the Court's Rules of Procedure. The Court rules require that motions be supported by briefs. See LR 7.1(d)(1)(A). These briefs must comply with LR 5.1. LR 7.1(d)(1)(B). LR 5.1 provides for the technical requirements of filing, including that all paper must be double spaced with standard margins, etc[4]. LR 7.1(d)(2) provides the form of the brief, which requires a concise statement of the issues presented and the controlling or most appropriate authority for the relief sought. As Defendant failed to include a brief, he similarly failed to meet the requirements of the brief. More troubling is that Defendant failed to provide any citation to authority to suggest that his motion is warranted by existing law. See Fed. R. Civ. P. 11(b)(2). Similarly, Defendant failed to include a certificate of service as required by Fed. R. Civ. P. 5(d). Finally, as discussed above, Defendant never sought concurrence in his motion as required by LR 7.1(a) and Fed. R. Civ. P. 26(c)(1).

Defendant may not claim that he is unaware of these requirements as they were articulated in Plaintiff's Motion for Rule 11 Sanctions (Docket No. 32). Despite reading and replying to this motion (Docket No. 35), Defendant has made no serious attempt to correct his practice of filing frivolous papers which do not comport with the Court's rules. However, "a willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir., 2000). Similarly, the Supreme Court noted that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113

---

[4] Plaintiff notes that Defendant's motion is not adequately double spaced.

5

(1993). The Court should not tolerate this deliberate ignorance of its rules and the numerous procedural failings in Defendant's motion alone should be reason enough to deny it.

## II. *The Court should Order Defendant to Participate in Discovery*

As discussed above, the Court has ample grounds for denying Defendant's motion. In the course of denying such motion, the Court should, pursuant to Fed. R. Civ. P. 26(c)(2) and 37(a), order Defendant to participate in the civil discovery process in good faith.

While ordinarily no such motion to enforce discovery obligations is necessary, Defendant's recalcitrance to submitting for a deposition or providing any information whatsoever merits the Court issuing an affirmative order requiring Defendant to comply[5].

## III. *An Award of Costs is Appropriate*

Should the Court deny Plaintiff's Motion, pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)(B), Defendant requests an order of reasonable expenses incurred in opposing the motion, including attorney's fees. Such a request is warranted as Defendant's motion is not substantially justified. Similarly no other circumstances make an award of expenses unjust. As such, should the Court deny Defendant's Motion, Plaintiff requests the opportunity to present a bill of costs.

---

[5] While Defendant argues that he wishes this litigation be expedited (see Docket No. 63) his stonewalling tactics have made this impossible.

6

## *CONCLUSION*

Wherefore Plaintiff requests that this Honorable Court Deny Defendant's instant Motion (Docket No. 56) and enter an order requiring him to participate in the discovery process. Plaintiff further requests an order of costs, including attorney fees for defending against this motion. Fed. R. Civ. P. 37(a)(5)(B).

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion for Protective Order, Brief in Support of Plaintiff's Response to Defendant's Motion for Protective Order and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 7, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)