Case 2:10-cv-10978-PJD-MJH

FILED
2010 DEC -9 P 4: 16
U.S. DISTRICT COURT CLERK
E. DIST. MICH
FLINT

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                    CASE No.: 2:10-cv-10978-PJD-MJH
                                        Judge Patrick J. Duggan
                                        Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

**Defendant's Reply to Plaintiff's Response to Defendant's Motion for Protective Order.**

**Defendant's Reply to Plaintiff's Response to Defendant's Motion for Protective Order.**

**Laws and Local Rules**
Federal Rule 37 (b) Failure to Comply with a Court Order
Federal Rule 7.1 Disclosure Statement
18 U.S.C. 1506, Altering Records
Federal Rule 11 (b) Representations to the Court
Local Rule 65.1 Motions for Temporary Restraining Orders and for Preliminary Injunctions
Local Rule 7.1(b) Motions for Summary Judgement
Federal Rule 26 (c) Protective Order
Local Rule 26.4 (a) Motions for Protective Order

The Plaintiff has failed to obey Court Orders by not filing a Disclosure Statement as required by Federal Rule 7.1. This demonstrates character of the Plaintiff towards the Defendant by failing to disclose the most basic information.

The Plaintiff admits they have altered their Web site, but their reason for doing so is totally illogical and only demonstrates that it was done in Bad Faith and violation of 18 U.S.C 1506.

The Plaintiff has violated Federal Rule 11 by writing motions and pleadings that are frivolous and without merit or that are intended to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(1) The Plaintiff has failed to obey Court Orders, violating Federal Rule 37(b), by refusing to comply with Federal Rule 7.1 as requested in Docket 51 and Docket 56. Federal Rule 7.1 is the most BASIC form of Discovery of which the Plaintiff refuses to disclose to the Defendant.

**Rule 7.1 Disclosure Statement**

**(a) Who Must File; Contents**

**A nongovernmental corporation party must file 2 copies of a disclosure statement that:**

**(1) identifies any parent corporation and any publicly held corporation owning 10% or more of it's stock; or**

**(2) states that there is no such corporation.**

**(b) Time to Filing; Supplemental Filing.**

**A party must:**

**(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and**

**(2) promptly file a supplemental statement if any required information changes."**

The refusal of the Plaintiff to produce a Disclosure Statement is evidence Bad Faith by the Plaintiff concerning Discovery.

(2) The Plaintiff has admitted that they have altered information on their Web site, www.auamed.org, the Plaintiff has also deleted and/or altered information on www.valuemd.com.

There is no logical reason for deleting and/or altering this evidence before a trial other than Bad faith and violation of 18 U.S.C. 1506.

If the data was accurate it would have only supported the Plaintiff's case, while deleting it would only harm the Defendant's case. If the Plaintiff could confirm and defend this data they should be proud of the data, instead it was deleted and/or altered, making no sense other than this data could not be supported or confirmed.

3

The Plaintiff filed Docket 31 to suppress the Defendant's attempt to obtain data that would verify the truth concerning the information that was published (Defendant's Docket 17.)

The Plaintiff goes so far as to threaten the Defendant in Docket 31 with Motions to Quash such Discovery of the truth of the information that was deleted/altered.

The Plaintiff violated 18 U.S.C. 1506 by deleting and/or altering records.

The Defendant had to spend considerable time and money, while preparing for an upcoming trial, researching and verifying, reviewing, Notarizing, and printing copies of evidence just because the Plaintiff was deleting and/or altering evidence that was previously disclosed to them.

**(3)** The Plaintiff has violated Federal Rule 11(b) by writing improper pleadings and motions that were to harass, cause unnecessary delay, and needlessly increase the cost of litigation.

The Plaintiff has violated Federal Rule 11(b) by writing improper pleadings and motions based on arguments that were previously judged as frivolous and without merit by the Honorable Judge Patrick J. Duggan.

The Honorable Judge Patrick J. Duggan confirms that the Plaintiff's claims are frivolous and without merit.

Quote from the Honorable Judge Patrick J. Duggan during April 19, 2010 hearing:

(a)Docket 19 Transcript: Arguing by Mr. Buikema, page 7, line 4 concerning the Plaitniff's claims of violations of the Lanham Act.

The Court: " **We're going to go to each one of your theories because I'm trying to figure out why you're asserting these theories because it doesn't seem to me your Lanham Act has any merit at all.**"

4

(b)Docket 19 Transcript: Arguing by Mr. Buikema, page 14, line 24 concerning the Defendant's disclosure of student information.

The Court: "**It's just ridiculous. I don't know why you're arguing that. His conduct can't be considered a policy or practice of the University. You said that from the very beginning, it's not. I don't know why you're arguing these claims that have very little, if any, merit.**"

(c)Docket 19 Transcript: Arguing by Mr. Buikema, page 15, line 24 concerning the Defendant's publication of private student information and violation of Family Education Rights and Privacy Act, FERPA.

