UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                        United States District Court Judge
                                           Patrick J. Duggan, presiding
                                           Michael Hluchaniuk, referral
V                                              Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT'S DEPOSITION

Defendant's Motion is a reiteration of the arguments he recites in his "Motion for Sanctions and for Dismissal[1]" and is devoid of any law or facts supporting his claim that he should be exempt from providing a deposition in this case. As Plaintiff rebutted these frivolous arguments in response to this motion (Docket No. 61), no further attention will be given to these arguments here. For the reasons asserted in Plaintiff's Motion (Docket No. 55) and this reply, the Court should compel Defendant's deposition appearance.

---

[1] See Docket No. 51. Plaintiff notes that this is Defendant's third dispositive motion, in violation of LR 7.1(b)(2).

Defendant's objections to deposition are apparently as follows (a) he could not attend due to scheduling conflicts; and (b) he fears that Plaintiff will alter evidence. Neither of these serves as a sufficient ground in fact or law to exempt a party defendant from providing deposition testimony.

As asserted in Plaintiff's Motion (Docket No. 47), Plaintiff was willing to accommodate Defendant's legitimate scheduling concerns:

> Email from Defendant on November 2, 2010:
> I will not be able to attend the November 4th deposition. The following week is better for me.
>
> Email to Defendant on November 2, 2010:
> Mr. Buikema is available on Monday, November 8 at 10:00 a.m. for your deposition. Please advise of your availability as soon as possible.
>
> Email from Defendant on November 3, 2010:
> I am unavailable all next week.
> I will not disclose any exhibits at this time per FRC 26(d)(3).

See Plaintiff's Motion Exhibits 2, 3, and 4. Plaintiff notes that the grounds Defendant asserted in his response to this motion were that he was unavailable on November 2, 2010 because of an appointment with a Notary Public. As an initial note, "witnessing evidence" for authentication is not an appropriate "Notarial act" which a notary may perform. See MCL 55.265(d)[2]. Both Mr. Woodward and the Notary wasted their time in this regard. Further, there are over 127,000 notaries public in Michigan and an additional 8,000 are commissioned each month[3]. Surely there was some flexibility in terms of moving this appointment or seeing another notary.

Defendant asserts that he was unable to appear for Deposition on November 8, 2010 because he was busy preparing his Motion for Sanctions and for Dismissal (Docket No. 51). For the reasons articulated in Docket No. 61, Defendant's time could have been better spent.

---

[2] Proper notarial acts include witnessing signatures and administering oaths. MCL 55.265(d)
[3] See e.g. http://www.michigan.gov/sos/0,1607,7-127-1638---,00.html

Similarly, this does not explain Defendant's alleged unavailability the entire week of November 8, 2010 when Docket No. 51 was filed on Monday, November 8, 2010.

Following the Court's issuance of a Scheduling Order for this Motion (Docket No. 55), Plaintiff requested to meet and confer with Defendant as required by the order and to see if Defendant would voluntarily appear for deposition prior to hearing on the motion. Exhibit 1.

> Email to Defendant on November 17, 2010:
> The court has now set a hearing on our motion to compel your deposition. It is not until December 22nd. Note that our motion seeks costs and sanctions. Please advise if you are willing to appear for deposition voluntarily, and in lieu of that motion, before December 22, 2010. If so, please provide specific dates. If not, I will see you at the hearing.
>
> Email from Defendant on November 17, 2010:
> I will see you at the hearing on December 22nd.

Exhibit 1. As such, Defendant's scheduling concerns are wholly without merit.

Similarly, Defendant's concerns that Plaintiff will alter evidence are preposterous. Defendant's testimony would be recorded by a duly authorized Court officer and memorialized in a written transcript. See e.g. Fed. R. Civ. P. 28(a) and Fed. R. Civ. P. 30(b)(3). Should Defendant wish to see the qualifications of the Court Reporter, Plaintiff's counsel will direct its reporter to provide the same. Defendant can object to these qualifications on the record, but the examination proceeds. Fed. R. Civ. P. 30(c)(2).

Defendant presents no law or facts to support the proposition that a party should be wholly exempt from deposition. In fact, Fed. R. Civ. P. 30(a) allows a party to depose any person, including an opposing party without leave of the court. Plaintiff duly noticed Defendant's deposition and sought to accommodate his scheduling concerns. Similarly, Plaintiff offered to withdraw the instant motion in exchange for Defendant's attendance at deposition. Exhibit 1. However Defendant refuses to provide this essential discovery and asserts no valid

grounds for withholding the same. As such, the Court should compel Defendant to submit for deposition and order payment of allowable costs and sanctions in the making of this motion.

WHEREFORE, Plaintiff respectfully requests that the Court grant its motion to compel Defendant's Deposition and award both actual costs and sanctions in conjunction with the same.

Respectfully submitted

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Reply in Support of its Motion to Compel. Defendant's Deposition and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 13, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)