Case 2:10-cv-10978-PJD-MJH

FILED

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

2010 DEC 16 A 9: 46

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                              CASE No.: 2:10-cv-10978-PJD-MJH
                                               Judge Patrick J. Duggan
                                               Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

**Joint Statement of Resolved and Unresolved Issues**
**Plaintiff's Motion to Compel**

"Plaintiff's Renewed Motion for a Preliminary Injunction", a Hearing would ensue of which not only do they have no evidence to support their claims, but Judge Patrick J. Duggan has ruled their arguments are without any merit. The same frivolous arguments are republished a forth time, violating Federal Rule 11 (b).

Number 13. It is the Plaintiff that deserves Sanctions for filing Frivolous Motions (Document 45) per Federal Rule 11(b) and Federal Rule 11 (c).

*/s/ Phil Wood*

## Joint Statement of Resolved and Unresolved Issues

## Plaintiff's Motion to Compel

1. The Defendant certifies that they have conferred in good faith with the other party in an effort to narrow the areas of disagreement.

Steven Woodward:

2. Page 1: number 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14

3.

Number 1. A notice of Deposition was not stipulated and the Plaintiff **did not even file a subpoena to the fact**. The Defendant filed Document 43 requesting protection was for good causes.

Number 2. The Plaintiff's own exhibit verifies that the Defendant was under no obligation to produce documentation and that they were not going to exchange documentation, yet demand the Defendant to produce materials.

Number 3. The Defendant filed Document 43 requesting protection was for good causes.

Number 4. The Scheduling conflict arose from the fact that the Plaintiff was altering and deleting evidence. The Defendant had to schedule time with a Notary Public per their schedule not the Defendant's schedule. The Defendant could not meet the following week because of the Plaintiff's Bad faith from altering and deleting evidence.

Number 6. The Defendant did not tell the Plaintiff they were not going to attend any deposition. The Plaintiff had an alternate means other than Motion to Compel to depose the Defendant but did not perform the task of writing a subpoena.

Number 7. The Plaintiff did not make an effort to accommodate the Defendant but their own schedule.

Number 8. The Defendant did not was unavailable and did not state "refuse"..

Number 9. The Plaintiff **demanded** the Defendant to attend, harassing, oppressing, and causing undue burden on the Defendant for a schedule of which the Defendant could not miss, i.e. the meeting with their Notary Public.

Number 10. The Plaintiff had NO set schedule by their own admission and exhibit and made no effort to accommodate the Defendant by any sense of the word.

Number 11. The Plaintiff could have filed a subpoena but did not. They were by no means FORCED to file a Motion to Compel.

Number 12. The Defendant's conduct did not necessitate this motion, the Plaintiff could have file a subpoena if a schedule could not have been met. The Defendant believes the Plaintiff lacks evidence to support their frivolous claims to support their Document 45