UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                      United States District Court Judge
                      Patrick J. Duggan, presiding
                      Michael Hluchaniuk, referral
V                      Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| --- | --- |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states its Motion to Compel Discovery Responses as follows:

    1.    On November 8, 2010, Plaintiff served on Defendant Requests for Production of Documents and Interrogatories. (Docket No. 50, Proof of Service[1]). These discovery requests are attached as Exhibit 1 (Requests for Production) and Exhibit 2 (Interrogatories).

---

[1] Plaintiff notes that it also served requests for admissions on this date. Defendant's failure to respond to these requests deemed them admitted and as such he has admitted liability for Plaintiff's defamation count. Fed. R. Civ. P. 36(a)(3).

1

2.	These responses were due 30 days after service, or on December 8, 2010. Fed. R. Civ. P. 34(b)(2)(A) (Requests for Production); Fed. R. Civ. P. 33(b)(3) (Interrogatories).

3.	Defendant failed to respond to these requests by December 8, 2010.

4.	Plaintiff in good faith conferred with Defendant tin an effort to obtain disclosure of these documents without Court action as Plaintiff's counsel sent Defendant a letter on December 13, 2010 advising that his responses were overdue and requested stipulation to an order requiring him to produce these documents. Exhibit 3.

5.	To date, Defendant has not responded to Plaintiff's requests and has done so willfully and wrongfully.

6.	Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), Plaintiff seeks an order compelling Defendant to respond to its interrogatories and requests for production of documents.

7.	As no substantial justification exists for Defendant's failure to respond is present and no injustice would result, Plaintiff requests an award of reasonable expenses incurred in making this motion including attorney fees pursuant to Fed. R. Civ. P. 37(d)(3).

Plaintiff respectfully requests that the Court grant its motion to compel and award both actual costs and sanctions in conjunction with the same.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                              United States District Court Judge
                              Patrick J. Duggan, presiding
                              Michael Hluchaniuk, referral
V                             Case No.: 2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

i

## TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................................. iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................................................ iv

OVERVIEW ........................................................................................................................ 1

STATEMENT FACTS .......................................................................................................... 1

DISCUSSION ...................................................................................................................... 2

    I.    THE COURT SHOULD ORDER DEFENDANT TO ANSWER INTERROGATORIES AND RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS ..................................................................... 2

    II.   AN AWARD OF COSTS IS APPROPRIATE ..................................................... 3

CONCLUSION .................................................................................................................... 4

## INDEX OF AUTHORITIES

**Federal Rules** **Page(s)**

Fed R. Civ. P. 33................................................................................................1, 2

Fed R. Civ. P. 34...................................................................................................2

Fed R. Civ. P. 36................................................................................................... 1

Fed R. Civ. P. 37...............................................................................................2, 3

## CONCISE STATEMENT OF THE ISSUES PRESENTED:

I. Should Defendant be ordered to answer interrogatories and requests for production of documents properly served to him?

    Plaintiff says: Yes.

II. Is an order of costs (including a reasonable attorney fee) pursuant to Fed. R. Civ. P. 37(d)(3) appropriate where Defendant's actions in failing to respond to duly served discovery requests necessitated this motion were not substantially justified and would not otherwise be unjust?

    Plaintiff says: Yes.

## *OVERVIEW*

Defendant failed to respond to duly served interrogatories and requests for production of documents. Plaintiff sought to resolve this issue without involving the Court, however Defendant refuses to participate in his discovery obligations. As such, Plaintiff makes the instant motion and seeks an order of costs and sanctions.

## *STATEMENT OF FACTS*

On November 8, 2010, Plaintiff served on Defendant Requests for Production of Documents and Interrogatories. (Docket No. 50, Proof of Service[2]). These discovery requests are attached as Exhibit 1 (Requests for Production) and Exhibit 2 (Interrogatories). These responses were due 30 days after service, or on December 8, 2010. Fed. R. Civ. P. 34(b)(2)(A) (Requests for Production); Fed. R. Civ. P. 33(b)(3) (Interrogatories).

