UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

V

STEVEN L. WOODWARD,

       Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

### PLAINTIFF'S STATEMENT REGARDING JOINT MEMORANDUM ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff American University of Antigua College of Medicine ("AUA"), pursuant to the Court's Briefing Order (Docket No. 60) makes the following statement regarding Defendant's Motion for Protective Order (Docket No. 56):

    1.    At no point did Defendant as the moving party, comport with the Court's order requiring that he in good faith confer with Plaintiff in an effort to narrow the areas of disagreement.

2. At no point did Defendant seek Plaintiff's input in the compilation of a Joint Statement of Resolved and Unresolved Issues[1].

3. As Defendant failed to comply with the Court's scheduling order and briefing schedule (Docket No. 60), Plaintiff requests that the instant motion be denied and sanctions be awarded.

4. Going to the merits of the motion, Defendant's instant motion asserts that he should be exempt from discovery based on allegedly sanctionable conduct on Plaintiff's part.

5. Plaintiff states that Judge Duggan addressed much of the substance of Defendant's instant motion in the Opinion and Order Denying Defendant's Motion for Sanctions and Dismissal (Docket No. 72, Opinion & Order; Docket No. 51, Defendant's Motion).

6. There the Court held that:

> Moreover, Woodward fails to identify a basis for finding AUA's conduct sanctionable. Furthermore, it is unclear what relevance the alleged false statements *on AUA's website* have to the issues in this case. Finally, to the extent they are relevant, Woodward is aware of what those statements were, appears to possess evidence showing what statements AUA previously made, and therefore can inform the Court and/or trier of fact of the same. (Docket No. 72)

7. Therefore, Plaintiff's motion for protective orders on the grounds of AUA's allegedly sanctionable conduct is moot as AUA has done nothing sanctionable.

---

[1] Any such Statement that Defendant files is not "Joint" and does not represent Plaintiff's positions.

For all the reasons stated and those stated in Plaintiff's Response to this Motion (Docket No. 65), Plaintiff respectfully requests that the Court deny Defendant's Motion (Docket No. 56).

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: December 20, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Statement Regarding Joint Memorandum on Defendant's Motion for Protective Order and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 20, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)