UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                      United States District Court Judge
                      Patrick J. Duggan, presiding
                      Michael Hluchaniuk, referral

V                             Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

## MEMORANDUM OF RESOLVED AND UNRESOLVED ISSUES
### Plaintiff's Second Motion to Adjourn (Docket No. 59)

      Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states the following Memorandum of Resolved and Unresolved Issues pursuant to the Court's scheduling order requiring the same (Docket No. 64):

      1.      The movant (AUA) conferred in good faith with Defendant after the filing of the motion in an effort to narrow the areas of disagreement. Exhibit 1. Defendant declined to agree to any of the relief sought.

2. The issue that remains in dispute is whether dates in this matter should be adjourned to allow for discovery.

3. Despite the Court's order, Defendant refused to provide his portions of this submission. Exhibit 2.

4. Plaintiff seeks an order of costs and sanctions for Defendant's deliberate and willful disobedience of the Court's order.

## **PLAINTIFF'S POSITION**

The Scheduling Order dates in this matter should again be adjourned. After Discovery was reopened (Docket No. 44), Plaintiff noticed Defendant's deposition and served discovery requests. Defendant refused to submit to a routine deposition and Defendant had to file a motion to compel (Docket No. 47). Similarly, Defendant failed to answer interrogatories and requests for production and a Motion to Compel these documents is forthcoming[1]. The current scheduling order cuts off discovery on December 31, 2010. (Docket No. 44). Despite the Court's order allowing for discovery, to date, Defendant has not produced for deposition and has not produced any discovery responses[2].

Fed. R. Civ. P. 16(b)(3) allows the Court to modify a scheduling order with the judge's consent for good cause. It provides that "[a] schedule may be modified only for good cause and with the judge's consent." Similarly, Local Rule 40.2 provides that upon timely application and good cause shown, a Continuance may be granted. LR 40.2 provides that the dates for trial and pretrial shall go on the dates set "unless, on timely application and good cause shown, the cases are continued." Here good cause is present because Defendant refuses to participate in discovery. To date, Defendant has not provided a single document by way of discovery and refuses to submit

---

[1] Similarly, Defendant failed to answer Requests for Admissions. His failure to do so has deemed these responses admitted and as such he's conceded liability on Plaintiff's defamation counts. Fed. R. Civ. P. 36(a)(3).

[2] As noted above, these responses are now overdue.

2

for a routine deposition. In light of the discovery motions Plaintiff has been forced to bring, adjourning discovery 90 days is supported by good cause.

Defendant apparently contends that since Plaintiff has requested discovery that this is evidence that Plaintiff's claims lack merit. This completely disregards the American system of notice pleading and broad civil discovery. Further, this does not negate Plaintiff's good cause. Similarly, Defendant ostensibly wishes that the case be expedited. However his recalcitrance at providing discovery has rendered that impossible.

### AUTHORITY SUPPORTING PLAINTIFF'S POSITION

| Authority: | Proposition: |
| --- | --- |
| Fed. R. Civ. P. 16(b)(3) | Adjournments on Good Cause |
| Local Rule 40.2 | Continuances on Good Cause |

### DEFENDANT'S POSITION

[Defendant refused to participate in this submission. Exhibit 2.]

## AUTHORITY SUPPORTING PLAINTIFF'S POSITION

Authority:                                    Proposition:

[Defendant refused to participate in this submission. Exhibit 2.]

 

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: December 20, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Memorandum of Resolved and Unresolved Issued – Plaintiff's Second Motion to Adjourn (Docket No. 59) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 14, 2010.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)