Case 2:10-cv-10978-PJD-MJH

FILED
2010 DEC 23 P 2 18

U.S. DIST COURT CLERK
EAST DIST MICH
FLINT

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V

CASE No.: 2:10-cv-10978-PJD-MJH
Judge Patrick J. Duggan
Judge Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

**Defense's Response to Plaintiff's Motion to Compel Discovery Responses**

1

**Defense's Response to Plaintiff's Motion to Compel Discovery Responses**

**List of Exhibits**

**Exhibit 1**: Email, Exchanging Exhibits December 16, 2010

**Exhibit 2**: Email, Exchanging Exhibits and Adjournment December 17, 2010

**Exhibit 3**: Plaintiff's Request for Production Pursuant to FRCP 34

**Exhibit 4**: Email, Plaintiff denying documentation, but demanding documentation

The Defendant will now demonstrate that the multiple motions for adjournments, motion to compel, and requests for discovery that were made by the Plaintiff were written with frivolous intentions only delay this case, increase expenses, harass and cause undue burden on the Defendant as well as the Court. The Defendant will demonstrate the Bad Faith of the Plaintiff to perform Discovery.

**(1)** The Defendant communicated to the Plaintiff that they would bring ALL of their requested documentation to the December 22, 2010 Hearing in an email dated December 16, 2010(**Exhibit 1**)

**"Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Requests for Production.**
**What you receive will depend on the Order and Decision of the Court.**

2

**Please bring with you all documentation the Defendant has requested and the answers to:**

**Defendant's Interrogatories to Plaintiff**

**Defendant's Request for Documentation**

**Defendant's Request for Admissions"**

The Defendant reminded the Plaintiff of their intention to comply on December 17, 2010(**Exhibit 2**).

**"Please plan on bringing all of the documentation and answers as I previously requested to the December 22nd Hearing so we don't need to be further burdened over the holidays.**

Thank you for your time and have a good day,

Steven Woodward"

The Defendant brought a copy of all their exhibits, answers to the Interrogatories, answers to Admissions, visual aids, and references to the December 22, 2010 Hearing. The Plaintiff refused to sign for the evidence and refused to walk across the courtroom and review and inspect any of the Exhibits or Documents the Defendant burdened to bring solely for them.

The Plaintiff refused to accept the Defendant's answers to the Plaintiff's Interrogatories and the Defendant's answers to the Plaintiff's Admissions.

Instead the Plaintiff elected to storm out of the Courtroom.

3

The Defendant spent a considerable amount of time and money preparing copies of over 2,500 pages of evidence and exhibits to exchange with Plaintiff, to take, to have freely, but the Plaintiff refused to sign for the documentation and refused to even look at the material exhibits that were provided per their own requests i.e. Reference Books, documentation, and Fiber Optic Training Device.

The Court Ruled that the documentation that the Plaintiff is seeking (**Exhibit 3**) is not do at this time because of the new scheduling, as requested by the Plaintiff, further demonstrating the harassment and undue burden the Plaintiff is causing the Defendant.

Knowing this violation, the Defendant in Good Faith offered FULLY and freely these copies of over 2,500 pages of exhibits, the answers to the requested Interrogatories, answers to Admissions, and access for visual inspection to all of the Defense's physical exhibits. The Plaintiff completely refused, totally disrespecting the Defendant.

The Plaintiff brought **NOTHING** to the Hearing to exchange with the Defendant.

The Plaintiff still refuses to Disclose to the Defendant who owns American University of Antigua.

4

(2)The Plaintiff has no intentions of performing any form of Discovery in Good Faith, this could not be more clearly demonstrated than during in the December 22, 2010 Hearing.

The Plaintiff did not bring any of the Defendant's requested documentation, which was do.

The Plaintiff did not bring the answers the Defendant's requested Interrogatories, which was do.

The Plaintiff did not bring the answers the Defendant's requests for Admissions, which was do.

The Plaintiff still refuses to disclose the ownership of the American University of Antigua.

Prior to the Plaintiff writing their "Motion to Compel" this disrespect, harassment, burden and oppression was displayed almost exactly by the Plaintiff against the Defendant.

On November 2, 2010 the Defendant emailed (**Exhibit 4**) the Plaintiff, reminding them about exchanging exhibits and viewing of all the Defense's evidence.

**"I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.**
**Please let me know when you would like to meet so you can view the exhibits.**
**I would prefer a public place halfway between Flint and your office.**

5

**Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibit.**

**Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.**

**At the same meeting please bring copies of all your exhibits so I can sign that I have received them.**

**Sincerely,**

**Steven Woodward"**

The Plaintiff's reply clearly demonstrates their refusal to perform mutual and in Good Faith Discovery **(Exhibit 4)**

Demanding everything but sharing nothing.

"Mr. Woodward,

Please do not include the court on routine correspondence between the parties, it is busy enough. I cannot tell you or advise you what to do, but if you wish to address the court, or invoke its assistance, it is my suggestion that you do so by proper motion.

