UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CIVIL NO. 10-10978
HON. PATRICK J. DUGGAN

AMERICAN UNIVERSITY OF ANTIGUA, COLLEGE OF MEDICINE,
         Plaintiff(s),
v.
STEVEN WOODWARD,
         Defendant(s),
_____/

## AMENDED SCHEDULING ORDER

This cause having come before the Court pursuant to Rule 16, Fed. R.Civ.P., the Court therefore enters the following schedule controlling the progress of this case:

**NOW THEREFORE, IT IS ORDERED that:**

**WITNESSES.** All witnesses to be called at trial shall be listed by:

**DISCOVERY.** All discovery shall be completed by:

APRIL 11, 2011

**CASE EVALUATION.** This case shall be referred for case evaluation on:

**MOTIONS.** No motions may be filed after: APRIL 29, 2011

**FINAL PRETRIAL.** Final Pretrial is scheduled for:
JULY 20, 2011 AT 2:00 P.M.
A proposed <u>Joint</u> Pretrial Statement signed by counsel for all parties, shall be filed with the Court at the time of the Final Pretrial Conference. The requirements of such a pretrial order are attached. ***All requirements must be complied with.***

**BENCH TRIAL** is scheduled for the months of: JULY/AUGUST, 2011

                                                 s/ PATRICK J. DUGGAN
DATE: January 11, 2011               UNITED STATES DISTRICT JUDGE
Copies to:
Eric Buikema
Steven Woodward

Counsel: Prior to trial please contact the Court Reporter for directions for <u>trial</u> exhibits.

Case Number

Case Caption

Appearance - Plaintiff

Appearance - Defendant

## E X H I B I T S

| DATE | PLF/DEF NO. | BRIEF DESCRIPTION | OFF'D | REC'D |
|------|-------------|-------------------|-------|-------|
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             | **S A M P L E**   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |
|      |             |                   |       |       |

**LR 16.2         Joint Final Pretrial Order**

**(a)     Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, before the final pretrial conference. This joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise. All objections specified in Rule 26(a)(3) shall be made in this order. Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order. Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order. Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption. The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order. The pretrial order shall not be a vehicle for adding claims or defenses. The order will not be filed in the Clerk's Office until the Judge has signed it.

**(b)     Contents of Order.** The joint final pretrial order shall contain, under numbered and captioned headings, the following:

   **(1)     Jurisdiction.** The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

   **(2)     Plaintiffs' Claims.** The statement of the claim or claims of plaintiffs shall include legal theories.

   **(3)     Defendants' Claims.** The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

   **(4)     Stipulation of Facts.** The parties shall state, in separately numbered paragraphs, all uncontested facts.

   **(5)     Issues of Fact to be Litigated.**

   **(6)     Issues of Law to be Litigated.**

   **(7)     Evidence Problems Likely to Arise at Trial.** Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

   **(8)     Witnesses.** Each party shall list all witnesses whom that party will call and all witnesses whom that party may call. This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P. 26(a)(3)(A) and (B). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list a witness.

   **(9)     Exhibits.** The parties must number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed. R. Civ. P. 26(a)(3)(C). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed. R. Civ. P. 37(c)(1) will apply to a failure to list an exhibit.

11/2/98

  **(10)** **Damages.**  The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data.  The parties shall stipulate to those damages not in dispute.

  **(11)** **Trial**

    (A) Jury or non-jury.

    (B) Estimated length of trial.

  **(12)** **Settlement.**  Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions.  They may state that they wish the Court to schedule a settlement conference.

**(c)** **Failure to Cooperate.**  For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

**(d)** **Filing of Trial Briefs, Findings and Instructions.**   The joint final pretrial order must further provide that trial briefs and requests for jury instructions must be filed on the first day of trial and proposed findings of fact and conclusions of law in nonjury cases must be filed before the last day of trial unless the court orders otherwise.

**(e)** **Additional Requirements.**  A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

**(f)** **Juror Costs Attributable to Parties.**  Each party shall also acknowledge that the Court may assess juror expenses under LR 38.2.

> COMMENT: Under LR 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.

11/2/98