UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

             United States District Court Judge
             Patrick J. Duggan, presiding
v             Michael Hluchaniuk, referral
             Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTIONS TO ADJOURN
### [Docket Nos. 92 and 96]

Before the Court are two separate motions to adjourn filed by the Defendant. The first (Docket No. 92), seeks to adjourn the January 10, 2011 deposition of the Defendant to a time when he can be represented by counsel. The second seeks additional time in which to review the transcript from his deposition.

    A.    **Motion to Adjourn Deposition (Docket No. 92)**

Defendant's motion to adjourn his deposition should be denied as moot and unsupported by good cause. In light of the Court's conditional grant of pro bono assistance to Defendant

(Docket No. 90), Plaintiff rescheduled the January 11, 2011[1] deposition for February 1, 2011 in order for Defendant to find counsel or have counsel appointed. As this deposition has already been moved to accommodate Defendant, the instant motion is moot. Defendant may assert that his deposition should be indefinitely postponed until he can be represented by counsel. However, this is inconsistent with the Court's order granting counsel and is unsupported by the requisite good cause. See Fed. R. Civ. P. 16 and LR 40.2.

Similarly, the Court's order does not *guarantee* pro bono assistance to Defendant, instead it merely asserts that the court will *endeavor* to obtain pro bono counsel for Defendant. Here there is no indication of when, or even *if* pro bono attorney assistance will be provided to Defendant. Accordingly, no adjournment should be granted and the Defendant's deposition should proceed as scheduled.

Further, this Order (Docket No. 90[2]) is not intended to alter any dates:

> Unless ordered otherwise by District Judge Patrick J. Duggan, no deadlines or other proceedings are affected.

*Id.* As such, there are no grounds for delaying this deposition which would necessarily result in further adjournment.

In light of the mootness of Defendant's request and his failure to demonstrate good cause required in order to merit an adjournment, his motion (Docket No. 92) must be denied.

---

[1] Defendant's original deposition was scheduled pursuant to Court order on January 4, 2011, but had to be rescheduled due to illness.
[2] This is the corrected form of Docket No. 89.

**B.     Motion for Adjournment (to Review Deposition Transcript) (Docket No. 96)**

Plaintiff has no objection to Defendant taking until March 30, 2011 to review his deposition for errata pursuant to Fed. R. Civ. P. 30(e)[3]. Plaintiff notes that should Defendant have substantive changes (i.e. more than typographical corrections), then Plaintiff may reconvene the deposition. See e.g. *Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 120 (D. Mass, 2001). Similarly, Plaintiff notes that a deponent who changes his answers may be impeached with his former answers. See e.g. *Thorn v. Sundstrand Aerospace Corp.*, 207 F. 3d 383, 388-89 (7th Cir., 2000).

Finally, Plaintiff notes that Defendant bears the responsibility and cost of ordering a transcript. Plaintiff will not be providing Defendant with a copy. Further, any failure to timely submit correction constitutes a waiver. See *Green v. Louisiana*, 2001 WL 474280 (E.D. La. 2001).

As such, Plaintiff concurs in an order allowing Defendant until March 30, 2011 to review his deposition transcript for errata pursuant to Fed. R. Civ. P. 30(e).

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

---

[3] In fact, Plaintiff would have stipulated to the same had a request for concurrence been made. LR 7.1(a)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Brief in Response to Defendant's Motions to Adjourn [Docket Nos. 92 and 96] and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on January 28, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)