UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

v

STEVEN L. WOODWARD,

Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
| --- | --- |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR INTERROGATORIES AND MOTION FOR PROTECTIVE ORDER [Docket No. 86]**

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel, states its response to Defendant's Motion for Interrogatories (Docket No. 86) and Motion for Protective Order as follows:

1. Defendant's instant motion seeks leave to require Plaintiff to answer 200 interrogatories.

2. This is nearly ten times the 25 allowed under Fed. R. Civ. P. 33(a)(1).

3. This request is excessive and unduly burdensome.

4. Similarly, Defendant's request is not supported by good cause or a particularized showing of need for the 200 interrogatories sought.

5. As such, Defendant's request should be denied and in light of the circumstances and good cause presented, the Court should issue a protective order preventing Defendant from seeking excessive discovery from Plaintiff.

6. Plaintiff certifies that it has in good faith conferred with Defendant to resolve the dispute regarding the protective order without court action.

As Defendant fails to demonstrate the good cause required in order to merit an adjournment, his motion must be denied. Additionally, Plaintiff requests a protective order to limit the means in which Defendant may seek discovery.

                                                   Respectfully Submitted,

                                                   /s/ Eric A. Buikema (P58379)
                                                   Eric A. Buikema (P58379)
                                                   Cardelli, Lanfear & Buikema, P.C.
                                                   322 West Lincoln Avenue
                                                   Royal Oak, Michigan 48067
                                                   (248) 544-1100
                                                   ebuikema@cardellilaw.com

Dated: January 28, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

v

STEVEN L. WOODWARD,

Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR INTERROGATORIES [Docket No. 86]**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED .......... iv

OVERVIEW .......... 1

STATEMENT OF FACTS .......... 1

STANDARD OF REVIEW .......... 1

DISCUSSION .......... 2

I. **Defendant's Request for 200 Interrogatories is Excessive and Unduly Burdensome** .......... 2

II. **The Court Should Issue a Protective Order to Protect from Defendant's Excessive Requests** .......... 3

CONCLUSION .......... 5

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Capacchione v Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D. N.C., 1998) ....................2, 3

*Dncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127 (S.D. IN, 2001) ....................2

**Statutes**

Fed. R. Civ. P. 26 ....................1. 3. 4

Fed. R. Civ. P. 33 ....................1

**CONCISE STATEMENT OF THE ISSUES PRESENTED:**

I. Should Defendant be granted leave to serve on Plaintiff 200 interrogatories where he fails to demonstrate good cause or a particularized showing of need for the additional interrogatories?

Plaintiff says: No.
Defendant will say: Yes.

II. Should the Court enter a protective order to limit Defendant to the discovery methods (including number and frequency) allowed under the Federal Rules of Civil Procedure?

Plaintiff says: Yes.
Defendant will say: No.

## *OVERVIEW*

Defendant seeks to ask Plaintiff 200 interrogatories. Needless to say, this is excessive and unduly burdensome. Plaintiff's motion is unsupported by good cause or a showing of particularized need. As such, the instant motion should properly be denied.

## *STATEMENT OF FACTS*

Defendant, despite being recalcitrant to participate in any discovery until the Court ordered that he comply with the Court rules on December 21, 2010, now seeks to conduct more discovery than the rules provide. However, the instant motion is not supported by good cause or a particularized showing necessitating the additional discovery. For the reasons discussed below, Defendant's request must be denied.

## *STANDARD OF REVIEW*

**Fed. R. Civ. P. 33(a)(1)** governs the number of interrogatories a party may serve. It provides as follows:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

**Fed. R. Civ. P. 26(b)(2)(C)** allows the Court discretion in issuing a protective order where the discovery sought is unreasonably cumulative, can be obtained from other sources, or where the burden of the discovery outweighs its likely benefit. Similarly, a protective order may only be issued for limited circumstances and when the same arise to "good cause." These circumstances include "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## *DISCUSSION*

### *I. Defendant's Request for 200 Interrogatories is Excessive and Unduly Burdensome*

Defendant's request for 200 interrogatories should be denied as excessive and unduly burdensome.

