UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                          United States District Court Judge
                          Patrick J. Duggan, presiding
                          Michael Hluchaniuk, referral
V                          Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## **PLAINTIFF'S MOTION TO RECONVENE DEPOSITION**

      Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states its Motion Reconvene Defendant's Deposition as follows:

      1.      On January 5, 2011, this Court entered an order requiring Defendant to appear for a deposition in this matter. (Docket No. 88).

      2.      Despite some adjournments to accommodate Defendant and Plaintiff's counsel, this deposition took place on February 1, 2011.

3.      However, Defendant refused to answer questions and asserted improper objections and privileges (e.g. Defendant asserted "work product" to documents he listed on his Rule 26 disclosures.).

4.      Twice during this deposition (which lasted for less than an hour) Defendant telephoned the Honorable Michael Hluchaniuk for advice on answering questions.

5.      Due to Defendant's failure to answer questions, this examination was not productive and Plaintiff suspended the deposition to make the instant motion.

6.      Under the unusual circumstances, Plaintiff requests an order of the Court reconvening this deposition at the U.S. District Court in Flint, Michigan.

7.      Such an order would allow the Court to immediately resolve objections or other "issues" which might arise.

Wherefore Plaintiff respectfully requests an Order of the Court granting leave to reconvene Defendant's deposition at the U.S. District Court in Flint, Michigan and ordering Defendant to pay sanctions in the amount of $1,718.45 for his violation of the Court's Order compelling him to appear and answer questions at his deposition. (Docket No. 88).

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

V

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI  48507<br>Steve_L_woodward@yahoo.com |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO RECONVENE DEPOSITION**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ................................................... iv

OVERVIEW ............................................................................................................................. 1

STATEMENT FACTS ............................................................................................................. 1

STANDARD OF REVIEW ...................................................................................................... 1

DISCUSSION ........................................................................................................................... 2

    I.      The Court Should Grant Plaintiff Leave to Conduct Defendant's Deposition at the Court ................................................................................ 2

    II.     An Order of Costs is Appropriate ............................................................... 2

CONCLUSION ......................................................................................................................... 4

# INDEX OF AUTHORITIES

**Page(s)**

**Federal Rules**

Fed R. Civ. P. 26 .................................................................................................................. 1

Fed R. Civ. P. 30 .................................................................................................................. 1

Fed. R. Civ. P. 37 ................................................................................................................. 2

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I. Should Defendant's deposition be reconvened at the U.S. District Court in Flint so that any objections or other issues may be resolved by the Court?

   Plaintiff says:     Yes.

II. Should Defendant be ordered to pay costs for failing to comply with the Court's order and failing to properly answer questions at his deposition?

   Plaintiff says:     Yes.

## *OVERVIEW*

Defendant appeared for his deposition pursuant to this Court's order, but failed to substantively answer any questions. As such, Plaintiff requests leave of the Court to conduct Defendant's deposition at the Court so that objections and other issues may be immediately resolved. Similarly, as Defendant violated the Court's order that he participate in a discovery deposition (Docket No. 88), Plaintiff requests an order of costs.

## *STATEMENT OF FACTS*

On January 5, 2011, this Court entered an order requiring Defendant to appear for a deposition in this matter. (Docket No. 88). This deposition took place on February 1, 2011 for less than an hour.

A copy of this deposition transcript is appended as Exhibit A[1]. From this transcript, the Court can see Defendant's wrongful conduct and failure to answer questions. For example, Defendant asserted "work product" regarding documents he listed on his Fed. R. Civ. P. 26(a) disclosures. Exhibit A at 19. Similarly, Defendant attempted to answer questions by marking exhibits. This is improper in the course of Plaintiff's discovery deposition.

The Court may recall these facts because Defendant twice called the Court during the deposition for advice. Exhibit A at 10 and 20 *et seq.*

## *STANDARD OF REVIEW*

The Court has ample authority to grant leave for Defendant's deposition to be reconvened at the Court. See e.g. **Fed. R. Civ. P. 30.**

---

[1] Defendant has requested signature pursuant to Fed. R. Civ. P. 30(e) and this transcript has not been reviewed or signed.

1

**Fed. R. Civ. P. 37** allows a party to make a motion to compel discovery. If the compelled party violates the Court's order, sanctions are appropriate. Fed. R. Civ. P. 37(b)(2). These sanctions include payment of expenses, including attorney fees. Fed. R. Civ. P. 37(b)(2)(C).

## *DISCUSSION*

I. **The Court Should Grant Plaintiff Leave to Conduct Defendant's Deposition at the Court**

In light of the unusual circumstances in the instant case, the Court should grant the requested leave. Defendant is unwilling to answer any of Plaintiff's substantive questions. Similarly, the Plaintiff twice involved the Court in this dispute in less than an hour. In light of Defendant's Pro Per status and lack of knowledge of federal law or procedure, it is highly likely that more improper objections and conduct would arise.

Certainly good cause merits conducting Defendant's deposition at the Court. This would allow the Court to resolve objections or other "issues" as they arise rather than necessitating motion practice.

Accordingly, Plaintiff requests leave of the Court to reconvene Defendant's deposition at the Court in Flint, Michigan.

II. **An Order of Costs is Appropriate**

The Court ordered Defendant to appear for deposition and to participate in discovery. (Docket No. 88). As is evident by Defendant's failure to adequately answer questions at his deposition, he is in violation of the Court's order.

Fed. R. Civ. P. 37(b)(2)(C) allows for costs when a party violates a Court's discovery order. These sanctions include Payment of Expenses, including attorney fees caused by the

violation of the order. In this matter, Plaintiff has sustained the following expenses arising out of Defendant's violation of the Court's order of discovery:

| | |
|---|---:|
| Attorney Fees: (at $285.00 per hour) | |
|     Travel and Appearance at 2/1/11 Deposition (4 hours) | $1,140.00 |
|     Mileage (115 miles at $0.51/mile) | $58.65 |
|     Motion to Compel (1 hour) | $285.00 |
| Court Reporter's Fee (Exhibit B) | $234.80 |
| **Total Costs Requested:** | **$1,718.45** |

Here there is no substantial justification for Defendant's failure to obey the Court's order or to participate in discovery. In fact, the at the hearing on the motion to compel this deposition, the Court advised Defendant that he would be subject to sanctions for failing to participate in the discovery process. Similarly, the Court advised Woodward on the record that his conduct at deposition would be subject to sanctions if questions were not appropriately answered. See e.g. Exhibit A at 26.

As Defendant's conduct violated the Court's Order (Docket No. 88) compelling his attendance and forthright participation at deposition, an order of sanctions in the amount of $1,718.45 is appropriate.

## *CONCLUSION*

Wherefore Plaintiff respectfully requests an Order of the Court granting leave to reconvene Defendant's deposition at the U.S. District Court in Flint, Michigan and ordering Defendant to pay sanctions in the amount of $1,718.45.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion to Reconvene Deposition and Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on February 15, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

4