UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral

V

Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

       Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI  48507<br>Steve_L_woodward@yahoo.com |
|---|---|

### PLAINTIFF'S MOTION TO QUASH SUPBOENAS
### [Filed in Lieu of Response to Defendant's Motion to Compel (Docket No. 102)]

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states its Motion to Quash Subpoenas pursuant to Fed. R. Civ. P. 45(c)(3) in lieu of filing a response to Defendant's Motion to Compel (Docket No. 102) as follows:

    1.    On January 31, 2011, Defendant filed a Motion to Compel documents pursuant to subpoenas he issued. (Docket No. 102).

    2.    This motion was Plaintiff's first notice of Defendant issuing any subpoenas.

1

3. Defendant's failure to serve Plaintiff a copy of subpoenas issued in this case violates Fed. R. Civ. P. 5(a).

4. As a threshold matter, this Court does not have jurisdiction over the deponents such that the subpoenas are void.

5. Going to the substance of the matter, the information sought in the subpoenas is overly broad, unduly burdensome and requires the deponent to generate documentation rather than produce documents.

6. This imposes an undue burden on the deponents.

7. Similarly, the information sought from the deponents is privileged, protected and confidential.

8. As such, the Court should quash the instant subpoenas and sanction Defendant for failing to adhere to Fed. R. Civ. P. 5(a).

Wherefore, Plaintiff respectfully requests an order quashing Defendant's Subpoenas and ordering Defendant to pay Plaintiff's costs in making this motion.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                                      United States District Court Judge
                                           Patrick J. Duggan, presiding
                                           Michael Hluchaniuk, referral
V                                                  Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI  48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUPBOENAS**

i

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................... iv

OVERVIEW ................................................................................................................ 1

STATEMENT FACTS ................................................................................................ 1

STANDARD OF REVIEW ......................................................................................... 2

DISCUSSION .............................................................................................................. 2

    I.    Defendant's Subpoenas are Procedurally Void ................................................ 2

    II.    The Information Defendant Seeks is Irrelevant .............................................. 4

    III.    The Information Defendant Seeks is Vague, Overly Broad and Unduly Burdensome ...................................................................................... 5

    IV.    Any Other Subpoenas Must be Quashed as they were Not Served on Plaintiff ....................................................................................................... 6

CONCLUSION ............................................................................................................ 7

# INDEX OF AUTHORITIES

**Federal Rules** **Page(s)**

Fed R. Civ. P. 5 .................................................................................................... 2, 6

Fed R. Civ. P. 26 ....................................................................................................... 4

Fed R. Civ. P. 45 .............................................................................................. 2, 3, 5, 6

**Case Law**

*Instituform Technologies, Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (ND
    ILL, 1996) ............................................................................................................ 3

*Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d
    945, 957 (M.D.N.C. 2005) ................................................................................. 5

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.  Should the Court enter an Order Quashing Defendant's Subpoenas where it lacks jurisdiction over the deponents, where and where the information sought is vague and overly broad and confidential in nature?

    Plaintiff says:        Yes.
    Defendant will say:    No.

## OVERVIEW

Defendant has apparently served a number of subpoenas in this matter[1]. The information sought involves confidential student data. The subpoenas issued are vague in nature and impose an undue burden on the deponents by requiring the generation of data rather than the production of documents. Further, the deponents are not residents of this judicial district and Defendant has not followed the appropriate procedures to obtain jurisdiction over non-party deponents. As such, the instant subpoenas, along with any other subpoenas Defendant has issued, must be quashed.

## STATEMENT OF FACTS

It has come to Plaintiff's attention that subpoenas were issued to the National Board of Medical Examiners (NBME) (attached hereto as Exhibit A) and the Educational Commission for Foreign Medical Graduates (ECFMG) (attached hereto as Exhibit B). Similarly, from Defendant's deposition testimony, it appears he issued one or more subpoenas to Sally Mae.

The NBME is an organization headquartered out of Philadelphia, Pennsylvania. The information sought from NBME includes:

- "…documented aggregate annual United States Medical Licensing Examination (USMLE) Step 1 first time test taker performance data (Pass Rates) for American University of Antigua College of Medicine students from 2004 to present." (Exhibit A, Subpoenas 1 & 2); and

- "a "yes" or "no" verification of the United States Medical Licensing Examination (USMLE) Step 1 scores for each person and associated "Step 1" score named in Exhibit 1. (Exhibit A, Subpoena 3[2]).

