# EXHIBIT

# B



12061 BLUEMONT WAY
RESTON, VIRGINIA 20190

ZOE C. SCHARFF
ASSISTANT GENERAL COUNSEL
703.984.6478
FAX: 703.984.6500
zoe.scharff@salliemae.com

February 4, 2011

**VIA FIRST CLASS MAIL**

Steven Woodward
2711 Brittwood Lane
Flint, MI 48507

Re:  **Subpoena to Sallie Mae, Inc. in American University of Antigua College of Medicine v. Steven Woodward, 10-CV-1097**

Dear Mr. Woodward:

Sallie Mae, Inc. ("Sallie Mae") is in receipt of your subpoena dated October 8, 2010, which was received in December, via mail. The subpoena is not valid for several reasons. The subpoena was not issued in compliance with the Federal Rules of Civil Procedure because it was not properly served as required by Rule 45(b)(1). Moreover, it violates Federal Rules of Civil Procedure Rule 45 because it does not issue from a permissible district and does not seek records located within 100 miles of the district from which the subpoena issues. Additionally, it is not valid because it requires production on November 29, 2010, which is prior to the date when the subpoena was received and therefore does not allow a reasonable period of time for the assembly of a response.

Even if your subpoena were to be properly served, it would be objectionable for numerous reasons, including but not limited to the following:

- It lacks a time frame for all requests but one, and is therefore overbroad;
- It seeks private financial records relating to approximately 150 individuals who are not parties to your lawsuit and is therefore overbroad and unduly burdensome;
- It seeks records protected by privacy laws which protect the personal information of the approximately 150 borrowers whose records are sought;
- It seeks confidential and proprietary trade secret information, and offers no adequate protection for that information;

- It seeks information which is not relevant or reasonably calculated to lead to discoverable information in the underlying law suit; and
- It is overall unduly burdensome, and overbroad, in light of the fact that Sallie Mae is a third party to this litigation and should not be forced to undergo the significant expense and burden of responding to these requests.

Sallie Mae states these objections by way of example and reserves the right to state additional objections, if a valid subpoena is received in the future.

Sincerely,

Zoe C. Scharff

cc. Eric A. Buikema, Esq. (via email to ebuikema@cardellilaw.com)

2