Case 2:10-cv-10978-PJD-MJH

FILED

2011 FEB 28  A 11: 03

U.S. DIST. COURT CLERK
EAST. DIST. MICH
FLINT

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                        CASE No.: 2:10-cv-10978-PJD-MJH
                                         Judge Patrick J. Duggan
                                         Judge Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

**Defendant's Response to Plaintiff's Motion to Reconvene Deposition
and
Motion for Protective Order**

1

**Defendant's Response to Plaintiff's Motion to Reconvene Deposition**
**and**
**Motion for Protective Order**

**List of Exhibits:**
Exhibit 1: Plaintiff's email canceling January 10 deposition
Exhibit 2: Plaintiff's email, adequate deposition notice
Exhibit 3: Plaintiff's email, not to exchange documentation
Exhibit 4: Defendant's email, notice of recording, video, witness January 4th deposition
Exhibit 5: Defendant's email, notice of recording, video, witness January 10th deposition
Exhibit 6: Defendant's email, notice of recording, video, witness February 1 deposition

These Motions are written with the best faith effort by the Defendant under

circumstances that the Defendant does not have all documentation at hand.

The Defendant is currently abroad as notified prior to the February 1, 2011 deposition.

The Plaintiff has lied to the Court, yet again, in the matters concerning the taking of

depositions and in their true Bad Faith practices.

The Plaintiff terminated their own deposition without cause and has filed frivolous

Motions to the court and should be sanctioned for their actions under Federal Rules

concerning such.

The Plaintiff is a hypocrite in magnitude as evident:

 -Refusal to produce ANY requested documentation: including the Defendant's own

student records or access to the Defendant's personal student email account.

-Refusal to answer any Interrogatories

-Refusal to answer Admissions in good faith

-Attempting to quash requests for evidence pertaining to verification of Private Student Information as well as their alleged Medical Board Pass/Fail rates.

This alone should condemn the Plaintiff proving that they are liars and attempting to cover-up facts and deny the Defendant means to prove themselves innocent to their frivolous Claims.

1. The Plaintiff continues to act in Bad Faith by causing undue burden expense, annoyance, and continues to harass the Defendant.

A. The Plaintiff did not attend and cancelled the Court Ordered January 4, 2011 deposition, instead cancelled the deposition **minutes** prior to the scheduled deposition time.
The Defendant was at the defined office waiting for the Plaintiff on January 4th, 2011.
The Defendant brought with them, **yet again**, their ALL of their Exhibits, answers to the Plaintiff's Interrogatories, answers to the Plaintiff's Admissions, requested documentation, visual exhibits, and reference materials.

B. The Plaintiff cancelled their own rescheduled January 10, 2011deposition at **9:02 AM** the morning to the deposition claiming they were accommodating the Defendant, **Exhibit 1**

3

C. The Plaintiff terminated the February 1, 2011 deposition in Bad Faith with no other intention but to annoy, harass and cause undue burden to the Defendant.

The Defendant was trying to answer the Plaintiff's questions under distress and duress cause by the Plaintiff by their harassing nature. The Plaintiff terminated the deposition because the Defendant was trying to answer questions the best they could.

The Plaintiff did not want the Defendant's answers to the questions on record so terminated the deposition with no other intent than to not allow the answers to be on record.

2. The Defendant has tried many times to comply and provide the Plaintiff with their requested documentation, answers to Interrogatories, answers to Admissions, review visual Exhibits and reference materials. The Plaintiff is and has continued to cause undue burden, overly annoy and harass the Defendant by not accepting, reviewing or taking these materials.

A. November 2, 2010 email, **Exhibit 3** communication by Plaintiff.

**"This means that the obligations of the parties for preparation of the final pretrial order, including an exchange of exhibits, has been put off to a future date. We are under no obligation to do that exchange now."**

The Defendant had to remind the Plaintiff to schedule time to accept and review the documentation and trial exhibits, the Plaintiff continually refuses to do so.

**Exhibit 3**

**"I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.**

**Please let me know when you would like to meet so you can view the exhibits.**
**I would prefer a public place halfway between Flint and your office."**

B. December 22, 2010 Hearing – The Plaintiff in their unprofessional behavior stormed out of the courtroom refusing to accept or review the Defendant's Rule 26 Exhibits, requested documentation, Visual Exhibits, Reference Materials, Interrogatories, and Answers to Admissions.

