UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

V

STEVEN L. WOODWARD,

      Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
|---|---|
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO RECONVENE DEPOSITION
## (Docket No. 103)

    As the Court knows, discovery in this matter has been fraught with problems. Plaintiff had to seek an order of this Court after Defendant failed to appear for a duly noticed deposition. (Docket No. 88).

    Despite being ordered by the Court to appear for deposition and answer questions, Defendant failed to adequately answer even the most basic questions. For example, Defendant asserted "work product" regarding documents he listed on his Fed. R. Civ. P. 26(a) disclosures.

1

See prior Exhibit A at 19. Similarly, he attempted to withhold information regarding his prior employment based on relevance[1].

Defendant fails to articulate grounds sufficient to merit his conduct at deposition. Instead, the only justification he gives is that he was "under distress and duress cause (sic) by the Plaintiff by their harassing nature." (Docket No. 111 at 4.) However, as is apparent from the deposition transcript, Plaintiff's counsel's conduct was perfectly reasonable. See prior Exhibit A. Since Defendant was not answering questions, Plaintiff's counsel properly suspended the examination pursuant to Fed. R. Civ. P. 30 and made the instant motion.

Defendant's failure to adequately answer questions at deposition is without "substantial justification." An order of costs is appropriate. The Court ordered defendant to appear at deposition with the implication that he would participate in deposition by answering questions. (Docket No. 88). He failed to do so. Similarly, the Court explicitly instructed defendant to answer questions or his conduct would be sanctioned. (Prior Exhibit A at 26). As detailed in Plaintiff's motion, it has expended $1,718.45 as a result of Defendant's wrongful conduct and requests an order of costs.

Wherefore Plaintiff respectfully requests an Order of the Court granting leave to reconvene Defendant's deposition at the U.S. District Court in Flint, Michigan and ordering Defendant to pay sanctions in the amount of $1,718.45.

                    Respectfully Submitted,

                    /s/ Eric A. Buikema (P58379)
                    Eric A. Buikema (P58379)
                    Cardelli, Lanfear & Buikema, P.C.
                    322 West Lincoln Avenue
                    Royal Oak, Michigan 48067
                    (248) 544-1100
                    ebuikema@cardellilaw.com

---

[1] Plaintiff notes that relevance is not a competent discovery deposition objection.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Reply in Support of its Motion to Reconvene Deposition and Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on March 9, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com