UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

    Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral

V

Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

    Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## RESPONSE TO MOTION TO COMPEL SALLIE MAE (Docket No. 118)

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel Responds to Defendant's Motion to Compel Sallie Mae (Docket No. 118) as follows:

    1.    Defendant seeks to compel certain documents from Sallie Mae. However, for reasons previously briefed[1] and based on the Court's prior decision (Docket No. 117) this motion must be denied.

    2.    In response to the instant motion and in lieu of re-briefing these issues which the Court has already decided, AUA adopts and incorporates its Motion to Quash (Docket No. 104),

---

[1] See Dockets No. 104, 109, 113.

1

its supplement (Docket No. 109) and its Reply (Docket No. 113) in response to Defendant's instant motion.

3. Similarly, AUA adopts the Court's order denying Defendant's Motion to Compel NBME (Docket No. 117) in support of the instant motion as Defendant fails to show that the subpoena was issued and served within 100 miles of this district. Fed. R. Civ. P. 45(b)(2).

4. Notably, Defendant apparently served[2] Sallie Mae in Wilkes-Barre, Pennsylvania, more than 100 miles from this judicial district, yet seeks to command compliance within this judicial district[3].

5. Similarly, the data sought is privileged and concerns the private financial documents of a number of students in violation of Fed. R. Civ. P. 45(c)(3)(A)(iii).

6. To the extent that the Court is willing to compel compliance from the Deponent, it should enter a protective order requiring releases from all students whose data is to be released (or redactions of personally identifying information) and Defendant should be ordered to pay all of the deponent's costs incurred associated with the production of this voluminous data including reasonable attorney fees. Fed. R. Civ. P. 45(c)(1). Similarly, the Court should order Defendant to post a bond for any liabilities sustained by the deponents arising out of the production of these documents.

---

[2] Defendant files no proof of service, though from Sallie Mae's response letter, it appears that the instant subpoena was received. (See Docket No. 109-3).
[3] The deponent sent Defendant a detailed letter describing the errors with his subpoena and this letter was sent from Reston, Virginia. (See Docket No. 109-3). Reston, Virginia is also more than 100 miles from this judicial district.

Wherefore, for the reasons stated in Plaintiff's Motion to Quash (Docket No. 104), supplement (Docket No. 109), reply (Docket No. 113) and this Court's order denying Defendant's other motion to quash (Docket No. 117), Plaintiff requests that the Court deny the instant motion and quash Defendant's subpoenas.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Response to Motion to Compel Sallie Mae (Docket No. 118) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on March 22, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com