UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE,<br><br>          Plaintiff,<br>vs.<br><br>STEVEN WOODWARD,<br><br>          Defendant.<br>_____/ | Case No.  10-10978<br><br>Patrick J. Duggan<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL (Dkt. 118)
AND GRANTING PLAINTIFF'S MOTION TO QUASH (Dkt. 104)**

Defendant filed a motion to compel discovery from a third party, Sallie Mae, located in Wilkes-Barre, Pennsylvania.  (Dkt. 118).  The subpoena tendered to Sallie Mae appears to have been issued by this Court.  However, a subpoena issued by this Court may only be served in this state or within 100 miles of the place specified for production. Fed.R.Civ.P. 45(b)(2).  Defendant's subpoena, issued by this District, was served on Sallie Mae in Pennsylvania, but the location of the place of production is identified as Flint, Michigan.  (Dkt. 118, p. 22). Flint, Michigan is not within 100 miles of Wilkes-Barre, Pennsylvania.  Thus, the subpoena was required to have been issued by the District in which Sallie Mae is located.  Based on the foregoing, the Court finds defendant's subpoena to Sallie Mae to be defective and improper and **DENIES** defendant's motion to compel.

1

Plaintiff filed a motion to quash the subpoenas to Sallie Mae, National Board of Medical Examiners (NBME), and the Educational Commission for Foreign Medical Graduates (ECFMG). (Dkt. 104). The Court previously denied defendant's motion to compel discovery from NBME because the subpoena was defective in the same respect as the Sallie Mae subpoena. (Dkt. 117). As to the subpoena defendant issued to ECFMG, it suffers from the same defects as defendant's other subpoenas. It was served on ECFMG in Philadelphia, Pennsylvania and commanded production in Flint, Michigan. (Dkt. 104-3). Given these defects, the subpoenas to ECFMG, NBME, and Sallie Mae are **QUASHED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: March 25, 2011

s/Michael Hluchaniuk  
Michael Hluchaniuk  
United States Magistrate Judge

3

## **CERTIFICATE OF SERVICE**

      I certify that on March 25, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Eric A. Buikema</u>, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507</u>.

                                                  <u>s/Tammy Hallwood</u>
                                                  Case Manager
                                                  (810) 341-7887
                                                 tammy_hallwood@mied.uscourts.gov

3