UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
~~SOUTHERN DIVISION~~

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                             United States District Court Judge
                                 Patrick J. Duggan, presiding
                             Michael Hluchaniuk, referral

V                                   Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
### (Docket No. 121)

      Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel

Responds to Defendant's Motion to Compel (Docket No. 121) as follows:

      1.     As an initial note, nowhere in Defendant's instant motion does he certify that he

"in good faith conferred or attempted to confer" with Plaintiff in an effort to obtain the requested

disclosures without Court action.

      2.     As Defendant fails to make this prima facie requirement of a motion to compel,

the instant motion must be denied. Fed. R. Civ. P. 37(a)(1).

1

3.      Plaintiff timely responded to Defendant's Requests for Admissions.  Exhibit A, Certificate of Service.

4.      Defendant presents no law or grounds for asserting that the answers submitted are somehow insufficient or that any of the objections therein are unsubstantiated.

5.      As such, his motion regarding the sufficiency of a request for admission response must be denied.  Fed. R. Civ. P. 36(a)(6).

6.      Similarly, Defendant's Interrogatories are objectionable on the basis that there are 54 interrogatories, but when discrete subparts are counted, there are 277 interrogatories.

7.      Absent leave of the Court, a party may not serve more than 25 interrogatories (including discrete subparts).  Fed. R. Civ. P. 33(a)(1).

8.      This Court determined that Plaintiff did not have to answer Defendant's interrogatories when it concluded that Defendant did not have leave to serve 200 interrogatories. See Docket No. 115.

9.      As such, there are no interrogatories requiring response and no order compelling response is appropriate.

Wherefore, Plaintiff requests that the Court deny Defendant's Motion to Compel (Docket No. 121).

Respectfully Submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                        United States District Court Judge
                                        Patrick J. Duggan, presiding
                                        Michael Hluchaniuk, referral

V                                          Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL (Docket No. 121)

i

## <u>TABLE OF CONTENTS</u>

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................................................ iii

OVERVIEW ............................................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 1

DISCUSSION ............................................................................................................................. 2

       I.     Defendant Fails to Make a Prima Facie Motion to Compel ................................... 2
      II.    Plaintiff's Responses are Adequate ........................................................................ 2

CONCLUSION ........................................................................................................................... 3

### *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.    Should Plaintiff be compelled to answer Defendant's requests for admissions where it has already done so?

      Plaintiff says:        No.

II.   Should Plaintiff be compelled to answer Defendant's 277 interrogatories where the Court has already determined that Defendant had no leave to serve more than 25 interrogatories?

      Plaintiff says:        No.

*OVERVIEW*

Defendant seeks an order compelling discovery responses.   However, Plaintiff already responded to his requests for admissions and the Court denied his request to serve an excessive amount of interrogatories.  As such, there is no authority to grant a motion to compel.

*STATEMENT OF FACTS*

**Requests for Admissions.**  Defendant served Plaintiff with requests for admissions on November 22, 2010.  Plaintiff timely served its responses on December 22, 2010.  Defendant now, over three months later seeks to have the Court determine the sufficiency of these responses.

**Interrogatories.**  Defendant served Plaintiff with interrogatories on November 22, 2010. These interrogatories consisted of 277 interrogatories (including discrete subparts).  In light of the excessive nature of these interrogatories and them being clearly in excess of the 25 allowed by Fed. R. Civ. P. 33(a)(1), Plaintiff had no obligation to answer.  Defendant recognized this and filed a motion or leave to serve 200 interrogatories.  (Docket No. 86).  Plaintiff responded (Docket No. 99) and the Court denied Defendant's request.  (Docket No. 115).

*STANDARD OF REVIEW*

A motion to compel is governed by Fed. R. Civ. P. 37.  As a threshold matter, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Defendant has failed to do so and as such this motion must be denied.

*DISCUSSION*

**I.     *Defendant Fails to Make a Prima Facie Motion to Compel***

Defendant did not, as required by Fed. R. Civ. P. 37(a)(1) include a certification that he "in good faith conferred or attempted to confer with… [Plaintiff] in an effort to obtain [discovery responses] without court action."   Had Defendant included such a certification, it would have been false, as he failed to seek concurrence in this motion[1] or request the discovery he alleges. As such, he has not adequately pleaded a motion to compel and the instant motion should be denied.

**II.    *Plaintiff's Responses are Adequate***

**A.     Requests for Admission**

Plaintiff responded to Defendant's Requests for Admission on December 22, 2010.  As such, Defendant's "motion to compel" is improper and instead he seeks to have the Court determine the sufficiency of Plaintiff's responses pursuant to Fed. R. Civ. P. 36(a)(6).  However, he asserts no legal or factual grounds for having the Court overrule Plaintiff's objections.  As such, the instant motion must be denied.

**B.     Interrogatories**

There are no pending interrogatories.  The Court held that Defendant did not have leave to serve over 25 interrogatories.  See Docket No. 115, attached as Exhibit B.  This had the effect of negating the 277 interrogatories that Defendant did serve.   As such, a motion to compel production of responses to non-existent interrogatories is inappropriate and must be denied.

---

[1] As required by LR 7.1(a).

*CONCLUSION*

Wherefore, Plaintiff requests that the Court deny Defendant's Motion to Compel (Docket No. 121).

Respectfully Submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion to Compel (Docket No. 121) and Brief in Support with this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI  48507 on April 11, 2011

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com