

Case 2:10-cv-10978-PJD-MJH

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DIST. COURT CLERK
EAST. DIST. MICH.
FLINT

FILED
2011 APR 15  A ᵩ 08

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                   CASE No.: 2:10-cv-10978-PJD-MJH
                                    Judge Patrick J. Duggan
                                    Judge Michael Hluchaniuk, referral


STEVEN WOODWARD,

Defendant,


**Motion For Sanctions**

1

**Motion For Sanctions**

**List of Exhibits:**
Exhibit 1. Docket 124, Order Requiring Response to Defendant's Motion To Compel Plaintiff(Dkt121)

Exhibit 2. Docket 134, Plaintiff's Response To Defendant's Motion To Compel

Exhibit 3. Docket 121, Defendant's "Motion to Compel Plaintiff"

Exhibit 4. Email, From: Steven Woodward date: Mon, November 22, 2010, Subject: AUA-Woodward.

Exhibit 5. Email, From: Steven Woodward date: Tue, November 23, 2010 Subject: Re: AUA-Woodward

Exhibit 6. Email, From: Steven Woodward date: Thu, December 16, 2010 Subject: AUA vs Woodward – Documentation, Interrogatories, Admissions, Documentation Requests

Exhibit 7.  Email, From: Steven Woodward date: Tue, December 28, 2010 Subject: AUA vs Woodward

Exhibit 8. Plaintiff's Response To Defendants Requests For Admissions Dated November 22, 2010

Exhibit 9. Case History

Exhibit 10. Clinical Clerkship Affiliation Agreement between American University of Antigua College of Medicine and St Joseph Mercy-Oakland


The Plaintiff has failed to perform their duties in Good Faith and is now in clear violation of FR 37 Failure to Make Disclosures or to Cooperate in Discovery.


The Plaintiff is in Civil Contempt for failing to respond as defined in the Court Order to the original motion.

**1.** The Plaintiff has failed to comply with Court Order, Docket 124, "ORDER

REQUIRING TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF", **Exhibit 1**

The Plaintiff has failed to completely respond to and answer the Court Order.

The Plaintiff has failed to respond, confer, answer, or object to the "**Defendant's**

**Request for Production Pursuant to FRCP 34.**", **Exhibit 2 (Exhibit 1 of Docket 121)**

The Plaintiff has failed to produce, confer, answer, or object to these documents per

Federal Rule V. 34 Producing Documents.


These documents were due December 22, 2010.


The Plaintiff has failed to produce, respond objection, or answers to the request for

Documents as required in Docket 124, "**Order Requiring Response to Defendant's**

**Motion To Compel Plaintiff**", **Exhibit 1.**


The Court Order clearly states "**Plaintiff must file a response to the original motion**"


The Defendant's Docket 121, "**Motion to Compel Plaintiff**", **Exhibit 3, page 2,**

"**List of Exhibits**

**Exhibit 1. Defendant's Request for Documentation.**"


**Exhibit 3, page 2 line 6** states

"**The Plaintiff refuses to produce any of the requested documentation, including the**

**Defendant's, Steven Woodward, own school records.**"

From **Exhibit 3**, Docket 121, Exhibit 1 is **"Defendant's Request for Production Pursuant to FRCP 34"**

The Plaintiff has failed to produce, object, answer, or confer concerning the requested 46 documents.

The requested documents include the Defendant's own personal information which is in the possession of the Plaintiff.

The Plaintiff has failed to respond to the Court Order concerning the production documentation and has failed comply with FR V Discovery.

2.  The Plaintiff lied, yet again, to this court in their Docket 134, **Exhibit 2, "Plaintiff's Response To Defendant's Motion To Compel."**

In the Plaintiff's Response to Defendant's Motion To Compel, Docket 134, the Plaintiff states:

**"1.  As an initial note, nowhere in Defendant's instant motion does he certify that he "in good faith conferred or attempted to confer" with Plaintiff in an effort to obtain the requested disclosures without Court action.**

**2.  As Defendant fails to make this prima facie requirement of a motion to compel, the instant motion must be denied.  Fed R. Civ. P. 37(a)(1)"**

In the Plaintiff's, Docket 134, "**Standard of Review**" the Plaintiff sites

"**must include a certification that the movant has in good faith conferred or**

**attempted to confer with the person or party failing to make the disclosure in an**

**effort to obtain it without court action**"


The Defendant has made the effort to confer with the Plaintiff.

The Defendant has tried on many occasions to get the Plaintiff to produce the requested

Discovery material; once in the presence of Judge Hluchaniuk during the December 22,

2010 hearing.  The Plaintiff made no mention of any refusal to produce or objection to

the Interrogatories during the December 22, 2010 court hearing.

On the contrary the Plaintiff made reference that they intended to produce the requested

information by the end of the day, deceiving the Court and the Defendant.


During the hearing the Plaintiff acknowledged they had Discovery documentation due

that day.  The Defendant has tried to obtain the Discovery responses in numerous other

occasions:

-The initial requests for Discovery was made on November 22, 2010 in an email the

Defendant sent the Plaintiff, **Exhibit 4**.  The due date for the Plaintiff to perform

discovery would be December 22, 2010.


-The Plaintiff requested a copy of the requested Discovery information in another format,

other than PDF, on November 23, 2010 11:05:24 AM, **Exhibit 5**.

"**Please forward me the word version of your discovery responses and request for admission for ease in responding**"

The Defendant replied to this request on the same day November 23, 2010 2:36:59 PM, **Exhibit 5.**

"**Here are the Word copies**"

-The Defendant conferred with the Plaintiff again on December 16, 2010, **Exhibit 6**

"**Please bring with you all documentation the Defendant has requested and the answers to:**

**Defendant's Interrogatories to Plaintiff**

**Defendant's Request for Documentation**

**Defendant's Request for Admissions**"

-On December 28, 2010, since the Plaintiff has failed to respond in Good Faith, the Defendant emailed the Plaintiff:, **Exhibit 7**

"**Dear Mr. Buikema and Ms. Zalewski,**

**I received your answers to my "Defendant's Request for Admissions" is this what you want on record for a "Good Faith" effort for answering?**

**I have not received your answer to "Defendant's Interrogatories to Plaintiff" and accompanied documentation.**

**I have not received the documents I requested.**

**If I have missed your answers to the Interrogatories, please resend me your answers and the associated documents.**

**I've attached both your answers to the "Defendant's Request for Admissions" as well as my initial pdf file containing:**

**Defendant's Interrogatories to Plaintiff**

**Defendant's Request for Documentation**

**Defendant's Request for Admissions**

**Certificate of Service**

**If you do not plan on replying to my Interrogatories and document requests please let me know.**

**If you need more time to reply please let me know.**

**Thank you for your time.**

**Steven Woodward"**


The Defendant made more than a "Good Faith" effort to confer and move the Plaintiff to compel.

The Plaintiff has refused and failed to participate in Discovery in Good Faith.


**3.** Failure to comply with Federal Rule V. Disclosures and Discovery.

The Plaintiff has failed to reply to the requested Discovery in "Good Faith'.


**A.** The Plaintiff has failed to reply to or produce any of the requested 46 separate requests for documentation as required per Federal Rule V. (34) Producing Documents.

-The requested documents included the Defendant's own personal records that are in the possession of the Plaintiff.

**B.** The Plaintiff failed to reply to the Defendant's Interrogatories to Plaintiff, **Exhibit 3**, (Exhibit 2 of Docket 121).

The Plaintiff acted in "BAD FAITH" and did not follow LR 26.1; as demonstrated by not making any effort to "in good faith confer or attempt to confer" or provide the Defendant with any answer or objection to the "**Defendant's Interrogatories to Plaintiff**".

The Plaintiff proves their guilt in their own Docket 134, **Exhibit 2**, "**Statement of Facts**", "**Interrogatories**" in which they refer to Docket 86 and Docket 99.

Docket 86 and Docket 99, **Exhibit 9**, were filed with the court **after** December 22, 2010, which was the due date, deadline, for the production, answer, or objection to the Defendant's Interrogatories. The Plaintiff made no mention of any refusal to produce or objection to the Interrogatories during the December 22, 2010 court hearing. On the contrary the Plaintiff made reference that they intended to produce the requested information by the end of the day, deceiving the Court and the Defendant.

The Case History, **Exhibit 9**, is proof of the filing of Docket 86, filed 01/03/2011, and Docket 99, 01/28/2011 were filed after the December 22, 2010 due date for production of the requested answers and documentation; in the Plaintiff's Docket 134 the Plaintiff states no other instances of attempting to confer with the Defendant.

**C.** The Plaintiff failed to produce answers to the "Defendant's Requests for Admissions",

**Exhibit 3, (Exhibit 3 of Docket 121)** in "Good Faith" as demonstrated in "Plaintiff's

Response To Defendant's Requests For Admissions Dated November 22, 2010"


The Plaintiff responded to "Request 38. Please admit that St Joseph Mercy Oakland never

provided counseling or support services to Steven Woodward."

The response was

**"Plaintiff cannot admit or deny this interrogatory as it cannot speak for St Joseph**

**Mercy Oakland"** the Plaintiff is a partner under contract with St Joseph Mercy Oakland

Hospital concerning this Admission, **Exhibit 10, page 4, line 3**

**"The hospital agrees to provide support services including counseling for students"**


The Plaintiff answered "Request 52" **"Denied"** without giving a statement for denial as

required per FR 36 (4) Answer **"A denial must fairly respond to the substance of the**

**matter."**


The Plaintiff has not answered in "Good Faith" to Requests: 7, 8, 9, 10, 11, 12, 13, 14,

15, 16, 17, 19, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 41, 42, 43, 44, 46, 49, 50, 51, 53,

54, 55, and 56

per "Good Faith" and  FR 36 (5) Objections.  **"A party must not object solely on the**

**ground that the request presents a genuine issue for trial**."

The Defendant has performed Discovery in Good Faith, the Plaintiff has gone as far as block Discovery, in reference to Motions to Quash discovery.

