UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

V

STEVEN L. WOODWARD,

       Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

### PLAINTIFF'S MOTION FOR SECURITY FOR COSTS

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states its Motion for Security for Costs as follows:

1. Defendant admits that he is insolvent and would not be able to satisfy a money judgment should one be awarded.

2. Similarly, Defendant would not be able to satisfy any order taxing costs or providing attorney's fees under Fed. R. Civ. P. 54(d).

1

3.  As such, Plaintiff is without recourse should it prevail on the merits and receive a money judgment or order of costs[1].

4.  The Court has inherent authority to require a party to post a surety bond as part of its ability to tax costs in favor of a prevailing party.

Wherefore Plaintiff respectfully requests an Order of the Court requiring Defendant to post a security for costs in the amount of $5,000.00 signed by a surety company authorized to do business in the State of Michigan.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

---

[1] Plaintiff is seeking injunctive relief in addition to a money judgment. See Docket No. 1. Money judgments are enforced through writs of execution and Defendant indicates that he has no appreciable assets. Fed. R. Civ. P. 69.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                      United States District Court Judge
                      Patrick J. Duggan, presiding
                      Michael Hluchaniuk, referral
V                         Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SECURITY FOR COSTS**

i

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................. iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ..................................................... iv

OVERVIEW ......................................................................................................................... 1

STATEMENT FACTS ......................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 2

DISCUSSION ....................................................................................................................... 3

CONCLUSION ..................................................................................................................... 4

## INDEX OF AUTHORITIES

**Cases**                                                                                                     Page(s)

*A. & M. Gregos, Inc. v. Robertory*, 70 F.R.D. 321 (E.D. Pa. 1976) .................................................. 2

*State Wide Enterprises, Inc. v. United States Gypsum Co.*, 238 F. Supp. 604 (E.D. Mich. 1965) ........................................................................................................................ 2

*Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. Ind. 1993) ............................................................................................................................ 2

*Day v McDonough*, 547 US 258 (1993) ............................................................................................ 3

*Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976) ................................. 2

*Gay v. Chandra*, 2011 U.S. Dist. Lexis 24907 (S.D. IL, 2011) ....................................................... 3

**Statutes**

Fed. R. Civ. P. 36(a)(3) ..................................................................................................................... 1

Fed. R. Civ. P. 36(b) ......................................................................................................................... 1

Fed. R. Civ. P. 54 .............................................................................................................................. 1

Fed. R. Civ. P. 56 .............................................................................................................................. 1

## *CONCISE STATEMENT OF THE ISSUES PRESENTED*

I.   Should Defendant be required to post a security for costs where he has admitted insolvency and where his defenses in the instant matter are of dubious merit?

   Plaintiff says:   Yes.

## *OVERVIEW*

Plaintiff requests that the Court require Defendant to post a security for costs in this matter. Defendant's discovery responses[2] concede liability in this defamation and trademark case such that Plaintiff will be filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Similarly, Defendant's pleadings and filings with this Court indicate that he is insolvent. As such, Plaintiff will be without any meaningful recovery should it prevail on the merits as Defendant has no income or assets. Accordingly, imposition of a security is appropriate.

## *STATEMENT OF FACTS*

This is a trademark and defamation case. At issue is whether Defendant Steven Woodward's website www.aua-med.com and embedded content defames Plaintiff's reputation or violates its marks. See Docket No. 1. In the course of this litigation, it has become clear that Woodward is a transient individual with no income or property. As such, should Plaintiff receive any money judgment or order of costs, the same would go unsatisfied.

Following this Court's order allowing discovery, Plaintiff submitted requests to admit to Defendant. Defendant failed to timely answer requests for admissions[3]. His failure to do so is an admission which is conclusively established. Fed. R. Civ. P. 36(a)(3). Defendant has not sought to set aside these admissions and would have no good cause for doing so. Fed. R. Civ. P. 36(b). Based on Defendant's admissions, he has conceded liability as follows (Exhibit A):

- Ownership of the relevant website and YouTube Videos (Requests 1-3);
- Publication of Defamatory Statements about AUA (Requests 13-25; 27-36);

---

[2] And lack thereof, pursuant to Fed. R. Civ. P. 36(a)(3).

[3] Defendant did, at his reconvened deposition serve dilatory responses to these requests, purportedly in response to the Court's order compelling discovery (Docket No. 115). However, the requests for admissions were not the subject of Plaintiff's Motion to Compel and were not part of the relief sought (Docket No. 76). As such, Defendant had not, as required by Fed. R. Civ. P. 36(b) acquired leave of the court to dilatorily answer these requests. Defendant presents no good cause for the court to allow his responses, served over four months late and without leave of the Court.

1

- Falsity of statements and reckless disregard for the truth of these statements (Requests 37-38);

- Intent to harm AUA (Requests 4-6);

- Publication of Private Student Data (Requests 11-12); and

- Unauthorized use of AUA's Trademarks (Request 37).

As Defendant has conceded liability by failing to answer requests for admissions, Plaintiff is sure to succeed on the merits in this action in terms of its defamation, FERPA, and trademark claims.

## *STANDARD OF REVIEW*

The Court has inherent authority to impose a security requirement to ensure that costs will be paid. This is part of the Court's power to tax costs under Fed. R. Civ. P. 54: "the power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid." *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. Ind. 1993), citing *Ehm v. Amtrak Board of Directors*, 780 F.2d 516 (5th Cir. 1986) (per curiam); *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976); *A. & M. Gregos, Inc. v. Robertory*, 70 F.R.D. 321 (E.D. Pa. 1976); *State Wide Enterprises, Inc. v. United States Gypsum Co.*, 238 F. Supp. 604 (E.D. Mich. 1965).

A bond is proper "if there is reason to believe that the prevailing party will find it difficult to collect its costs." *Id.* Factors the Court may consider in imposing a security are the "frivolous character" of the party's positions and a party's unrepresented status. *Id.* Similarly, the Court may consider the following factors in determining whether a security is appropriate: "the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of

contemplated discovery; the legal costs expected to be incurred; and compliance with past court orders." See *Gay v. Chandra*, 2011 U.S. Dist. Lexis 24907 (S.D. IL, 2011), citing *Selletti v. Carey*, 173 F. 3d 104, 111 (2d. Cir., 1999).

## *DISCUSSION*

### I.   The Court should Require Defendant to Post a Bond

Plaintiff requests that the Court require a bond in this matter. Defendant admits being insolvent. He is a self described "transient" who has no permanent residence in the United States. As such, if Plaintiff prevails on the merits and obtains a money judgment or order of costs, it will have an extremely difficult time collecting the same.

Similarly, the merits of Plaintiff's case are strong—Defendant conceded liability to a number of Plaintiff's claims by failing to timely answer requests for admissions. Defendant has not pleaded any affirmative defenses in this matter and has thus waived the same. See e.g. *Day v McDonough*, 547 US 258 (1993).

Finally, Defendant has a dubious record of complying with this Court's orders or the Court Rules governing this action. (See Docket No. 32). It is extremely unlikely that Defendant would voluntarily comply with the Court's orders regarding judgment or costs should Plaintiff prevail.

In light of Defendant having conceded liability and admitted insolvency, a bond is appropriate.

3

## *CONCLUSION*

Wherefore Plaintiff respectfully requests an Order of the Court requiring Defendant to post a security for costs in the amount of $5,000.00 signed by a surety company authorized to do business in the State of Michigan.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion for Security for Costs and Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on April 29, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)

4