UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

V

STEVEN L. WOODWARD,

        Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

### PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDER COMPELLING DISCOVERY (Docket No. 115)

Plaintiff American University of Antigua College of Medicine ("AUA"), through counsel states its Motion for Sanctions for Defendant's Failure to Comply with Court Order Compelling Discovery (Docket No. 115) as follows:

1

1. On December 16, 2010, Plaintiff filed a motion to compel Defendant's responses to interrogatories and requests for production of documents. (Docket No. 76).

2. Defendant responded on December 23, 2010 asserting a number of alleged discovery abuses, but did not articulate why he failed to provide discovery. (Docket No. 83). Similarly, Defendant's response failed to assert any objections to the discovery received.

3. On March 15, 2011, this Court ordered Defendant to provide "full and complete responses" to Plaintiff's Interrogatories and Requests for Production of Documents within 14 days of the Court's Order (March 29, 2011). (Docket No. 115).

4. On March 24, 2011, at Defendant's reconvened deposition, Defendant served on Plaintiff's counsel "responses" to Plaintiff's Requests for Production and Interrogatories.

5. However, for reasons fully articulated in the accompanying brief, these "responses" are not responsive to Plaintiff's requests, do not answer a single request and are not made in good faith.

6. Defendant's actions are in violation of the Court's Order and sanctions are appropriate pursuant to Fed. R. Civ. P. 37(b)(2).

Wherefore Plaintiff respectfully requests an Order of the Court imposing sanctions on Defendant for his violation of the Court's order, including but not limited to:

    a. Establishing liability for Plaintiff's claims;

    b. Precluding Defendant from introducing evidence to contradict Plaintiff's claims;

    c. Striking Defendant's answer and entering a default judgment against Defendant;

    d. Holding Defendant in contempt of court and imposition of a civil contempt fine of $2,000.00; and

e. An order of Costs and Expenses (including reasonable attorney fees) for the making of the initial motion to compel and this motion in the amount of $2,626.20.

          Respectfully Submitted,

          /s/ Eric A. Buikema (P58379)
          Eric A. Buikema (P58379)
          Cardelli, Lanfear & Buikema, P.C.
          322 West Lincoln Avenue
          Royal Oak, Michigan 48067
          (248) 544-1100
          ebuikema@cardellilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                    United States District Court Judge
                                        Patrick J. Duggan, presiding
                                        Michael Hluchaniuk, referral
V                                             Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| | |
|---|---|
| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDER COMPELLING DISCOVERY (Docket No. 115)**

i

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................................... iv

OVERVIEW ................................................................................................................................. 1

STATEMENT FACTS ................................................................................................................. 1

STANDARD OF REVIEW .......................................................................................................... 2

DISCUSSION ............................................................................................................................... 3

CONCLUSION ............................................................................................................................. 8

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Card Technology Corp v. DataCard Inc.*, 249 F.R.D. 567 (D. Minn. 2008) ..................6

*In re TMI Litigation*, 193 F.3d 218 (3d Cir., 1999) ..................7

*Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177 (10th Cir, 1999) ..................6

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2nd Cir., 2007) ..................6

**Statutes**

28 U.S.C. § 636(e) ..................7

Fed. R. Civ. P. 8(c)(1) ..................5, 7

Fed. R. Civ. P. 26(a)(1)(A)(i) ..................4

Fed. R. Civ. P. 26(b) ..................4

Fed. R. Civ. P. 26(b)(5)(A)(ii) ..................5

Fed. R. Civ. P. 34(b)(2)(E)(i) ..................2, 3

Fed. R. Civ. P. 37(b)(2) ..................5

Fed. R. Civ. P. 37(b)(2)(A) ..................2, 5

Fed. R. Civ. P. 37(b)(2)(A)(i) ..................6

Fed. R. Civ. P. 37(b)(2)(A)(iii) ..................6

Fed. R. Civ. P. 37(b)(2)(A)(v) ..................6

Fed. R. Civ. P. 37(b)(2)(A)(vi) ..................6

Fed. R. Civ. P. 37(b)(2)(A)(vii) ..................7

Fed. R. Civ. P. 37(d) ..................2

Fed. R. Civ. P. 37(d)(1)(A)(ii) ..................6

Fed. R. Civ. P. 37(d)(3)..........................................................................................................6

FRE 401 ................................................................................................................................4

FRE 609 ................................................................................................................................4

## CONCISE STATEMENT OF THE ISSUES PRESENTED

I. Has Defendant violated the Court's Order Compelling Discovery Responses (Docket No. 115) such that sanctions pursuant to Fed. R. Civ. P. 37(b)(2) are appropriate?

