Case 2:10-cv-10978-PJD-MJH

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V

STEVEN WOODWARD,

Defendant,

CASE No.: 2:10-cv-10978-PJD-MJH
Judge Patrick J. Duggan
Judge Michael Hluchaniuk, referral

**Defense Response to Plaintiff's Motion for Sanctions for Defendant's Failure to
Comply With Court Order Compelling Discovery (Docket 115)**

1

**Defense Response to Plaintiff's Motion for Sanctions for Defendant's Failure to
Comply With Court Order Compelling Discovery (Docket 115)**

The Defendant will now prove that they have been trying to perform Discovery Rule 26
in a Good Faith effort.

The Plaintiff has violated:

Rule 11 Signing Pleadings, Motions, and Other Papers; Representations to the Court;

Sanctions,

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery, Sanctions, and

LR 83.22 Attorney Discipline.

Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with Court Order
Compelling Discovery and Docket 76 are frivolous as defined by Judge Hluchaniuk.


The Plaintiff has deceived the Court and the Defendant concerning Discovery, blatantly
violating Rules 11 and Rule 37.  The Plaintiff failed to act in Good Faith, to confer or
attempt to confer with the Defendant.


The Plaintiff filed (Docket 76) Motion to Compel is in Bad faith, violating Rule 11(b)
Representations to the Court.

**1**. The Plaintiff has violated Rule 11 and Rule 37 intentionally refused to comply with
Discovery acting in Bad Faith, unprofessional behavior, and deceit with respect to the
Court and the Defendant.

The Defendant's recording, DW_A0068.wav, **Exhibit 1**, of the February 1, 2011 is evidence of this behavior.

**(The Defendant is not a trained stenographer and will do their best to transcribe the recording. )**

**Time Marker 1:32:45**

**E. Buikema:** "I'll retain the exhibits"

**S. Woodward**: "Sure, there yours, I made them for you"

**S.Woodward:** "Do you want to witness the Visual Aids at this time while you are here? It'll take 2 minutes.

I'd like it on my recording Mr. Buikema is now leaving refusing again to view, ah, visual aids."

**Time Marker 1:34:48**

**S. Woodward:** "He didn't take his answers to his Interrogatories either."

**Stenographer:** "That wasn't marked was it? He didn't mark it as an exhibit."

**S. Woodward:** "He didn't want it again. OK"

**2.** Judge Hluchaniuk gave his opinion on the production of Discovery information prior to the March 24, 2011 Deposition as recorded in electronic file, DW_A0069.wav, **Exhibit 1**.

Note: Eric Buikema did not attend his own requested deposition of Steve Woodward instead sent Paul M. Kittinger on March 24, 2011.

**(The Defendant is not a trained stenographer and will do their best to transcribe the recording. )**

**Time Marker: 9:36**

**S. Woodward**: I think this has been very bias.  The attitude, I've brought this evidence and they have refused to look at it during your hearing and during the last deposition.

**Judge Hluchaniuk**: They don't have to look at it, you have to make it available to them and if they elect not to look at it, then you've satisfied your obligation by making it available.

**S. Woodward**. So I'm finished with my court order of…..you ordered

**Judge Hluchaniuk**: What, what you need to do to document the fact that you've made it available is to identify in some list the items that you have presented to them and made available to them so that its clear what, what, what they had the opportunity to see, if they elect not to look at it that's their problem not yours so you have to make it available to them and, ah, I can't force somebody to look at documents.  I can compel a party to produce for inspection of documents which we have done and if you've produced it and afforded them the opportunity to look at it and they don't want to that's up to them, but in order to properly document what you have made available to them you need to list it, and create a list with some descriptive language which could be used to show what it was that was made available to them

**S. Woodward**: OK

**Judge Hluchaniuk**: Do you have a different view of the rules?

**Plaintiff**: I think what Mr Woodward is getting at is he, he brought some visual aids, um, that are responsive to the decus tecum portion of the deposition notice and the discovery request he's....

**S. Woodward**. and your Order Sir.

**Plaintiff**. There is a continuing obligation to answer discovery. The Court ordered him to answer interrogatories, and request for production of documents to date he has not done so.

**S. Woodward**. I have your honor

I produced those every single hearing we've had, every single one of these depositions that these guys have cancelled. I've brought this documentation with me it's here, it's here today and they refused to take it, he refused.

I have a recording of him refusing to even turn around and look at the documentation including these of which I brought to the last deposition.

**Judge Hluchaniuk**. Well, it's my belief that if you make those documents available and that as long as it's clear, so that we can if there is a contest over this in the future we can determine what it was that was made available to them, the obligation of a party in discovery as far as I'm concerned is to, you can produce copies, or simply make copies available, and um, if he brought documents for the inspection for the opposing counsel and the opposing counsel chooses not to look at it then he's satisfied his obligations as far as I'm concerned.

**3.** The Defendant tried to confer with the Plaintiff in an email concerning Discovery,

**Exhibit 2**, December 16, 2010 12:15:52 PM, **From**: Defendant **To**: Plaintiff

**Subject: AUA vs Woodward – Documentation, Inerrogatories, Admissions,**

**Documentation Requests**

The Defendant listed what they were going to bring to the December 22, 2010 Hearing in

the email:

**"Please schedule time after the December 22nd Hearing to sign-for(verify receipt)**

**and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation,**

**my answers to your interrogatories, Request for Admissions, and Requests for**

**Production"**

The Plaintiff refused to look at it after the December 22, 2010 Hearing.

The Defendant was in compliance to the Court Opinion concerning production of

discovery at this time, December 22, 2010.


