Case 2:10-cv-10978-PJD-MJH

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                          CASE No.: 2:10-cv-10978-PJD-MJH
                                           Judge Patrick J. Duggan
                                           Judge Michael Hluchaniuk, referral

STEVEN WOODWARD,

Defendant,

### Defense Response to Plaintiff's Motion for Security Costs

FILED

2011 MAY 10 P 2: 14

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

**Defense Response to Plaintiff's Motion for Security Costs**

The Defendant will now prove that they have been trying to perform Discovery Rule 26 in a Good Faith effort.

The Plaintiff has violated:

Rule 11 Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions,

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery, Sanctions, and

LR 83.22 Attorney Discipline.

Plaintiff's Motion for Security Costs is frivolous as defined by Judge Hluchaniuk.

The Plaintiff has deceived the Court and the Defendant concerning Discovery, blatantly violating Rules 11 and Rule 37. The Plaintiff purposefully refused to act in Good Faith, to confer or attempt to confer with the Defendant.

The Plaintiff filed (Docket 76) Motion to Compel is in Bad faith, violating Rule 11(b) Representations to the Court. The Plaintiff filed "Plaintiff's Motion for Security for Costs" not only in Bad Faith, but intentionally as a conspiracy to commit fraud against the Defendant.

**1**. The Plaintiff has violated Rule 11 and Rule 37 intentionally refused to comply with Discovery acting in Bad Faith, unprofessional behavior, and deceit with respect to the Court and the Defendant. The Plaintiff has purposefully refused to accept Discovery material, including the Defendant's answers to the "Plaintiff's Request for Admissions"

The Defendant's recording, DW_A0068.wav, **Exhibit 1**, of the February 1, 2011 is evidence of this behavior.

**(The Defendant is not a trained stenographer and will do their best to transcribe the recording. )**

**Time Marker 1:32:45**

**E. Buikema:** "I'll retain the exhibits"

**S. Woodward:** "Sure, there yours, I made them for you"

**S.Woodward:** "Do you want to witness the Visual Aids at this time while you are here? It'll take 2 minutes.

I'd like it on my recording Mr. Buikema is now leaving refusing again to view, ah, visual aids."

**Time Marker 1:34:48**

**S. Woodward:** "He didn't take his answers to his Interrogatories either."

**Stenographer:** "That wasn't marked was it?  He didn't mark it as an exhibit."

**S. Woodward:** "He didn't want it again. OK"

**2.**  Judge Hluchaniuk gave his opinion on the production of Discovery information prior to the March 24, 2011 Deposition as recorded in electronic file, DW_A0069.wav, **Exhibit 1**.

Note: Eric Buikema did not attend his own requested deposition of Steve Woodward instead sent Paul M. Kittinger on March 24, 2011.

**(The Defendant is not a trained stenographer and will do their best to transcribe the recording. )**

**Time Marker: 9:36**

**S. Woodward:** I think this has been very bias.  The attitude, I've brought this evidence and they have refused to look at it during your hearing and during the last deposition.

**Judge Hluchaniuk:** They don't have to look at it, you have to make it available to them and if they elect not to look at it, then you've satisfied your obligation by making it available.

**S. Woodward**. So I'm finished with my court order of…..you ordered

**Judge Hluchaniuk:** What, what you need to do to document the fact that you've made it available is to identify in some list the items that you have presented to them and made available to them so that its clear what, what, what they had the opportunity to see, if they elect not to look at it that's their problem not yours so you have to make it available to them and, ah, I can't force somebody to look at documents.  I can compel a party to produce for inspection of documents which we have done and if you've produced it and afforded them the opportunity to look at it and they don't want to that's up to them, but in order to properly document what you have made available to them you need to list it, and create a list with some descriptive language which could be used to show what it was that was made available to them

**S. Woodward**: OK

**Judge Hluchaniuk**: Do you have a different view of the rules?

**Plaintiff**: I think what Mr Woodward is getting at is he, he brought some visual aids, um, that are responsive to the decus tecum portion of the deposition notice and the discovery request he's….

**S. Woodward**. and your Order Sir.

**Plaintiff**. There is a continuing obligation to answer discovery.  The Court ordered him to answer interrogatories, and request for production of documents to date he has not done so.

**S. Woodward**. I have your honor

I produced those every single hearing we've had, every single one of these depositions that these guys have cancelled.  I've brought this documentation with me it's here, it's here today and they refused to take it, he refused.

I have a recording of him refusing to even turn around and look at the documentation including these of which I brought to the last deposition.

**Judge Hluchaniuk**.  Well, it's my belief that if you make those documents available and that as long as it's clear, so that we can if there is a contest over this in the future we can determine what it was that was made available to them, the obligation of a party in discovery as far as I'm concerned is to, you can produce copies, or simply make copies available, and um, if he brought documents for the inspection for the opposing counsel and the opposing counsel chooses not to look at it then he's satisfied his obligations as far as I'm concerned.

**3.** The Defendant tried to confer with the Plaintiff in an email, **Exhibit 2**, concerning

Discovery and listed the documents the Plaintiff had an opportunity to review and take

during the December 22, 2010 Hearing.

**Exhibit 2**, December 16, 2010 12:15:52 PM, **From**: Defendant **To**: Plaintiff

**Subject: AUA vs Woodward – Documentation, Inerrogatories, Admissions,**

**Documentation Requests**

The Defendant listed what they were going to bring to the December 22, 2010 Hearing in

the email:

**"Please schedule time after the December 22nd Hearing to sign-for(verify receipt)**

**and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation,**

**my answers to your interrogatories, Request for Admissions, and Requests for**

**Production"**

The Plaintiff refused to look at it after the December 22, 2010 Hearing.

The Defendant was in compliance to the Court Opinion concerning production of

discovery at this time, December 22, 2010.

During the December 22, 2010 Hearing conversation it is proven the case that Mr.

Buikema intended to commit this deceit.

**(The Defendant is not a trained stenographer and will do their best to transcribe the**

**recording. )**

**Recording: Exhibit 1, file: Hluchaniuk_20101222-1103_01cba1c7d2325970**

**Time Marker: 22:12**

**S. Woodward**: Here's all my documentation your honor. There it is, that's my entire

case.

6

**Time Marker: 1:07:58**

**S. Woodward**: I suspect there will be more motions for that seeing that I've requested a substantial amount of information from Mr. Buikema which is obvious that he's stated that if hasn't appeared yet and he has basically 4 hours to produce it.

**Judge Hluchaniuk**: I would also note the existence of a, another motion that has been filed in this matter relating to filed by the Plaintiff relating to the Defendant's failure to produce documents and comply with other discovery request is that right.  I just note that that's been filed.  The time for responding has not passed yet but that is another issue that may come before me.

