UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                          United States District Court Judge
                                             Patrick J. Duggan, presiding
                                              Michael Hluchaniuk, referral
V                                                   Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ADJOURNMENT FOR DISCOVERY (Docket No. 145), MOTION FOR ADJOURNMENT TO ADD COUNTER CLAIMS (Docket No. 146), AND MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS (Docket No. 151)

     Plaintiff American University of Antigua College of Medicine ("AUA") states its response to Defendant's Motion for Adjournment for Discovery (Docket No. 145), Motion for Adjournment to Add Counter Claims (Docket No. 146) and Motion for Leave to File Motion for Sanctions (Docket No. 151) as follows:

     1.     Defendant's motions are frivolous.

1

2. Defendant's motions to adjourn (Docket Nos. 145 and 146) are without good cause and should properly be denied pursuant to Fed. R. Civ. P. 16(b).

3. As an initial matter, Defendant's motions are untimely, seeking a reopening of discovery nearly a month after discovery closed on April 11, 2011. (See scheduling order at Docket No. 94).

4. Defendant wishes to dilatorily supplement his discovery responses.

5. While Defendant owed a duty to seasonably supplement his discovery responses, Defendant does not seek to do so in good faith[1].

6. Instead, the only reason he seeks to supplement his responses is because a motion for sanctions is pending which criticizes the insufficiency of his responses. (Docket No. 141).

7. Defendant's responses have been overdue since early December 2010. He only served his "responses" in late March 2011 pursuant to the Court's order requiring "full and complete" responses.

8. However, for the reasons articulated in Plaintiff's Motion for Sanctions (Docket No. 141), Defendant's answers were incomplete, void of substantial content, and sanctionable.

9. The Court should not reward Defendant for his willful defiance of the Court's order by allowing him to amend. Instead, the Court should enter an order of sanctions for Defendant's wrongful conduct and bind him to the previously produced answers. His actions must have consequences.

10. Defendant wishes to add a counter-claim against AUA. This is both untimely and without merit.

---

[1] Defendant styled his motion as one based on Fed. R. Civ. P. 15 allowing amendment. However, in violation of LR 15.1 he failed to attach a copy of his proposed amendment.

2

11. Counterclaims must be stated in a party's responsive pleading or shortly thereafter. See Fed. R. Civ. P. 13(a)(1), 15(a). Defendant's request is untimely to say the least.

12. Similarly Defendant's claims ostensibly arise out of Defendant's theories that AUA conspired to expel him[2]. Defendant already brought these claims in Oakland County Circuit Court and the same were summarily dismissed. The Michigan Court of Appeals unanimously affirmed.

13. As such, any Claims that Defendant brought or could have brought against AUA arising out of his relationship with AUA are barred by the doctrine of *res judicata*.

14. Should the Court allow Defendant to proceed with his claims, Plaintiff requests an order of costs occasioned by Defendant's untimely complaint including costs for Defendant's depositions (which will need to be retaken to inquire into these new claims), and the costs associated with the preparation of a Motion for Summary Judgment to dismiss these claims.

15. Finally, Defendant seeks leave to file a motion for sanctions (Docket No. 151). This motion is frivolous.

16. Defendant's request is untimely, coming after the motion cutoff date of April 29, 2011. (Docket No. 94).

17. Similarly, Defendant only relies upon Fed. R. Civ. P. 15, which relates only to amendments of pleadings. A motion is not a pleading. Fed. R. Civ. P. 7(a). Similarly, there is no pleading which Defendant seeks to amend.

18. Finally, Defendant's proposed motion for sanctions (which was not appended to Defendant's motion in violation of LR 15.1) ostensibly seeks recovery on grounds he already articulated in Defendant's Motion for Sanctions (Docket No. 136), in response to Plaintiff's

---

[2] Defendant did not append to his motion a copy of his proposed pleadings in violation of LR 15.1. The nature of his counterclaims remain a mystery.

Motion for Security for Costs (Docket No. 150), and in response to Plaintiff's Motion for Sanctions (Docket No. 150). As such, at the very least, Defendant's request is redundant and duplicative. For the reasons described in response or reply to those motions, the substantive content of Defendant's motion is frivolous.

Wherefore Plaintiff respectfully requests that the Court deny Defendant's Motions (Docket Nos. 145, 146 and 151).

Respectfully submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: May 17, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Response to Defendant's Motion for Adjournment for Discovery (Docket No. 145), Motion for Adjournment to Add Couinter Claims (Docket No. 146), and Motion for Leave to File Motion for Sanctions (Docket No. 151) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on May 17, 2011.

