UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                            United States District Court Judge
                                             Patrick J. Duggan, presiding
                                             Michael Hluchaniuk, referral
V                                                Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

## AUA'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
## (Docket No. 143)

### A. Defendant Concedes Liability

       Defendant does not dispute that he (a) failed to timely respond to requests for admissions; and (b) that he had no authority to submit untimely responses. As such, the matters in Plaintiff's requests (Docket No. 143, Exhibit D), including liability are deemed conclusively admitted. Fed. R. Civ. P. 36(a)(3).

## B. Defamation

Defendant fails to set forth admissible evidence to demonstrate the veracity of his defamatory statements. Instead he propounds newspaper/internet articles as his "proof." However, as the Court knows, it may not consider "articles" for the truth stated therein as the same constitutes inadmissible hearsay. FRE 801. Hearsay is inadmissible and not sufficient to establish a genuine issue for trial. Appendix A is a table of Defendant's exhibits and a short explanation of why each is inadmissible (or in a few instances where exhibits are admissible and may be considered).

Fed. R. Civ. P. 56(c)(1)(A) provides that a party must cite do particular parts of the record to demonstrate a genuinely disputed fact. Defendant fails to do so. Instead he cites to inadmissible documents and makes irrelevant arguments[1]. Similarly, Fed. R. Civ. P. 56(c)(1)(B) provides that a position is factually supported if an "adverse party cannot produce admissible evidence to support the fact." Here Defendant cannot produce any admissible evidence to support his positions or to prove a genuine dispute as to any material fact. Consequently, Summary Judgment on this count is appropriate.

## C. Trademark/Cybersquatting

Defendant argues that he is not in violation of the applicable trademark/cybserquatting statutes because he is not engaged in commerce. This is a red herring to lead the Court astray. Defendant need not be engaged in commerce himself. Plaintiff is engaged in commerce—it provides medical education services and does so to an intrastate population.

Furthermore, case law is clear that by virtue of his operation of a website, Defendant is engaged in commerce under the relevant case law analysis:

---

[1] For example, he imputes admitted deficiencies with AUA's Nursing Program with his defamatory statements about AUA's Medical School.

>Using a domain name to operate a website is a "use in commerce" because it affects a plaintiff's ability to offer services. "The nature of the Internet indicates that establishing a typical home page on the Internet, for access to all users, would satisfy the Lanham Act's "in commerce" requirement."

*Trade Media Holdings Ltd. v. Huang Associates*, 123 F. Supp. 2d 233, 242 (D. 2000) (internal citations removed).

### E. Permanent Injunctive Relief

In conjunction with its request for summary judgment, Plaintiff requests equitable relief in the form of a permanent injunction. The Court's prior concerns regarding prior restraints should be resolved in that Defendant's statements would be adjudicated as defamatory. An injunction barring statements adjudicated as defamatory does not raise prior restraint concerns. See e.g. *Lothschuetz v. Carpetner*, 898 F.2d 1200, 1208-09 (6th Cir., 1990).

## *CONCLUSION*

AUA respectfully requests that this Court enter an Order:

A. Granting AUA's Motion in its entirety;

B. Enjoining Defendant Steven Woodward, as well as any agent, internet service provider, domain registry and/or website host acting at his direction or request:

   1. From all further publication of defamatory content under the internet domain name www.aua-med.com

   2. From the unlicensed publication, in any manner, of AUA proprietary information, including student academic records (other than his own); and

3. From publication of all other defamatory content presently disseminated through his website www.aua-med.com or www.aua-vet.com by any other means or medium;

C. Forfeiting the domains www.aua-med.com, www.aua-vet.com, and www.aua-nurse.com pursuant to 11 USC 1125(d)(1)(C).

D. An award of damages to be determined by the Court at a subsequent evidentiary hearing or trial; and

E. Granting AUA any other relief that this Honorable Court deems appropriate.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Reply in Support of its Motion for Partial Summary Judgment and Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on June 3, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Appendix A:

