United States District Court
For the Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Boulevard, Room 867
Detroit, Michigan 48226-2708

Chambers of　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(313) 234-5145
Patrick J. Duggan　　　　　　　　　　　　　　　　　　　　　　　　　FAX (313) 234-5353
　District Judge

August 23, 2010

Eric A. Buikema, Esq.　　　　　　　　　　　Mr. Steven Woodward
Cardelli Lanfear & Buikema　　　　　　　　　7211 Brittwood Lane
322 W. Lincoln　　　　　　　　　　　　　　Flint, Michigan 48507
Royal Oak, Michigan 48067

　　　　Re:　American University of Antigua College of Medicine v. Steven Woodward
　　　　　　　Case No. 10-10978

Gentlemen:

　　　As you are aware, Plaintiff's motion for summary judgment has been adjourned to September 20, 2011 at 2:00 p.m. Mr. Woodward filed a response to this motion and has filed some additional motions including:

　　　1.　An emergency motion for hearing transcripts; and
　　　2.　A motion request for filing electronic data.

　　　It is my understanding that Mr. Woodward would like to submit some additional information as evidence in support of his opposition to the motion for summary judgment. At the hearing on August 11, 2011, he informed me that the Clerk's Office would not accept the filing of disks containing his purported evidence, and I indicated to him that I would see to it that the disk relevant to his response to the summary judgment is filed.

　　　However, I want to make it perfectly clear to Mr. Woodward that the Court will not listen to any disks he wants filed because the Court is confident that it would spend a considerable amount of time listening to information not particularly relevant or pertinent to the issues raised in the motion for summary judgment. Therefore, any information Mr. Woodward wishes the Court to consider in support of his opposition to the motion for summary judgment shall be submitted to the Court in a paper pleading. If the information is part of a recorded proceeding (whether a hearing before Magistrate Judge Hluchaniuk or me or a deposition), it will be Mr. Woodward's obligation to listen to the disk and type out <u>only</u> the portion of the proceeding that he feels is pertinent. I stress, however, that any information he submits should be limited to that which is relevant and pertinent to the issue.

Erik A. Buikema, Esq.
Mr. Steven Woodward
August 22, 2011
Page Two.
_____

      To assure that Mr. Woodward accurately transcribes the proceeding(s), if he has not already done so, he shall provide plaintiff's counsel with a copy of the disk containing the transcribed portion and his transcription. If plaintiff's counsel does not believe that Mr. Woodward's transcription is accurate, plaintiff's counsel shall so inform the Court.

      The fact that plaintiff's counsel does not object to Mr. Woodward's transcription does not mean plaintiff's counsel is conceding that the information submitted is relevant to plaintiff's motion for summary judgment.

      With respect to Mr. Woodward's motion requesting transcripts, the Court is denying his request to the extent he is seeking copies at no cost to him. The Court has no funds to supply such transcripts. If Mr. Woodward wants transcripts, he will have to make arrangements with the court reporter and pay the court reporter from his own funds.

      The bottom line is, if Mr. Woodward wants the Court to consider any information in support of his opposition to the motion for summary judgment, it must be submitted in writing.

      Very truly yours,

      Patrick J. Duggan
      United States District Judge

PJD/eac