**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMERICAN UNIVERSITY OF
ANTIGUA,

               Plaintiff,

    v.

STEVEN WOODWARD,

               Defendant.
_____/

                    **HONORABLE PATRICK J. DUGGAN**

                    **No. 10-10978**

**MOTION TO REMOVE ATTORNEY**

Detroit, Michigan -- Thursday, August 11, 2011

**APPEARANCES:**

Eric A. Buikema, Esq.       Steven L. Woodward
Cardelli, Lanfear & Buikema, P.  In Pro Per
322 West Lincoln           c/o 7211 Brittwood Lane
Royal Oak, Michigan 48067    Flint, Michigan 48507
Tel: (248) 544-1100        steve_l_woodward@yahoo.com
ebuikema@cardellilaw.com     On behalf of Defendant
On behalf of Plaintiff

-   -   -

To Obtain A Certified Transcript, Contact:
**Nefertiti A. Matthews, Official Court Reporter**
**Theodore Levin United States Courthouse**
**231 West Lafayette Boulevard, Room 867**
**Detroit, Michigan  48226**
**www.transcriptorders.com • jodi_matthews@mied.uscourts.gov**

Proceedings recorded by mechanical stenography.
*Transcript produced by computer-aided transcription.*

Motion To Remove Attorney
Thursday, August 11, 2011

# I N D E X

- - -

HEARING:                                        PAGE: VOL:

**Motion To Remove Attorney** ......................**5**    **1**

Argument By Mr. Woodward .........................5    1

Response By Mr. Taggart ..........................5    1

Response By Mr. Woodward .........................6    1

Response By Mr. Taggart ..........................8    1

Response By Mr. Woodward .........................9    1

**Decision By The Court** ...........................**10**   **1**


**Motion To File Electronic Files** ................**11**   **1**

Argument By Mr. Woodward .........................11   1

Response By Mr. Buikema ..........................15   1

Response By Mr. Woodward .........................16   1

Response By Mr. Buikema ..........................24   1

Response By Mr. Woodward .........................25   1

Response By Mr. Buikema ..........................28   1

Response By Mr. Woodward .........................29   1

Response By Mr. Buikema ..........................34   1


**Motion to File Counter-Claim** ...................**35**   **1**

Argument By Mr. Woodward .........................35   1

Response By Mr. Buikema ..........................37   1

Response By Mr. Woodward .........................37   1

Response By Mr. Buikema ..........................40   1

**Motion To Remove Attorney**
**Thursday, August 11, 2011**

I N D E X (CONT.)

HEARING:                                    PAGE: VOL:

**Summary By The Court ............................40    1**

Response By Mr. Woodward ........................41    1


Certification of Reporter ......................54

*10-10978; American University of Antigua v. Steven Woodward*

```
 1                          Detroit, Michigan

 2                          Thursday, August 11, 2011

 3                          3:11 p.m.

 4                          -   -   -

 5          THE CLERK:  Civil action number 10-10978; American

 6     University of Antigua College of Medicine versus Steven

 7     Woodward.

 8          THE COURT:  All right.  Identify yourselves, for

 9     the record.

10          MR. WOODWARD:  My name is Steven Woodward, I'm the

11     defendant.

12          MR. BUIKEMA:  Good afternoon, Your Honor. Eric

13     Buikema, on behalf of the plaintiff, American

14     University of Antigua.

15          MR. TAGGART:  Your Honor, Leigh Taggart, from

16     Rader, Fishman & Grauer, I was the pro bono counsel,

17     the court appointed.

18          THE COURT:  Why don't you come forward.

19          Mr. Woodward, come up.  Now, this is your request,

20     Mr. Woodward?  This is your request that you made,

21     Mr. Woodward?

22          MR. WOODWARD:  Pardon me, sir?

23          THE COURT:  This is a request you made?

24          MR. WOODWARD:  What's that?

25          THE COURT:  To remove him as attorney?
```

*10-10978; American University of Antigua v. Steven Woodward*

1          MR. WOODWARD:  Yes, I did.

2          THE COURT:  Okay.  That's why we're here, isn't

3     it?

4          MR. WOODWARD:  Right, sir.  I didn't understand

5     your question.  Sorry.

6          THE COURT:  And you understand he's, "Pro bono",

7     volunteering his services?

8               Motion To Remove Attorney

9     ARGUMENT BY MR. WOODWARD

10         MR. WOODWARD:  Your Honor, I believe there's a

11    major conflict of interest here.

12         THE COURT:  Stop.  You understand that he's

13    volunteering his services?

14         MR. WOODWARD:  According to the contract that I

15    have, I didn't see that it was a volunteer of services.

16    As far as in the contract it stated that, "Redemption

17    of funds for services rendered--", I forget the exact

18    quotation of the contract that I was about to sign.

19         THE COURT:  The contract?

20         MR. WOODWARD:  Yeah, there was a contract that I

21    was to sign to have him represent me?

22         MR. TAGGART:  An engagement letter, Your Honor.

23         THE COURT:  And does it provide for compensation?

24    RESPONSE BY MR. TAGGART

25         MR. TAGGART:  No, what it provides is that there's

---

*10-10978; American University of Antigua v. Steven Woodward*

Response By Mr. Taggart
Thursday/August 11, 2011

6

1      a, and I do this with all pro bono clients, that we're

2      providing our services for free.  That there's a court

3      fund available to pay up to $2,000 of costs in the

4      proper circumstances, if approved by the Court.  And

5      the client understands that if the Court awards us

6      costs, offsets, that that goes to the firm, not to the

7      client because we've paid the money for the costs.

8  **RESPONSE BY MR. WOODWARD**

9           **MR. WOODWARD:**  I read that differently, Your

10     Honor.

11          **THE COURT:**  How did you read it?

12          **MR. WOODWARD:**  I read it that their time spent

13     would be money that I could owe them, is how I read the

14     engagement letter.

15          **THE COURT:**  How did you read it that way?  Do you

16     have it in front of you?  Show me what words in there

17     that led you to that conclusion?

18          **MR. WOODWARD:**  I do have a copy of it.  I've got

19     it.  It could be an error of mine. I do have --

20          **THE COURT:**  Hold on.  Stop.  Read it.  Don't keep

21     telling me, "I read it this way."  Bring it out in

22     front of you and show me where it says that that led

23     you to that conclusion.

24          **MR. WOODWARD:**  "You agree that we may seek

25     reimbursement, expenses actually incurred on your

*10-10978; American University of Antigua v. Steven Woodward*

1      behalf and that any amount paid to the Court from its

2      fund shall go solely and directly to the firm and not

3      to you."

4            **THE COURT:**  That's reimbursement of costs.

5            **MR. WOODWARD:**  But I read that against me also.

6      Reimbursement of costs to me if I don't agree with

7      their evaluations.

8            **THE COURT:**  What do you mean?

9            **MR. WOODWARD:**  "If you refuse to follow our advice

10     or refuse to cooperate in preparing your case,

11     including failing to communicate with us about the

12     case, then we request informal decision, you agree that

13     we shall have the right to terminate the

14     representation."

15           So, basically, I read it as I would owe them money

16     if they --

17           **THE COURT:**  I don't know how you read it that way.

18     Fact of the matter is, you're not paying them, are you?

19           **MR. WOODWARD:**  No.

20           **THE COURT:**  Okay.  So, you're getting a free

21     lawyer, correct?

22           **MR. WOODWARD:**  Well, I don't see it like that,

23     Your Honor, not if one of their clients is Trinity

24     Healthcare Network.

25           **THE COURT:**  Time out.  Why does that change that

Response By Mr. Woodward
Thursday/August 11, 2011                                    8

1          you're getting a free lawyer?

2               **MR. WOODWARD:**  Because Trinity Healthcare Network

3          is in docket one as one of his partners.

