UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

V

STEVEN L. WOODWARD,

      Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

## AUA'S RESPONSE TO WOODWARD'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (Docket No. 172)

A review of Defendant's rambling response (Docket No. 172) lends no help to his defenses in this matter and does not generate any material issues of fact for trial. Consequently, Partial Summary Judgment in Plaintiff's favor is appropriate.

AUA also notes that Defendant filed a 15 page brief (not including exhibits), in excess of the 12 pages directed by the Court at oral argument on September 20, 2011. Accordingly, the Court should strike the portions of Defendant's brief that exceed 12 pages as redundant, immaterial, impertinent and scandalous. Fed. R. Civ. P. 12(f).

1

## A. **Defendant is Estopped from Relitigating Issues Already Determined**

The Michigan Court of Appeals (and the Oakland County Circuit Court) in the unpublished per curiam opinion in the case of *Steven Woodward v. American University of Antigua, et al*, decided January 13, 2011 (Docket No. 292172)(attached as **Exhibit 1**) has already found as a matter of law a number of facts:

- Woodward's conduct at AUA was replete with instances of unprofessional behavior. Exhibit 1 at 1-2.
- Woodward was a poor student, maintaining only a 1.5 grade-point average. Exhibit 1 at 2.
- AUA did not deny Woodward due process. Exhibit 1 at 3.
- AUA had sufficient grounds to dismiss Woodward based on his "poor academic performance and unprofessional conduct." Exhibit 1 at 3.
- No express or implied contract existed between AUA and Woodward. Exhibit 1 at 3-4.
- AUA did not invade Woodward's privacy. Exhibit 1 at 4.
- The statements in Zonia's memo were accurate and made in good faith. Exhibit 1 at 5.
- Neither Zonia nor Trinity tortuously interfered with Woodward's contract as none existed. Exhibit 1 at 6.

Defendant has not appealed these findings. They remain the law regarding Woodward's relationship with AUA. In fact, the doctrine of collateral estoppel prevents Woodward from contesting these issues.

"The doctrine of collateral estoppel precludes relitigation of an issue in a different, subsequent action between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Dearborn Heights Sch Dist No 7 v Wayne County MEA/NEA*, 233 Mich App 120, 124; 592 NW2d 408 (1998) citing *People v Gates*, 434 Mich. 146, 154; 452 NW2d 627 (1990). "The doctrine is intended to relieve parties of multiple litigation, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* citing *Detroit v Qualls*, 434 Mich 340; 454 NW2d 374 (1990).

2

"Collateral estoppel bars relitigation of issues where the parties had a full and fair opportunity to litigate those issues in an earlier action." *Id.*, citing *Arim v General Motors Corp.* 206 Mich. App. 178, 195; 520 N.W.2d 695 (1994).

Here Woodward and AUA were both parties to the Oakland Circuit Court case and subsequent appeal to the Michigan Court of Appeals. Woodward had ample opportunity to contest these issues both at the Circuit Court and Appellate Court levels. He failed to present facts sufficient to rebut these findings. The Court of Appeals has conclusively determined these facts and these facts apply to the instant dispute between the parties.

Consequently, some of Defendant's statements must be determined defamatory as a matter of law in light of the application of the doctrine of collateral estoppel:

a. AUA breaches contracts;

b. AUA disregards student civil rights;

c. AUA conspires to commit fraud and violations of civil rights;

d. AUA routinely commits fraud upon its students;

e. AUA falsifies its students grades;

f. AUA conspires against its students;

g. AUA contrives false evidence in student disciplinary proceedings (i.e, the hearing Mr. Woodward was provided prior to dismissal and refused to even attend);

h. AUA colluded with St. Joseph Hospital to maliciously end Mr. Woodward's career, conspired, abused its power, committed perjury and is otherwise immoral and unethical;

Consequently, partial summary judgment as to these defamatory statements is appropriate. To rule otherwise would be to allow Woodward to relitigate issues that have already been determined and reduced to a final judgment.

