UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, | Case No. 10-10978 |
| | Patrick J. Duggan |
| Plaintiff, | United States District Judge |
| vs. | |
| | Michael Hluchaniuk |
| STEVEN WOODWARD, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER ON DISCOVERY MOTIONS**
**(Dkt. 121, 125, 127, 128, 130, 132, 136, 145, 146)**

A.   Defendant's Motions to Compel and for Sanctions (Dkt. 121, 136)

According to defendant's motion, plaintiff has failed to respond to his requests for admission, interrogatories, and requests for production of documents. (Dkt. 121). In response, plaintiff asserts that it timely responded to defendant's requests for admission and defendant has not identified any deficiency in its responses. (Dkt. 134). As to defendant's interrogatories, plaintiff further points to an earlier order, in which the Court denied defendant leave to serve 200 interrogatories. (Dkt. 115). Plaintiff takes no position on the motion to compel as it relates to the requests for production of documents. (Dkt. 134).

Based on the record before the Court, defendant's motion to compel is granted in part and denied in part. Defendant was previously denied leave to serve

1

200 interrogatories on plaintiff.  For these reasons, defendant's motion to compel further responses to interrogatories is **DENIED**.  To the extent that plaintiff has not already done so, plaintiff is **ORDERED** to respond to defendant's requests for production of documents, including the identification of documents as responsive to each request, within 30 days of entry of this order.  As to plaintiff's answers to the requests for admission, the Court will address this in conjunction with defendant's motion for sanctions (Dkt. 136), which is related.

As to defendant's motion for sanctions, the Court interprets it to be more of a second motion to compel, pertaining to the same set of discovery discussed above.  The Court's ruling, as to the interrogatories and requests for production of documents, remains the same and sanctions are **DENIED**.  Defendant attached plaintiff's responses (which were not included in the brief on defendant's initial motion to compel (Dkt. 121) by either party.  (Dkt. 136, Pg ID 1815-1828).  After reviewing the requests and responses, the Court has concerns about both the propriety of the requests for admission and the responses. Thus, the Court **ORDERS** further briefing by both parties **STRICTLY LIMITED TO THE FOLLOWING ISSUES**: (1) the relevance of each request for admission to the claims and defenses posed in this case; (2) whether the objections are proper in light of applicable case law and Rule 36(a)(5); and (3) whether each of the answers complies with Rule 36(a)(4).  Each party must file their brief by **October 28, 2011**

and it must not exceed 10 pages in length. Any brief that fails to comply with this Order will be stricken and the matter will be decided without regard to that party's arguments.

  B. <u>Defendant's Requests for Information (Dkt. 125, 128, 130)</u>

In this motion, defendant again seeks discovery from non-parties over which this Court does not have jurisdiction. (Dkt. 125, 128, 130). As plaintiff points out, the Court previously quashed subpoenas issued by this Court to the same non-parties, Sallie Mae, the National Board of Medical Examiners, and the Educational Commission for Foreign Medical Graduates. (Dkt. 123). The Court indicated to defendant that subpoenas to these non-parties had to be issued by the district court in which their places of business are physically located, not this Court. (Dkt. 123). For these same reasons, defendant's "requests for information" from these non-parties over which the Court has no jurisdiction are **DENIED**.

  C. <u>Defendant's Motions to Adjourn (Dkt. 127, 145, 146)</u>

Defendant has filed multiple requests for adjournment of the deadlines in this case to conduct discovery and to add counterclaims. (Dkt. 127, 145, 146). Defendant offers no discernable basis for such relief in any of his motions. Defendant's motions are, therefore, **DENIED**.

  D. <u>Defendant's Request for Filing Electronic Data (Dkt. 132)</u>

Defendant requests permission to file documents in an electronic format

3

other than PDF format and permission to file video and audio files.  The Court's electronic filing procedures require documents to be filed in PDF format and any documents or media that cannot be converted to PDF to be filed in the traditional manner.  Defendant's motion is, therefore, **DENIED**.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate.

|  |  |
|---|---|
| Date: October 14, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

5

## **CERTIFICATE OF SERVICE**

      I certify that on October 14, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Eric A. Buikema, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participant(s): Steven Woodward, 7211 Brittwood Lane, Flint, MI 48507.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov