UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                United States District Court Judge
                Patrick J. Duggan, presiding
                Michael Hluchaniuk, referral

V                          Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## AUA'S SUPPLEMENTAL RESPONSE TO WOODWARD'S MOTION FOR SANCTIONS (Dkt. 136) PURSUANT TO COURT ORDER (Dkt. 174)

This is a defamation and trademark infringement action against Defendant Steven Woodward, who maintains websites and YouTube videos which defame Plaintiff American University of Antigua College of Medicine ("AUA") and allege it to commit fraud, criminal conspiracy, federal crimes (reportable to the FBI) and reckless endangerment of its students. These claims are false and per se defamatory.

Defendant filed a Motion for Sanctions (Docket No. 136), which the Court determined was a motion to compel. (Docket No. 174). The Court ordered limited additional briefing

1

regarding the relevance of Defendant's requests and the propriety of AUA's answers and objections. AUA will confine its discussion to the 36 (of 56) requests for admission that Woodward has alleged were not made in "good faith."

## STANDARD OF REVIEW

**Irrelevance as an Objection**. Objections to requests for admissions are proper where a requested admission is irrelevant to the issues in the case. See e.g. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2254 at 528 (2d ed. 1994). As the Court knows, only relevant evidence is admissible. FRE 402. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401.

**Good Faith Responses**. AUA notes that the "good faith" standard required by Fed. R. Civ. P. 36(a)(4) pertains only to qualified answers and is not the same standard which the Court applies when determining the sufficiency of a response under Fed. R. Civ. P. 36(a)(6). This sufficiency standard refers to the specificity of the response, not whether the response is correct or in good faith. See e.g. *Foretich v. Chung*, 151 F.R.D. 198, 202 (D.D.C. 1993).

## BACKGROUND

As the Court is no doubt aware, the instant case is not the first litigation between the parties. The Michigan Court of Appeals (and the Oakland County Circuit Court) in the unpublished per curiam opinion in the case of *Steven Woodward v. American University of Antigua, et al*, decided January 13, 2011 (Docket No. 292172)(Exhibit 1) has already found as a

matter of law a number of facts, including that Woodward had no valid contract with AUA. The Court of Appeals concluded:

- Woodward's conduct at AUA was replete with instances of unprofessional behavior. Exhibit 1 at 1-2.
- Woodward was a poor student, with only a 1.5 grade-point average. Exhibit 1 at 2.
- AUA did not deny Woodward due process. Exhibit 1 at 3.
- AUA had sufficient grounds to dismiss Woodward based on his "poor academic performance and unprofessional conduct." Exhibit 1 at 3.
- No express or implied contract existed between AUA and Woodward. Exhibit 1 at 3-4.
- AUA did not invade Woodward's privacy. Exhibit 1 at 4.
- The statements in Zonia's memo were accurate and made in good faith. Exhibit 1 at 5.
- Neither Zonia nor Trinity tortuously interfered with Woodward's contract as none existed. Exhibit 1 at 6.

Consequently, a number of Woodward's requests are improper and irrelevant in light of the doctrine of collateral estoppel which prevents him from relitigating facts and issues already conclusively determined. See e.g. *People v Gates*, 434 Mich. 146, 154; 452 NW2d 627 (1990).

### A. Requests Regarding "Contract" Claims (Nos. 7-13; 21; 24; 41; 49; 55)

A number of Defendant's Requests were ostensibly aimed at establishing that AUA somehow breached its "contract" with Woodward arising out of his enrollment at AUA.

AUA objected to these requests as irrelevant to the claims and defenses in this matter. As no contract existed between the parties (and Defendant is collaterally estopped from charging otherwise), any of Defendant's attempts to prove a breach of the same is wholly irrelevant.

### B. Requests Regarding "Invasion of Privacy" (Nos. 21; 22; 31; 32)

A number of Defendant's requests are apparently aimed at establishing that AUA violated Defendant's privacy. However, the Michigan Court of Appeals conclusively

3

determined that Defendant's privacy was not violated. Exhibit 1 at 4. Consequently, Defendant's requests regarding the same are wholly irrelevant to the instant claims against him of trademark infringement and defamation.

