UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                                United States District Court Judge
                                                Patrick J. Duggan, presiding
                                                Michael Hluchaniuk, referral
V                                                  Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

        Defendant.

---

| Eric A. Buikema (P58379)<br>CARDELLI, LANFEAR & BUIKEMA, P.C.<br>Attorneys for Plaintiff<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>ebuikema@cardellilaw.com | STEVEN L. WOODWARD<br>In Pro Per<br>c/o 7211 Brittwood Lane<br>Flint, MI 48507<br>Steve_L_woodward@yahoo.com |
|---|---|

---

### AUA'S RESPONSE TO WOODWARD'S OBJECTIONS TO ORDER ON DISCOVERY MOTIONS (Dkt. 178) (Order Objected to: Dkt. 174)

*OVERVIEW*

    Defendant Steven Woodward takes issue with the Magistrate Judge's opinion and order on a number of long pending discovery motions. However, as Defendant presents no law or facts to establish that the Magistrate's opinions constituted "clear error" or were rendered "contrary to law," denial of these objections is appropriate[1].

---
[1] Plaintiff notes that Defendant failed to allege that the rulings were "contrary to law" or "clearly erroneous."

1

## STANDARD OF REVIEW

**Fed. R. Civ. P. 72(a)** allows a District Court Judge to review a Magistrate Judge's orders on non-dispositive motions. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is **clearly erroneous or is contrary to law**." (emphasis supplied).

**LR 71(d)** governs review and appeal of a magistrate's orders. Specifically, it requires that objections "specify the part of the order, proposed findings, recommendations, or report to which a person objects" and "state the basis for the objection." LR 72.1(d)(1). LR 72.1(d)(3) allows Plaintiff to file this response within 14 days of the objections (filed November 3, 2011).

## STATEMENT OF FACTS

Defendant seeks to appeal a number of discovery motions recently decided by Magistrate Michael Hluchaniuk (Dkt. 174). However, Defendant failed to, as required by LR 72.1(d)(1) specify the part of the order objectionable, state the basis for the objection or provide any legal or factual basis why the Magistrate's Order was "clearly erroneous" or "contrary to law."[2]

Consequently, Defendant's objections must be denied.

## DISCUSSION

A.  **Order on Motions to Compel and for Sanctions (Dkt. 121, 136)**

    i.    <u>Motion to Compel (Dkt. 121)</u>

Defendant apparently does not take issue with the Court's order on his motion to compel, where the Magistrate denied Defendant's motion to compel answers to interrogatories and

---

[2] Plaintiff does note that Defendant scandalously contends that certain portions of the order amount to "blatant bias, discrimination, and a violation of Due Process against the Defendant by the Court" but this fails to demonstrate that the Magistrate's order is "clearly erroneous" or "contrary to law."

ordered AUA to respond to Defendant's request for production of documents[3]. As Defendant articulates no "specific" parts of this order that are "clearly erroneous" or contrary to law, denial of these objections is appropriate.

### ii. *Motion for Sanctions (Dkt. 136)*

Defendant's motion for sanctions recited some alleged discovery abuses relative to requests for production, interrogatories and requests for admissions. The relief defendant sought was to "sanction the Plaintiff and force them to produce all of the Defendant's requested documentation and answer all Defendant's Admissions and Interrogatories in Good Faith." The Magistrate charitably treated Defendant's motion for sanctions as a second motion to compel discovery[4] rather than a motion for Fed. R. Civ. P. 11 sanctions[5].

Here Defendant fails to articulate any grounds in which the Magistrate's order was clearly erroneous or contrary to law in terms of the rulings on the interrogatories and requests to produce. (Since the Court ordered Plaintiff to produce responsive documents—the relief Defendant requested—it is unclear why Defendant is objecting to this order[6].)

Here the Magistrate did not err in denying Defendant's request for sanctions. Sanctions on a discovery issue are appropriate only in certain enumerated situations, such as violation of a Court order. See e.g. Fed. R. Civ. P. 37(b). Here Defendant sought to have Plaintiff sanctioned for failing to respond to discovery, however there was no present order requiring Plaintiff to

---

[3] The Court made its determination on the requests for admissions to its ruling on Defendant's Motion for Sanctions, Dkt. 136.
[4] Despite the fact that this motion was largely duplicative and requested the same relief as Defendant's motion to compel (Dkt. 121).
[5] Which, as Defendant failed to exercise the safe harbor provision of Fed. R. Civ. P. 11(c)(2) and otherwise failed to identify any legal or factual representations that Plaintiff made to the Court in error, would properly have been denied.
[6] Plaintiff will stipulate to set aside the part of the Magistrate's order regarding requests for production.

respond. Instead, Defendant's motion to compel was pending[7]. Consequently, there was no violation of an order which would merit discovery sanctions.

       *iii.*    *Requests for Admissions*

The Magistrate ordered supplemental briefing on Defendant's request for admissions relative to the relevance of Defendant's requests and the propriety of Plaintiff's answers and objections. The Magistrate required that briefs be submitted by October 28, 2011. Plaintiff complied on October 28, 2011 (Dkt. 177). Defendant failed to timely file a brief[8], consequently the Magistrate will decide the Request for Admission issue without regard to Defendant's arguments.

