UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

    Plaintiff,

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

v

STEVEN L. WOODWARD,

    Defendant.

| Eric A. Buikema (P58379) | Steven Woodward |
| --- | --- |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | c/o 7211 Brittwood Lane |
| Attorneys for Plaintiff | Flint, MI 48507 |
| 322 W. Lincoln | 810-235-7267 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

## PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT

Plaintiff, American University of Antigua College of Medicine ("AUA"), through counsel, states its Motion to have Defendant Show Cause why he should not be held in Contempt of Court for Violating the Permanent Injunction (Dkt. 185) and Motion for Sanctions for Violating the Permanent Injunction as follows:

    1.    On December 5, 2011, the Court granted Plaintiff's Motion for Summary Judgment in part and entered a permanent injunction which prohibited Defendant from publishing on the internet or by other means a number of falsehoods. (Exhibit A, Docket No. 185).

1

2. These falsehoods include:

- AUA routinely commits fraud upon its students.
- AUA falsifies its students' grades.
- AUA breaches contracts.
- AUA conspires to commit fraud and violations of civil rights.
- AUA commits criminal activities reportable to the FBI.
- AUA colluded with St. Joseph Hospital to maliciously end [Woodward's] career.
- AUA committed perjury

*Id.*

3. A copy of this Order was served on Defendant by the Court. *Id.*

4. Similarly, Plaintiff's counsel advised Defendant to cease and desist the publication of these falsehoods in light of the permanent injunction. Exhibit B.

5. Despite receiving the Court's order and being advised to remove the defamatory content from his website, Defendant has taken no actions to comply with the Court's order.

6. In fact, as evidenced from the accompanying Affidavit of Eric Buikema (attached as Exhibit C), Defendant's website, remains completely intact, republishing the above discussed falsehoods as true. Exhibit C, Affidavit. Exhibit D, Website Printoff.

7. The failure to comply with the Order of the Court continues to wrongfully damage Plaintiff. Exhibit C.

8. Plaintiff respectfully requests that an Order to Show Cause be issued against Defendant for its failure to comply with the Order, specifically by Defendant's failure to take any action to comply with the Order in any way and flaunting his disregard for this Court and the court system of the United States.

9. The Court should also sanction Defendant in a manner deemed appropriate by the Court for his failure to abide by the terms of the Court's Order, including a per diem monetary sanction for each day of his continued non-compliance.

Wherefore, Plaintiff respectfully requests that the Court issue an Order to Show Cause why Defendant should not be held in contempt for its failure to comply with the Order for Permanent Injunction entered by this Court. Plaintiff also requests an order of sanctions and attorney fees for Defendant's flagrant non-compliance with the Court's order.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

2:10-cv-10978-PJD-MJH   Doc # 187   Filed 12/13/11   Pg 3 of 11   Pg ID 3029

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

    Plaintiff,

v

STEVEN L. WOODWARD,

    Defendant.

United States District Court Judge
Patrick J. Duggan, presiding
Michael Hluchaniuk, referral
Case No.: 2:10-cv-10978

| Eric A. Buikema (P58379) | Steven Woodward |
| --- | --- |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | c/o 7211 Brittwood Lane |
| Attorneys for Plaintiff | Flint, MI 48507 |
| 322 W. Lincoln | 810-235-7267 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

i

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ iii

CONCISE STATEMENT OF ISSUES PRESENTED ................................................................ iv

OVERVIEW ........................................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

STANDARD OF REVIEW ...................................................................................................2

DISCUSSION ....................................................................................................................3

CONCLUSION ..................................................................................................................4

# INDEX OF AUTHORITIES

Page(s)

*Fed. R. Civ. P. 65* ..............................................................................................................2

*Fed. R. Civ. P. 70(e)* ..........................................................................................................2

*FTC v. Voc. Guides, Inc.*, 2006 U.S. Dist. LEXIS 82308, 33-35 (M.D. Tenn. Nov. 9, 2006) ..............................................................................................................2

*McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir., 2000) ..........................2

*Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 376 (10th Cir., 1996) ......................2

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

I. Did Defendant violate the Court's permanent injunction (Docket No. 185) by failing to remove the defamatory content from his website?

        Plaintiff says:        Yes.

II. Should Defendant be held in contempt for his failure to comply with the permanent injunction (Docket No. 185)?

        Plaintiff says:        Yes.

## OVERVIEW

The Court recently granted AUA's Partial Motion for Summary Judgment in part and entered a permanent injunction restraining Defendant's publication of a number of his defamatory statements. Despite receiving a copy of the Court's order and a cease and desist letter from the undersigned counsel, Defendant refuses to comply with the Court's injunction. Consequently, the Court should enter an order requiring him to show cause why he should not be held in contempt for his flagrant and willful violation of the permanent injunction. Sanctions and attorney fees are appropriate.

