UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

      Plaintiff,

V                                                 Case No.

STEVEN WOODWARD,

      Defendant.

_____

ERIC A. BUIKEMA (P58379)
Cardelli, Lanfear, & Buikema, PC
Attorneys for Plaintiff
322 W. Lincoln
Royal Oak, MI  48067
(248) 544-1100

_____

## PLAINTIFF'S VERIFIED COMPLAINT AND EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER

      NOW COMES Plaintiff, American University of Antigua, College of Medicine, by and through its attorneys, CARDELLI, LANFEAR & BUIKEMA, P.C., and for its Verified Complaint and Ex Parte Request for Temporary Restraining Order, states as follows:

      1.      Plaintiff American University of Antigua, College of Medicine ("AUA") is an Antiguan corporation located at University Place, Antigua, West Indies.

      2.      Plaintiff places students in certain Michigan hospitals for clinical education and training.

# EXHIBIT

# C

# American University of Antigua

This Web site is intended to ensure you are well informed about this institution and the hospitals they do business with.

Hopefully, this prevents you from wasting years of your life and possibly as much as $150,000 in tuition alone.

Consider yourself informed about the business practices of AUA.

### Antigua only has a 22.9% USMLE Pass Rate!

### AUA student sexually assaulted!

Learn more truth about rape, murder, and other crimes on Antigua!

This site contains evidence about AUA:

  **-Fraud**

  **-Falsifying Student Grades**

  **-Breach of Contract**

  **-Disregard for Student Civil Rights**

  **-Conspires Against Students**

and other unethical practices by AUA and the hospitals they do business with.

"The Memo" is a link to evidence about a letter that had no other than malicious intensions. This demonstrates the pure heinous nature of the administration and academic advisors of both AUA and St Joseph Mercy Oakland hospital of Trinity Healthcare network.

**"Video Index** " is the complete list of videos.

The documents included on this site are: court exhibits, depositions, interrogatories, student records, emails from student and faculty, recordings, pictures, and other documentation.

If these businesses do this to their students, one can only imagine what they do to their patients.

This web site is dedicated to all the students whose lives, careers, and dreams were ruined by AUA.

 (This is not the official American University of Antigua, AUA, site.)

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

1      THE COURT:  Wait, that's a different theory.

2      MR. BUIKEMA:  You asked me specifically about the

3    confusing --

4      THE COURT:  We're going to go to each one of your

5    theories because I'm trying to figure out why you're

6    asserting these theories because it doesn't seem to me

7    your Lanham Act has any merit at all.

8      MR. BUIKEMA:  The Lanham Act claim is relative not

9    to the use of the confusingly similar web domain name,

10   I misunderstood, Your Honor, apologies.

11      The Lanham Act claim is relative to plaintiff's

12   use, republication of our actual logo, trade name.

13      THE COURT:  Where is that set forth here?

14      MR. BUIKEMA:  This is set forth in the verified

15   complaint.

16      THE COURT:  No, no, I've got your motion.  I'm

17   reading your motion.  Your motion tells me why you're

18   entitled to relief.  Now, you're coming up with

19   something I didn't read in the motion at all.

20      MR. BUIKEMA:  That is contained, I believe, at

21   page six, Your Honor -- excuse me, top of page seven.

22   Our motion reads, "Defendant's use of the similar

23   domain name, including copies, reproduction and/or

24   counterfeits of the AUA logo on the site itself has

25   been and continues to be done with the intent to cause

*10-10978; American University of Antigua v. Steven Woodward*

EXHIBIT 5

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY
Argument By Mr. Buikema
Monday/April 19, 2010

10

1            Let's go to your next argument which is

2     anticybersquatting claim?

3            MR. BUIKEMA:  That's correct, Your Honor.

4            THE COURT:  Tell me about that one.

5            MR. BUIKEMA:  Okay.  The defendant's website

6     utilizes as a domain name "aua-med.org" -- or excuse

7     me, "aua-med.com".

8            The actual and authentic website is, "auamed.org".

9     That website -- domain name is not chosen by accident,

10    I submit to you, it's chosen for the very purpose of

11    ciphering off legitimate internet traffic for seeking

12    information about the University or potentially from

13    the University to be redirected to Mr. Woodward's site.

14           Because he has chosen that trade name under this

15    provision of the ACPA, he can be held liable and

16    injunctive relief is available if, in fact, there is

17    bad faith intent to profit from that mark or use that

18    mark and it's confusingly similar or diluted.

19           THE COURT:  All right.  Let's go to page seven of

20    your brief, your motion.

21           MR. BUIKEMA:  Yes, Your Honor.

22           THE COURT:  You said, "Cyber squatting involves a

23    registration as a domain, names of well-known

24    trademarks by a non-trademark holder who then try to

25    sell names back to the trademark."

*10-10978; American University of Antigua v. Steven Woodward*

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

Argument By Mr. Buikema
Monday/April 19, 2010

11

1      MR. BUIKEMA:  That is one potential --

2      THE COURT:  That isn't happening here, is it?

3      MR. BUIKEMA:  It's not.  I agree.  But that's one

4  potential means or method of violating the ACPA, as I

5  understand it.

