

ORIGINAL

**FILED**

JAN 3 0 2012

U.S. DISTRICT COURT
FLINT, MICHIGAN

Case 2:10-cv-10978-PJD-MJH

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA,
COLLEGE OF MEDICINE, a foreign corporation,

Plaintiff,

V                                          CASE No.: 2:10-cv-10978-PJD-MJH
                                           Judge Patrick J. Duggan

STEVEN WOODWARD,

Defendant,

**Emergency Motion Leave To Proceed In Forma Pauperis**

1

## Emergency Motion Leave To Proceed In Forma Pauperis

Mr. Woodward requests Leave to Proceed in Forma Pauperis.

**A)** Mr. Woodward has not sought a leave to proceed in forma pauperis before.

**B) Exhibit 1**, is Form 4, Affidavit of Mr. Woodward's inability to pay.

**C)** The Court is very much aware of Mr. Woodward's financial status of "indigent"

**Exhibit 2**, Transcript of Hearing on January 18, 2012 Mr. Buikema stated on page 46,

line 24 to page 47, line 1 "**Mr. Woodward has exemplified and represented to this**

**Court that he's indigent. There's no likelihood of us recovering the money if you**

**were to grant us one in that circumstance.**"

**D)** The Honorable Judge Duggan has already Ruled On allowing Mr. Woodward to

proceed to the Court of Appeals, on January 18, 2012 hearing:

"**Mr. Woodward:** That's not true, Your Honor. You violated my due process in the

whole part of this case.

**The Court**: Fine, we'll go with that. Take that up with the Court of Appeals, okay. I've

ruled."

Mr. Woodward has the Right to Due Process and Access to the Court even though he is

indigent.

**E)** Mr. Woodward sought counsel Pro Bono from the Court, Docket 85. The counsel

provided by the Court admitted to being an attorney for the business partner of the

Plaintiff, St Joseph Mercy Oakland Hospital. This same business partner was sited in

Court Opinion, Docket 184; and Court Order, Docket 185 "**AUA colluded with St.**

**Joseph Hospital to maliciously end [Woodward's] career.**" The Defendant requested

that counsel be withdrawn, the Court granted Mr. Woodward's request. The Court went

so far as to Order Mr. Woodward to get an attorney even though the Court knew Mr.

Woodward could not afford an attorney in Docket 164, page ID 2426

**"It is further Ordered that the defendant retain new counsel within 45 days."**

This is evidence of the blatant violation of Due Process Mr. Woodward has had to endure

by the Courts.

**F)** Mr. Woodward intends to present to the Appeals Court, De Novo:

**1)** This case should have been dismissed on April 19, 2010, during the first hearing.

The Plaintiff filed a "Verified Complaint" submitted with an Affidavit, signed by the

President and Officer of the Court, Neal Simon stating "**I, Neal Simom, am an officer of**

**the American University of Antigua and its general counsel. I have personal**

**knowledge of the facts set forth in this complaint and, having read the same, I**

**hereby attest that each and every allegation contained herein is true to the best of**

**my knowledge, information and belief**"

Judge Patrick J. Duggan's own statement's demonstrate this fact. The Plaintiff filed

four(4): Claims I, II, and III were called "**ridiculous**" and "**without merit**" by Judge

Duggan on April 19, 2010; this fact was proven as a matter of law in the Court's Opinion,

Docket 184, page 27, Conclusion, "**AUA's claims under Lanham Act,**

**Anticybersquatting Consumer Protection Act, and Family Educational Rights and**

**Privacy Act of 1974 (Counts I-III, respectively) fail as a matter of law**" which is

verified in Order, Docket 185 proving these were frivolous claims, at least, violating FR

11(b), if not, blatant perjury by Neal Simon being an Officer of the Court.

 This proves that the Plaintiff is trying to use the Federal Courts to violate Mr.

Woodward's Civil Rights and civil obligation to expose the University for violations of

it's own Student Handbook and violation of Federal Law, the Plaintiff's own Docket 1, page 9, line 51. allegations proves their motives to commit FRUAD against Federal Financial lending institutions "**Further as a direct and proximate result of Defendant's actions, AUA could lose significant access to federal educational funding and student aid**." Rightfully so.  The Plaintiff is trying to cover-up their disclosure of Private Student information of over 150 students and blame it on Mr. Woodward and the Court is helping the Plaintiff do just that.

