**Hluchaniuk**

**December 22nd Hearing**

| | |
|---|---|
| Court: | Could I have the appearance of the parties please? |
| Buikema: | Good morning Your Honor, Erick Buikema, Cardelli Lanfear and Buikema on behalf of Plaintiff American University of Antigua. |
| Court: | Good morning Mr. Buikema. |
| Woodward: | Steven Woodward sir. |
| Court: | Good morning Mr. Woodward. |
| Woodward: | Good morning sir. |
| Court: | Gentlemen we have three motions that are scheduled for hearing this morning. Those are the plaintiff's motion to compel the deposition of the defendant, docket number 47, the defendant's motion for protective order, docket number 56 and the plaintiff's motion to adjourn the scheduling order dates, docket number 59. Mr. Buikema is that consistent with your understanding of what we will be addressing this morning? |
| Buikema: | It is Your Honor. |
| Court: | Mr. Woodward is that consistent with your understanding as well? |
| Woodward: | Sure Your Honor. I'm not aware of these types of proceedings. Am I able to, am I focused just totally on this or? I'm without counsel and I've asked for, even a student attorney to help me out. And I, I don't have that. I don't have that privilege. And I |

1

|  |  |
|---|---|
| | would actually request, at least have a student attorney help me prepare such documentation by the Court. |
| Court: | Well Mr. Woodward we don't have student attorneys that are readily available to assist parties in litigation. |
| Woodward: | Well as I mean as, as even an aide sir. |
| Court: | Again if you can recruit someone to assist you in some fashion. That person could not necessarily speak for you that wasn't a licensed lawyer. But if you can recruit somebody on your own to assist you in this litigation, I have certainly no objection to that. But we don't have people that we can call up and come in and assist individuals, law students or lawyers or otherwise. Very, very occasionally counsel, pro bono counsel can be obtained for individuals who lack the means to hire a lawyer in a civil case. Of course a criminal case is another matter. But in civil cases, with some, with some regularity we're able to find lawyers for people who simply can't afford lawyers. I'm not sure those circumstances apply to you. You haven't petitioned the court. I saw in the pleadings previously that you had indicated to Judge Duggan that you anticipated having counsel represent you. I guess that's a long answer to the general proposition that lawyers are not typically available through the Court for *pro se* litigants. |

Woodward:       I did contact a student attorney to try to help me out and he was under the impression that he couldn't, that he couldn't help me out because of problems with licensure or etc.

Court:          It's true that, that law students can't appear and argue the case on your behalf, which isn't to say that they can't assist you in some other fashion.

Woodward:       Okay, great. That's, that's, Your Honor that's what I - -

Court:          As long as the - -

Woodward:       - - wanted to know.

Court:          As long as they're willing to do it and assist you in some fashion without appearing in Court on your behalf, that's, I don't see any reason to be concerned about that. But that's really up to that person. He or she may be willing to help you under those circumstances. But getting back to your original question about whether you're limited to these matters, the answer to that is yes. These are the only matters scheduled for the Court. If there are other matters that we can address sort of incidentally, but it's certainly not my intention to go off on other matters that aren't germane to the merits of these three motions.

Woodward:       Okay.

Court:          And the way this is gonna proceed is I'm gonna invite Mr. Buikema to argue, and I think address all three at the same time, to avoid the people having to get up and down with some

3

regularity. So I'm gonna ask him to address all three of these motions at the same time, even though one of those is yours.

Buikema:    I think that's appropriate Your Honor given that they're all relatively related to one another.

Court:      Well that was my observation as well. And then I will invite you Mr. Woodward to give your response to his comments. And then at least with respect to his motions, still have the opportunity to reply to yours, so that - the moving party typically has the first word and the last word at a hearing such as this. So he will have the first word on his motions and the last word on his motions, and he will address your motion. And then you will have the opportunity to respond to his comments. So that's the procedure that we're follow.

Woodward:   Okay.

Court:      And I, I wish you did have a lawyer. But you don't. And people who represent themselves certainly have some leeway by the Court, not being familiar perhaps as they should be, with court rules and common practices and things of that nature. But the rules still have to be complied with in a general sense, even though some flexibility is given to *pro se* litigants on certain aspects of the application of those rules. But nonetheless even *pro se* litigants are expected to comply with the rules. And if it's your point to litigate by yourself without counsel, you're obligated

4

|            |                                                                                                    |
|------------|----------------------------------------------------------------------------------------------------|
|            | to familiarize yourself with those rules and generally be in compliance with those rules. Alright? |
| Woodward:  | Right sir. I did, I don't know the procedure for, excuse me Your Honor, the procedure for petitioning the Court for an attorney because I, I am not able to afford an attorney. And I have asked the Court for an attorney. And I have tried to contact the Genesee County Bar Association, and my name is on some list. But what, what is the, how do, do I just send an email to Ms. Oram at - - |
| Court:     | Actually what *pro se* litigants typically do is file a motion seeking, seeking a pro bono attorney to be – I think the terminology is typically appointed by the Court. Then there is a procedure through which a list of lawyers who have expressed a general willingness to participate on a pro bono basis in litigation is consulted. And those lawyers can express an interest or decline depending on how they view the merits of the case. And so sometimes that happens. Again I think that the number of lawyers willing to do that is fairly small. And the occasions on which they are willing to do that is somewhat rare. So it would be, chances are it's not gonna happen. But that would be the procedure to initiate the request for the Court to try to find someone to represent you in this matter. |
| Woodward:  | Thank you sir.                                                                                      |
| Court:     | Alright, Mr. Buikema, proceed with your argument.                                                  |

5

Buikema:    Thank you. And Judge I can tell you as much or as little about this case as you care to hear. But let me just begin by saying that I think the issues before you today are relatively straightforward and clear from the written pleadings that we filed. Mr. Woodward's responses and own motion, without offense to him, are obtuse when viewed in the framework of the rules we're dealing with. But I think the preliminary discussion identified part of the issue that we're having here, is that Mr. Woodward is representing himself. He is of course entitled to do so. And if it's necessary for him to do so, so be it. But while the Court identified leeway and I'm certainly willing to give him leeway in certain respects, such as you know margin requirements under the local rules are what I consider to be formalistic requirements, he's still obligated to fulfill the obligations both as his own counsel and as, more importantly for my primary motion, as a party. And one of those basic requirements of course is to participate meaningfully in discovery. I sent as you know, a motion, not a motion, but a notice to take Mr. Woodward's deposition as I'm entitled to do without leave of the Court or subpoena. And it was ignored. And then a protective order was, a motion for protective order, purported motion for protection order was filed by Mr. Woodward, which was denied by Judge Duggan as moot. So that issue has already been resolved. Yet here I am trying to secure that same deposition, and facing

