UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

      Plaintiff,

v.                                           Case No. 10-10978
                                           Honorable Patrick J. Duggan

STEVEN L. WOODWARD,

      Defendant.
_____/

## OPINION AND ORDER

On March 11, 2010, Plaintiff American University of Antigua College of Medicine ("AUA") filed this lawsuit against Defendant Steven L. Woodward ("Woodward"), seeking to quiet his complaints about AUA and shut down his Internet website with the domain name www.aua-med.com where many of his complaints were being published. AUA alleged the following claims against Woodward in its Complaint: (I) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (II) infringement under the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), 15 U.S.C. § 1125(d); (III) violation of the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; and (IV) defamation in violation of Michigan law. AUA subsequently filed a motion for summary judgment with respect to its claims against Woodward.

On December 5, 2011, this Court granted in part and denied in part AUA's motion. The Court held that, except for its libel and slander claim, AUA's claims against Woodward failed as a matter of law. The Court therefore *sua sponte* granted summary

judgment in favor of Woodward on those claims. With respect to AUA's libel and slander claim, the Court found that Woodward had made seven statements that constituted libel and slander. The Court therefore entered an order permanently enjoining Woodward from publishing those statements on the Internet or by any other means or medium.

    Following the Court's decision, the following motions were filed:

    (1) AUA's motion for an order to show cause why Woodward should not be held in contempt of court, filed December 13, 2011 (Doc. 187);

    (2) Woodward's motion for reconsideration of the Court's December 5, 2011 decision, filed December 13, 2011 (Doc. 188);

    (3) Woodward's "Motion for Counterclaims," filed December 20, 2011 (Doc. 193);

    (4) Woodward's emergency motion to strike docket entry 192, filed December 30, 2011 (Doc. 196); and

    (5) Woodward's emergency motion for leave to file a motion to dismiss and a renewed motion to dismiss, filed January 12, 2012 (Doc. 198).

On January 18, 2012, this Court held a hearing to address AUA's motion for an order to show cause. This was the same date scheduled for AUA to present evidence of any damages it suffered as a result of Woodward's libel and slander.

    In its motion for an order to show cause why Woodward should not be held in contempt, AUA claims that Woodward has violated the Court's December 5, 2011 permanent injunction by continuing to publish the prohibited statements on his website. At the hearing, Woodward refused to acknowledge that the prohibited statements remained on his website and eventually offered to shut down his website completely

as this, in his view, was the only means he could see to satisfy the Court and AUA that he had complied with the Court's permanent injunction order. As he indicated that he would, Woodward subsequently removed the website from the Internet. Accordingly, AUA's motion for a show cause order as to why Woodward should not be held in contempt of court is moot.

Woodward moves for reconsideration of the Court's December 5, 2011 decision. He argues *inter alia* that there has not been adequate time for discovery, there were pending discovery motions when the Court made its ruling, and he has presented evidence to show that the enjoined statements are not false. This Court issued a notice on December 16, 2011 (Doc. 192), alerting the parties that the Court would allow AUA to file a response to Woodward's motion, if it wished to do so. The notice read:

> Local Rule 7.1(h)(2) provides that no response to the motion is permitted unless the Court orders otherwise. The purpose of this Notice is to inform the parties that the Court will permit Plaintiff to submit a response to the above motion, if Plaintiff desires to respond to the motion.

(Doc. 192.) AUA did not file a response.

Pursuant to Eastern District of Michigan Local Rule 7.1, a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. Woodward does not raise any arguments in his motion for reconsideration

that he did not raise before the Court issued its decision on December 5, 2011.  The Court therefore is denying the motion.

Woodward additionally has filed an emergency motion to "strike Docket No. 192." Woodward understands the Court's docket entry as saying that his motion for reconsideration could not have been filed without the Court's permission, which he argues is "FALSE."  As the notice pertains to AUA's ability to file a response to the motion for reconsideration and not Woodward's ability to file the motion, his motion to strike the notice is frivolous and is being denied.

On December 20, 2011, Woodward also filed a motion to assert counterclaims against AUA.  Pursuant to the Federal Rules of Civil Procedure, Woodward was required to assert his counterclaims in response to AUA's complaint, which was filed in March 2010.  *See* Fed. R. Civ. P. 13(a).  Woodward has not sought leave to file his untimely counterclaims.  To the extent his motion could be construed as seeking leave, his request is denied because the filing of counterclaims against AUA at this stage of the litigation would be prejudicial.  Moreover, at least some of Woodward's proposed counterclaims are futile as he seeks to litigate issues already decided in his state law case against AUA and others.

Finally, Woodward filed an emergency motion asking the Court to dismiss AUA's claims against him as a sanction for AUA's alleged misconduct in this case.  The Court already has granted summary judgment in part to AUA on its libel and slander claim and to Woodward on AUA's remaining claims.  His motion, therefore, is moot.  Moreover,

Woodward previously asserted AUA's alleged misconduct in responding to AUA's motion for summary judgment and thus the Court considered that alleged misconduct in deciding whether to grant the motion.

As this Court indicated to Woodward at the January 18, 2012 hearing, this Court has now ruled on the merits of AUA's claims against him and has entered a permanent injunction barring Woodward from publishing the statements found to be libelous. To the extent Woodward continues to disagree with the Court's ruling and maintains that he was denied due process and/or suffered other injustices in these proceedings, the appropriate avenue to raise those assertions at this juncture is through an appeal to the Sixth Circuit Court of Appeals.[1] In this Court's view, the matter before it is now concluded.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for an order show cause why Defendant should not be held in contempt (Doc. 187) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Defendant's motion for reconsideration (Doc. 188) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for counterclaims (Doc. 193) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's emergency motion to strike

---

[1] As the Court further instructed Woodward at the January 18, 2012 hearing, until the Sixth Circuit reverses this Court's decisions, those decisions stand and the parties are expected to abide by them.

5

docket entry 192 (Doc. 196) is **DENIED**;

    **IT IS FURTHER ORDERED**, that Defendant's emergency motion for leave to file a motion to dismiss (Doc. 198) is **DENIED AS MOOT**.

Dated: April 11, 2012                  s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Eric A. Buikema, Esq.

Steven Woodward
7211 Brittwood Lane
Flint, MI 48507

6