UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE, a foreign corporation,

       Plaintiff,

                                                                   United States District Court Judge
                                                                   Patrick J. Duggan, presiding
                                                                   Michael Hluchaniuk, referral

V                                                                           Case No.: 2:10-cv-10978

STEVEN L. WOODWARD,

       Defendant.

| Eric A. Buikema (P58379) | STEVEN L. WOODWARD |
|---|---|
| CARDELLI, LANFEAR & BUIKEMA, P.C. | In Pro Per |
| Attorneys for Plaintiff | c/o 7211 Brittwood Lane |
| 322 W. Lincoln | Flint, MI 48507 |
| Royal Oak, MI 48067 | Steve_L_woodward@yahoo.com |
| (248) 544-1100 | |
| ebuikema@cardellilaw.com | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST
FOR PRODUCTION PURSUANT TO FRCP 34**

      Plaintiff American University College of Medicine ("AUA"), through Counsel, states its responses and objections to Defendant's Requests for Production of Documents as follows:

      As an initial matter, Plaintiff objects to the instructions and definitions provided by Defendant. These instructions impose duties beyond the scope of allowable discovery provided for in Title V of the Federal Rules of Civil Procedure. Similarly, Plaintiff AUA cannot answer on behalf of affiliated institutions which are non-parties to the instant action.

1

**REQUEST NO. 1:**
1. Please produce a copy of all Nellie Mae Loan Certifications signed by any AUA employee.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Since its inception, AUA has serviced thousands of student loans. Student loan documentation is irrelevant to the issues in this case of whether Defendant defamed Plaintiff or violated its marks. Similarly, federal laws and regulations prohibit disclosure of this private and confidential student information and AUA is precluded from doing so absent the appropriate protective order and confidentiality agreement.

**REQUEST NO. 2:**

2. Please produce a copy of all patient records for Steven Woodward concerning any clinical treatment provided by any AUA employee.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations.

**REQUEST NO. 3:**

3. Please produce a copy of all patient records for Steven Woodward written by any AUA employee.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.

**REQUEST NO. 4:**

4. Please produce a copy of all counseling records for Steven Woodward written by any AUA employee.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.

**REQUEST NO. 5:**

5. Please produce a copy of all prescriptions for Steven Woodward for any clinical treatments provided by any AUA employee.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this interrogatory as unintelligible, not reasonably calculated to lead to discoverable information and irrelevant to the instant claims and defenses. To the extent that Defendant requests patient records, AUA is not in possession of these records as it is a medical school and not a medical treatment provider. Even if Plaintiff were in possession of medical records, it could not disclose the same absent the appropriate HIPAA authorizations from the patients and the appropriate protective order.

**REQUEST NO. 6:**

6. Please produce a copy of all records and documents between Peter Bell and Steven Woodward.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this interrogatory as seeking information irrelevant to the instant claims and defenses. Any communications between Defendant and Dr. Bell are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 7:**

7. Please produce a copy of all communications between any AUA employee and Stuart A Lockhart concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this interrogatory as seeking information irrelevant to the instant claims and defenses. Plaintiff does not know of a Stuart Lockhart. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

**REQUEST NO. 8:**

8. Please produce a copy of all communications to or from Neal S. Simon concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Mr. Simon are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit A regarding the grievance. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 9:**

9. Please produce a copy of all communications to or from Peter Bell concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Mr. Bell are

not relevant to whether Defendant defamed Plaintiff or violated its marks. As Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Similarly, Plaintiff objects because this request is overly broad and unduly burdensome in that it is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 10:

10. Please produce a copy of all communications between any AUA employee and any St Joseph Mercy Oakland Hospital employee concerning Steven Woodward.

### RESPONSE TO REQUEST NO. 10:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications between AUA and St. Joseph Mercy are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 11:

11. Please produce a copy of the email written by Jorge Calderon to Susan Zonia dated Saturday, December 15, 2007 subject: Fwd: Planning the grievance hearing including the "note" from Dr. Cain.