The Honorable Judge Patrick J. Duggan again confirms the Plaintiff's claims are in fact frivolous and without merit.
The Court: "**It's not tortuous interference.**"

(d)The Honorable Judge Patrick J. Duggan again confirms the Plaintiff's claims are without merit and that the Defendant publishes Facts and the TRUTH. on page 19, line 19

The Court: "**That's the spin you put on it. But the statement itself is true, "AUA students are sexually assaulted", have they?**"

Mr. Buikema: "**An AUA student was sexually assaulted**"


(4)The Honorable Judge Patrick J. Duggan has denied every one of the Plaintiff's

motions for Preliminary Injunction and request Temporary Restraining Orders.

The Plaintiff harasses, oppresses, and causes undue burden and expense on the Defendant

by submitting Document 45 "Plaintiff's Renewed Motion For A Preliminary Injunction".

(a)In this "Renewed Motion" Docket 45 the Plaintiff states on page 2, number 9

"**Plaintiff has a strong likelihood of success on the merits on each of its claims.**" of

which is totally and absolutely untrue based on the ruling already made by the Honorable

Judge Patrick J. Duggan during the April 19, 2010 hearing. The Honorable Judge Patrick

5

J. Duggan ruling concerning the Plaintiff's Document 1 Claims: 4, 17, 21, 22, 23, 37, 47, 48, 49, 50, 51, 53, 55, 56, 57, and 58 are, in part or total, without merit and frivolous.

(b) The Plaintiff frivolously claims in Docket 45 page 2, number 12 "**Additionally the public interest would be served by issuance of injunction**", this statement is totally and absolutely false.

The Plaintiff has disclosed Private Student Information, of which they admit, a Preliminary Injunction would only inhibit those students, that seek justice against the American University of Antigua College of Medicine, from having access to evidence for their case. The disclosure of Private Student Information demonstrates that the Plaintiff does in fact breach student contracts, their own policies, and violates Family Education Rights and Privacy Act, FERPA, 20 U.S.C. 1232 laws for prospective students to witness. The only logical conclusion that can be made is that the Plaintiff is trying to cover-up the truth and obstruct justice to those that suffer because of the Plaintiff.

The Plaintiff has violated Federal Rule 11(b) and harasses, oppresses, and causes undue burden and expense on the Defendant by submitting Document 45, requesting a Preliminary Injunction that can not be supported and which has already been DENIED.

**(5) The Plaintiff has violated Local Rule 65.1.**

Local Rule 65.1 states "Requests for temporary restraining orders and for preliminary injunctions must be made by a separate motion and not by order to show cause.

The Plaintiff has knowingly violated Local Rule 65.1 several times in the course of this case.

(a) The Plaintiff has violated Local Rule 65.1 as demonstrated in Exhibit 1 of Document 1.

Exhibit 1 is "ORDER REGARDING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER". It should be noted that this is considered as Exhibit 1 of Document 1 is assumed to reflect a website homepage of Claim 19 on page 4, demonstrating the lack of forethought by the Plaintiff when writing these frivolous claims or confusion and withholding of information towards the Defendant.

(b) The Plaintiff requests a Permanent Injunction in Document 1, claim 39, violating Local Ruler 65.1. The Plaintiff then writes Document 8 requesting a Preliminary Injunction.

(c) The Plaintiff has violated Local Rule 65.1 again Document 22 for not filing separate motions for a Permanent Injunction request.

(d) The Plaintiff filed Document 45 "Plaintiff's Renewed Motion For A Preliminary Injunction" after the other requests were denied by the Court, further demonstrating harassment, oppression, and undue burden and expense toward the Defendant.

(6) The Plaintiff has violated Local Rule 7.1(b) by requesting summary judgment without obtaining leave of the court. This is just another example of harassment, oppression, and undue burden and expense the Plaintiff has made against the Defendant.

(a) The Plaintiff requests a Summary Judgment against the Defendant in Claim 39 of Document 1.

(b) The Plaintiff requests a Summary Judgment against the Defendant in Document 22, page 3, number 16, without leave of the court

(c) Plaintiff requests a Summary Judgment against the Defendant in Documents 23, page 2, number 6, without leave of the court.

**(7)** The Plaintiff filed Document 13 "Request for Clerks Entry of Default" knowing full well that the Defendant had submitting Document 10 of which answered all the Plaintiff's claims and knowing full well the Defendant's intentions to defend against those claims. The Honorable Judge Patrick J. Duggan "Set Aside" Clerks Entry of Default in Document 37, further proving the Plaintiff filed this action only to harass, oppress, and to cause undue burden and expenses on the Defendant.

The Plaintiff does not have the evidence to support their claims, claims which have already been ruled frivolous and without merit.

The Defendant is entitled to Protective Order per Federal Rule 26(c) because of harassment, oppression, and undue burden and expense caused by the Plaintiff.

The Defendant is entitled to Protective Order per Local Rule 26.4 (a) since the Plaintiff has violated 18 U.S.C. 1506 and has acted in Bad Faith by deleting and/or altering previously disclosed evidence. The Defense has little to no means and no legal counsel to aid in the protection of subject evidence.

It is the understanding of the Defendant that the Plaintiff needs evidence prior to filing Document 1 claims, which is obviously not the situation in this case.

*[signature]*

8