Defendant failed to respond to these requests by December 8, 2010. Plaintiff's counsel sent Defendant a letter on December 13, 2010 advising that his responses were overdue and requested stipulation to an order requiring him to produce these documents. Exhibit 3. To date, Defendant has not responded to Plaintiff's requests. Due in part to Defendant's failure to respond to these written requests (and in part to his failure to appear for deposition), Plaintiff had to file a second motion to adjourn scheduling order dates. (Docket No. 59).

Plaintiff will assert that he is exempt from providing discovery and filed a motion for protective order (Docket No. 56). However, this motion is wholly unsupported by law and facts for the reasons articulated in Plaintiff's response (Docket No. 65). As such, Defendant had no grounds for withholding his responses to these discovery requests.

---

[2] Plaintiff notes that it also served requests for admissions on this date. Defendant's failure to respond to these requests deemed them admitted and as such he has admitted liability for Plaintiff's defamation count. Fed. R. Civ. P. 36(a)(3).

0

## *STANDARD OF REVIEW*

**Fed. R. Civ. P. 37** allows a party to make a motion to compel discovery. Fed. R. Civ. P. 37(a)(1) requires that a motion to compel discovery include a certification that the party "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." A motion to compel a discovery response is made pursuant to Fed. R. Civ. P. 37(a)(3)(B). The grounds for such a motion include where: (a) a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33; and (b) where a party fails to respond to a request for production of documents made under Fed. R. Civ. P. 34.

If the Court grants a motion to compel discovery, it must require the "party failing to act...to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Similarly, where a party fails to respond to interrogatories or requests for production of documents, the Court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). These sanctions can include prohibiting that party from contesting certain matters or introducing certain matters in evidence. See Fed. R. Civ. P. 37(d)(3).

## *DISCUSSION*

### I. The Court Should Order Defendant to Answer Interrogatories and Respond to Requests for Production of Documents

Defendant was duly served with interrogatories and requests for production of documents. More than 30 days elapsed and he failed to respond. Plaintiff sought Defendant's concurrence in an order compelling his production of these documents, yet received no response.

1

The Court has ample authority to enter an order compelling this discovery pursuant to Fed. R. Civ. P. 37. For the reasons articulated in Plaintiff's Response (Docket No. 65), Defendant's request for a protective order completely exempting him from discovery is wholly without merit.

Finally, Plaintiff is prejudiced by Defendant's recalcitrance at providing discovery. Plaintiff had to file a second motion to adjourn dates due to Defendant's failure to produce any discovery.

## II.     An Award of Costs is Appropriate

Where a party fails to answer interrogatories or requests for production of documents, an order of sanctions is appropriate. Fed. R. Civ. P. 37(d)(1)(A)(ii). Similarly, the Court must require the party whose failure necessitated the motion to pay reasonable expense, including attorney's fees caused by the failure. Fed. R. Civ. P. 37(d)(3). Here these expenses include not only those involved in making the instant motion, but at least half of those incurred by the making of Plaintiff's Second Motion to Adjourn (Docket No. 59). That motion was completely necessitated by Defendant's failure to provide any discovery and failure to appear for his deposition. No substantial justification[3] for Defendant's failure to provide this discovery is present and no injustice would result from an order of costs.

---

[3] Defendant may assert that his pending motion for protective order exempted him from all discovery obligations. For the reasons articulated in Plaintiff's response (Docket No. 65), Defendant's motion is wholly without merit and the Court should not reward Defendant for his frivolous pleadings and waste of the Court's resources.

2

## *CONCLUSION*

Plaintiff respectfully requests that the Court grant its motion to compel and award both actual costs and sanctions in conjunction with the same.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion to Compel Discovery Responses, Brief in support of Plaintiff's Motion to Compel Discovery Responses and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 16, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)