The court has issued a new scheduling order and denied your motion for protective order as moot. This means that the obligations of the parties for preparation of the final pretrial order, including an exchange of exhibits, has been put off to a future date. We are under no obligation to do that exchange now.

6

**Having said that, your deposition notice is "decus tecum" and requires you to produce the documents listed in the notice at the time of your deposition on November 4th. Please review that carefully and comply by your personal attendance and by production of those materials.**

**Regards,**

**Eric A. Buikema, Attorney at Law**

**Cardelli, Lanfear & Buikema, P.C."**

This statement clearly demonstrates the Plaintiff was fully aware that the documents they were requesting were not do at this time, and were therefore were acting deceitful: harassing, burdening, and oppressing the Defendant.

(3) The fact that the Plaintiff refused to accept the answers to their own Interrogatories and Admission; to view all the evidence and exhibits; or take freely, copies of all the Defense exhibits can not show more clearly that all of the Plaintiff's motions for adjournment were merely to delay and frivolously postpone this case.

**In Summary:**

The Defendant has now demonstrated the Plaintiff's actions are in Bad Faith and frivolous accusations and motions have been presented before this Court, clearly violating Federal Rule 11.

According to the Court, Mr. Woodward is now forced to file a Motion to Compel against the Plaintiff for failing to perform their duty of Discovery.

7

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Thu, December 16, 2010 12:15:52 PM
**Cc:**
**Subject:** AUA vs Woodward - Documentation, Interrogatories, Admissions, Documentation Requests

Mr Buikema,

Depending on the Decisions and Order by the Honorable Judge Michael Hluchaniuk:

Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Requests for Production.

What you receive will depend on the Order and Decision of the Court.

Please bring with you all documentation the Defendant has requested and the answers to:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions

Thank you for your time,

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.



**From:** Steve Woodward (steve_1_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Fri, December 17, 2010 9:29:00 PM
**Cc:**
**Subject:** Re: AUA v Woodward

Dear Mr Buikema,

You are the one that needs the opportunity for discovery, not me.

You are the one that filed the "Request for Entry of Default", thereby wasting the Court's time and money and burdening everyone involved, and wasted our originally scheduled time for Discovery and Motions, not me.

You are the one that filed for and adjournment to conduct discovery, it's obvious you don't have the evidence to support your claims, not me.

You are the one that filed for second adjournment, further demonstrating you don't have the evidence to support your claims, not me.

Your client is the one that is "supposedly" being damaged daily, yet you did not want to, or did not have the evidence to support your claims for our original scheduled trial, again burdening everyone involved.

The mere fact that you filed for two adjournments, demonstrates at least, the following:
1. You do not have the evidence to support your claims.
2. Your client is not being irreparably injured.
3. Your client's reputation is not being damaged, and that I'm must not be causing your client any damages at all.

We now have until around June to think about things, so lets hope you will be ready by then.

One would think, you would have been able to support your claims prior to filing Document 1, but this is obviously not the case, as remarked by the Honorable Judge Patrick J. Duggan.

Please plan on bringing all of the documentation and answers as I previously requested to the December 22nd Hearing so we don't need to be further burdened over the holidays.

Thank you for your time and have a good day,

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.



EXHIBIT 2

**From:** Eric A Buikema <ebuikema@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Tue, December 14, 2010 10:53:46 AM
**Subject:** AUA v Woodward

Mr. Woodward,

Also please advise if you will consent to an extension of the discovery schedule so that we have a realistic opportunity to conduct discovery after the pending motion hearings on December 22nd or if you care to even discuss the same.

Regards,

Eric A. Buikema, Attorney at Law
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
(248) 544-1191 fax
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

V

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## PLAINTIFF'S REQUESTS FOR PRODUCTION PURSUANT TO FRCP 34

Plaintiff American University of Antigua College of Medicine, through counsel, pursuant to Fed. R. Civ. P. 34 requests production of documents, electronically stored information and tangible things as identified below. Pursuant to Fed. R. Civ. P. 34(b)(2), you have 30 days from being served to respond. You must produce this information as kept in the ordinary course of business or organize and label to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E). Fed. R. Civ. P. 26(e) imposes a duty upon you to timely supplement your responses.

1

**EXHIBIT 3**

## Definitions

1. The words *documents and things* refer to all tangible material of any nature, including but not limited to, all written material such as graphs, charts, maps, drawings, correspondence, memoranda, records, notes, writings, manuals, books, photographs, recordings, images and all information stored electronically on a computer or archived software capable of reduction to a written document as well as all objects such as parts, pieces, samples, and related tangible things.

2. The words *possession, custody, or control* apply to all documents and things belonging to you that are in your possession, all documents and things belonging to others over which you have custody, and all documents and things in the custody of others over which you have the right of control.

## Documents and Things Requested

A. Please produce "Plaintiff's data auamed.org and auamed.net" as identified in your Rule 26 disclosures and which you intend to rely upon at trial.