Interrogatories are inherently expensive and burdensome. *Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127 (S.D. IN, 2001), citing *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103 (W.D. N.C., 1993). This is precisely why there is a limitation on the number of interrogatories. This requirement came about in a 1993 amendment to the rules. The Advisory Committee noted as follows:

> **Purpose of revision.** The purpose of this revision is to reduce the frequency and increase the efficiency of interrogatory practice. The revision is based on experience with local rules. For ease of reference, subdivision (a) is divided into two subdivisions and the remaining subdivisions renumbered.
>
> **Subdivision (a).** Revision of this subdivision limits interrogatory practice. Because Rule 26(a)(1)-(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it. Experience in over half of the district courts has confirmed that limitations on the number of interrogatories are useful and manageable. Moreover, because the device can be costly and may be used as a means of harassment, it is desirable to subject its use to the control of the court consistent with the principles stated in Rule 26(b)(2), particularly in multi-party cases where it has not been unusual for the same interrogatory to be propounded to a party by more than one of its adversaries.

See Notes of Advisory Committee on 1993 Amendments to Rules.

Case law supports the contention that excessive interrogatories should not be permitted by the Court. See e.g. *Duncan, supra* citing *Frost v. Williams*, 46 F.R.D. 484 (D. Md. 1969) for the proposition that service of 200 interrogatories was frivolous and warranted a protective order; see also *Capacchione v Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D. N.C., 1998) for

the proposition that the movant failed to set forth why fifty additional interrogatories was necessary.

Where a Court has allowed a party exceeding the 25 interrogatory limit, case law reflects the need for a "particularized showing." *Duncan, supra*, citing *Archer Daniels Midland Co. v Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999). Here Defendant fails to append his requested interrogatories. Similarly, he fails to state his particular need for the 175 interrogatories beyond the initial 25. As such, the instant motion should properly be denied.

For reasons discussed below, less burdensome and less obtrusive means for Defendant to obtain the requested discovery—through deposition testimony. Defendant asserts that his financial conditions prevent him from taking depositions. However, this was before the Court endeavored to find Defendant Pro Bono Counsel. (Docket No. 90).

In light of Defendant's failure to assert good cause or a particularized showing of need for the additional 175 interrogatories, the instant motion should be denied.

## *II. The Court should Issue a Protective Order to Protect from Defendant's Excessive Requests*

In light of Defendant's Request for excessive interrogatory request, Plaintiff seeks a protective order pursuant to Fed. R. Civ. P. 26(b) and (c), which limits Defendant to the discovery methods allowed under the rules, including the limitations on discovery type and frequency.

Under Fed. R. Civ. P. 26(b)(2)(C)(i), the Court may limit the frequency or extent of discovery otherwise allowed if it is unreasonably cumulative or duplicative, can be obtained from some other less burdensome or less expensive source. Similarly, the Court can impose limitations where the discovery sought carries with it a burden outweighed by its likely benefit.

Fed. R. Civ. P. 26(b)(2)(C)(iii). Here Defendant's request for 200 interrogatories is the definition of excessive. See *Duncan, supra.* It is unsupported by a particularized showing of need for the 175 interrogatories.

Similarly, less intrusive discovery methods are available. Namely, Defendant (or his counsel, should one be appointed or retained) can take Depositions of individuals with relevant information. This allows for a detailed question and answer period which allows the asking party an opportunity to follow up on relevant information. While Defendant indicates that he is financially unable to take the necessary depositions, perhaps once he has the advice of counsel, he can do some much needed narrowing of the issues involved in his defense.

The Court may also enter a protective order pursuant to Fed. R. Civ. P. 26(C). Under this subrule, the Court may enter an order limiting the methods of discovery. See e.g. Fed. R. Civ. P. 26(C)(1)(A) and (B). Under the circumstances, an order limiting Defendant to the discovery methods allowed under the rules, including the number of depositions and interrogatories.

As such, the Court should enter an order protecting Plaintiff from Defendant's abuse of the discovery rules.

## *CONCLUSION*

Plaintiff respectfully requests that the Court deny Defendant's request for 175 additional interrogatories and enter a protective order limiting the discovery methods Defendant may utilize to those provided for under the Federal Rules of Civil Procedure, including the number of interrogatories and depositions.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion for Interrogatories and Motion for Protective Order [Docket No. 86], Brief in Support of Report and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on January 28, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)