---

[1] As described below, none of these were contemporaneously served on Plaintiff, in violation of Fed. R. Civ. P. 5(a)(1).
[2] To protect student privacy, AUA does not include the exhibit to Defendant's subpoena and requests that the Court strike any publicly filed student data from the public record.

1

The ECFMG is also a Philadelphia, Pennsylvania organization. From the ECFMG, Defendant seeks:

- "the annual aggregate number of first time test takers of the United States Medical Licensing Examination, USMLE, Step 1 from the Plaintiff from 2004 until present." (Exhibit B, Subpoenas 1 & 2); and

- "the verification of the United States Medical Licensing Examination, USMLE, Step 1 scores for the American University of Antigua College of Medicine, AUA, students listed in Exhibit 1. (Exhibit B, subpoena 3[3]).

Sallie Mae is, upon information and belief a government backed student loan provider. Plaintiff is unaware of the documents Defendant seeks from Sallie Mae as no copy of this subpoena was ever served on Plaintiff, in violation of Fed. R. Civ. P. 5(a).

For the reasons outlined below, the Court should quash these subpoenas.

### *STANDARD OF REVIEW*

**FRCP 45(c)(3)** governs the quashing of subpoenas. The Court must quash a subpoena where it requires the "disclosure of privileged or other protected matter[s]" or imposes unreasonable time or travel requirements on the deponent. Similarly, the Court has discretion in quashing a subpoena where it implicates the disclosure of trade secrets, or confidential research or commercial information.

### *DISCUSSION*

**I.  Defendant's Subpoenas are Procedurally Void**

Defendant seeks to enforce his subpoenas with the instant motion to compel. His subpoenas and instant motion lack any legal authority over the non-party deponents as they are not residents of this judicial district and do not maintain documents in this judicial district. Similarly, Defendant has no proof that he allowed a reasonable time in which for the deponents

---

[3] Again, AUA has omitted the attachment for privacy reasons.

to respond. As such, the instant subpoenas being procedurally void, the Court should enter an order quashing them.

Fed. R. Civ. P. 45(a)(2)(C) allows issuance of a subpoena from the "district where the production or inspection is to be made." Service of the subpoena must be made in the issuing Court's district or state. Fed. R. Civ. P. 45(b)(2). The import of these rules allow a party to issue a subpoena and serve a subpoena in a district where a deposition is taken or where documents are to be produced. This allows for the deponent an opportunity to make a motion to quash in his or her home district rather than traveling to the district where the claim is pending. See generally 1991 Advisory Committee Notes on Rule 45(a). Finally, "the subpoena power of a court cannot be more extensive than its jurisdiction." *Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 957 (M.D.N.C. 2005), citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988).

Here there is no dispute that the deponents are not residents of the Eastern District of Michigan or of Michigan at all. Indeed, Defendant's subpoenas confirm that both the NBME and ECFMG are Philadelphia based organizations. Yet Defendant did not have the subpoenas issued out of the U.S. District Court for the Eastern District of Pennsylvania. As such, this Court lacks jurisdiction over the deponents and should quash these subpoenas since they cannot be enforced.

Finally, Defendant's instant motion is procedurally deficient as there is no proof that it was served on the deponents. Similarly, there is no indication that the deponents were provided a reasonable time to respond to Defendant's subpoenas.

As such, Defendant having failed to adequately follow federal procedure in subpoenaing a non-district deponent, the subpoenas being procedurally invalid, the Court should quash Defendant's subpoenas.

## II. The Information Defendant Seeks is Irrelevant

Even if Defendant were able to obtain jurisdiction over the deponents, the information sought by Defendant's subpoenas is outside the scope of discovery and is otherwise irrelevant. The claims in this matter involve whether Defendant defamed Plaintiff or violated Plaintiff's marks. Similarly, the FERPA claims are for Defendant's distribution of private student data. These subpoenas have no bearing on any of Plaintiff's claims or Defendant's defenses. As such the instant motion should be denied in its entirety.