C. During the February 1, 2011 Deposition the Plaintiff refused to accept or review the Plaintiff's requested documentation, visual exhibits, reference materials, Defendant's answers to the Plaintiff's Interrogatories, and Defendant's answers to Admissions.

The Plaintiff terminated the February 1, 2011 in Bad faith with no intent other than to annoy embarrass, harass the Defendant while they were trying to answer the Plaintiff's questions.

The Defendant requested the Plaintiff to again view visual exhibits as well as reference materials of which the Plaintiff refused instead in unprofessional behavior terminated the deposition only to cause undue burden and harass the Defendant.


3. During the December 22, 2010 Hearing the Court Ruled that there were no Rule 26 Documentation at this time, because of the Plaintiff's request for adjournment.

During the February 1, 2011 the Plaintiff continually harassed the Defendant concerning the production of Rule 26 documentation that doesn't exist do to the Court Ruling.

The Defendant tried to explain to the Plaintiff that the over 2,500 (plus) pages of documentation that was provided, and has done so since November 2010, is ALL of the documentation the Defendant has at this time during the discovery process.

The Defense even gave the Plaintiff a reference file describing all, of the over 2,500 pages, of documented Defense evidence (exhibits).

The Defendant included ALL electronic data evidence, exhibits, they have, to date, on a DVD as well.

The Defendant continually asked the Plaintiff if they wanted them to sort the documentation evidence or review any of the electronic data during the deposition.

The Plaintiff refused this request and continued to harass and abuse the Defendant, then instead terminated the deposition.


4. The Defendant called the Judge do to the harassing nature, lies, and bad faith behavior of this Plaintiff.

A. Prior to the scheduled depositions the Defendant tried to correspond with the Plaintiff concerning intentions of having recording devices, video equipment, and a witness at the deposition. The Judge granted the Defendant this right prior to the deposition, the Defendant tried to explain this to the Plaintiff who refused to accept this and even lied to the Judge concerning my sister as a witness.

The Plaintiff did not reply to any of these three correspondences until the morning of the deposition trying to refuse the Defendant any and all of these, only increasing the to cause distress and duress to the Defendant continuing to demonstrate their harassing and Bad Faith practices, Exhibits 4, 5, and 6.

**"I will be attend the deposition per the notice January 4th deposition as requested.**

**I will bring a audio recorder and video camera to record the deposition.**

**I will bring copies of my exhibits as before, please plan on signing for each of them.**

**I will bring the books and the Fiber Optic Training device as well for your inspection.**

**I also plan on bringing a witness."**

B. The Plaintiff was causing harassing and intimidating towards the Defendant during the

entire deposition, when the Defendant was trying to produce documentation as reference to questions being asked so as to answer as best could be answered.

5. The Plaintiff terminated the deposition, of their own free will, while the Defendant was attempting to answer the Plaintiff's questions.

The Plaintiff did this in force because they did not want the Defendant to answer questions concerning subpoenas the Defendant sent out.

The Plaintiff did this so as not to allow Defense answers on record.

The Defendant was trying to answer the Plaintiff's questions, the Plaintiff did not want the answers on record.

They terminated the deposition, because the Defendant was attempting to defend themselves and answer the questions asked.

6. The Plaintiff has numerous times burdened the Defendant on these matters, including terminating their own deposition without just cause, DEMANDING depositions without adequate notice, **EXHIBIT 2**,

canceling a court ordered scheduled deposition minutes prior to the deposition without just cause,

and canceling another deposition under the auspice of good faith when the reality is they were acting in BAD FAITH only to harass, burden and annoy the Defendant.

8

The Plaintiff is too clearly acting in a BAD FAITH effort concerning all aspects of the discovery process and the process concerning depositions and the production and even accepting discovery material with their only intent to cause undue burden, harass, annoy and embarrass the Defendant.

The Defendant requests a Protective Order against this Plaintiff until such time as they act in Good Faith and produce requested documentation and answers to the Defendant's Interrogatories, Admissions and production of documentation.

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

Exhibit 1

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Mon, January 10, 2011 9:02:00 AM
**Subject:** Your deposition today

Mr. Woodward,

Mr. Buikema has agreed to adjourn your deposition scheduled for today, January 10, 2011 to allow the court some time to find counsel for you.

We will reschedule the deposition for Tuesday, February 1, 2011, beginning at 10:00 a.m. at the same location. I will forward an amended notice shortly.

Please acknowledge receipt of this e-mail.