The Defendant requests the Court Sanction the Plaintiff and force them to produce all of the Defendant's requested Documentation and answer all Defendant's Admissions and Interrogatories in Good Faith.

The Defendant requests an Adjournment for 90 days for Discovery due to the Bad Faith actions of the Plaintiff.

<div align="center">

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

        Plaintiff,

vs.

STEVEN WOODWARD,

        Defendant.

_____/

Case No.  10-10978

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## ORDER REQUIRING RESPONSE TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF (Dkt. 121)

Defendant filed a motion to compel plaintiff. (Dkt. 121).  Plaintiff must file a response to the original motion, including a written brief, in accordance with Local Rule 7.1.  The deadline for plaintiff's response is **APRIL 11, 2011**.  **Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**  The deadline for the moving party's reply is **APRIL 25, 2011**.

       **IT IS SO ORDERED.**

Date: March 25, 2011

s/Michael Hluchaniuk_____
Michael Hluchaniuk
United States Magistrate Judge

**EXHIBIT** 

1

## CERTIFICATE OF SERVICE

I certify that on March 25, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Eric A. Buikema</u>, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507</u>.

<div align="right">

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
~~SOUTHERN DIVISION~~

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                 United States District Court Judge
                                 Patrick J. Duggan, presiding
                                 Michael Hluchaniuk, referral
V                                      Case No.:  2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
### (Docket No. 121)

      Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel

Responds to Defendant's Motion to Compel (Docket No. 121) as follows:

      1.     As an initial note, nowhere in Defendant's instant motion does he certify that he

"in good faith conferred or attempted to confer" with Plaintiff in an effort to obtain the requested

disclosures without Court action.

      2.     As Defendant fails to make this prima facie requirement of a motion to compel,

the instant motion must be denied.  Fed. R. Civ. P. 37(a)(1).

1



**EXHIBIT 2**

3.      Plaintiff timely responded to Defendant's Requests for Admissions.  Exhibit A, Certificate of Service.

4.      Defendant presents no law or grounds for asserting that the answers submitted are somehow insufficient or that any of the objections therein are unsubstantiated.

5.      As such, his motion regarding the sufficiency of a request for admission response must be denied.  Fed. R. Civ. P. 36(a)(6).

6.      Similarly, Defendant's Interrogatories are objectionable on the basis that there are 54 interrogatories, but when discrete subparts are counted, there are 277 interrogatories.

7.      Absent leave of the Court, a party may not serve more than 25 interrogatories (including discrete subparts).  Fed. R. Civ. P. 33(a)(1).

8.      This Court determined that Plaintiff did not have to answer Defendant's interrogatories when it concluded that Defendant did not have leave to serve 200 interrogatories. See Docket No. 115.

9.      As such, there are no interrogatories requiring response and no order compelling response is appropriate.

Wherefore, Plaintiff requests that the Court deny Defendant's Motion to Compel (Docket No. 121).

Respectfully Submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                                      United States District Court Judge
                                      Patrick J. Duggan, presiding
                                      Michael Hluchaniuk, referral
V                                             Case No.:  2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL (Docket No. 121)**

## TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED ........................................................ iii

OVERVIEW ......................................................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

STANDARD OF REVIEW ................................................................................................... 1

DISCUSSION ....................................................................................................................... 2

      I.      Defendant Fails to Make a Prima Facie Motion to Compel .................................... 2

     II.      Plaintiff's Responses are Adequate ....................................................................... 2

CONCLUSION ..................................................................................................................... 3

### *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.    Should Plaintiff be compelled to answer Defendant's requests for admissions where it has already done so?

Plaintiff says:          No.

II.   Should Plaintiff be compelled to answer Defendant's 277 interrogatories where the Court has already determined that Defendant had no leave to serve more than 25 interrogatories?

Plaintiff says:          No.

## OVERVIEW

Defendant seeks an order compelling discovery responses.  However, Plaintiff already responded to his requests for admissions and the Court denied his request to serve an excessive amount of interrogatories.  As such, there is no authority to grant a motion to compel.

## STATEMENT OF FACTS

**Requests for Admissions.**  Defendant served Plaintiff with requests for admissions on November 22, 2010.  Plaintiff timely served its responses on December 22, 2010.  Defendant now, over three months later seeks to have the Court determine the sufficiency of these responses.

**Interrogatories.**  Defendant served Plaintiff with interrogatories on November 22, 2010.  These interrogatories consisted of 277 interrogatories (including discrete subparts).  In light of the excessive nature of these interrogatories and them being clearly in excess of the 25 allowed by Fed. R. Civ. P. 33(a)(1), Plaintiff had no obligation to answer.  Defendant recognized this and filed a motion or leave to serve 200 interrogatories.  (Docket No. 86).  Plaintiff responded (Docket No. 99) and the Court denied Defendant's request.  (Docket No. 115).

## STANDARD OF REVIEW

A motion to compel is governed by Fed. R. Civ. P. 37.  As a threshold matter, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Defendant has failed to do so and as such this motion must be denied.

1

*DISCUSSION*

## I.   *Defendant Fails to Make a Prima Facie Motion to Compel*

Defendant did not, as required by Fed. R. Civ. P. 37(a)(1) include a certification that he "in good faith conferred or attempted to confer with... [Plaintiff] in an effort to obtain [discovery responses] without court action." Had Defendant included such a certification, it would have been false, as he failed to seek concurrence in this motion[1] or request the discovery he alleges. As such, he has not adequately pleaded a motion to compel and the instant motion should be denied.

## II.   *Plaintiff's Responses are Adequate*

### A.   **Requests for Admission**

Plaintiff responded to Defendant's Requests for Admission on December 22, 2010. As such, Defendant's "motion to compel" is improper and instead he seeks to have the Court determine the sufficiency of Plaintiff's responses pursuant to Fed. R. Civ. P. 36(a)(6). However, he asserts no legal or factual grounds for having the Court overrule Plaintiff's objections. As such, the instant motion must be denied.

### B.   **Interrogatories**

There are no pending interrogatories. The Court held that Defendant did not have leave to serve over 25 interrogatories. See Docket No. 115, attached as Exhibit B. This had the effect of negating the 277 interrogatories that Defendant did serve. As such, a motion to compel production of responses to non-existent interrogatories is inappropriate and must be denied.

---

[1] As required by LR 7.1(a).

### *CONCLUSION*

Wherefore, Plaintiff requests that the Court deny Defendant's Motion to Compel (Docket No. 121).

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion to Compel (Docket No. 121) and Brief in Support with this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI  48507 on April 11, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

3

**INDEX OF EXHIBITS**

A      Certificate of Service of Plaintiff's Response to Defendant's Requests for
Admissions Dated November 22, 2010 dated December 22, 2011

B      Order on Motions to Compel (Dkt. 76, 86) entered on March 15, 2011

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                   United States District Court Judge
                                   Patrick J. Duggan, presiding
                                   Michael Hluchaniuk, referral

V                                              Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Reuqests for Admissions Dated November 22, 2010 and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 22, 2010.

                             /s/ Eric A. Buikema
                             Cardelli, Lanfear, & Buikema, P.C.
                             322 W. Lincoln
                             Royal Oak, MI 48067
                             (248) 544-1100
                             ebuikema@cardellilaw.com
                             (P58379)

# EXHIBIT

# B

Case 2:10-cv-10978-PJD-MJH ECF No. 136, PageID.1767 Filed 04/15/11 Page 25 of 93
Case 2:10-cv-10978-PJD-MJH Document 134-3 Filed 04/11/11 Page 2 of 4
Case 2:10-cv-10978-PJD-MJH Document 115 Filed 03/15/11 Page 1 of 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

          Plaintiff,

vs.

STEVEN WOODWARD,

          Defendant.

_____/

Case No. 10-10978

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## ORDER ON MOTIONS TO COMPEL (Dkt. 76, 86)

This matter is before the Court on various discovery motions filed by the parties. Plaintiff has filed a motion to compel defendant to answer certain written discovery requests that have, apparently, gone unanswered. (Dkt. 76). In response, defendant complains of various discovery abuses and other wrongs purportedly committed by plaintiff's counsel, but offers no explanation regarding why the discovery remains unanswered. (Dkt. 83). Based on the foregoing, defendant is **ORDERED** to provide full and complete responses to plaintiff's discovery requests within 14 days of entry of this Order.

Defendant moves for leave to serve 200 interrogatories on plaintiff because it would be difficult for him to take depositions in this matter. (Dkt. 86). Plaintiff objects to this request as excessive and unduly burdensome and unsupported by any good cause or particularized need. (Dkt. 99). In its discretion, the Court

1

Case 2:10-cv-10978-PJD-MJH   ECF No. 136, PageID.1768   Filed 04/15/11   Page 26 of 93
Case 2:10-cv-10978-PJD-MJH   Document 134-3   Filed 04/11/11   Page 3 of 4
Case 2:10-cv-10978-PJD-MJH   Document 115   Filed 03/15/11   Page 2 of 3

declines to permit defendant to ask plaintiff 200 interrogatories and defendant's

motion is **DENIED**.  Defendant is directed to review Federal Rule of Civil

Procedure 31, Depositions by Written Questions, which may better suit his

purposes.

     **IT IS SO ORDERED**.

     The parties to this action may object to and seek review of this Order, but are

required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign

as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection.  Pursuant to Local Rule

72.1(d)(2), any objection must be served on this Magistrate.

|  |  |
|---|---|
| | s/Michael Hluchaniuk |
| Date: March 15, 2011 | Michael Hluchaniuk |
| | United States Magistrate Judge |

Case 2:10-cv-10978-PJD-MJH   ECF No. 136, PageID.1769   Filed 04/15/11   Page 27 of 93
Case 2:10-cv-10978-PJD-MJH   Document 134-3   Filed 04/11/11   Page 4 of 4
Case 2:10-cv-10978-PJD-MJH   Document 115   Filed 03/15/11   Page 3 of 3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 15, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Eric A. Buikema</u>, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507</u>.