   Plaintiff says:   Yes.

## *OVERVIEW*

The Court ordered that Defendant provide "full and complete" responses to Plaintiff's interrogatories and requests for production of documents. Defendant failed to do so, and instead submitted "responses" which contain almost entirely objections. As such, Plaintiff moves for an order of sanctions and costs for Defendant's flagrant disobedience of this Court's order.

## *STATEMENT OF FACTS*

The instant matter arises out of a discovery dispute. Plaintiff served interrogatories and requests for production of documents on November 8, 2011. Defendant did not timely respond to these requests. On December 16, 2010, Plaintiff filed a motion to compel Defendant's responses to interrogatories and requests for production of documents. (Docket No. 76).

Defendant responded on December 23, 2010 asserting a number of alleged discover abuses, but did not articulate why he failed to provide discovery. (Docket No. 83). Similarly, Defendant's response failed to assert any objections to the discovery received. On March 15, 2011, this Court ordered Defendant to provide "full and complete responses" to these discovery requests within 14 days of the Court's Order (March 29, 2011). (Docket No. 115).

On March 24, 2011, at Defendant's reconvened deposition, Defendant served on Plaintiff's counsel "responses" to Plaintiff's Requests for Production and Interrogatories.

**Requests for Production of Documents.** Defendant's answers to requests for production of documents are attached as Exhibit 1[1]. Of Plaintiff's forty requests (includes subparts), Defendant only responded to a single request regarding emails he received: "T. Objection to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence, harassing, causing undue burden, cost

---

[1] For the Court's benefit, in light of Defendant's failure to restate the request before the answer, Plaintiff's requests are attached as Exhibit 2.

1

prohibitive, or is unavailable." While Defendant did comply with the duces tecum portion of Plaintiff's deposition notice by bringing documents with him and producing copies for Plaintiff, he failed to "organize and label them to correspond to the categories in the request" as required by Fed. R. Civ. P. 34(b)(2)(E)(i).

**Interrogatories.** Defendant's responses to Plaintiff's interrogatories are attached as Exhibit 3[2]. As the Court can see, these are not responsive. Of Plaintiff's twelve interrogatories, Defendant responded to two and objected to the balance on a variety of grounds, most notably relevance.

## *STANDARD OF REVIEW*

**Fed. R. Civ. P. 37(b)(2)(A) Sanctions.** Where a Party violates a Court's discovery order, the Court may order sanctions. These include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Similarly, an order of expenses (including attorney fees) is mandatory against the party who violated the Court's order unless the violation was substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

**Fed. R. Civ. P. 37(d) Sanctions.** Where a party fails to answer interrogatories or requests for production the Court may order sanctions. These sanctions include some of those provided for under Fed. R. Civ. P. 37(b)(2)(A). Similarly, an order of reasonable is mandatory

---

[2] As Defendant failed to restate the question prior to his answer, Plaintiff is attaching its interrogatories as Exhibit 4.

pursuant to Fed. R. Civ. P. 37(d)(3) unless the failure to answer was substantially justified or other circumstances make the award unjust.

## DISCUSSION

### I. Defendant is in Violation of the Court's Order Compelling Discovery

#### A. *Requests for Production*

Defendant's answers to Plaintiff's Requests for Production are woefully inadequate and fall far short of the "full and complete responses" that the Court ordered. (Docket No. 115).

As an initial note, Defendant only responded to one category of documents requested and did so with an objection. This objection is untimely—the time to object to the substance of Plaintiff's interrogatories was before the Court ordered their production. At the very least, Defendant should have raised his objections to the form and substance of Plaintiff's requests while the motion to compel was pending[3]. The Court determined that "full and complete responses" were required and Defendant has provided neither.