**4.** The email, **Exhibit 2**, is dated: Thu, December 16, 2010 **12:15:52** PM clearly showing

the Defendant tried to confer with the Plaintiff concerning the exchange of all the

requested Discovery material.

Instead of conferring, either accepting or refusing this request, the Plaintiff filed a Motion

to Compel in Bad Faith.


Court records show the Plaintitt's Motion to Compel, Docket 76, from Case History

**Exhibit 3**, was filed on December 16, 2010, **3:58 PM, Exhibit 4**; nearly 3.5 hours after

the Defendant tried to confer with the Plaintiff concerning the exchange of Discovery materials.

The Plaintiff did not confer with the Defendant concerning the Discovery material in Good Faith, instead they file a frivolous Motion(Docket 76) before the Court in an attempt to defraud the Defendant before the Court, violating Rule 11.

**5.** The Plaintiff has libeled, slandered the Defendant in their Motions and before the Court with statement such as were recorded by the Defendant:

Plaintiff's attorney to Judge Hluchaniuk, **Exhibit 1** (file DW_A0069.wav)
**Plaintiff**: "**There is a continuing obligation to answer discovery.  The Court ordered him to answer interrogatories, and request for production of documents to date he has not done so.**"

The Defendant fulfilled all their obligations to the Plaintiff concerning Discovery Rules 33, 34, and 36 at the December 22, 2010 Hearing by bringing all of their Discovery information to Court; the Plaintiff refused to look at it.

The Defendant tried to satisfy all their obligations for Discovery on December 22, 2010, January 4, 2011 of which the Plaintiff cancelled approximately one hour prior to the deposition, January 10, 2011, of which the Plaintiff cancelled the morning of the deposition.

On February 1, 2011 the Plaintiff refused again to look at or take the requested Discovery materials, including the Defendant's answers to the Plaintiff's Interrogatories. February 1, 2011 was the second time the Plaintiff refused to take the Defendant's answers to the Plaintiff's Interrogatories, the first time was the December 22, 2010 Hearing.

The Plaintiff has purposefully has refused to accept Discovery from the Defendant to harass and burden the Defendant.

The Defendant tried to satisfy their responsibilities concerning Discovery for over **two and a half months prior** to the Court Order to Compel, Docket 115, **Exhibit 5**.


**6.** The Plaintiff verified the receipt of the Defendant's Discovery materials, including the Defendant's Answers the Plaintiff's Interrogatories after the March 24, 2011 deposition as was recorded in DW_A0069.wav, **Exhibit 1, (Exhibit 18)**.

**Time Marker: 207:48**

**S. Woodward:** Did you want to take ah your admissions or any of this stuff with you?

**Plaintiff:** Is that, are you serving it?

**S. Woodward:** Well I mean, I'm under Court Order to give you this information and so, and so I want to give you this information so I'm not under violation of the Court Order. Do you want to look at these exhibits that I've given you, these exhibits are on a list but they are not part the information, this is more information that, that I'm going to use.

The Plaintiff acknowledged they received and examined the Discovery material and
**agreed** that if they were missing anything or wanted more information they would email
the Defendant and the Defendant would do what they could to get them the information.
Instead of complying with this agreement the Plaintiff frivolously filed "Plaintiff's
Motion for Sanctions for Defendant's Failure to Comply with Court Order Compelling
Discovery.

**Plaintiff:**  I'm aware of your exhibits and you know I'm not replying about the
admissibility, but

**S. Woodward:**  Right true

**Plaintiff:**  I've inspected them

**S. Woodward:**  OK, we're good

So I'm clear of all obligations for per the Court Order as far as producing documentation
and exhibits to you , right

**Plaintiff:**  Assuming you've produced everything to me

**S. Woodward:**  Well sure, I mean if there's something, again, we said there's something,
I don't recall what it ws that you wanted, that you, subpoena,

Do me a favor if there's something you wanted in that list of Domain names that I have,
you send me an email of the stuff you want you want me to give you.

**Plaintiff:** OK

**S. Woodward:**  Such as that subpoena and list of domain names and I'll get it to you.


-The Plaintiff had in their possession and reviewed the Defendant's answers to the
Plaintiff's Interrogatory on March 24, 2011 and not once asked any questions regarding

the Defendant's answers to the Interrogatory during the deposition while they even had Stenographer and Mr Woodward present to answer the Objections. Instead the Plaintiff elected to burden the Defendant with three frivolous Motions on April 29, 2011, the last day to submit Motions, over one month after receiving the answers to the Plaintiff's Interrogatories.

**7.** The Federal Rule 33 for Interrogatories to Parties, (b) Answers and Objections (3) Answering Each Interrogatory

Note: nowhere in the Plaintiff's motion do they certify that they "in good faith conferred or attempted to confer" with the Defendant in an effort to obtain the requested disclosures without Court action.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

An objection is an answer in response to an Interrogatory. The Plaintiff has not made an effort to confer with the Defendant concerning the Objections to the Interrogatories.

The Defendant could not comply with the Court Order, Docket 115, to a "**full and complete response**".

It is impossible for the Defendant to answer the Plaintiff's Interrogatories to Defendant, **Exhibit 19**, as demonstrated:

A. Plaintiff's Interrogatory 12.

**"Have you ever been treated for a mental health condition or issue?  If so, Please**

**provide the name, address and telephone number for every mental health**

**professional you have consulted, been examined by or seen in the last 10 year."**

The Plaintiff has violated Rule 37, refusing to provide information concerning this issue

to the Defendant.

The Defendant requested documentation per "Defendant's Request for Production

Pursuant to FRCP 34", **Exhibit 6**.