**S. Woodward**: Any documents that he's requests, all his answers to his Interrogatories, all his answers for his Admissions, all of his documentation is here.

**Mr. Buikema:** It's there, but I didn't address it ---- it's not important.

**Judge Hluchaniuk**: It's not scheduled for today, I'm just noting the existing of it and Mr Woodward is saying that he intends to comply with that today, whether that actually comes to pass is another issue which we may address at another time but I certainly invite you Mr Buikema to look at what Mr Woodward has brought to Court today and accept what he has and make a determination of whether that satisfies your motion.

**Mr. Buikema::** I have a logistical issue with that today, I just---but ah—

**Judge Hluchaniuk**: That's fine, it's certainly not unreasonable the you would be unable to inspect those documents today under the circumstances, but if he has documents to take with you I would certainly encourage you to take those and then assess the completeness of that production as soon as you possibly can

**Mr. Buikema::** I will

**But Mr Buikema did not take the documents, instead opted on storming out of the**

**Courtroom.**

**4.** The email, **Exhibit 2**, is dated: Thu, December 16, 2010 **12:15:52** PM clearly showing

the Defendant tried to confer with the Plaintiff concerning the exchange of all the

requested Discovery material.

Instead of conferring, either accepting or refusing this request, the Plaintiff filed a Motion

to Compel in Bad Faith.


Court records show the Plaintiff's Motion to Compel, Docket 76, from Case History

**Exhibit 3**, was filed on December 16, 2010, **3:58 PM, Exhibit 4**; nearly 3.5 hours after

the Defendant tried to confer with the Plaintiff concerning the exchange of Discovery

materials.


The Plaintiff did not confer with the Defendant concerning the Discovery material in

Good Faith, instead they file a frivolous Motion(Docket 76) before the Court in an

attempt to defraud the Defendant before the Court, violating Rule 11.


**5.** The Plaintiff has libeled, slandered the Defendant in their Motions and before the

Court with statement such as were recorded by the Defendant:


Plaintiff's attorney to Judge Hluchaniuk, **Exhibit 1** (file DW_A0069.wav)

**Plaintiff**: "There is a continuing obligation to answer discovery.  The Court ordered him to answer interrogatories, and request for production of documents to date he has not done so."

The Defendant fulfilled all their obligations to the Plaintiff concerning Discovery Rules 33, 34, and 36 at the December 22, 2010 Hearing by bringing all of their Discovery information to Court; the Plaintiff refused to look at it.

The Defendant tried to satisfy all their obligations for Discovery on December 22, 2010, January 4, 2011 of which the Plaintiff cancelled approximately one hour prior to the deposition, January 10, 2011, of which the Plaintiff cancelled the morning of the deposition.

On February 1, 2011 the Plaintiff refused again to look at or take the requested Discovery materials, including the Defendant's answers to the Plaintiff's Interrogatories.
February 1, 2011 was the second time the Plaintiff refused to take the Defendant's answers to the Plaintiff's Interrogatories, the first time was the December 22, 2010 Hearing.
The Plaintiff has purposefully has refused to accept Discovery from the Defendant to commit fraud, harass and burden the Defendant.
The Defendant tried to satisfy their responsibilities concerning Discovery for over **two and a half months prior** to the Court Order to Compel, Docket 115, **Exhibit 5**.

**6.** The Plaintiff verified the receipt of the Defendant's Discovery materials, including the

Defendant's Answers the Plaintiff's Interrogatories and Admissions after the March 24,

2011 deposition as was recorded in DW_A0069.wav, **Exhibit 1, (Exhibit 18)**.

**Time Marker: 207:48**

**S. Woodward:** Did you want to take ah your admissions or any of this stuff with you?

**Plaintiff:** Is that, are you serving it?

**S. Woodward:** Well I mean, I'm under Court Order to give you this information and so,

and so I want to give you this information so I'm not under violation of the Court Order.

Do you want to look at these exhibits that I've given you, these exhibits are on a list but

they are not part the information, this is more information that, that I'm going to use.


The Plaintiff acknowledged they received and examined the Discovery material and

**agreed** that if they were missing anything or wanted more information they would email

the Defendant and the Defendant would do what they could to get them the information.

Instead of complying with this agreement the Plaintiff frivolously filed "Plaintiff's

Motion for Sanctions for Defendant's Failure to Comply with Court Order Compelling

Discovery" and "Plaintiff's Motion for Security for Costs".

**Plaintiff:** I'm aware of your exhibits and you know I'm not replying about the

admissibility, but

**S. Woodward:** Right true

**Plaintiff:** I've inspected them

**S. Woodward:** OK, we're good

So I'm clear of all obligations for per the Court Order as far as producing documentation

and exhibits to you , right

**Plaintiff:**  Assuming you've produced everything to me

**S. Woodward:**  Well sure, I mean if there's something, again, we said there's something,

I don't recall what it was that you wanted, that you, subpoena,

Do me a favor if there's something you wanted in that list of Domain names that I have,

you send me an email of the stuff you want you want me to give you.

**Plaintiff:** OK

**S. Woodward:**  Such as that subpoena and list of domain names and I'll get it to you.


-The Plaintiff had in their possession and reviewed the Defendant's answers to the

Plaintiff's Interrogatory and the Defendant's answers to the "Plaintiff's Request for

Admissions" on March 24, 2011 and not once asked any questions regarding the

Defendant's answers to the Interrogatory or Admissions during the deposition while they

even had Stenographer and Mr Woodward present to answer the Objections.  Instead the

Plaintiff elected to burden the Defendant with three frivolous Motions on April 29, 2011,

the last day to submit Motions, over one month after receiving the answers to the

Plaintiff's Interrogatories.

**The Plaintiff has not made an effort to confer or attempt to confer with the**

**Defendant as agreed upon by the Plaintiff.  The Plaintiff has not emailed the**

**Defendant concerning the production of any information they lost (OR**

**DESTROYED THEMSELVES) including the "Defendant's answers to the**

**Plaintiff's Requests for Admissions"  The Plaintiff acknowledged that they**

inspected the Defendant's documents that were brought to the March 24, 2011 deposition.

**Per the recording of the deposition March 24, 2011, Exhibit 1, DW_A0069.wav.**

**"S. Woodward:** you send me an email of the stuff you want you want me to give you.

**Plaintiff:** OK"

**7.** The Plaintiff continually refuses to confer with the Defendant concerning Discovery. The Defense has tried to provide and work with the Plaintiff concerning Discovery, the Plaintiff has refused to work with the Defendant.