/s/ Eric A. Buikema
Cardelli, Lanfear, & Buikema, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100.
ebuikema@cardellilaw.com
(P58379)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                                    United States District Court Judge
                                                     Patrick J. Duggan, presiding
                                                     Michael Hluchaniuk, referral
V                                                       Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
|---|---|
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ADJOURNMENT FOR DISCOVERY (Docket No. 145), MOTION FOR ADJOURNMENT TO ADD COUNTER CLAIMS (Docket No. 146), AND MOTION FOR LEAVE TO FILE MOTION FOR SANCTIONS (Docket No. 151)**

*OVERVIEW*

       Discovery is now closed and trial is set for July/August of this year. Defendant for the first time seeks leave to file a counterclaim and to reopen discovery to pursue the same. For the reasons discussed below, Defendants Motions (Docket Nos. 145, 146 and 151) must be denied.

5

## DISCUSSION

### I. *Defendant's Motions to Adjourn are Untimely and Not Supported by Good Cause*

A motion to adjourn is customarily made prior to the event that the moving party seeks to modify. See e.g. Fed. R. Civ. P. 16(b) and LR 40.2. Similarly, a party seeking a scheduling order modification bears the burden of proving good cause. Defendant has complied with neither. Discovery closed in this matter on April 11, 2011. (Docket No. 94). Defendant did not file his motion to adjourn until May 3, 2011. For the reasons articulated below, Defendant's motions are not supported by good cause and must be denied.

### II. *Defendant's Request for a Counter Claim is Futile and Unduly Prejudicial to Plaintiff*

Defendant's Motion for leave to file a counterclaim is both untimely and futile. Discovery has long closed and the time to file a counterclaim is with the responsive pleading or shortly thereafter with a timely amendment. See e.g. Fed. R. Civ. P. 13(a), 15(a). Defendant's answer was filed long ago and no amendment is proper.

Defendant's claims ostensibly arise out of Defendant's theories that AUA conspired to expel him[3]. Defendant already brought these claims in Oakland County Circuit Court and the same were summarily dismissed. The Michigan Court of Appeals unanimously affirmed. Defendant did not seek to have the Supreme Court review the Court of Appeals' decision.

As such, any Claims that Defendant brought or <u>could have brought</u> against AUA arising out of his relationship with AUA are barred by the doctrine of *res judicata*. See *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir., 1981), citing *Chicago, R. I. & P. R. Co. v. Schendel*, 270 U.S. 611, 616-617, 46 S. Ct. 420, 422-23, 70 L. Ed. 757 (1926). Here Defendant's putative claims against AUA have already been reduced to a final judgment and no

---

[3] Defendant did not append to his motion a copy of his proposed pleadings, so the nature of his counterclaims remain a mystery.

6

new claims can be maintained against AUA. As such, Defendant's requested counterclaim would fail as a matter of law.

Should the Court allow Defendant to proceed with his claims, Plaintiff requests an order of costs occasioned by Defendant's untimely complaint including costs for Defendant's depositions (which will need to be retaken to inquire into these new claims) and the costs associated with the preparation of a Motion for Summary Judgment to dismiss these claims.

### III.     *Defendant's Request to File a Motion for Sanctions Should be Denied*

Defendant seeks leave to file a Motion for Sanctions. This untimely motion should be denied.

As an initial matter, Defendant's motion is untimely, filed after the motion cutoff date of April 29, 2011. Similarly, the only grounds Defendant uses in support of his motion is Fed. R. Civ. P. 15. Fed. R. Civ. P. 15 relates to <u>amendments</u> of <u>pleadings.</u> A motion is not a "pleading" as defined by the Federal Rules. Fed. R. Civ. P. 7(a). Defendant asserts no pleading which he seeks to amend.

Defendant's proposed motion for sanctions (which was not appended to Defendant's motion in violation of LR 15.1) ostensibly seeks recovery on grounds he already articulated in Defendant's Motion for Sanctions (Docket No. 136), in response to Plaintiff's Motion for Security for Costs (Docket No. 150), and in response to Plaintiff's Motion for Sanctions (Docket No. 150). As such, at the very least, Defendant's request is redundant and duplicative. For the reasons described in response or reply to those motions, the substantive content of Defendant's motion is frivolous.

### IV.     *Defendant's Motion to Supplement Discovery Should be Denied*

Defendant seeks an order allowing him to supplement his discovery responses following the close of discovery. Defendant seeks this order since a motion for sanctions is pending which criticizes his dilatory and wholly insufficient discovery responses is pending. (Docket No. 141).

Defendant's responses have been overdue since early December 2010. He only served his "responses" in late March 2011 pursuant to the Court's order requiring "full and complete" responses. However, for the reasons articulated in Plaintiff's Motion for Sanctions (Docket No. 141), Defendant's answers were incomplete, void of substantial content, and sanctionable.

The Court should not reward Defendant for his willful defiance of the Court's order by allowing him to amend. Instead, the Court should enter an order of sanctions for Defendant's wrongful conduct and bind him to the previously produced answers. His actions must have consequences.

### CONCLUSION

Wherefore Plaintiff respectfully requests that the Court deny Defendant's Motions (Docket Nos. 145, 146 and 151).

Respectfully submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: May 17, 2011