| Defendant's Exhibit: | Inadmissible Because: |
|---|---|
| AA (news article) | Hearsay, FRE 802 |
| AB (student handbook) | Irrelevant for purpose he asserts (breach of contract), FRE 402 |
| AC (student handbook) | Irrelevant for purpose he asserts (breach of contract), FRE 402 |
| AD (syllabus) | Irrelevant for purpose he asserts (breach of contract), FRE 402 |
| AE (Plaintiff was not provided this document) | |
| AF (Biochemistry Review) | Irrelevant for purpose he asserts, FRE 402 |
| 1 (FBI Report) | Irrelevant, FRE 402; Hearsay FRE 802 |
| 2 (Zonia's Complaint in Unrelated Civil Case) | Irrelevant, FRE 402; Hearsay FRE 802 |
| 3 (Gunsberg Disciplinary Notice) | Irrelevant, FRE 402; Impermissible Impeachment, FRE 609; Hearsay FRE 802 |
| 4 (Article on Gunsberg Discipline) | Irrelevant, FRE 402; Impermissible Impeachment, FRE 609; Hearsay FRE 802 |
| 5 (Plaintiff's Complaint, Docket No. 1) | (This is admissible. Plaintiff will stipulate to its admission and the veracity of the statements asserted therein.) |
| 6 (Email regarding filing of State Case complaint) | Irrelevant, FRE 402; Impermissible Impeachment, FRE 609; Hearsay FRE 802 |
| 7 (Letter of Dismissal) | Irrelevant, FRE 402 |
| 8 (Grades) | Irrelevant, FRE 402; Violates Privacy Laws |
| 9 (Grades) | Irrelevant, FRE 402 |
| 10 (Plaintiff's Case Evaluation Summary in Prior State Case) | Irrelevant, FRE 402; Inadmissible Settlement Document, FRE 408; Inadmissible under Case Evaluation Rules, MCR 2.403(J)(4) |
| 11 (Plaintiff's Briefing in State Case) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 12 (AUA's Contract with St. Joseph) | Irrelevant, FRE 402 |
| 13 (Rotation Schedule) | Irrelevant, FRE 402 |
| 14 (Outpatient Evaluation) | Irrelevant, FRE 402 |
| 15 (In-Patient Evaluation) | Irrelevant, FRE 402 |
| 16 (Zonia Memo) | Hearsay, FRE 802 (However, Plaintiff will stipulate to the fact that Defendant behaved in an unprofessional manner). |
| 17 (Zonia Deposition) | Inadmissible as present counsel has not had the opportunity to depose Ms. Zonia in the instant case. FRE 801(d)(1); also Irrelevant, FRE 402 |
| 18-20 (US Patent Office Web Search Results) | Hearsay FRE 802; Not Authenticated FRE 901-902 |
| 21-40 (Various Unrelated Websites and Whois Searches) | Irrelevant, FRE 402; Hearsay, FRE 802; Not Authenticated FRE 901-902 |
| 41-42 (Email Addresses of Non-Party Non | Irrelevant, FRE 402 |

| | |
|---|---|
| Witnesses) | |
| 43-48 (Various Whois Searches) | Irrelevant, FRE 402; Hearsay, FRE 802; Not Authenticated FRE 901-902 |
| 49-50 (Prior Transcripts from Motion for Preliminary Injunction) | Irrelevant, FRE 402; Argument rather than Evidence |
| 51-69, 72, 74, 76 (News Articles) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 70-71, 73 (Maps of Campus) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 75 (Studies regarding Suicide) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 76-79 (Website Comments) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 80-81 (Articles about Lehigh University Student Death) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 81 (Medical Textbook) | Irrelevant, FRE 402; Hearsay, FRE 802 (Plaintiff would allow Defendant to use this text as a learned treatise to cross examine an appropriate expert witness. FRE 803(18)) |
| 82 (Rape Diagnosis) | Irrelevant, FRE 402; Hearsay, FRE 802; Double Hearsay, FRE 805 |
| 83 (News Article) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 84-87 (Selections from AUA's website) | Irrelevant, FRE 402 |
| 88 (Value MD Website) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 89 (Criminal Plea of Non-Party) | Irrelevant, FRE 402 |
| 90 (Comments to Defendant's YouTube Page) | (This exhibit is relevant and demonstrates Defendant's publication of defamatory statements). |
| 91-95 (Unrelated Comments that Commenters on Defendant's Page Made) | Irrelevant, FRE 402 |
| 96 (Unknown Website Comment) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 97 (Order Denying Preliminary Injunction Pending Full Review of Facts, Docket No. 72) | (Plaintiff does not dispute the law of the case or this order. However, to the extent that Defendant seeks to use this as a way to create a question of fact and survive summary disposition, Plaintiff ojects.) |
| 98 (Email Defendant Received) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 99 (Email Defendant Sent) | Irrelevant, FRE 402 |
| 100 (Email Defendant Received) | Irrelevant, FRE 402; Hearsay, FRE 802 |
| 101 (Letter Defendant Received) | Irrelevant, FRE 402; Hearsay, FRE 802 |