4     **RESPONSE BY MR. TAGGART**

5               **MR. TAGGART:**  Your Honor, may I address the issue

6          that I think Mr. Woodward is concerned about?

7               **THE COURT:**  Sure.

8               **MR. TAGGART:**  And perhaps legitimately so, I'm not

9          expressing an opinion about that.

10              When I met with Mr. Woodward initially, he was

11         kind enough to come to our office and bring his

12         documents with him.  And I explained to him that we had

13         looked at his earlier court case, which he had filed in

14         Oakland County Circuit Court.  That was a case in which

15         he was ultimately unsuccessful, appealed to the

16         Michigan Court of Appeals and was unsuccessful there.

17         The reason I brought that up is because one of the

18         named defendants, in his earlier litigation, was

19         Trinity Health Systems.  My firm represents Trinity in

20         trademark matters unrelated to the present case.

21              I did that to explain to Mr. Woodward that though

22         Trinity was not named, in this case, I wanted to make

23         it clear to him that we could not take positions

24         adverse to a current client of the firm and comply with

25         their obligations under the bar rules.  I also

*10-10978; American University of Antigua v. Steven Woodward*

1    explained that in my analysis, I did not believe that

2    this case would require us to do so.  But I had to

3    inform Mr. Woodward of that position obviously in order

4    to comply with my obligation under the bar rules.

5         Mr. Woodward, I think, I'll let him speak for

6    himself on this.  But my understanding from our

7    communications, that I don't want to reveal exactly,

8    unless he chooses to, is that he had remaining concern

9    about the potential for my firm's conflict of interest,

10   given the fact that we had an ongoing relationship with

11   Trinity Healthcare.

12        **THE COURT:**  Fair enough.  Is that a fair statement

13   of what happened?

14   **RESPONSE BY MR. WOODWARD**

15        **MR. WOODWARD:**  That and also right off the bat he

16   says that if I don't agree with one of his

17   recommendations, one of his recommendations was to file

18   a Rule 56(d) motion for an adjournment of this upcoming

19   hearing of which Mr. Buikema has not complied with Rule

20   34 of production of documentation, including my own

21   student records, which are a violation of 20 U.S.C.

22   1234(g) of the very exact laws of which he's claiming I

23   violate.

24        And it also supports my claim that the school --

25   I'm going to read his exact claim, "Disregard for basic

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                                    10

1    student civil rights".  And that's an obvious civil

2    right to give students a right to view their

3    documentation.

4         **THE COURT:**  Well, you're telling me that you're

5    not satisfied that this attorney should continue

6    representing you?

7         **MR. WOODWARD:**  I'm very satisfied with that.  I

8    feel that if --

9         **THE COURT:**  Stop.  I said, "You're not satisfied."

10        **MR. WOODWARD:**  Right.  Correct.  I'm not satisfied

11   with that.  Just based on his first opinion of what he

12   wants to do with this case, I don't agree with him.

13        **THE COURT:**  All right.  Then I'm going to allow

14   him to withdraw but you're not getting another attorney

15   appointed.

16        **MR. WOODWARD:**  I needed an attorney back in

17   December of when I was --

18                    **Decision By The Court**

19        **THE COURT:**  That's your job.  We don't have funds

20   to appoint attorneys.  We do have a limited number of

21   attorneys who volunteer to take pro bono cases, very

22   limited number.  We don't have any more.

23        So, you're dissatisfied with him.  You think

24   there's a conflict, he shouldn't have to represent you.

25   And you want him out, he's out.  You're on your own.

---

*10-10978; American University of Antigua v. Steven Woodward*

**Decision By The Court**
**Thursday/August 11, 2011**                    11

---

1          You either represent yourself or get yourself a

2     lawyer.

3          **MR. WOODWARD:**  I understand that.

4          **THE COURT:**  Okay.

5          **MR. WOODWARD:**  I'd like to bring up a couple more

6     points while I'm here.

7          **MR. TAGGART:**  May I be excused, Your Honor?

8          **THE COURT:**  Sure.

9          **MR. TAGGART:**  Thank you.

10              **Motion To File Electronic Files**

11   **ARGUMENT BY MR. WOODWARD**

12          **MR. WOODWARD:**  And that's about electronic filing.

13     I've asked for a motion to file electronic

14     documentation, in this matter.

15          **THE COURT:**  I'm sorry, you asked for a motion?

16          **MR. WOODWARD:**  I submitted a motion to file -- to

17     be able to file an -- I can't go to the County Clerk's

18     Office and give them a CD with evidence on it, they

19     won't accept it without an order from you saying that I

20     can submit a CD as far as the case is concerned because

21     it's an electronic file.

22          **THE COURT:**  Did you submit a document seeking an

23     order from me on that?

24          **MR. WOODWARD:**  I did, I submitted two of them,

25     sir.  It's docket 132, sir.

---

*10-10978; American University of Antigua v. Steven Woodward*

**Argument By Mr. Woodward**
**Thursday/August 11, 2011**                    12

---

1        **THE COURT:**  My clerk tells me there's a number of

2    matters pending before a Magistrate.

3        **MR. WOODWARD:**  All I'm asking for --

4        **THE COURT:**  Did you hear me?

5        **MR. WOODWARD:**  I know there's a --

6        **THE COURT:**  Listen to me, don't talk.

7        **MR. WOODWARD:**  Yes, sir.  I know there's a bunch

8    --

9        **THE COURT:**  Listen, don't talk, listen.  My clerk

10   says there's a number of matters pending before the

11   Magistrate; is that correct?

12       **MR. WOODWARD:**  Yes, sir.

13       **THE COURT:**  Okay.

14       **MR. WOODWARD:**  But sir, that particular instance

15   goes all the way back to docket three.

16       **THE COURT:**  That doesn't tell me anything.

17       **MR. WOODWARD:**  I mean, that goes back to last

18   year.

19       **THE COURT:**  What goes back?

20       **MR. WOODWARD:**  The fact to be able to file

21   electronic documentation.  I asked for that in docket

22   three.

23       **THE COURT:**  Okay.  I don't know where it is, maybe

24   the Magistrate has it, whatever.  But do you have a

25   copy of what you've submitted?

---

*10-10978; American University of Antigua v. Steven Woodward*

1    **MR. WOODWARD:** I do, sir. May I leave the --

2    **THE COURT:** Sure.

3    **MR. WOODWARD:** May I approach the Bench, sir?

4    **THE COURT:** Sure.

5    **MR. WOODWARD:** This is the motion. But inside the

6    motion, if I may point this out, there's a statement

7    here that says the defendant requested to file

8    electronic copies and I give the quote, docket number

9    three.

10    **THE COURT:** You did not submit a proposed order?

11    **MR. WOODWARD:** I can look it up, docket number

12    three and see. I'm sorry, sir, I'm not an attorney,

13    but that goes back to docket number three. Can I go

14    back and get docket three?

15    Sir, can I make a statement?

16    **THE COURT:** Sure.

17    **MR. WOODWARD:** And this goes to my defense against

18    this man's, upcoming on the 18th, his request for

19    preliminary injunction. Because I can show that his,

20    whatever this thing is, whatever this last docket that

21    he put out, 154, 153, this next thing on 8-18, his

22    whole thing about rules of admissions and me not

23    providing that information to him, it's all recorded

24    on -- it's all on tape in front of Judge Hluchaniuk.

25    So, all of my evidence against him is on

*10-10978; American University of Antigua v. Steven Woodward*

**Argument By Mr. Woodward**
**Thursday/August 11, 2011**

14

1    electronic files, multiple electronic files, including

2    recordings in his own deposition.

3         THE COURT:  Then where are those documents?

4         MR. WOODWARD:  They're on discs.

5         THE COURT:  On the Court file?

6         MR. WOODWARD:  I have discs, that I have

7    recordings, including a recording that I purchased from

8    the Court that has a recording of the hearing on

9    December 22nd.

10         THE COURT:  Okay.

11         MR. WOODWARD:  Okay.  So, the December 22nd

12    hearing was recorded, right?