## B. **Defendant has No Evidence of Perjury**

Defendant apparently contends four distinct instances of perjury on AUA's behalf. None has any merit or creates any genuine issues of fact for trial.

The first instance is apparently AUA's complaint in this matter. (Docket No. 1). However, his website was undisputedly published **before** the filing of AUA's complaint on March 11, 2010. Consequently, he cannot use **later** allegations of perjury to substantiate his earlier defamatory statements. See e.g. *Campbell v. Bank One*, 79 Fed. App. 760, 762 (6th Cir. Mich. 2003) (describing elements of defamation claim).

The second instance is a statement in the unpublished per curiam Michigan Court of Appeals case *Steven Woodward v. American University of Antigua, et al*, decided January 13, 2011 (Docket No. 292172)(attached as **Exhibit 1**) regarding his sabotaging of exams. In addition to the timing issues (the alleged perjury occurring years after Defendant's defamatory website), AUA is not the author of this document! The Court of Appeals authored this opinion based on a review of the full record, including the portions of Zonia's deposition testimony which Defendant relies upon to establish the "sabotage" claim to be a false statement. Consequently, there is no evidence of perjury associated with the Court's opinion is present.

The third instance is an opinion and order by Judge Shalina Kumar in the Oakland County Circuit Court case of *Steven Woodward v Trinity-Health, Suzan Zonia and American University of Antigua*, (OCCC docket 07-088103-CZ)(which led to the previously described appeal). Again, this statement was not authored by AUA, but instead by an officer of the court

4

in determining a motion for summary disposition. Notably, AUA was <u>not a party to the case, having previously been dismissed.</u> Accordingly, AUA did not make pleadings or filings relative to Judge Kumar's opinion and order. Consequently, no "perjury" can be attributed to statements in this Court's opinion.

The fourth and final instances are three statements in "court documents" that Woodward "failed the fifth semester Final Exam," "received an "F" for the fifth semester", and "washed out." However Woodward presents no evidence that these statements are in fact false. As Woodward is unable to support this factual position with record evidence, the Court may deem the issue undisputed and grant summary judgment. Fed. R. Civ. P. 56(e). Similarly, these statements were made in legal pleadings by attorneys[1]. While attorneys may only file documents that are well grounded in fact and warranted in existing law (see e.g. MCR 2.114(D)), legal pleadings are not under oath. "Perjury" requires a false statement under oath. See MCL 750.423. Consequently, none of these filings can serve as a predicate for Defendant's allegation of perjury.

As perjury is a crime, Defendant's assertion of it as to AUA is defamation per se. There being no genuine issue of material fact that Defendant committed defamation per se, summary judgment on this count is appropriate.

## C. Defendant has No Evidence of Falsifying Student Grades

Defendant alleges that AUA falsified student grades. However, he presents no admissible evidence of this. Instead, he only presents his own "calculations."

---

[1] Defendant has not attached the complete copies of these allegedly defamatory documents, however it is believed that one or more of these pages is from a case evaluation summary, which is wholly inadmissible in any proceeding. MCR 2.403(J)(4).

5

As discussed above, Defendant is estopped from contesting the fact that he was a poor student. See Exhibit 1 at 2. Similarly Defendant is estopped from contesting the fact that he failed out of AUA for a combination of his unprofessional conduct and poor grades. *Id* at 3.

Finally, AUA notes that Defendant's calculations and grade documentation is inadmissible hearsay if taken for the truth of the matter asserted. MRE 802.

As the Court has given Defendant ample opportunity to contest these facts and he has failed to do so with admissible evidence, summary judgment is appropriate.

### D. **Defendant has No Evidence of Breach of Contract**

Defendant's evidence to support his contention that AUA breaches contracts fails to create a genuine issue for trial.