### C. *Requests Regarding Grievance Proceedings and Poor Grades (Nos. 17; 19; 42; 43; 44; 46; 49; 50)*

Some of Defendant's requests are an attempt to revisit the grievance proceedings that led to Defendant's dismissal from AUA. AUA notes that Woodward was given notice of these proceedings and an opportunity to contest the charges against him, however, he failed to attend the hearing or pursue his administrative remedies. Exhibit 1 at p.2.

Here the Court of Appeals already determined (a) Defendant had dismal academic performance; (b) Defendant's record was replete with unprofessional conduct; and (c) that AUA had adequate grounds to dismiss Defendant based on his poor academic record and unprofessionalism. Exhibit 1. Consequently, Defendant's attempts to revisit this prior ruling (which he did not appeal) are improper and the instant requests are irrelevant to the claims and defenses present in the pending case—of whether Defendant defamed Plaintiff or infringed on Plaintiff's marks.

Similarly, any attempt to construe these requests as aimed at establishing a violation of due process is similarly without merit. The Court of Appeals already concluded that Defendant had adequate due process. Exhibit 1 at 3. Consequently, Defendant's attempt to revisit this final ruling is without any merit.

### D. Requests Regarding AUA's Policies/Procedures and Woodward's Suggestions Relative to the Same (Nos. 14; 15; 16; 28; 29; 30; 51; 53; 54)

Some of Defendant's requests seek information regarding AUA's policies and procedures and his own suggestions for improving the same. These are completely irrelevant to the issues of whether Defendant defamed AUA or violated its marks.

As discussed above, AUA and Defendant had no valid contract, so Defendant cannot use any purported breach of AUA's policies to establish a breach of contract. Similarly, whether or not AUA solicited or Defendant provided input on how to better AUA's policies or the student experience is completely irrelevant to whether Defendant defamed Plaintiff or violated Plaintiff's marks.

### E. Requests Regarding Hearsay Statements of Others (Nos. 29; 30; 53; 54; 56)

Many of Defendant's requests seek to establish that certain statements were made either orally or in writing by others. Defendant's request is an improper attempt to obtain admissibility of these hearsay statements, which cannot be used for the truth of the matter asserted. FRE 801(c); 802.

Here the best evidence would be the testimony of one of these individuals. Defendant has not taken any deposition testimony. Similarly, the Court suggested that Defendant utilize Fed. R. Civ. P. 31 and take depositions via written questions. (See Docket No. 115, denying Defendant's motion for 200 interrogatories). Defendant has not done so.

For the reasons discussed in the section regarding Defendant's suggestions relative to AUA policy/procedure, the substance of these statements is inadmissible as it lacks any

relevance to the claims and defenses at issue in this case—whether Defendant defamed Plaintiff or violated Plaintiff's marks.

### E. *Irrelevant Miscellaneous Remaining Requests (23; 25; 26; 52; 56)*

The remaining five requests to admit do not clearly fall into any of the categories describe above, however all share a common element—they are irrelevant to the claims and defenses in the instant matter.

Request 23 seeks the admission that AUA requested that Susan Zonia write the memo that led to his dismissal. This is irrelevant as Defendant is estopped from contesting his (a) poor grades and unprofessionalism. Exhibit 1 at 1-2. Similarly, the Court of Appeals already determined that AUA had adequate grounds to dismiss defendant. Exhibit 1 at 3.

Requests 25 and 26 seek admission regarding students allegedly being exposed to a "PCP" from an HIV positive patient while at the St. Joseph Mercy Oakland. Whether or not this occurred is completely irrelevant to the claims and defenses in this matter—whether Defendant defamed Plaintiff or violated its marks.

Finally, request 52 sought the admission that "AUA faculty teach wrong information." AUA denied this request and Defendant contends that this denial failed to "fairly respond to the substance of the matter" as required by Fed. R. Civ. P. 36(a)(4). However, this rule relates to partial admissions or denials. Here AUA denied the request entirely as it is not true. Asserting that a request is not true because it is false fairly meets the substance of the request. Consequently, Defendant cannot show that AUA has failed to sufficiently respond to this request.

## *CONCLUSION*

As Defendant cannot show that AUA failed to sufficiently respond to requests for admissions, his Motion for Sanctions (Docket No. 136) must properly be denied.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: October 28, 2011

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing AUA's Supplemental Response to Woodward's Motion for Sanctions (Dkt. 136) Pursuant to Court Order (Dkt. 174) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on October 28, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com