It is unclear what Defendant is objecting to. If Defendant is attempting to obtain sanctions for improper request for admission responses or objections, this request is premature. The Magistrate has not yet fully determined the issue, and instead, has ordered additional briefing. If the Defendant is objecting to this additional briefing, this objection is frivolous as the Magistrate had ample authority to require supplemental briefs. See e.g. LR 7.1(d)(1) (limiting a motion to have a single brief "[u]nless the court permits otherwise") There is nothing "clearly erroneous" or "contrary to law" about the Magistrate requiring additional briefing.

**B.**    **Order on Requests for Information (Dkt. 125, 128, 130)**

Defendant objects to the Magistrate failing to order non-resident non-parties to disclose information. Defendant previously subpoenaed these entities and these subpoenas were quashed

---

[7] Defendant apparently asserts that Plaintiff failed to comply with the Court's order requiring a response to his motion to compel. This is a frivolous argument. Plaintiff timely filed a response on April 11, 2011 (Dkt. 134).
[8] Defendant may attempt to rely on his Objections to Order (Dkt. 178, pages 4-13) to satisfy this briefing requirement. However this was not filed before the October 28, 2011 date. While Defendant did obtain leave of the Court to file these objections to the Magistrate's order, he obtained no leave to file an untimely brief relative to the Request for Admission issue.

4

in light of the jurisdictional limitations of the Court under Fed. R. Civ. P. 45 (Dkt. 123). Similarly, the Court previously denied Defendant's motions to compel discovery from some of these entities in light of the jurisdiction issues. (Dkt. 117).

In the Court's Order quashing Defendant's subpoenas (Dkt. 123), the Court discussed the proper procedure for a subpoena under Fed. R. Civ. P. 45 and the jurisdictional limitations of the same. There is no evidence or record of Defendant attempting to domesticate a subpoena in the district where these deponents reside.

As no valid subpoena or discovery request was pending, Defendant's "Request for Information" was properly denied by the Magistrate and was not rendered "contrary to law" or otherwise amount to "clear error." Consequently, Defendant's objections should be denied.

### C. Order on Motions to Adjourn (Dkt. 127, 145, 146)

Defendant objects to the Magistrate's denial of his multiple requests for adjournments. However, the Magistrate correctly pointed out that Defendant failed to articulate any "discernable basis" to merit an adjournment[9].

As the Court knows, Fed. R. Civ. P. 16(b)(3) allows the Court freedom to modify scheduling orders with the judge's consent for good cause. As Defendant failed to articulate any facts constituting "good cause," there is no basis for the Court to grant him an adjournment.

Similarly, one of Defendant's motions sought leave to file counter-claims against AUA. However, this request was untimely in that it was filed a month after discovery closed (April 11,

---

[9] Defendant apparently contends that outstanding discovery merit adjournment. However, as these grounds **were not stated in his original motions**, they cannot be considered in determining whether the Magistrate erred in deciding the motions based on the record provided. Defendant did state as grounds for his motion that the Court issued a form order requiring Defendant to file a response to the motion to compel (Dkt. 124), however this alone does not merit "good cause" to adjourn.

5

2011) rather than near the outset of the litigation[10]. While Defendant did not file a copy of his proposed amendment (in violation of LR 15.1), Defendant's claims ostensibly arise out of Defendant's theories that AUA conspired to expel him. Defendant already brought these claims in Oakland County Circuit Court and the same were summarily dismissed. The Michigan Court of Appeals unanimously affirmed.

Any Claims that Defendant brought or <u>could have brought</u> against AUA arising out of his relationship with AUA are barred by the doctrine of *res judicata*. See *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir., 1981). Here Defendant's putative claims against AUA have already been reduced to a final judgment and no new claims can be maintained against AUA. As such, Defendant's requested counterclaim would fail as a matter of law.

As Defendant failed to articulate any "good cause" to merit adjourning dates or meriting his untimely request to pursue a (likely futile) counter-claim, denial of his objections is appropriate.

### D. Order on Request for Filing Electronic Data (Dkt. 132)

Defendant objects to the Court's order denying his request to file electronic matters other than PDF files.

The relief requested by Defendant is unclear. However, as the Local ECF Court Rules provide a manner in which the electronic data can be filed as a disc containing this content (LR ECF R18(c)), the Magistrate correctly denied Defendant's motion.

---

[10] See e.g. Fed. R. Civ. P. 13(a), 15(a).

## *CONCLUSION*

As Defendant fails to demonstrate that the Magistrate's opinion and order on these discovery motions was "clearly erroneous" or "contrary to law," these objections should properly be denied.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: November 7, 2011

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing AUA's Response to Woodward's Objections to Order on Discovery Motions (Dkt. 178)(Order Objected to: Dkt. 174) and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on November 7, 2011.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com