## STATEMENT OF FACTS

On December 5, 2011, the Court granted Plaintiff's Motion for Summary Judgment in part and entered a permanent injunction which prohibited Defendant from publishing on the internet or by other means a number of falsehoods. (Exhibit A, Docket No. 185).

The Court concluded that the following statements were false and defamatory and entered an injunction precluding Defendant's publication of the same:

- AUA routinely commits fraud upon its students.
- AUA falsifies its students' grades.
- AUA breaches contracts.
- AUA conspires to commit fraud and violations of civil rights.
- AUA commits criminal activities reportable to the FBI.
- AUA colluded with St. Joseph Hospital to maliciously end [Woodward's] career.
- AUA committed perjury

*Id.* The Court's order clearly indicated that it was served on Defendant. On December 6, 2011, Plaintiff's counsel advised Defendant to cease and desist the publication of these falsehoods in light of the permanent injunction. Exhibit B.

1

Defendant has taken no actions to comply with the Court's order. Exhibit C, Affidavit of Eric Buikema. In fact, Defendant's website, remains completely intact, republishing the above discussed falsehoods as true. Exhibit D, Website Printoff. For the reasons discussed below, the Court should enter an order requiring Defendant to Show Cause why he should not be held in Contempt for Violation of the Permanent Injunction (Docket No. 185).

## STANDARD OF REVIEW

The Court has ample authority to enforce its own decisions. For example, Fed. R. Civ. P. 70(e) allows the Court to hold a party in contempt for violation of an order enforcing judgment. See also *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir., 2000). Similarly, the Court has authority pursuant to Fed. R. Civ. P. 65 to enforce its injunctions with the penalty of contempt. See e.g. *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 376 (10th Cir., 1996).

The Court in *FTC v. Voc. Guides, Inc.*, 2006 U.S. Dist. LEXIS 82308, 33-35 (M.D. Tenn. Nov. 9, 2006) outlined the standards governing a motion to hold a party in contempt for violation of a court order:

> A decision on a motion for contempt lies within the sound discretion of the Court. See *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). While the contempt power should not be used lightly, the power "'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed'" by law. *Id.* (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 31 S. Ct. 492, 55 L. Ed. 797 (1911)); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966). Contempt proceedings are used to "enforce the message that court orders and judgments are to be complied with in a prompt manner." *Id.*
>
> To establish civil contempt, a movant must show by clear and convincing evidence that (1) a party failed to comply with a definite and specific court order, and (2) the party had knowledge of the court order. *Gary's Electric Service Co.*, 340 F.3d at 379; *Rolex Watch USA v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). To prevail on a civil contempt claim, the movant is not required to establish intent or

willfulness. *Rolex Watch USA*, 74 F.3d at 720. Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor who must "'categorically and in detail' show why he or she is unable to comply with the court's order." *Rolex Watch USA*, 74 F.3d at 720.

For the reasons discussed below, Defendant should be held in contempt of court.

## *DISCUSSION*

### *I. Defendant Should Show Cause Why He Has Not Complied with the Permanent Injunction.*

Here the Court specifically enjoined Defendant from his continued publication of a number of defamatory statements. However, despite the Court's order (Exhibit A) and a cease and desist letter (Exhibit B), Defendant has taken no action to comply with the Court's clear and unambiguous order.

The first element to establish civil contempt is met. Here there is no doubt that Defendant failed to comply with a definite and specific court order. Exhibit C is an affidavit describing the continuing violation. Exhibit D is a copy of Defendant's website as retrieved on December 12, 2011. There is no doubt that Defendant failed to comply with the Court's order.

The second element—that Defendant had knowledge of the order—is also met. Here the Court served a copy of the Order on Defendant. Exhibit A. Similarly, the undersigned counsel contacted Defendant via email in an attempt to enforce the order. Exhibit B. Defendant frequently utilized email both with Plaintiff's counsel and the Court. There is no doubt that Defendant acquired actual knowledge regarding the injunction.

As Plaintiff has established a prima facie showing of a violation, the burden to justify the violation shifts to Defendant. The Court should order that he show cause both "categorically and in detail" why he has not complied with the Court's order.

3

## II.  An Order of Sanctions is Appropriate

Where, as here, the Defendant's wrongful conduct, willfully in violation of the Court's order occasions this motion for enforcement, the Court is well within its equitable powers to issue an award of sanctions and attorney fees.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court issue an Order to Show Cause why Defendant should not be held in contempt for its failure to comply with the Order for Permanent Injunction entered by this Court. Plaintiff also requests an order of sanctions and attorney fees for Defendant's flagrant non-compliance with the Court's order.

Respectfully Submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

Dated: December 13, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not be Held in Contempt of Court, Brief in Support of Motion and this Certificate of Service were served upon Steven L. Woodward, Defendant, via his email address Steve_L_woodward@yahoo.com and First Class U.S. mail to Steven Woodward, c/o 7211 Brittwood Lane, Flint, MI 48507 on December 13, 2011.

/s/ Eric A. Buikema
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

4