6      THE COURT:  Let's keep going.  It says, "A person

7  shall be liable in a civil action by the owner of a

8  mark...if without regard to the goods or services of

9  the parties."  Again, we're talking about goods and

10  services.

11     MR. BUIKEMA:  Your Honor, I agree.  But the goods

12  and services is not focusing from the offender

13  standpoint.  The offender doesn't have to be selling or

14  advertising competing goods or services for it to be a

15  violation.

16     THE COURT:  Who says they don't?  What case do you

17  have that says, "The competitor doesn't have to be

18  involved in selling goods or services", what case?

19     Every case I've ever had, the competitor is

20  dealing with goods or services.

21     MR. BUIKEMA:  He is competing with us --

22     THE COURT:  Everyone I've had is dealing with

23  goods or services, that's what the competition is

24  doing.

25     MR. BUIKEMA:  In my view, Your Honor, the goods or

*10-10978; American University of Antigua v. Steven Woodward*

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

Argument By Mr. Buikema
Monday/April 19, 2010

14

```
1          But more importantly --
2          THE COURT:  Why, he's not an agent of the
3    university in any way, shape or form?
4          MR. BUIKEMA:  But we are an agent of our students
5    whose information has been --
6          THE COURT:  But this prohibits the University from
7    doing it.  How could you possibly argue that the
8    University is doing it, when they're not?
9          MR. BUIKEMA:  I'm not sure I understand Your
10   Honor's question.
11         THE COURT:  It says, "It prohibits federal funding
12   of educational institutions who have a policy or
13   practice."  You don't contend the education has a
14   policy or practice, do you?
15         MR. BUIKEMA:  I do not contend that it has a
16   policy or practice.  But Mr. Woodward's actions in
17   disclosing the student information could cause the
18   federal government to terminate funding --
19         THE COURT:  How could that be a policy or practice
20   of the University?  How would anyone ever believe his
21   conduct is a practice or policy of the University?
22         MR. BUIKEMA:  I'd rather not find out, frankly,
23   Your Honor.
24         THE COURT:  It's just ridiculous.  I don't know
25   why you're arguing that.  His conduct can't be
```

*10-10978; American University of Antigua v. Steven Woodward*

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

Argument By Mr. Buikema                                 18
Monday/April 19, 2010

1    allegations in our complaint are true", and it's signed

2    by the President of the University.

3         THE COURT:  Hold on.

4         MR. BUIKEMA:  In fact, that's the only evidence

5    you have, in this case, thus far.

6         THE COURT:  Hold on.  Tell me what the verified

7    complaint says with respect to these individual items.

8         MR. BUIKEMA:  I will.

9         If you look at page four of the verified

10   complaint, paragraph 21, Your Honor, reads:

11   "Defendant's website represents, alleges, and

12   publishes, as if true, false and defamatory about AUA,

13   including by way of example and not by limitation

14   that:"

15        And then you see the same subparagraphs "A"

16   through "P" in that allegation.

17        The very last page, of course, is a verification

18   signed, under oath, by the President of the University

19   indicating that the allegations contained in the

20   complaint are, in fact, true.  He's reviewed them and

21   the like.

22        So, he's affirmed that those representations by

23   Mr. Woodward's website are false in sworn testimony.

24        THE COURT:  Who signed the affidavit?

25        MR. WOODWARD:  The President of the University.

*10-10978; American University of Antigua v. Steven Woodward*

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

Argument By Mr. Buikema
Monday/April 19, 2010                                    19

1        His name is Neil Simon, not to be confused with the

2   playwright.

3        THE COURT:  Let's go, for example, to small "h":

4   "AUA students are sexually assaulted."  Is that a false

5   statement?

6        MR. BUIKEMA:  In and of itself, an AUA student was

7   apparently assaulted.  The connotation of AUA students

8   being sexually assaulted, in the tense, is a false

9   statement.

10       THE COURT:  In the what?

11       MR. BUIKEMA:  In the tense utilized or represented

12  by the website is a false statement.

13       THE COURT:  I'm missing what you're talking about,

14  "Tense".

15       MR. BUIKEMA:  The statement in the website

16  connotes a general practice or happening as if "All

17  students" or generally students are sexually assaulted

18  at AUA.

19       THE COURT:  That's the spin you put on it.  But

20  the statement itself is true, "AUA students are

21  sexually assaulted", have they?

22       MR. BUIKEMA:  An AUA student was sexually

23  assaulted.

24       THE COURT:  Only one?

25       MR. BUIKEMA:  To my knowledge, yes.

*10-10978; American University of Antigua v. Steven Woodward*

AVAILABLE AT PUBLIC TERMINAL FOR VIEWING ONLY

Response By Mr. Woodward
Monday/April 19, 2010                          29

1        MR. WOODWARD:  Okay.  I was confused that this

2    first page was a motion and there are five items to

3    this page and that's why I wasn't --

4        THE COURT:  I don't know of any motion talking

5    about bad faith.  In any event, let's go on.