**2)** The Plaintiff's final "Claim IV- Defamation" consisted of sixteen(16) (a-p) alleged defamatory statements.  The Plaintiff, via Neal Simon, an Officer of the Court and University President, swore Under Oath that "**Each and every one of these "facts" is false**." Docket 1, page 10, number 55.  The Plaintiff states in the April 19, 2010 hearing, transcript, page 18, line 6:

"**The Court:** Hold on.  Tell me what the verified complaint says with respect to these individual items.

**Mr. Buikema:**  I will.  If you look at page four of the verified complaint, paragraph 21, Your Honor, reads:  "Defendant's website represents, alleges, and publishes, as if true, false and defamatory about AUA, including by way of example and not by limitation that: " And then you see the same subparagraphs "A" through "P" in that allegation.  The very last page, of course, is a verification signed, under oath, by the President of the University indicating that the allegations contained in the complaint are in fact, true. He's reviewed them and the like.  So, he's affirmed that those representations by Mr. Woodward's website are false in sworn testimony."

**a)** During the April 19, 2010 hearing the Court discovered that statement when tested by

the Court, were in fact TRUE.  The Plaintiff's own Exhibit, Docket 8, Exhibit C.

(www.aua-med.com homepage) proves that Mr. Woodward's statement was True or the

Plaintiff lied about what Mr. Woodward stated.

Docket 1, page 10, number 54, letter "**h. AUA students are sexually assaulted**"

The April 19, 2010 hearing transcript, page 19, line 19 proves Neal Simon has lied under

oat concerning the sexual assault of their student.

"**The Court**: That's the spin you put on it.  But the statement itself is true, "AUA

students are sexually assaulted", have they?

**Mr. Buikema**: An AUA student was sexually assaulted."

**b)** The Court tested the Plaintiff's alleged defamatory statement on Docket 1, page 10, "**l.**

**AUA student pass rate for USMLE medical board exams is only 22.9%**"

there are two medical schools on Antigua, Mr. Woodward's statement according to the

Plaintiff's own Docket 8, Exhibit C, was "**Antigua only has a 22.9% USMLE Pass**

**Rate!**".  Neal Simon lied under oath, perjury, again concerning statements made Mr.

Woodward's statements.  The April 19, 2010 hearing transcript, page 29, line 13

"**Mr. Woodward:** When it says, "AUA student rate for USMLE medical board is only

22.9% percent", that is not what my website says and I have evidence to show that.

What it is, it's Antigua does.  And it's published information.  There's two medical

schools on Antigua.  And Antigua has a 22.9% pass rate.  Antigua does.

**The Court:** Hold on.  What's the difference between Antigua?

**Mr. Woodward:** There are two medical schools, Your Honor. The organizations that release or that have the documentation to support the pass rates will not release those pass scores.

**The Court:** So, you never stated that this University has a ---

**Mr. Woodward:** No.

**The Court**: You never said it?

**Mr. Woodward:** Never said it.

**The Court:** Stop. Stop. Counsel, why do you say he said it?

**Mr. Buikema**: That's my understanding of the website publication."

**c)** The Court demonstrates blatant bias toward Mr. Woodward, violating title 28 U.S.C. 455, in Docket 184, page 23 Opinion when the Honorable Judge Patrick J. Duggan writes:

"Mr. Woodward **no longer** states on his website that "**AUA students are sexually assaulted**" (see Request for Admissions No. 22(emphasis added)); instead, he asserts: "**AUA student sexually assaulted**." See http://aua-med.com. Woodward presents evidence to show that this is a true statement. Similarly, Woodward **no longer** states that "**AUA's student pass rate for USMLE medical board exams is only 22.9%.**" (Request for Admissions No. 28.) Instead Woodward states that "**Antigua only has a 22.9% USMLE Pass Rate!**" See id. (emphasis added)."

The fact is Mr. Woodward NEVER made the alleged statements and/or the statements made by Mr. Woodward were actually TRUE.

The Court has made FALSE statements in their OPINION, Docket 184, concerning the perjury committed by Neal Simon, an Office of the Court.

6

The Court allowed the case to continue, even though the Plaintiff committed perjury and filed blatant frivolous Claims.

Worse than that the Plaintiff was trying to cover-up the fact that a student was sexually assaulted, for their reputation, the very deed and premise of which the "Clery Act" 20 U.S.C. 1092(f) was written, demonstrating the heinous nature of Neal Simon and this Court.