6

yet another purported motion for protective order that cites neither the rule, good cause, or any basis from which the extraordinary measure of excusing Mr. Woodward as a party defendant from participating in discovery should be granted. It's equally appalling to me and wasteful of both my time and my client's money, to have to appear here today under the circumstances where at first the communication to me was that Mr. Woodward would be unable to attend a deposition as scheduled. That's scheduled for November 4. He said specifically - we've attached the emails - that next week would be better for me. So we give Mr. Woodward a date the following week. And he says no, I can't appear on that date. I'm unavailable all that week, which was the week he originally suggested as the alternative. After having filed this motion, I then, pursuant to the requirements of the Court to confer, asked Mr. Woodward if he would appear in lieu of today's hearing, and sometime before today's hearing, and he just simply said no we'll see you at the hearing. So here we are. And I am attempting to get what is clearly legitimate discovery. It's certainly not necessary to the proofs of my case. As Mr. Woodward points out I should have everything I need if I was gonna file this case. That's true. But it's certainly necessary for the appropriate presentation and preparation of the case. And the standard as you know Your Honor, is simply reasonably calculated to lead to

7

discovery of admissible evidence. And that standard is met. There's, there's no basis to excuse Mr. Woodward. And the bases cited in his response and then joint statement of unresolved issues, which is joint at all Judge, is, are frankly conspiracy theories and ravings, that have no bearing on the issue at bar. The, I will point out Judge that not one of Mr. Woodward's motions, pleadings, responses or purported joint statements has complied with either the local rules or the federal rules. The, my office did prepare joint statements for each of the issues today and forwarded those to Mr. Woodward some time ago asking for his contribution and we were ignored. He has separately filed what he calls joint statements. But again I view this as a tremendous waste of my time, a tremendous waste of my client's resources. Valid notice was sent. Valid discovery has been sent, which we'll address in the future I'm sure cause he's not responded to those and he's overdue. And we've been ignored or games have been played. The protective order motion is simply a rehash of a motion already denied. And here I am asking that you simply compel him to appear, and of course asking under these circumstances for costs to be awarded.

Court:          Did you care to say any more about motion for - -

Buikema:       I don't Your Honor.

Court:          - - a protective order?

8

Buikema:         I don't Your Honor.

Court:           With respect to the request in docket number 59 to reschedule the

                 general scheduling order of the court, with respect to the pretrial

                 matters, I saw at one point you requested 90 days?

Buikema:         I did Your Honor. I think, you know, again if there is compliance I

                 think it could be done quicker than that. I don't anticipate

                 compliance and history has proven that. That's the reason for the

                 90 day request. The, the only reason there's any request at all is

                 because the discovery efforts have been frustrating. And here we

                 are and we have now under the extended deadline given by

                 Judge Duggan, we have discovery expiring on December 31st and

                 I don't have responses to interrogatories. I don't have responses

                 to requests for production. I don't have responses to requests for

                 admissions, but that's fine. The rule deals with that. And I don't

                 have a deposition of Mr. Woodward. And of course, consequently,

                 don't have any follow up information or follow up investigative

                 materials from any of those processes. And I think 90 days is

                 appropriate under those circumstances.

Court:           It's my practice generally if I'm going to extend discovery dates, to

                 extend them with narrower limits to them. Typically if some

                 discovery has not been produced and an extension of dates is

                 sought as a result of that, then rather than generally extending the

                 dates for some period of time, it's my practice generally to extend

9

the dates for the specific purposes that would seem to warrant an extension, rather than a more broad based simply rescheduling of the dates.

Buikema: I think that's perfectly understandable and entirely appropriate in most cases. In this case Judge I would, I would urge you to do otherwise. And the reason is because despite the length of the existence of this case, it's, there's really been no open period of meaningful discovery. We began by filing the case. We had a response. We had an initial conference with the Court at which time Mr. Woodward appeared before he had even answered the complaint, and asked hey Judge I'm leaving for this, I think it was a 90 day period of time to go work on a yacht in the Caribbean and I really can't address this issue. And I said that's fine, but you know, I want this offending website down in the interim, and then we'll address the merits when you get back, and he'll get an attorney as he promised to do. He came back. He didn't get an attorney. He republished his website. So then a whole bunch of motions followed associated with all that, including my request for entry of default. And once the default was entered by the clerk, there was no, no availability of conducting additional, at least, although I was conducting, there was no availability of conducting additional activity on the file until that issue was resolved, which was resolved more recently. Then of course what followed were

10

the initial discovery requests, which have been ignored, and are

the subject of today's motion. This is the first discovery motion in

the case. And really the first open discovery period we've had. But

because of, and certainly not faulting the Court, but because of

the delay in addressing these matters up to December 22nd,

today, which is eight days prior to the close of even the extended

discovery, we've really had no reasonable opportunity in this

case.

Court:          Okay. I understand your argument.

Buikema:        Thank you.

Court:          Mr. Woodward.

Woodward:       Um - -

Court:          I would ask you to make your argument from the lectern sir.

Woodward:       Okay, sir. Mr. Buikema has claimed in his preliminary injunctions

that he has success on every one of his claims, etc. But the

Honorable Patrick J. Duggan even states in his, in his testimony

here in the transcripts from April 19th of what, what Mr. Buikema is

talking about. I'd like to quote the Court – it says "It's just

ridiculous. I don't know why you're arguing that. His conduct can't

be considered a policy of practice of the University. You said that

from the very beginning it's not. I don't know why you're arguing

these claims that have very little, if any merit. And the problem is

you can, obviously, an attorney can argue alternate theories. But

11

you've got to have some basis for the alternate theories. Or what it is, what happens is the Court says well he is destroying everything in there, so they're weak. All of his claims must be equally weak. And it's just bad practice in my judgment to assert any claim unless you have solid evidence that there are at least some good merits to it. And I don't think that there's any merit to this claim at all."

Court:          Mr. Woodward I, I think that by and large the merits of the plaintiff's case are really not relevant to the arguments that relate to these motions. And I say that because the case is still there. The case has not been dismissed.

Woodward:       Sure.

Court:          So, so that case is out there. And we are dealing with a fairly narrow procedural issue associated with that.

Woodward:       Sure.

Court:          This is not the trial of the case.

Woodward:       Sure.

Court:          This is not even a dispositive motion. This is the question of whether discovery should be compelled, discovery that you have resisted.