### RESPONSE TO REQUEST NO. 11:

Upon information and belief Defendant[1] is in possession of a copy of this email. It was the subject of the Oakland County Court Case between Defendant and the Trinity Health System (OCCC Case No. 07-088103-CZ). This document is a matter of public record, having been attached to filings in the aforementioned case. Should Defendant still request production, AUA will make this document available for inspection or copying at Defendant's expense.

---

[1] Or his counsel in the other court proceeding.

5

**REQUEST NO. 12:**

12. Please produce all communications by Victor Hrehorovich concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications made by Dr. Hrehorovich are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 13:**

13. Please produce all communications by Jorge Calderon concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity. Any communications involving Dr. Calderon are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 14:**

14. Please produce all communications by Jeffrey Yanez concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Dr. Yanez are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to

these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit B, deposition of Jeffrey Yanez. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 15:

15. Please produce all communications by Susan Zonia concerning Steven Woodward.

### RESPONSE TO REQUEST NO. 15:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Dr. Zonia are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit C, deposition of Susan Zonia. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 16:

16. Please produce all communications by Deneen McCall concerning Steven Woodward.

### RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Any communications involving Ms. McCall are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Defendant's request is not reasonably limited in time or manner to identify the documents sought with any reasonable particularity.

Without waiving said objection, see attached Exhibit D, deposition of Deneen McCall. To the extent that Defendant requests documents included in his student file, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Mr. Woodward's student file is not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 21:**

21. Please produce a copy of all files AUA has concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Files AUA may have on Defendant (other than his student file, which is discussed in response to Request 20) are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, Plaintiff will search for this file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 22:**

22. Please produce a copy of all meeting minutes pertaining to Steven Woodward.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Meeting minutes pertaining to Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks meeting minutes regarding the grievance, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 23:**

23. Please provide a copy of all reports, findings, and recommendations used to form the basis for all Grievance Committee Meeting findings concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. The Grievance Committee proceedings are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 24:**

24. Please produce a copy of all written communications between AUA and St Joseph Mercy Oakland Hospital pertaining the December 2007 Grievance with Steven Wooward. (sic)

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 25:**

25. Please produce a copy of all voice recordings regarding the December 2007 Grievance concerning Steven Woodward.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance

proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks grievance documents, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 26:

26. Please produce meeting minutes for any appeal Steven Woodward filed with AUA.

### RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance appeal proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks documents relative to appeal of the grievance, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

### REQUEST NO. 27:

27. Please produce a copy of all grievance meeting minutes concerning Steven Woodward and AUA.

### RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, and to the extent that this request seeks documents relative to appeal of the grievance, these are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 28:**

28. Please produce a copy of all findings regarding any grievances AUA had with Steven Woodward.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving Defendant are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

Without waiving and subject to this objection, all grievance documents are contained in Defendant's student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 29:**

29. Please produce a copy of all grievance meeting notifications between William Bullock Stewart and AUA.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Communications regarding the grievance proceedings involving non-party William Bullock are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 30:**

30. Please produce a copy of all grievance meeting findings AUA documented concerning the William Bullock Stewart.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks.

Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 31:**

31. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting finding for William Bullock Stewart.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 32:**

32. Please produce a copy of all grievance meeting notifications between Syed Noori and AUA.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

**REQUEST NO. 33:**

33. Please produce a copy of all grievance meeting findings AUA documented concerning Syed Norri.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be

relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

### REQUEST NO. 34:

34. Please provide a copy of all reports, findings, and recommendations used to form the basis for any Grievance Committee Meeting findings for Syed Noori.

### RESPONSE TO REQUEST NO. 34:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent a signed release by the student, an appropriate protective order and confidentiality agreement.

### REQUEST NO. 35:

35. Please produce a copy of all grievance meeting notifications to any AUA student.

### RESPONSE TO REQUEST NO. 35:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this private and confidential student information absent signed releases by those students, an appropriate protective order and confidentiality agreement.