B. Please produce "Defendant's data from yahoo.com" as identified in your Rule 26 disclosures.

C. Please produce all of "Defendant's data from YouTube.com" as identified in your Rule 26 disclosures.

D. Please produce any and all videos you've produced which discuss plaintiff AUA.

E. Please produce all documentation from the Circuit Court Cases identified on your Rule 26 amendments which you will rely upon at trial.

F. Please produce "Audio files from Committee Meeting" which you identified in your Rule 26 disclosures.

2

G. Please produce "Audio file Biochemistry Test Review" as identified in your Rule 26 disclosures.

H. Please produce "Email from journalist, The Daily Herald" as identified in your Rule 26 disclosures.

I. Please produce "Plaintiff's data from ValueMD.com" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

J. Please produce "Data from ecfmg.org" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

K. Please produce copies of the "Personal References and Awards" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

L. Please produce "All public accessible Internet data" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

M. Please produce "Defendant's data from google.com" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

N. Please produce "All public news data" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

O. Please produce "Defendant's data from aua-med.com" as identified in your Rule 26 disclosures.

P. Please produce "All Plaintiff's, agents and partners (sic) data/records/document/books" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

Q. Please produce "standard medical references and books" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

3

R. Please produce "All documentation and data pertaining to St. Joseph Mercy Oakland Hospital and Trinity Health" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

S. Please produce "All communications between Defendant and Plaintiff (including agents and partners)" as identified in your Rule 26 disclosures which you intend to rely upon at trial.

T. Please produce any and all emails, correspondence and comments referenced on your website as "comments and support."

U. Please produce any and all documents/exhibits/tangible things referenced in any addendums or amendments to your Fed. R. Civ. P. 26 disclosures.

V. Please produce any and all exhibits or demonstrative aids which you intend to rely upon at trial.

W. Please produce for inspection the Fiber Optic Training Device identified in your Rule 26 disclosures. You may produce this to Plaintiff's Counsel's office on November 30, 2010 at 9am or another date, time and place as may be agreed upon.

X. Please produce any and all documentation or evidence that you intend to rely upon at trial to establish the following claims as true:

1. AUA routinely commits fraud upon its students;

2. AUA falsifies its students grades;

3. AUA breaches contracts;

4. AUA disregards student civil rights;

5. AUA conspires against its students;

4

6. AUA pursues unspecified and other unethical practices;

7. AUA has "malicious intensions" and administration and academic advisors of a "heinous nature";

8. AUA students are sexually assaulted;

9. AUA professors teach students wrong information;

10. AUA conspires to commit fraud and violations of civil rights;

11. AUA commits criminal activities reportable to the FBI;

12. AUA student pass rate for USMLE medical board exams is only 22.9%;

13. AUA contrives false evidence in student disciplinary proceedings;

14. AUA colluded with St. Joseph Hospital to maliciously end Mr. Woodward's career, conspired, abused its power, committed perjury and is otherwise immoral and unethical;

15. AUA agents are liars;

16. The locality of AUA is full of "rape, murder, fraud, and government corruption."

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: November 8, 2010

**From:** Eric A Buikema (ebuikema@cardellilaw.com)
**To:** steve_l_woodward@yahoo.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, November 2, 2010 1:39:20 PM
**Cc:** pkittinger@cardellilaw.com;
**Subject:** Re: AUA v Woodward - Exhibits

Mr. Woodward,

Please do not include the court on routine correspondence between the parties, it is busy enough. I cannot tell you or advise you what to do, but if you wish to address the court, or invoke its assistance, it is my suggestion that you do so by proper motion.

The court has issued a new scheduling order and denied your motion for protective order as moot. This means that the obligations of the parties for preparation of the final pretrial order, including an exchange of exhibits, has been put off to a future date. We are under no obligation to do that exchange now.

Having said that, your deposition notice is "decus tecum" and requires you to produce the documents listed in the notice at the time of your deposition on November 4th. Please review that carefully and comply by your personal attendance and by production of those materials.

Regards,

Eric A. Buikema, Attorney at Law
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
(248) 544-1191 fax
ebuikema@cardellilaw.com


On 11/2/10 1:15 PM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:

> I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.
>
> Please let me know when you would like to meet so you can view the exhibits.
> I would prefer a public place halfway between Flint and your office.
>
> Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibit.
>
> Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.

**EXHIBIT 4**

At the same meeting please bring copies of all your exhibits so I can sign that I have received them.

Sincerely,

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Kathryn Zalewski <kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Wed, October 27, 2010 9:52:41 AM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

I will not attend the deposition. I am filling a "Motion for Protective Order".
I will mail you a copy to your office, later today, after I have it stamped at the Court.

I will mail you the Exhibits, files and documentation you requested.

If you still require to see the fiber optic training device and the books I plan on bringing to court please let me know and I will meet you half way between Flint and your office.

Thank you for your time,

Steven Woodward.

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Thu, October 21, 2010 3:54:56 PM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

AUA v Woodward - 10-20-10 from Eric Buikema

<<10-20-10 ltr to woodward - rule 26 disclosure.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**. If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.