As the Court is aware, discovery has a broad scope. Fed. R. Civ. P. 26(b)(1). This includes any non-privileged matter that's relevant to any claim or defense. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. Here the claims in this matter involve defamation and trademark infringement. Defendant's requested subpoenas have no bearing on either claim or any of Defendant's defenses.

Defendant's subpoena to ECFMG and USMLE seek data that implicates private student information. While Defendant asserts that he is not seeking confidential student data, he requests that the deponents verify score data assigned to individual students. There is no possible way that the Deponents could respond to his request without divulging private student data.

Both the ECFMG and USMLE are organizations that provide certifications and licensures relevant to the medical profession. These certifications/licenses are based on tests

4

administered to medical students. Defendant ostensibly wishes to establish that AUA's pass rates are lower than published and that this operates as a defense to Plaintiff's claims of defamation and trademark infringement[4].

As the information Defendant seeks is irrelevant to the claims and defenses in the instant matter, the Court should quash these subpoenas. Should the Court allow Defendant's subpoenas, a protective order should first be in place requiring releases from all students whose data is to be released (or redactions of personally identifying information) and Defendant should be ordered to pay all of the deponents' costs incurred associated with the production of this voluminous data including reasonable attorney fees. Fed. R. Civ. P. 45(c)(1). Similarly, the Court should order Defendant to post a bond for any liabilities sustained by the deponents arising out of the production of these documents.

### III. The Information Defendant Seeks is Vague, Overly Broad and Unduly Burdensome.

As an initial matter, Defendant's subpoenas seek vague information. He does not specify with any particularity which documents he seeks—both the ECFMG and NBME are large organizations which collect substantial amounts of data and regulate a large number of entities. Defendant's requested data will likely be difficult and expensive to produce.

Similarly, Defendant's request to the deponents to "verify" or produce aggregated score amounts likely requires the deponent to generate data to respond to his inquiry. Generation of data goes beyond a subpoena's power of requiring a deponent to produce documents already in existence. Nothing in the Federal Rules require the generation of new data to respond to a subpoena--instead it speaks only to producing documents, electronically stored information or other data already generated. In fact, case law is clear on this point. *Instituform Technologies,*

---

[4] Since AUA's inception, USMLE Step 1 first-time pass rates for all students is 80.6%. Similarly, among those with a cumulative GPA of 3.5 or higher; 100% passed on the first attempt.

5

*Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (ND ILL, 1996) (holding that subpoena recipient must produce existing documents within its control, but is not required to create documents.) Certainly requiring a deponent to generate documents is an undue burden such that they should be protected from the instant subpoena. Fed. R. Civ. P. 45(c)(1).

Finally, trade secret and other confidential matters could be implicated. As noted above the deponents are large entities tasked with certain regulatory and licensing functions. The manner in which they maintain data, and the data that they maintain could implicate certain trade secrets or other confidential matters. Similarly, if required to disclose private student scoring, they could be subjected to civil or potentially criminal liability. As such, any order of the Court allowing disclosure must be subject to an appropriate protective order and bond.

As the Defendant seeks to impose an undue burden on the deponents, the Court should quash these subpoenas. In the alternative, should the Court allow Defendant's subpoenas, a protective order should first be in place requiring releases from all students whose data is to be released (or redactions of personally identifying information) and Defendant should be ordered to pay all of the deponents' costs incurred associated with the production of this voluminous data including reasonable attorney fees. Fed. R. Civ. P. 45(c)(1).

### IV. Any Other Subpoenas Must be Quashed as they were Not Served on Plaintiff

If there are any other subpoenas issued by Defendant but not discussed herein (such as the Sallie Mae subpoena(s)), the Court must quash them as they were never served on Plaintiff. Fed. R. Civ. P. 5(a)(1) requires that all parties be served with all papers in the action, including discovery.

Plaintiff's prejudice in this regard is obvious—it is not privy to the information sought and therefore cannot seek to quash the subpoenas on substantive grounds.

As Plaintiff was never served any of these subpoenas, the Court should exercise its inherent authority in this regard and quash them as a discovery sanction.

## *CONCLUSION*

Wherefore, Plaintiff respectfully requests an order quashing Defendant's Subpoenas and ordering Defendant to pay Plaintiff's costs in making this motion.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion to Quash Subpoenas, Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on February 15, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)