Sincerely,

Kathy Zalewski
Legal Secretary
Cardelli, Lanfear & Buikema, P.C
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
kzalewski@cardellilaw.com

10

Exhibit 2

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric A Buikema <ebuikema@cardellilaw.com>
**Sent:** Wed, November 3, 2010 4:11:54 PM
**Subject:** Re: AUA v Woodward- deposition


I will not be available tomorrow as previously stated.


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.



**From:** Eric A Buikema <ebuikema@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Cc:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**Sent:** Wed, November 3, 2010 11:06:45 AM
**Subject:** Re: AUA v Woodward- deposition

We will expect to see you tomorrow then.

Regards,

Eric Buikema


On Nov 3, 2010, at 10:55 AM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:

I will be unavailable all next week.

I am will not disclose any exhibits at this time per FRC 26(d)(3).

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Tue, November 2, 2010 4:46:23 PM
**Subject:** AUA v Woodward- deposition

Mr. Woodward,

Mr. Buikema is available on Monday, November 8 at 10:00 a.m. for your deposition.
Please advise of your availability as soon as possible.

Sincerely,

Kathy Zalewski
Legal Secretary
Cardelli, Lanfear & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
kzalewski@cardellilaw.com

Exhibit 3

**From:** Eric A Buikema <ebuikema@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>; Kathryn Zalewski
<kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Cc:** Paul M. Kittinger <pkittinger@cardellilaw.com>
**Sent:** Tue, November 2, 2010 1:39:20 PM
**Subject:** Re: AUA v Woodward - Exhibits

Mr. Woodward,

Please do not include the court on routine correspondence between the parties, it is busy
enough. I cannot tell you or advise you what to do, but if you wish to address the court, or
invoke its assistance, it is my suggestion that you do so by proper motion.

The court has issued a new scheduling order and denied your motion for protective order as
moot. This means that the obligations of the parties for preparation of the final pretrial order,
including an exchange of exhibits, has been put off to a future date. We are under no obligation
to do that exchange now.

Having said that, your deposition notice is "decus tecum" and requires you to produce the
documents listed in the notice at the time of your deposition on November 4th. Please review
that carefully and comply by your personal attendance and by production of those materials.

Regards,

Eric A. Buikema, Attorney at Law
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
(248) 544-1191 fax
ebuikema@cardellilaw.com

On 11/2/10 1:15 PM, "Steve Woodward" <steve_l_woodward@yahoo.com> wrote:

I have not received a reply from the Plaintiff with regards to meeting me to see my
exhibits.

Please let me know when you would like to meet so you can view the exhibits.
I would prefer a public place halfway between Flint and your office.

Instead of mailing you the paper copy of my exhibits I will bring them with me, to the
mutually agreed upon public location, so you can witness and sign that you have received

13

said exhibit.

Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.

At the same meeting please bring copies of all your exhibits so I can sign that I have received them.

Sincerely,

Steven Woodward

Exhibit 4

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff
<kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Mon, December 27, 2010 3:38:59 PM
**Subject:** AUA v Woodward

I will be attend the deposition per the notice January 4th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Wed, December 22, 2010 2:56:51 PM
**Subject:** AUA v Woodward - 12-22-10 from Eric Buikema

<<12-22-10 ltr to woodward - nod.pdf>> <<nod - woodward - 1-4-11.pdf>> <<plaintiff's reponse to defendant's requests for admissions dated 11-22-10 - 12-22-10.pdf>> <<cos - rfa - 12-22-10.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

15

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

16

Exhibit 5

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff
<kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Tue, January 4, 2011 6:06:21 PM
**Subject:** AUA v Woodward

I will attend the deposition per the notice January 10th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.
Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward

Exhibit 6

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Kathryn Zalewski <kzalewski@cardellilaw.com>; Eric plaintiff Court
<ebuikema@cardellilaw.com>
**Sent:** Wed, January 12, 2011 1:31:37 PM
**Subject:** AUA v Woodward - Deposition February 1st 2011

I will attend the deposition per the notice February 1st, 2011 deposition as requested.

I will bring a witness, audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before,  please plan on signing for each of them.
Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s)
and contain(s) confidential information that may be proprietary, privileged or copyrighted
under applicable law. If you are not the intended recipient, do not read, copy, or forward
this email message or any attachments. Delete this email message and any attachments
immediately.


**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Mon, January 10, 2011 3:45:38 PM
**Subject:** AUA v Woodward - Deposition

<<second re-nod - woodward - 2-1-11.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com