<div style="margin-left: 40%;">

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

</div>

Case 2:10-cv-10978-PJD-MJH

**FILED**

2011 MAR 24  A 7 44

U.S. DIST COURT CLERK
EAST DIST, MICH
FLINT

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                         CASE No.: 2:10-cv-10978-PJD-MJH
                                          Judge Patrick J. Duggan
                                          Judge Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

**Motion to Compel Plaintiff**

**EXHIBIT** 3

**Motion to Compel Plaintiff**

**List of Exhibits:**
Exhibit 1. Defendant's Request for Documentation
Exhibit 2. Defendant's Request for Interrogatories
Exhibit 3. Defendant's Request for Admissions
Exhibit 4. Plaintiff's Answers to Exhibit 3.

The Plaintiff is acting in Bad Faith regarding Discovery. The documentation and answers, Exhibit 1, Exhibit 2, and Exhibit 3, were due December 22, 2010. The Plaintiff's attorney indicated to the Court, and Defendant, that they were going to produce the Discovery documentation and answers after the December 22, 2010 hearing. Instead of producing any documentation or answers in good faith the Plaintiff emailed the Defendant only Exhibit 4, in Bad Faith. The Plaintiff refuses to produce any of the requested documentation, including the Defendant's, Steven Woodward, own school records. The Plaintiff removed access to the Defendant's own private email address **stevenw@auamed.net** after the Defendant filed a lawsuit against them, prior to the wrongful dismissal. The Plaintiff has refused to produce access to stevenw@auamed.net email account.

The Defendant requests the Court order the Plaintiff to produce all of the requested documentation, Answer Admissions, and the Interrogatories, if not all at least the required amount. The Defendant requests the Court impose sanctions against the Plaintiff due for burden, harassment, and annoyance.

<div align="center">

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

</div>

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, Plaintiff

United States District Court
Judge Patrick J. Duggan, presiding
Michael Hluchaniul, referral
Case No.: 2:10-cv-10978

V
Steven Woodward, Defendant

Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248)544-1100
ebuikema@cardellilaw.com

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
steve_L_woodward@yahoo.com

---

### Defendant's Requests for Production Pursuant to FRCP 34

Defendant Steven Woodward pursuant to Fed. R. Civ. P. 34 requests production of documents, electronically stored information and tangible things as identified below. Pursuant to Fed. R. Civ. P. 34(b)(2), you have 30 days form being served to respond. You must produce this information as kept in the ordinary course of business or organize and label to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E). Fed. R. Civ. P. 26(e) imposes a duty upon you to timely supplement your responses.

**EXHIBIT** **1**

1

### Definitions

1. The letters "AUA" define the American University of Antigua College of Medicine, Greater Caribbean Learning Resources, GCLR, St Joseph Mercy Oakland Hospital, and any company or partner of the American University of Antigua College of Medicine; unless otherwise specified.

2. The words documents, records, communications, prescriptions, files, minutes, notifications, findings, process, petitions, warnings, reports, and things refer to all tangible material of any nature, including but not limited to, all written material such as graphs, charts, maps, drawings, correspondence, memoranda, records, notes, writings, manuals, books, photographs, recordings, images and all information stored electronically on a computer or archived software capable of reduction to a written document as well as all objects such as parts, pieces, samples, and related tangible things.

3. The words possession, custody, or control apply to all documents and things belonging to you that are in your possession, all documents and things belonging to others over which you have custody, and all documents and things in the custody of others over which you have the right of control.

### Defendant's Request for Documentation

1. Please produce a copy of all Nellie Mae Loan Certifications signed by any AUA employee.

2. Please produce a copy of all patient records for Steven Woodward concerning any clinical treatment provided by any AUA employee.

3. Please produce a copy of all patient records for Steven Woodward written by any AUA employee.

4. Please produce a copy of all counseling records for Steven Woodward written by any AUA employee.

5. Please produce a copy of all prescriptions for Steven Woodward for any clinical treatments provided by any AUA employee.

6. Please produce a copy of all records and documents between Peter Bell and Steven Woodward.

7. Please produce a copy of all communications between any AUA employee and Stuart A Lockhart concerning Steven Woodward.

8. Please produce a copy of all communications to or from Neal S. Simon concerning Steven Woodward.

9. Please produce a copy of all communications to or from Peter Bell concerning Steven Woodward.

10. Please produce a copy of all communications between any AUA employee and any St Joseph Mercy Oakland Hospital employee concerning Steven Woodward.

11. Please produce a copy of the email written by Jorge Calderon to Susan Zonia dated Saturday, December 15, 2007 subject: Fwd: Planning the grievance hearing including the "note" from Dr. Cain.

12. Please produce all communications by Victor Hrehorovich concerning Steven Woodward.

13. Please produce all communications by Jorge Calderon concerning Steven Woodward.

14. Please produce all communications by Jeffrey Yancz concerning Steven Woodward.

15. Please produce all communications by Susan Zonia concerning Steven Woodward.

16. Please produce all communications by Deneen McCall concerning Steven Woodward.

17. Please produce all communications by William Cain concerning Steven Woodward.

18. Please produce a copy of all documentation identified by Plaintiff's Rule 26 disclosures.

19. Please produce a copy of all exhibits or demonstrative aids which the Plaintiff intends to rely upon at trail.

20. Please produce a complete copy of the AUA student file for Steven Woodward.

21. Please produce a copy of all files AUA has concerning Steven Woodward.

22. Please produce a copy of all meeting minutes pertaining to Steven Woodward.

23. Please provide a copy of all reports, findings, and recommendations used to form the basis for all Grievance Committee Meeting findings concerning Steven Woodward.

24. Please produce a copy of all written communications between AUA and St Joseph Mercy Oakland Hospital pertaining the December 2007 Grievance with Steven Wooward.

25.  Please produce a copy of all voice recordings regarding the December 2007 Grievance concerning Steven Woodward.

26.  Please produce meeting minutes for any appeal Steven Woodward filed with AUA.

27.  Please produce a copy of all grievance meeting minutes concerning Steven Woodward and AUA.

28.  Please produce a copy of all findings regarding any grievances AUA had with Steven Woodward.

29.  Please produce a copy of all grievance meeting notifications between William Bullock Stewart and AUA.

30.  Please produce a copy of all grievance meeting findings AUA documented concerning the William Bullock Stewart.

31.  Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting finding for William Bullock Stewart.

32.  Please produce a copy of all grievance meeting notifications between Syed Noori and AUA.

33.  Please produce a copy of all grievance meeting findings AUA documented concering Syed Norri.

34.  Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting findings for Syed Noori.

35.  Please produce a copy of all grievance meeting notifications to any AUA student.

36.  Please produce a copy of all findings regarding all grievances AUA has had with any of their students.

37.  Please produce a copy of the process used by Neal Simon to ensure wrong information is not taught on Antigua at AUA while he is at his Wall Street Office or away from Antigua.

38.  Please produce a copy of all communications between AUA employees and St Joseph Mercy Oakland Hospital employees concerning the use of pagers during the 5th Semester Course.

39.  Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning the number of patients students need to document during the 5th Semester cours.

4

40. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning defending an epithet.

41. Please produce a copy of the "Final Grades by Component – Fall, 2007".

42. Please produce a copy of all safety warnings AUA has issued to their students.

43. Please produce a copy of all reports on crime published by AUA for any site where their students reside.

44. Please produce a copy of all petitions submitted to AUA by any members of their student population.

45. Please produce a copy of all documentation concerning Shelf Exam policies concerning AUA students passing courses.

46. Please produce a copy of all documentation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, Plaintiff

United States District Court
Judge Patrick J. Duggan, presiding
Michael Hluchaniul, referral
Case No.: 2:10-cv-10978

V

Steven Woodward, Defendant

Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248)544-1100
ebuikema@cardellilaw.com

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
steve_L_woodward@yahoo.com

**Defendant's Interrogatories to Plaintiff**

**EXHIBIT 2**

1

**Defendant's Interrogatories to Plaintiff**

Defendant Steven Woodward submits the following interrogatories to the Plaintiff to be answered fully and under oath.  Pursuant to Fed. R. Civ. P. 33(a)(2), you have 30 days from being served to respond.  Fed. Civ. P. 26(e) imposes a duty upon you to timely supplement your responses.

Definitions: AUA is defined as American University of Antigua College of Medicine. Greater Caribbean Learning Resources, GCLR, and any partners of the Univesity.