Defendant did produce a number of documents at his deposition and reconvened deposition. He may purport that this meets his obligations under the requests for production. However, at a very minimum, Defendant was required to "organize and label [the documents] to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Defendant has not done so, and instead submitted a banker's box full of thousands of pages of documents of dubious relevance to the instant claims and defenses. [e.g. Photographs of plaintiff, miscellaneous certificates/awards received in the 1990s].

As Defendant has not complied with the letter or the spirit of the Court's order compelling production, an order of sanctions and costs is appropriate.

---

[3] These objections would not have excused his failure to respond.

3

### B. *Interrogatories*

Defendant's responses to interrogatories (Exhibit 3) are equally non-responsive and certainly fall far below the "full and complete responses" that the Court ordered. (Docket No. 115).

Of twelve interrogatories (excluding subparts), Defendant responded to two and objected to ten. As discussed above, Defendant waived his objections by failing to raise the issue when the Court was considering the motion to compel. Instead, the Court ordered "full and complete responses" rather than objections and partial answers.

Notwithstanding the waiver these objection, Defendant's objections are not well founded. For example, Defendant objected to an interrogatory seeking his name and address on relevance grounds. (Exhibit 3 at 1). Defendant utilized relevance objections no less than five times, apparently unaware of the low threshold for relevant evidence under Fed. R. Civ. P. 26(b) and FRE 401. This included relevance objections to date of birth, residence history, employment history and criminal convictions[4]. Defendant's relevance objections to basic background questions are without any basis in fact or law. Similarly, Defendant objected on relevance grounds to an interrogatory aimed at learning his witnesses and their anticipated testimony. (Exhibit 3 at 9). This is improper and without any basis. In fact, the Federal Rules require the disclosure of witnesses. Fed. R. Civ. P. 26(a)(1)(A)(i).

Similarly, Defendant asserted a "work product" objection to an interrogatory directed at ascertaining his defenses in this matter. A "work product" objection is improper where, as here,

---

[4] Specifically admissible under FRE 609.

4

the interrogatory is aimed at discovering the position that Defendant will attempt to present to the Court[5]. Certainly the defenses that he plans to assert are not protected from disclosure.

Further, the burden on a party asserting a work product objection is to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that...will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Defendant has not produced a privilege log as to his alleged work product.

As Defendant has failed to provide "full and complete responses", he is in violation of the Court's Order (Docket No. 115) and sanctions are appropriate.

## II. Sanctions are Appropriate

### A. *Sanctions*

Sanctions against Defendant are appropriate for his failure to abide by the Court's order requiring "full and complete responses" to Plaintiff's requested discovery. (Docket No. 115).

Where a party violates a Court's order, the Court has broad authority to impose one or more of the sanctions outlined in Fed. R. Civ. P. 37(b)(2)(A). These sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[5] It is Plaintiff's position that Defendant waived all possible affirmative defenses by failing to plead the same. Fed. R. Civ. P. 8(c)(1).

5

Similarly, under Fed. R. Civ. P. 37(d)(1)(A)(ii) and (d)(3), the Court may award the same sanctions allowed under subrule (b)(2)(A). Where a party fails to answer interrogatories or requests for production of documents, an order of sanctions is appropriate.

Here Plaintiff requests severe sanctions as this is not Defendant's first violation of one of the Court's orders.

Plaintiff requests that the Court conclusively establish liability against Defendant as a discovery sanction. Authority to impose this sanction exists under Fed. R. Civ. P. 37(b)(2)(A)(i) and (v). Governing case law is clear that a Court has broad authority to impose this sanction. See e.g. *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177 (10th Cir, 1999) (discussing subrule (i) as tantamount to summary judgment) and *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2nd Cir., 2007) (discussing dismissal under subrule (v) as appropriate where party's failure to comply was due to willfulness, bad faith or fault). An order conclusively establishing liability is appropriate, where, as here, Defendant's violation of the Court's order is willful, deliberate and flagrant. Defendant's responses are far from "full and complete" and are quite obviously made in bad faith. The Court should not tolerate this misbehavior.