**"2. Please produce a copy of all patient records for Steven Woodward concerning**

**any clinical treatment provided by any AUA employee.**

**3.  Please produce a copy of all patient records for Steven Woodward written by any**

**AUA employee.**

**4. Please produce a copy of all counseling records for Steven Woodward written by**

**any AUA employee.**

**5. Please produce a copy of all prescriptions for Steven Woodward for any clinical**

**treatments provided by any AUA employee.**

**6. Please produce a copy of all records and documents between Peter Bell and**

**Steven Woodward."**

The Plaintiff's Interrogatory is also Compound **"or issue"**.


The Defendant answered the Plaintiff's questions concerning mental health during the
March 24, 2011 deposition, **Exhibit 7.**

**"Q. Okay. Have you ever sought any treatment for mental health?**

**A, No.**

**Q. You have a website?**

**A. I take that back.  I can't adequately answer that because the plaintiff as far as—**

**has produced zero of my documentation. "**


The Defendant is willing to answer the questions when properly asked.

The Plaintiff has refused to produce Documentation per Rule 34.


**B.** Plaintiff's Interrogatory 9.

**"Separately for each person who has knowledge of any fact relevant to this lawsuit**

**state:"**

This lawsuit concerns the Defendant's Web site aua-web.com which is open to the

WORLD.  It is impossible for the Defendant to answer this question to satisfy the

requirements of the Court.


C. Plaintiff's Interrogatory 10.

**"Separately for every oral communication between plaintiff or anyone acting on its behalf and this defendant or anyone acting on its behalf relating to any fact relevant to this lawsuit:"**

This is impossible for the Defendant to answer and even seeks privileged client attorney rights.

D. Plaintiff's Interrogatory 3.

**"Provide the address and dates of residence for every place you have lived in the last 10 years."**

The Plaintiff is very aware of the Defendant's current living conditions and transient status.  The Plaintiff's Docket 1, **Exhibit 8**, claims reference this fact:

**"Undersigned counsel has made reasonable and diligent search of the prior lawsuit file and record, including the deposition of Mr Woodward, which reveals, soley, that he resides on a movable sailboat and utilizes his sister's Flint address as a mailing address."**

The Defendant was allowed to work overseas and was granted by the Court a conditional Leave of Absents for this case between approximately April 20 until approximately June 30, 2010.  In that short time the Defendant traveled, and lived, in the United States, St Martin/Sint Maarten(two separately controlled political regions), the U.S. Virgin Islands, Gibraltar, Spain, France, Holland, and Italy.  The Defendant has no records, not even

13

passport stamps, for all these countries, some records are not required or are ship records, of which the Defendant has no control.

The Island of Guadeloupe, French Territory, for example, the Defendant has tried to check-in but was not required to do so by the Port Authorities and the Defendant has been there many times.

From February 2, 2011 until approximately March 14, 2011 the Defendant sailed solo between St Martin and Florida, passing through and living on approximately six separate countries, or territories.

The Defendant has had problems with Yacht Engineering Certification due to the fact that logs were destroyed by water damage.

It is impossible for the Defendant to fulfill the Courts Order concerning the Plaintiff's Interrogatories, but the Defendant was more than willing to answer the Plaintiff's questions to the best of their ability.

**9.** The Plaintiff continually refuses to confer with the Defendant concerning Discovery. The Defense has tried to provide and work with the Plaintiff concerning Discovery, the Plaintiff has refused to work with the Defendant.

**A. Exhibit 9**,

November 2, 2010

"**I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits**"

**B. Exhibit 2**

December 16, 2010 12:15:52 PM, From: Defendant To: Plaintiff

Subject: AUA vs Woodward – Documentation, Inerrogatories, Admissions, Documentation Requests

"**Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Request for Production.**"

**The Plaintiff refused to accept the Defendant's Evidence/Exhibits, Interrogatories, Request for Admissions, and Request for Production.**

**C. Exhibit 10**

Date: December 27

"**I will bring copies of my exhibits as before, please plan on signing for each of them**"

**E. Exhibit 11**

Date: January 4, 2011

"**I will bring copies of my exhibits as before, please plan on signing for each of them**"

**F. Exhibit 12**

Date: January 12, 2011

"**I will bring copies of my exhibits as before, please plan on signing for each of them**"

**G. Exhibit 13**

Date: March 29, 2011

**"Please check my exhibits I gave your attorney during the deposition.**

**I found a document that might not have been included with the other NBME**

**documents.**

**Document title: NBME Biochemistry Subject Examination Score Interpretation**

**Guide**

**At the top there number 614 and 8-17-06 is written by hand.**

**I count 24 pages"**

**H. Exhibit 14**

Date April 17

**"You didn't reply to this email concerning discovery"**

**I. Exhibit 15**

Date: April 8, 2011

**"Attached is a file New-Discovery-4-7-2011.zip**

**Inside this file is an amended Catalog of New discovery materials.**

**The Catalog is titled: Exhibit-List-4-7-2011.xls**

**I have not heard from you concerning file:**

**Document title: NBME Biochemistry Subject Examination Score Interpretation**

**Guide"**

**J. Exhibit 16**

Date: April 8, 2011

**"Please Confirm receipt discovery file.**

**New-Discovery-4-7-2011.zip"**

**10.** The Defendant used the Plaintiff's own answers to Interrogatories, **Exhibit 17,** from the Oakland County Circuit Court case no. 07-088103-CZ, as a template for answering the Plaintiff's Interrogatories.   The Defendant could not use the Plaintiff's answer's to Interrogatories in this case, since the Plaintiff has refused to answer any of the Defendant's Interrogatories.

In these Interrogatories the American University of Antigua did not answer 15 Interrogatories, Objected to 36, and only answered Interrogatory 10 "Unknown and this time" and 51 "No".  The American University of Antigua objected to all document requests.