**A. Exhibit 9,**

November 2, 2010

**"I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits"**

**B. Exhibit 2**

December 16, 2010 12:15:52 PM, From: Defendant To: Plaintiff

Subject: AUA vs Woodward – Documentation, Inerrogatories, Admissions, Documentation Requests

**"Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Request for Production."**

**The Plaintiff refused to accept the Defendant's Evidence/Exhibits, Interrogatories,**

**Request for Admissions, and Request for Production.**

**C. Exhibit 10**

Date: December 27

**"I will bring copies of my exhibits as before, please plan on signing for each of them"**

**D. Exhibit 11**

Date: January 4, 2011

**"I will bring copies of my exhibits as before, please plan on signing for each of them"**

**E. Exhibit 12**

Date: January 12, 2011

**"I will bring copies of my exhibits as before, please plan on signing for each of them"**

**F. Exhibit 13**

Date: March 29, 2011

**"Please check my exhibits I gave your attorney during the deposition.**

**I found a document that might not have been included with the other NBME**

**documents.**

**Document title: NBME Biochemistry Subject Examination Score Interpretation**

**Guide**

**At the top there number 614 and 8-17-06 is written by hand.**

**I count 24 pages"**

**G. Exhibit 14**

Date April 17

**"You didn't reply to this email concerning discovery"**

**H. Exhibit 15**

Date: April 8, 2011

**"Attached is a file New-Discovery-4-7-2011.zip**

**Inside this file is an amended Catalog of New discovery materials.**

**The Catalog is titled: Exhibit-List-4-7-2011.xls**

**I have not heard from you concerning file:**

**Document title: NBME Biochemistry Subject Examination Score Interpretation**

**Guide"**

**I. Exhibit 16**

Date: April 8, 2011

**"Please Confirm receipt discovery file.**

**New-Discovery-4-7-2011.zip"**


**8.** The Defendant used the Plaintiff's own answers to Interrogatories, **Exhibit 17,** from

the Oakland County Circuit Court case no. 07-088103-CZ, as a template for answering

the Plaintiff's Interrogatories.   The Defendant could not use the Plaintiff's answer's to

Interrogatories in this case, since the Plaintiff has refused to answer any of the

Defendant's Interrogatories and or Rule 34 Request for Documentation.


In these Interrogatories, **Exhibit 17,** the American University of Antigua did not answer

15 Interrogatories, Objected to 36, and only answered Interrogatory 10 "Unknown and

this time" and 51 "No".  The American University of Antigua objected to all document requests.

Demonstrating a pattern and history of Bad Faith concerning Discovery, Rule 26 by the American University of Antigua.

The Defendant requests the Court strike the Plainitiff's motions, as frivolous and sanction the Plaintiff for violations according to Rule 11, Rule 37, and LR 83.22.  The Defendant requests the Court strike the Court Order, Docket 115 for being derived do to false pretenses and intention to commit fraud.

**9.** The Plaintiff has provided no calculations to justify their claims for Costs and Exspenses for $5,000.00.

**List of Exhibits:**
**Exhibit 1.** Disk containing DW_A0068.wav, February 1, 2011 Deposition recording and DW_A0069.wav, March 24, 2011 Deposition recording, Hluchaniuk_20101222-1103_01cba1c7d2325970 December 22, 2010 Hearing.

**Exhibit 2.** December 16, 2010 Subject: AUA vs Woodard – Documentation, Interrogatories, Admissions, Documentation Requests

**Exhibit 3.** Case History page 5 of 6 Docket 76 12/16/2010 Motion to Compel

**Exhibit 4.** Email Marilyn Orem

**Exhibit 5.** Court Order Docket 115

**Exhibit 9.** November 2, 2010 Subject: AUA vs Woodward - Exhibits

**Exhibit 10**. December 27, 2010 Subject: AUA vs Woodward

**Exhibit 11**. January 4, 2011 Subject: AUA v Woodward

**Exhibit 12**. Email Date January 12, 2011 Subject: AUA v Woodward – Deposition February 1st 2011

**Exhibit 13**. Email Date March 29, 2011 Subject: Woodward vs AUA

**Exhibit 14**. Email Date April 17, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 15**. Email Date April 8, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 16**. Email Date April 8, 2011 Subject: AUA vs Woodward – Discovery 4-7-2011

**Exhibit 17**, American University of Antigua Interrogatory Answers

**Exhibit 18**, S. Woodward's transcription of March 24, deposition

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

16

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Thu, December 16, 2010 12:15:52 PM
**Cc:**
**Subject:** AUA vs Woodward - Documentation, Interrogatories, Admissions, Documentation Requests

Mr Buikema,

Depending on the Decisions and Order by the Honorable Judge Michael Hluchaniuk:

Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive
approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your
Interrogatories, Request for Admissions, and Requests for Production.

What you receive will depend on the Order and Decision of the Court.

Please bring with you all documentation the Defendant has requested and the answers to:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions

Thank you for your time,

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s)
confidential information that may be proprietary, privileged or copyrighted under applicable law. If you
are not the intended recipient, do not read, copy, or forward this email message or any attachments.
Delete this email message and any attachments immediately.

**EXHIBIT 2**

| 59 | Filed & Entered: | 11/22/2010 | 🌐 Motion to Adjourn |
|---|---|---|---|
| 60 | Filed & Entered: | 11/24/2010 | 🌐 Order Setting Hearing on Motion |
| 61 | Filed & Entered: | 11/29/2010 | 🌐 Response to Motion |
| 62 | Filed & Entered: | 11/29/2010 | 🌐 Order Referring Motion to Magistrate Judge |
| 63 | Filed & Entered: | 11/29/2010 | 🌐 Response to Motion |
| 64 | Filed & Entered: | 11/30/2010 | 🌐 Order Setting Hearing on Motion |
| 65 | Filed & Entered: | 12/07/2010 | 🌐 Response to Motion |
| 66 | Filed: Entered: | 12/09/2010 12/10/2010 | 🌐 Reply to Response to Motion |
| 67 | Filed & Entered: | 12/13/2010 | 🌐 Notice (Other) |
| 68 | Filed & Entered: | 12/13/2010 | 🌐 Reply to Response to Motion |
| 69 | Filed & Entered: | 12/13/2010 | 🌐 Reply to Response to Motion |
| 70 | Filed & Entered: | 12/14/2010 | 🌐 Reply to Response to Motion |
| 71 | Filed & Entered: | 12/14/2010 | 🌐 Supplemental Brief |
| 72 | Filed & Entered: | 12/16/2010 | 🌐 Order on Motion for Preliminary Injunction |
| 73 | Filed & Entered: | 12/16/2010 | 🌐 Statement of Resolved and Unresolved Issues |
| 74 | Filed & Entered: | 12/16/2010 | 🌐 Statement of Resolved and Unresolved Issues |
| 75 | Filed & Entered: | 12/16/2010 | 🌐 Statement of Resolved and Unresolved Issues |
| 76 | Filed & Entered: | 12/16/2010 | 🌐 Motion to Compel |



**EXHIBIT 3**

**From:** Marilyn_Orem@mied.uscourts.gov (Marilyn_Orem@mied.uscourts.gov)
**To:** steve_1_woodward@yahoo.com;
**Date:** Mon, May 9, 2011 1:32:32 PM
**Cc:**
**Subject:** Re: AUA vs Woodward 2:10-cv-10978

It was filed at 3:58 p.m.