13         THE COURT:  Should have been transcribed by a

14    court reporter.

15         MR. WOODWARD:  I don't have a transcribed copy of

16    it, they only gave me an electronic file.

17         THE COURT:  Who is, "They"?

18         MR. WOODWARD:  The Court at Flint.  And I can only

19    afford that also.  There's a difference in cost between

20    a $25 dollar copy and whatever it is versus $200 to

21    transcribe a copy and I don't have the funds.

22         THE COURT:  The hearing was in front of

23    Hluchaniuk?

24         MR. WOODWARD:  Correct, sir.

25         THE COURT:  Were you present?

*10-10978; American University of Antigua v. Steven Woodward*

1          MR. BUIKEMA:  I was, Your Honor.

2          THE COURT:  All right.  So, you want to do what

3     with that disc?

4          MR. WOODWARD:  Well, that disc has electronic

5     files that proves him -- his statements about

6     admissions and my answers to admissions are totally

7     bogus but they're on electronic files.  That's why

8     those orders are important because I need to be able to

9     produce electronic copy of this information.  That's my

10    evidence against him.

11         THE COURT:  Do you know what he's talking about?

12    **RESPONSE BY MR. BUIKEMA**

13         MR. BUIKEMA:  I'm not sure, but I think.

14         And what I think Mr. Woodward is referring to,

15    first of all, our motion for a partial summary

16    disposition, which is up for next week.  Part of the

17    basis for that motion was Mr. Woodward's failure to

18    timely respond to request for admissions which, as you

19    know, under the rule, if not responded to, are deemed

20    admitted.  I think the Court file speaks for itself in

21    that regard.

22         But if he has additional information that he

23    thinks comes from this hearing, from my office or from

24    Mars, for that matter, I don't care if he submits it, I

25    take no position on that.  And I don't care what form

*10-10978; American University of Antigua v. Steven Woodward*

1     he submits it.

2          But there is no proof of service.  There is no

3     response.  There is no --

4          **THE COURT:**  Am I'm going to get some documents to

5     read?

6  **RESPONSE BY MR. WOODWARD**

7          **MR. WOODWARD:**  No, sir, it's an audio recording of

8     this conversation.

9          **THE COURT:**  How long does it last?

10          **MR. WOODWARD:**  I have it all time stamped.  It's

11     in my motion.  It's in my replied responses to these

12     last three motions that he filed at the end of April.

13          **MR. BUIKEMA:**  My recollection, Your Honor, it's

14     about a 45-minute hearing.

15          **MR. WOODWARD:**  I know exactly where it is on the

16     hearing.

17          **THE COURT:**  Where what is?

18          **MR. WOODWARD:**  Statements proving that he's lying

19     in his documentation.

20          **THE COURT:**  All right.  And you've identified that

21     on the recording?

22          **MR. WOODWARD:**  Correct.  And I've tried to

23     transcribe it and submit it for motions to the Court.

24          **THE COURT:**  You tried to transcribe it?

25          **MR. WOODWARD:**  I listened to the recording and I

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                          17

1      wrote it down and I submitted them in motions that I

2      submitted to the Court because I could not send in

3      electronic copies because I don't have an order to

4      produce electronic copies of these files.

5          **THE COURT:**  Were these documents submitted to the

6      Magistrate Judge?

7          **MR. WOODWARD:**  They were submitted with my

8      responses to his last three motions.

9          **THE COURT:**  Do you have copies of those?

10         **MR. WOODWARD:**  I do.

11         **THE COURT:**  Do I need to listen to the --

12         **MR. WOODWARD:**  It's my evidence.

13         **THE COURT:**  But you say you've got documents.

14         **MR. WOODWARD:**  I have what I listened to and what

15     I wrote down.

16         This whole case is against a website and a website

17     is all electronic files.  He has produced nothing,

18     including my own student records.

19         **THE COURT:**  We'll get to all of that.  I want to

20     know what you're talking about.

21         Am I going to have to listen to a recording to

22     know what you're talking about?

23         **MR. WOODWARD:**  That's my evidence.

24         **THE COURT:**  Am I going to have to listen to a

25     recording?

---

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                            18

1          **MR. WOODWARD:**  Unless I can get a copy of the

2     transcription from the December 22nd hearing.  I can't

3     afford a transcription of the 22nd hearing.

4          **THE COURT:**  You've told me you've identified in

5     the recording.

6          **MR. WOODWARD:**  Correct.

7          **THE COURT:**  Okay.  And what is it I'm going to

8     hear in that section of the recording when I listen to

9     it?

10         **MR. WOODWARD:**  You're going to hear where I

11    produced my admissions, my answers to interrogatories,

12    and all of my documentation to support my case.  Every

13    single thing that he wanted, I produced in court.

14         He said to Judge Hluchaniuk that he would take

15    that information after that hearing and he didn't.  He

16    refused to.

17         **THE COURT:**  What do you mean, "Take that

18    information"?

19         **MR. WOODWARD:**  I brought that information for him.

20         **THE COURT:**  Are you talking about documents?

21         **MR. WOODWARD:**  I'm talking about my admissions, my

22    answer to my admissions.  My answers to

23    interrogatories.  It's 2,500 pages of all my evidence

24    that I had for him.  The index of all that information

25    I brought for him and he didn't take it.  He refused to

*10-10978; American University of Antigua v. Steven Woodward*

1      take it.  And it's recorded in front of Judge

2      Hluchaniuk.  And it proves that what he said in his

3      last motion is a total lie.

4          **THE COURT:**  Is this relevant to the hearing on the

5      18th?

6          **MR. BUIKEMA:**  In my mind, absolutely not, Your

7      Honor.

8          **MR. WOODWARD:**  Of course, it's not, it proves that

9      he's lying to the Court.

10         **THE COURT:**  Well, counsel, that doesn't mean

11     something's not relevant.  Irrelevancy has nothing to

12     do with which side is true, it's just whether it

13     relates to the subject matter.

14         **MR. WOODWARD:**  It does if he says I'm not

15     producing evidence and I didn't give him the answers to

16     admissions?

17         **THE COURT:**  Where is this disc?

18         **MR. WOODWARD:**  I have probably a copy of it here.

19         As a matter of fact, I have an electronic copy on

20     my computer.  It's either going to be this disc or this

21     disc.

22         **THE COURT:**  Now, you told me there's a specific

23     point on that recording that relates to what you're

24     talking about.

25         **MR. WOODWARD:**  Correct, sir.  Can I go back here

*10-10978; American University of Antigua v. Steven Woodward*

Response By Mr. Woodward
Thursday/August 11, 2011                                    20

1     and get -- this is from docket number 152, sir.  And

2     this is my response to his security cost's motion and

3     it supports his -- it supports my claims against him

4     for admissions.  And I list it here, Exhibit 1, this is

5     the official court docket number for that electronic

6     file which is 1103_01cba1c7d2325970, December 22nd,

7     2010 Hearing, is the name of the electronic file I

8     received.

9          THE COURT:  That's all part of docket what number?

10         MR. WOODWARD:  152.

11         THE COURT:  That's all part of docket number 152?

12         MR. WOODWARD:  Well, that's the electronic file

13    I'm trying to present to the Court.  It's an exhibit

14    that I'm trying to submit but the Court wouldn't take

15    it.

16         THE COURT:  Hold on.  What Court wouldn't take it?

17         MR. WOODWARD:  The clerks at the County

18    Courthouse.  They won't take it unless I had a court

19    order to submit electronic documentation.

20         THE COURT:  I thought you're asking for permission

21    to file the disc?

22         MR. WOODWARD:  I am.

23         THE COURT:  What is it you have in your hand?

24         MR. WOODWARD:  This is my motion, the actual

25    recording is the electronic file.