In fact, the Michigan Court of Appeals has already considered the issue and determined that Woodward had **no valid express or implied contract with AUA**. **Exhibit 1** at 3-4. While Woodward also references the AUA-Trinity Health System contract, he was not a party to that contract. Similarly, there is no genuine issue of material fact that he would not be entitled to enforce that contract as an intended third-party beneficiary under Michigan's statute, MCL 600.1405. Under this statute, Woodward would need to prove that AUA contracted directly for his behalf. See e.g. in *Brunsell v City of Zeeland*, 467 Mich 293; 651 NW2d 388 (2002) (describing incidental beneficiaries' inability to enforce a contract). Even if Woodward were able to somehow enforce this contract, his alleged breaches run to Trinity and not AUA. See e.g. Woodward's allegation that the hospital failed to provide mental health/counseling support services[2]. As such, this allegation fails to assert any breach of contract on AUA's behalf.

---

[2] AUA does not contend that Trinity breached any contracts with respect to Woodward's allegations.

6

Consequently, as Plaintiff has no evidence with which to generate a question of material fact. His alleged instances of breaches of contract are irrelevant in light of the non-existence of any contract with AUA and his inability to enforce any provisions of the AUA-Trinity contract.

Partial summary judgment on the defamatory statement that AUA breaches contracts is appropriate.

### E. Defendant has No Evidence of Federal Crimes Reportable to the FBI

Defendant contends that AUA is guilty of crimes reportable to the FBI. However, he fails to establish facts supporting any crimes or create an issue of fact for trial.

Defendant contends that AUA participated in some sort of loan fraud financing scheme. However, his claims regarding this "scheme" arose after the filing of this lawsuit. From his exhibits, it is clear that he did not discover this "scheme" until October 2010, over 7 months <u>after</u> the filing of this lawsuit and <u>more than 7 months after his publication of statements</u> that AUA commits federal crimes reportable to the FBI.

AUA is unaware of how Sallie Mae processes loans or the loan contract between Steven Woodward and Sallie Mae. AUA does not deny being affiliated with Kasturba Medical College (KMC). There is nothing wrong, criminal or improper with this partnership. In fact, financial and billing statements indicated the partnership between AUA and KMC. For example, Defendant's own exhibit 13 (to Docket No. 172) clearly indicated "American University of Antigua – KMC c/o GCLR LLC." This statement was dated March 19, 2009, a year prior to the instant action.

As Defendant fails to set forth evidence of federal crimes committed by AUA, summary judgment on this per se defamatory statement is appropriate.

## *CONCLUSION*

Defendant filed voluminous responses in opposition to Plaintiff's motion and the Court granted leave to file the supplement as to four specific defamatory statements (Docket No. 172). However, nothing in Defendant's pleadings sets forth material issues of fact for trial. Consequently, Defendant having failed to meet his burden must suffer the consequences of having an order of partial summary judgment entered against him.

AUA respectfully requests that this Court enter an Order:

A. Granting AUA's Partial Motion for Summary Judgment in its entirety;

B. Enjoining Defendant Steven Woodward, as well as any agent, internet service provider, domain registry and/or website host acting at his direction or request:

1. From all further publication of defamatory content under the internet domain name www.aua-med.com

2. From the unlicensed publication, in any manner, of AUA proprietary information, including student academic records (other than his own); and

3. From publication of all other defamatory content presently disseminated through his website www.aua-med.com or www.aua-vet.com or www.auasucks.com by any other means or medium;

C. Forfeiting the domains www.aua-med.com, www.aua-vet.com, www.aua-nurse.com and www.auasucks.com pursuant to 11 USC 1125(d)(1)(C).

D. An award of damages to be determined by the Court at a subsequent evidentiary hearing or trial; and

E. Granting AUA any other relief that this Honorable Court deems appropriate.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: October 3, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing AUA's Response to Woodward's Supplemental Brief in Opposition to Motion for Summary Judgment (Docket No. 172) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on October 3, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com