6        MR. WOODWARD:  We just covered bad faith in his --

7        THE COURT:  I understand.  I don't know that you

8    have bad faith or not.

9        MR. WOODWARD:  Yes, Your Honor.

10       As far as -- yes, Your Honor.  I guess I can go

11   over my claims here that are obviously -- I can show

12   that they are mistaken.

13       When it says, "AUA student rate for USMLE medical

14   board is only 22.9% percent", that is not what my

15   website says and I have evidence to show that.

16       What it is, it's Antigua does.  And it's published

17   information.  There's two medical schools on Antigua.

18   And Antigua has a 22.9% pass rate.  Antigua does.

19       THE COURT:  Hold on.  What's the difference

20   between Antigua?

21       MR. WOODWARD:  There are two medical schools, Your

22   Honor.  The organizations that release or that have the

23   documentation to support the pass rates will not

24   release those pass scores.

25       THE COURT:  So, you never stated that this

*10-10978; American University of Antigua v. Steven Woodward*

1     University has a --

2          MR. WOODWARD:  No.

3          THE COURT:  You never said it?

4          MR. WOODWARD:  Never said it.

5          THE COURT:  Stop.  Stop.  Counsel, why do you say

6     he said it?

7  RESPONSE BY MR. BUIKEMA

8          MR. BUIKEMA:  That's my understanding of the

9     website publication.

10         And even if what Mr. Woodward is now saying is

11    true, he's just told you, Your Honor, that there are

12    two medical schools.  And so to say that Antigua's

13    USMLE rate in context to his entire web page that's

14    smearing the reputation of my client, was intentionally

15    misleading and known to be misleading by this person.

16         He's also just said the organization that

17    publishes those scores won't release them.  So, how can

18    he know the pass rate from Antigua if he sought that

19    from the releasing party and they won't release it?

20    That's a reckless statement.  Whether it's intentional

21    or not, if it's reckless, that supports the cause for

22    defamation.

23         THE COURT:  Why are you making any reference at

24    all about a pass rate of 22.9%?

25  RESPONSE BY MR. WOODWARD

*10-10978; American University of Antigua v. Steven Woodward*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

        Plaintiff,

v.                                                             Case No. 10-10978
                                                               Honorable Patrick J. Duggan
STEVEN L. WOODWARD,

        Defendant.
_____/

## OPINION

On March 11, 2010, Plaintiff American University of Antigua College of Medicine ("AUA") filed this lawsuit against Defendant Steven L. Woodward ("Woodward"), seeking to quiet his complaints about AUA and shut down his internet website with the domain name www.aua-med.com where many of his complaints are being published. AUA alleges the following claims against Woodward in its Complaint: (I) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (II) infringement under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d); (III) violation of the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; and (IV) defamation in violation of Michigan law. AUA seeks a permanent injunction prohibiting Woodward from publishing, on his website or by any other means or medium, defamatory content or AUA proprietary information (including student academic records other than his own). AUA also asks the Court to order Woodward to forfeit the domain names he has registered using "AUA" and to award

*Counter Clan*

**EXHIBIT   6**

## Conclusion

For the reasons set forth above, the Court concludes that AUA fails to demonstrate that it is entitled to summary judgment with respect to the claims alleged in its Complaint, except its claim that Woodward engaged in defamation. AUA's claims under the Lanham Act, Anticybersquatting Consumer Protection Act, and Family Educational Rights and Privacy Act of 1974 (Counts I-III, respectively) fail as a matter of law. Thus the Court is granting summary judgment to Woodward with respect to those claims pursuant to Federal Rule of Civil Procedure 56(f).[14]

While the Court concludes that AUA is entitled to summary judgment with respect to its defamation claim (Count IV), the Court concludes that AUA prevails with respect to the following statements by Woodward, only:

- AUA routinely commits fraud upon its students.
- AUA falsifies its students' grades.
- AUA breaches contracts.
- AUA conspires to commit fraud and violations of civil rights.
- AUA commits criminal activities reportable to the FBI.
- AUA colluded with St. Joseph Hospital to maliciously end [Woodward's] career.
- AUA committed perjury.

The Court therefore is entering a permanent injunction, enjoining Woodward from

---

[14]Rule 56(f) allows a court to grant summary judgment for a nonmovant "[a]fter giving notice and a reasonable time to respond . . . ." On prior occasions in this litigation, the Court has shared with the parties its reasons for concluding that AUA's claims under the Lanham Act, ACPA, and Family Educational Rights and Privacy Act of 1974 fail to state a claim for relief as a matter of law. AUA has failed to respond in a reasonable time with arguments suggesting that the Court's analysis is incorrect.

31.    AUA's agents and employees engaged in a conspiracy.[9]
32.    AUA abused its power.
34.    AUA is otherwise immoral or unethical.
35.    AUA's agents are liars.[10]

Woodward no longer states on his website that "AUA students are sexually assaulted" (see Request for Admissions No. 22 (emphasis added)); instead, he asserts: "AUA student sexually assaulted." See http://aua-med.com. Woodward presents evidence to show that this is a true statement. Similarly, Woodward no longer states that "AUA's student pass rate for USMLE medical board exams is only 22.9%." (Request for Admissions No. 28.) Instead Woodward states that "*Antigua* only has a 22.9% USMLE Pass Rate!" See id. (emphasis added). "A preliminary injunction is proper only to prevent an on-going violation."[11] *Taubman Co.*, 319 F.3d at 775 (citing *Hecht Co. v. Bowles*, 321 U.S. 321, 329-30, 64 S. Ct. 587 (1944)).