**G)** The Plaintiff was filed, under the penalty of perjury, Docket 13 "Request for Clerks Entry of Default", "**4. This statement is true and is signed under the penalty of perjury**" which was Entered, Docket 14, July 16, 2010. The Court set aside the "Entry of Default" in Docket 37, on October 6. 2010, stating "**Woodward did not fail to plead of defend against AUA's allegations**"

This is more evidence of perjury and violation of FR 11(b) committed by the Plaintiff and their attorney which was allowed by the Court. The filing of Docket 13 wasted approximately 3 months of time, the Court Granted two(2), Docket 38 and Docket 59, separate Motions for Adjournment to the Plaintiff for Discovery even though the Plaintiff violated at least FR 11(b) and wasted the Court's and Mr. Woodward's time.

**H)** Woodward filed Docket 16,(and Docket 27, and Docket 51) July 19, 2010 "**Request For Setting Aside Motion For Default, Request For Dismissal For On Grounds Of Perjury, Obstruction and Contempt.**"

The Plaintiff was allowed to commit perjury, their Docket 1, Claim IV Defamation, as well as the filing of Docket 13 "**Request for Clerks Entry of Default**"

Mr. Woodward should have been granted a Dismissal based on these facts on April 19, 2010, if not in Docket 37, on October 6, 2010, (D. Brian Radecki v Glaxosmithkline, No. 09-3901-cv, United States Court of Appeals)

Mr. Woodward filed Docket 198 "Emergency Motion for Leave to File Motion to Dismiss, and Emergency Motion for Renewed Motion to Dismiss Docket 16", the Court does not grant hearings for the Defense's motions.

**I)** The Court's bias against Mr. Woodward could not be proven more than the abuses in Discovery against Mr. Woodward.

**1)** Mr. Woodward requested the Plaintiff produce documentation via FR 34.

Mr. Woodward made 46 Requests for Documentation of which approx. 54% (25) were requests for Mr. Woodward's own Student Records (including access to Mr. Woodward's Univeersity email account and all records contained within)

To date Mr. Woodward has not been given this documentation, which violates Federal and State Law, and the University's own Student Handbook.

(In re Nelson P. Parraway and Memory M. Parraway v. Andrew University Nos. K 83-460, K 83-526 United States District Court, W.D. Michigan, S.D.)  Mr. Woodward has no outstanding debt owed to the Plaintiff.

The Plaintiff's Student Handbook states under **"Privacy Rights" " The University adheres to the mandates of the United States Family Educational Rights and Privacy Act (FERPA):**

**1. The student has the right to inspect and review his educational record within 45 days of the University's receiving a written request for access."**

Mr. Woodward requested these documents **November 22, 2010.**

**2)** Mr. Woodward filed a Motion to Compel, Docket 121; resulting in Court Order 124.
The Court Ordered the Plaintiff to respond to Mr. Woodward's Motion to Compel.
The Plaintiff filed Docket 134, but did not respond to Mr. Woodward's FR 34 requests.
Mr. Woodward filed Docket 136 "Motion for Sanctions" stating

**"The Plaintiff has failed to perform their duties in Good Faith and is now in clear**

**violation of FR 37 Failure to Make Disclosure or to Cooperate in Discovery"** and

**"The Plaintiff is in Civil Contempt for failing to respond as defined in the Court**

**Order to the original motion."**

Federal Rule 37(b)(2)(A) For Not Obeying a Discovery Order:

The Court on page 2 of Docket 174 writes **"To the extent that the Plaintiff has not**

**already done so, plaintiff is ORDERED to respond to defendant's requests for**

**production of documents"** The Plaintiff was allowed by the Court to file a Response to

Mr. Woodward's FR 34 Requests for Production on November 11, 2011 **a year** after they

were requested without any punishment for blatant violations of Contempt or FR 11

sanctions. **Mr. Woodward still has not seen his student records.**

**3)** In contrast to the fact the Court let the Plaintiff go free of any sanctions; the Court held

Mr. Woodward in Contempt for statements of Defamation which Mr. Woodward has not

been given the opportunity to defend or the Court's own inspection and ruling on related

statements to see if they Fail with regards of Law e.g. (subjective v objective)

**a)** The Court Ordered Mr. Woodward to permanently be enjoined from making certain

statements in Order, Docket 185.