Woodward:       Sure.

Court:          At least that's the subject of one of those motions.

Woodward:       Sure.

12

Court:         So - -

Woodward:      Right.

Court:         It's fine that Judge Duggan said those things. And I have

               reviewed actually the transcript that was filed in this matter that

               was part of that hearing on the preliminary injunctions. So I'm

               aware of those circumstances. But for the most part, the merits of

               the, of the complaint are really not before me.

Woodward:      Okay.

Court:         It's just the way litigation proceeds. There are certain

               compartmentalized sections of the case that have to be litigated.

               You don't litigate the whole thing every time you're in court.

Woodward:      Are preliminary injunctions, they're supposed to be filed

               separately, correct, as a separate motion? Per local rule, I think

               it's 85.1, 86.1, I believe.

Court:         What does that have to do with these issues?

Woodward:      Well he's telling that he's filed all these motions. He's, I've not, I'm

               not acting right before the Court by filing motions that are

               incorrect, etc.

Court:         What's important here today is whether or not a deposition should

               be scheduled for you, whether a protective order should be

               entered and whether or not the dates that have been established

               for pretrial matters should be maintained as they are presently or

               extended.

                                        13

Woodward:      Okay.

Court:           Those are the issues that are before the Court. As I indicated at

the outset, we're focusing on these motions. And for the most part

we are not verging off into some other areas that, that don't really

apply to the merits of those motions.

Woodward:      I'm, I'm just supporting what he's talking about at the beginning

for defaults that were obviously wrong because I'd be here if it

was a default case. He filed a default of which I obviously

answered all of his claims.

Court:           I think that his, his mention of that in the context of this motion,

was simply to point out that there has been other issues that have

been addressed that have prevented the parties from engaging in

meaningful discovery up to this point in time. And that was, that

was at least my perception of the basis of his comments in that

regard. He wasn't saying a default should have been entered or

shouldn't have been entered or anything of that nature. It was just

an explanation for why that much discovery has been undertaken

so far.

Woodward:      Well that's because he entered a motion of default and threw us

all, I tried to do discovery during the time in default. And he filed

motion saying he was gonna quash and, and, and get rid of

information that I tried to discover back when, when I was in

default, of which he threw me into, wrongfully. As far as his, his

14

claims of not fulfilling obligations, I submitted interrogatories. I submitted requests for admissions. I requested documentation from him. Here's all my documentation Your Honor. There it is. That's my entire case. I've requested the same information from him.

Court:      Well if, if the Plaintiff has failed to comply with the rules with respect to discovery requests that you have made of them, you could have filed a motion to compel them to answer discovery that you have properly made for them.

Woodward:   Is that not bad faith? Is that not bad faith on their part not to reciprocate? Fact of the emails that he says - -

Court:      Again, Mr. Woodward we can't litigate the whole case in the context of these three motions. If you had, if you had an argument that they had not complied with discovery requests that you have made with them, the obligation would have been for you to file a motion asking the Court to compel that they respond to them. You haven't done that. There is an order to all of this. Litigation has certain rules and practices that apply to them. And we're not here to litigate the entire case. And the question of bad faith, I'm just not sure how it effects these particular motions.

Woodward:   So now I need to burden the Court more because he's not provided me with the documentation of which he's requesting

15

from me. I mean is that, I'm just trying to say is that what I have to do?

Court:      If you have made an appropriate request consistent with the rules asking for some form of discovery that's allowed by the rules, and the Plaintiff has failed to comply with the rules in responding to that request, you have the obligation to bring a motion in court and ask for the Court to order the plaintiff to comply with that.

Woodward:   What, what is my obligation at this point and time since we're in adjournment and since the court's been rescheduled? Do I have to comply with Rule 26? Do I have the right for work product? Do I have the right to withhold evidence that I feel is work product? I don't know Your Honor.

Court:      Well I can't teach you the law Mr. Woodward. And that's where we, that's where people who come to court without counsel get in trouble. Because this is, I'm not your lawyer. I can't give you legal advice.

Woodward:   Right. But I'm just saying is this bad faith on his part? Am I, am I demonstrating bad faith on his part by not providing – let me quote his email to me. "The Court has issued a new scheduling order and denied your motion of protective order is moot. This means that the obligation of the parties for preparation of the final pretrial order including an exchange of exhibits has been put off for a future date. We are under no obligation to exchange now."

16

|           | But yet he, now he comes up and he says oh but I want everything you have. |
|-----------|---|
| Court:    | You, you're raising an issue that I don't think is relevant to the motions that are pending before me. So - - |
| Woodward: | He said, okay. |
| Court:    | It, that, as far as I'm concerned you haven't properly raised the plaintiff's failure to respond to discovery requests. There is a procedure for that. And your request may be entirely meritorious. But that matter is not before me today. I only, I only address the motions that the District Judge has referred to me. I don't have the entire case to solve. I only deal with the motions that are before me. |
| Woodward: | Is this not frivolous with him just saying right from the beginning that we don't need an adjournment but yet we filed an adjournment for an extra 90 days? |
| Court:    | I, I'm confused - - |
| Woodward: | We have evidence - - |
| Court:    | - - by your comment. |
| Woodward: | We have the evidence to support our claims and hearing but yet we don't have the evidence. That's what he's saying. |
| Court:    | Well, I didn't interpret - - |
| Woodward: | And now he burdens the Court with - - |

Court:          I didn't interpret his comments quite like you do. He said that he

                had evidence but that he wanted to pursue discovery, which

                plaintiffs in cases are expected to have some evidence. But they

                are also entitled to conduct discovery to determine during the

                course of the litigation other information that may be relevant to a

                claim that they're making or a defense that the defendant is

                making.

Woodward:       Which he wasted by filing the default, request by default.

Court:          You know I, I'm not going there Mr. Woodward because that is not

                something that's before me.

Woodward:       I don't want to upset you Your Honor.

Court:          I'm not getting upset. I'm just trying to inform you of the fairly

                narrow scope of what we're trying to do today. I can't re-litigate

                whether that default was appropriate or not.

Woodward:       That, that's my, that's my motion for protective order. Cause he

                even filed a Rule 7.1 telling me who I'm even being sued by.

                Who's the owner of this company?

Court:          Well I'm, that perhaps is a failure that could be addressed

                independent of these motions. I'm not sure that failure is a

                defense to - -

Woodward:       That's part of my motion Your Honor. That's part of my motions

                that I've, that I've filed for this, for this proceeding.

18

Court:       So, so you're, when you say the motions you're talking about your motion for a protective order?