### REQUEST NO. 36:

36. Please produce a copy of all findings regarding all grievances AUA has had with any of their students.

### RESPONSE TO REQUEST NO. 36:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Grievance proceedings involving non-parties are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Further, federal law and regulations prohibit disclosure of this

private and confidential student information absent signed releases by those students, an appropriate protective order and confidentiality agreement.

### REQUEST NO. 37:

37. Please produce a copy of the process used by Neal Simon to ensure wrong information is not taught on Antigua at AUA while he is at his Wall Street Office or away from Antigua.

### RESPONSE TO REQUEST NO. 37:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant is requesting documents to prove a negative. Without waiving said objections, Mr. Simon takes care to ensure that AUA meets all of its regulatory, licensing and accreditation standards are met. Copies of those standards are available from the appropriate regulatory authorities.

### REQUEST NO. 38:

38. Please produce a copy of all communications between AUA employees and St Joseph Mercy Oakland Hospital employees concerning the use of pagers during the 5th Semester Course.

### RESPONSE TO REQUEST NO. 38:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. This request does not describe with reasonable particularity the documents sought. The pager use policies are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

### REQUEST NO. 39:

39. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning the number of patients students need to document during the 5th Semester cours. (sic)

### RESPONSE TO REQUEST NO. 39:

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. The number of patients AUA students were required to document during 5th semester courses is not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

**REQUEST NO. 40:**

40. Please produce a copy of all communications between AUA and St Joseph Mercy Oakland Hospital concerning defending an epithet.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this request as unintelligible. Similarly this request is not reasonably calculated to lead to discoverable information and is not phrased with reasonable particularity to describe the documents sought. Communications regarding Defendant's use of an epithet are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

To the extent that Defendant seeks documents relative to his disciplinary proceedings, these are contained in his student file. Plaintiff will search for Defendant's student file and make it available for inspection or copying at a mutually convenient date and time at the offices of Plaintiff's counsel.

**REQUEST NO. 41:**

41. Please produce a copy of the "Final Grades by Component – Fall, 2007".

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Other students' grades are not relevant to whether Defendant defamed Plaintiff or violated its marks. Defendant has not identified the document sought with any reasonable particularity (i.e. course). Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Finally, federal law and regulations protect this private student information and AUA cannot release the same absent an appropriate protective order, signed releases and a confidentiality agreement.

**RESPONSE TO REQUEST NO. 42:**

42. Please produce a copy of all safety warnings AUA has issued to their students.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant has not specified with any reasonable particularity any specific "safety warnings" to identify the documents sought. AUA publishes thousands of safety warnings on its campus, including, but not limited to warnings on medical instruments, "wet floor" signs, etc. Furthermore, any warnings AUA

may have issued to its students are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

**REQUEST NO. 43:**

43. Please produce a copy of all reports on crime published by AUA for any site where their students reside.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. AUA's reports of crime are not relevant to whether Defendant defamed Plaintiff or violated its marks. Defendant does not cite with any reasonable particularity the documents requested. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

**REQUEST NO. 44:**

44. Please produce a copy of all petitions submitted to AUA by any members of their student population.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Student petitions are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses. Finally, Defendant fails to articulate with any reasonable particularity the documents sought (i.e. date, topic, organizer, etc.).

**REQUEST NO. 45:**

45. Please produce a copy of all documentation concerning Shelf Exam policies concerning AUA students passing courses.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Similarly, the request, as phrased, is unintelligible. Upon information and belief, the NBME has no specific "policies concerning AUA students passing courses." AUA's shelf exam policies are not relevant to whether Defendant defamed Plaintiff or violated its marks. Similarly, as Defendant has raised no affirmative defenses, this information cannot be relevant to these defenses.

**REQUEST NO. 46:**

46. Please produce a copy of all documentation

**RESPONSE TO REQUEST NO. 46:**

**Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Defendant fails to "describe with reasonable particularity the items requested." Fed. R. Civ. P. 34(b)(1).**

Being first duly sworn, I declare the above statements are true to the best of my knowledge, information and belief.