Interrogatories 1. How many American University of Antigua College of Medicine students have died on Antigua?  If any, list the date of the incident and cause of death for each student and provide all AUA student notices, student warnings, reports, and all corrective action taken by AUA for each incident.
Response:


Interrogatories 2. How many people have been murdered on Antigua between January 2004 and November 2010?  If any, list the date of the incident, age of the victim, and cause of each death and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:


Interrogatories 3. How many American University of Antigua College of Medicine students have been murdered on Antigua?  If any, list the date of the incident, age of the victim, and cause of death for each student, incident details and documentation and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:


Interrogatories 4. How many people have been found guilty of sex offenses on Antigua between January 2004 and November 2010?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:


Interrogatories 5. How many American University of Antigua College of Medicine students have been a victim of any sexual offense on Antigua?  If any, list the date and the age of the victim for each incident, incident details, and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

2

Interrogatories 6. How many people have been robbed on Antigua between January 2004 and November 2010? If any, list the date and details for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 7. How many American University of Antigua College of Medicine students have been victims of robbery on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 8. How many people have been assaulted on Antigua between January 2004 and November 2010? If any, list the date and details for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 9. How many American University of Antigua College of Medicine students have been victims of assault on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 10. How many people have been found guilty of burglary on Antigua between January 2004 and November 2010?
If any, list the date and details for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 11. How many American University of Antigua College of Medicine students have been victims of any burglary on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 12. How many vehicles have been stolen on Antigua between January 2004 and November 2010? If any, list the date and details for each incident and provide

all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 13. How many American University of Antigua College of Medicine students have been victims of auto theft on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 14. How many people have been found guilty of manslaughter on Antigua between January 2004 and November 2010?  If any, list the date and details of each victim, including nationality, age, and if they were a student and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 15. How many American University of Antigua College of Medicine students have been victims of manslaughter on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 16. How many people have been found guilty of arson on Antigua between January 2004 and November 2010?  If any, list the date and details of each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 17. How many American University of Antigua College of Medicine students have been victims of arson on Antigua?  If any, list the date and the age of the victim for each incident and provide all AUA student notices, student warnings, reports, and all safety corrective actions taken by AUA for each incident.
Response:

Interrogatories 18. Has AUA been investigated by the FBI?  If so, list the date and details for each, including outcome.
Response:

4

Interrogatories 19. What is the USMLE Step 1 first-time pass rates for all AUA students since 2004?
Response:

Interrogatories 20.  Please state the reason AUA does not use the domain name "auamed.edu.ag"?
Response:

Interrogatories 21.  Has AUA been named in a lawsuit? If so,
     a. List the nature of the lawsuit,
     b. List the date of the lawsuit,
     c. List the court and location
Response:

Interrogatories 22.  Separately for each person who has knowledge of any fact relevant to this lawsuit(s), state:
     a. The person's name, address, telephone number, employer address, employer telephone number;
     b. The facts known to the witness;
     c. The relationship of the witness to any party to this litigation, if any;
     d. Produce all documents relating to this witness and/or his or her testimony, including statements, notes of conversations, memorandums, correspondence, reports, or any other records, written, electronic or otherwise.
Response:

Interrogatories 23. Separately for every oral communication between defendant or anyone acting on its behalf and this plaintiff or anyone acting on its behalf relating to any fact relevant to this lawsuit:
     a. State the substance of the communication;
     b. State the date the communication occurred;
     c. Identify by name, address, telephone number and employer all parties to the communication;
     d. Produce all documents or records relating o or evidencing the communication.
Response:

Interrogatory 24. Has the Plaintiff, any partner, owner, and/or parent company ever been party to a lawsuit before, including any bankruptcy proceeding, worker's compensation proceeding or divorce? If so, please provide
     a. the name of case including the names of parties, the state, county and court, and the country where it was filed, the year it was filed; and
     b. a brief description of the issue(s) in the case.
Response:

5

Interrogatory 25. Has any employee of the Plaintiff been treated for a mental health condition or issue? If so, Please list separately the employee name, their providers name, address and telephone number for every mental health professional each employee has consulted, been examined by or seen in the last 10 years.
Response:


Interrogatory 26. Has Neal S. Simon been treated for a mental health condition of issue? If so, Please provide the name, address and telephone number for every mental health professional each employee has consulted, been examined by or seen in the last 10 years.
Response:


Interrogatory 27. Employment History for every employee of Greater Caribbean Learning Resources, GCLR, and American University of Antigua College of Medicine; Provide the name, address, telephone number of every place where every employee has worked in the last 15 years. Separately for each employee list the name of each employer, provide title, rate of compensation, dates of employment and the name of the person to whom each reported.
Response:

Interrogatory 28. Has the American University of Antigua College of Medicine or Greater Caribbean Learning Resources, GCLR ever released, fired, suspended, disciplined, or removed any employee? If so, for each case provide the employee name, work position, work responsibilities, compensations, details relating to the incident, the name of all persons involved, and all documentation concerning the incident.
Response:

Interrogatory 29. Has any hospital refused to partner with American University of Antigua College of Medicine? If so, for each case provide the hospital name, list each person involved and all records concerning each case.
Response:

Interrogatory 30. Has any hospital partner of American University of Antigua College of Medicine discontinued any partnership or program with American University of Antigua College of Medicine? If so, for each case provide the hospital name, hospital contact information, the name of each person involved and all records concerning each case.
Response:

Interrogatory 31. How many Grievance Committee Meetings has American University of Antigua College of Medicine held? For each separate meeting produce the name of each student involved, the student contact information, the student home address, student email addresses, student telephone numbers, the nature of the grievance, all meeting minutes, all documentation, all recordings, all evidence, witness list, name of each faculty presiding, name of each faculty involved, all notices, and outcome.

6

Response:

Interrogatory 32.  How many students have been dismissed from American University of Antigua College of Medicine?  For each separate incident produce the name of each student involved, the student contact information, the student home address, student email addresses, student telephone numbers, the nature of dismissal, all meeting minutes, all documentation concerning each case, all recordings, all evidence, witness list, name of each faculty involved.
Response:

Interrogatory 33.  How many students have appealed grades assigned to them by faculty of American University of Antigua College of Medicine?  For each separate incident produce the name of each student involved, the student contact information, the student home address, student email addresses, student telephone numbers, the class, the name of the faculty that taught the class, and outcome.
Response:


Interrogatory 34.  How many students have appealed Grievance Committee Meeting decisions of American University of Antigua College of Medicine? For each separate appeal produce the name of each student involved, the student contact information, the student home address, student email addresses, student telephone numbers, and outcome.
Response:

Interrogatory 35.  State the names, and positions held of any and all individual(s) who participated in the Grievance Committee hearing against Steven Woodward in December, 2007.
Response:

Interrogatory 36.  How many Grievance Committee hearings against AUA students took place between 2004 and 2010?
Response:

Interrogatory 37.  State the outcome and/or recommendation resulting from each of the Grievance Committee hearings against AUA students between 2004 and 2010.

Interrogatory 38.  State the reason AUA discontinued access to stevenw@auamed.net to Steven Woodward after December, 2007?
Response:

Interrogatory 40.  Provide the username and password to the account stevenw@auamed.net.
Response:

Interrogatory 41. Has AUA deleted any information from the user email account stevenw@auamed.net? If so, state the reason why, the date information was deleted, and nature of the information that was deleted.
Response:

Interrogatory 42. Provide the full name, address, telephone number, home state, email address, and all contact information for the physician Susan Zonia removed as admitted in her deposition.
Response:

Interrogatory 43. Provide a detailed description of the testimony expected from each person listed in Plaintiff's Rule 26 disclosure.
Response:

Interrogatory 44. Produce all documentation or recordings regarding the use of pagers assigned to American University of Antigua College or Medicine students at St Joseph Mercy Oakland Hospital in 2007.
Response:

Interrogatory 45. State the basis for denying Steven Woodward legal counsel or a recording device during a Grievance Committee hearing.
Response:

Interrogatory 46. State the full and complete basis for the grievance procedures against Steven Woodward in December 2007?
Response:

Interrogatory 47. Did American University of Antigua College of Medicine inform Steven Woodward of the full and complete basis for the grievance procedures against him in December 2007?
Response:

Interrogatory 48. Did American University of Antigua College of Medicine inform Steven Woodward of the full and complete basis and/or name of the faculty that initiated the grievance procedure in August 2007?
Response:

Interrogatory 49. Has any group of American University of Antigua College of Medicine students signed petitions concerning the school or any AUA program? If so, produce a copy of all the petitions and any documentation surrounding the outcome of the petition.
Response:

Interrogatory 50. Did any faculty of American University of Antigua College of Medicine communicate to Jeffrey Yanez that there would be a 10% curve added to the December 2007 5th Semester Final Written Exam?
Response:

8

Interrogatory 51.  What is the date American University of Antigua College of Medicine dismiss Steven Woodward?
Response:

Interrogatory 52.  What date was the lawsuit, known as Case No. 07-088103-CZ, filed by the attorney for Steven Woodward concerning St Joseph Mercy Oakland Hospital, Susan Zonia, and employees of American University of Antigua College of Medicine?
Response:

Interrogatory 53.  What date did American University of Antigua College of Medicine issue grades to Steven Woodward for the December 2007 5th Semester course?
Response:

Interrogatory 54.  State the name, address, telephone number, employer, driver's license number, and Social Security Number for everyone who has provided information to answer these Interrogatories.
Response:

11/22/2010

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, Plaintiff

United States District Court
Judge Patrick J. Duggan, presiding
Michael Hluchaniul, referral
Case No.: 2:10-cv-10978

V
Steven Woodward, Defendant

Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI 48067
(248)544-1100
ebuikema@cardellilaw.com

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
steve_l_woodward@yahoo.com

**Defendant's Requests for Admissions**



**EXHIBIT 3**

1

## Defendant's Requests for Admissions

The Defendant Steven Woodward submits the following requests for admission. Your answer must admit the request, specifically deny the request, or make a statement that you cannot truthfully admit or deny the request. Fed. R. Civ. P. 36(a)(4). A denial must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Pursuant to Fed. R. Civ. P. 36(a)(3) you have 30 days from the date of this request to respond.