In the alternative, Plaintiff requests that the Court strike Defendant's answer and enter a default judgment. Authority for doing so is present under Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). See e.g. *Card Technology Corp v. DataCard Inc.*, 249 F.R.D. 567 (D. Minn. 2008) (discussing authority under section (iii) as appropriate to cure misconduct). Such a sanction is merited by Defendant's failure to defend this case and participate in discovery in good faith. This is in direct contravention of the Court's order of "full and complete responses" to discovery. (Docket No. 115). Instead he has propounded frivolous objections regarding obviously relevant matters such as his name, address, and employment history. As Defendant's failure to

participate in discovery or obey the Court's discovery order is essentially a failure to defend this matter[6], a default judgment is appropriate as a sanction.

Should the Court allow Defendant to proceed to trial, Plaintiff requests entry of an order which curtails his ability to present evidence to rebut Plaintiff's claims. Authority for this sanction is present at Fed. R. Civ. P. 37(b)(2)(A)(ii). See e.g. *In re TMI Litigation*, 193 F.3d 218 (3d Cir., 1999). This sanction is merited in light of Plaintiff requesting Defendant's exhibits and trial materials. See Exhibit 2 at Request U. Similarly Plaintiff requested an articulation of Defendant's defenses in this matter and the same was withheld as "work product." See Exhibit 3 at 7. As Defendant has not provided any articulation of what he intends to use at trial or what his defenses in this matter are[7], a sanction precluding him from introducing evidence to contradict Plaintiff's claims is appropriate. Allowing him to later introduce evidence would unfairly surprise Plaintiff. Defendant should not be permitted to benefit from his deliberate disobedience of this Court's order by being allowed to introduce evidence at trial. Limiting Defendant's introduction of proofs is an appropriate discovery sanction.

Additionally, Plaintiff requests that the Court find Defendant to be in civil contempt of court. The Court has inherent authority to impose this sanction and has explicit authority under Fed. R. Civ. P. 37(b)(2)(A)(vii) and under 28 U.S.C. § 636(e). Plaintiff requests that the Court impose a $2,000 fine against Defendant for his deliberate interference with the administration of justice.

---

[6] See e.g. Interrogatory Response 7, which fails to identify any defenses or factual bases for defenses.
[7] These defenses may be elemental in nature only as Defendant failed to articulate any affirmative defenses as required by Fed. R. Civ. P. 8.

### B. Costs

An order of costs is mandatory, both under Fed. R. Civ. P. 37(b)(2)(C) (for violation of an order) and under Fed. R. Civ. P. 37(d)(3) (for failure to provide discovery). This sanction may include attorney's fees.

Plaintiff requests an order of costs as follows:

| | |
|---|---|
| Attorney Fees: (at $285.00 per hour) | |
|     Motion to Compel (3 hours) | $855.00 |
|     Motion for Sanctions (including anticipated Reply) (3 hours) | $855.00 |
|     Appearance at Motion (anticipated, 3 hours, includes travel) | $855.00 |
| Mileage for Hearing ($0.51/mile * 120 miles) | $61.20 |
| **Total Costs Requested:** | **$2,626.20** |

Here there is no substantial justification for Defendant's failure to obey the Court's order or to participate in discovery. As such, there are no grounds for the Court to avoid imposing costs on Defendant. Accordingly, Plaintiff requests an award of costs in the amount of $2,626.20.

### *CONCLUSION*

Wherefore Plaintiff respectfully requests an Order of the Court imposing sanctions on Defendant for his violation of the Court's order, including but not limited to:

    a. Establishing liability for Plaintiff's claims;

    b. Precluding Defendant from introducing evidence to contradict Plaintiff's claims;

    c. Striking Defendant's answer and entering a default judgment against Defendant;

    d. Holding Defendant in contempt of court and imposition of a civil contempt fine of $2,000.00; and

e. An order of Costs and Expenses (including reasonable attorney fees) for the making of the initial motion to compel and this motion in the amount of $2,626.20.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with Court Order Compelling Discovery (Docket No. 115) and Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on April 29, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
ebuikema@cardellilaw.com
(P58379)