Demonstrating a pattern and history of Bad Faith concerning Discovery, Rule 26 by the American University of Antigua.

The Defendant requests the Court strike the Plainitiff's motions, as frivolous and sanction the Plaintiff for violations according to Rule 11, Rule 37, and LR 83.22.  The Defendant requests the Court strike the Court Order, Docket 115 for being derived do to false pretenses.

**11.** The Plaintiff has provided no calculations to justify their claims for Costs and Exspenses for $2,626.20.

**List of Exhibits:**

**Exhibit 1**. Disk containing DW_A0068.wav, February 1, 2011 Deposition recording and DW_A0069.wav, March 24, 2011 Deposition recording

**Exhibit 2**. December 16, 2010 Subject: AUA vs Woodard – Documentation, Interrogatories, Admissions, Documentation Requests

**Exhibit 3**. Case History page 5 of 6 Docket 76 12/16/2010 Motion to Compel

**Exhibit 4**. Email Marilyn Orem

**Exhibit 5**. Court Order Docket 115

**Exhibit 6**. Defendant's Request for Production Pursuant to FRCP 34

**Exhibit 7**. Deposition Transcript March 24, 2011

**Exhibit 8**. Docket 1 page 6 of 12

**Exhibit 9**. November 2, 2010 Subject: AUA vs Woodward - Exhibits

**Exhibit 10**. December 27, 2010 Subject: AUA vs Woodward

**Exhibit 11**. January 4, 2011 Subject: AUA v Woodward

**Exhibit 12**. Email Date January 12, 2011 Subject: AUA v Woodward – Deposition February 1st 2011

**Exhibit 13**. Email Date March 29, 2011 Subject: Woodward vs AUA

**Exhibit 14**. Email Date April 17, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 15**. Email Date April 8, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 16**. Email Date April 8, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 17**, American University of Antigua Interrogatory Answers

**Exhibit 18**, S. Woodward's transcription of March 24, deposition

**Exhibit 19**, Plaintiff's Interrogatories to Defendant

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Thu, December 16, 2010 12:15:52 PM
**Cc:**
**Subject:** AUA vs Woodward - Documentation, Interrogatories, Admissions, Documentation Requests

Mr Buikema,

Depending on the Decisions and Order by the Honorable Judge Michael Hluchaniuk:

Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive
approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your
Interrogatories, Request for Admissions, and Requests for Production.

What you receive will depend on the Order and Decision of the Court.

Please bring with you all documentation the Defendant has requested and the answers to:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions

Thank you for your time,

Steven Woodward

 This email and any attachments are intended for the sole use of the named recipient(s) and contain(s)
confidential information that may be proprietary, privileged or copyrighted under applicable law. If you
are not the intended recipient, do not read, copy, or forward this email message or any attachments.
Delete this email message and any attachments immediately.

**EXHIBIT** *2*

| 59 | Filed & Entered: | 11/22/2010 | Motion to Adjourn |
|----|------------------|------------|-------------------|
| 60 | Filed & Entered: | 11/24/2010 | Order Setting Hearing on Motion |
| 61 | Filed & Entered: | 11/29/2010 | Response to Motion |
| 62 | Filed & Entered: | 11/29/2010 | Order Referring Motion to Magistrate Judge |
| 63 | Filed & Entered: | 11/29/2010 | Response to Motion |
| 64 | Filed & Entered: | 11/30/2010 | Order Setting Hearing on Motion |
| 65 | Filed & Entered: | 12/07/2010 | Response to Motion |
| 66 | Filed: Entered: | 12/09/2010 12/10/2010 | Reply to Response to Motion |
| 67 | Filed & Entered: | 12/13/2010 | Notice (Other) |
| 68 | Filed & Entered: | 12/13/2010 | Reply to Response to Motion |
| 69 | Filed & Entered: | 12/13/2010 | Reply to Response to Motion |
| 70 | Filed & Entered: | 12/14/2010 | Reply to Response to Motion |
| 71 | Filed & Entered: | 12/14/2010 | Supplemental Brief |
| 72 | Filed & Entered: | 12/16/2010 | Order on Motion for Preliminary Injunction |
| 73 | Filed & Entered: | 12/16/2010 | Statement of Resolved and Unresolved Issues |
| 74 | Filed & Entered: | 12/16/2010 | Statement of Resolved and Unresolved Issues |
| 75 | Filed & Entered: | 12/16/2010 | Statement of Resolved and Unresolved Issues |
| 76 | Filed & Entered: | 12/16/2010 | Motion to Compel |

**EXHIBIT 3**

**From:** Marilyn_Orem@mied.uscourts.gov (Marilyn_Orem@mied.uscourts.gov)
**To:** steve_l_woodward@yahoo.com;
**Date:** Mon, May 9, 2011 1:32:32 PM
**Cc:**
**Subject:** Re: AUA vs Woodward 2:10-cv-10978

It was filed at 3:58 p.m.


From:    Steve Woodward <steve_l_woodward@yahoo.com>
To:      Orem Court <marilyn_orem@mied.uscourts.gov>
Date:    05/09/2011 12:55 PM
Subject:   AUA vs Woodward 2:10-cv-10978


Dear Mrs. Orem

I am trying to get some information concerning the time Docket 76 was filed, case 2:10-cv-10978-PJD-MJH.  I believe it was filed 15:58.

It was electronically filed by E. Buikema.

Thank you for your time,

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.


**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

              Plaintiff,

vs.

STEVEN WOODWARD,

              Defendant.