From:      Steve Woodward <steve_1_woodward@yahoo.com>
To:         Orem Court <marilyn_orem@mied.uscourts.gov>
Date:     05/09/2011 12:55 PM
Subject:    AUA vs Woodward 2:10-cv-10978

Dear Mrs. Orem

I am trying to get some information concerning the time Docket 76 was
filed, case 2:10-cv-10978-PJD-MJH. I believe it was filed 15:58.

It was electronically filed by E. Buikema.

Thank you for your time,

Steven Woodward

This email and any attachments are intended for the sole use of the named
recipient(s) and contain(s) confidential information that may be
proprietary, privileged or copyrighted under applicable law. If you are not
the intended recipient, do not read, copy, or forward this email message or
any attachments. Delete this email message and any attachments immediately.

**EXHIBIT** 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA     Case No. 10-10978
COLLEGE OF MEDICINE,

            Plaintiff,                 Patrick J. Duggan
                                        United States District Judge
vs.

                                        Michael Hluchaniuk
STEVEN WOODWARD,                       United States Magistrate Judge

            Defendant.

_____/

## ORDER ON MOTIONS TO COMPEL (Dkt. 76, 86)

This matter is before the Court on various discovery motions filed by the

parties. Plaintiff has filed a motion to compel defendant to answer certain written

discovery requests that have, apparently, gone unanswered. (Dkt. 76). In

response, defendant complains of various discovery abuses and other wrongs

purportedly committed by plaintiff's counsel, but offers no explanation regarding

why the discovery remains unanswered. (Dkt. 83). Based on the foregoing,

defendant is **ORDERED** to provide full and complete responses to plaintiff's

discovery requests within 14 days of entry of this Order.

Defendant moves for leave to serve 200 interrogatories on plaintiff because

it would be difficult for him to take depositions in this matter. (Dkt. 86). Plaintiff

objects to this request as excessive and unduly burdensome and unsupported by

any good cause or particularized need. (Dkt. 99). In its discretion, the Court

1

**EXHIBIT 5**

declines to permit defendant to ask plaintiff 200 interrogatories and defendant's

motion is **DENIED**.  Defendant is directed to review Federal Rule of Civil

Procedure 31, Depositions by Written Questions, which may better suit his

purposes.

      **IT IS SO ORDERED**.

      The parties to this action may object to and seek review of this Order, but are

required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign

as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection.  Pursuant to Local Rule

72.1(d)(2), any objection must be served on this Magistrate.

|  |  |
|---|---|
|  | s/Michael Hluchaniuk |
| Date: March 15, 2011 | Michael Hluchaniuk |
|  | United States Magistrate Judge |

## CERTIFICATE OF SERVICE

     I certify that on March 15, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Eric A. Buikema, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507.

                                  s/Tammy Hallwood
                                  Case Manager
                                  (810) 341-7887
                                  tammy_hallwood@mied.uscourts.gov

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov; ebuikema@cardellilaw.com;
**Date:** Tue, November 2, 2010 1:15:06 PM
**Cc:**
**Subject:** AUA v Woodward - Exhibits

I have not received a reply from the Plaintiff with regards to meeting me to see my exhibits.

Please let me know when you would like to meet so you can view the exhibits.
I would prefer a public place halfway between Flint and your office.

Instead of mailing you the paper copy of my exhibits I will bring them with me, to the mutually agreed upon public location, so you can witness and sign that you have received said exhibit.

Please contact me with the date and time you would like to meet, so I can determine if I am available to meet you.

At the same meeting please bring copies of all your exhibits so I can sign that I have received them.

Sincerely,

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Kathryn Zalewski <kzalewski@cardellilaw.com>; Orem Court <marilyn_orem@mied.uscourts.gov>
**Sent:** Wed, October 27, 2010 9:52:41 AM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

I will not attend the deposition.  I am filling a "Motion for Protective Order".
I will mail you a copy to your office, later today, after I have it stamped at the Court.

I will mail you the Exhibits, files and documentation you requested.

If you still require to see the fiber optic training device and the books I plan on bringing to court please let me know and I will meet you half way between Flint and your office.

Thank you for your time,

Steven Woodward.

**EXHIBIT   9**

http://us.mg6.mail.yahoo.com/dc/launch?freeacct=1&&.gx=1

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Thu, October 21, 2010 3:54:56 PM
**Subject:** AUA v Woodward - 10-20-10 from Eric Buikema

<<10-20-10 ltr to woodward - rule 26 disclosure.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**.  If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.  Thank you.

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Mon, December 27, 2010 3:38:59 PM
**Cc:**
**Subject:** AUA v Woodward


I will be attend the deposition per the notice January 4th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve Woodward <steve_l_woodward@yahoo.com>
**Sent:** Wed, December 22, 2010 2:56:51 PM
**Subject:** AUA v Woodward - 12-22-10 from Eric Buikema

<<12-22-10 ltr to woodward - nod.pdf>> <<nod - woodward - 1-4-11.pdf>> <<plaintiff's reponse to defendant's requests for admissions dated 11-22-10 - 12-22-10.pdf>> <<cos - rfa - 12-22-10.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

**EXHIBIT 10**

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**.  If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.  Thank you.

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, January 4, 2011 6:06:21 PM
**Cc:**
**Subject:** AUA v Woodward

I will attend the deposition per the notice January 10th deposition as requested.

I will bring a audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them.
Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

I also plan on bringing a witness.

Have a good day

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.


**EXHIBIT 11**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com;
**Date:** Wed, January 12, 2011 1:31:37 PM
**Cc:**
**Subject:** AUA v Woodward - Deposition February 1st 2011

I will attend the deposition per the notice February 1st, 2011 deposition as requested.

I will bring a witness, audio recorder and video camera to record the deposition.

I will bring copies of my exhibits as before, please plan on signing for each of them. Please bring the documents I requested.

I will bring the books and the Fiber Optic Training device as well for your inspection.