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                          21

---

1       Okay.  Let me continue.  Okay.  This starts at

2   time marker 9:36, so it will be nine minutes and 36

3   seconds into that electronic file.

4       The plaintiff says:  "There's a continued

5   obligation to answer discovery.  The Court ordered him

6   to answer interrogatories and request for production of

7   documentation, to date, he has not done so."

8       MR. WOODWARD:  "I have, Your Honor.  I produced

9   those.  Every single hearing -- I produced those every

10  single hearing we've had."

11      Okay.  So, this time marker here is from a

12  deposition, from his deposition of which he didn't show

13  up, he sent a minion to on March 24th.

14      "I've produced those every single hearing we've

15  had.  Every single one of these deposition that these

16  guys have canceled, I've brought these documentation

17  with me.  It's here.  It's here today and they refuse

18  to take it.  He refused.  I have a recording of him

19  refusing to even turn around and look at the

20  documentation, including these of which I have brought

21  to the last deposition."

22      Okay.  And Judge Hluchaniuk--

23      **THE COURT:**  What are you reading from?

24      **MR. WOODWARD:**  I'm transcribing what is recorded

25  on these electronic files I'm trying to produce to the

---

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**

22

 1          Court, sir.

 2               **THE COURT:**  You're reading from a transcript that

 3          you made, is that true?

 4               **MR. WOODWARD:**  Correct.

 5               **THE COURT:**  Okay.

 6               **MR. WOODWARD:**  I'm listening to the recording.  I

 7          don't have money for a transcriber.

 8               **THE COURT:**  You've told me that three times.  I

 9          understand.

10               Okay.  So, if I go to 9:36 --

11               **MR. WOODWARD:**  Well, that's on this particular

12          file.  That's one part of evidence that on

13          December 22nd I tried to give him this information.  He

14          canceled a deposition that was scheduled for

15          January 4th.  He canceled a deposition at the end of

16          January.

17               February 1st we had a deposition of which he

18          walked out and I have a recording of him refusing to

19          take or even look at information on that deposition.

20               He wouldn't even turn around and look at the

21          visual evidence that I brought with me.  He's asking me

22          to bring all of this stuff to these depositions but he

23          refuses to look at it.

24               **THE COURT:**  So what?

25               **MR. WOODWARD:**  Well, how does he go ahead and turn

1    around and file a claim against me saying that I'm

2    refusing to produce answers to his admissions?

3         THE COURT:  I don't know how that is, I haven't

4    read it but I'll get to it.  Have you responded to the

5    motion that's up for the 18th?

6         MR. WOODWARD:  I have, sir.  I mean, part of those

7    responses is my defense here, sir.

8         THE COURT:  Don't give me voluminous pages, get

9    right to what we're talking about, okay.

10        MR. WOODWARD:  It's voluminous, sir.

11        This is from a time stamp.  This is the defendant.

12   Again, I'm not a trained recording.  Okay.  Here you

13   go, this is on February 1st, this is an electronic

14   file, a recording I have with Mr. Buikema who's telling

15   the Judge that I'm not producing evidence.

16        This is me:  "He didn't take--", this is me to his

17   stenographer:  "He didn't take his answers to his

18   interrogatories either.

19        His stenographer:  "That wasn't marked, was it?

20   He didn't mark it as an exhibit?"

21        "He didn't want it again, okay."

22        That's me talking to his stenographer because he

23   didn't take the interrogatories that I brought for him

24   and gave to him.

25        THE COURT:  Why is it he got a stenographer there?

1          **MR. WOODWARD:**  What's that?  It's whoever the

2      court reporter is.

3  **RESPONSE BY MR. BUIKEMA**

4          **MR. BUIKEMA:**  He's referring, Your Honor, to his

5      deposition, at which I would ask him questions, such

6      as, "What's your name?"  And he'd want to produce

7      documents.

8          **THE COURT:**  So, this is his deposition?

9          **MR. BUIKEMA:**  Yes, I refused to accept documents

10      in lieu of an answer of my question, is what he's

11      referring to, I believe.

12          **MR. WOODWARD:**  That is not true.  Sir, I brought

13      to December 22nd, 2,500 pages of documentation,

14      interrogatories, the answers to his interrogatories,

15      the answers to his request to admissions and he's

16      refusing to take this information.

17          **MR. BUIKEMA:**  And I can short circuit this, I

18      hope.

19          The only item that he's listed, that I think would

20      be relevant to next week's hearing on the dispositive

21      motion, would be the request for admission responses.

22      I don't know whether they were at that hearing or not.

23          But it's true, I'll stipulate, for the record,

24      that I left the hearing without accepting the banker's

25      boxes that Mr. Woodward brought to that hearing, which,

**Response By Mr. Buikema**
**Thursday/August 11, 2011**

25

1    by the way, were a motion to compel because they were

2    all already overdue.

3        And the salient portion of that is the request for

4    admission responses would still have been overdue as of

5    that date and therefore deemed admitted.

6        Again, that's not the basis or the entire basis

7    for the motion for summary disposition but it is part

8    of the motion.  But I think it's of no consequence of

9    what he's attempting to prove.

10    **MR. WOODWARD:**  Sir, can I read another thing to

11    you?

12    **THE COURT:**  Hold on.  I think I'm hearing him say

13    that with respect to the request for admissions that he

14    was handing you his response, including those other

15    documents.

16    **MR. BUIKEMA:**  I don't know whether that's true or

17    not.  But I can say they would not have been timely at

18    that time anyway.

19    **THE COURT:**  Are you saying that you had with you

20    the answers to the request for admissions?

21  **RESPONSE BY MR. WOODWARD**

22    **MR. WOODWARD:**  I've told him that I've had these.

23    Yes, sir.

24    **THE COURT:**  Okay.  And were they included in a lot

25    of other documents?

*10-10978; American University of Antigua v. Steven Woodward*

1          **MR. WOODWARD:**  They were included in a separate

2     folder.

3          **THE COURT:**  Okay.  But was he ever going to have

4     to go through all these other documents?

5          **MR. WOODWARD:**  No, sir.  He left it on the table.

6     His stenographer even pointed out that he purposely --

7     well, he left it on the table and didn't take it.

8          **THE COURT:**  What is it that you sat on the table?

9          **MR. WOODWARD:**  It was 2,500 pages of the evidence

10    that I was going to give him.

11         **THE COURT:**  That's not what we're talking about.

12    He says you didn't answer the request for admissions.

13         **MR. WOODWARD:**  Okay.  Let me go back to this and I

14    sent you an email, whether or not you got this email or

15    not, this is last week.

16         This is an email dated December 16th, 2010, at

17    12:15 p.m.  And it was sent to you, myself, and

18    Mr. Buikema.  And the title -- it says in the email,

19    the title, the subject line of the email is,

20    "Documentation Interrogatories and Admissions".  And in

21    there I state, "Please, schedule a time after the 22nd

22    hearing to sign for, verify receipt, and receive

23    approximately 2,500 pages of my exhibits and Rule 26

24    documentation, my answers to your interrogatories

25    request for admissions and request for production."

1           He didn't take any of it.

2           **THE COURT:**  Why should he have to go through 2,500

3       pieces of paper?  That's terribly burdensome.

4           **MR. WOODWARD:**  I didn't -- I gave it to him on

5       February 1st.

6           **THE COURT:**  Why should he have to go through them?

7           **MR. WOODWARD:**  I gave it to him, Your Honor.  I --

8           **THE COURT:**  You didn't answer my question.  It's

9       not fair he wants one thing about another thing, the

10      request for admissions and you hand him 2,600 pages and

11      say, "It's in there some place, you find it"?

12          **MR. WOODWARD:**  That is not right.  That is not

13      correct.  No, it was in another manila envelope with my

14      answers to interrogatories, it was completely separate.

15          Judge Hluchaniuk even visually looked at that

16      stuff and said, "I witness that you have that", and he

17      told him to take what I brought with him today.  He

18      didn't even have to sign for it, I brought it for him.