Woodward's statement that "Antigua is full of 'rape, murder, fraud, and government corruption' and that therefore AUA is an unsafe place" (Request for Admission No. 36), constitutes an objectively verifiable (the first clause) and subjective (the second clause) assertion.[12] Woodward's statement about the level of crime on

---

[9]As the statement is vague as to what AUA conspired to achieve, it is not objectively verifiable.

[10]Unlike the example in *Milkovich*, Woodward's statement does not refer to any specific AUA agent and thus the Court does not find the statement objectively verifiable.

[11]Moreover, neither statement as now published is "concerning the plaintiff."

[12]The Court believes, however, that the inclusion of "full of" may convert the first
(continued...)

23

*16*

Case 2:10-cv-10978-PJD-MJH

U.S. DIST. COURT CLERK
EAST DIV MICH
FLINT

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN 2010 JUL 19 A 5:31
### SOUTHERN DIVISION

FILED

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V

CASE No.: 2:10-cv-10978-PJD-MJH
Judge Patrick J. Duggan
Magistrate Judge

STEVEN WOODWARD,

Defendant,

REQUEST FOR SETTING ASSIDE MOTION FOR DEFAULT
REQUEST FOR DISSMISAL FOR ON GROUNDS OF PERJURY, OBSTRUCTION
and CONTEMPT.

In accordance with Fed. R. Civ. P. 55(c), and Fed R. Civ. P. 60 (b). I request that the
Request Clerk's Entry of Default be set aside.
This is in accordance with the Honorable Judge Duggan's change in time table allowing
the defendant, Steven Woodward, time to find legal counsel.  Pure logic dictates that I
was not under an obligation to submit a pleading until after July 15th , 2010 because of
the time  I was given to obtain legal counsel, per Fed. R. Civ. P. 12 (a), (1).  There have
been no dates assigned to me for answering the claim as of yet, since I do not reside
inside the United States, I am here only to defend myself.

I have made every effort to defend myself and comply more than timely in these
proceedings and as such request the Default be set aside and be adequately notified of the
date of which my answer and counter claim has to be filed.

**EXHIBIT**    7

1

Exhibit 1:
The plaintiff's attorney, Eric A. Buikema, knew I was living abroad per the conversation in the presents of the Honorable Judge Duggan stated that I was living in the "Caribbean", but in "PLAINTIFF'S VERIFIED COMPLAINT AND EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER" states in number 3. "Defendant Steven Woodward is a resident of Flint, Michigan who, upon last information and belief, makes his home on a sailboat in the vicinity of Flint, Michigan." This statement is perjury USC:18:1621, obstruction and contempt.

The following exhibits is another example of perjury made by the plaintiff. (Exhibit 2)The plaintiff's own Exhibit C from "INDEX OF EXHIBITS TO PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION" is proof of this. The plaintiff states in "PLAINTIFF'S VERIFIED COMPLAINT AND EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER". (Exhibit 3) Number 21. h. "AUA students are sexually assaulted".
Their own Exhibit C(Exhibit 2) states "AUA student sexually assaulted". The plaintiff's attorney used the excuse of plurality in his defense in the presence of the Honorable Judge Duggan.

Exhibit 4:
This exhibit is my flight itinerary. This is proof I was living on St Maarten and traveled to Flint, Michigan to defend myself.

Exhibit 5:
This email to Andrea_Teets@mied.uscourts.gov demonstrates my intentions to defend myself and to try and obtain procedural deadlines.

Exhibit 6:
This email also to Andrea Teets demonstrates that I am trying to obtain accurate dates due to my situation of living abroad.

I quote:
"Please advise me on the waiver and motion process and process dates so I can establish dates to defend myself."

The plaintiff's attorney knew I was returning from abroad and was granted time to seek counsel until July 15, 2010.

I request this case be dismissed.

2

27

Case 2:10-cv-10978-PJD-MJH

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

2010 AUG -6  A 9 22

FILED

## UNITED STATES DISTRICT COURT
### IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V

                          CASE No.: 2:10-cv-10978-PJD-MJH
                          Judge Patrick J. Duggan
                          Magistrate Judge

STEVEN WOODWARD,

Defendant,

AMENDMENT TO:
"REQUEST FOR SETTING ASSIDE MOTION FOR DEFAULT
REQUEST FOR DISSMISSAL FOR ON GROUNDS OF PERJURY, OBSTRUCTION
and CONTEMPT."

MOTION FOR DISSMISSAL FOR ON GROUNDS OF PERJURY, OBSTRUCTION
and CONTEMPT

MOTION FOR PRELIMINARY INJUNCTION FOR WWW.AUAMED.ORG

**EXHIBIT**

B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

        Plaintiff,

                                  United States District Court Judge
                                  Patrick J. Duggan, presiding
                                  Michael Hluchaniuk, referral
v                                    Case No.: 2:10-cv-10978

STEVEN WOODWARD,

        Defendant.