**b)** Mr. Woodward filed Docket 189, **"Mr. Woodward is more than willing to**

**cooperate with the Court, but Mr. Woodward has finished searching the files and**

**audio files on both www.youtube.com and www.aua-med.com and www.auasucks.com and can not find any of the statements above that would qualify those listed in Court Order 185.  I can not delete what doesn't exist."** and **"I am waiting for the Court's decision"**.

Instead of just telling Mr. Woodward to delete anything and everything without presenting the statement for inspection to determine if the statement was actionable or to have the Plaintiff provide a statement that might be close; on January 18, 2012 the Court put Mr. Woodward in Contempt for a statement that Mr. Woodward looked for and could not find.

**The Court plays by two sets of Rules; those for the Plaintiff and others against Mr. Woodward.**

**4)** On August 11, 2011 the Plaintiff admitted to REFUSING to participate in Discovery, which is an admission to blatantly lying in the face of Federal Judge Hluchaniuk concerning Discovery during the December 22, 2010 hearing.  This further establishes and proves the Plaintiff's violation of FR 11(b) and FR 26(g)(B)(ii)(iii) the Court's willingness to allow this behavior by the Plaintiff and Officer of the Court.

**a)** On December 16, 2010 Mr. Woodward sent the Plaintiff an email stating:

**"Please schedule time after the December 22nd Hearing to sign-for(verify receipt) and receive approximately 2,500 pages of my Exhibits and Rule 26 documentation, my answers to your Interrogatories, Request for Admissions, and Requests for Production."**

**b)** Mr. Woodward brought all of the Discovery materials.  The production by Mr. Woodward was verified by Judge Hluchaniuk.  Per page 45 of the December 22, 2010 transcript:

"**Woodward:** Any documents that he request, all of his answers to his interrogatories, all of his answers for his admissions, all of his documentation is here.

**Buikema:** It's there but I didn't address it quite intentionally.  It's not before you today.

**Court:** It's not scheduled for today.  I'm just noting the existence of it."

Page 46

"**Court:** It's, it's certainly not unreasonable that you would be unable to inspect those documents today under the circumstances.  But if has documents for you to take with you**, I would certainly encourage you to take those and then assess the completeness of the production as soon as you possibly can.**

**Buikema:** I will**."  He did not!  Mr. Buikema Refused all of the Discovery he requested, which Mr. Woodward brought.

**c)** During the August 11, 2011 transcript, page 24, line 23:

"**Mr. Buikema**: But it's true, I'll stipulate, for the record, that I left the hearing without accepting the banker's boxes that Mr. Woodward brought to that hearing.

**d)** The Plaintiff refused to accept the Discover material again February 1, 2011, during the deposition of Mr. Woodward.  Mr. Buikema admits to refusing to accept Discovery material on February 1, 2011 on August 11, 2011, page 24, line 9:

"**Mr. Buikema:** Yes, I refused to accept documents"

**e)** Mr. Buikema admitted to refusing to take Discovery material he requested from Mr. Woodward violating FR 11(b) and FR 26(g)(B)(ii) and (iii).  The purpose for Mr.

Buikema to request Discovery material was not for Discovery purposes but to burden and harass Mr. Woodward.

f) Mr. Buikema filed Docket 76, Motion to Compel, on December 16, 2010 without conferring with Mr. Woodward and after Mr. Woodward notified Mr. Buikema concerning the intent to produce all of the Plaintiff's Discovery Requests on December 22, 2010 depending on Court ruling on Mr. Woodward's Docket 56, motion for Protective Order. Mr. Buikema violated FR 37(a)(1) and FR 11(b) by failing to confer with Mr. Woodward prior to writing Docket 76.

**g)** The court filed Order, Docket 115, per Mr. Buikema's Docket 76 Motion to Compel even though the Court itself knew Mr. Woodward did in fact produce all of the Plaintiff's requested Discovery material and that Mr. Buikema was refusing to take it.

Order, Docket 115, stated "Defendant is ORDERED to provide full and complete responses to plaintiff's discovery requests within 14 days of entry of this Order." More evidence of the bias and violation of Due Process by the Court against Mr. Woodward Mr. Buikema REFUSED to take the Discovery material and the Court is ordering Mr. Woodward to provided complete answers to Discovery material the Plaintiff refuses to take.

h) The Courts Opinion, Docket 184, makes false and misleading statement concerning these events to tarnish Mr. Woodward. On page 4 the Court writes "**he apparently served late responses to AUA's requests "at his reconvened deposition" which the Court gleans to have been in <u>March 2011</u>.**"

The Court makes no mention of the fact that Mr. Buikema was personally served the answers to their Request for Admissions on December 22, 2010, and lied to Judge

12

Hluchaniuk. Mr. Woodward brought, again, the answers to the Request for Admissions to the deposition on February 1, 2011, again Mr. Buikema REFUSED them, on August 11, 2011 Mr. Buikema admitted to this fact. It wasn't until Mr. Woodward had to have Judge Hluchaniuk intervene on March 24, 2011 before the Plaintiff would take Mr. Woodward's answers to the Plaintiff's Discovery Requests.