Woodward:    Right. He's, I mean, they go back to their, they're stripping their website. They're stripping public blog systems of evidence, of discoverable information prior to a trial. And I'm not gonna file a, a motion for protective order when they're, they're deleting things off of their website and deleting things off of a public blog, by their administration, that are, that are exhibits of mine. And now I have to go hire a notary republic to sit down and – I'm not gonna – three sets, try to pack up three sets of my exhibits because they're deleting things. That they, on November 4th, which he claims I couldn't be. Here it is sir. This is what I did all day. I went through all of my exhibits and tried to find everything single thing that he could potentially delete off of his website and had a notary sit down and document. Is that adequate notice November 3rd telling me that I have to be there November 4th? Is that adequate notice for a subpoena? Was it adequate notice demanding that I be there?

Court:       Are you saying the first you knew about a November 4th date was the 3rd of November? You had not been informed that that - -

Woodward:    There was no stipulated schedule Your Honor. There was no stipulated schedule of when these depositions were to be put on.

19

Court:          And there isn't in court. The court doesn't order the scheduling of

                depositions. It provides the parties with a range of time within

                which discovery should be conducted.

Woodward:       No, I'm saying him sir. He told me on November 3rd you be here

                tomorrow, November 4th. He told me on November 2nd to be here

                on November 4th. Is that adequate notice for me to show up for a

                deposition?

Court:          The Plaintiff alleges that you were served a notice of that prior to

                those dates.

Woodward:       And prior to those days I filed a motion for protective order,

                correct? That protective order was done, denied. I have the entire,

                the entire log here. And what he'd saying is not accurate.

Court:          Alright, tell me what he said that's not accurate.

Woodward:       Okay. I'm not familiar with the joint pretrial order. This is starting

                on October 23rd. So right here it says you'll receive copies of my

                exhibits when I come down for the deposition. I'll bring the fiber

                optic training device, sitting right there. Please provide the

                required exhibits of my information as required by a joint pretrial

                order. So I'm asking him for information there. And I'm telling him

                I'm gonna bring that information, okay. I file a motion of protective

                order.

Court:          Are you talking about the current motion that's pending?

20

Woodward:           No, the one, the other one. I will not attend the deposition. I'm

filing a motion for protective order. I will mail you a copy to your

office later today and I'll have a stamped copy at the court. I will

mail you exhibits, files and documentations you required. If you

still required to see the fiber optic training device and the books I

plan to bring to court, please let me know and I'll meet you

halfway between Flint and your office. That's on, that's on

October 27th, to Mr. Buikema this is October 27th, later on that

day. Attached is my motion for protective order I filed today.

November 1st, Plaintiff's motion for preliminary injunction. That's

him filing a preliminary injunction against me on November 1st.

November 2nd, I have not received a reply from the Plaintiff

regarding a meeting - this is me telling him - hey I got a, I haven't

heard a reply from you to meet me to see my exhibits. I'm telling

him. He doesn't reply to me. He filed a protective, a motion of

preliminary injunction, which was considered a violation of my

First Amendment rights. And he, he then, then I say even after he

filed this preliminary injunction, I go back and I say I have not

received a reply from you sir regarding a meeting to see my

exhibits, okay. Please let me know when you would like to meet

so you can view the exhibits. I would prefer a public place halfway

between Flint and your office. I'm just reiterating what I said

before. Instead of mailing you a paper copy of the exhibits, I'll

21

bring them with me to the mutually agreed upon public location so you can witness and sign that you have received the exhibits. Please contact me with a date and time you would like to meet so I can determine if I am available to meet you. At the same time please bring copies of all your exhibits so that I can sign and receive them. November 2nd I have not received, okay, that's the same thing. November 2nd, later on, please do not include the court in routine correspondence with me and the parties. It's busy enough. I cannot tell you or advise you what to do. But if you wish to address the Court or invoke the system it's my suggestion that you do so by proper motion. I was told by Judge Duggan that any correspondence we have to courtesy copy Ms. Long. The, the Court has issued a new scheduling order and denied your motion for protective order as moot. This means that the obligations of the parties for preparation of (**inaudible**) protective order, including exchange of exhibits has been put off for future date. We are under no obligation to do an exchange now. Having said that your deposition notice - I don't know what this, I'm sorry I don't that - and requires you to produce documents listed in a notice at the time of your deposition on November 4th. Please review carefully and comply with your personal attendance and production of all materials. So basically he's telling me oh we

don't have to provide any information but now we want you to provide all the information, okay.

Court: The obligation to produce information is dependent on the appropriate requests. You can ask the other side informally to produce certain documents. If they decline to do that, it's really not enforceable. An informal request is not enforceable.

Woodward: These are informal requests that we are making that is, that is here today.

Court: Well actually these are formal requests. He serves you with a notice of a deposition, that's a formal request. That's not an informal request.

Woodward: Did he, a subpoena, did he subpoena me?

Court: He doesn't have to subpoena you.

Woodward: Oh, okay. I'm not aware of that. I'm sorry.

Court: Well you are now.

Woodward: I'm now. Thank you sir. I appreciate that. Let me continue. November 2nd, I will not be available to attend your November 4th deposition. The following week would be better for me. So I can get - okay. Here I send to the Court please reply, cause we're preparing for a trial now, right. Please reply with the contact information of the Court reporter so I can get instructions for recording my trial exhibits. This is to the Court. I'm asking her how

23

|          |                                                                                          |
|----------|------------------------------------------------------------------------------------------|
|          | do I, how do I do this. How do I record my exhibits. I have them, here they are, how do I do this. |
| Court:   | Well again, Mr. Woodward you're asking for legal advice which the courts are really not permitted to do. They can't give advice to the parties that are before them. |
| Woodward: | Oh, okay. And that's, I'm just saying this is supporting that I have the exhibits. I'm willing to, I'm gonna turn them in. He's gonna have access to them. November 2nd to his, to his counterpart, Katherine. Mr. Buikema is available on Monday, November 8th, 10:00 for deposition. Please advise as soon as possible, okay. So now it's 4th, now she changes the schedule to the 8th. |
| Court:   | Because you said the 4th was not convenient for you. |
| Woodward: | 4th was not convenient for me. I will not be available all next week. I'm filing motions for this preliminary injunction. I'm filing motions because he's, he's deleting things off of his website and public blogs. I'm trying to get all my stuff together for, for a trial that's not happening now because he's filed for an adjournment. |
| Court:   | Well the obligation to participate in discovery is not one that says whenever it's convenient, when you have nothing else to do. It's an obligation - - |
| Woodward: | Did he give me a proper, proper notice? |
| Court:   | A notice? Did he send you a notice of a deposition? Document that's called notice of deposition? He says he did. |

24

Woodward:      Okay, then he probably did. But it was done on the 19th of

               October, before the motion for, motion for protective order.