Respectfully submitted,

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

# AMERICAN UNIVERSITY of ANTIGUA
# COLLEGE of MEDICINE
# STUDENT HANDBOOK



The Student Handbook is published by the American University of Antigua College of Medicine for the students in the College of Medicine.

The rules and regulations outlined here are binding and must be adhered to by all AUA/KMC students, including those on leave. The rules and regulations of this institution are reviewed and revised periodically. Students are expected to be familiar with the most recent revisions of all AUA/KMC manuals and publications.

EXHIBIT 13

A student may withdraw before the second week of a semester without academic consequences.

In exceptional circumstances, determined on a case-by-case basis, the Promotions Committee reserves the right to allow a student to continue at the University while on probation, even if the student has not met all of the above requirements. **In such circumstances, however, the student may be ineligible for financial aid.**

## GRIEVANCES and DISCIPLINARY ACTION

The University's policies regarding disciplinary action apply to non-academic matters. Disciplinary actions may include, but are not limited to, verbal reprimand, written reprimand, required restitution, and suspension or expulsion from the University.

AUA/KMC students are encouraged to address any academic or non-academic concerns with their Professors, Faculty Advisors or Deans.

The Grievance and Disciplinary Committee is composed of faculty and student representatives. It is the investigative and judicial arm of the Dean's Office. The Grievance and Disciplinary Committee has authority over all matters referred by the Dean, the Dean of Student Affairs, the Student Government Association, students, and faculty. The Dean reviews the decisions and issues a final determination to the Grievance and Disciplinary Committee that is forwarded to the President.

A student may appeal any recommendation of suspension or dismissal authorized by the Grievance and Disciplinary Committee and executed by the Dean. The student must give written notice of intent to appeal the Committee's decision to the President's Office within ten days of receiving a decision.

The student has the right to counsel and to present witnesses and documentary evidence. The President and at least one other non-involved member of the administration will hear the appeal.

The three part appeal process is as follows:

- The written appeal must be received by the President's office no later than 14 days after receipt of the notice to appeal.

- The appeal must be heard within 2 weeks after receipt of the written appeal.

- The decision on the appeal will be communicated to the student in writing within one week after the final decision has been made by the President.

## PROFESSIONAL CONDUCT and ETHICAL BEHAVIOR

It is incumbent upon each student at the University to maintain the highest level of ethics and morals, and to conduct himself in a manner befitting a physician.

# POLICY of NON-DISCRIMINATION

The University does not discriminate nor does it condone harassment based upon race, creed, ethnicity, religion, gender, national origin, age, disability, sexual orientation or any other characteristic protected by law.

This applies to all students and employees (faculty and staff) on the AUA/KMC premises as well as during AUA/KMC sponsored events.

Sexual harassment, defined as non-gender specific, is subject to disciplinary action, and includes the following:

   i. Harassment of women by men, men by women, or persons of the same gender;

   ii. Unwelcome sexual advances;

   iii. Requests for sexual favors and sexual displays of any kind;

   iv. Inappropriate sexual behavior or verbal abuse that is sexually based and offensive in nature.

# PRIVACY RIGHTS

The University adheres to the mandates of the United States Family Educational Rights and Privacy Act (FERPA):

1. The student has the right to inspect and review his educational record within 45 days of the University's receiving a written request for access. Students must submit this written request to the Dean of Student Services identifying the records they wish to inspect. The Dean of Student Services will notify the student of the time and place where the record may be inspected.

2. Students have the right to request the amendment of their educational records. Students may write to the Dean of Student Services to identify the part of the record they wish to have corrected and specify why it is inaccurate.

3. If the University decides not to make the requested amendment it notifies the student and advises the student of her right to a hearing. The University provides additional information about the hearing with the notification.

4. The student has the right to consent to disclosures of personally identifiable information contained in his educational record, except to the extent that FERPA authorizes disclosure without consent.

One exception is disclosure to school officials with legitimate educational interest. A school official is a person employed by the University in an administrative, supervisory, academic, research or support position (including law enforcement personnel and health staff); a person or company with whom the University has contracted (such as an attorney, auditor, or collection