Request 1.
Please admit that Jeffrey Yanez wrote: "After reviewing the final exam results AUA has decided to apply a 10% "curve".
Response:


Request 2.
Please admit that Jeffrey Yanez wrote "It is anticipated from AUA that you will only need 4-5 hours to complete this examination given the fact that you already know the questions and answers from the quizzes throughout the past 11 weeks.
Good Luck

PS- I took a look at the exam- The questions ARE the exact same as the ones you have already seen."
Response:


Request 3.
Please admit that Jeffrey Yanez wrote "AUA (Dr. Calderone) also noted that you scored 0 on the vocabulary and he wondering why or what happened."
Response:


Request 4.
Please admit that Jeffrey Yanez wrote "All the words from the definitions are listed" and that these "definitions" were the entire "Vocabulary" section of the Final Exam.
Response:


Request 5.
Please admit that the Final Written Exam given to 5th Semester students were given on different dates between the three clinical sites.
Response:


2

Request 6.
Please admit that Sallie Mea was not informed that loans were being issued to American University of Antigua College of Medicine students in 2006.
Response:


Request 7.
Please admit that American University of Antigua College of Medicine had a policy in 2007 that if a student passed the Shelf Exam that the student passed the course.
Response:


Request 8.
Please admit that American University of Antigua College of Medicine scheduled the Shelf Exam for their students at St Joseph Mercy Oakland Hospital.
Response:


Request 9.
Please admit that the American University of Antigua College of Medicine 5th Semester students at St Joseph Mercy Oakland Hospital did not receive the scheduled Shelf Exam in 2007.
Response:


Request 10.
Please admit that the students in the 2007 5th Semester program at St Joseph Mercy Oakland Hospital did not receive all the contractual clinical rotations.
Response:


Request 11.
Please admit that the Exam Master application did not work for any of the scheduled Friday Quizzes for the American University of Antigua College of Medicine students at St Joseph Mercy Oakland Hospital.
Response:


Request 12.
Please admit that the Exam Master application could not be used between October 21, 2007 and October 25, 2007.
Response:


3

Request 13.
Please admit that because Exam Master problems it was replaced with another software application for the Final Exam.
Response:


Request 14.
Please admit that American University of Antigua College of Medicine asks for student evaluations for courses.
Response:


Request 15.
Please admit that American University of Antigua College of Medicine published "AUA/KMC students are encouraged to address any academic or non-academic concerns with their Professors, Faculty Advisors or Deans."
Response:


Request 16.
Please admit that American University of Antigua College of Medicine published "The University adheres to the mandates of the United States Family Educational Rights and Privacy Act (FERPA)"
Response:


Request 17.
Please admit that Steven Woodward was dismissed from American University of Antigua College of Medicine on May 21, 2008.
Response:


Request 18.
Please admit that lawsuit Case No. 07-088103-CZ was filed on December 20, 2007.
Response:


Request 19.
Please admit that AUA 5th Semester Final Grades were issued to the students after December 20, 2007.
Response:

Request 20.
Please admit that the file http://www.aua-med.com/dowloads/usmle-pass-rate.ppt
contains student grades and scores.
Response:


Request 21.
Pleases admit that Exam Master software licensing agreement covers user name privacy.
Response:


Request 22.
Please admit that the Preliminary Clinical Medicine Course Guidelines*(September 6 –
December 21, 2007) states "You may choose any user name you would like to use".
Response:


Request 23.
Please admit that American University of Antigua College of Medicine requested Susan
Zonia write the Memo dated December 17, 2007.
Response:


Request 24.
Please admit that American University of Antigua College of Medicine allowed students
located in Miami to attend a live Kaplan course during a 2007 5th Semester course.
Response:


Request 25.
Please admit that AUA students were exposed to PCP from an HIV positive patient
during the 5th Semester at St Joseph Mercy Oakland.
Response:


Request 26.
Please admit that Steven Woodward communicated with AUA and St Joseph Mercy
Oakland Hospital faculty concerning the PCP exposure but was not treated or examined
for the exposure.
Response:

Request 27.
Please admit that AUA students during the 5th Semester Course at St Joseph Mercy
Oakland hospital were not taught biohazard skills and precautions required to perform
tests on PCP HIV infected patients.
Response:

Request 28.
Please admit that American University of Antigua College of Medicine has implemented
, in part or in full, suggestions made by Steven Woodward.
Response:

Request 29.
Please admit that Dr. R. Sanji wrote "Dear Steve:
Thank you for your email. I did read your email with great interest and concern. I think
you have brought up few very important and valuable points. I take it that you are very
concern and care for this institute. Me too. I like to see student being motivated and have
a chance to learn and advance in a very healthy scientific environment. I think it will be
helpful ( may be productive) if we meet and put our thought together to find a
solution for at least those issues related to SGA responsibility"
Response:

Request 30.
Please admit that Dr. Hayden wrote "I understand what you are saying and your input as
well as your student colleagues is helpful and constructive. Change will come thanks to
your efforts. Unfortunately, as a trail blazer, you yourself won't benefit from the path you
are creating. But that's usually the case for leaders and forward thinkers."
Response:

Request 31.
Please admit Victor Hrehorovich distributed, communicated, and/or forwarded Steven
Woodward's private username to a testing software application.
Response:

Request 32.
Please admit that Victor Hrehorovich distributed, communicated, and/or forwarded
private emails from Steven Woodward.
Response:

6

Request 33.
Please admit that Neal Simon signed a contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital.
Response:


Request 34.
Please admit that the contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital states "The hospital agrees to provide support services including counseling for students"
Response:


Request 35.
Please admit that Jeffrey Yanez diagnosed Steven Woodward as having "episodes", "episodic", "He didn't seem to be able to control his emotions", "I was dealing with a child".
Response:


Request 36.
Please admit that Jeffrey Yanez did not documented any diagnosed behavioral problems concerning Steven Woodward.
Response:


Request 37.
Please admit that Jeffrey Yanez never notified AUA concerning any of Steven Woodward's episodes .
Response:


Request 38.
Please admit that St Joseph Mercy Oakland never provided counseling or support services to Steven Woodward.
Response:


Request 39.
Please admit that William Cain wrote "the documents I have received are evidence of absurd behavior".
Response:


7

Request 40.
Please admit William Cain never offered counseling to Steven Woodward during the 5th Semester.
Response:


Request 41.
Please admit the 5th Semester Syllabus states "including counseling"
Response:


Request 42.
Please admit William Cain refused to listen to Steven Woodward's exhibit during a Committee Meeting.
Response:


Request 43.
Please admit William Cain refused to have a Committee meeting recorded.
Response:


Request 44.
Please admit William Cain wrote "no recording device, no legal council" in a Notice of Grievance Committee hearing on December 19, 2007.
Response:


Request 45.
Please admit the AUA student handbook states "The student has the right to counsel and to present witnesses and documentary evidence".
Response:


Request 46.
Please admit that Steven Woodward earned and 80% for his 5th Semester Final Grade.
Response:


Request 47.
Please admit that Lekedra Evans earned an 83% for her 5th Semester Final Grade.
Response:


8

Request 48.
Please admit that Michael Ozuomba earned a 77% for his 5th Semester Final Grade.
Response:


Request 49.
Please admit that the AUA 5th Semester Syllabus defined how the 5th Semester course
was graded.
Response:


Request 50.
Please admit that the AUA 5th Semester Syllabus states " III. Evaluation and Grading
A) Passing Grade Minimal requirements
* Minimal total course grade  75%
*Minimal lecture attendance  85% (18 lectures)
*Minimal practical session attendance        85%
*Minimal Hospital lectures and other Academic sessions attendance         50%
*Minimal out-patient session attendance        90%
*Minimal Correlation Course questions        80% (1,600)
*Minimal total quizzes score        60%
*Minimal final written exam score        80%
Minimal final practical exam Score        80%"
Response:


Request 51.
Please admit the 5th Semester Syllabus states "Their input is critical in developing and
advancing the University's academic program."
Response:


Request 52.
Please admit AUA faculty teach wrong information.
Response:


Request 53.
Please admit Victor Hrehorovich wrote to Steven Woodward "Thank you for your
suggestions.  It's an excellent one, of great educational and economic import"
Response:

Request 54.
Please admit Victor Hrhorovich wrote to Steven Woodward "Your points are well taken"
Response:


Request 55.
Please admit there were at least 20 schedule changes during the 2007 5th Semester
program at St Joseph Mercy Oakland hospital.
Response:


Request 56.
Please admit Victor Hrhorovich did not reply to Steven Woodward the answer to the
following question "Since the word is you're failing a students this semester, I would like
to know my standing in the class.   Anything I need to be aware of that would jeopardize
me getting out of this semester."
Response:

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                    United States District Court Judge
                                    Patrick J. Duggan, presiding
                                    Michael Hluchaniuk, referral

V                                      Case No.:  2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI  48507<br>Steve_L_woodward@yahoo.com |
|---|---|

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR
ADMISSIONS DATED NOVEMBER 22, 2010**

Request 1.
Please admit that Jeffrey Yanez wrote: "After reviewing the final exam results AUA has decided
to apply a 10% "curve".

<u>Response:</u>

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of
whether Defendant defamed Plaintiff or violated Plaintiff's marks.  Without waving this
objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

1

**EXHIBIT 4**

Request 2.
Please admit that Jeffrey Yanez wrote "It is anticipated from AUA that you will only need 4-5 hours to complete this examination given the fact that you already know the questions and answers from the quizzes throughout the past 11 weeks.
Good Luck

PS- I took a look at the exam- The questions ARE the exact same as the ones you have already seen."

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 3.
Please admit that Jeffrey Yanez wrote "AUA (Dr. Calderone) also noted that you scored 0 on the vocabulary and he wondering why or what happened."

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 4.
Please admit that Jeffrey Yanez wrote "All the words from the definitions are listed" and that these "definitions" were the entire "Vocabulary" section of the Final Exam.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 5.
Please admit that the Final Written Exam given to 5th Semester students were given on different dates between the three clinical sites.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further objects to this request as vague and not reasonably limited in scope.**

Request 6.
Please admit that Sallie Mea was not informed that loans were being issued to American University of Antigua College of Medicine students in 2006.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving said objection, Plaintiff can neither admit nor deny this request as it does not know what "Sally Mea" was informed or not informed.**

Request 7.
Please admit that American University of Antigua College of Medicine had a policy in 2007 that if a student passed the Shelf Exam that the student passed the course.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 8.
Please admit that American University of Antigua College of Medicine scheduled the Shelf Exam for their students at St Joseph Mercy Oakland Hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 9.
Please admit that the American University of Antigua College of Medicine 5th Semester students at St Joseph Mercy Oakland Hospital did not receive the scheduled Shelf Exam in 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 10.
Please admit that the students in the 2007 5th Semester program at St Joseph Mercy Oakland Hospital did not receive all the contractual clinical rotations.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 11.
Please admit that the Exam Master application did not work for any of the scheduled Friday Quizzes for the American University of Antigua College of Medicine students at St Joseph Mercy Oakland Hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 12.
Please admit that the Exam Master application could not be used between October 21, 2007 and October 25, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 13.
Please admit that because Exam Master problems it was replaced with another software application for the Final Exam.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 14.
Please admit that American University of Antigua College of Medicine asks for student evaluations for courses.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 15.
Please admit that American University of Antigua College of Medicine published
"AUA/KMC students are encouraged to address any academic or non-academic concerns with their Professors, Faculty Advisors or Deans."