_____/

Case No. 10-10978

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## ORDER ON MOTIONS TO COMPEL (Dkt. 76, 86)

    This matter is before the Court on various discovery motions filed by the parties. Plaintiff has filed a motion to compel defendant to answer certain written discovery requests that have, apparently, gone unanswered. (Dkt. 76). In response, defendant complains of various discovery abuses and other wrongs purportedly committed by plaintiff's counsel, but offers no explanation regarding why the discovery remains unanswered. (Dkt. 83). Based on the foregoing, defendant is **ORDERED** to provide full and complete responses to plaintiff's discovery requests within 14 days of entry of this Order.

    Defendant moves for leave to serve 200 interrogatories on plaintiff because it would be difficult for him to take depositions in this matter. (Dkt. 86). Plaintiff objects to this request as excessive and unduly burdensome and unsupported by any good cause or particularized need. (Dkt. 99). In its discretion, the Court

1

**EXHIBIT 5**

declines to permit defendant to ask plaintiff 200 interrogatories and defendant's

motion is **DENIED**. Defendant is directed to review Federal Rule of Civil

Procedure 31, Depositions by Written Questions, which may better suit his

purposes.

     **IT IS SO ORDERED**.

     The parties to this action may object to and seek review of this Order, but are

required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign

as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection. Pursuant to Local Rule

72.1(d)(2), any objection must be served on this Magistrate.

                                 s/Michael Hluchaniuk

Date: March 15, 2011                    Michael Hluchaniuk
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 15, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Eric A. Buikema</u>, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, Plaintiff

United States District Court
Judge Patrick J. Duggan, presiding
Michael Hluchaniul, referral
Case No.: 2:10-cv-10978

V

Steven Woodward, Defendant

Eric A. Buikema (P58379)                      Steven Woodward
Cardelli, Lanfear & Buikema, P.C.             7211 Brittwood Ln
Attorneys for Plaintiff                        Flint, MI 48507
322 W. Lincoln                                 steve_L_woodward@yahoo.com
Royal Oak, MI 48067
(248)544-1100
ebuikema@cardellilaw.com

---

**Defendant's Requests for Production Pursuant to FRCP 34**

Defendant Steven Woodward pursuant to Fed. R. Civ. P. 34 requests production of
documents, electronically stored information and tangible things as identified below.
Pursuant to Fed. R. Civ. P. 34(b)(2), you have 30 days form being served to respond.
You must produce this information as kept in the ordinary course of business or organize
and label to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E). Fed.
R. Civ. P. 26(e) imposes a duty upon you to timely supplement your responses.

**EXHIBIT 6**

1

## Definitions

1. The letters "AUA" define the American University of Antigua College of Medicine, Greater Caribbean Learning Resources, GCLR, St Joseph Mercy Oakland Hospital, and any company or partner of the American University of Antigua College of Medicine; unless otherwise specified.

2. The words documents, records, communications, prescriptions, files, minutes, notifications, findings, process, petitions, warnings, reports, and things refer to all tangible material of any nature, including but not limited to, all written material such as graphs, charts, maps, drawings, correspondence, memoranda, records, notes, writings, manuals, books, photographs, recordings, images and all information stored electronically on a computer or archived software capable of reduction to a written document as well as all objects such as parts, pieces, samples, and related tangible things.

3. The words possession, custody, or control apply to all documents and things belonging to you that are in your possession, all documents and things belonging to others over which you have custody, and all documents and things in the custody of others over which you have the right of control.

## Defendant's Request for Documentation

1. Please produce a copy of all Nellie Mae Loan Certifications signed by any AUA employee.

2. Please produce a copy of all patient records for Steven Woodward concerning any clinical treatment provided by any AUA employee.

3. Please produce a copy of all patient records for Steven Woodward written by any AUA employee.

4. Please produce a copy of all counseling records for Steven Woodward written by any AUA employee.

5. Please produce a copy of all prescriptions for Steven Woodward for any clinical treatments provided by any AUA employee.

6. Please produce a copy of all records and documents between Peter Bell and Steven Woodward.

7. Please produce a copy of all communications between any AUA employee and Stuart A Lockhart concerning Steven Woodward.

2

8. Please produce a copy of all communications to or from Neal S. Simon concerning Steven Woodward.

9. Please produce a copy of all communications to or from Peter Bell concerning Steven Woodward.

10. Please produce a copy of all communications between any AUA employee and any St Joseph Mercy Oakland Hospital employee concerning Steven Woodward.

11. Please produce a copy of the email written by Jorge Calderon to Susan Zonia dated Saturday, December 15, 2007 subject: Fwd: Planning the grievance hearing including the "note" from Dr. Cain.

12. Please produce all communications by Victor Hrehorovich concerning Steven Woodward.

13. Please produce all communications by Jorge Calderon concerning Steven Woodward.

14. Please produce all communications by Jeffrey Yanez concerning Steven Woodward.

15. Please produce all communications by Susan Zonia concerning Steven Woodward.

16. Please produce all communications by Deneen McCall concerning Steven Woodward.

17. Please produce all communications by William Cain concerning Steven Woodward.

18. Please produce a copy of all documentation identified by Plaintiff's Rule 26 disclosures.

19. Please produce a copy of all exhibits or demonstrative aids which the Plaintiff intends to rely upon at trail.

20. Please produce a complete copy of the AUA student file for Steven Woodward.

21. Please produce a copy of all files AUA has concerning Steven Woodward.

22. Please produce a copy of all meeting minutes pertaining to Steven Woodward.

23. Please provide a copy of all reports, findings, and recommendations used to form the basis for all Grievance Committee Meeting findings concerning Steven Woodward.

24. Please produce a copy of all written communications between AUA and St Joseph Mercy Oakland Hospital pertaining the December 2007 Grievance with Steven Wooward.