Have a good day

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Kathryn Zalewski <kzalewski@cardellilaw.com>
**To:** Steve_L_woodward@yahoo.com
**Sent:** Mon, January 10, 2011 3:45:38 PM
**Subject:** AUA v Woodward - Deposition

<<second re-nod - woodward - 2-1-11.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying,

**EXHIBIT 12**

distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**. If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Steve Woodward (steve_1_woodward@yahoo.com)
**To:** kzalewski@cardellilaw.com; ebuikema@cardellilaw.com; marilyn_orem@mied.uscourts.gov;
**Date:** Tue, March 29, 2011 9:16:17 AM
**Cc:**
**Subject:** Woodward vs AUA

Mr. Buikema,

Please check my exhibits I gave your attorney during the deposition.

I found a document that might not have been included with the other NBME documents.
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

I count 24 pages

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 13**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Sun, April 17, 2011 12:13:13 PM
**Cc:**
**Subject:** Re: AUA vs Woodward - Discovery 4-7-2011

You didn't reply to this email concerning discovery

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff <kzalewski@cardellilaw.com>
**Sent:** Fri, April 8, 2011 12:09:00 PM
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT 14**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Fri, April 8, 2011 12:09:00 PM
**Cc:**
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward


This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.


**EXHIBIT 15**

**From:** Steve Woodward (steve_l_woodward@yahoo.com)
**To:** ebuikema@cardellilaw.com; kzalewski@cardellilaw.com;
**Date:** Fri, April 8, 2011 12:14:07 PM
**Cc:**
**Subject:** Re: AUA vs Woodward - Discovery 4-7-2011

Please Confirm receipt discovery file.

New-Discovery-4-7-2011.zip

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

---

**From:** Steve Woodward <steve_l_woodward@yahoo.com>
**To:** Eric plaintiff Court <ebuikema@cardellilaw.com>; KathrynZalewski plaintiff <kzalewski@cardellilaw.com>
**Sent:** Fri, April 8, 2011 12:09:00 PM
**Subject:** AUA vs Woodward - Discovery 4-7-2011

Mr. Buikema,

Attached is a file New-Discovery-4-7-2011.zip
Inside this file is an amended Catalog of New discovery materials.
The Catalog is tilted: Exhibit-List-4-7-2011.xls

I have not heard from you concerning file:
Document title: NBME Biochemistry Subject Examination Score Interpretation Guide
At the top there number 614 and 8-17-06 is written by hand.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT**  16

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RECEIVED

STEVEN WOODWARD

       Plaintiff,

BY:------------------

v.

Case No. 07-088103-CZ
Hon. Shalina Kumar

TRINITY HEALTH-MICHIGAN,
a Michigan Nonprofit corporation,
SUSAN CATHERINE ZONIA, an individual,
AMERICAN UNIVERSITY OF ANTIGUA
A Foreign corporation,

       Defendants,

---

NICOLETTI & ASSOCIATES, P.C.
Paul J. Nicoletti (P44419)
Attorney for Plaintiff
39520 Woodward Ave., Ste 200
Bloomfield Hills, MI 48304
(248) 203-7800 / Fax: (248) 203-7801
paul@nicoletti-associates.com

LAW OFFICES OF BRYAN L. SCHEFMAN
Bryan L. Schefman (P35435)
Attorney for Defendant American
University of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 723-1650

LAW OFFICE OF DAVID B. GUNSBERG,
P.C.
David B. Gunsberg (P24235)
Attorney for Defendant Trinity Health-Michigan
and Susan Catherine Zonia;
Co-Counsel for Defendant American University
of Antigua College of Medicine
322 North Old Woodward Ave.
Birmingham, MI 48009
(248) 646-9090

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS TO DEFENDANTS

NOW COMES Defendants by and through their attorney, Law Offices of David B. Gunsberg, P.C., and pursuant to rule 2.309 and 2.310 of the Michigan Rules of Court states the following as their objections to Plaintiff's First Set of Interrogatories and Request for Documents to Defendants.



EXHIBIT 17

## INTERROGATORIES

In accordance with the applicable rule, the Interrogatory answers should include information obtained by and available to Defendants and their agents, servants, private investigators, experts and attorneys and be returned within twenty-eight (28) days.

These Interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or any person on your behalf which will augment or otherwise modify any answers now given to the Interrogatories.

## DEFINITIONS OF TERMS AND INSTRUCTIONS

When identification of any person is requested herein, give their:

    A. Name;
    B. Current address; and
    C. Employer, if any

When identification of any document, correspondence, order, or any other writing is requested, give its:

    A. Date;
    B. Author or addressor;
    C. Address;
    D. Recipients of all copies;
    E. Present location thereof;
    F. Identity of all persons presently in custody, control, or possession thereof; and
    G. State whether you will produce it upon request without the necessary court order.

In lieu of such identification, you may furnish documents for inspection and copying at the time you file answers to these Interrogatories. As used herein, person or party includes any individual, corporation, partnership, group, association, or any other organization. As used herein, document includes the original and all copies of correspondence, records, schedules, tables, charts, reports, memoranda, notes, letters, telegrams, invoices, orders, order forms, messages (including reports of telephone conversations and conferences), minutes, and inter and intra office communication, and all other written or printed matter of any kind. When requested to state the factual basis of any allegation in your answer to the Complaint or proceeding, answer to any Interrogatory, identify each occurrence, incident, and the fact upon which you rely to support such allegation or answer, including:

    A. The date thereof;
    B. The place thereof;
    C. The substance of each occurrence, incident and fact;
    D. Identification of each person who participated therein;

2

  E.  Identification of each person present; and
  F.  The source of your knowledge thereof.

INTERROGATORY NO. 1:

Identify the individual or individuals answering these Interrogatories providing their full name and all nicknames by which they have been known, address, phone number, and occupation/title.

ANSWER:

INTERROGATORY NO. 2:

State whether prior to answering these interrogatories, you have examined all information and documents available to you relating to the subjects of the interrogatories.

ANSWER:  Objected to as overly broad, vague and unable to be answered in the manner
          promulgated.

INTERROGATORY NO. 3:

If your answer to Interrogatory No. 2 is negative, identify the information and documents that you did not examine and state the reason that you did not examine such information and documents.

ANSWER:  Objected to as overly broad, vague and unable to be answered
          in the manner promulgated.

INTERROGATORY NO. 4:

If you consulted a person, technician(s) or other expert(s), for any purpose to be used in preparation of this matter for litigation, please provide person(s) name, profession or occupation, the field in which he/she allegedly is an expert, and whether you intend to call him/her as a witness during the trial of this case.

ANSWER:  Objected to as calling  for attorney work product.