19      I made copies for him.

20          On February 1st, he took the information.  Did I

21      make him sign for it?  No.  Did he take my 2,500 pages

22      of that documentation?  Yes.

23          **THE COURT:**  Do you have copies of your response to

24      his request for admissions?

25          **MR. WOODWARD:**  I'm sure I do.

---

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr.Woodward**
**Thursday/August 11, 2011**                    28

1        **THE COURT:**  You're not going to have to flip

2     through 2,500 pages, now, right?

3        **MR. WOODWARD:**  No, it's right here on this stuff

4     that I have right here.

5        **THE COURT:**  Counsel, are you saying you've never

6     seen a response to the request for admissions?

7        **MR. BUIKEMA:**  We have now.

8        **THE COURT:**  You have now?

9        **MR. BUIKEMA:**  We have now.

10        **MR. WOODWARD:**  So, you do now have my if

11    admissions?

12        **THE COURT:**  He says he now has them, okay.

13        **MR. WOODWARD:**  Okay.  So, what does that say about

14    his part?

15        **THE COURT:**  I don't know.

16        **MR. WOODWARD:**  I'm glad you're typing that up

17    because he's telling, in his thing for next week, he's

18    saying I never gave it to him.

19        **THE COURT:**  I don't know, we'll talk about that at

20    the hearing, okay.

21        When did you get it, counsel?

22    **RESPONSE BY MR. BUIKEMA**

23        **MR. BUIKEMA:**  I can't answer that question off the

24    top of my head, it's relatively recent.

25        **THE COURT:**  Pardon?

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Buikema**
**Thursday/August 11, 2011**

1    **MR. BUIKEMA:**  I can't answer that question off the

2    top of my head.  It's relatively recent in the

3    litigation where we received, what I would consider to

4    be, nearly conforming responses to request for

5    admissions.

6        **THE COURT:**  Is the failure to respond to request

7    for admissions part of the basis for your motion?

8        **MR. BUIKEMA:**  It is part of the basis for our

9    motion.  And I'll say failure to respond timely is part

10   of the basis, rather than the failure to respond at

11   all, which I think is a distinction that Mr. Woodward

12   is missing.

13   **RESPONSE BY MR. WOODWARD**

14       **MR. WOODWARD:**  Sir, I asked Ms. Orem here if she

15   would verify the date of which he filed the motion for

16   non-compliance of the motion to compel me to produce

17   that information.  He did it, like, three hours after I

18   sent him that email on December 16th.

19       I brought that information to him, he didn't have

20   to go through a bunch of documentation.  Matter of

21   fact, the documentation I gave him, everything was

22   stamped, Exhibit 1, Exhibit 3, and it has an index, an

23   electronic Excel Spreadsheet of every single thing that

24   was inside that 2,500 pages of exhibits.

25       **THE COURT:**  Okay.  Well, he said he's got the

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**

30

1    request for admissions now and we'll deal with the

2    effect of that on the 18th.  So, that takes care of

3    that issue, okay.

4        **MR. WOODWARD:**  Correct, sir.

5        And so can I produce electronic files?

6        **THE COURT:**  When you use the word, "Produce", what

7    do you mean?

8        **MR. WOODWARD:**  A CD so that I can --

9        **THE COURT:**  What do you mean by the word,

10   "Produce"?

11       **MR. WOODWARD:**  Can I use electronic files as

12   exhibits in our hearings?

13       **THE COURT:**  It depends on how much there is?

14       **MR. WOODWARD:**  My website is an electronic

15   website.  I can't adequately take electronic files or

16   paper copy files of an electronic website and all of

17   the recordings and everything and have, I believe, a

18   fair hearing.

19       Even his very first docket 1 claim, he didn't even

20   produce a copy of my website, he produced, like, some

21   kind of affidavit or something as exhibits.

22       **THE COURT:**  How much time is it going to take for

23   you to produce what you want?

24       **MR. WOODWARD:**  I need to respond to his frivolous

25   claims, sir.

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                                        31

1          **THE COURT:**  Try my question again.  You want to

2     introduce some electronic and you want this Court to

3     sit here and listen to it?

4          **MR. WOODWARD:**  I will find the time markings of

5     the things that I need heard, if that helps.  I've

6     already done it for these two motions.

7          **THE COURT:**  You're only going to get a limited

8     amount of time to present your case.  So, I don't know

9     what you're talking about.  How much time is it going

10    to take?

11         **MR. WOODWARD:**  I don't know, sir.

12         **THE COURT:**  Well, you should, you're the one that

13    have the recordings.

14         **MR. WOODWARD:**  Well, those recordings prove my

15    innocence.

16         **THE COURT:**  That isn't the question.  Answer the

17    question.

18         **MR. WOODWARD:**  I don't know, sir.  I can't answer

19    that.

20         **THE COURT:**  You have no idea how long the

21    recordings are?

22         **MR. WOODWARD:**  I don't know how long the

23    depositions were, off the top of my head.  And I can't

24    tell you how many hours I need to do this.

25         **THE COURT:**  Are you suggesting that I'm going to

*10-10978; American University of Antigua v. Steven Woodward*

1        listen to recordings of a deposition?

2             **MR. WOODWARD:**  No, parts of it.

3             **THE COURT:**  How are you going to do that?

4             **MR. WOODWARD:**  Start an audio file player on my

5        computer and add speakers --

6             **THE COURT:**  You're not going to get as much time

7        as you spent today at this hearing.  So, how are you

8        going to be able to produce this?

9             **MR. WOODWARD:**  Well, I need to be able to produce

10       it when I filed motions against his further motions.

11            **THE COURT:**  I can read documents.  I don't have

12       time to sit during a hearing and listen to recordings.

13            **MR. WOODWARD:**  You want me to try to transcribe

14       them then?  I don't know what you mean.

15            **THE COURT:**  No, but I'm not going to sit here,

16       unless you tell me, "Judge, it will only take ten

17       minutes or 15 minutes."

18            **MR. WOODWARD:**  For each single little part, yeah,

19       it will probably take that much time, yes.  I don't

20       expect you, Your Honor, to sit and listen to an entire

21       deposition.  I don't expect that.

22            **THE COURT:**  What are you expecting me to listen

23       to?  How much time would you expect me to listen to

24       recordings at this hearing?

25            **MR. WOODWARD:**  For part of it, another option

1          would be to be able to provide me with the hard copies

2          of the depositions and a hard copy of the deposition on

3          December 22nd.

4                **THE COURT:**  Why do I need the deposition?

5                **MR. WOODWARD:**  Because then that's a written copy

6          of it.

7                **THE COURT:**  What's in the deposition that's going

8          to deal --

9                **MR. WOODWARD:**  Hearings.

10               **THE COURT:**  Pardon?

11               **MR. WOODWARD:**  Well, he's going to use my

12         depositions against me and I think it's pretty fair I

13         can use depositions against him.

14               **THE COURT:**  I'm not suggesting you can't.  But if

15         he's going to use a deposition, he's going to turn in

16         the paper so I can read it and you're going to be able

17         to look at that deposition and use whatever version you

18         want.

19               **MR. WOODWARD:**  I don't have paper copies of the

20         depositions, I have electronic copies of the

21         depositions because I can't afford paper copies.

22               **THE COURT:**  I understand you can't afford, but I

23         can't conduct a hearing if I'm going to listen to

24         recordings and find out, after a long time of

25         listening, they don't have anything to do with it.

1              **MR. WOODWARD:**  You won't, sir.  I'll find the time

2         markings of what I have and I'll write those down.

3              **THE COURT:**  You're going to get a limited amount

4         of time, so you're on notice right now.

5              **MR. WOODWARD:**  About how much time do I have?

6              **THE COURT:**  Maximum, an half hour for the hearing.