---

Eric A. Buikema (P58379)                     Steven Woodward
CARDELLI, LANFEAR & BUIKEMA, P.C.    Pro Per
Attorneys for Plaintiff                      7211 Brittwood Ln.
322 W. Lincoln                            Flint, MI 48507
Royal Oak, MI 48067                   Steve_l_woodward@yahoo.com
(248) 544-1100
ebuikema@cardellilaw.com

---

## PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

    Plaintiff, through Counsel, states its Motion for Sanctions pursuant to Fed. R. Civ. P. 11

as follows:

    1.      Defendant is in Default (Docket No. 14).

    2.      As the Court knows, a defaulted party may only take limited actions, such as

seeking to set aside the default or contest damages. Fed. R. Civ. P. 55.

    3.      Defendant filed not one but three motions to set aside the default. (Docket Nos.

16, 27 and 28). However, none of these motions stated "good cause" sufficient to satisfy Fed. R.

Civ. P. 55(c).

**EXHIBIT**     9

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

        Plaintiff(s),               Case No. 2:10-cv-10978-PJD-MJH

v.                                Judge Patrick J. Duggan

STEVEN WOODWARD           Magistrate Judge

        Defendant(s).

## REQUEST FOR CLERK'S ENTRY OF DEFAULT

In accordance with Fed. R. Civ. P. 55(a), I request that a Clerk's Entry of Default be entered against

STEVEN WOODWARD _____ for failure to plead or otherwise defend.

### AFFIDAVIT

In support of my request for Clerk's Entry of Default, I state that:

1.  The summons and complaint were served on _____ STEVEN WOODWARD _____ at

    steve_l_woodward@yahoo.com by email and at 7211 Brittwood Ln, Flint, MI 48507 ____ by

    certified mail.

2.  The defendant has failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12.

3.  The defendant is not an infant, incompetent person or a member of the military service.

4.  This statement is true and is signed under the penalty of perjury.

Date: July 15, 2010           /s/ Eric A. Buikema

                               P58379
                               Cardelli, Lanfear & Buikema, P.C.
                               322 W. Lincoln
                               Royal Oak, MI 48067
                               (248) 544-1100
                               ebuikema@cardellilaw.com

**EXHIBIT** 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

        Plaintiff,

v.                                                         Case No. 10-10978
                                                           Honorable Patrick J. Duggan
STEVEN L. WOODWARD,

        Defendant.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On March 11, 2010, Plaintiff American University of Antigua College of Medicine

("AUA") filed this lawsuit against Defendant Steven L. Woodward ("Woodward"),

seeking to shut down Woodward's internet website with the domain name www.aua-

med.com. Presently before the Court are the following motions: (1) Woodward's motions

for subpoenas (Docs. 17, 18, 21, and 26); (2) Woodward's motion to set aside the Clerk's

Entry of Default entered on July 16, 2010 at AUA's request and for dismissal (Doc. 16)

and his amendments to that motion (Docs. 27 and 28); (3) AUA's motion to strike

Woodward's Answer, to enter default judgment, and for a permanent injunction (Doc.

1

**EXHIBIT**

**1**

it is entitled to a permanent injunction and it failed to comply with the "safe harbor"

provisions required prior to seeking Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2).

Woodward similarly has not established that he is entitled to dismissal of AUA's claims

or a preliminary injunction.

### Summary

For the reasons set forth above, the Court is setting aside the Clerk's Entry of

Default. The Court therefore denies AUA's motion for a default judgment. The Court

further denies AUA's motion to strike Woodward's answer, for a permanent injunction,

and for Rule 11 sanctions, concluding that such relief is not warranted. The Court also

denies Woodward's motions for subpoenas and requests for dismissal and a preliminary

injunction.

Accordingly,

 **IT IS ORDERED**, that Defendant Steven Woodward's motions for subpoenas

(Docs. 17, 18, 21, and 26) are **DENIED**;

 **IT IS FURTHER ORDERED**, that Defendant Steven Woodward's requests to

set aside the motion for default and for dismissal and preliminary injunction (Docs. 16,

27, and 28) are **GRANTED IN PART AND DENIED IN PART** in that the Clerk's

Entry of Default is **SET ASIDE** but his requests for dismissal and a preliminary

injunction are **DENIED**;

---

sought is relevant to defend against AUA's claims *in this case* and to carefully review
Federal Rule of Civil Procedure 45.

7

2

Response By Mr. Woodward                    24
Thursday/August 11, 2011

1      MR. WOODWARD:  What's that?  It's whoever the

2   court reporter is.

3   RESPONSE BY MR. BUIKEMA

4      MR. BUIKEMA:  He's referring, Your Honor, to his

5   deposition, at which I would ask him questions, such

6   as, "What's your name?"  And he'd want to produce

7   documents.

8      THE COURT:  So, this is his deposition?

9      MR. BUIKEMA:  Yes, I refused to accept documents

10  in lieu of an answer of my question, is what he's

11  referring to, I believe.