The Plaintiff has been allowed to clearly violate FR 11(b) and FR 26(g).

**5)** The Court has allowed the Plaintiff to violate Mr. Woodward's Discovery per FR 36 Request for Admissions. Mr. Woodward filed Docket 136, "Motion for Sanctions" on April 15, 2011 requesting sanctions per FR 37 (prior to Docket 143, Motion for Summary Judgement).

Mr. Woodward submitted 56 Request for Admissions pertaining to the Plaintiff's Claims. The Plaintiff answered "**Plaintiff objects to this request as irrelevant to the claims and defenses in this case of whether Defendant defamed Plaintiff or violated Plaintiff's marks**" to approx 60% and answered with evasive answers to another approx, 29%, of the Defendant's requests, clearly violating FR 36(a)(5) and should be sanctioned per FR 37(b)(2)(A) dismissal of Plaintiff's Claims.

**6)** The Court demonstrates bias towards Mr. Woodward by Ruling in favor of the Plaintiff's Docket 143.

Mr. Woodward filed Docket 56 "Motion for Protective Order" on November 19, 2010.

Mr. Woodward filed Docket 40 "Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint" on October 15, 2010.

**a)** According to United States District Court Western district of Washington at Seattle, MDL No. 1407 Order Re: Request for Admissions, a "Motion for Protective Order",

Docket 56 would constitute a FR 36(b) "on motion" action. Mr. Woodward did in fact bring per Federal Rules the answers to the Plaintiff's Request for Admissions to the December 22, 2010 hearing, of which the Plaintiff lied to Judge hluchanuik and REFUSED to take any of the Discovery material which they, the Plaintiff, Requested. They REFUSED to take any of the Discovery material they requested and even REFUSED to look at any visual aids they requested to see, blatantly violating FR 11(b) and FR 26(g).

**b)** The Defamation Claims the Court has refused to allow Mr. Woodward to Defend were answered in Docket 40 "Defendant's Answer and Affirmative Defense to Plaintiff's Complaint" filed with the Court (Warren v. International Brotherhood of Teamsters). Mr. Woodward "Admitted" nearly the exact same questions in Docket 40 <u>prior</u> to the Plaintiff's Request for Admissions. Mr. Woodward produced evidence to support and defend these claims in Motions <u>prior</u> to the Plaintiff's issuing the "Request for Admissions"; notably Docket 16, Docket 27. The Plaintiff was using Request for Admission to violate FR 11(b) and FR 26(b). Mr. Woodward is being denied the opportunity to defend that the questions that he "Admitted" to saying were actually TRUE.

**c)** The Court's Opinion, Docket 184, page 21 "**he (Mr. Woodward) also has argued that the matters should not be deemed admitted because he eventually did respond to the request for admissions**" are severely misguided, and makes absolutely no sense, how could Mr. Woodward be unable to Defend statements that were admitted. FR 36 only applies to issuing an admission from a denial.

**d)** The Court's Opinion, Docket 184, page 22 "Prejudice under Rule 36(b)". it is unthinkable that Mr. Woodward could Prejudice a Plaintiff who admits to REFUSING to take, when served, answers to their "Request for Admissions" on December 22, 2010 and only took them after Mr. Woodward demanded Judge Hluchaniuk intervene, on March 24, 2011.

**7)** The statements such as "AUA committed perjury" would not be blocked by collateral estoppel or res judicata. An element of which has to be met is "whether the parties were given full and fair opportunity to be heard on the issue.". Perjury by AUA would constitute an unfairness in Court proceedings and forfeiture via sanctions for such action along with the same Due Process issues raised in this case by this Court.