Court:         Well we'll ask him to, to - -

Woodward:      I mean, I, I probably have a - -

Court:         A notice of a deposition that's sent to opposing party is a sufficient

               pleading to obligate you to appear at the deposition. Normally the

               parties to a litigation agree. They discuss a date that's mutually

               convenient and they agree to do that. But a party has an

               obligation to participate in that kind of a discussion.

Woodward:      But now he's, now he's changed that. He said okay well we'll

               meet on the 8th.

Court:         As I understand it he rescheduled for the 8th because you said the

               4th was not convenient for you.

Woodward:      Right.

Court:         That you would be available the next week.

Woodward:      Right.

Court:         And the 8th was a day on the next week.

Woodward:      And I can't be available then cause I'm preparing for his

               preliminary injunction and these motions.

Court:         Did you respond to say I can't make it the 8th but I can be

               available the 9th or the 10th or some other date?

25

Woodward:       I said I couldn't make it next week. And he replied and said okay how about the following Monday. No, he gave me two days. And he demanded - -

Court:          That is not - -

Woodward:       He even said he demanded that I show up. He didn't say I'd try to accommodate. He says both actually. And one, one of, one of these things he says oh I tried to accommodate him the best I can. And then in the first one he says I demanded that you show up. Is that respectful to another party that he, that he's demanding? What do I have to do to get him to supply me Rule 7.1 information that he's supposed to supply me during the April 19th hearing? That's, I mean that's automatic. Automatically I, my understanding of Rule 7.1 is that, that's an automatic discovery and it should be, it should be given to me - -

Court:          It's not discovery. It's an obligation that the parties have in litigation to file a certificate of corporate affiliations. I, my review of the record suggests that he did not do that. He, the Plaintiff, did not do that. And that, but that's a separate issue. I don't think that that means that he's prevented from conducting discovery.

Woodward:       How, how is, how is - -

Court:          Alright, let's, let's cut to the chase here.

Woodward:       One, one, one more thing sir.

26

Court:          No, let's, let's cut to the chase here on the question of the

                deposition.

Woodward:       How is, how - -

Court:          Mr. Woodward I'm talking.

Woodward:       Sorry sir.

Court:          The deposition is something that you need to participate in. If I

                have to get you to agree with Mr. Buikema today on a mutually

                convenient date, I'm gonna do that.

Woodward:       Okay.

Court:          Cause I'm gonna grant the motion. You, you have to submit to a

                deposition and be deposed. It's an obligation that a party has in a

                case. So, so that, you are obligated to participate in discovery and

                to be deposed where a proper request has been made. It sounds

                like the two of you are not communicating on the scheduling. So if

                I have to tell you when to do it, I'm going to do that.

Woodward:       How does Mr. Kilpatrick not have to perform discovery on a

                deposition and Allan Stanford doesn't have and his grandfather

                doesn't have to perform depositions under the Fifth Amendment?

                What, what right do they have of not performing depositions,

                where I, I do?

Court:          What does that have to do with this case?

Woodward:       Is that not my civil right not to, not to, not to testify against myself?

Court:          In a criminal case you have a Fifth Amendment right to refuse to

                                            27

answer a question if the answer to the question would criminally incriminate you. You don't have that right in a civil case just because you have something that you would rather not say. This is apples and oranges. Those are criminal cases and that's a right a person has in a criminal case. It has no real application in a civil case.

Woodward: And which I, I don't even an attorney to go with me to a, to a, to this deposition.

Court: You have no right to an attorney in a civil case. There's no constitutional right to a lawyer in a civil case. That's the law. You're entitled to have a lawyer. But you have no right to a lawyer such that the court is obligated to pay for a lawyer to represent you if you can't afford to pay for a lawyer. That's the law. So you have to be deposed. If we, if we want to, to work out a schedule for that today.

Woodward: Sure, yes Your Honor. Whenever is convenient for Mr. Buikema.

Court: Alright. Mr. Buikema do you have some dates available that you can - -

Buikema: Your Honor I do. Tomorrow, first of all, is available. And because of the holiday schedule only tomorrow until after the week preceding the New Year. And the week preceding, sorry, and the week following the New Year. And in that week any day except for the 7th is fine with my calendar.

28

Court:          Alright. I think tomorrow is a little too soon under the

                circumstances. Mr. Woodward the suggestion has been made

                that the deposition be held on the week beginning January the 3rd.

                Can you speak to your schedule that week?

Woodward:       I can't, to your disposal Your Honor.

Court:          Not my disposal. We're trying to work out a date that's mutually

                convenient.

Woodward:       I can, I can, if you tell me to be here or wherever on the 3rd. I

                would be prefer to be up here versus being somewhere in Detroit.

Buikema:        I would like the 4th at my office.

Court:          Alright. The 4th is a Tuesday. The location is subject to, I suppose,

                some discretion. You reside in Flint or Genesee County?

Woodward:       Yes sir. I, I reside up here on Grand Blanc Road.

Court:          The, Mr. Buikema, at least traditionally as I understand it,

                depositions are typically held at the location of the opposing

                party's lawyer. In this case we don't have one.

Buikema:        That's true. That's not available. And so obviously we need a

                facility that's appropriate for the court reporter which is why I

                originally chose my office. That was noticed by the way for

                October 19th, proof of service filed with the Court. Was not

                objected to on that basis, ever, including today.

Court:          Alright. Well I think we're past that issue.

Buikema:        Fair enough.

                                    29

Court:              So it'll be the 4th. And we just now have to discuss the location of

                    it. Again, following the traditional practice of deposing a party at

                    their lawyer's office, at least as I'm familiar with it. Is there a

                    location in Genesee County that you could schedule the

                    deposition?

Buikema:            I don't have one in mind. But of course Your Honor we're

                    resourceful enough to be able to find one. I'm not gonna object on

                    that basis. If you want it done here, we'll do it here. We'll go

                    wherever we need to. Let me just ask as follows. You haven't

                    addressed the cost issue today. But my client has incurred

                    significant burden and my time has been wasted. And really it's a

                    function of his ignorance of the law. But he's not excused for that

                    purpose. But my client has paid the price for that. And you know,

                    asking me to come here is rather insulting from a time

                    perspective.