4

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 16.
Please admit that American University of Antigua College of Medicine published "The University adheres to the mandates of the United States Family Educational Rights and Privacy Act (FERPA)"

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 17.
Please admit that Steven Woodward was dismissed from American University of Antigua College of Medicine on May 21, 2008.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 18.
Please admit that lawsuit Case No. 07-088103-CZ was filed on December 20, 2007.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objection, Plaintiff states that Defendant filed his Oakland County Court Case No. 07-088103-CZ on December 20, 2007 and that this is a matter of public record.

Request 19.
Please admit that AUA 5th Semester Final Grades were issued to the students after December 20, 2007.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 20.
Please admit that the file http://www.aua-med.com/dowloads/usmle-pass-rate.ppt contains student grades and scores.

**Response:**

**Admitted that Defendant has wrongfully published confidential student data and information.**

Request 21.
Pleases admit that Exam Master software licensing agreement covers user name privacy.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 22.
Please admit that the Preliminary Clinical Medicine Course Guidelines*(September 6 – December 21, 2007) states "You may choose any user name you would like to use".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 23.
Please admit that American University of Antigua College of Medicine requested Susan Zonia write the Memo dated December 17, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 24.
Please admit that American University of Antigua College of Medicine allowed students located in Miami to attend a live Kaplan course during a 2007 5th Semester course.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 25.
Please admit that AUA students were exposed to PCP from an HIV positive patient during the 5th Semester at St Joseph Mercy Oakland.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 26.
Please admit that Steven Woodward communicated with AUA and St Joseph Mercy Oakland Hospital faculty concerning the PCP exposure but was not treated or examined for the exposure.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 27.
Please admit that AUA students during the 5th Semester Course at St Joseph Mercy Oakland hospital were not taught biohazard skills and precautions required to perform tests on PCP HIV infected patients.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objections, Plaintiff states that its students were provided a first-rate medical education.**

Request 28.
Please admit that American University of Antigua College of Medicine has implemented , in part or in full, suggestions made by Steven Woodward.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 29.
Please admit that Dr. R. Sanii wrote "Dear Steve;
Thank you for your email. I did read your email with great interest and concern. I think you have brought up few very important and valuable points. I take it that you are very concern and care for this institute. Me too. I like to see student being motivated and have a chance to learn and advance in a very healthy scientific environment. I think it will be helpful ( may be productive) if we meet and put our thought together to find a solution for at least those issues related to SGA responsibility"

7

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 30.
Please admit that Dr. Hayden wrote "I understand what you are saying and your input as well as your student colleagues is helpful and constructive. Change will come thanks to your efforts. Unfortunately, as a trail blazer, you yourself won't benefit from the path you are creating. But that's usually the case for leaders and forward thinkers."

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 31.
Please admit Victor Hrehorovich distributed, communicated, and/or forwarded Steven Woodward's private username to a testing software application.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 32.
Please admit that Victor Hrehorovich distributed, communicated, and/or forwarded private emails from Steven Woodward.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 33.
Please admit that Neal Simon signed a contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objection, Plaintiff admits that it has a contractual relationship with the Trinity-Health Michigan.**

Request 34.
Please admit that the contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital states "The hospital agrees to provide support services including counseling for students"

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further states that no third-party beneficiary contract claims were made either in the state court case or the instant case.

Request 35.
Please admit that Jeffrey Yanez diagnosed Steven Woodward as having "episodes", "episodic", "He didn't seem to be able to control his emotions", "I was dealing with a child".

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.

Request 36.
Please admit that Jeffrey Yanez did not documented any diagnosed behavioral problems concerning Steven Woodward.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.

Request 37.
Please admit that Jeffrey Yanez never notified AUA concerning any of Steven Woodward's episodes .

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by

9

Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.

Request 38.
Please admit that St Joseph Mercy Oakland never provided counseling or support services to Steven Woodward.

**Response:**

**Plaintiff cannot admit or deny this interrogatory as it cannot speak for St. Joseph Mercy Oakland.**

Request 39.
Please admit that William Cain wrote "the documents I have received are evidence of absurd behavior".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.  Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 40.
Please admit William Cain never offered counseling to Steven Woodward during the 5th Semester.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.  Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 41.
Please admit the 5th Semester Syllabus states "including counseling"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 42.
Please admit William Cain refused to listen to Steven Woodward's exhibit during a Committee Meeting.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 43.
Please admit William Cain refused to have a Committee meeting recorded.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 44.
Please admit William Cain wrote "no recording device, no legal council" in a Notice of Grievance Committee hearing on December 19, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 45.
Please admit the AUA student handbook states "The student has the right to counsel and to present witnesses and documentary evidence".

**Response:**

**Admitted.**

Request 46.
Please admit that Steven Woodward earned and 80% for his 5th Semester Final Grade.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 47.
Please admit that Lekedra Evans earned an 83% for her 5th Semester Final Grade.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further objects to this request as federal law and regulations prohibit it from disclosing private and confidential student information without a release and protective order.

Request 48.
Please admit that Michael Ozuomba earned a 77% for his 5th Semester Final Grade.

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further objects to this request as federal law and regulations prohibit it from disclosing private and confidential student information without a release and protective order.

Request 49.
Please admit that the AUA 5th Semester Syllabus defined how the 5th Semester course was graded.

**Response:**
Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 50.
Please admit that the AUA 5th Semester Syllabus states " III. Evaluation and Grading
A) Passing Grade Minimal requirements
* Minimal total course grade  75%
*Minimal lecture attendance  85% (18 lectures)
*Minimal practical session attendance       85%
*Minimal Hospital lectures and other Academic sessions attendance       50%
*Minimal out-patient session attendance       90%
*Minimal Correlation Course questions       80% (1,600)
*Minimal total quizzes score       60%
*Minimal final written exam score       80%
Minimal final practical exam Score       80%"

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Request 51.
Please admit the 5th Semester Syllabus states "Their input is critical in developing and advancing the University's academic program."

12

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 52.
Please admit AUA faculty teach wrong information.

**Response:**

**Denied.**

Request 53.
Please admit Victor Hrehorovich wrote to Steven Woodward "Thank you for your suggestions. It's an excellent one, of great educational and economic import"

**Response:**
**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 54.
Please admit Victor Hrhorovich wrote to Steven Woodward "Your points are well taken"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 55.
Please admit there were at least 20 schedule changes during the 2007 5th Semester program at St Joseph Mercy Oakland hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 56.
Please admit Victor Hrhorovich did not reply to Steven Woodward the answer to the following question "Since the word is you're failing a students this semester, I would like to know my standing in the class.  Anything I need to be aware of that would jeopardize me getting out of this semester."

**Response:**

Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.

Respectfully submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com;
**Date:** Mon, November 22, 2010 4:01:24 PM
**Cc:**
**Subject:** AUA-Woodward

Mr. Buikema,

Attached is:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions
Certificate of Service

I will send a copy of the documents to you via US Mail.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s)
confidential information that may be proprietary, privileged or copyrighted under applicable law. If you
are not the intended recipient, do not read, copy, or forward this email message or any attachments.
Delete this email message and any attachments immediately.



**EXHIBIT 4**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com;
**Date:** Tue, November 23, 2010 2:36:59 PM
**Cc:**
**Subject:** Re: AUA-Woodward

Here are the Word copies.

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Tue, November 23, 2010 11:05:24 AM
**Subject:** RE: AUA-Woodward

Please forward me the word version of your discovery responses and request for admission for ease in responding.

Thank you.

---

**From:** Steve Woodward [mailto:steve_l_woodward@yahoo.com]
**Sent:** Monday, November 22, 2010 4:01 PM
**To:** Kathryn Zalewski; Eric A Buikema
**Subject:** AUA-Woodward

Mr. Buikema,

Attached is:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions
Certificate of Service

I will send a copy of the documents to you via US Mail.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT** 

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Thu, December 16, 2010 12:15:52 PM
**Cc:**
**Subject:** AUA vs Woodward - Documentation, Interrogatories, Admissions, Documentation Requests

Mr Buikema,

Depending on the Decisions and Order by the Honorable Judge Michael Hluchaniuk:

Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Requests for Production.

What you receive will depend on the Order and Decision of the Court.

Please bring with you all documentation the Defendant has requested and the answers to:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions

Thank you for your time,

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 6**

'rint                                    http://us.mg1.mail.yahoo.com/dc/launch?.gx=1&.rand=1r1j11uee3stv

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, December 28, 2010 6:49:21 PM
**Cc:**
**Subject:** AUA vs Woodward

Dear Mr. Buikema and Ms. Zalewski,

I received your answers to my "Defendant's Request for Admissions" is this what you want on record for a "Good Faith" effort for answering?

I have not received your answer to "Defendant's Interrogatories to Plaintiff" and accompanied documentation.
I have not received the documents I requested.

If I have missed your answers to the Interrogatories, please resend me your answers and the associated documents.

I've attached both your answers to the "Defendant's Request for Admissions" as well as my initial pdf file containing:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions
Certificate of Service

If you do not plan on replying to my Interrogatories and document requests please let me know.
If you need more time to reply please let me know.

Thank you for your time.