3

25. Please produce a copy of all voice recordings regarding the December 2007 Grievance concerning Steven Woodward.

26. Please produce meeting minutes for any appeal Steven Woodward filed with AUA.

27. Please produce a copy of all grievance meeting minutes concerning Steven Woodward and AUA.

28. Please produce a copy of all findings regarding any grievances AUA had with Steven Woodward.

29. Please produce a copy of all grievance meeting notifications between William Bullock Stewart and AUA.

30. Please produce a copy of all grievance meeting findings AUA documented concerning the William Bullock Stewart.

31. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting finding for William Bullock Stewart.

32. Please produce a copy of all grievance meeting notifications between Syed Noori and AUA.

33. Please produce a copy of all grievance meeting findings AUA documented concering Syed Norri.

34. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting findings for Syed Noori.

35. Please produce a copy of all grievance meeting notifications to any AUA student.

36. Please produce a copy of all findings regarding all grievances AUA has had with any of their students.

37. Please produce a copy of the process used by Neal Simon to ensure wrong information is not taught on Antigua at AUA while he is at his Wall Street Office or away from Antigua.

38. Please produce a copy of all communications between AUA employees and St Joseph Mercy Oakland Hospital employees concerning the use of pagers during the 5th Semester Course.

39. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning the number of patients students need to document during the 5th Semester cours.

4

40. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning defending an epithet.

41. Please produce a copy of the "Final Grades by Component – Fall, 2007".

42. Please produce a copy of all safety warnings AUA has issued to their students.

43. Please produce a copy of all reports on crime published by AUA for any site where their students reside.

44. Please produce a copy of all petitions submitted to AUA by any members of their student population.

45. Please produce a copy of all documentation concerning Shelf Exam policies concerning AUA students passing courses.

46. Please produce a copy of all documentation

11/27/2010

5

STEVEN L. WOODWARD
March 24, 2011

Page 68

1   Q.   You can't talk over me.  Stop talking.  This is going

2        to work a lot better if you just answer the questions

3        that I ask you --

4             MR. WOODWARD:  Objection, harassing and

5        bullying the deponent.

6   BY MR. KITTINGER:

7   Q.   That's not a competent objection, but it's noted for

8        the record.

9             All right.  Have you ever been arrested?

10  A.   I've never been arrested.

11  Q.   Have you ever been --

12  A.   I take that back.  I've never been -- I mean,

13       arrested, I mean, are you asking me if I've ever had a

14       traffic ticket or are you asking me if I've ever been

15       arrested, like handcuffs on me?

16  Q.   Arrested, incarcerated.

17  A.   Put in prison, no.

18  Q.   Okay.  Have you ever sought any treatment for mental

19       health?

20  A.   No.

21  Q.   You have a website?

22  A.   I take that back.  I can't adequately answer that

23       because the plaintiff as far as -- has produced zero

24       of my documentation.  And I did try to talk to a

25       doctor because I was -- because of these failing



BIENENSTOCK
NATIONWIDE COURT REPORTING & VIDEO
www.bienenstock.com

**EXHIBIT** 7

24.     Consequently, AUA respectfully requests an immediate, but temporary (until such time as opportunity for hearing can be afforded) restraining order prohibiting further publication of this offending information by any means and further prohibiting use, of any kind, of the confusingly similar domain name.

25.     Pursuant to FRCP 65(b)(1), AUA seeks temporary restraining order relief on an immediate and ex parte basis because, as demonstrated by this verified complaint, irreparable injury is occurring and will continue to occur and because Mr. Woodward cannot be located for purpose of immediate service. Undersigned counsel has made reasonable and diligent search of the prior lawsuit file and record, including the deposition of Mr. Woodward, which reveals, solely, that he resides on a movable sailboat and utilizes his sister's Flint address as a mailing address.

26.     A proposed temporary restraining order is appended as Exhibit 3.

**COUNT I- FEDERAL TRADEMARK/TRADENAME INFRINGEMENT**

27.     Plaintiff incorporates and restates its answers to paragraphs 1 through 26 above.

28.     Defendant publishes information under a domain name of www.aua-med.com.

29.     Plaintiff has published legitimate information about its educational institution under the domain name www.auamed.org and has otherwise utilized the root term "auamed" in trade since long before Defendant first utilized the above referenced domain name.

30.     Defendant's use of the confusingly similar name, and resultant accessibility by any consumer utilizing common search terms employed to glean

6                         **EXHIBIT** 8

Print

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov; ebuikema@cardellilaw.com;
**Date:** Tue, November 2, 2010 1:15:06 PM
**Cc:**
**Subject:** AUA v Woodward - Exhibits

I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.

Please let me know when you would like to meet so you can view the exhibits.
I would prefer a public place halfway between Flint and your office.

Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibit.

Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.

At the same meeting please bring copies of all your exhibits so I can sign that I have received them.

Sincerely,

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Kathryn Zalewski <kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Wed, October 27, 2010 9:52:41 AM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

I will not attend the deposition.  I am filling a "Motion for Protective Order".
I will mail you a copy to your office, later today, after I have it stamped at the Court.

I will mail you the Exhibits, files and documentation you requested.

If you still require to see the fiber optic training device and the books I plan on bringing to court please let me know and I will meet you half way between Flint and your office.

Thank you for your time,

Steven Woodward.

**EXHIBIT 9**

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Thu, October 21, 2010 3:54:56 PM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

<<10-20-10 ltr to woodward - rule 26 disclosure.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**.  If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.  Thank you.