INTERROGATORY NO. 5:

Identify each person who has knowledge of any of the facts and circumstances surrounding this lawsuit, including but not limited to the transaction between Plaintiff and Defendant, the allegations contained in Plaintiff's Complaint, and the responses contained within Defendant's Answer.

ANSWER:  Objected to as overly broad, ambiguous, vague, seeking irrelevant
          information, not reasonably calculated to lead to the discovery of
          admissible evidence.  Plaintiff is referred to Defendant's Witness List.

INTERROGATORY NO. 6:

Provide a detailed description of the testimony you expect to elicit from the person(s) listed in No. 5 above.

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 7:

If you have ever spoken to the Plaintiff or a representative of same, please identify for each conversation, the dates, place at which the conversation took place, reason for the conversation, individuals present during, and what was said during the conversation by all parties.

ANSWER:    Objected to as vague, overly broad, and unable to be answered in the manner promulgated.

INTERROGATORY NO. 8:

Set forth the names, addresses, telephone numbers and identification of all other witnesses who you contemplate calling at the time of the trial of the above-captioned matter, indicating with respect to each witness, the nature of the allegations or facts that the witnesses will be called upon to support.

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 9:

Please list and describe all exhibits upon which you intend to rely on in this matter, and whether you will allow us to obtain copies of those exhibits without the necessity of a motion?
(Exhibits includes any exhibits that you intend to use from the inception of this lawsuit through its final adjudication)

ANSWER:    Objected to as seeking attorney work product.

INTERROGATORY NO. 10:

If you contend that any party, person or entity violated or failed to comply with any statute, ordinance, law, regulation or standard in connection with this case, cite, enumerate or otherwise fully describe each such statute, ordinance, law, regulation, or standard or attach copies, identify the person or entity who violated or failed to comply with each matter; and describe the manner of each violation or failure to comply.

ANSWER:    Unknown at this time.

INTERROGATORY NO. 11:

State the exact basis for each and every, if any, Affirmative Defense contained in Defendant's Answer, produce any and all documents to substantiate each and every, if any, Affirmative Defense.

ANSWER:    Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 12:

State the exact basis for each and every denial contained in Defendants' Answer, produce any and all documents to substantiate each and every, if any, such denials.

4

ANSWER:   Objected to as overly broad, ambiguous and unable to be answered in the manner promulgated.

INTERROGATORY NO. 13:

State the employment description(s). and title(s) held by Susan Zonia at American University of Antigua and Trinity Health, during 2007.

ANSWER:

INTERROGATORY NO. 14:

State and all medical degree(s) earned by Susan Zonia.

ANSWER:

INTERROGATORY NO. 15:

When did Susan Zonia take the USMLE Step I exam?

ANSWER:

INTERROGATORY NO. 16:

Did Susan Zonia communicate with Plaintiff prior to December 17, 2007?

ANSWER:

INTERROGATORY NO. 17:

If Interrogatory No. 16 is answered in the affirmative, please state the following information with regarding to said communication(s):

   A.     Date(s) of all communication between Plaintiff and Susan Zonia prior to December 17, 2007.
   B.     The location(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
   C.     The duration(s) of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
   D.     Any and all known witnesses to all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
   E.     Any and all known individual(s) involved with all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.
   F.     The subject matter of all communication(s) between Plaintiff and Susan Zonia prior to December 17, 2007.

ANSWER:   Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

5

INTERROGATORY NO. 18:

State the names, and positions held by any and all individual(s) referred to as "we" in the correspondence attached as **Exhibit 1**.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 19:

State the names, and positions held of any and all individual(s) who participated in the Grievance Committee hearing against Plaintiff on December 19th, 2007.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 20:

How many Grievance Committee hearings against AUA students took place between 2006, and

2008.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 21:

State the outcome and/or recommendation resulting from each of the Grievance Committee hearings against AUA students between 2006, and 2008.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 22:

Identify what documents, and testimony you intend to set forth to substantiate the claims of Mr. Woodward's "attitude and demeanor" as stated in Exhibit 1.

ANSWER: Objected to as seeking attorney work product.

INTERROGATORY NO. 23:

Have Defendants addressed Mr. Woodward regarding attitude and demeanor at St Joseph, prior to December 17, 2007?

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 24:

If Interrogatory No. 23 is answered in the affirmative, please state the following information with regarding to said communication(s):

A. Date(s) of all communication between Plaintiff and Defendants prior to December 17, 2007.

B. The location(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

C. The duration(s) of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

D. Any and all known witnesses to all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

E. Any and all known individual(s) involved with all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

F. The subject matter of all communication(s) between Plaintiff and Defendants prior to December 17, 2007.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 25:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly "vented his anger toward the program" as stated in Exhibit 1.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 26:

State the date(s) and location(s), and witness(es) for each claim that Mr. Woodward allegedly engaged in unreasonable dialogue with representative of the school as stated in Exhibit 1.

ANSWER: Objected to as overly broad, ambiguous, vague, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 27:

State the employment description(s), and title(s) held by Dr. John Hayden at American University of Antigua and Trinity Health, during 2007.

ANSWER: Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 28:

Why did Dr. John Hayden state his appreciation for Plaintiff "feedback and the suggestions" as referenced in the correspondence attached as Exhibit 2.

ANSWER: Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 29:

Prior to December 17, 2007, did Susan Zonia have knowledge of the correspondence attached as Exhibit 2.

ANSWER:

INTERROGATORY NO. 30:

Prior to December 17, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 2.

ANSWER:

INTERROGATORY NO. 31:

Prior to December 17, 2007, did Susan Zonia have knowledge of the correspondence attached as Exhibit 3.

ANSWER: Objected to as seeking irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 32:

Prior to December 17, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 3.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 33:

On or before December 19, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 2.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 34:

On or before December 19, 2007, did anyone listed in the answer to Interrogatory No. 19 have knowledge of the correspondence attached as Exhibit 3.

ANSWER: Objected to as overly broad, vague and unable to be answered in the manner promulgated.

INTERROGATORY NO. 35:

When did Mr. Woodward state "waste of time" as reference in Exhibit 1.

ANSWER:

INTERROGATORY NO. 36:

State the date(s), time(s), and locations of any and all exams which Mr. Woodward allegedly sabotaged "by giving the same response to all questions to simply to get it over with." Exhibit 1.

ANSWER:

INTERROGATORY NO. 37:

State the basis for the statement that Mr. Woodward was "sabotaging" exams. Exhibit 1.

ANSWER:

INTERROGATORY NO. 38:

What were Mr. Woodward's evaluation scores for professionalism and communication skills between 2006 and 2007?