7              **MR. WOODWARD:**  The whole hearing is going to last

8         an half hour?

9              **THE COURT:**  Your portion, no more than an half

10         hour; his portion, no more than an half hour.

11              **MR. WOODWARD:**  Okay.  So, I have an half hour to

12         present my case, fine.  Can I produce electronic files,

13         sir, for that hearing, that half hour?

14              **THE COURT:**  You mean, play the recordings?

15              **MR. WOODWARD:**  Can I play the recordings?

16              **THE COURT:**  Yes.

17    **RESPONSE BY MR. BUIKEMA**

18              **MR. BUIKEMA:**  And Judge, I certainly agree with

19         Mr. Woodward proffering any evidence he wishes to

20         proffer at that hearing, but I'm reserving any

21         objections to the admissibility of the same, the

22         authenticity of the same and I expect to have some.

23              And I might add, the time to respond to my motion

24         has come and gone, so this may be the first time that I

25         have an opportunity to see whatever it is he's

1    suggesting he can produce in response to summary

2    disposition here.

3         But I've understood what you've said.

4         **THE COURT:**  Okay.  Anything else?

5              **Motion to File Counter-Claim**

6    **ARGUMENT BY MR. WOODWARD**

7         **MR. WOODWARD:**  Yes, sir.  Seeing that in this

8    case, Mr. Buikema has failed to produce my student

9    records, I request permission to file counter-claims

10    against AUA for a civil rights violation for failure to

11    provide --

12         **THE COURT:**  You'll have to file a motion that I

13    can read because I can't imagine what you're talking

14    about.  You'll have to file a motion, he'll respond and

15    then I'll decide whether you can file any counter-claim

16    at this late date.  A written motion.

17         **MR. WOODWARD:**  And I produced that.  I produced a

18    written motion for that.

19         **THE COURT:**  Time out.  What do you mean, "You

20    produced"?

21         **MR. WOODWARD:**  I created a written motion for

22    that, sir.

23         **THE COURT:**  Are these matters pending before the

24    Magistrate?

25         **MR. WOODWARD:**  Yes, sir.

*10-10978; American University of Antigua v. Steven Woodward*

1        **THE COURT:**  Then we're going to let the Magistrate

2    deal with them.

3        **MR. WOODWARD:**  Yes, sir.

4        **THE COURT:**  All right.  Anything further?

5        **MR. WOODWARD:**  Not at this time, Your Honor.

6        **MR. BUIKEMA:**  No, Your Honor.  Thank you for your

7    time.

8        **THE COURT:**  Now, we're going to file the disc?

9        **MR. WOODWARD:**  I'll submit it to the Court.

10    Again, I have two Exhibit 1 discs here, I'll have

11    to put it in and look at each one.

12        **THE COURT:**  What do you want filed with the clerk?

13        **MR. WOODWARD:**  Well, if I submit a response to his

14    motion and I have, like, let's just say I have the

15    hearing on electronic form, I would like to be able to

16    take that CD and --

17        **THE COURT:**  No, you said you wanted an order here,

18    I'm going to let you do that.  Not any more discs.

19    We're not going to fill this court with discs, all

20    right.

21        **MR. WOODWARD:**  But I can produce them during the

22    hearing, correct?

23        **THE COURT:**  The one you're going to mark, not

24    going to take more than an half hour, yes.

25    Now, is there a disc you want submitted now and

1     filed with the Court?

2          **MR. WOODWARD:**  Yes, I have a whole bunch of them.

3          **THE COURT:**  No, you're not going to file a bunch

4     of them.  You said you had one disc.  What are you

5     doing?

6          **MR. WOODWARD:**  I need to look at the Exhibit 1 I

7     gave you versus this Exhibit 1, defendant's motion to

8     compel.

9  **RESPONSE BY MR. BUIKEMA**

10         **MR. BUIKEMA:**  Judge, if I understand correctly,

11    Mr. Woodward is attempting to put in, in disc form,

12    simply a video copy of the hearing that was conducted

13    in front of Judge Hluchaniuk regarding my motion to

14    compel.  That's already a part of the court record.  I

15    don't think it needs to be submitted.

16 **RESPONSE BY MR. WOODWARD**

17         **MR. WOODWARD:**  I don't have a hard copy of that,

18    sir.

19         **THE COURT:**  This document, you say, "Motion

20    Request for Filing Electronic Data, Docket 132", what

21    were you asking to file?

22         **MR. WOODWARD:**  In docket three, my website is

23    based on electronic files.  He's even asked for

24    electronic files from me.  I produced those for him,

25    those files should be available for court, I would

*10-10978; American University of Antigua v. Steven Woodward*

1      think.

2           **THE COURT:**  What are you asking to file, one disc?

3           **MR. WOODWARD:**  Discs to support my claims.

4           **THE COURT:**  One disc?

5           **MR. WOODWARD:**  Well, if I'm responding to a motion

6      and the motion is in reference to electronic files, I

7      believe I have the right to file electronic files.

8           **THE COURT:**  I'm asking you, you filed this motion,

9      what were you talking about?

10          **MR. WOODWARD:**  I'm talking about the ability to

11     when I respond to a motion --

12          **THE COURT:**  Counsel, you said the clerk wouldn't

13     accept something.

14          **MR. WOODWARD:**  Correct.

15          **THE COURT:**  What is it you were asking the clerk

16     to accept?

17          **MR. WOODWARD:**  In multiple motions I've asked the

18     clerk to accept discs that have evidence on the discs

19     to support my claims.

20          **THE COURT:**  Multiple?

21          **MR. WOODWARD:**  If my response to the motion is

22     evidenced in my case, I believe I have the right to

23     present it under the Rules of Evidence that anything

24     that's pertinent to the case should be able to be

25     admissible.

---

*10-10978; American University of Antigua v. Steven Woodward*

1          THE COURT:  Finding out what's pertinent is a big

2     question and I'm not going through disc after disc.  I

3     thought when you started you had one disc that you

4     wanted to submit in conjunction to this motion and the

5     clerk wouldn't take it and I indicated, "I'll take that

6     disc."  I don't know which disc you're talking about.

7          MR. WOODWARD:  Your Honor, throughout this case

8     I've had discs of evidence.  I've given him electronic

9     copies of discs with evidence.  He's asked for

10    electronic copies of files from me and I've produced

11    them.

12         THE COURT:  What do you want the Court to accept

13    for filing?

14         MR. WOODWARD:  Sir, if my reply, my response to

15    one of his motions, the evidence of that to support my

16    response to his motion is in electronic form, I believe

17    I have the right to submit that file.

18         THE COURT:  Have you submitted an answer in

19    writing?

20         MR. WOODWARD:  I have submitted responses to that

21    in writing.  I've made transcriptions of electronic

22    files because I cannot submit a disc.  So, I listen to

23    it, I write down what I hear and I submit it.

24         THE COURT:  Okay.  Let's go with that.  And he's

25    seen copies of what you've submitted?

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**
40

1          **MR. WOODWARD:**  Well, he was at the deposition --

2          **THE COURT:**  That's not my question.  Listen, okay.

3     My proceeding, in this case, may well be that you

4     have the disc, okay, as best you could, fair enough?

5          **MR. WOODWARD:**  Fair enough.

6          **THE COURT:**  He has a copy of the disc, correct?

7          **MR. WOODWARD:**  Yes, he should have.  I mailed it

8     to him and he should have copies of all of it and he

9     was there.

10         **THE COURT:**  My question is, does he have a copy of

11    the disc?

12         **MR. WOODWARD:**  He does.  I mailed all of the

13    copies and he should have a copy that I mailed.  It was

14    the clerks that wouldn't accept this.

15         **THE COURT:**  Do you have a copy of the disc?

16    **RESPONSE BY MR. BUIKEMA**

17         **MR. BUIKEMA:**  I have discs.  Which discs and which

18    he's talking about?  I have no understanding.