12     MR. WOODWARD:  That is not true.  Sir, I brought

13  to December 22nd, 2,500 pages of documentation,

14  interrogatories, the answers to his interrogatories,

15  the answers to his request to admissions and he's

16  refusing to take this information.

17     MR. BUIKEMA:  And I can short circuit this, I

18  hope.

19     The only item that he's listed, that I think would

20  be relevant to next week's hearing on the dispositive

21  motion, would be the request for admission responses.

22  I don't know whether they were at that hearing or not.

23     But it's true, I'll stipulate, for the record,

24  that I left the hearing without accepting the banker's

25  boxes that Mr. Woodward brought to that hearing, which,

10-10978; American University of Antigua v. Steven Woodward

**EXHIBIT**   12

| Subject: | AUA–Woodward |
|---|---|
| From: | Steve Woodward (steve_l_woodward@yahoo.com) |
| To: | kzalewski@cardellilaw.com; ebuikema@cardellilaw.com; |
| Date: | Monday, November 22, 2010 4:01 PM |

Mr. Buikema,

Attached is:
Defendant's Interrogatories to Plaintiff
Defendant's Request for Documentation
Defendant's Request for Admissions
Certificate of Service

I will send a copy of the documents to you via US Mail.

Steven Woodward

This email and any attachments are intended for the sole use of the named recipient(s) and contain(s) confidential information that may be proprietary, privileged or copyrighted under applicable law. If you are not the intended recipient, do not read, copy, or forward this email message or any attachments. Delete this email message and any attachments immediately.

**EXHIBIT** *13*

**Subject:** American University v Woodward - 11-11-11 from Eric Buikema

**From:** Kathryn Zalewski (kzalewski@cardellilaw.com)

**To:** steve_L_woodward@yahoo.com;

**Date:** Friday, November 11, 2011 11:07 AM

<<11-11-11 ltr to woodward - rfp response.pdf>> <<aua's response to rfp - without attachments - 11-11-11.pdf>>

Sincerely,

Kathy Zalewski

Legal Secretary

Cardelli, Lanfear & Buikema, P.C.

322 W. Lincoln

Royal Oak, MI 48067

(248) 544-1100

kzalewski@cardellilaw.com

This transmisison may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is **strictly prohibited**. If you received this transmission in error, please contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**EXHIBIT** 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

      Plaintiff,

                                 United States District Court Judge
                                 Patrick J. Duggan, presiding
                                 Michael Hluchaniuk, referral
V                                   Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

      Defendant.

---

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST
## FOR PRODUCTION PURSUANT TO FRCP 34

      Plaintiff American University College of Medicine ("AUA"), through Counsel, states its

responses and objections to Defendant's Requests for Production of Documents as follows:

      As an initial matter, Plaintiff objects to the instructions and definitions provided by

Defendant. These instructions impose duties beyond the scope of allowable discovery provided

for in Title V of the Federal Rules of Civil Procedure. Similarly, Plaintiff AUA cannot answer

on behalf of affiliated institutions which are non-parties to the instant action.

1

**REQUEST NO. 1:**

1. Please produce a copy of all Nellie Mae Loan Certifications signed by any AUA employee.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Since its inception, AUA has serviced thousands of student loans. Student loan documentation is irrelevant to the issues in this case of whether Defendant defamed Plaintiff or violated its marks. Similarly, federal laws and regulations prohibit disclosure of this private and confidential student information and AUA is precluded from doing so absent the appropriate protective order and confidentiality agreement.

**REQUEST NO. 2:**

 2. Please produce a copy of all patient records for Steven Woodward concerning any clinical treatment provided by any AUA employee.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations.

**REQUEST NO. 3:**

 3. Please produce a copy of all patient records for Steven Woodward written by any AUA employee.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.

## REQUEST NO. 4:



4. Please produce a copy of all counseling records for Steven Woodward written by any AUA employee.

## RESPONSE TO REQUEST NO. 4:

**Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.**

## REQUEST NO. 5:



5. Please produce a copy of all prescriptions for Steven Woodward for any clinical treatments provided by any AUA employee.

## RESPONSE TO REQUEST NO. 5:

**Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.**

## REQUEST NO. 6:



6. Please produce a copy of all records and documents between Peter Bell and Steven Woodward.

## RESPONSE TO REQUEST NO. 6:

**Plaintiff objects to this interrogatory as seeking information irrelevant to the instant claims and defenses. Any communications between Defendant and Dr. Bell are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.**

3

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 7:**

 7. Please produce a copy of all communications between any AUA employee and Stuart A Lockhart concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this interrogatory as seeking information irrelevant to the instant claims and defenses. Plaintiff does not know of a Stuart Lockhart. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

**REQUEST NO. 8:**

 8. Please produce a copy of all communications to or from Neal S. Simon concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Mr. Simon are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit A regarding the grievance. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 9:**

 9. Please produce a copy of all communications to or from Peter Bell concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Mr. Bell are

4

not relevant to whether Defendant defamed Plaintiff or violated its marks. As Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

## REQUEST NO. 10:



10. Please produce a copy of all communications between any AUA employee and any St Joseph Mercy Oakland Hospital employee concerning Steven Woodward.