This case should have been dismissed April 19, 2010, if not on Motions for Dismissal, for perjury by the Plaintiff. The Plaintiff's Claims should have been dismissed per FR 37(b)(2)(A) for the Plaintiff's for Contempt, and for FR 37(c) per violations of FR 36. The Ruling against Mr. Woodward for a Summary Judgment for Claims he admitted to saying, but is being refused the opportunity to Defend that they are more TRUE statements is nothing less than a bias action by the Court, violating Mr. Woodward's Rights of DUE PROCESS.

**J)** Mr. Woodward intends on defending all Defamation Claims (statements) against him, that they are in fact TRUE.

**K)** Mr. Woodward intends on defending Counterclaims against the Plaintiff, Docket 193.

15

**List of Authority:**
Title: 28 U.S.C. 455
United States Constitution, Due Process and Access to the Courts

**List of Exhibits:**
Exhibit 1: Form 4 Affidavit
Exhibit 2: Transcript January 18, 2012

Certificate of Service

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

United States District Court
Eastern District Of Michigan
Southern Division



**FILED**

**JAN 3 0 2012**

**U.S. DISTRICT COURT**
**FLINT, MICHIGAN**

American University Of Antigua College
Of Medicine, a foreign corporation,

Plaintiff,

United States District Court
Judge Patrick J. Duggan, presiding
Case No.: 2:10-cv-10978

V

Steven Woodward,

Defendant.

| Eric A. Buikema (P58379) | Steven L. Woodward |
|---|---|
| Cardelli, Lanfear & Buikema, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

**Certificate of Service**

The undersigned certifies that the foregoing ~~**Emergency Motion Leave To Proceed In**~~ *Notice of Appeal*
**Forma Pauperis** were served upon Plaintiff via U.S. mail to council, Eric A. Buikema
(P58379), 322 West Lincoln Ave, Royal Oak, Michigan 48067

Steven Woodward
7211 Brittwood Ln
Flint, Michigan 48507

MIED (Rev. 8/08) Application to Proceed *In Forma Pauperis* - Habeas Petitions, 2255 Motions and Nonprisoner Civil Cases

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

American University of
Antigua College of Medicine,
a foreign Corporation

Plaintiff(s),

Case No. 2:10-cv-10978

v.

Judge Patrick J. Duggan, presiding

Steven L. Woodward

Magistrate Judge

Defendant(s).

/

## APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**For use by incarcerated applicants filing habeas petitions or appeals from the denial or dismissal of habeas petitions or motions under 28 U.S.C. § 2255 and nonprisoners filing civil cases or appeals.**

## THIS APPLICATION IS FOR (check one):

| **Habeas Action** | **Motion Under 28 U.S.C. § 2255** | **Nonprisoner Action** |
|---|---|---|
| New Case ☐ | Appeal ☐ | New Case ☐ |
| Appeal ☐ | | Appeal ☒ |

I, Steven L. Woodward _____ declare that I am the:

petitioner/plaintiff/appellant ☒          other ☐

in the above-entitled proceeding.  In support of my request to proceed *in forma pauperis* under 28 U.S.C. § 1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought. In support of this application, I have provided answers to the following questions.

1.    Are you employed?                                    Yes ☐    No ☒

If your answer is yes, state the amount of your monthly pay and provide the name and address of your employer.

Salary: _____

Name of Employer: _____

Employer's Address: _____

2.    In the last 12 months, have you received money from any of the following sources?

| | | | |
|---|---|---|---|
| a. | Business, profession or other self-employment | Yes ☐ | No ☐ |
| b. | Rent payments, interest or dividends | Yes ☐ | No ☐ |
| c. | Pensions, annuities or life insurance payments | Yes ☐ | No ☐ |
| d. | Gifts or inheritances | Yes ☒ | No ☐ |
| e. | Other sources | Yes ☒ | No ☐ |

MIED (Rev. 8/08) Application to Proceed *In Forma Pauperis* - Habeas Petitions, 2255 Motions and Nonprisoner Civil Cases

If you answered yes to any of these questions, state the source of the money and the amount that you received.

Source: *Family Members support when needed*

Amount: *Approx $700⁰⁰/₁₀₀ per month*

3.   Do you have any money in a:

   a.   Prison or jail account                                   Yes ☐   No ☐
   b.   Checking account                                         Yes ☐   No ☐
   c.   Savings account                                          Yes ☒   No ☐

   If you answered yes, state the total amount.   Amount: *Approx $500⁰⁰/₁₀₀ (Known accounts)*

4.   Do you own or have any interest in real estate, stocks, bonds, notes, vehicles, or other valuable property or assets (excluding ordinary household furnishings and clothing)?   Yes ☒   No ☐

   If you answered yes, describe the property and state its approximate value.