Court:              Well I guess I respectfully disagree with the insult, injury aspect of

                    it. I'm trying to be fair and I'm following what I believe to be the

                    traditional normal pattern associated with depositions of parties.

                    And it seems to me that something that could be scheduled in

                    Genesee County.

Buikema:            We'll arrange for something on the 4th. And we will give Mr.

                    Woodard notice of that no later than within the next few days.

Court:              Okay. Mr. Woodward is that clear?

Woodward:       Yes sir.

Court:          Alright. What, what you are gonna receive is a written notice

                telling you when and where to appear. And it'll be on the 4th. Is

                there an agreement as to the time of day that this will take place?

Buikema:        10:00 a.m. would be my preference.

Court:          Okay. So your expectation Mr. Woodward should be that you will

                receive a notice that you need to appear at a location in Genesee

                County for purposes of being deposed. Are you familiar at all with

                a deposition?

Woodward:       Yes sir, I mean, yes sir.

Court:          Okay. For purposes - -

Woodward:       I mean I'm not aware of like objections or any of, I mean I'm

                aware that you show up and you answer his questions. I'm not

                aware of information that's protective. Like can I, should I give

                somebody my social security number, my driver's license

                numbers, things that are, where somebody could access personal

                protected information, such as bank account information and, and

                hack in possibly to my website information, information of that

                sort. I don't know how I can be protected if he says what's your

                password to your website. I mean I don't know how to protect

                myself against those kind of questions.

Buikema:        My suggestion is that he obtain counsel. And if he fails to do so,

                he does so at his own peril. Cause he has a general obligation as

do I. There's a simple solution to this, which is not spread

malicious lies about my client.

Woodward:    Well they're not lies sir. Now you're just, now you're just - -

Court:    We're not gonna argue about this. We're gonna talk about it. But

we're not gonna argue about it. So - -

Buikema:    And - -

Court:    It's Mr. Buikema's opportunity to speak now. And when I want

some input from you I'll inform you of that.

Woodward:    Thank you sir.

Buikema:    If Mr. Woodward wishes to assert objections, he asserts, he

asserts objections. But he does so subject to the rules. And, and

I, you'll find me an impatient person in dealing with that issue. He

can certainly assert, I', I'm, I've been known to ask questions that

are objectionable, or legitimately so, rarely at deposition. But it

happens. But if he objects and it's appropriate, fine. But you will

find me a very impatient person if he starts asserting bases that

are not supported at law or by the rules. Then we'll be back here.

He raised the Fifth Amendment issue. He still retains the Fifth

Amendment issue to the extent it's applicable. But if he doesn't

understand and he asserts that as basis, he does so at his own

peril. I mean that's the, the unfortunate situation we're in. It's not

of my making. But he doesn't have counsel. We do what, do the

best we can in that circumstance.

32

Court:          The way this will work Mr. Woodward is I'm not prejudging

anything associated with the questions that can be asked and the

answers that should be given to those questions. I refer you to the

Federal Rules of Civil Procedure, which contain some information

about the circumstances under which objections can be made to

questions. And beyond that you should consult with a lawyer. Or if

you seek to discuss the matter with a law student or someone

else who's willing to assist you. You have to act based on your

judgment consistent with the rules. And what will happen is this, if,

if there are questions that are asked that you refuse to answer,

which the Plaintiff brings to my attention or Judge Duggan's

attention in some form, then, and it turns out that your refusal to

answer was not supported by law or some other appropriate

basis, you could be ordered to answer those questions and be

ordered to pay the costs associated with having to retake the

deposition or the cost of Plaintiff in bringing a motion to compel

answers to questions which should have been answered to begin

with. So the rule generally is, as Mr. Buikema suggests, and that

is that if you refuse to answer a question, you do it essentially at

your own peril. Because if you're wrong then you could be, there

could be monetary sanctions as a result of that. But I don't know

what the questions are gonna be. I'm not prejudging any of that.

He can ask the question he wants and you can elect to answer

33

them or not answer them. But if you don't' answer them and it turns out that you were wrong, that you didn't have a valid basis for not answering a question, there could be consequences.

Woodward:    Is that the same with him if he asks questions that are obviously wrong and for bad practice, that if I answer them that he is liable for that information?

Court:    Liable for the information?

Woodward:    I mean, say I gave him access to my social security number, and he, what would be the grounds of that? What's the relevance of that?

Buikema:    My standard practice on that issue - I think I can diffuse that. My standard practice on that issue is to always ask for the social security number for purposes of follow up investigation. But to only have the court reporter transcribe the last four digits on the written record.

Court:    Well first of all without a doubt if somebody improperly uses your social security number that could very well be a crime, well beyond any particular sanction question. But certainly a party can be sanctioned for the inappropriate use of information that they obtain during the course of litigation. Absolutely.

Woodward:    And the Court, excuse me Your Honor. Could, can the Court limit the questions that Mr. Buikema, particular to the matter and which is the, based on his claims of the website?

34

Court:              The limitations that exist for the scope of questioning is contained

in the Court Rules. And the Court Rules say that discovery is

permitted as to any matter that might lead to admissible evidence,

or any claim of the plaintiff or defense of the defendant. So it's

fairly broad. I'm sure Mr. Buikema is familiar with the scope of

that. Beyond that I mean there are time limitations associated with

the depositions. He's obligated to comply with those time

limitations unless the Court gives him authority to do otherwise.

Woodward:           He's already said that he's very assertive. And the rules on

harassing and bullying and etc., how does that apply? At what

point in time after his assertion and his, and his inquisition, can I

say hey you've been bullying me enough at this point and time?

Court:              I, I, again I can't give you advice Mr. Woodward. I can't tell you

what, I can refer you to the rules, and you can look at the rules,

and you can draw conclusions from those rules, and interpret as

best you can. But I can't give you legal advice.

Woodward:           Thank you.

Buikema:            Judge, with your indulgence, could I just address perhaps three

facts or misrepresentation of facts for fear that they're coming yet

again before this Court? First is the Rule 7.1 issue. My client is

not a publicly traded entity. Therefore is not obligated to disclose

subsidiaries or affiliates for purposes of a judicial conflict check,

which I think is the, the point of that rule. At least the rule Mr.

Woodward intends to reference, if I'm interpreting it correctly.

Second, the discovery requests, those formal discovery requests.

He did issue interrogatories and requests for production to my

client. It's my belief those are due today. So they're not yet

overdue.

Court:            Your responses to his requests?