Steven Woodward




This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** KathrynZalewski plaintiff <kzalewski@cardellilaw.com>; Eric plaintiff Court <ebuikema@cardellilaw.com>
**Sent:** Mon, November 22, 2010 4:01:24 PM
**Subject:** AUA-Woodward

Mr. Buikema,

**EXHIBIT 7**

http://us.mg1.mail.yahoo.com/dc/launch?.gx=1&.rand=1r1j1fuee5stv

Attached is:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions
Certificate of Service

I will send a copy of the documents to you via US Mail.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

4/13/2011 12:43 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                    United States District Court Judge
                                      Patrick J. Duggan, presiding
                                      Michael Hluchaniuk, referral

V                                        Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

<table>
<tr>
<td>

Eric A. Buikema (P58379)<br>
CARDELLI, LANFEAR & BUIKEMA, P.C.<br>
Attorneys for Plaintiff<br>
322 W. Lincoln<br>
Royal Oak, MI 48067<br>
(248) 544-1100<br>
ebuikema@cardellilaw.com

</td>
<td>

STEVEN L. WOODWARD<br>
In Pro Per<br>
c/o 7211 Brittwood Lane<br>
Flint, MI 48507<br>
Steve_L_woodward@yahoo.com

</td>
</tr>
</table>

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR
ADMISSIONS DATED NOVEMBER 22, 2010**

Request 1.
Please admit that Jeffrey Yanez wrote: "After reviewing the final exam results AUA has decided to apply a 10% "curve".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

1

**EXHIBIT 8**

Request 2.

Please admit that Jeffrey Yanez wrote "It is anticipated from AUA that you will only need 4-5 hours to complete this examination given the fact that you already know the questions and answers from the quizzes throughout the past 11 weeks.

Good Luck

PS- I took a look at the exam- The questions ARE the exact same as the ones you have already seen."

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 3.

Please admit that Jeffrey Yanez wrote "AUA (Dr. Calderone) also noted that you scored 0 on the vocabulary and he wondering why or what happened."

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 4.

Please admit that Jeffrey Yanez wrote "All the words from the definitions are listed" and that these "definitions" were the entire "Vocabulary" section of the Final Exam.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving this objection, see Dr. Yanez's deposition transcript from the prior court proceedings.**

Request 5.

Please admit that the Final Written Exam given to 5th Semester students were given on different dates between the three clinical sites.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further objects to this request as vague and not reasonably limited in scope.**

2

Request 6.
Please admit that Sallie Mea was not informed that loans were being issued to American University of Antigua College of Medicine students in 2006.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waving said objection, Plaintiff can neither admit nor deny this request as it does not know what "Sally Mea" was informed or not informed.**

Request 7.
Please admit that American University of Antigua College of Medicine had a policy in 2007 that if a student passed the Shelf Exam that the student passed the course.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 8.
Please admit that American University of Antigua College of Medicine scheduled the Shelf Exam for their students at St Joseph Mercy Oakland Hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 9.
Please admit that the American University of Antigua College of Medicine 5th Semester students at St Joseph Mercy Oakland Hospital did not receive the scheduled Shelf Exam in 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 10.
Please admit that the students in the 2007 5th Semester program at St Joseph Mercy Oakland Hospital did not receive all the contractual clinical rotations.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 11.
Please admit that the Exam Master application did not work for any of the scheduled Friday Quizzes for the American University of Antigua College of Medicine students at St Joseph Mercy Oakland Hospital.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 12.
Please admit that the Exam Master application could not be used between October 21, 2007 and October 25, 2007.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 13.
Please admit that because Exam Master problems it was replaced with another software application for the Final Exam.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 14.
Please admit that American University of Antigua College of Medicine asks for student evaluations for courses.

**<u>Response:</u>**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 15.
Please admit that American University of Antigua College of Medicine published
"AUA/KMC students are encouraged to address any academic or non-academic concerns with their Professors, Faculty Advisors or Deans."

<div align="center">4</div>

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 16.
Please admit that American University of Antigua College of Medicine published "The University adheres to the mandates of the United States Family Educational Rights and Privacy Act (FERPA)"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 17.
Please admit that Steven Woodward was dismissed from American University of Antigua College of Medicine on May 21, 2008.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 18.
Please admit that lawsuit Case No. 07-088103-CZ was filed on December 20, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objection, Plaintiff states that Defendant filed his Oakland County Court Case No. 07-088103-CZ on December 20, 2007 and that this is a matter of public record.**

Request 19.
Please admit that AUA 5th Semester Final Grades were issued to the students after December 20, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 20.
Please admit that the file http://www.aua-med.com/dowloads/usmle-pass-rate.ppt contains student grades and scores.

5

**Response:**

**Admitted that Defendant has wrongfully published confidential student data and information.**

Request 21.
Pleases admit that Exam Master software licensing agreement covers user name privacy.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 22.
Please admit that the Preliminary Clinical Medicine Course Guidelines*(September 6 – December 21, 2007) states "You may choose any user name you would like to use".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 23.
Please admit that American University of Antigua College of Medicine requested Susan Zonia write the Memo dated December 17, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 24.
Please admit that American University of Antigua College of Medicine allowed students located in Miami to attend a live Kaplan course during a 2007 5th Semester course.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 25.
Please admit that AUA students were exposed to PCP from an HIV positive patient during the 5th Semester at St Joseph Mercy Oakland.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 26.
Please admit that Steven Woodward communicated with AUA and St Joseph Mercy Oakland Hospital faculty concerning the PCP exposure but was not treated or examined for the exposure.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 27.
Please admit that AUA students during the 5th Semester Course at St Joseph Mercy Oakland hospital were not taught biohazard skills and precautions required to perform tests on PCP HIV infected patients.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objections, Plaintiff states that its students were provided a first-rate medical education.**

Request 28.
Please admit that American University of Antigua College of Medicine has implemented , in part or in full, suggestions made by Steven Woodward.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 29.
Please admit that Dr. R. Sanii wrote "Dear Steve;
Thank you for your email. I did read your email with great interest and concern. I think you have brought up few very important and valuable points. I take it that you are very concern and care for this institute. Me too. I like to see student being motivated and have a chance to learn and advance in a very healthy scientific environment. I think it will be helpful ( may be productive) if we meet and put our thought together to find a solution for at least those issues related to SGA responsibility"

7

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 30.
Please admit that Dr. Hayden wrote "I understand what you are saying and your input as well as your student colleagues is helpful and constructive. Change will come thanks to your efforts. Unfortunately, as a trail blazer, you yourself won't benefit from the path you are creating. But that's usually the case for leaders and forward thinkers."

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 31.
Please admit Victor Hrehorovich distributed, communicated, and/or forwarded Steven Woodward's private username to a testing software application.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 32.
Please admit that Victor Hrehorovich distributed, communicated, and/or forwarded private emails from Steven Woodward.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 33.
Please admit that Neal Simon signed a contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Without waiving said objection, Plaintiff admits that it has a contractual relationship with the Trinity-Health Michigan.**

Request 34.
Please admit that the contract between American University of Antigua College of Medicine and St Joseph Mercy Oakland Hospital states "The hospital agrees to provide support services including counseling for students"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff further states that no third-party beneficiary contract claims were made either in the state court case or the instant case.**

Request 35.
Please admit that Jeffrey Yanez diagnosed Steven Woodward as having "episodes", "episodic", "He didn't seem to be able to control his emotions", "I was dealing with a child".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 36.
Please admit that Jeffrey Yanez did not documented any diagnosed behavioral problems concerning Steven Woodward.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 37.
Please admit that Jeffrey Yanez never notified AUA concerning any of Steven Woodward's episodes .

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by**

9

Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.

Request 38.

Please admit that St Joseph Mercy Oakland never provided counseling or support services to Steven Woodward.

**Response:**

**Plaintiff cannot admit or deny this interrogatory as it cannot speak for St. Joseph Mercy Oakland.**

Request 39.

Please admit that William Cain wrote "the documents I have received are evidence of absurd behavior".

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 40.

Please admit William Cain never offered counseling to Steven Woodward during the 5th Semester.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks. Plaintiff admits that Defendant's unprofessionalism is well documented and was deemed unprofessional by Judge Shalina Kumar in dismissing his claims against Trinity Health Michigan and Dr. Susan Zonia.**

Request 41.

Please admit the 5th Semester Syllabus states "including counseling"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 42.
Please admit William Cain refused to listen to Steven Woodward's exhibit during a Committee Meeting.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 43.
Please admit William Cain refused to have a Committee meeting recorded.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 44.
Please admit William Cain wrote "no recording device, no legal council" in a Notice of Grievance Committee hearing on December 19, 2007.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 45.
Please admit the AUA student handbook states "The student has the right to counsel and to present witnesses and documentary evidence".

**Response:**

**Admitted.**

Request 46.
Please admit that Steven Woodward earned and 80% for his 5th Semester Final Grade.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 47.
Please admit that Lekedra Evans earned an 83% for her 5th Semester Final Grade.

11

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.  Plaintiff further objects to this request as federal law and regulations prohibit it from disclosing private and confidential student information without a release and protective order.**

Request 48.
Please admit that Michael Ozuomba earned a 77% for his 5th Semester Final Grade.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.  Plaintiff further objects to this request as federal law and regulations prohibit it from disclosing private and confidential student information without a release and protective order.**

Request 49.
Please admit that the AUA 5th Semester Syllabus defined how the 5th Semester course was graded.

**Response:**
**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 50.
Please admit that the AUA 5th Semester Syllabus states " III. Evaluation and Grading
A) Passing Grade Minimal requirements
* Minimal total course grade  75%
*Minimal lecture attendance  85% (18 lectures)
*Minimal practical session attendance        85%
*Minimal Hospital lectures and other Academic sessions attendance        50%
*Minimal out-patient session attendance      90%
*Minimal Correlation Course questions      80% (1,600)
*Minimal total quizzes score        60%
*Minimal final written exam score      80%
Minimal final practical exam Score      80%"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 51.
Please admit the 5th Semester Syllabus states "Their input is critical in developing and advancing the University's academic program."