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Mon, December 27, 2010 3:38:59 PM
**Cc:**
**Subject:** AUA v Woodward

I will be attend the deposition per the notice January 4th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s)
confidential information that may be proprietary, privileged or copyrighted under applicable law. If you
are not the intended recipient, do not read, copy, or forward this email message or any attachments.
Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Wed, December 22, 2010 2:56:51 PM
**Subject:** AUA v Woodward - 12-22-10 from Eric Buikema

<<12-22-10 ltr to woodward - nod.pdf>> <<nod - woodward - 1-4-11.pdf>> <<plaintiff's reponse to defendant's
requests for admissions dated 11-22-10 - 12-22-10.pdf>> <<cos - rfa - 12-22-10.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

**EXHIBIT 10**

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**. If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, January 4, 2011 6:06:21 PM
**Cc:**
**Subject:** AUA v Woodward

I will attend the deposition per the notice January 10th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.
Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 11**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com;
**Date:** Wed, January 12, 2011 1:31:37 PM
**Cc:**
**Subject:** AUA v Woodward - Deposition February 1st 2011

I will attend the deposition per the notice February 1st, 2011 deposition as requested.

I will bring a witness, audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them. Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Mon, January 10, 2011 3:45:38 PM
**Subject:** AUA v Woodward - Deposition

<<second re-nod - woodward - 2-1-11.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying,

**EXHIBIT 12**

distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**. If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.  Thank you.

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, March 29, 2011 9:16:17 AM
**Cc:**
**Subject:** Woodward vs AUA

Mr. Buikema,

Please check my exhibits I gave your attorney during the deposition.

I found a document that might not have been included with the other NBME documents.
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

I count 24 pages

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s)
confidential information that may be proprietary, privileged or copyrighted under applicable law. If you
are not the intended recipient, do not read, copy, or forward this email message or any attachments.
Delete this email message and any attachments immediately.

EXHIBIT 13

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Sun, April 17, 2011 12:13:13 PM
**Cc:**
**Subject:** Re: AUA vs Woodward - Discovery 4-7-2011

You didn't reply to this email concerning discovery

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff <kzalewski@cardellilaw.com>
**Sent:** Fri, April 8, 2011 12:09:00 PM
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 14**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Fri, April 8, 2011 12:09:00 PM
**Cc:**
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 15**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Fri, April 8, 2011 12:14:07 PM
**Cc:**
**Subject:** Re: AUA vs Woodward - Discovery 4-7-2011

Please Confirm receipt discovery file.

New-Discovery-4-7-2011.zip

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff <kzalewski@cardellilaw.com>
**Sent:** Fri, April 8, 2011 12:09:00 PM
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 16**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

STEVEN WOODWARD

    Plaintiff,

v.

    Case No. 07-088103-CZ
    Hon. Shalina Kumar

TRINITY HEALTH-MICHIGAN,
a Michigan Nonprofit corporation,
SUSAN CATHERINE ZONIA, an individual,
AMERICAN UNIVERSITY OF ANTIGUA
A Foreign corporation,

    Defendants,

---

NICOLETTI & ASSOCIATES, P.C.
Paul J. Nicoletti (P44419)
Attorney for Plaintiff
39520 Woodward Ave., Ste 200
Bloomfield Hills, MI 48304
(248) 203-7800 / Fax: (248) 203-7801
paul@nicoletti-associates.com

LAW OFFICES OF BRYAN L. SCHEFMAN
Bryan L. Schefman (P35435)
Attorney for Defendant American
University of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 723-1650

LAW OFFICE OF DAVID B. GUNSBERG,
P.C.
David B. Gunsberg (P24235)
Attorney for Defendant Trinity Health-Michigan
and Susan Catherine Zonia;
Co-Counsel for Defendant American University
of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 646-9090

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS TO DEFENDANTS

    NOW COMES Defendants by and through their attorney, Law Offices of David B. Gunsberg, P.C., and pursuant to rule 2.309 and 2.310 of the Michigan Rules of Court states the following as their objections to Plaintiff's First Set of Interrogatories and Request for Documents to Defendants.



**EXHIBIT 17**

## INTERROGATORIES

In accordance with the applicable rule, the Interrogatory answers should include information obtained by and available to Defendants and their agents, servants, private investigators, experts and attorneys and be returned within twenty-eight (28) days.

These Interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or any person on your behalf which will augment or otherwise modify any answers now given to the Interrogatories.

## DEFINITIONS OF TERMS AND INSTRUCTIONS

When identification of any person is requested herein, give their:

    A. Name;
    B. Current address; and
    C. Employer, if any

When identification of any document, correspondence, order, or any other writing is requested, give its:

    A. Date;
    B. Author or addressor;
    C. Address;
    D. Recipients of all copies;
    E. Present location thereof;
    F. Identity of all persons presently in custody, control, or possession thereof; and
    G. State whether you will produce it upon request without the necessary court order.

In lieu of such identification, you may furnish documents for inspection and copying at the time you file answers to these Interrogatories. As used herein, person or party includes any individual, corporation, partnership, group, association, or any other organization. As used herein, document includes the original and all copies of correspondence, records, schedules, tables, charts, reports, memoranda, notes, letters, telegrams, invoices, orders, order forms, messages (including reports of telephone conversations and conferences), minutes, and inter and intra office communication, and all other written or printed matter of any kind. When requested to state the factual basis of any allegation in your answer to the Complaint or proceeding, answer to any Interrogatory, identify each occurrence, incident, and the fact upon which you rely to support such allegation or answer, including:

    A. The date thereof;
    B. The place thereof;
    C. The substance of each occurrence, incident and fact;
    D. Identification of each person who participated therein;

E.  Identification of each person present; and

F.  The source of your knowledge thereof.

INTERROGATORY NO. 1:

Identify the individual or individuals answering these Interrogatories providing their full name and all nicknames by which they have been known, address, phone number, and occupation/title.