ANSWER:

INTERROGATORY NO. 39:

When and why was Mr. Woodward contacted via pager by Defendant?

ANSWER:

INTERROGATORY NO. 40:

Did Mr. Woodward ever fail to return Defendants' communication via pager.

ANSWER:

INTERROGATORY NO. 41:

If your answer in Interrogatory No. 40 is yes, state your basis for failing to contact, or Dr Brietenbach's office, or Plaintiff via telephone?

ANSWER:

INTERROGATORY NO. 42:

When did Mr. Woodward's pager number change?

ANSWER:

INTERROGATORY NO. 43:

State your basis for denying Mr. Woodward legal counsel or a recording device during his Grievance Committee hearing.

ANSWER:   Objected to as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 44:

State the full and complete basis for the grievance procedures against Plaintiff on December 19, 2007.

Objected to as irrelevant and not reasonably calculated to lead to
ANSWER: the discovery of admissible evidence.

INTERROGATORY NO. 45:

Did Defendant(s) inform Plaintiff of the full and complete basis for the grievance procedures against Plaintiff held on December 19, 2007.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 46:

When was Plaintiff first informed of the grievance procedures scheduled for December 19, 2007.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 47:

Did Plaintiff submit written request for continuance of the Grievance Committee hearing scheduled for December 19, 2007.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 48:

Did Plaintiff submit written reason for the request for continuance of the Grievance Committee hearing scheduled for December 19, 2007.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 49:

State the basis for denying Plaintiff's request for a continuance of the Grienvance Committee hearing on December 19, 2007.

ANSWER: Objected to  as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 51:

Did Plaintiff provide written statement of appeal in accordance to the American University of Antigua Handbook?

ANSWER:   No.

INTERROGATORY NO. 52:

On June 23, 2008, did Defendant(s) receive email containing Plaintiff's written notice of appeal including attached exhibits?

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.

INTERROGATORY NO. 53:

Did you Defendant(s) a hard copy of Plaintiff's written notice of appeal with attached exhibits on or before June 27, 2008?

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 54:

State the basis for denying Plaintiff's written appeal on or before June 27, 2008.

ANSWER: Objected to as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## INSTRUCTIONS FOR REQUEST FOR DOCUMENTS

a.    You must serve a written response within 28 days after service of this request. Your response must state that production and related activities will be permitted as requested or that the requested production is objected to, in which event the reasons for your objection must be stated.

b.    Documents produced for inspection must be produced as they are kept in the usual course of business or be organized and labeled to correspond with the categories in this request.

c.    If you do not agree to allow the requested production at a reasonable time and on reasonable conditions, a motion may be filed seeking a court order requiring the requested production.

d.    The word "documents" means writings, drawings, graphs, charts, photographs, computer files, and other data compilations from which information can be obtained and translated into reasonably usable form.

e.    The words "you" and "your" mean you, your representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates, and all others over whom you have control.

f.   The words "possession, custody, or control" mean all documents and things belonging to you that are in your possession, all documents and things belonging to others over which you have custody, and all documents and things in the custody of others over which you have the right to control.

## DOCUMENTS REQUESTED

REQUEST NO. 1

All documents and evidence related to the answers, explanations, and denials to the Plaintiff's Complaint set forth in the Defendant's Answer to Complaint as well as the allegations contained in Defendant's Motion for Summary Disposition.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 2

Provide all minutes, and records of evidence considered at the October, 2006 Grievance Committee hearing against Plaintiff.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 3

Provide copies of all reports, findings, and recommendations from the October, 2006 Grievance Committee hearing against Plaintiff.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 4

Provide copies of minutes, and records of evidence considered at the December, 19, 2007 Grievance Committee hearing against Plaintiff.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5

Provide copies of all reports, findings, and recommendations used to form the basis of Dr. Bell's recommendation to dismiss Plaintiff from American University of Antigua College of Medicine.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 6

Provide copies of minutes, and records of evidence considered at the July 10, 2008 hearing on Plaintiff's appeal.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 7

Provide copies of all reports, findings, and recommendations used to form the basis of denying Plaintiff's appeal his dismissal from American University of Antigua College of Medicine.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 8

Provide copies of all relevant provisions of the University's Student Handbook which allegedly require a "de novo review of the charges against you (Plaintiff) and of your defenses." (see attached correspondence).

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.   No Attached correspondence.

REQUEST NO. 9

Produce a copy of the petition that Elizabeth Bullot and Lakedra Evens wrote to Defendant(s) between 2006 and 2007.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.   No Attached correspondence.

REQUEST NO. 10

All documents and evidence related to any Affirmative Defenses.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.   No Attached correspondence.

REQUEST NO. 11

Any and all documents to be relied upon at trial including.

RESPONSE:   Objected to as overly broad, ambiguous, seeking irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence.   No Attached correspondence.

Respectfully submitted,

LAW OFFICE OF DAVID B. GUNSBERG, P.C.

David B. Gunsberg /dew

David B. Gunsberg (P24235)
Attorney for Defendants
322 North Old Woodward Ave.
Birmingham, MI 48009
248-646-9090

October 14, 2008

**(The Defendant is not a trained stenographer and will do their best to transcribe the recording. )**

**Time Marker: 207:48**
**S. Woodward:** Did you want to take ah your admissions or any of this stuff with you?

**Plaintiff:** Is that, are you serving it?

**S. Woodward:** Well I mean, I'm under Court Order to give you this information and so, and so I want to give you this information so I'm not under violation of the Court Order. Do you want to look at these exhibits that I've given you, these exhibits are on a list but they are not part the information, this is more information that, that I'm going to use

**Plaintiff:** Are you supplementing your entire production

**S. Woodward:** Correct, Correct, OK, and, and again on the DVD I gave you, um

**Plaintiff:** Where's that

**S. Woodward:** Make sure you take that, because this has, this has in it, um, you'll just have to look at it. But it does, it tells you what that Robot is and it and it uh, there's some more information on there that I've gained since. This here, um, this information here an can we go on the record please, because this is important, an an this is important, can we go on the record, it's up to you

**Plaintiff:** That's fine

**S. Woodward:** Ok, when we were discontinued at the first deposition we had on February 1st I tried to tell him about the NBME before he got up and walked out. And what I'm giving you I filed and what I was trying, there's two thing I need to explain to him for that. I filed a subpoena to the NBME and this is the documentation that they sent me. So I'm giving you a copy of it. Some of this documentation, I think if it says 614 or something like that on it will be information that you already have. Right, they were part of Exhibits you already have. Right, but you didn't have maybe parts of it, and I wanted to make sure that if there's anything, this is all the information that the NBME gave me per a subpoena that I, that I, issued to them and they sent that back. And that's all my personal student record stuff. Some of it you have, which would be most of it, and some of the back part stuff you wouldn't have.