19                    **Summary By The Court**

20         **THE COURT:**  Fair enough.  What I'm going to

21    suggest is this, if you've got a motion and your motion

22    refers -- includes a transcript of some proceeding that

23    you've taken from a disc and you've transcribed it

24    yourself, okay?

25         **MR. WOODWARD:**  Yes.

---

*10-10978; American University of Antigua v. Steven Woodward*

**Summary By The Court**
**Thursday/August 11, 2011**                    41

1      **THE COURT:**  I want to know that he has a copy of

2      that disc so he can listen to it and he could say your

3      transcription is basically correct or not correct.  If

4      it's basically correct, I don't need to listen to any

5      disc.

6   **RESPONSE BY MR. WOODWARD**

7      **MR. WOODWARD:**  I have another -- here's another

8      example that I need to bring up at this point in time.

9      My response to his upcoming motion here is a video from

10     Fox News that the President of the school admitting

11     that he's paying back students who went to their school

12     for a nursing program of which the school promised

13     them, according to the documentation, that they would

14     be allowed to sit for their nursing board exams and

15     they were not.  And it's his President confirming that

16     information.

17         **THE COURT:**  So.

18         **MR. WOODWARD:**  That's evidence to support my

19     claims.

20         **THE COURT:**  Counsel, have you responded to his

21     motion?

22         **MR. WOODWARD:**  Yes, I did, sir.

23         **THE COURT:**  And in that written response, did you

24     mention that?

25         **MR. WOODWARD:**  I did, sir.  I gave the URL and I

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**

42

1        believe I put that video on that disc.

2             THE COURT:  What disc?

3             MR. WOODWARD:  The disc that I sent him in

4        response to this motion.

5             THE COURT:  You filed your response, didn't you?

6             MR. WOODWARD:  I did, sir, but I wasn't able to

7        give the Court the disc because the clerks wouldn't

8        take the electronic evidence, sir.

9             THE COURT:  How many different discs are we

10        talking about?

11             MR. WOODWARD:  Sir, this is evidence to support my

12        claim.

13             THE COURT:  Listen to my question, how many?

14             MR. WOODWARD:  I don't know, sir.

15             THE COURT:  You understand that question?

16             MR. WOODWARD:  I do, I can't answer you that.

17             THE COURT:  Then say that.

18             MR. WOODWARD:  I'm sorry, I can't answer that.

19             THE COURT:  You have no idea?

20             MR. WOODWARD:  At this time, I don't.  If he filed

21        a motion against me, in my response to that motion, I

22        can't have a cumulative bunch, I'd have to file a

23        response for my response to his motion.  Does that make

24        sense?

25             If he files a motion against me, I read his

*10-10978; American University of Antigua v. Steven Woodward*

1    motion, if my evidence to support my side, my response

2    is in electronic form, I put it on a disc, I submit it

3    to the Court, the Court doesn't take the disc.  I take

4    the disc, I attach it to the motion, I put it in the

5    mail and I mail it to him.

6        **THE COURT:**  But you filed a written response to

7    the motion.

8        **MR. WOODWARD:**  I filed a written response.  But

9    one of the exhibits is our electronic file.  The

10    individual, electronic file.

11        **THE COURT:**  But in many cases, you transcribed

12    them?

13        **MR. WOODWARD:**  Not these, these are right from Fox

14    News, right from --

15        **THE COURT:**  No, I'm not there at all.  I want to

16    know whether or not you have transcribed the disc that

17    you believe support your position?

18        **MR. WOODWARD:**  The verbal ones we've had at the

19    hearings and the depositions.  The parts of the discs

20    that I believe support me, I have.  But the video copy,

21    I can't transcribe a video hearing of Fox News.  It

22    overwhelmingly supports my case.

23        **THE COURT:**  So, how do you --

24        **MR. WOODWARD:**  It would be like a murderer getting

25    a security camera of somebody shooting somebody in the

*10-10978; American University of Antigua v. Steven Woodward*

1      head, you can't describe that.

2             THE COURT:  How do you intend to present it?

3             MR. WOODWARD:  Whatever means you see fit.

4             THE COURT:  How do you suggest it?

5             MR. WOODWARD:  I was going to bring in a projector

6      and show it on the wall.

7             THE COURT:  How long will it last?

8             MR. WOODWARD:  I believe it lasts five minutes.

9             THE COURT:  And that's part of what you want to --

10            MR. WOODWARD:  There's another electronic file

11     that I would like to present.

12            THE COURT:  All right.  Well, I'll let you show

13     that five-minute clip during the hearing, okay?

14            MR. WOODWARD:  Thank you, sir.  About five

15     minutes.  Thank you.

16            THE COURT:  With respect to the other disc, I want

17     you to let the counsel know, if you haven't already,

18     any response to a motion in which you claim there's

19     information on a disc and that you've transcribed it

20     and you're giving him a copy of the transcription so

21     that he knows that this transcription by you is on Disc

22     "A".

23            MR. WOODWARD:  I've already done that, sir.  The

24     Court is the only one that won't accept the discs.

25     I've already mailed them to him.

1      **THE COURT:**  Yeah, but he has to know exactly what

2      you're talking about.  Which disc relates to which so

3      he can, you know.

4          **MR. WOODWARD:**  Correct.

5          **THE COURT:**  So, how can you communicate with him

6      and let him know which disc relates to which response?

7          **MR. WOODWARD:**  I've already tried to do that, sir,

8      in my motions such as what I've presented today.  I've

9      already given you a disc -- didn't I give you a disc?

10         Okay.  Anyway, I've already tried to transcribe a

11     verbal conversation that was December 22nd hearings.

12     It's a recording.  It's a verbal recording.

13         **THE COURT:**  I just want you to specifically

14     identify a disc and relate it to a particular paper

15     that you filed.

16         **MR. WOODWARD:**  Correct, sir, and I tried to do

17     that with Mr. Buikema.

18         **THE COURT:**  Don't tell me you tried to.

19         **MR. WOODWARD:**  I stuck it in the mail and put a

20     disc with it.  This disc is with this motion, here you

21     go.  I did the same thing with the Court:  "Here's the

22     Judge's copy, here's the court's copy, here's the

23     disc."  They don't accept the disc.

24         **THE COURT:**  How many did you send to him?

25         **MR. WOODWARD:**  They won't accept them.

*10-10978; American University of Antigua v. Steven Woodward*

1        THE COURT:  No, I said him.

2        MR. WOODWARD:  Oh, I sent him all of them.

3        THE COURT:  That doesn't tell me anything.

4        MR. WOODWARD:  Approximately six.

5        THE COURT:  Are these matters that are pending

6     before Magistrate Hluchaniuk?

7        MR. WOODWARD:  Some of them, yes.

8        THE COURT:  I need to know which ones.

9        MR. WOODWARD:  Okay.  It would be defense response

10    for plaintiff's motion for security costs.  Defense

11    response for sanctions for defendant's failure to

12    comply with Court orders.  And defense response to

13    plaintiff's motion for summary judgment.

14        THE COURT:  All right.  Now, the response to the

15    summary judgment, that's the one that's up on the 18th?

16        MR. BUIKEMA:  It is, Your Honor.

17        THE COURT:  Have you got discs?  Are you going to

18    present something in conjunction with that response?

19        MR. WOODWARD:  The electronic files that I've

20    identified in this are -- I gave him a disc and in that

21    disc it had "A", "AA", "AB", "AC", "AE", and "AF".  The

22    disc is called Disc "A", that would be here, Summary

23    Judgment.  It's this disc here.

24        This disc is electronic files for this upcoming

25    hearing for defense response to plaintiff's motion for

10-10978; American University of Antigua v. Steven Woodward

1      summary judgment.  And on there is the Fox News

2      recording.  There's a copy of AUA's Student Handbook,

3      which he said he never received, of which it's his

4      company's document.