## RESPONSE TO REQUEST NO. 10:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications between AUA and St. Joseph Mercy are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

## REQUEST NO. 11:



11. Please produce a copy of the email written by Jorge Calderon to Susan Zonia dated Saturday, December 15, 2007 subject: Fwd: Planning the grievance hearing including the "note" from Dr. Cain.

## RESPONSE TO REQUEST NO. 11:

Upon information and belief Defendant[1] is in possession of a copy of this email. It was the subject of the Oakland County Court Case between Defendant and the Trinity Health System (OCCC Case No. 07-088103-CZ). This document is a matter of public record, having been attached to filings in the aforementioned case. Should Defendant still request production, AUA will make this document available for inspection or copying at Defendant's expense.

---

[1] Or his counsel in the other court proceeding.

**REQUEST NO. 12:**



12. Please produce all communications by Victor Hrehorovich concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications made by Dr. Hrehorovich are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 13:**



13. Please produce all communications by Jorge Calderon concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications involving Dr. Calderon are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 14:**



14. Please produce all communications by Jeffrey Yanez concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Dr. Yanez are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to

these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit B, deposition of Jeffrey Yanez. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

<u>REQUEST NO. 15:</u>

 15. Please produce all communications by Susan Zonia concerning Steven Woodward.

<u>RESPONSE TO REQUEST NO. 15:</u>

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Dr. Zonia are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit C, deposition of Susan Zonia. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

<u>REQUEST NO. 16:</u>

 16. Please produce all communications by Deneen McCall concerning Steven Woodward.

<u>RESPONSE TO REQUEST NO. 16:</u>

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Ms. McCall are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit D, deposition of Deneen McCall. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 17:**

 17. Please produce all communications by William Cain concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Dr. Cain are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 18:**

18. Please produce a copy of all documentation identified by Plaintiff's Rule 26 disclosures.

**RESPONSE TO REQUEST NO. 18:**

These documents are all copies of information Defendant has published on his website and as such, he is already in possession of the same. To the extent that Plaintiff has procured copies of some of these files, it will make the same available for inspection or copying at Defendant's expense.

**REQUEST NO. 19:**

19. Please produce a copy of all exhibits or demonstrative aids which the Plaintiff intends to rely upon at trail (sic).

**RESPONSE TO REQUEST NO. 19:**

These documents are all copies of information Defendant has published on his website and as such, he is already in possession of the same. To the extent that Plaintiff has procured copies of some of these files, it will make the same available for inspection or copying at Defendant's expense.

**REQUEST NO. 20:**

20. Please produce a complete copy of the AUA student file for Steven Woodward.

8

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Mr. Woodward's student file is not relevant to whether Defendant defamed Plaintiff or violated its marks.  Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 21:**

 21. Please produce a copy of all files AUA has concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Files AUA may have on Defendant (other than his student file, which is discussed in response to Request 20) are not relevant to whether Defendant defamed Plaintiff or violated its marks.  Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 22:**

 22.  Please produce a copy of all meeting minutes pertaining to Steven Woodward.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Meeting minutes pertaining to Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks.  Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks meeting minutes regarding the grievance, these are contained in Defendant's student file.  Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 23:**



23. Please provide a copy of all reports, findings, and recommendations used to form the basis for all Grievance Committee Meeting findings concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. The Grievance Committee proceedings are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 24:**



24. Please produce a copy of all written communications between AUA and St Joseph Mercy Oakland Hospital pertaining the December 2007 Grievance with Steven Wooward. (sic)

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 25:**



25. Please produce a copy of all voice recordings regarding the December 2007 Grievance concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance

proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 26:**



26. Please produce meeting minutes for any appeal Steven Woodward filed with AUA.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance appeal proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks documents relative to appeal of the grievance, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 27:**



27. Please produce a copy of all grievance meeting minutes concerning Steven Woodward and AUA.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks documents relative to appeal of the grievance, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 28:**



28. Please produce a copy of all findings regarding any grievances AUA had with Steven Woodward.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, all grievance documents are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 29:**

29. Please produce a copy of all grievance meeting notifications between William Bullock Stewart and AUA.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance proceedings involving non-party William Bullock are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 30:**

30. Please produce a copy of all grievance meeting findings AUA documented concerning the William Bullock Stewart.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks.

12

Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 31:

31. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting finding for William Bullock Stewart.

## RESPONSE TO REQUEST NO. 31:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 32:

32. Please produce a copy of all grievance meeting notifications between Syed Noori and AUA.

## RESPONSE TO REQUEST NO. 32:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 33:

33. Please produce a copy of all grievance meeting findings AUA documented concerning Syed Norri.

## RESPONSE TO REQUEST NO. 33:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be

relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 34:

34. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting findings for Syed Noori.

## RESPONSE TO REQUEST NO. 34:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 35:

 35. Please produce a copy of all grievance meeting notifications to any AUA student.

## RESPONSE TO REQUEST NO. 35:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent signed releases by those students, an appropriate protective order and confidentiality agreement.