   Property description: *Home (1979 boat)*        Value: *$29,000⁰⁰/₁₀₀ Approx*

   Property description: _____   Value: _____

5.   List the people who are dependent on you for support, state your relationship to each person and how much you contribute to their support.

   Relationship: _____   Amount: _____
   Relationship: _____   Amount: _____
   Relationship: _____   Amount: _____
   Relationship: _____   Amount: _____

   **I declare under penalty of perjury that the foregoing is true and correct.**

Date: January 23, 2012

_Signature_
Signature of Applicant and Prisoner No. if applicable

*724 Brittwood Ln*
Address (including name of Institution)

*Flint MI 48507*
City, State, Zip Code

*(810) 235 - 7267*
Telephone Number

---

### REQUEST FOR SERVICE BY U.S. MARSHAL

For use only by nonprisoners filing new civil cases.

If my application to proceed *In Forma Pauperis* is granted:

   a.   I request service of the summons and complaint by a U.S. Marshal.   Yes ☐   No ☐

Date: _____

_____
Signature of Applicant

MIED (Rev. 8/08) Application to Proceed *In Forma Pauperis* - Habeas Petitions, 2255 Motions and Nonprisoner Civil Cases

## CERTIFICATE

**This section only applies to incarcerated applicants filing habeas petitions <u>or</u> appeals from the denial or dismissal of habeas petitions or motions under 28 U.S.C. § 2255.** (To be completed by an authorized prison official.)

I certify that the applicant named herein has the sum of $ _____ on account to his/her credit at (name of institution) _____.

I further certify that the applicant has the following securities to his/her credit at this institution:

_____

_____

_____

Date: _____

_____
Signature and Title of Authorized Official

_____
Name of Institution

1       understanding, the Court will adjourn at least the

2       hearing on contempt and if he complies with what he

3       said he's going to do now, I don't know that there's

4       any need on the hearings on contempt.

5            You want to say something more?

6            **MR. WOODWARD:**  No, sir.

7            **THE COURT:**  And you'll have it done by tonight?

8            **MR. WOODWARD:**  Soon as I get home, I'll delete all

9       this stuff.  I won't just change, it's deleted.

10           **THE COURT:**  And you have a way of verifying

11      whether he did it or not?

12           **MR. BUIKEMA:**  Within reason, yes.

13           **THE COURT:**  Then I want you to communicate to the

14      Court, with copies to him, that you're satisfied or he

15      did most of it, Judge, but he failed to do "A", "B",

16      and "C", so he knows what it is that you think he

17      didn't do, and he could deal with that.

18           **MR. BUIKEMA:**  I think that's fair.

19           **THE COURT:**  Okay.  Now, are you satisfied that if

20      he does that, we can pass on the hearing on damages?

21                          **Motion on Damages**

22      **RESPONSE BY MR. BUIKEMA**

23           **MR. BUIKEMA:**  Let me put it this way, Judge, and

24      I'll be perfectly candid with the Court.  Mr. Woodward

25      has exemplified and represented to this Court that he's

1    indigent.  There's no likelihood of us recovering the

2    money if you were to grant us one in that circumstance.

3    So, our biggest goal today, of course, was to ensure

4    compliance with the injunctive portion of your order.

5        My client has been damaged by his conduct.

6    Significantly damaged by his conduct.  It was my

7    intention today to put on, at least, de minimus proofs

8    as to damages and ask you for at least a nominal award.

9        But given what's transpired here today, I'd be,

10   let's say, content to pass on that issue, without

11   waiving it for now if that means the Court's approval.

**Disposition By The Court**

13       **THE COURT:**  Okay.  We'll pass on that issue, I'm

14   not ruling one way or another; but frankly, it's my

15   belief that if he's cooperative and does what we're

16   talking about, that the contempt hearing will go away

17   and the damages claim will go away.  If he doesn't

18   satisfactorily do what he said he'd do, we can deal

19   with that at a later date.

**RESPONSE BY MR. BUIKEMA**

21       **MR. BUIKEMA:**  Thank you.  Let me just raise one

22   more wrinkle and I don't mean to cause any wrinkles or

23   ripples.  But Mr. Woodward has indicated an intention

24   to appeal, which is fine, and is, of course, his right.

25       But one thing I do need to consult with my client,

*10-10978; American University of Antigua v. Steven Woodward*