Buikema:          That's correct, that's correct. And last this confusion over the Rule

26 final pretrial issue – under the previous existing scheduling

order we were coming up against the exhibit exchange. The

pretrial, final pretrial order exhibit exchange, which is what he's

referencing. And we would have had that obligation under the

existing order that was of course displaced by the extension.

That's all.

Court:            Alright.

Woodward:         Your Honor so am I now because of those rules of when he's, he

has an extension and his documentation isn't available? Is my

documentation now also not available to him under those same

rules? Or am I under a separate set of rules?

Buikema:          That's an important point Judge. The original notice and the

substitute notice for the change in date will be the same. And it's

a duces tecum notice. So that's, that's yet another request - -

Court:            I think he's talking about something else though. I think he's

talking about the, some other obligation as part of the preparation

36

|  | of a joint pretrial statement for an – I'm not familiar. What, what – |
| Buikema: | As far as I'm concerned I have no, such obligation, other than, again the discovery requests that were served on my client approximately 28 to 38 days, 30 days ago. And are I think, due today. |
| Court: | Alright Mr. Woodward, just to it's clear, what, what obligation for the exchange of documents are you referring to? Is it in an order by, that was entered by Judge Duggan? |
| Woodward: | Well they would be the, with the pretrial order, for exchange of documentation and exhibits for the – I mean that's what he's asking for. He's asking for all of my exhibits and all my evidence for this case. |
| Buikema: | The parties fulfilled the 26A1 disclosure requirements. I had some issues with Mr. Woodward so I, I did not bother the Court with. But I think what he's referencing is the final pretrial order exhibit exchange requirement under the original scheduling order. Cause we were scheduled for trial on the trailing docket. I think, I want to say late November, mid-November, which would have given us that obligation. Obviously because of the adjournment, that obligation is really, we don't have to do the final pretrial exhibit exchange. I think that's what he's getting at. |
| Court: | Well I just want to clarify that. I'm looking at Judge Duggan's Order of April the 14th of 2010, which I'm assuming is the initial |

|            | scheduling order in this matter? |
|------------|----------------------------------|
| Buikema:   | I think so Judge. |
| Court:     | And that has a reference to a final pretrial, which was at that time, scheduled for November the 16th of 2010. And a reference to Local Rule 16.2 with respect to the requirements of that. And contained in that are a reference to the requirement that the parties must number and list with appropriate identification each exhibit, including summaries, as provided in Rule 26(a)(3)(c) of the Federal Rules of Civil Procedure. Is that what you're referring to Mr. Woodward? |
| Woodward:  | Yes all the - - |
| Court:     | Alright, well - - |
| Woodward:  | I mean that's what he's asking for in this request for documentation. |
| Court:     | Actually he may be asking for those, but it's in a different manner that that request is being made. This, this obligation is something that will be applicable at the time that the joint pretrial statement is submitted to the court, which is down the road. |
| Woodward:  | Those would be documentation for Rule 26 right, documentation as of Rule 26. Provide documentation as Rule 26. |
| Court:     | This will be your, your exhibits that you intend on offering at the trial. |
| Woodward:  | Per Rule 26? |

| | |
|---|---|
| Court: | Yes. |
| Woodward: | What is stated on Rule 26? |
| Court: | Yeah, the reference is as provided in Rule 26(a)(3)c). |
| Woodward: | So those are not due today, correct? Those would not be during a, a deca, decum or whatever. |
| Buikema: | It's duces tecum sir. |
| Court: | Well I guess I'm a little confused by that to be honest. |
| Buikema: | If I understand it Judge, and I can help. I think, I think you clarified for Mr. Woodward that the exhibits due, or the parties exchange of exhibits for purposes of the final pretrial order are no longer due to one another at this point, because of the adjournment. What I think he is saying is well therefore the duces tecum documents, which are essentially or in substance the same thing, covered by my deposition notice to him, are therefore also not due, which as you know is a broad way of thinking about the issue. Again you've ordered the deposition to take place. I've sent a valid notice. I'll resend another valid notice for its directive. Mr. Woodward can either comply or not comply. But you can be assured that if he doesn't comply in accordance with the rules, I'll be back here. |
| Court: | Alright. Well I, I, I'm still trying to answer the initial question that Mr. Woodward had asked, and that is those exhibits that are required as part of the preparation of the, of the joint final pretrial |

order, are not due yet. That obligation does not currently apply,

okay.

Woodward:       So his request for documentation - -

Court:          No, I'm, there are different types of requests that have to be

complied with. But this request, the one that relates to documents

that have to be submitted as part of the preparation of the joint

final pretrial order, does not have to be complied with. If you

receive a notice of a deposition which includes with it the

requirement to produce certain documents, that is an obligation

that you have to comply with. If you have received a written

request for the production of documents, you have a certain

period of time within which to provide copies of those documents

or allow the inspection of those documents that are specifically

requested. And those are obligations which exist separate and

apart from any obligation that would result or come out of a notice

of a joint final pretrial order requirement. So all requests are not

the same. And different requests come at different stages and are

applicable at different stages of the litigation. So you are asking

me whether the obligation to, as I understand it, the obligation to

exchange copies of proposed trial exhibits as part of the creation

of a joint final pretrial order, is applicable. And I'm saying that that

doesn't apply yet. That's an exchange that has to be addressed

down the road. But if you have received, subject to your ability to

40

object. But if you have received a written request for the

production of documents, which the Plaintiff asserts that you

have, you're obligated to provide copies or the opportunity to

inspect those documents within 30 days. Separate from that,

however, is that if you have received a notice of the taking of your

deposition that requests that you produce certain documents as

part of that process, you have an obligation to comply with that,

assuming you've received reasonable notice of it, and to have

those documents available at the deposition.

Woodward:       Thank you.

Court:          So, so those are three separate requirements, each one of which

could result in or would impose an obligation on you to produce

documents.

Woodward:       I would not want to burden Mr. Buikema anymore and the Court.

This is all of my documentation that I would like him to sign for

today. He's seen it. Your scheduled, I sent you an email

concerning that, that today would be a good time for you to sign

for this information.