12

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 52.
Please admit AUA faculty teach wrong information.

**Response:**

**Denied.**

Request 53.
Please admit Victor Hrehorovich wrote to Steven Woodward "Thank you for your suggestions. It's an excellent one, of great educational and economic import"

**Response:**
**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 54.
Please admit Victor Hrhorovich wrote to Steven Woodward "Your points are well taken"

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 55.
Please admit there were at least 20 schedule changes during the 2007 5th Semester program at St Joseph Mercy Oakland hospital.

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Request 56.
Please admit Victor Hrhorovich did not reply to Steven Woodward the answer to the following question "Since the word is you're failing a students this semester, I would like to know my standing in the class.  Anything I need to be aware of that would jeopardize me getting out of this semester."

**Response:**

**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks.**

Respectfully submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

14

| 76 | Filed & Entered: | 12/16/2010 | Motion to Compel |
| 77 | Filed & Entered: | 12/16/2010 | Order Referring Motion to Magistrate Judge |
| 78 | Filed & Entered: | 12/20/2010 | Statement of Resolved and Unresolved Issues |
| 79 | Filed & Entered: | 12/20/2010 | Statement of Resolved and Unresolved Issues |
| 80 | Filed & Entered: | 12/20/2010 | Statement of Resolved and Unresolved Issues |
|    | Filed & Entered: | 12/22/2010 | Motion Hearing |
| 82 | Filed & Entered: | 12/22/2010 | Notice of Error |
| 83 | Filed & Entered: | 12/23/2010 | Response to Motion |
| 84 | Filed & Entered: | 12/23/2010 | Notice (Other) |
| 85 | Filed: Entered: Terminated: | 12/27/2010 12/28/2010 01/05/2011 | Motion to Appoint Counsel |
| 86 | Filed & Entered: | 01/03/2011 | Motion for Miscellaneous Relief |
| 87 | Filed & Entered: | 01/03/2011 | Order Referring Motion to Magistrate Judge |
| 88 | Filed & Entered: | 01/05/2011 | Order on Motion to Compel |
| 89 | Filed & Entered: | 01/05/2011 | Order on Motion to Appoint Counsel |
| 91 | Filed: Entered: | 01/06/2011 01/07/2011 | Response (Free) |
| 92 | Filed: Entered: | 01/06/2011 01/07/2011 | Motion for Miscellaneous Relief |
| 90 | Filed & Entered: | 01/07/2011 | Order |
| 93 | Filed & Entered: | 01/10/2011 | Order Referring Motion to Magistrate Judge |

**EXHIBIT 9**

Case 2:10-cv-10978-PJD-MJH   ECF No. 136, PageID.1830   Filed 04/15/11   Page 88 of 93

| 94 | *Filed & Entered:* | 01/11/2011 | 🌐 Scheduling Order |
|---|---|---|---|
| 95 | *Filed: Entered:* | 01/21/2011 01/24/2011 | 🌐 Response (Free) |
| 96 | *Filed: Entered:* | 01/24/2011 01/25/2011 | 🌐 Motion to Adjourn |
| 97 | *Filed & Entered:* | 01/25/2011 | 🌐 Order Referring Motion to Magistrate Judge |
| 98 | *Filed & Entered:* | 01/28/2011 | 🌐 Response to Motion |
| 99 | *Filed & Entered:* | 01/28/2011 | 🌐 Response to Motion |

01/28/2011 02:56 PM

## CLINICAL CLERKSHIP AFFILIATION AGREEMENT
### Between
## AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE
### And
### St. JOSEPH MERCY-OAKLAND

THIS AGREEMENT, made the       of May, 2007 by and between the, American University of Antigua College of Medicine (hereinafter referred to as "College") and St. Joseph Mercy Oakland (hereinafter called "Hospital").

WHEREAS, the College of Medicine, is engaged in the education of physicians at American University of Antigua College of Medicine, Antigua

WHEREAS, the Hospital, organized under the laws of the State of Michigan  with its principal place of business at 44405 Woodward Avenue, Pontiac, Michigan,  is providing health care services in appropriate facilities  for the implementation of a program of clinical clerkships to improve the educational and clinical opportunities of qualified students

NOW, THEREFORE, in consideration of the mutual covenants herein contained, and intending to be legally bound hereby, it is agreed as follows;

The goals of the Program are to (1) improve the opportunities for professional training of students of the College: (2) increase the students' exposure to the clinical disciplines in the Hospital: (3) educate the students in such a manner as to maximize the efficiency and success of the students.

This Agreement shall take effect for a period of one year from the signing of this Agreement and is subject to annual renewal upon mutual consent.   The College has the responsibility for preparing the affiliation clerkship curriculum for implementation by the Hospital, appoint the individuals who will be responsible for supervising and monitoring each clinical discipline and who will implement the clerkship program.  The discipline coordinators at the Hospital will receive academic appointments according to the College's criteria and prevailing academic standards, and will be subject to regular review by the College's Committee on Academic Ranking System, and shall receive the same rights, tenure and fringe benefits as clinical faculty staff members of the College.  The College assumes responsibility for the continuity of the program both financially and academically.

The Hospital clerkship program will include rotations in Internal Medicine, Surgery, Family Medicine, Pediatrics, and Obstetrics and Gynecology and electives

The structure of the clerkship program is subject to annual review and modification by the College, provided that such modifications are consistent with the goals and objectives of the program and are in compliance with New York State regulations.

DEPOSITION EXHIBIT
7
Zonia
2-309

**EXHIBIT** 10

*The performance of each student shall be subject to the College's system of evaluation. Such evaluations shall be submitted to the College within thirty (30) from the completion of the rotation and are requirements for graduation.*

*Periodic visits will be made to the Hospital by the representative of the College and appropriate clinical department chairmen and vice-versa. The College's coordinator for clerkships at the hospital or his designate will make periodic reports to the College to assure that the objectives of the program are being fulfilled. The cost of periodic visits will be assumed by the College.*

*The College will maintain student records, updating them as letters of evaluation from the Hospital are received;*

*Either party may terminate this Agreement, with or without cause, upon sixty (60) days prior written notice to the other Party.*

## INSURANCE AND LIABILITY

*The College shall at all times maintain or provide professional liability insurance coverage issued on an occurrence basis with limits of not less than $1,000,000 per occurrence and $3,000,000 annual aggregate, and general liability insurance coverage with limits not less than $1,000,000 for personal injury and $100,000 for property damage, in each instance covering the College and any corporation, officer, employee or agent of the College acting within the scope of employment by the College. All insurance maintained hereunder shall be issued from an insurance carrier licensed to do business in the State of New York. The College shall ensure that the Hospital shall receive notice from the College of cancellation or reduction of coverage with respect to any insurance policy maintained hereunder.*

*The College hereby indemnifies and holds harmless the Hospital and its officers, trustees, directors, employees and agents, from and against any and all liabilities, costs, claims, judgments, settlements and expenses, including reasonable attorney's fees, arising out of or in connection with the negligent act or omission of the College or any of its employees, agents or students.*

*The college, at its own expense, must also maintain a Student Accident and Health Insurance policy.*

## CHOICE OF LAW

*This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to choice of law provisions thereof. Any action commenced by a Party hereto relating to this Agreement shall be brought in the United States District Court for the Southern District of New York or in the Supreme Court of the State of New York, County of New York.*

## GENERAL

*The Hospital and the College shall each continue their independent corporate existence and, except as set forth herein, their respective corporate powers shall not be enlarged, impaired, or otherwise affected by this Agreement, they shall continue to be operated under the direction and control of their respective governing boards. Nothing in this Agreement shall impair or modify any existing agreements between any of the parties; or modification of old agreements between any of the parties.*

## COVENANTS

*The College hereby agrees:*

*That each student who participates in this program will have the same rights to examinations and credits as those students who participate in the traditional curriculum of the College.*

*That identification and selection of students qualified to participate in the program will be done by a Faculty Committee selected by the Dean; the Hospital shall have the right to either accept or reject the student.*

*That all selected students will have all the necessary physical examinations and immunizations at American University of Antigua prior to the time of rotation. The College shall ensure that, prior to their affiliation assignment, all students shall have such physical examinations and tests (including, but not limited to, a skin test for tuberculosis and, where positive, a chest x-ray) titers to ensure that students are not in the infectious stage of any communicable disease. The College shall advise its students that they are required to provide proof to the Hospital of drug testing that verifies that they are not habituated or addicted to depressants, stimulants, narcotics, alcohol or other drugs or substances which may alter their behavior. Students shall also be immunized against smallpox, diphtheria and tetanus prior to their rotation.*

*The College will ensure that students participating in the Clinical Clerkship program will have appropriate housing.*

*The medical students shall follow all the rules and regulations and policies of the Hospital. Each student at the Hospital shall carry an identification card issued by the Hospital and shall be responsible for the following:*

  *a.  Conforming to and abiding by the administrative policies, rules, regulations, standards and practices of the Hospital.*

b.   *Conspicuously displaying his/her name badge, when engaging in activities at the Hospital.*

*In the event that a student is involved in any situation which requires filing an "incident report" by the Hospital pursuant to the Public Health Law, the College shall be advised of the nature of the situation giving rise to the report and the parties shall discuss the potential impact, if any, on this Agreement, including but not limited to appropriate corrective action to be taken.*

*The hospital agrees to provide support services including counseling for students.*

*College agrees to fund the clinical clerkship program provided to its student in accordance with the provision of exhibit (1) one.*

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement on the day and year first above written.

Signatures,

_____                     _____

Neal S. Simon

AMERICAN UNIVERSITY OF ANTIGUA                St JOSEPH MERCY-
                                              OAKLAND

*EXHIBIT 1*

*College agrees to pay Hospital at the rate of $350 per week per student for all core clinical clerkships provided by Hospital to College's Clinical Students*