ANSWER:

INTERROGATORY NO. 2:

State whether prior to answering these interrogatories, you have examined all information and documents available to you relating to the subjects of the interrogatories.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 3:

If your answer to Interrogatory No. 2 is negative, identify the information and documents that you did not examine and state the reason that you did not examine such information and documents.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 4:

If you consulted a person, technician(s) or other expert(s), for any purpose to be used in preparation of this matter for litigation, please provide person(s) name, profession or occupation, the field in which he/she allegedly is an expert, and whether you intend to call him/her as a witness during the trial of this case.

ANSWER: Objected to as calling for attorney work product.

INTERROGATORY NO. 5:

Identify each person who has knowledge of any of the facts and circumstances surrounding this lawsuit, including but not limited to the transaction between Plaintiff and Defendant, the allegations contained in Plaintiff's Complaint, and the responses contained within Defendant's Answer.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is referred to Defendant's Witness List.

INTERROGATORY NO. 6:

Provide a detailed description of the testimony you expect to elicit from the person(s) listed in No. 5 above.

ANSWER:   Objected to as seeking attorney work product.

INTERROGATORY NO. 7:

If you have ever spoken to the Plaintiff or a representative of same, please identify for each conversation, the dates, place at which the conversation took place, reason for the conversation, individuals present during, and what was said during the conversation by all parties.

ANSWER:   Objected to as vague, overly broad, and unable to be answered in the manner promulgated.

INTERROGATORY NO. 8:

Set forth the names, addresses, telephone numbers and identification of all other witnesses who you contemplate calling at the time of the trial of the above-captioned matter, indicating with respect to each witness, the nature of the allegations or facts that the witnesses will be called upon to support.

ANSWER:   Objected to as seeking attorney work product.

INTERROGATORY NO. 9:

Please list and describe all exhibits upon which you intend to rely on in this matter, and whether you will allow us to obtain copies of those exhibits without the necessity of a motion?
(Exhibits includes any exhibits that you intend to use from the inception of this lawsuit through its final adjudication)

ANSWER:   Objected to as seeking attorney work product.

INTERROGATORY NO. 10:

If you contend that any party, person or entity violated or failed to comply with any statute, ordinance, law, regulation or standard in connection with this case, cite, enumerate or otherwise fully describe each such statute, ordinance, law, regulation, or standard or attach copies, identify the person or entity who violated or failed to comply with each matter; and describe the manner of each violation or failure to comply.

ANSWER:   Unknown at this time.

INTERROGATORY NO. 11:

State the exact basis for each and every, if any, Affirmative Defense contained in Defendant's Answer, produce any and all documents to substantiate each and every, if any, Affirmative Defense.

ANSWER:   Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 12:

State the exact basis for each and every denial contained in Defendants' Answer, produce any and all documents to substantiate each and every, if any, such denials.

4

ANSWER:    Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 13:

State the employment description(s), and title(s) held by Susan Zonia at American University of Antigua and Trinity Health, during 2007.

ANSWER:

INTERROGATORY NO. 14:

State and all medical degree(s) earned by Susan Zonia.

ANSWER:

INTERROGATORY NO. 15:

When did Susan Zonia take the USMLE Step I exam?

ANSWER:

INTERROGATORY NO. 16:

Did Susan Zonia communicate with Plaintiff prior to December 17, 2007?

ANSWER:

INTERROGATORY NO. 17:

If Interrogatory No. 16 is answered in the affirmative, please state the following information with regarding to said communication(s):

  A.  Date(s) of all communication between Plaintiff and Susan Zonia prior to December 17, 2007.
  B.  The location(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
  C.  The duration(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
  D.  Any and all known witnesses to all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
  E.  Any and all known individual(s) involved with all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
  F.  The subject matter of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.

ANSWER:    Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 18:

State the names, and positions held by any and all individual(s) referred to as "we" in the correspondence attached as **Exhibit 1**.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 19:

State the names, and positions held of any and all individual(s) who participated in the Grievance Committee hearing against Plaintiff on December 19th, 2007.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 20:

How many Grievance Committee hearings against AUA students took place between 2006, and 2008.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 21:

State the outcome and/or recommendation resulting from each of the Grievance Committee hearings against AUA students between 2006, and 2008.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 22:

Identify what documents, and testimony you intend to set forth to substantiate the claims of Mr. Woodward's "attitude and demeanor" as stated in Exhibit 1.

ANSWER: Objected to as seeking attorney work product.

INTERROGATORY NO. 23:

Have Defendants addressed Mr. Woodward regarding attitude and demeanor at St Joseph, prior to December 17, 2007?

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 24:

If Interrogatory No. 23 is answered in the affirmative, please state the following information with regarding to said communication(s):

A.   Date(s) of all communication between Plaintiff and Defendants prior to December 17, 2007.

B.   The location(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

C.   The duration(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

D.   Any and all known witnesses to all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

E.   Any and all known individual(s) involved with all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

F.   The subject matter of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

ANSWER:   Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 25:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly "vented his anger toward the program" as stated in Exhibit 1.

ANSWER:   Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 26:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly engaged in unreasonable dialogue with representative of the school as stated in Exhibit 1.

ANSWER:   Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 27:

State the employment description(s), and title(s) held by Dr. John Hayden at American University of Antigua and Trinity Health, during 2007.

ANSWER:   Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 28:

Why did Dr. John Hayden state his appreciation for Plaintiff "feedback and the suggestions" as referenced in the correspondence attached as Exhibit 2.

ANSWER:   Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 29:

Prior to December 17, 2007, did Susan Zonia have knowledge of the correspondence attached as Exhibit 2.