**Plaintiff:** OK, your producing a copy of what you received in response to serving a subpoena.

**EXHIBIT 18**

105

**S. Woodward:** Correct,  On top of that there was another subpoena served to the, to the Network Solutions, which is AUA's domain, Right. And the subpoena is in the back. I couldn't find he subpoena to this one, but that's the subpoena to that one and this, again to this for my personal information they gave it to me.
I'll look for it more if you need a copy of the subpoena, I'll look for it, I can't find it. That's the subpoena I wrote, that's the information I got back.  Basically they couldn't do anything for me.  But I want to make sure that you weren't upset because I wrote another subpoena that I didn't recall and that it, and that's the reply I got from that subpoena.

**Plaintiff:**  OK, Network Solutions

**S. Woodward:** Correct

**Plaintiff:** Are there other subpoenas that have…

**S. Woodward:**  Right now, that, that should be it.  What I've, what Ive, what's happened between, NBME, Sallie Mae, and ECFMG that should be it.

**Plaintiff:**  Can I have a copy of this

**S. Woodward:** That's yours I made that for you.  I made that for you and I made that for you.
And if I find that do you want me to fax you a copy of the original subpoena for the NBME?

**Plaintiff:** That is required under court rules

**S. Woodward:** Oh see that that was the whole confutation.  I didn't know htat I wasn't I didn't know the rules for subpoenas.  Is why we got in a big tiff.

**Plaintiff:** This folder you handed me named, ah, 3/21/2011 Exhibits can I keep this?

**S. Woodward:** yea, yea those are you your copies
Do you want to look at everything else I brought while you're here?

**Plaintiff:**  I'll look at your visual aids

**S. Woodward:** OK

**Plaintiff:**  Otherwise we're done you can go off record

**Stenographer:**  Is it safe for me to pack-up?

**Plaintiff:** yea

**Stenographer:** Mr Woodward is it safe for me to pack-up

**S. Woodward:** Yea, I mean, I think I'm just, yea, I think I just, if he wants to see this stuff he can look at it.
This is a fiber optic training device and the interesting thing about it.
You have the, ah, comments from the Doctor, you have the that, they thanked me for developing this for the University of Michigan Anesthesia Clinic program.

**Plaintiff:** For what is this for

**S. Woodward:** his is for, if you're learning how to use, ah, a fiber optic training, fiber optic dexterity 3mm camera, you know what I'm talking about fiber optics

**Plaintiff:** OK

**S. Woodward:** Most people think of them as like colonoscopy, right, but for anesthesia that's as big as fiber optic, that's as big as your scope is.

**Plaintiff:** so this is to teach Doctors how to thread it through and,

**S. Woodward:** Correct, So what you do is you, instead of paying whatever these are 2 grand or whatever they are for producing this I made this for $50, $20.

**Plaintiff:** OK

**S. Woodward:** Right, Basically the interesting thing about it is that instead of going down through you know, you can change the path. Depending on the, that's what anesthesia providers have to do they have to go down and they have to pick the airway that they're going to, because they don't, they're not looking up the colon, right. They're weaving around down in cavities, right.
And they go Left or Right depending on where they where they nee to, doing whatever they are doing. And the device is only that big around, I think that is.

**Plaintiff:** OK

**S. Woodward:** Right, and so you can configure it different ways, you can put there's a little smilie face, that they put in there. I didn't put that in there, somebody else did.

But, ah, you configure it like here's another disc. Interesting thing about it is that these disks you can change the placement of the disk. So as you go through here you have to hit that one in the center and if you come up to this disk, you'd have either go, to go to one of, so you can move it, because they're flexible, Right, and it's flexible during the little hand....

**Plaintiff:** OK

**S. Woodward:** trigger on there, OK. So, that's this.

3 05

**Plaintiff:** This is a lot of stuff

**S. Woodward:** That, you have copies of everything that's in there. I mean you can look through it. I'm not going to hide anything from you. Those are standard books. This book here explains the corneal reflex test.

**Plaintiff:** OK

**S. Woodward:** Right, AUA can give you a copy of that. This here is Human Anatomy, is from our Anatomy class. That AUA can give you, describes the eye.
This here is for a, I don't recall whether it's DLT or 3mm Tape cartridge, because of the library on of the Libraries I worked on. I used this for training aids when I was teaching kids how to, do you want to be an engineer. I gave you documentation where I received awards, for teaching students if they wanted to be an engineer or not.
This is one of the hand assemblies that I worked on, actually I worked on the gripper assemblies and how to get it to work right.

This here you have information on all of this.
This is a Powderhorn hand, this hand, ah, I worked on this in 92' and ah,
This was the Ferrari of tape drives at the time.
I mean every time you scan an American Express card good chances that, that data is stored off-site somewhere, I believe in one of their offsite campuses, a whole there's warehouses full of these robots that store all this data in deep archieve.

**Plaintiff:** OK

**S. Woodward:** Matter of fact I think Langley has, If you watch the movie Patriot Games one of these is in the movie Patriot Games, then I think Eraser has this in there and they're just short little blurbs you see the robot running around in the background

**Plaintiff:** OK

**S. Woodward:** Maybe, Clear, it's one of...

**Plaintiff:** Tom Clancy movie

**S. Woodward:** Right, Right, Right you'll see this in a couple of those and that because it was so Hightech at the time.
So, I was the Advanced Manufacturing Engineer of this product

**Plaintiff:** OK

**S. Woodward:** You also have a video of how this product works an you can see the silo I mena it's like 10X 10 silo what these things run around in are there

405

**Plaintiff:** OK

**S. Woodward:** If you want to look at what this thing does, so, you need, you need…this is my check board

**Plaintiff:** OK whatever you need

**S. Woodward:** I'm just saying

**Plaintiff:** Whatever your going to do your going to do

**S. Woodward:** Right, I'm not hiding anything I'm just saying

**Plaintiff:** I'm aware of your exhibits and you know I'm not replying about the admissibility, but

**S. Woodward:** Right true

**Plaintiff:** I've inspected them

**S. Woodward:** OK, we're good
So I'm clear of all obligations for per the Court Order as far as producing documentation and exhibits to you , right

**Plaintiff:** Assuming you've produced everything to me

**S. Woodward:** Well sure, I mean if there's something, again, we said there's something, I don't recall what it ws that you wanted, that you, subpoena,
Do me a favor if there's something you wanted in that list of Domain names that I have, you send me an email of the stuff you want you want me to give you.

**Plaintiff:** OK

**S. Woodward:** Such as that subpoena and list of domain names and I'll get it to you.