5          An electronic copy of the student handbook.  An

6      electronic copy of the fifth semester student handbook,

7      is what he said he never received.  It's an electronic

8      copy of the fifth semester syllabus.  It's the

9      guidelines, the electronic copy of the guidelines is

10     the response -- it's the guidelines is the one that he

11     said he never received.  That's his own document.

12         **THE COURT:**  Aren't there hard copies of all of

13     that?

14         **MR. WOODWARD:**  Not the biochemistry review, not

15     the Fox News.  The student handbook and the rest of

16     them, there are.  But this is my response to his claim.

17     And so to provide the student handbook and the fifth

18     semester syllabus and hard copies of the files,

19     electronic copies of what I have, which are copies of

20     electronic files that they emailed me back in 2007,

21     those are on here.

22         **THE COURT:**  Have you transcribed that disc?

23         **MR. WOODWARD:**  I can't transcribe -- I mean, I

24     could but it would take me volumes -- I mean, I might

25     as well get a hard copy.  But I can produce a hard copy

*10-10978; American University of Antigua v. Steven Woodward*

1     of it but --

2         THE COURT:  I don't know that it's even relevant,

3     so I don't want to spend time going through these

4     things.

5         MR. WOODWARD:  All I'm saying is that some of the

6     stuff is raw and others are stuff that support my

7     motion.

8         In my response, if I made a response and part of

9     that exhibit was from the student handbook, then I

10     would refer to the electronic copy versus referring to

11     a paper -- well, it's not that thick but the student

12     handbook is, like, that thick though.

13         Instead of producing the hard copy of a student

14     handbook for every single response, I just put it on

15     electronic form.

16         THE COURT:  Can't you print it out?

17         MR. WOODWARD:  I have a bunch of printout copies.

18         THE COURT:  Print out just the relevant pages,

19     can't you do that?

20         MR. WOODWARD:  I can, sir.

21         THE COURT:  Wouldn't that be the thing to do

22     instead of burdening the Court with a pamphlet that,

23     90 percent, doesn't have anything to do with this case?

24         MR. WOODWARD:  Well, sir, with all due respect, I

25     didn't know that the Court couldn't -- that they

1     couldn't handle an electronic copy of evidence to

2     support somebody's claims against them.

3          **THE COURT:**  How do you think we could handle it?

4          **MR. WOODWARD:**  Create a database of electronic

5     files.

6          **THE COURT:**  Print out all that stuff?

7          **MR. WOODWARD:**  No, create a database of electronic

8     files.  You store emails.  If you store emails -- all

9     of this stuff you scan in and turn it into electronic

10    file without a paper.

11         **THE COURT:**  And how do I read it?

12         **MR. WOODWARD:**  How do you read it?  You read it

13    out of PACER.

14         **THE COURT:**  On the computer?

15         **MR. WOODWARD:**  On the computer.

16         **THE COURT:**  I'm not going to sit and read page

17    after page on the computer.

18         **MR. WOODWARD:**  I'm not familiar, sir, with how you

19    do your business.  I'm sorry but I --

20         **THE COURT:**  No, I like hard copies.

21         **MR. WOODWARD:**  Okay.  Knowing that, everything

22    that I can produce, in hard copy format, sir, I will.

23    But again, I'm not a trained stenographer.  I'm going

24    to do the best I can to produce that information.

25         For me, being a computer science person that's --

*10-10978; American University of Antigua v. Steven Woodward*

1    especially with the initiative to reduce paper in the

2    United States, this is easier than producing this.

3         If I could send you this in electronic file versus

4    walking down to the Clerk's Office, if I could email it

5    to you -- but I'll do whatever you need.

6         **THE COURT:**  You have filed the response to the

7    motion?

8         **MR. WOODWARD:**  This is my response to his motion

9    coming up.

10        **THE COURT:**  Hear my question.  Have you filed it?

11        **MR. WOODWARD:**  Yes, sir.

12        **THE COURT:**  So, I have it?

13        **MR. WOODWARD:**  Yes, sir, you have the hard copy

14   parts of it.  You want me to print out a supplement of

15   the electronic copies of the pages?

16        **THE COURT:**  I don't want any more pages unless

17   it's really pertinent to something, okay.  And I

18   require people to give me the page or pages.  Don't

19   give me a 500-page document and say, "It's in there

20   some place, Judge", you know, I'm not going to see it.

21        **MR. WOODWARD:**  I understand that, sir.  And I've

22   tried to identify the page numbers and paragraph

23   numbers.

24        **THE COURT:**  Print out, bring in the hard copy and

25   limit your hard copy to that which is pertinent to the

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                              51

```
 1        motion.
 2               MR. WOODWARD:  Yes, sir.
 3               THE COURT:  All right.  We'll see you on the 18th.
 4               Do you want her to accept some disc for filing?
 5                 (Disc given to Clerk by Mr. Woodward)
 6               THE COURT:  Now, that's the disc relating to what?
 7               MR. WOODWARD:  That's the summary judgment.
 8               THE COURT:  Motion?
 9               MR. WOODWARD:  Correct, sir.
10               THE COURT:  All right.  Does that relate to this
11        motion?
12               MR. WOODWARD:  Yes, it's part of it, producing
13        electronic copies to help support my claim, yes.
14               THE COURT:  Is that identified somehow so in my
15        order I can indicate that it be --
16               MR. WOODWARD:  Says Exhibit "A", Summary Judgment.
17               THE COURT:  All right.  Produce an order and we
18        will file that.  Now, you don't have another copy of it
19        or you do/
20               MR. WOODWARD:  I have it on my computer, I have
21        plenty of copies.
22               THE COURT:  Counsel have a copy of it?
23               MR. BUIKEMA:  I wouldn't know, Your Honor.
24               MR. WOODWARD:  He should have.  I mailed it to
25        him.
```

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**                    52

1          **MR. BUIKEMA:**  I understand Mr. Woodward's

2     admissions as if they were -- about as well as if they

3     were written in sand-script, frankly.  I don't know

4     what he's referring to.

5          **MR. WOODWARD:**  I can prove that he has copies of

6     it.

7          **THE COURT:**  No, no.  Is there a date on this?

8          **MR. BUIKEMA:**  I have discs.

9          **THE COURT:**  No, is there a date on this disc, the

10     summary judgment, that he could look through the disc

11     he has to see which one we're talking about now?  How

12     would he know, when he looks at a bunch of discs that

13     you've mailed him, which one relates to this?

14          **MR. WOODWARD:**  It says, Exhibit "A".

15          **THE COURT:**  On the copy you sent him?

16          **MR. WOODWARD:**  Right.  Whatever is written on that

17     page is what I wrote on his.

18          **MR. BUIKEMA:**  Okay.  Fair enough.

19          **MR. WOODWARD:**  And he's obviously looked at it

20     because his reply to my response says that he did not

21     receive the guidelines as part of that.  The

22     guideline's file of which is his own company's

23     documentation.

24          **THE COURT:**  All right.  We'll see you on the 18th.

25          **MR. WOODWARD:**  Thank you, very much, sir.

*10-10978; American University of Antigua v. Steven Woodward*

**Response By Mr. Woodward**
**Thursday/August 11, 2011**

53

1                (Whereupon proceedings concluded at 4:15 p.m.)

2                          -      -      -

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- - -

**C E R T I F I C A T I O N**

I, Nefertiti A. Matthews, official court reporter

for the United States District Court, Eastern District of

Michigan, Southern Division, appointed pursuant to the

provisions of Title 28, United States Code, Section 753,

do hereby certify that the foregoing is a correct

transcript of the proceedings in the above-entitled cause

on the date hereinbefore set forth.

I do further certify that the foregoing

transcript has been prepared by me or under my direction.


Date: September 6, 2011


s:/Nefertiti A. Matthews
Nefertiti A. Matthews,
Official Court Reporter
                          - - -


*10-10978; American University of Antigua v. Steven Woodward*