## REQUEST NO. 36:

 36. Please produce a copy of all findings regarding all grievances AUA has had with any of their students.

## RESPONSE TO REQUEST NO. 36:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this

private and confidential student information absent signed releases by those students, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 37:**

37. Please produce a copy of the process used by Neal Simon to ensure wrong information is not taught on Antigua at AUA while he is at his Wall Street Office or away from Antigua.

**RESPONSE TO REQUEST NO. 37:**

**Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant is requesting documents to prove a negative. Without waiving said objections, Mr. Simon takes care to ensure that AUA meets all of its regulatory, licensing and accreditation standards are met. Copies of those standards are available from the appropriate regulatory authorities.**

**REQUEST NO. 38:**

38. Please produce a copy of all communications between AUA employees and St Joseph Mercy Oakland Hospital employees concerning the use of pagers during the 5th Semester Course.

**RESPONSE TO REQUEST NO. 38:**

**Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. This request does not describe with reasonable particularity the documents sought. The pager use policies are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.**

**REQUEST NO. 39:**

39. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning the number of patients students need to document during the 5th Semester cours. (sic)

**RESPONSE TO REQUEST NO. 39:**

**Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. The number of patients AUA students were required to document during 5th semester courses is not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.**

## REQUEST NO. 40:

 40. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning defending an epithet.

## RESPONSE TO REQUEST NO. 40:

Plaintiff objects to this request as unintelligible.  Similarly this request is not reasonably calculated to lead to discoverable information and is not phrased with reasonable particularity to describe the documents sought.  Communications regarding Defendant's use of an epithet are not relevant to whether Defendant defamed Plaintiff or violated its marks.  Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant seeks documents relative to his disciplinary proceedings, these are contained in his student file.  Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

## REQUEST NO. 41:

41. Please produce a copy of the "Final Grades by Component – Fall, 2007".

## RESPONSE TO REQUEST NO. 41:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Other students' grades are not relevant to whether Defendant defamed Plaintiff or violated its marks.  Defendant has not identified the document sought with any reasonable particularity (i.e. course).  Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.  Finally, federal law and regulations protect this private student information and AUA cannot release the same absent an appropriate protective order, signed releases and a confidentiality agreement.

## RESPONSE TO REQUEST NO. 42:

42. Please produce a copy of all safety warnings AUA has issued to their students.

## RESPONSE TO REQUEST NO. 42:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.  Defendant has not specified with any reasonable particularity any specific "safety warnings" to identify the documents sought. AUA publishes thousands of safety warnings on its campus, including, but not limited to warnings on medical instruments, "wet floor" signs, etc.  Furthermore, any warnings AUA

may have issued to its students are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

## REQUEST NO. 43:

43. Please produce a copy of all reports on crime published by AUA for any site where their students reside.

## RESPONSE TO REQUEST NO. 43:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. AUA's reports of crime are not relevant to whether Defendant defamed Plaintiff or violated its marks. Defendant does not cite with any reasonable particularity the documents requested. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

## REQUEST NO. 44:

44. Please produce a copy of all petitions submitted to AUA by any members of their student population.

## RESPONSE TO REQUEST NO. 44:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Student petitions are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Finally, Defendant fails to articulate with any reasonable particularity the documents sought (i.e. date, topic, organizer, etc.).

## REQUEST NO. 45:

45. Please produce a copy of all documentation concerning Shelf Exam policies concerning AUA students passing courses.

## RESPONSE TO REQUEST NO. 45:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Similarly, the request, as phrased, is unintelligible. Upon information and belief, the NBME has no specific "policies concerning AUA students passing courses." AUA's shelf exam policies are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

**REQUEST NO. 46:**

46. Please produce a copy of all documentation

**RESPONSE TO REQUEST NO. 46:**

**Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information.   Defendant fails to "describe with reasonable particularity the items requested." Fed. R. Civ. P. 34(b)(1).**

Being first duly sworn, I declare the above statements are true to the best of my knowledge, information and belief.

Respectfully submitted,

/s/  Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

18

# Cardelli, Lanfear & Buikema, P.C.

Royal Oak/Detroit Office
322 W. Lincoln
Royal Oak, MI 48067
248 544 1100
248 544 1191 Fax
www.cardellilaw.com

Grand Rapids Office
Grand Rapids, MI 49503
616 285 3800



November 11, 2011

Via e-mail Steve_L_woodward@yahoo.com  and first class mail

Steven Woodward
c/o 7211 Brittwood Lane
Flint, MI  48507

RE:   American University of Antigua College of Medicine v.
Steven Woodward
Case No. 2:10-cv-10978
Our File No. Misc 3748

Dear Mr. Woodward:

Enclosed please find the following:

- Plaintiff's Response to Defendants Request for Production Pursuant to FRCP 34;
- Proof of Service

The documents being produced are only being sent to you via first class mail.

Regards,

Eric A. Buikema
ebuikema@cardellilaw.com
248-544-1100
248-544-1145 x2050 Direct

EAB/ktz
Enclosure