Court:          Well I, you can discuss that matter with him once the hearing is

concluded, because that's, I'm not involved in the negotiation of

that. If you have documents that you want to provide him or allow

him to inspect, in compliance with the request for the production

of documents that was made earlier of you, that's a matter that

41

|  | you need to discuss with him. But I don't think you can necessarily, without notice, say to him, here are these documents. This is your one and only opportunity to inspect them. And that satisfies your obligation. |
|---|---|
| Woodward: | I did notify him several days ago, yes. |
| Court: | Well I, I'm not ruling on whether that's an appropriate compliance with the discovery requests or not, because that matter is really not before me. |
| Woodward: | I, I would, yeah at this point and time I'd just rather, just here it is. Here's what I have so far. |
| Court: | Are you giving him copies of those or are you simply - - |
| Woodward: | I might as well, then he's satisfied, and I don't have to - - |
| Court: | That's completely up to you. |
| Woodward: | Right. I'm - - |
| Court: | That's completely up to you. But that, that matter really isn't before me. |
| Woodward: | Okay. |
| Court: | And that's between the two of you. |
| Woodward: | Alright, thank you sir. |
| Court: | So we've, we've resolved at least the first motion. That is the motion to compel the deposition of the defendant. And I've ordered that the motion be granted. We scheduled that deposition for the, January the 4th. Was it 10:00n a.m. Mr. Buikema? |

42

Buikema:        It is Your Honor.

Court:          And the location will be specified in the notice of deposition, which

                you'll receive, but it will be in Genesee County someplace, at

                perhaps a court reporting facility, at a lawyer's office, at some

                other location in Genesee County.

Woodward:       Thank you sir.

Court:          Alright. Now the, did you have anything else to say Mr. Woodward

                with respect to your motion for a protective order?

Woodward:       I guess that's now moot Your Honor.

Court:          Alright. And with respect to the, the last motion that is Plaintiff's

                motion to adjourn the scheduling order dates for 90 days, did you

                have anything else to say about that?

Woodward:       He's the one burdening the Court with this, another request to put

                off discovery or whatever.

Court:          Well - -

Woodward:       It's up to him.

Court:          His request benefits you as well to the extent that if - -

Woodward:       Correct.

Court:          - - we're extending those dates, those dates are extended for you.

                So the dates are not just being extended for the Plaintiff to

                conduct additional discovery. The dates are being extended to

                allow both sides to conduct additional discovery. So anything else

                you want to say about that?

43

Woodward:        No Your Honor.

Court:           Alright. Then I'm going to grant that motion to provide for an

                 extension by 90 days of those previously established currently

                 existing discovery dates or any other dates that are associated

                 with the scheduling order previously entered by Judge Duggan.

                 So Mr. Buikema does that conclude all the matters that we had?

Buikema:         It does Your Honor. You did not, and I assume it was intentional,

                 address the cost issue.

Court:           Well I'm glad you pointed that out because the record should be

                 clear. I'm gonna deny the request for costs based on our current

                 circumstances. But I'm certainly making Mr. Woodward aware of

                 the fact that they are consequences for failing to comply with the

                 rules that apply to these circumstances. Again there's some

                 leeway that is afforded people who are representing themselves.

                 But that only goes so far. And it, it really is important that to the

                 extent you're not, and you have some familiarity with the rules,

                 you've cited some of the rules. So you have some familiarity with

                 the rules. You have to be familiar with the rules. You have to

                 comply with those rules or there can be consequences. I'm

                 denying the imposition of costs based on our present

                 circumstances.

Woodward:        Thank you Your Honor.

Court:           But if in the future you are unwilling to cooperate or participate in

44

|  |  |
|---|---|
|  | discovery, there could be consequences for that. |
| Woodward: | I suspect there will be more motions for that seeing that I've requested a substantial amount of information from Mr. Buikema which is, as obvious that he stated that hasn't appeared yet. And he has basically four hours to produce it. |
| Court: | I would, I would also note the existence of another motion that has been filed in this matter relating to, filed by the Plaintiff, relating to the Defendant's failure to produce documents and comply with other discovery requests. I just note that that's been filed. The time for responding has not passed yet. But that is another issue that may come before me. |
| Woodward: | Any documents that he request, all of his answers to his interrogatories, all of his answers for his admissions, all of his documentation is here. |
| Buikema: | It's there but I didn't address it quite intentionally. It's not before you today. |
| Court: | It's not scheduled for today. I'm just noting the existence of it. And Mr. Woodward is saying that he intends to comply with that today. Whether that's actually comes to pass is another issue, which we may address at a later time. But certainly I would invite you Mr. Buikema to look at what Mr. Woodward has brought to court today and accept what he has and then make a determination of whether that satisfies your motion. |

Buikema:        I, I just, I have a logistical issue with that today. But - -

Court:          That's fine.

Buikema:        We'll address that outside of the Court's presence.

Court:          It's, it's certainly not unreasonable that you would be unable to
                inspect those documents today under the circumstances. But if
                has documents for you to take with you, I would certainly
                encourage you to take those and then assess the completeness
                of that production as soon as you possibly can.

Buikema:        I will. Judge would you like for my office to prepare a written order
                or will your staff prepare one?

Court:          I would request that you prepare an order.

Buikema:        Be happy to do so. We'll submit it, hopefully later today.

Court:          Very good.

Buikema:        Thank you.

Court:          Alright, Mr. Woodward anything else you care to say today for the
                record?

Woodward:       No sir. Thank you.

Court:          Alright. I would, Mr. Woodward do you have a phone?

Woodward:       I do.

Court:          Alright. Does, does Mr. Buikema have your phone number?

Woodward:       Yes sir.

Court:          Alright. I would encourage you to try to discuss these matters. It's
                always awkward for a lawyer dealing with a non-lawyer. I mean I

know that because I constantly see problems that result in those kinds of communications. But I would encourage you to communicate as, as well as you can to try to work your way through this discovery process. And if there are issues that you can work through, I would encourage you to try to do that. And if email works as a form of communication, that's fine. Telephones sometimes help as well. But I know everybody isn't always available at the moment when a phone call is being placed. There are, Mr. Woodward, some things, some information that's available on the website for the Federal Court for the Eastern District of Michigan. Are you familiar with that location?

Woodward:       I am sir.

Court:          Alright. Until the final order I think that's a good source of information that might be helpful to you. And so I would suggest you try to take advantage of that when questions arise that you perhaps can answer by looking at that location.

Woodward:       Thank you Your Honor.

Buikema:        Thank you.

Court:          Aright, thank you gentlemen. We'll be in recess. Have a happy holiday.

Buikema:        Thank you.

**End of hearing**

47

## CERTIFICATE OF TRANSCRIPTION

STATE OF MICHIGAN       )
                        ) SS
COUNTY OF OAKLAND    )

I hereby certify the transcription of the above hearing.  This hearing was not recorded by me nor under my supervision or control.  I certify that this is a full, true, complete and correct transcription of the hearing.

_____

GAIL L. BOLDEN
Notary Public
Oakland County, Michigan
My Commission expires:  12/07/2013

Dated:  September 6, 2011